**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: rdiggs@imwlaw.com
**KAELIN S. DAVIS, Esq. (SBN 340028)**
Email: kdavis@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile:  (213) 489-0552

Attorneys for Plaintiff, JERMAINE PETIT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PETIT, an incompetent person, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL, <br><br> Plaintiff, <br><br> vs. <br><br><br> CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 2:23-CV-789 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Violations Of Civil Rights (42 U.S.C. § 1983) (Based On Unreasonable Use Of Excessive And Deadly Force)** <br><br> 2. **Violations Of Civil Rights (42 U.S.C. § 1983) (Based On Unconstitutional Policy, Practice, Or Custom)** <br><br> 3. **Denial Of Medical Care (42 U.S.C. § 1983)** <br><br> 4. **Assault/Battery (Cal Government Code §§ 815.2(A), 820(A); Cal. Civil Code § 43)** <br><br> 5. **Negligence (Cal Government Code §§ 815.2(A), 820(A)** <br><br> 6. **Violation Of The Bane Act (Cal. Civ. § 52.1)** <br><br> 7. **Intentional Infliction Of Emotional Distress** <br><br> 8. **Violation Of 42 U.S.C. §12101 Et Seq. (Ada)** <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this action is brought to redress deprivations of constitutional rights protected by the Fourth Amendment and to the United States Constitution, and by 42 U.S.C. § 1983. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Defendants are believed to reside in this judicial district and all incidents, events, and occurrences giving rise to this action occurred in this judicial district.

## PARTIES

3.      Plaintiff JERMAINE PETIT, an incompetent person, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL, (hereinafter "Plaintiff" or "MR. PETIT") is an individual residing in the City of Los Angeles, County of Los Angeles and State of California.

4.      Defendant CITY OF LOS ANGELES (hereinafter "Defendant CITY" is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5.      Defendant OFFICER DARYL GLOVER (hereinafter "OFFICER GLOVER"), and at all relevant times mentioned herein was, a resident of the County of Los Angeles and/or the City of Los Angeles. Defendant OFFICER GLOVER is sued in his individual and official capacity.

6.      Defendant SERGEANT BRETT HAYHOE (hereinafter "SERGEANT HAYHOE") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and/or the City of Los Angeles. Defendant SERGEANT HAYHOE is sued in his individual and official capacity.

7.      Plaintiff is informed, believes, and thereon alleges that Defendants OFFICER GLOVER and SERGEANT HAYHOE (hereinafter collectively

"Defendant OFFICERS") are, and at all relevant times mentioned herein were, individuals residing in the County of Los Angeles, City of Los Angeles, and the State of California. At all times relevant to the acts and omissions alleged herein, the Defendant OFFICERS were police officers employed by Defendant CITY and the Los Angeles Police Department and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

8.     On or about September 30, 2022, a timely Claim for Damages was submitted to Defendant CITY, in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim for Damages has been deemed rejected by operation of law.

9.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DOE Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

10.    Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

11.    Plaintiff is informed, believes, and thereon alleges that at all times

herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.    This Complaint arises out of an officer-involved shooting of 39-year-old JERMAINE PETIT that occurred during evening hours of Monday, July 18, 2022, on or around the area of Bronson Avenue and Martin Luther King Blvd., in the City of Los Angeles, County of Los Angeles, and State of California. At approximately 7:20 p.m., on July 18, 2022, MR. PETIT, an African American male and veteran of the United States Air Force, who suffers from post-traumatic stress disorder and schizophrenia, was standing and/or walking near the area of Bronson Avenue and Martin Luther King Blvd., when Defendant OFFICERS, while acting under the color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them, and violently confronted MR. PETIT without having probable cause or reasonable suspicion to believe that MR. PETIT had committed a crime, or would commit a crime in the future.

13.    Prior to the time in which Defendant OFFICERS violently confronted MR. PETIT, a 9-1-1 call was placed by an unknown caller who alleged that a black male suspect with dreadlock was looking inside his garbage can and was armed with a black semi-automatic gun. The 9-1-1 caller did not mention that the suspect threatened or aimed this allege weapon at him.

14.    During the time in which Defendant OFFICERS approached MR. PETIT, MR. PETIT was not committing a crime.

15.    MR. PETIT was walking and/or trotting away from Defendant OFFICERS and DOE Officers.

16.    Defendant OFFICERS and DOE Officers repeatedly commanded for

MR. PETIT to "take his hands out of his pocket." And "…what's that in your f\*\*king hand?" MR. PETIT complied with Defendant OFFICERS and DOE Officers' commands, showed them his hands, revealed to the officers that he was not in possession of a firearm, or any weapon, and continued walking and/or trotting.

