LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Rodney S. Diggs, Esq. (SBN 274459)
rdiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS,
A Professional Law Corporation
444 S. Flower Street, Suite 3200
Los Angeles, CA 90071
Tel:   (213) 489-0028
Fax;   (213) 489-0552

Attorneys for Plaintiff, Ashlyn Petit

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW-PVC<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S RESPONSIVE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Plaintiff's Memorandum of Points and Authorities; Declaration of Renee V. Masongsong and Exhibits thereto; Declaration of Richard Bryce; Evidentiary Objections*]<br><br>Date:   December 22, 2025<br>Time:   1:30 p.m.<br>Place:  Ctrm. 5D |

**TO THE HONORABLE COURT AND DEFENDANTS, CITY OF LOS ANGELES, BRETT HAYHOE AND DARYL GLOVER JR. THROUGH THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 56-2 and the Court's Scheduling and Case Management Order (Dkt. 73), Plaintiff Ashlyn Petit hereby respectfully submits this Responsive State of Genuine Disputes of Material Facts and Additional Material Facts in Opposition to Defendants Brett Hayhoe and Daryl Glover, Jr.'s Motion for Summary Judgment, or in the Alternative, Summary Adjudication.

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 1. At approximately 7:22 p.m. on July 18, 2022, the Los Angeles Police Department ("LAPD") dispatch received a 911 call from Witness Tod Tramel, who reported that a dark-skinned black male with dreadlocks pulled out a black handgun after Tramel told him to leave the area. Mr. Tramel further described that the subject was wearing black pants and a green long-sleeved shirt and informed dispatch that his address, where the interaction occurred, was 4135 Edgehill Drive in Los Angeles.<br><br>Ex. "A," CAD at p. 1;<br>Ex. "B," Tramel Call at 00:00-02:28;<br>Ex. "C," - Tramel Depo. at 23:11-26:4. | Undisputed. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 2. About a few minutes later, dispatch received a call from Witness Hanna Mark, who reported concerns about a man walking around her neighborhood and burning items in the middle of the street. She reported the man's location as 41st and Edgehill, one block from Audubon Middle School. Ms. Mark described him as a tall, thin black man with dreads and said he had a few items in his hands.<br><br>Ex. "A," CAD at p. 2;<br>Ex. "D," Mark Call 1 at 0:10-1:15;<br>Ex. "E," Mark Depo. at 8:13-25, 10:1-9. | Objection: Compound.<br><br>Undisputed; however, school was not in session at the time of this incident, which took place on a summer evening. Mark Depo. ("Ex. 7" to the Declaration of Renee V. Masongsong ("Masongsong Decl.")) at 20:3-15. |
| 3. The dispatcher asked whether the man was wearing a long-sleeved shirt, and when Ms. Mark confirmed that he was, the dispatcher informed her that someone else called 911 earlier about the same person. The dispatcher said first caller reported that the man had a gun and asked Ms. Mark if she saw the man holding a gun. She said at first she thought she saw a gun in his hand but now could not see him well enough to confirm.<br><br>Ex. "D," Mark Call 1 at 1:16-2:22;<br>Ex. "E," Mark Depo. at 13:21-16:3. | Objection: Compound.<br><br>Undisputed; however:<br><br>Ms. Mark later admitted that she was experiencing confirmation bias regarding whether Mr. Petit had a gun when she spoke to the 911 operator.<br><br>Mark Depo. ("Ex. 7" to Masongsong Decl.) at 16:16-25.<br><br>Ms. Mark formed the impression that Mr. Petit was not out to intentionally hurt anyone.<br>Mark Depo. ("Ex. 7" to Masongsong Decl.) at 25:9-10.<br><br>At no point was Ms. Mark certain that Mr. Petit had a gun.<br><br>Mark Depo. ("Ex. 7" to Masongsong Decl.) at 13:12-1, 16:14-17:5, 28:5-17, 34:8-25.<br><br>When Ms. Mark made observations of |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | the object, she was driving. |
| | Mark Depo. ("Ex. 7" to Masongsong Decl.) at 35:1-8. |
| | Ms. Mark did not see Mr. Petit point the object at anyone. |
| | Mark Depo. ("Ex. 7" to Masongsong Decl.) at 18:10-16, 34:1-7. |
| | Ms. Mark did not observe Mr. Petit injure anyone. |
| | Mark Depo. ("Ex. 7" to Masongsong Decl.) at 33:23-25. |
| | When Ms. Mark observed Mr. Petit, it did not appear to her that he was in the process of trying to kill anyone. |
| | Mark Depo. ("Ex. 7" to Masongsong Decl.) at 33:19-22. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 4. Dispatch broadcasted a call over the radio to LAPD's Southwest Station for an Assault with a Deadly Weapon ("ADW") suspect described as a transient male black with dreadlocks wearing black pants and green long-sleeved shirt. The call also stated that the subject threatened a reporting party with a black handgun. Dispatch later relayed the information from Mark's call reporting that the ADW suspect was walking on 41st Street towards Audubon Middle School and that it was unknown if he had a handgun but he was holding a stick and lighting trash on fire.<br><br>Ex. "F," Glover Depo. at 20:1-21:21; Ex. "G," Hayhoe Depo. at 14:13-15:6; Ex. "H," Dispatch at 2:20-2:55, 5:12-24, 6:04-40; Ex. "I," Martinez Depo. at 37:17-38:8; Glover Decl. at ¶ 4-5. | Objection: Compound.<br><br>Undisputed; however, school was not in session at the time of this incident, which took place on a summer evening. Mark Depo. ("Ex. 7" to Masongsong Decl.) at 20:3-15. |
| 5. At approximately 7:27 p.m., Officers E. Gonzales and D. Gonzalez arrived in the area and began looking for Petit. About five minutes later, Witness Hanna Mark flagged down Officer Gonzales in his patrol vehicle. Ms. Mark confirmed that she had called 911 earlier and reiterated that she thought she may have seen the man with a gun but was not sure.<br><br>Ex. "E," Mark Depo. at 25:23-28:4; Ex. "J," Gonzales BWC at 0:00-0:34. | Objection: Compound.<br><br>Undisputed. |
| 6. Ms. Mark called 911 again and | Objection: Compound. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| reported that the man was walking on Degnan Boulevard, north of Martin Luther King Blvd, to update them about Petit's location. Ms. Mark reiterated that he may have been holding a small gun in his right hand.<br><br>Ex. "E," Mark Depo. at 20:25-22:22;<br><br>Ex. "K," Mark Call 2 at 0:00-2:24. | Undisputed. |
| 7. Shortly thereafter, Sergeant Brett Hayhoe, Officer Daryl Glover, Jr., and Officer Nelson Martinez responded to the scene to assist with locating the suspect. Sgt. Hayhoe eventually found a man matching the description, later identified as Jermaine Petit, walking south on Degnan Boulevard north of Martin Luther King Boulevard. Sgt. Hayhoe continued driving on Martin Luther King Boulevard and observed Officers Glover and Martinez approaching in their patrol vehicles. Sgt. Hayhoe parked his patrol car and alerted Officers Glover and Martinez of Petit's location.<br><br>Ex. "A," CAD at p. 2;<br>Ex. "G," Hayhoe Depo. at 15:15-16:16;<br>Ex. "H," Dispatch at 13:17-13:44;<br>Ex. "I," Martinez Depo. at 39:4-12, 44:3-22. | Objection: Compound.<br><br>Undisputed. |
| 8. Officers Glover and Martinez drove in the direction of Petit, who was walking west on Martin Luther | Objection: Compound.<br><br>Undisputed. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| King Boulevard towards Bronson Avenue.<br><br>Ex. "F," Glover Depo. at 22:25-24:6. | |
| 9. At approximately 7:33 p.m., Officer Martinez exited his patrol vehicle and approached Petit with his gun drawn in the low-ready and commanded him to "come here." Petit ignored him and continued walking westbound. Officer Martinez followed and ordered Petit multiple times to get his hands out of his pockets because he perceived that Petit was repeatedly moving his right hand near his waistband and in and out of his pocket.<br><br>Ex. "F," Glover Depo. at 25:10-11;<br><br>Ex. "I," Martinez Depo. at 42:20-43:8, 49:16-53:5, 74:10-11, 75:10-12;<br><br>Ex. "L," Martinez BWC at 1:40-2:01. | Objection: Compound.<br><br>Undisputed. |