17.    After MR. PETIT show the officers his hands, an unknown officer, possibly Defendant OFFICER GLOVER's partner, acknowledged and verbally informed Defendant OFFICERS, including DOE Officers, that "it's not a gun, bro," which is heard on officer body worn cameras.

18.    Without warning, and despite the unknown officer's confirmation that MR. PETIT is unarmed with a gun or with any weapon at all, Defendant OFFICERS proceeded towards MR. PETIT and used unreasonable, excessive and deadly force by discharging their department-issued firearm at MR. PETIT inflicting multiple gunshot wounds to MR. PETIT's person, including the back of MR. PETIT, which caused MR. PETIT to break his jaw as he fall face-forward onto the ground.

19.    Defendant OFFICER GLOVER used his department-issued firearm and shot MR. PETIT multiple times, including his back, as MR. PETIT was trotting away from Defendant OFFICER GLOVER and DOE officers.

20.    Simultaneously, Defendant SERGEANT HAYHOE, who was operating his patrol vehicle and driving parallel to MR. PETIT, used his department-issued firearm and shot from inside of his patrol vehicle at MR. PETIT, inflicting gunshot wounds to MR. PETIT's person.

21.    Multiple video surveillance views of the incident show MR. PETIT hands as he is trotting away from the officers. MR. PETIT is clearly unarmed.

22.    Following the use of unreasonable, deadly and excessive force, the involved Defendant OFFICERS denied medical care to MR. PETIT in a manner that demonstrated deliberate indifference to his constitutional rights. The denial of any medical care caused MR. PETIT extreme physical and emotional pain and

suffering.

23.    At no time during the course of these events did MR. PETIT pose any reasonable or credible threat of death or serious bodily injury Defendant OFFICER OFFICERS, who shot him, nor did he do anything to justify the force used against him, and the same was, excessive, unnecessary, and unlawful. Prior to and during the time in which he was shot, MR. PETIT posed no immediate threat of death or serious bodily injury to Defendant OFFICERS, nor to any other person. Prior to and during the time in which he was shot, MR. PETIT made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which Defendant OFFICERS shot MR. PETIT, the Defendant OFFICERS, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that MR. PETIT posed an immediate threat of death or serious bodily injury to any person.

## FIRST CAUSE OF ACTION

**(By Plaintiff MR. PETIT, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL, Against the Defendant OFFICERS for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Excessive and Deadly Force)**

24.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

25.    This cause of action is set forth herein to redress the deprivation, under color of statue, ordinance, regulation, policy, custom, practice, and/or usage, of right, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

26.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant CITY employed the individual Defendants named

herein, including Defendant OFFICERS. Defendant CITY provided its individual employees and agents, including Defendant OFFICERS with official badges and identification cards that designated and described the bearers as employees of Defendant CITY and the Los Angeles Police Department.

27.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, Defendant OFFICERS were employed by Defendant CITY and the Los Angeles Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

28.    At approximately 7:20 p.m., on July 18, 2022, MR. PETIT, an African American male and veteran of the United States Air Force, who suffers from Post-Traumatic Stress Disorder and Schizophrenia, was standing and/or walking near the area of Bronson Avenue and Martin Luther King Blvd., when Defendant OFFICERS, while acting under the color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them, and violently confronted MR. PETIT without having probable cause or reasonable suspicion to believe that MR. PETIT had committed a crime, or would commit a crime in the future.

29.    Prior to the time in which Defendant OFFICERS violently confronted MR. PETIT, a 9-1-1 call was placed by an unknown caller who alleged that a black male suspect with dreadlock was looking inside his garbage can and was armed with a black semi-automatic gun. The 9-1-1 caller did not mention that the suspect threatened or aimed this allege weapon at him.

30.    During the time in which Defendant OFFICERS approached MR. PETIT, MR. PETIT was not committing a crime.

31.    MR. PETIT was walking and/or trotting away from Defendant OFFICERS and DOE Officers.

32.    Defendant OFFICERS and DOE Officers repeatedly commanded for

MR. PETIT to "take his hands out of his pocket." And "…what's that in your f\*\*king hand?" MR. PETIT complied with Defendant OFFICERS and DOE Officers' commands, showed them his hands, revealed to the officers that he was not in possession of a firearm, or any weapon, and continued walking and/or trotting.