| 10. While Officer Martinez was attempting to engage Petit, Officer Glover did not see anything in Petit's hands. However, Officer Glover observed that Petit did not appear to be complying with Officer Martinez's commands, so Officer Glover repositioned his vehicle in an attempt to block Petit's path and order him against a fence to initiate a detention and investigation into his possible involvement in the calls for service.<br><br>Ex. "F," Glover Depo. at 24:22-26:15; | Objection: Compound.<br><br>Objection: Vague as to time.<br><br>Disputed to the extent that Mr. Petit showed the object to Officers Glover and Martinez.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| Ex. "G," Martinez BWC at 1:50-1:57; Ex. "M," Glover BWC at 1:46-1:55; Glover Decl. at ¶ 7. | |
| 11. Officer Glover parked, exited his vehicle, and approached Petit with his gun drawn and ordered Petit to get up against the wall. Officer Glover then noticed that Petit held a black object in his hand. He asked Petit what was in his hand. Petit mumbled, "Come and get it. Come and get it." However, Officer Glover could not understand what Petit said.<br><br>Ex. "F," Glover Depo. at 26:16-29:14; Ex. "I," Martinez BWC at 1:57-2:06; Ex. "M," Glover BWC at 1:41-2:06. | Objection: Compound; Irrelevant (FRE 401, 402).<br><br>Disputed to the extent that Petit's statement was unknown to Glover at the time of the incident. |
| 12. Petit continued walking while turning his body to face Officer Glover, pointing the object in his right hand in Officer Glover's direction.<br><br>Ex. "F," Glover Depo. at 36:1-24, 49:11-17; Ex. "L," Martinez BWC at 2:04-2:13. | Objection: misstates Glover's testimony.<br><br>Disputed.<br><br>During the initial contact, Mr. Petit held the object in a downward position. Glover Statement (2) ("Ex. 11" to Masongsong Decl.) at 3:20-4:17; Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 10:3-4, 11:20-22, 28:7-17, 30:7-21, 43:11-13.<br><br>Mr. Petit did not point the object at Officers Martinez and Glover. Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17; Glover Statement (2) ("Ex. 11" to Masongsong Decl.) at 3:20-4:17; Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 10:3-4, 11:20-22; |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:4-7, 44:13-45:6.<br><br>When Officer Martinez was interviewed after the shooting, he never told investigators that Mr. Petit pointed an object at him.<br>Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 73:22-74:1.<br><br>Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5. |
| 13.  Officer Glover perceived that the object resembled a black handgun and repeated his command for Petit to identify what was in his hand. However, Petit continued walking. Officer Glover did not take cover because there were no immediate objects near him that he believed could be used as cover.<br><br>Ex. "F," Glover Depo. at 49:4-7, 61:6-14;<br>Ex. "M," Glover BWC at 2:03-2:07. | Objection: Compound.<br><br>Disputed that a reasonable officer in Glover's position would have perceived that the object was a gun.<br><br>A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had looked like a gun.<br>Bryce Decl. at ¶ 7.<br><br>Mr. Petit showed the object to Officers Glover and Martinez.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 33:25-34:6, 40:10-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5.<br><br>Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12.<br><br>Officer Glover heard Officer Martinez say, "It's not a gun, bro." |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07.<br><br>Officer Glover heard Officer Martinez say, "It's not a gun, bro" approximately two seconds after he saw the object. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 52:7-9; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:07-2:12.<br><br>Officer Glover generally trusts the statements of his partners. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 77:24-78:1.<br><br>Officer Glover did not identify the object as a gun with certainty. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:25-49:10; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-78:14.<br><br>None of the officers yelled out, "gun!" before any shots were fired. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
|  | Officer Glover did not tell his partner that he thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.<br><br>Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.<br><br>If Officer Glover thought Mr. Petit had a gun or thought he saw a gun, that would have been important information to communicate to Sgt. Hayhoe. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 35:1-4. |
| 14. Officer Martinez saw a black object in Petit's right hand and was unsure of whether it was a gun. He questioned himself aloud about whether it was a gun. Ex. "I," Martinez Depo. at 52:5-54:20. | Disputed.<br><br>A reasonable police officer would not have believed that the object Mr. Petit had looked like a gun. Bryce Decl. at ¶ 7.<br><br>Officer Glover heard Officer Martinez say, "It's not a gun, bro." Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
|  | Officer Glover heard Officer Martinez say, "It's not a gun, bro" approximately two seconds after he saw the object. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 52:7-9; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:07-2:12.<br><br>Officer Glover generally trusts the statements of his partners. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 77:24-78:1. |
| 15. Although Officer Martinez stated that the object was not a gun, Officer Glover still perceived that the object could be a handgun, based on his training and experience and inability to confirm. Officer Glover attempted to clarify with Officer Martinez why he thought the object might not be a gun. Sgt. Hayhoe did not hear Officer Martinez's statement.<br><br>Ex. "F," Glover Depo. at 31:4-32:4, 40:19-41:16; Ex. "G," Hayhoe Depo. at 36:15-21; Glover Decl. at ¶ 8. | Objection: Compound.<br><br>Disputed that a reasonable officer in Glover's position would have perceived that the object was a gun.<br><br>A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had looked like a gun. Bryce Decl. at ¶ 7.<br><br>Mr. Petit showed the object to Officers Glover and Martinez. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact. Glover Depo. ("Ex. 4" to Masongsong |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Decl.) at 33:25-34:6, 40:10-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07. |
| | Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17. |
| | Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5. |
| | Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12. |
| | Officer Glover heard Officer Martinez say, "It's not a gun, bro." Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Officer Glover heard Officer Martinez say, "It's not a gun, bro" approximately two seconds after he saw the object. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 52:7-9; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:07-2:12. |
| | Officer Glover generally trusts the statements of his partners. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 77:24-78:1. |
| | Officer Glover did not identify the object as a gun with certainty. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:25-49:10; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-78:14. |
| | None of the officers yelled out, "gun!" before any shots were fired. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | Officer Glover did not tell his partner that he thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.<br><br>If Officer Glover thought Mr. Petit had a gun or thought he saw a gun, that would have been important information to communicate to Sgt. Hayhoe. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 35:1-4. |