33.    After MR. PETIT show the officers his hands, an unknown officer, possibly Defendant OFFICER GLOVER's partner, acknowledged and verbally informed Defendant OFFICERS, including DOE Officers, that "it's not a gun, bro," which is heard on officer body worn cameras.

34.    Without warning, and despite the unknown officer's confirmation that MR. PETIT is unarmed with a gun or with any weapon at all, Defendant OFFICERS proceeded towards MR. PETIT and used unreasonable, excessive and deadly force by discharging their department-issued firearm at MR. PETIT inflicting multiple gunshot wounds to MR. PETIT's person, including the back of MR. PETIT, which caused MR. PETIT to break his jaw as he fall face-forward onto the ground.

35.    Defendant OFFICER GLOVER used his department-issued firearm and shot MR. PETIT multiple times, including his back, as MR. PETIT was trotting away from Defendant OFFICER GLOVER and DOE officers.

36.    Simultaneously, Defendant SERGEANT HAYHOE, who was operating his patrol vehicle and driving parallel to MR. PETIT, used his department-issued firearm and shot from inside of his patrol vehicle at MR. PETIT, inflicting gunshot wounds to MR. PETIT's person.

37.    Multiple video surveillance views of the incident show MR. PETIT hands as he is trotting away from the officers. MR. PETIT is clearly unarmed.

38.    Following the use of unreasonable, deadly and excessive force, the involved Defendant OFFICERS denied medical care to MR. PETIT in a manner that demonstrated deliberate indifference to his constitutional rights. The denial of any medical care caused MR. PETIT extreme physical and emotional pain and

suffering.

39.     Both prior to and during the time in which he was shot, MR. PETIT was not carrying any kind of weapon on his person and posed no reasonable or credible threat of violence to Defendant OFFICERS, nor to any other individual. Both prior to and during the time in which he was shot, MR. PETIT made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial harm against any individual. Both prior to and during the time in which Defendant OFFICERS shot MR. PETIT, Defendant OFFICERS were not faced with any circumstances which would have led a reasonable police officer to believe that MR. PETIT posed the risk of death or serious bodily injury to any person.

40.     At all times mentioned herein, the Defendant OFFICERS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and Defendant CITY. Defendant OFFICERS deprived MR. PETIT of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

41.     Plaintiff had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant OFFICERS, which proximately caused Plaintiff to suffer severe gunshot wounds to his person.

42.     Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant OFFICERS acted outside the scope of their jurisdiction

and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive MR. PETIT of his constitutionally protected rights and privileges, and did in fact violate MR. PETIT's constitutionally protected rights and privileges, thereby warranting punitive and exemplary damages against Defendant OFFICERS in an amount to be proven at trial.

43.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MR. PETIT was placed in great fear for his life and physical wellbeing and has suffered and continues to suffer extreme and severe mental and physical anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

44.    As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MR. PETIT was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

45.    Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**(By Plaintiff MR. PETIT, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL, Against Defendant CITY OF LOS ANGELES for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unconstitutional Policy, Practice, or Custom)**

46.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

47.    This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or

usage, of rights, privileges, and/or immunities secured to MR. PETIT by the Fourth Amendment to the United States Constitution, including, but not limited to, MR. PETIT' right to be free from unreasonable governmental seizures of his person.

48.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants CITY employed the individual Defendants named herein, including Defendant OFFICERS. Defendant CITY provided its individual employees and agents, including Defendant OFFICERS, with official badges and identification cards that designated and described the bearers as employees of Defendant CITY and the Los Angeles Police Department.

49.    Plaintiff is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions alleged herein, Defendant OFFICERS were employed by Defendant CITY and the Los Angeles Police Department and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department.

50.    As set forth in the foregoing paragraphs of this Complaint, Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, violated the Fourth Amendment rights of MR. PETIT by acts which included, but were not limited to, using excessive and unreasonable force against MR. PETIT. As described in this Complaint, the unreasonable and excessive force used against of MR. PETIT was an unconstitutional display of an unreasonable seizure, and of the use of excessive force, which violated MR. PETIT' Fourth Amendment right to be free from unreasonable governmental seizures of his person.

51.    Plaintiff is informed, believes, and thereon alleges that Defendant OFFICERS' unreasonable and excessive force that used against MR. PETIT, a man who posed no immediate threat of death or serious bodily to Defendant OFFICERS nor to any other person, demonstrated that the training policies of

Defendant CITY were not adequate to train Los Angeles Police Department officers to handle the usual and recurring situations with which they must deal, as evidenced by the following specific acts and omissions of Defendant OFFICERS in their response to the incident that occurred on July 18, 2022:

a.  The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers/deputies employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to detain and/or arrest suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MR. PETIT, they acted in flagrant contravention of this well-established standard of care.

b.  The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential detainees and/or arrestees prior to using deadly force. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MR. PETIT, they acted in flagrant contravention of this well-established standard of care.

c.  The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MR.