| 16.  In his experience as a peace officer, Officer Glover has made numerous arrests of persons armed with guns, including unconventional or "street" guns, including in the area where we were responding to the call for service. These unconventional firearms are sometimes made from different materials and sometimes do not completely resemble traditional firearms. Once such firearm that he has observed during an arrest was made out of a cell phone but was fully functional and capable of firing bullets.<br><br>Glover Decl. at ¶ 8. | Objection: Compound.<br><br>Disputed that a reasonable officer in Glover's position would have perceived that the object was a gun.<br><br>A reasonable police officer Glover's position would not have believed that the object Mr. Petit had was a gun or looked like a gun. Bryce Decl. at ¶ 7.<br><br>Mr. Petit showed the object to Officers Glover and Martinez. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 33:25-34:6, 40:10-18; Glover |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5.<br><br>Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm.<br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12.<br><br>Officer Glover heard Officer Martinez say, "It's not a gun, bro."<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Officer Glover heard Officer Martinez say, "It's not a gun, bro" approximately two seconds after he saw the object. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 52:7-9; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:07-2:12. |
| | Officer Glover generally trusts the statements of his partners. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 77:24-78:1. |
| | Officer Glover did not identify the object as a gun with certainty. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:25-49:10; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-78:14. |
| | None of the officers yelled out, "gun!" before any shots were fired. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | Officer Glover did not tell his partner that he thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | Officer Glover did not dispatch over the |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | police radio that he observed a gun or thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.<br><br>If Officer Glover thought Mr. Petit had a gun or thought he saw a gun, that would have been important information to communicate to Sgt. Hayhoe. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 35:1-4. |
| 17.  Officer Glover perceived that Petit could pose a threat of harm to bystanders in the area, particularly because he had yet to determine whether Petit was armed. He and Officer Martinez followed after Petit to detain him, whom Officer Glover believed was attempting to evade the officers.<br><br>Glover Decl. at ¶ 9. | Objection: Compound.<br><br>Disputed that Mr. Petit could pose a harm to bystanders in the area.<br><br>There were no civilians in the vicinity when Sgt. Hayhoe fired his shots. Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>When Officer Glover fired his shot, there were no civilians in the vicinity. Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7.<br><br>School was not in session at the time of this incident. Mark Depo. ("Ex. 7" to Masongsong Decl.) at 20:3-15.<br><br>Disputed that a reasonable officer in Glover's position would have perceived that the object was a gun. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | A reasonable police officer Glover's position would not have believed that the object Mr. Petit had was a gun or looked like a gun. Bryce Decl. at ¶ 7. |
| | Mr. Petit showed the object to Officers Glover and Martinez. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07. |
| | Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 33:25-34:6, 40:10-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07. |
| | Police officers are trained to take cover if they believe someone is armed with a firearm. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 13:6-17. |
| | Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17. |
| | Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5. |
| | Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm. |
| | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12. |
| | Officer Glover heard Officer Martinez say, "It's not a gun, bro." |
| | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07. |
| | Officer Glover heard Officer Martinez say, "It's not a gun, bro" approximately two seconds after he saw the object. |
| | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 52:7-9; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:07-2:12. |
| | Officer Glover generally trusts the statements of his partners. |
| | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 77:24-78:1. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Police officers are trained to distinguish firearms from other objects in a person's hand. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 12:12-18. |
| | Officer Glover did not identify the object as a gun with certainty. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:25-49:10; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-78:14. |
| | Police officers are trained to yell out "gun" if they see what they believe to be a gun in a suspect's hand. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 30:1-7; Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:14-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 37:22-38:2. |
| | None of the officers yelled out, "gun!" before any shots were fired. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | Officer Glover did not tell his partner that he thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03- |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | 2:17.<br><br>Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit had a gun.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.<br><br>If Officer Glover thought Mr. Petit had a gun or thought he saw a gun, that would have been important information to communicate to Sgt. Hayhoe.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 35:1-4. |
| 18. Also concerned about the safety of those in the residential area, Sgt. Hayhoe began driving alongside Petit at a slow speed, with the overhead lights of his marked black and white police vehicle activated, intending to block his path of travel to prevent him from fleeing from the officers. Children were playing just on the other side of the street of where officers were attempting to detain Petit.<br><br>Ex. "G," Hayhoe Depo. at 23:10-17, 24:11-25:24, 41:7-10; Ex. "M," Glover BWC at 2:05-2:14; Ex. "N," Hayhoe BWC at 1:16-1:25; Ex. "O," Ring Video at 0:00-0:45; Hayhoe Decl. at ¶¶ 5-6. | Objection: Compound; vague and ambiguous.<br><br>Disputed.<br><br>There were no civilians in the vicinity when Sgt. Hayhoe fired his shots.<br>Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>When Officer Glover fired his shot, there were no civilians in the vicinity.<br>Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7.<br><br>School was not in session at the time of this incident.<br>Mark Depo. ("Ex. 7" to Masongsong Decl.) at 20:3-15. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 19. Sgt. Hayhoe was very familiar with the area and concluded Petit posed a potential threat of harm to others because: (1) Petit was on a busy street in a residential area; (2) there was a school on the opposite side of the street of where Petit was traveling; and (3) there was a large shopping mall two blocks north in the direction Petit was fleeing. Sgt. Hayhoe believed that the incident could escalate if Petit were to travel to the shopping mall or school, especially since the call for service reported that Petit brandished a gun at one of the 911 callers.<br><br>Ex. "G," Hayhoe Depo. at 39:21-41:10; Hayhoe Decl. at ¶ 6. | Objection: Compound.<br><br>Disputed that Mr. Petit could pose a harm to bystanders in the area.<br><br>There were no civilians in the vicinity when Sgt. Hayhoe fired his shots. Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>When Officer Glover fired his shot, there were no civilians in the vicinity. Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7.<br><br>School was not in session at the time of this incident. Mark Depo. ("Ex. 7" to Masongsong Decl.) at 20:3-15.<br><br>Disputed to the extent that this misstates the standards for using deadly force.<br><br>Police officers are trained that a threat of death or serious bodily injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.<br><br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 15:12-16:16; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 88:9- |