PETIT, they acted in flagrant contravention of this well-established standard of care.

d.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MR. PETIT, they acted in flagrant contravention of this well-established standard of care.

e.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential detainee and/or arrestee prior to using deadly force. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MR. PETIT, they acted in flagrant contravention of this well-established standard of care.

f.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for law enforcement officers employed by such agencies to attempt to control an incident by using time, distance, communication, and available resources in an effort to de-escalate the situation, reduce the intensity of the encounter, and enable the officers to have additional options to mitigate the need to use force. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against

MR. PETIT, they acted in flagrant contravention of this well-established standard of care.

g.    The tactical standard of care for law enforcement agencies similarly situated to Los Angeles Police Department is for law enforcement officers employed by such agencies to fire in controlled bursts when using deadly force so as to avoid exposing persons and property to unnecessary fire. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MR. PETIT, they acted in flagrant contravention of this well-established standard of care.

52.    Plaintiff is informed, believes, and thereon alleges that prior to May 3, 2021, Defendant OFFICERS received training and instruction in police tactics and procedures from Defendant CITY and the Los Angeles Police Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at department briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their station(s) prior to their assigned shift(s), their receipt of departmental policy and training manuals, their receipt of departmental training bulletins, and their receipt of departmental correspondence, including electronic mail.

53.    Plaintiff is informed, believes, and thereon alleges, that on and before July 18, 2022, encounters with persons like MR. PETIT were common among Los Angeles Police Department officers similarly situated to Defendant OFFICERS, and such encounters were a recurring situation faced by Los Angeles Police Department officers similarly situated to Defendant OFFICERS.

54.    Plaintiff is informed, believes, and thereon alleges that the persons responsible for training Defendant OFFICERS, including, but not limited to, their field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher-ranking officers, and authorized policymakers and decision makers within

the Los Angeles Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to Defendant OFFICERS, and officers similarly situated to Defendant OFFICERS would be that persons who do not pose an immediate threat of death or serious bodily injury to the officers/deputies, or others, such as MR. PETIT would suffer constitutional deprivations from the unreasonable and excessive use of force.

55.    Plaintiff is informed, believes, and thereon alleges that notwithstanding the fact that the training personnel responsible for training Defendant OFFICERS knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to Defendant OFFICERS and officers similarly situated to Defendant OFFICERS would be that persons who do not pose an immediate threat of death or serious bodily to the officers or others, such as MR. PETIT, would suffer constitutional deprivations from the unreasonable and excessive use of force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above-enumerated areas.

56.    Plaintiff is informed, believes, and thereon alleges that Defendant CITY was deliberately indifferent to the obvious consequences of its failure to adequately train Los Angeles Police Department officers, including Defendant OFFICERS.

57.    Plaintiff is informed, believes, and thereon alleges that the failure of Defendant CITY and the Los Angeles Police Department training personnel responsible for training Los Angeles Police Department officers, including Defendant OFFICERS, to provide adequate training to Los Angeles Police Department officers, including Defendant OFFICERS, caused MR. PETIT to

suffer Fourth Amendment violations resulting from the unreasonable and excessive use of force, and is so closely related to the deprivation of MR. PETIT's Fourth Amendment rights as to be the moving force that caused the ultimate injury.

58.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant OFFICERS were "within policy."

59.     On information and belief, Defendant OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MR. PETIT' injuries.

60.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MR. PETIT was severely injured on July 18, 2022, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a sum to be determined at trial.

61.     As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MR. PETIT was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

62.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant OFFICERS acted with intentional, reckless, and callous disregard towards MR. PETIT and his constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant OFFICERS were affirmatively linked to and were a significantly influential force behind the injuries of MR. PETIT.

63.     Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

**(By Plaintiff MR. PETIT, by and through his Guardian Ad Litem,**

**CHARLOTTE BLACKWELL Against All DEFENDANTS, Inclusive)**

**DENIAL OF MEDICAL CARE (42 U.S.C. § 1988)**

64.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

65.    At all times relevant to the acts and omissions herein alleged, Defendants, and each of them, were employed by the Defendant CITY as law enforcement officers and were acting under color of law and in the course and scope of their employment with the CITY's Police Department.