PLAINTIFF'S RESPONSIVE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | 20; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 78:17-79:7; Bryce Decl. at ¶ 3b.<br><br>Police standards instruct that subjective fear alone does not justify the use of deadly force. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances must be instantly confronted and addressed.<br><br>Bryce Decl. at ¶ 3c. |
| 20.  Prior to driving his vehicle alongside Petit, Sgt. Hayhoe looked but could not see anything in Petit's hands. It was Sgt. Hayhoe's belief that Petit was resisting the officers' efforts to detain him.<br><br>Ex. "G," Hayhoe Depo. at 18:18-24, 22:22-23, 25:16-24, 27:1-17, 33:12-15. | Objection: Compound.<br><br>Disputed that Hayhoe's statement that he looked but did not see anything in Mr. Petit's hands is credible. Mr. Petit's hands were visible.<br>Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:18. |
| 21.  After Sgt. Hayhoe's patrol vehicle appeared near Petit, Petit began moving more quickly. Officer Glover and Martinez continued to pursue him on foot. Officer Martinez yelled at Petit to "drop it!"<br><br>Ex. "G," Hayhoe Depo. at 33:20-23, 49:24-25; Ex. "L," Martinez BWC at 2:13-2:16; Ex. "M," Glover BWC at 2:05-2:14; Ex. "O," Ring Video at 0:45-0:50. | Objection: Compound.<br><br>Otherwise, undisputed. |
| 22.  As Sgt. Hayhoe got closer, he observed that Petit's hands were | Disputed. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| near his waistband/midsection area and that Petit was intermittently turning towards him (Sgt. Hayhoe). He then observed Petit turn to face him in what he perceived to be a shooting stance. Although he had yet to see an object in Petit's hands, Sgt. Hayhoe perceived that Petit might be armed based on his body positioning and issued multiple commands for Petit to "drop it" through the open passenger side window.<br><br>Ex. "G," Hayhoe Depo. at 29:13-20, 35:3-18; Ex. I," Martinez Depo. at 59:8-22; Ex. "M," Glover BWC at 2:15-2:17; Ex. "N," Hayhoe BWC at 1:25-1:36; Ex. "O," Ring Video at 0:50-1:06. | Sgt. Hayhoe pointed his weapon at Mr. Petit before he saw any object in Mr. Petit's hands.<br>Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:15-18.<br><br>Mr. Petit did not turn his upper body toward Sgt. Hayhoe prior to Sgt. Hayhoe firing his shots.<br>Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 50:8-10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17.<br><br>The body-worn camera videos do not show Mr. Petit pointing the object at Sgt. Hayhoe or turning toward him. Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:12-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17.<br><br>Sgt. Hayhoe did not see Mr. Petit's hands go into a pocket or his waistband. Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 48:13-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:6-11.<br><br>Police officers are trained that they cannot shoot a person merely for seeing what they believe to be a gun in the person's hand.<br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 19:18-21; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 16:9-17:2; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 12:7-17; Bryce Decl. at ¶ 9h. |
| 23.  Shortly thereafter, Sgt. Hayhoe | Objection: Compound. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| saw a dark-colored object, including what appeared to be the barrel of a handgun, in Petit's hand. He concluded that Petit was pointing a semiautomatic handgun at him in a shooting position. Sgt. Hayhoe gave Petit multiple commands to drop the item. Perceiving that Petit was getting ready to shoot at him, Sgt. Hayhoe discharged his duty weapon at Petit.<br><br>Ex. "G," Hayhoe Depo. at 50:19-51:11; Ex. "M," Glover BWC at 2:15-2:17; Ex, "N," Hayhoe BWC at 1:25-1:36; Ex. "O," Ring Video at 0:50-1:06; Hayhoe Decl. at ¶ 6. | Disputed.<br><br>The video evidence cited by Defendants does not reflect that Sgt. Hayhoe gave Petit commands.<br><br>Sgt. Hayhoe pointed his weapon at Mr. Petit before he saw any object in Mr. Petit's hands.<br>Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:15-18.<br><br>A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had was a gun or looked like a gun.<br>Bryce Decl. at ¶ 7.<br><br>Mr. Petit did not turn his upper body toward Sgt. Hayhoe prior to Sgt. Hayhoe firing his shots.<br>Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 50:8-10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17.<br><br>The body-worn camera videos do not show Mr. Petit pointing the object at Sgt. Hayhoe.<br>Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:12-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Police officers are trained to distinguish firearms from other objects in a person's hand. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 12:12-18. |
| | Sgt. Hayhoe did not see Mr. Petit's hands go into a pocket or his waistband. Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 48:13-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:6-11. |
| | Further disputed to the extent that Sgt. Hayhoe's shots violated police training that discourages shooting from a moving vehicle. Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 43:14-16. |
| | Per LAPD policy: Firearms shall not be discharged from a moving vehicle, except in exigent circumstances and consistent with the policy regarding the use of deadly force. The driver of a vehicle should not draw their weapon while operating a moving vehicle; the drawing of a weapon while operating a moving vehicle is unsafe for both officers and the community. Bryce Decl. at ¶ 4 (citing LAPD Manual, Vol. No. 1., Section 556.10); Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 70:16-22. |
| 24. After the first shot, Sgt. Hayhoe observed that Petit was still holding the object, which he believed to be a handgun and perceived that Petit still had the ability to shoot at him. | Objection: Compound. Disputed. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| Ex. "G," Hayhoe Depo. at 43:10-13; Hayhoe Decl. at ¶ 6. | A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had was a gun or looked like a gun. Bryce Decl. at ¶ 7. |
| | Sgt. Hayhoe pointed his weapon at Mr. Petit before he saw any object in Mr. Petit's hands. Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:15-18. |
| | Mr. Petit did not turn his upper body toward Sgt. Hayhoe prior to Sgt. Hayhoe firing his shots. Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 50:8-10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17. |
| | The body-worn camera videos do not show Mr. Petit pointing the object at Sgt. Hayhoe. Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:12-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17. |
| | Sgt. Hayhoe did not see Mr. Petit's hands go into a pocket or his waistband. Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 48:13-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:6-11. |
| | Police officers are trained that they cannot shoot a person merely for seeing what they believe to be a gun in the person's hand. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 19:18-21; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 16:9-17:2; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 12:7-17; Bryce Decl. at ¶ 9h.<br><br>Further disputed to the extent that Sgt. Hayhoe's shots violated police training that discourages shooting from a moving vehicle.<br>Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 43:14-16.<br><br>Per LAPD policy: Firearms shall not be discharged from a moving vehicle, except in exigent circumstances and consistent with the policy regarding the use of deadly force. The driver of a vehicle should not draw their weapon while operating a moving vehicle; the drawing of a weapon while operating a moving vehicle is unsafe for both officers and the community.<br>Bryce Decl. at ¶ 4 (citing LAPD Manual, Vol. No. 1., Section 556.10); Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 70:16-22. |
| 25.  After seeing Petit turn his body in the direction of the patrol vehicle and hearing the shots fired, Officer Glover perceived that Petit and the officer inside the patrol vehicle exchanged fire. This furthered Officer Glover's suspicion that the object Petit was holding in his hand was a handgun. Perceiving that Petit might try to fire at the officer in the vehicle again, Officer Glover fired | Objection: Compound.<br><br>Disputed.<br><br>A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had was a gun or looked like a gun.<br>Bryce Decl. at ¶ 7.<br><br>Mr. Petit showed the object to Officers |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| his duty weapon once at Petit.<br><br>Ex. "F," Glover Depo. at 37:22-38:14, 42:10-14, 54:10-56:5; Ex. "M," Glover BWC at 2:13-2:16; Ex. "O," Ring Video at 0:50-1:06; Glover Decl. at ¶ 10. | Glover and Martinez.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Police officers are trained to distinguish firearms from other objects in a person's hand.<br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 12:12-18.<br><br>Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm.<br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12.<br><br>Officer Glover heard Officer Martinez say, "It's not a gun, bro."<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07.<br><br>Officer Glover generally trusts the statements of his partners.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 77:24-78:1. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Police officers are trained to yell out "gun" if they see what they believe to be a gun in a suspect's hand. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 30:1-7; Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:14-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 37:22-38:2. |
| | None of the officers yelled out, "gun!" before any shots were fired. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | Officer Glover did not see any muzzle flash coming from Mr. Petit. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 66:8-13; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 42:7-9. |
| | Mr. Petit did not turn his upper body toward Sgt. Hayhoe prior to Sgt. Hayhoe firing his shots. Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 50:8-10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17. |
| | The last time Officer Glover saw the object before he fired was prior to Mr. Petit walking away and prior to Officer |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Glover hearing Sgt. Hayhoe's two shots. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 56:21-57:2. |
| | Mr. Petit fell after Sgt. Hayhoe's second shot. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 39:20-25, 54:17-20; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-4; Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 12:10-15. |
| | Before Officer Glover fired his shot, he formed the impression that one of Sgt. Hayhoe's shots struck Mr. Petit and saw Mr. Petit go down. Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 12:10-15. |
| | When Officer Glover fired his shot, Mr. Petit was already falling to the ground or on the ground. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 40:2-8, 64:19-23; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:14-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:18. |
| | Officer Glover's BWC video shows Officer Glover's bullet casing being ejected when Mr. Petit is on the ground. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 72:19-73:2; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | 2:16; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 5-7.