66.    The denial of medical care by Defendant OFFICERS and DOES 1-10 ("DOES or DOE OFFICERS") deprived MR. PETIT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

67.    Plaintiff is informed, believes, and thereon alleges that when Defendant OFFICERS, and DOES, who were employed as police officers of the Defendant CITY, arrived they had no information that MR. PETIT had threatened or was a threat to anyone or had committed any crime, Defendants, and each of them, had no information sufficient to establish reasonable suspicion to detain MR. PETIT and/or probable cause to suspect that MR. PETIT had engaged, was engaging, or was about to engage in any crime.

68.    Plaintiff is informed, believes, and thereon alleges that it was apparent or should have been apparent to Defendants, and each of them, MR. PETIT was not a threat.

69.    Plaintiff is informed, believes, and thereon alleges and contrary to Defendants' training, including training regarding appropriate use of excessive force, they negligently assessed the circumstances presented to them, and then violently confronted MR. PETIT purposely or negligently unnecessarily

aggravating and escalating the situation before them.

70.    Without warning, Defendant OFFICERS proceeded to assault and batter MR. PETIT by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearm at the person of MR. PETIT, inflicting several gunshot wounds to his person, when MR. PETIT did nothing to justify the force used against him, and the same was excessive, deadly, unnecessary, and unlawful.

71.    Following the use of unreasonable, excessive and deadly force, the involved Defendant OFFICERS and DOES denied medical care to MR. PETIT in a manner that demonstrated deliberate indifference to his constitutional rights. The denial of medical care to MR. PETIT caused MR. PETIT extreme physical and emotional pain and suffering.

72.    At no time during the course of these events did MR. PETIT pose any reasonable or credible threat of death or serious bodily injury to Defendant DOES, nor did he do anything to justify the force used against him, and the same was excessive, deadly, unnecessary, and unlawful. Both prior to and during the time in which he was assaulted and battered, MR. PETIT posed no immediate threat of death or serious bodily injury to Defendant OFFICERS, and DOES, nor to any other individual.

73.    Both prior to and during the time in which he was assaulted and battered, MR. PETIT made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendant OFFICERS, and DOES 1 through 10, and made no physical movements which would suggest to a reasonable police office that he had the will, or the ability to inflict bodily harm against any individual.

74.    Both prior to and during the time in which Defendant OFFICERS, and DOES assaulted and battered MR. PETIT, Defendants were not faced with any circumstances which would have led a reasonable police officer to believe that MR. PETIT posed an immediate threat of death or bodily injury to any person.

75.    Following the aforementioned conduct, DEFENDANT OFFICERS,

and DOES 1-10 knew or should have known that failure to provide timely medical treatment to MR. PETIT could result in further significant injury or the unnecessary and wanton infliction of pain but disregarded that serious medical need demonstrating deliberate indifference and delayed and/or prevented medical providers from providing treatment to MR. PETIT, causing him further great bodily harm and pain.

76.    As a result, MR. PETIT suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of enjoyment of life, etc. in an amount according to proof at trial.

77.    As a result of the misconduct of DEFENDANT OFFICERS, and DOES 1-10, they are liable for MR. PETIT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

78.    As a further proximate result of the above-described conduct of the Defendants, and each of them, and the use of unreasonable and excessive force against MR. PETIT, MR. PETIT has incurred medical expenses in an amount according to proof at trial.

79.    The conduct of DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. PETIT and therefore warrants the imposition of exemplary and punitive damages as to each and every aforementioned Defendant.

80.    Plaintiff also seeks and is entitled to reasonable attorneys' fees under this claim pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

**(By Plaintiff MR. PETIT, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL Against All DEFENDANTS for Battery/Assault**

**[Cal. Gov't Code §§ 815.2 (a), 820(a); Cal. Civ. Code § 43)]**

81.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

82.    All claims asserted herein against the Defendant CITY is presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

83.    At approximately 7:20 p.m., on July 18, 2022, MR. PETIT, an African American male and veteran of the United States Air Force, who suffers from post-traumatic stress disorder and schizophrenia, was standing and/or walking near the area of Bronson Avenue and Martin Luther King Blvd., when Defendant OFFICERS, while acting under the color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them, and violently confronted MR. PETIT without having probable cause or reasonable suspicion to believe that MR. PETIT had committed a crime, or would commit a crime in the future.

84.    Prior to the time in which Defendant OFFICERS violently confronted MR. PETIT, a 9-1-1 call was placed by an unknown caller who alleged that a black male suspect with dreadlock was looking inside his garbage can and was armed with a black semi-automatic gun. The 9-1-1 caller did not mention that the suspect threatened or aimed this allege weapon at him.