When Officer Glover fired his shot, Mr. Petit's back was to Officer Glover. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 39:10-12; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:18.

Police officers are trained that they cannot shoot a person merely for seeing what they believe to be a gun in the person's hand. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 19:18-21; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 16:9-17:2; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 12:7-17; Bryce Decl. at ¶ 9h. |
| 26.  As Officers Glover and Martinez approached Petit, Petit began moving his left arm. They ordered Petit to stop moving and to "stop reaching for it." Officer Glover still perceived that the object Petit was holding, and now on the ground next to him, was a firearm. Sgt. Hayhoe, who could not see the object he believed was a gun, instructed the officers to take cover. Sgt. Hayhoe asked if anyone could see the gun.

Ex. "F," Glover Depo. at 38:25-39:2, 59:21-60:24, 63:3-4; Ex. "G," Hayhoe | Objection: Compound.

Disputed that a reasonable officer in Glover's position would have perceived the object to be a firearm.

A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had was a gun or looked like a gun. Bryce Decl. at ¶ 7.

Mr. Petit showed the object to Officers Glover and Martinez. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| Depo. at 55:5-25; Ex. "I," Martinez BWC at 2:26-2:42; Ex. "M," Glover BWC at 2:16-2:38. | BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Police officers are trained to distinguish firearms from other objects in a person's hand.<br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 12:12-18.<br><br>Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 33:25-34:6, 40:10-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5.<br><br>Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm.<br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong |

PLAINTIFF'S RESPONSIVE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12.

Officer Glover heard Officer Martinez say, "It's not a gun, bro."
Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07.

None of the officers yelled out, "gun!" before any shots were fired.
Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.

Officer Glover did not tell his partner that he thought Mr. Petit had a gun.
Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.

Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit had a gun.
Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 27. Officer Glover and Sgt. Hayhoe still perceived that the item was a gun even after they saw the object when they approached Petit. The officers only learned that the object was not a gun during the department's subsequent investigation.<br><br>Ex. "G," Hayhoe Depo. at 57:1-12; Glover Decl. at ¶ 11. | Objection: Compound.<br><br>Disputed that reasonable officers in Glover's and Hayhoe's positions would have perceived the object to be a firearm.<br><br>A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had was a gun or looked like a gun.<br>Bryce Decl. at ¶ 7.<br><br>Mr. Petit showed the object to Officers Glover and Martinez.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 33:25-34:6, 40:10-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Decl.) at 61:3-5. |
| | Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12. |
| | Officer Glover heard Officer Martinez say, "It's not a gun, bro." Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07. |
| | Officer Martinez did not fire any shots. Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 55:20-21; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18. |
| | None of the officers yelled out, "gun!" before any shots were fired. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Decl.) at 2:03-2:17. |
| | Officer Glover did not tell his partner that he thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| 28. At approximately 7:37 p.m., Officer Martinez radioed "shots fired." To safely approach Petit, unsure of whether he had any other weapons on his person or whether he would reach for the object they still perceived to be a firearm, the officers developed a tactical plan to approach him and take him into custody.<br><br>Ex. "A," CAD at p. 3; Ex. "H," Dispatch at 13:56-14:22; Ex. "L," Martinez BWC at 2:42-4:52; Ex. "M," Glover BWC at 3:27-4:59; Ex. "N," Hayhoe BWC at 1:50-3:17; Glover Decl. at ¶ 10; Hayhoe Decl. at ¶ 7. | Objection: Compound.<br><br>Disputed that reasonable officers in Glover's and Hayhoe's positions would have perceived the object to be a firearm.<br><br>A reasonable police officer under this set of facts would not have believed that the object Mr. Petit had was a gun or looked like a gun. Bryce Decl. at ¶ 7.<br><br>Mr. Petit showed the object to Officers Glover and Martinez. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 33:25-34:6, 40:10-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07.<br><br>Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17.<br><br>Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand.<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5.<br><br>Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm.<br>Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12.<br><br>Officer Glover heard Officer Martinez say, "It's not a gun, bro."<br>Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| | Masongsong Decl.) and 2:06-2:07.<br><br>Officer Martinez did not fire any shots. Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 55:20-21; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18.<br><br>None of the officers yelled out, "gun!" before any shots were fired. Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.<br><br>Officer Glover did not tell his partner that he thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17.<br><br>Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit had a gun. Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| 29.  Once backup arrived, officers approached Petit with a ballistic shield. Officer Glover instructed another officer on scene to get a trauma kit. Officer Anthony Gomez began to administer chest | Disputed to the extent that a reasonable police officer under this set of facts would not have believed that the object Mr. Petit had was a gun or looked like a gun.<br>Bryce Decl. at ¶ 7. |