85.    Prior to and during the time in which Defendant OFFICERS approached MR. PETIT, MR. PETIT was not committing a crime.

86.    MR. PETIT was walking and/or trotting away from Defendant

OFFICERS and DOE Officers.

87.    Defendant OFFICERS and DOE Officers repeatedly commanded for MR. PETIT to "take his hands out of his pocket." And "…what's that in your f**king hand?" MR. PETIT complied with Defendant OFFICERS and DOE Officers' commands, showed them his hands, revealed to the officers that he was not in possession of a firearm, or any weapon, and continued walking and/or trotting.

88.    After MR. PETIT show the officers his hands, an unknown officer, possibly Defendant OFFICER GLOVER's partner, acknowledged and verbally informed Defendant OFFICERS, including DOE Officers, that "it's not a gun, bro," which is heard on officer body worn cameras.

89.    Without warning, and despite the unknown officer's confirmation that MR. PETIT is unarmed with a gun or with any weapon at all, Defendant OFFICERS proceeded towards MR. PETIT and used unreasonable, excessive and deadly force by discharging their department-issued firearm at MR. PETIT inflicting multiple gunshot wounds to MR. PETIT's person, including the back of MR. PETIT, which caused MR. PETIT to break his jaw as he fall face-forward onto the ground.

90.    Defendant OFFICER GLOVER used his department-issued firearm and shot MR. PETIT multiple times, including his back, as MR. PETIT was trotting away from Defendant OFFICER GLOVER and DOE officers.

91.    Simultaneously, Defendant SERGEANT HAYHOE, who was operating his patrol vehicle and driving parallel to MR. PETIT, used his department-issued firearm and shot from inside of his patrol vehicle at MR. PETIT, inflicting gunshot wounds to MR. PETIT's person.

92.    Multiple video surveillance views of the incident show MR. PETIT hands as he is trotting away from the officers. MR. PETIT is clearly unarmed.

93.    Following the use of unreasonable, deadly and excessive force, the involved Defendant OFFICERS denied medical care to MR. PETIT in a manner

that demonstrated deliberate indifference to his constitutional rights. The denial of any medical care caused MR. PETIT extreme physical and emotional pain and suffering.

94.    Plaintiff is informed, believes, and thereon alleges, that in assaulting and battering him, as described in the foregoing paragraphs of this Complaint, the Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless and conscious disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant OFFICERS in an amount to be proven at trial.

95.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MR. PETIT was placed in great fear for his life and physical wellbeing and has suffered and continues to suffer extreme and severe mental and physical anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

96.    As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MR. PETIT was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

**(By Plaintiff MR. PETIT, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL Against All DEFENDANTS for Negligence [Cal. Gov't Code §§ 815.2 (a), 820(a); Cal. Civ. Code § 43)]**

97.    Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

98.    All claims asserted herein against the Defendant CITY is presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

99.    At approximately 7:20 p.m., on July 18, 2022, MR. PETIT, an African American male and veteran of the United States Air Force, who suffers from post-traumatic stress disorder and schizophrenia, was standing and/or walking near the area of Bronson Avenue and Martin Luther King Blvd., when Defendant OFFICERS, while acting under the color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them, and violently confronted MR. PETIT without having probable cause or reasonable suspicion to believe that MR. PETIT had committed a crime, or would commit a crime in the future.

100.   Prior to the time in which Defendant OFFICERS violently confronted MR. PETIT, a 9-1-1 call was placed by an unknown caller who alleged that a black male suspect with dreadlock was looking inside his garbage can and was armed with a black semi-automatic gun. The 9-1-1 caller did not mention that the suspect threatened or aimed this allege weapon at him.

101.   During the time in which Defendant OFFICERS approached MR. PETIT, MR. PETIT was not committing a crime.

102.   MR. PETIT was walking and/or trotting away from Defendant OFFICERS and DOE Officers.

103.   Defendant OFFICERS and DOE Officers repeatedly commanded for MR. PETIT to "take his hands out of his pocket." And "…what's that in your f**king hand?" MR. PETIT complied with Defendant OFFICERS and DOE Officers' commands, showed them his hands, revealed to the officers that he was not in possession of a firearm, or any weapon, and continued walking and/or trotting.

104. After MR. PETIT show the officers his hands, an unknown officer, possibly Defendant OFFICER GLOVER's partner, acknowledged and verbally informed Defendant OFFICERS, including DOE Officers, that "it's not a gun, bro," which is heard on officer body worn cameras.