| DEFENDANTS' FACTS & EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| compressions to Petit.<br><br>Ex. "H," Dispatch at 15:08-15:19; Ex. "I," Martinez BWC at 4:52-6:38; Ex. "M," Glover BWC at 4:59-6:05; Ex. "N," Hayhoe BWC at 3:17-5:56. | |
| 30.  At approximately 7:38 p.m., Officer Martinez, who was standing next to Officer Glover, radioed for a rescue ambulance. Los Angeles Fire Department ("LAFD") firefighters and paramedics responded to the scene and transported Petit to the hospital.<br><br>Ex. "A," CAD at p. 3, 12; Ex. H," Dispatch at 17:35-17:50. | Objections: compound; vague as to time.<br><br>Otherwise, undisputed. |
| 31.  As a result of the incident, the Los Angeles City Attorney's Office filed the following criminal charges against Petit: two counts each for violation of Penal Code section 417.4 (brandishing an imitation firearm in a threatening manner) and Penal Code section 148(a)(1) (resisting arrest).<br><br>RJN. | Objection: Irrelevant after-acquired information (FRE 401, 402). |

## PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| PAMF | EVIDENTIARY SUPPORT |
|---|---|
| **Background** | |
| 32. School was not in session at the time of this incident. | Mark Depo. ("Ex. 7" to Masongsong Decl.) at 20:3-15. |
| 33. The object that Mr. Petit had was a vehicle trunk latch or lock actuator. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 41:3-5; Bryce Decl. at 9g. |
| 34. Prior to the shooting, the officers did not have any information that Mr. Petit had fired any shots. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 24:6-8. |
| 35. Prior to the shooting, the officers did not have any information that Mr. Petit had injured anyone. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 24:9-11; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 22:13-15; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 15:12-14, 52:9-12; Mark Depo. ("Ex. 7" to Masongsong Decl.) at 18:10-16, 25:9-10, 33:19-25, 34:1-7. |
| 36. Prior to arriving on scene, the officers did not have any information as to whether Mr. Petit was under the influence of any substances. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 22:10-12. |
| 37. Prior to the shooting, the officers did not have any information as to whether Mr. Petit had a criminal history. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 22:7-9; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 15:7-11, 52:13-14. <br><br> . |
| 38. Prior to the shooting, the officers heard a call that Mr. Petit possibly did not have a firearm. | Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 8:9-16, 17:9-11; Mark Depo. ("Ex. 7" to Masongsong Decl.) at 13:12-1, 16:14-17:5, 28:5-17, 34:8-25. |
| 39. At the time of the incident, Officer Glover had less-lethal tools, including a baton, a Taser, and pepper spray. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 17:15-21. |
| 40. Mr. Petit did not verbally threaten | Hayhoe Depo. ("Ex. 5" to Masongsong |

| | |
|---|---|
| to harm the officers. | Decl.) at 49:1-12. |
| 41. 911 caller Hanna Mark formed the impression that Mr. Petit could be mentally ill or experiencing a mental health crisis. | Mark Depo. ("Ex. 7" to Masongsong Decl.) at 11:24-12:12, 14:13-14, 25:3-22. |
| 42. Based on Hayhoe's experience in dealing with transient or homeless individuals, he understands that some of them have mental health issues. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 53:1-10. |
| **The Shooting** | |
| 43. Officer Glover used profanity with Mr. Petit. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 58:1-6; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:01-2:04. |
| 44. Mr. Petit showed the object to Officers Glover and Martinez. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 29:19-21, 48:8-49:10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07. |
| 45. A reasonable police officer in the positions of Glover and Hayhoe would not have believed that the object Mr. Petit had was a gun. | Bryce Decl. at ¶ 7. |
| 46. During the initial contact, Mr. Petit held the object in a downward position. | Glover Statement (2) ("Ex. 11" to Masongsong Decl.) at 3:20-4:17; Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 10:3-4, 11:20-22, 28:7-17, 30:7-21, 43:11-13. |
| 47. Mr. Petit did not point the object at Officers Martinez and Glover. | Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17; Glover Statement (2) ("Ex. 11" to Masongsong Decl.) at 3:20-4:17; Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 10:3-4, 11:20-22; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:4-7, 44:13-45:6. |

| 48. | When Officer Martinez was interviewed after the shooting, he never told investigators that Mr. Petit pointed an object at him. | Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 73:22-74:1. |
|---|---|---|
| 49. | Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:6-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17. |
| 50. | Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 61:3-5. |
| 51. | Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 33:25-34:6, 40:10-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:07. |
| 52. | Both police practices experts agree that it would not have been appropriate to shoot Mr. Petit during the initial contact. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 30:23-31:11, 32:5-9, 37:8-11, 46:16-47:4-24; Bryce Decl. at ¶7. |
| 53. | Mr. Petit walked away from the officers. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 31:21-24; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 36:1-3; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:01-2:15. |
| 54. | Mr. Petit appeared to be trying to avoid contact with Officers Glover and Martinez when he was walking away from them. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 18:18-24, 25:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:01-2:15. |
| 55. | Both police practices experts agree that it would not have been appropriate to shoot Mr. Petit for walking away and disobeying verbal commands. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 30:23-31:11, 32:5-9, 37:8-11, 46:16-47:4-24; Bryce Decl. at ¶ 5. |
| 56. | Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm, stating, "It's not a gun, bro." | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 26:20-21:1, 27:10-13, 55:5-8; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:4-11, 32:15-18, 40:10-15; Hayhoe Depo. ("Ex. 5" to Masongsong |