105. Without warning, and despite the unknown officer's confirmation that MR. PETIT is unarmed with a gun or with any weapon at all, Defendant OFFICERS proceeded towards MR. PETIT and used unreasonable, excessive and deadly force by discharging their department-issued firearm at MR. PETIT inflicting multiple gunshot wounds to MR. PETIT's person, including the back of MR. PETIT, which caused MR. PETIT to break his jaw as he fall face-forward onto the ground.

106. Defendant OFFICER GLOVER used his department-issued firearm and shot MR. PETIT multiple times, including his back, as MR. PETIT was trotting away from Defendant OFFICER GLOVER and DOE officers.

107. Simultaneously, Defendant SERGEANT HAYHOE, who was operating his patrol vehicle and driving parallel to MR. PETIT, used his department-issued firearm and shot from inside of his patrol vehicle at MR. PETIT, inflicting gunshot wounds to MR. PETIT's person.

108. Multiple video surveillance views of the incident show MR. PETIT hands as he is trotting away from the officers. MR. PETIT is clearly unarmed.

109. Following the use of unreasonable, deadly and excessive force, the involved Defendant OFFICERS denied medical care to MR. PETIT in a manner that demonstrated deliberate indifference to his constitutional rights. The denial of any medical care caused MR. PETIT extreme physical and emotional pain and suffering.

110. Plaintiff is informed and believes, and thereon alleges, that on and before July 18, 2022, Defendant OFFICERS had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care

which would be expected of similarly situated peace officers in the execution of police tactics and procedures in approaching and/or attempting to detain civilians and suspects who do not pose a risk of death or serious bodily injury to any person. Notwithstanding each of these duties, Defendant OFFICERS failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to: negligently failing to utilize additional departmental resources during the detention of Plaintiff; negligently failing to utilize available forms of cover and concealment during the detention of Plaintiff; negligently failing to communicate and/or effectively communicate with departmental personnel on scene and other departmental personnel and resources during the detention of Plaintiff; negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the detention of Plaintiff; negligently employing a tactical response during the detention of Plaintiff that resulted in the unnecessary and preventable shooting of Plaintiff; negligently employing deadly force against an individual in contravention of the policies of the Los Angeles Police Department; negligently failing to determine the fact that Plaintiff posed no immediate threat to the safety of any person when he was shot; negligently inflicting physical injury upon Plaintiff, as described herein; and negligently employing deadly force against Plaintiff when the same was unnecessary and unlawful. All of these negligent acts proximately caused Plaintiff's injuries.

111.   As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was shot on July 18, 2022, and suffered severe injuries which include, but are not limited to, gunshot wounds to his person.

112.   As a further direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was placed in great fear for his life and physical wellbeing and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

113.   As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### (B By Plaintiff MR. PETIT, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL Against All DEFENDANTS)

### VIOLATION OF THE BANE ACT (CAL. § 52.1)

114.   Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

115.   All claims asserted herein against Defendant CITY is presented pursuant to Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

116.   This cause of action is brought on by Plaintiff MR. PETIT, an incompetent person, by and through his Guardian Ad Litem, CHARLETTE BLACKWELL, and is set forth herein to redress the deprivation of rights, privileges, and/or immunities secured to Plaintiff by the laws of the United States and the United States Constitution, the California Constitution, and the laws of the State of California, including California Civil Code § 52.1.

117.   Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendant CITY and the Los Angeles Police Department, interfered with or specifically intended and attempted to interfere with the rights of Plaintiff to be free from unreasonable seizures/detentions/arrests and unreasonable and excessive force by threatening and committing acts involving violence, coercion or intimidation.

118.   Plaintiff is informed, believes, and thereon alleges, that Defendants, and each of them, seized, detained, arrested, and injured Plaintiff to prevent

Plaintiff from exercising his rights or to retaliate against Plaintiff for having exercised his rights.

119. Defendants, and each of them, unreasonably and unlawfully placed Plaintiff in handcuffs and restrained him in violation of California Civil Code section 52.1(h).

120. Defendant CITY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

121. Plaintiff seeks treble damages, attorney's fees, and costs and expenses for this claim pursuant to California Civil Code §§ 52 and 52.1.

## SEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By PLAINTIFF against All Defendants))

122. Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

123. The above acts and omissions of DEFENDANTS were done with knowledge that MR. PETIT was particularly susceptible to mental and emotional distress by virtue of MR. PETIT's disabilities and vulnerability.

124. DEFENDANTS were officers who were acting in the course and scope of their employment and on behalf of Defendant CITY with all requisite authority conferred upon them by Defendant CITY.