PLAINTIFF'S RESPONSIVE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | | Decl.) 36:15-18; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12. |
| | 57. Prior to the shooting, Officer Glover heard Officer Martinez say, "It's not a gun, bro." | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:8-17; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-24; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:11-2:12; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) and 2:06-2:07. |
| | 58. Officer Glover heard Officer Martinez say, "It's not a gun, bro" seconds after he saw the object. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 52:7-9; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:07-2:12. |
| | 59. Officer Glover generally trusts the statements of his partners. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 77:24-78:1. |
| | 60. Officer Glover did not identify the object as a gun with certainty. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 48:25-49:10; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 76:13-78:14. |
| | 61. Officer Glover later described the object as "funky." | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 75:9-11. |
| | 62. None of the officers yelled out, "gun!" before any shots were fired. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:2-4; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 31:1-3; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 36:8-14; Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 63:1-4; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | 63. Officer Glover did not tell his partner that he thought Mr. Petit had a gun. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:10-13; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03-2:17. |
| | 64. Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:14-25; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:03- |

| | |
|---|---|
| had a gun. | 2:17. |
| 65. If Officer Glover thought Mr. Petit had a gun or thought he saw a gun, that would have been important information to communicate to Sgt. Hayhoe. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 35:1-4;  Bryce Decl. at ¶6. |
| 66. According to Sgt. Hayhoe, he pointed his weapon at Mr. Petit before he saw any object in Mr. Petit's hands. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:15-18. |
| 67. Mr. Petit did not turn his upper body toward Sgt. Hayhoe prior to Sgt. Hayhoe firing his shots. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 50:8-10; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17. |
| 68. The body-worn camera videos do not show Mr. Petit pointing the object at Sgt. Hayhoe or turning toward him. | Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:12-2:17; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:15-2:17. |
| 69. Sgt. Hayhoe did not give Mr. Petit any commands or a warning between Sgt. Hayhoe seeing the object and Sgt. Hayhoe firing his shots. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 52:2-8. |
| 70. Defendants' police practices expert agrees that if Mr. Petit did not turn toward Sgt. Hayhoe or raise or point the object toward him, then it would have been inappropriate to shoot. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 36:7-37:11, 37:22-38:1. |
| 71. Sgt. Hayhoe fired two shots out the passenger side window. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 43:14-16; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 70:16-22; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17. |
| 72. When Sgt. Hayhoe fired his two shots, his vehicle was moving. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 43:14-16. |

| | |
|---|---|
| 73. Sgt. Hayhoe did not see Mr. Petit's hands go into a pocket or his waistband. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 48:13-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 66:6-11. |
| 74. There were no civilians in the vicinity when Sgt. Hayhoe fired his shots. | Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17. |
| 75. Officer Glover did not see any muzzle flash coming from Mr. Petit. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 66:8-13; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 42:7-9. |
| 76. Officer Glover could not see the object when he heard Sgt. Hayhoe's two shots. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 56:21-23. |
| 77. Officer Glover was not expecting the shots when Sgt. Hayhoe fired. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 82:8-10. |
| 78. The last time Officer Glover saw the object before he fired was prior to Mr. Petit walking away from him. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 56:21-57:2. |
| 79. Officer Glover did not see Mr. Petit's hands go into a pocket or his waistband. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 60:25-61:2. |
| 80. Officer Glover fired his shot after he heard two shots. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 38:12-14. |
| 81. Mr. Petit went to the ground after Sgt. Hayhoe's second shot. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 39:20-25, 54:17-20; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-4; Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 12:10-15; Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 39:20-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 53:14-19, 54:17-20. |
| 82. Before Officer Glover fired his shot, he formed the impression that one of Sgt. Hayhoe's shots struck | Glover Statement (1) ("Ex. 10" to Masongsong Decl.) at 12:10-15. |

| | |
|---|---|
| Mr. Petit and saw Mr. Petit go down. | |
| 83. When Officer Glover fired his shot, Mr. Petit was already falling to the ground or on the ground. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 40:2-8, 64:19-23; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:14-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:18. |
| 84. Officer Glover's BWC video shows Officer Glover's bullet casing being ejected when Mr. Petit is on the ground. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 72:19-73:2; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:16; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 5-7. |
| 85. Officer Glover agrees that based on his training, it would have been inappropriate to shoot Mr. Petit once he was on the ground. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 62:2-5. |
| 86. When Officer Glover fired his shot, Mr. Petit's back was to Officer Glover. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 39:10-12; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7; Martinez BWC Video ("Ex. 3" to Masongsong Decl.) at 2:18. |
| 87. When Officer Glover fired, he was aiming at center mass. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 39:13-14; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18. |
| 88. When Officer Glover fired his shot, there were no civilians in the vicinity. | Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:17; Glover BWC Stills ("Ex. 9" to Masongsong Decl.) pp. 1-7. |
| 89. Officer Glover formed the impression that his shot struck Mr. Petit. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 59:14-17. |
| 90. Officer Glover did not give Mr. Petit a verbal warning that deadly | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 34:7-9, 57:3-12; Glover BWC |

| | |
|---|---|
| force would be used before shooting him. | Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18. |
| 91. Sgt. Hayhoe did not give Mr. Petit a verbal warning that deadly force would be used prior to shooting him. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 57:3-12; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 42:24-43:1; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18. |
| 92. After the shooting, the object was on the ground. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 59:21-60:6; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 85:19-21; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 3:40-5:10; Hayhoe BWC Video ("Ex. 2" to Masongsong Decl.) at 2:18. |
| 93. When the object was on the ground after the shooting, Sgt. Hayhoe said "Guys, I can't see the gun" and asked other officers whether they had any visual of the gun. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 85:10-21; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 55:18-21; Hayhoe BWC Video ("Ex. 2" to Masongsong Decl.) at 2:15-2:23. |
| 94. When Sgt. Hayhoe asked officers whether they had any visual of the gun, they responded, "no." | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 85:10-21; Hayhoe BWC Video ("Ex. 2" to Masongsong Decl.) at 2:15-2:27. |
| 95. Officer Martinez did not fire any shots. | Martinez Depo. ("Ex. 6" to Masongsong Decl.) at 55:20-21; Glover BWC Video ("Ex. 1" to Masongsong Decl.) at 2:15-2:18. |
| 96. After the shooting, Sgt. Hayhoe stated, "Fuck. I shot." | Hayhoe BWC Video ("Ex. 2" to Masongsong Decl.) at 4:36-4:38. |
| **Police Training on the Use of Deadly Force** | |
| 97. Police officers are trained that deadly force is the highest level of force a police officer can use. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 14:15-20; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 87:15-22. |
| 98. Police officers are trained that deadly force should only be used as a last resort. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 80:3-5. |