125. DEFENDANTS knew or had reason to know that their aforementioned unprivileged acts and omissions would cause MR. PETIT severe and ongoing mental and emotional distress. The above-mentioned acts were committed by DEFENDANTS were extreme and outrageous with willful intention and/or reckless disregard that MR. PETIT or the probability that MR. PETIT would suffer severe emotional and mental distress as a result knowing that MR.

PETIT was present when the conduct occurred.

126.   By virtue of DEFENDANTS' positions and employment, Defendants CITY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified DEFENDANTS' wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred. Plaintiff is informed and believes and thereon alleges that the aforementioned acts and omissions of DEFENDANTS was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of MR. PETIT's rights thereby justifying the award of punitive damages against DEFENDANTS and each of them.

127.   DEFENDANTS knew or should have known that severe emotional distress would result from their conduct; or DEFENDANTS gave little or no thought to the probable effects of their conduct.

128.   As police officers/sheriff's deputies, Defendants abused a position of authority or a relationship that gave DEFENDANTS real or apparent power to affect MR. PETIT's interests.

129.   As a direct and proximate result of the DEFENDANTS' actions, MR. PETIT suffered and continues to suffer severe mental and emotional distress, thereby justifying an award of compensatory, special and punitive damages in an amount to be proven at trial.

130.   DEFENDANTS aforementioned conduct as a substantial factor in causing PLAINTIFF's severe emotional distress.

## EIGHTH CAUSE OF ACTION

**(By Plaintiff MR. PETIT, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL Against Defendant CITY))**

**(Violation of the Americans With Disability Act (ADA)(TITLE II)  - And Rehabilitation Act (RA) of 1990 42 U.S.C. 12101, et seq.**

131.   Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

132.   Pursuant to 42 U.S.C. § 12132, "Subject to the provisions of this title,

no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

133.   Under Title II of the Americans with Disability Act ("ADA"), public entities are required to make reasonable modifications to avoid discrimination on the basis of disability. The ADA sets an affirmative requirement to act appropriately with respect to suspects with mental disabilities.

134.   Defendants City of Los Angeles is a public entity within the meaning of the ADA. 42 U.S.C. § 12131(1).

135.   The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals." (emphasis added).

136. MR. PETIT was a "qualified individual" with a mental illness, disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the ADA, 42 U.S.C. § 12131(2), and Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540(k). It was well documented that JERMAINE PETIT was diagnosed with schizophrenia and post-traumatic stress disorder and he was unable to care for himself.

137.   Defendant CITY is within the mandate of the RA that no person with a disability may be "excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity." 29 U.S.C. § 794.

138.   Further, Plaintiff is informed, believes, and thereon alleges that Defendant CITY receives federal financial assistance.

139.   Under the ADA, the City of Los Angeles is mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to

persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

140. Also under the ADA, the City of Los Angeles is mandated not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The ADA applies generally to police "services, programs, or activities." 42 U.S.C. § 12132. The ADA applies to arrests, other seizures, and Defendants' contacts with JERMAINE PETIT.

141. At all material times and as described herein, MR. PETIT (1) was an individual with a disability; (2) was otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities, including the City of Los Angeles' police services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the City of Los Angeles' services, programs or activities or was otherwise discriminated against by the City of Los Angeles; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability.

142. As described herein, Defendants failed to reasonably accommodate MR. PETIT's disability in the course of contacting and seizing him, causing him to suffer greater injury in the process than other detainees or arrestees, including severe gunshot wounds to his person.

143. As a direct and proximate result of Defendants' violations of the ADA and RA, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, and general and special damages, in an amount according to proof at trial;

2.      For statutory damages;

3.      For treble damages pursuant to California Civil Code §§ 52 and 52.1;

4.      For costs of suit incurred herein;

5.      For attorney's fees incurred herein, as provided by law;

6.      For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

7.      For such other and further relief as the Court may deem just and proper.


Dated: February 2, 2023        **IVIE McNEILL WYATT PURCELL & DIGGS**


                               **By:** _/s Rodney S. Diggs_
                               RODNEY S. DIGGS
                               KAELIN S. DAVIS
                               Attorneys for Plaintiff, JERMAINE PETIT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated: February 2, 2023        **IVIE McNEILL WYATT PURCELL & DIGGS**


                               **By:** ***/s Rodney S. Diggs***
                                       RODNEY S. DIGGS
                                       KAELIN S. DAVIS
                                       Attorneys for Plaintiff, JERMAINE PETIT