| | |
|---|---|
| 99. Police officers are trained that shooting at someone center mass is likely to cause serious injury or death. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 14:21-24; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 87:23-88:3. |
| 100. Basic police training and standards instruct that deadly force should only be used on the basis of an objectively reasonable belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 15:3-11; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 88:5-8; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 78:11-16; Bryce Decl. at ¶ 3c. |
| 101. Police officers are trained that a threat of death or serious bodily injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 15:12-16:16; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 88:9-20; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 78:17-79:7; Bryce Decl. at ¶ 3b. |
| 102. Police standards instruct that subjective fear alone does not justify the use of deadly force. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances must be instantly confronted and addressed. | Bryce Decl. at ¶ 3c. |
| 103. Police officers are trained that deadly force should only be used when no reasonable alternative measures are available. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 9:25-10:10; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 79:22-24; Bryce Decl. at ¶ 3h. |
| 104. Police officers are trained to give a verbal warning prior to using deadly force, when feasible. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 16:21-25; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 89:21-24; Hayhoe Depo. ("Ex. 5" to Masongsong |

| | | |
|---|---|---|
| | | Decl.) at 79:8-10; Bryce Decl. at ¶ 3i. |
| | 105. In this case, it would have been feasible for the officers to give Mr. Petit a warning before using deadly force. | Bryce Decl. at ¶¶ 5, 9g. |
| | 106. Basic police training teaches that an overreaction in using deadly force is excessive force. | Bryce Decl. at ¶ 3g. |
| | 107. Police officers are trained to control their fear. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 17:1-7. |
| | 108. Police officers are trained to give the individual an opportunity to comply with commands when it is safe to do so. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 9:12-18; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 75:15-20. |
| | 109. Police officers are trained to de-escalate a situation. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 9:7-15; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 75:12-20. |
| | 110. Police officers are trained to distinguish firearms from other objects in a person's hand. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 12:12-18;  Bryce Decl. at ¶ 7. |
| | 111. Police officers are trained to take cover if they believe someone is armed with a firearm. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 13:6-17;  Bryce Decl. at ¶ 6. |
| | 112. Police officers are trained to yell out "gun" if they see what they believe to be a gun in a suspect's hand. | Glover Depo. ("Ex. 4" to Masongsong Decl.) at 30:1-7; Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 27:14-25; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 37:22-38:2. |
| | 113. Police officers are trained that they cannot shoot a person merely for seeing what they believe to be a gun in the person's hand. | Sanchez Depo. ("Ex. 8" to Masongsong Decl.) at 19:18-21; Glover Depo. ("Ex. 4" to Masongsong Decl.) at 16:9-17:2; Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) 12:7-17; Bryce Decl. at ¶ 9h. |
| | 114. Police officers are trained to fire shots in pairs ("double tap"). | Bryce Decl. at ¶ 8. |
| | 115. Based on basic police training | Bryce Decl. at ¶¶ 8; 9(n)(ii). |

| | |
|---|---|
| and firearms training, a reasonable officer in the position of Officer Glover would have recognized that both of Hayhoe's shots were discharged from the same firearm. | |
| 116.  Contagious fire in using deadly force can be considered a use of excessive force. | Bryce Decl. at ¶ 9(n)(iii). |
| 117.  Police officers, including Sgt. Hayhoe, are trained that shots fired from a moving vehicle are highly discouraged. | Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 70:16-22;  Bryce Decl. at ¶ 4. |
| 118.  Per LAPD policy: Firearms shall not be discharged from a moving vehicle, except in exigent circumstances and consistent with the policy regarding the use of deadly force. The driver of a vehicle should not draw their weapon while operating a moving vehicle; the drawing of a weapon while operating a moving vehicle is unsafe for both officers and the community. | Bryce Decl. at ¶ 4 (citing LAPD Manual, Vol. No. 1., Section 556.10); Hayhoe Depo. ("Ex. 5" to Masongsong Decl.) at 70:16-22. |
| 119.  From the standpoint of police practices, including basic police training and POST standards, Sgt. Hayhoe's use of deadly force was improper, inappropriate, excessive and unreasonable, including for the following reasons: (1) this was not an immediate defense of life situation; (2) Mr. Petit was unarmed, and a reasonable officer would not believe the object was a gun; (3) there was no crime in progress; (4) Mr. Petit had committed no crime involving the infliction of serious injury or death; | Bryce Decl. at ¶ 9. |

| | |
|---|---|
| (5) the shooting would not be justified based on Mr. Petit walking away and disobeying verbal commands; (6) there were indications that Mr. Petit was mentally ill; (7) subjective fear is insufficient to justify a use of deadly force; (8) Hayhoe violated basic police training when he fired from a moving vehicle; (9) Mr. Petit never verbally threatened to harm the officers; (10) Hayhoe had reasonable alternative measures other than shooting; (11) Hayhoe showed no reverence for human life when he fired at Mr. Petit; (12) police officers are trained that they must justify every shot they fire, and both of Hayhoe's shots were unjustified; (13) Hayhoe overreacted when he fired at Mr. Petit. | |
| 120.  From the standpoint of police practices, including basic police training and POST standards, Officer Glover's use of deadly force was improper, inappropriate, excessive and unreasonable, including for the following reasons: (1) this was not an immediate defense of life situation; (2) Mr. Petit was unarmed, and a reasonable officer would not believe the object was a gun; (3) there was no crime in progress; (4) Mr. Petit had committed no crime involving the infliction of serious injury or death; (5) shooting would not be justified based on Mr. Petit for walking away and disobeying | Bryce Decl. at ¶ 9. |

| | |
|---|---|
| verbal commands; (6) there were indications that Mr. Petit was mentally ill; (7) subjective fear is insufficient to justify a use of deadly force; (8) Mr. Petit never verbally threatened to harm the officers; (9) Glover had reasonable alternative measures other than shooting; (10) Glover showed no reverence for human life when he fired at Mr. Petit; (11) Glover overreacted when he fired at Mr. Petit; (12) Glover fired his shot when Mr. Petit had already been struck by shots and was on the ground or going to the ground; (13) Glover was aiming toward Mr. Petit's back when he fired; (14) Glover engaged in "contagious fire" when he fired his shot at Mr. Petit. | |

DATED: November 21, 2025            LAW OFFICES OF DALE K. GALIPO

By: _____
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, Ashlyn Petit