**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com** / **ksarmiento@crdlaw.com**

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date: December 22, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5D |

COME NOW Defendants, Sgt. Brett Hayhoe and Officer Daryl Glover, Jr., public employees, and hereby object to the following evidence and undisputed facts filed by Plaintiff in opposition to the Motion for Summary Judgment, or in the alternative, Summary Adjudication.

///

///

///

- 1 -

### EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 32.    School was not in session at the time of this incident. | Irrelevant.  Fed. R. Evid. 401. |
| 33.  The object that Mr. Petit had was a vehicle trunk latch or lock actuator. | Irrelevant.  Fed. R. Evid. 401; This information was not known the officers at the time force was used.  Graham v. Connor, 490 U.S. 386, 396-97 (1989); Plumhoff v. Rickard, 572 U.S. 765, 775 (2014); Gonzalez v. City of Anaheim, 747 F.3d 789, 794 (9th Cir. 2014) (internal quotations omitted) ("We take the perspective of an officer on the scene without the benefit of 20/20 hindsight and consider that police officers are often forced to make split-second judgments—in circumstances that tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular |

| | PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|---|
| | | situation"). |
| 34. | Prior to the shooting, the officers did not have any information that Mr. Petit had fired any shots. | Undisputed. |
| 35. | Prior to the shooting, the officers did not have any information that Mr. Petit had injured anyone. | Undisputed. |
| 36. | Prior to arriving on scene, the officers did not have any information as to whether Mr. Petit was under the influence of any substances. | Undisputed. |
| 37. | Prior to the shooting, the officers did not have any information as to whether Mr. Petit had a criminal history. | Undisputed. |
| 38. | Prior to the shooting, the officers heard a call that Mr. Petit possibly did not have a firearm. | Misstates the evidence.<br><br>LAPD dispatch broadcasted information concerning Mr. Tramel's call for service indicating that the suspect threatened him with a black handgun.  After receiving Ms. Mark's call for service, dispatch |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | advised officers that from the second caller, it was unknwon whether the suspect had a handgun. |
| | Ex. "F," Glover Depo. at 20:1-21:21; Ex. "G," Hayhoe Depo. at 14:13-15:6; Ex. "H," Dispatch at 2:20-2:55, 5:12-24, 6:04-40; Ex. "I," Martinez Depo. at 37:17-38:8; Glover Decl. at ¶ 4-5. |
| 39. At the time of the incident, Officer Glover had less-lethal tools, including a baton, a Taser, and pepper spray. | Undisputed. |
| 40. Mr. Petit did not verbally threaten to harm the officers. | Undisputed. |
| 41. 911 caller Hanna Mark formed the impression that Mr. Petit could be mentally ill or experiencing a mental health crisis. | Irrelevant.  Fed. R. Evid. 401; This information was not known the officers at the time force was used.  Graham v. Connor, 490 U.S. 386, 396-97 |

- 4 -

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
|  | (1989); <u>Plumhoff v. Rickard</u>, 572 U.S. 765, 775 (2014); <u>Gonzalez v. City of Anaheim</u>, 747 F.3d 789, 794 (9th Cir. 2014) (internal quotations omitted) ("We take the perspective of an officer on the scene without the benefit of 20/20 hindsight and consider that police officers are often forced to make split-second judgments—in circumstances that tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation"). |
| 42. Based on Hayhoe's experience in dealing with transient or homeless individuals, he understands that some of them have mental health issues. | Irrelevant.  Fed. R. Evid. 401. |
| 43. Officer Glover used profanity with Mr. Petit. | Irrelevant.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 44. Mr. Petit showed the object to Officers Glover and Martinez. | Mischaracterizes the evidence. Petit held the object in his hand and brandished it in the direction of the officers. <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). |
| 45. A reasonable police officer in the positions of Glover and Hayhoe would not have believed that the object Mr. Petit had was a gun. | Legal Conclusion / Improper Expert Opinion. Fed. R. Evid. 702-704; <u>Nationwide Transport Finance v. Cass Information Systems, Inc.</u>, 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court"). <br><br> Speculation/Lack of Personal Knowledge/Lacks Foundation. Fed. R. Evid. 602. <br><br> Lacks Foundation.  Fed R. Evid. 901. |
| 46.  During the initial contact, Mr. Petit held the object in a downward position. | Mischaracterizes the evidence. Petit held the object in his hand and brandished it in the direction of the officers.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | on a motion for summary judgment"). |
| 47. Mr. Petit did not point the object at Officers Martinez and Glover. | Mischaracterizes the evidence. Petit held the object in his hand and brandished it in the direction of the officers. <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). |
| 48. When Officer Martinez was interviewed after the shooting, he never told investigators that Mr. Petit pointed an object at him. | Irrelevant. Fed. R. Evid. 401. Lacks Foundation. Fed R. Evid. 901; <u>Armao v. American Honda Motor Co.</u>, 917 F.Supp. 142 (D. Conn. 1996); <u>Jackson v. County of San Bernardino</u>, 191 |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | F.Supp.3d 11000, 11109 (C.D. Cal. 2016) (a prior unsworn statement cannot be considered at summary judgment).<br><br>Inadmissible Hearsay. Fed. R. Evid. 801. |
| 49. Officer Glover did not try to take cover after he saw the object in Mr. Petit's hand. | Mischaracterizes the evidence. Officer Glover testified that he could not take cover after he observed the object in Petit's hand.<br><br>Ex. "F," Glover Depo. at 49:4-7, 61:6-14;<br>Ex. "M," Glover BWC at 2:03-2:07. |
| 50. Officer Glover did not try to create distance after he saw the object in Mr. Petit's hand. | Irrelevant.  Fed. R. Evid. 401. |
| 51. Officers Glover and Martinez did not shoot Mr. Petit when he showed them the object during the initial contact. | Irrelevant.  Fed. R. Evid. 401.<br><br>At that time, Officer Glover was still trying to decipher whether |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | the object was a gun. |
| 52. Both police practices experts agree that it would not have been appropriate to shoot Mr. Petit during the initial contact. | Irrelevant.  Fed. R. Evid. 401.<br><br>Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. 702-704; <u>Nationwide Transport Finance v. Cass Information Systems, Inc.</u>, 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court"). |
| 53. Mr. Petit walked away from the officers. | Mischaracterizes the evidence. Petit was attempting to flee from the officers, including quickening his pace.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of |

- 10 -

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). |
| 54. Mr. Petit appeared to be trying to avoid contact with Officers Glover and Martinez when he was walking away from them. | Undisputed. |
| 55. Both police practices experts agree that it would not have been appropriate to shoot Mr. Petit for walking away and disobeying verbal commands. | Irrelevant.  Fed. R. Evid. 401.<br><br>Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. 702-704; Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | is the distinct and exclusive province of the court"). |
| 56. Officer Martinez verbalized to his partner that the object Mr. Petit was holding was not a firearm, stating, "It's not a gun, bro." | Irrelevant.  Fed. R. Evid. 401.<br><br>Officer Glover considered Officer Martinez's statement but still was unsure at that time whether the object was a gun based on his own training and experience.  When he heard shots fired, he perceived that Petit and Sgt. Hayhoe exchanged fire, confirming his belief that the object Petit had was a gun.<br><br>Ex. "F," Glover Depo. at 31:4-32:4, 37:22-38:14, 40:19-42:14, 54:10-56:5;<br>Ex. "G," Hayhoe Depo. at 36:15-21;<br>Ex. "M," Glover BWC at 2:13-2:16;<br>Ex. "O," Ring Video at 0:50- |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | 1:06; Glover Decl. at ¶ 8, 10. |
| 57. Prior to the shooting, Officer Glover heard Officer Martinez say, "It's not a gun, bro." | Irrelevant.  Fed. R. Evid. 401.

Officer Glover considered Officer Martinez's statement but still was unsure at that time whether the object was a gun based on his own training and experience.  When he heard shots fired, he perceived that Petit and Sgt. Hayhoe exchanged fire, confirming his belief that the object Petit had was a gun.

Ex. "F," Glover Depo. at 31:4-32:4, 37:22-38:14, 40:19-42:14, 54:10-56:5; Ex. "G," Hayhoe Depo. at 36:15-21; Ex. "M," Glover BWC at 2:13-2:16; Ex. "O," Ring Video at 0:50- |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | 1:06;<br>Glover Decl. at ¶ 8, 10. |
| 58. Officer Glover heard Officer Martinez say, "It's not a gun, bro" seconds after he saw the object. | Irrelevant.  Fed. R. Evid. 401.<br><br>Officer Glover considered Officer Martinez's statement but still was unsure at that time whether the object was a gun based on his own training and experience.  When he heard shots fired, he perceived that Petit and Sgt. Hayhoe exchanged fire, confirming his belief that the object Petit had was a gun.<br><br>Ex. "F," Glover Depo. at 31:4-32:4, 37:22-38:14, 40:19-42:14, 54:10-56:5;<br>Ex. "G," Hayhoe Depo. at 36:15-21;<br>Ex. "M," Glover BWC at 2:13-2:16;<br>Ex. "O," Ring Video at 0:50- |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | 1:06;<br>Glover Decl. at ¶ 8, 10. |
| 59. Officer Glover generally trusts the statements of his partners. | Irrelevant.  Fed. R. Evid. 401.<br><br>Officer Glover considered Officer Martinez's statement but still was unsure at that time whether the object was a gun based on his own training and experience.  When he heard shots fired, he perceived that Petit and Sgt. Hayhoe exchanged fire, confirming his belief that the object Petit had was a gun.<br><br>Ex. "F," Glover Depo. at 31:4-32:4, 37:22-38:14, 40:19-42:14, 54:10-56:5;<br>Ex. "G," Hayhoe Depo. at 36:15-21;<br>Ex. "M," Glover BWC at 2:13-2:16;<br>Ex. "O," Ring Video at 0:50- |

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
|  | 1:06;<br>Glover Decl. at ¶ 8, 10. |
| 60. Officer Glover did not identify the object as a gun with certainty. | Vague as to time.<br><br>Officer Glover considered Officer Martinez's statement but still was unsure at that time whether the object was a gun based on his own training and experience.  When he heard shots fired, he perceived that Petit and Sgt. Hayhoe exchanged fire, confirming his belief that the object Petit had was a gun.<br><br>Ex. "F," Glover Depo. at 31:4-32:4, 37:22-38:14, 40:19-42:14, 54:10-56:5;<br>Ex. "G," Hayhoe Depo. at 36:15-21;<br>Ex. "M," Glover BWC at 2:13-2:16;<br>Ex. "O," Ring Video at 0:50- |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | 1:06;<br>Glover Decl. at ¶ 8, 10. |
| 61. Officer Glover later described the object as "funky." | Misstates the evidence.<br><br>Officer Glover testified that the object looked like a "funky" gun or a street gun, which is a firearm that does not resemble a traditional firearm.<br><br>Glover Decl. at ¶ 8. |
| 62. None of the officers yelled out, "gun!" before any shots were fired. | Irrelevant.  Fed. R. Evid. 401. |
| 63. Officer Glover did not tell his partner that he thought Mr. Petit had a gun. | Irrelevant.  Fed. R. Evid. 401. |
| 64. Officer Glover did not dispatch over the police radio that he observed a gun or thought Mr. Petit had a gun. | Irrelevant.  Fed. R. Evid. 401. |
| 65. If Officer Glover thought Mr. Petit had a gun or thought he saw a gun, that would have been important information to communicate to Sgt. Hayhoe. | Irrelevant.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 66. According to Sgt. Hayhoe, he pointed his weapon at Mr. Petit before he saw any object in Mr. Petit's hands. | Irrelevant.  Fed. R. Evid. 401. |
| 67. Mr. Petit did not turn his upper body toward Sgt. Hayhoe prior to Sgt. Hayhoe firing his shots. | Mischaracterizes the evidence. Sgt. Hayhoe testified that Petit turned to face him in what Sgt. Hayhoe perceived to be a shooting stance.  Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").<br><br>Ex. "G," Hayhoe Depo. at 29:13-20, 35:3-18; Ex. I," Martinez Depo. at 59:8-22; |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | Ex. "M," Glover BWC at 2:15-2:17;<br>Ex. "N," Hayhoe BWC at 1:25-1:36;<br>Ex. "O," Ring Video at 0:50-1:06. |
| 68. The body-worn camera videos do not show Mr. Petit pointing the object at Sgt. Hayhoe or turning toward him. | Mischaracterizes the evidence. <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").<br><br>Ex. "G," Hayhoe Depo. at 29:13-20, 35:3-18;<br>Ex. I," Martinez Depo. at 59:8-22;<br>Ex. "M," Glover BWC at 2:15- |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | 2:17; Ex. "N," Hayhoe BWC at 1:25-1:36; Ex. "O," Ring Video at 0:50-1:06. |
| 69. Sgt. Hayhoe did not give Mr. Petit any commands or a warning between Sgt. Hayhoe seeing the object and Sgt. Hayhoe firing his shots. | Mischaracterizes the evidence. Sgt. Hayhoe testified that when he observed Petit with his hands near his waistband/midsection area and intermittently turning towards him, his made multiple commands for Petit to "drop it" through the open passenger side window. Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | Ex. "G," Hayhoe Depo. at 29:13-20, 35:3-18; Ex. I," Martinez Depo. at 59:8-22; Ex. "M," Glover BWC at 2:15-2:17; Ex. "N," Hayhoe BWC at 1:25-1:36; Ex. "O," Ring Video at 0:50-1:06. |
| 70. Defendants' police practices expert agrees that if Mr. Petit did not turn toward Sgt. Hayhoe or raise or point the object toward him, then it would have been inappropriate to shoot. | Irrelevant based on above.  Fed. R. Evid. 401. |
| 71. Sgt. Hayhoe fired two shots out the passenger side window. | Undisputed. |
| 72. When Sgt. Hayhoe fired his two shots, his vehicle was moving. | Irrelevant.  Fed. R. Evid. 401. |
| 73. Sgt. Hayhoe did not see Mr. Petit's hands go into a pocket or his waistband. | Irrelevant.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 74. There were no civilians in the vicinity when Sgt. Hayhoe fired his shots. | Mischaracterizes the evidence. Ring doorbell footage shows children playing across the street moments before the shooting occurred.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").<br><br>Ex. "O," Ring Video at 0:50-1:06. |
| 75. Officer Glover did not see any muzzle flash coming from Mr. Petit. | Irrelevant.  Fed. R. Evid. 401. |
| 76. Officer Glover could not see the object when he heard Sgt. Hayhoe's two shots. | Irrelevant.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 77. Officer Glover was not expecting the shots when Sgt. Hayhoe fired. | Irrelevant.  Fed. R. Evid. 401. |
| 78. The last time Officer Glover saw the object before he fired was prior to Mr. Petit walking away from him. | Irrelevant.  Fed. R. Evid. 401. |
| 79. Officer Glover did not see Mr. Petit's hands go into a pocket or his waistband. | Irrelevant.  Fed. R. Evid. 401. |
| 80. Officer Glover fired his shot after he heard two shots. | Undisputed. |
| 81. Mr. Petit went to the ground after Sgt. Hayhoe's second shot. | Mischaracterizes the evidence. Petit appeared struck and going to the ground, to Sgt. Hayhoe, at the time the second shot was fired. |
| 82. Before Officer Glover fired his shot, he formed the impression that one of Sgt. Hayhoe's shots struck Mr. Petit and saw Mr. Petit go down. | Lacks Foundation.  Fed R. Evid. 901; Armao v. American Honda Motor Co., 917 F.Supp. 142 (D. Conn. 1996); Jackson v. County of San Bernardino, 191 F.Supp.3d 11000, 11109 (C.D. Cal. 2016) (a prior unsworn statement cannot be considered |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | at summary judgment). <br><br> Inadmissible Hearsay. Fed. R. Evid. 801. |
| 83. When Officer Glover fired his shot, Mr. Petit was already falling to the ground or on the ground. | Mischaracterizes the evidence. This was not Officer Glover's perception at the time he fired his shot. |
| 84. Officer Glover's BWC video shows Officer Glover's bullet casing being ejected when Mr. Petit is on the ground. | Mischaracterizes the evidence, as the time the casing was ejected is not the moment Officer Glover pulled the trigger. <br><br> Irrelevant. Fed. R. Evid. 401. <br><br> Lacks Foundation. Fed R. Evid. 901. |
| 85. Officer Glover agrees that based on his training, it would have been inappropriate to shoot Mr. Petit once he was on the ground. | Undisputed. |
| 86. When Officer Glover fired his shot, Mr. Petit's back was to Officer Glover. | Irrelevant. Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 87. When Officer Glover fired, he was aiming at center mass. | Irrelevant.  Fed. R. Evid. 401. |
| 88. When Officer Glover fired his shot, there were no civilians in the vicinity. | Ring doorbell footage shows children playing across the street moments before the shooting occurred.  Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").<br><br>Ex. "O," Ring Video at 0:50-1:06. |
| 89. Officer Glover formed the impression that his shot struck Mr. Petit. | Irrelevant.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 90. Officer Glover did not give Mr. Petit a verbal warning that deadly force would be used before shooting him. | Undisputed. |
| 91. Sgt. Hayhoe did not give Mr. Petit a verbal warning that deadly force would be used prior to shooting him. | Mischaracterizes the evidence. Sgt. Hayhoe issued verbal commands for Petit to drop the item he had in his hands.<br><br>Ex. "G," Hayhoe Depo. at 35:3-10. |
| 92. After the shooting, the object was on the ground. | Vague as to time.<br><br>Sgt. Hayhoe testified that after the second shot was fired, he still observed the object in Petit's hands.<br><br>Ex. "G," Hayhoe Depo. at 43:10-13. |
| 93. When the object was on the ground after the shooting, Sgt. Hayhoe said "Guys, I can't see the gun" and asked other officers whether they had any visual of the gun. | Undisputed. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 94. When Sgt. Hayhoe asked officers whether they had any visual of the gun, they responded, "no." | Mischaracterizes the evidence. Sgt. Hayhoe did not testify that anyone responded "no" to his question and no response is heard on the BWC footage.<br><br>Ex. "G," Hayhoe Depo. at 55:18-25. |
| 95. Officer Martinez did not fire any shots. | Irrelevant. Fed. R. Evid. 401. |
| 96. After the shooting, Sgt. Hayhoe stated, "Fuck. I shot." | Mischaracterizes the evidence. |
| 97. Police officers are trained that deadly force is the highest level of force a police officer can use. | Irrelevant for the purposes of the individual defendants' motion. Fed. R. Evid. 401. |
| 98. Police officers are trained that deadly force should only be used as a last resort. | Irrelevant for the purposes of the individual defendants' motion. Fed. R. Evid. 401. |
| 99. Police officers are trained that shooting at someone center mass is likely to cause serious injury or death. | Irrelevant for the purposes of the individual defendants' motion. Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | |
| 100.    Basic police training and standards instruct that deadly force should only be used on the basis of an objectively reasonable belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. | Irrelevant for the purposes of the individual defendants' motion.  Fed. R. Evid. 401. |
| 101.    Police officers are trained that a threat of death or serious bodily injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. | Irrelevant for the purposes of the individual defendants' motion.  Fed. R. Evid. 401. |
| 102.    Police standards instruct that subjective fear alone does not justify the use of deadly force. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances must be instantly | Irrelevant.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| confronted and addressed. | |
| 103.     Police officers are trained that deadly force should only be used when no reasonable alternative measures are available. | Irrelevant for the purposes of the individual defendants' motion.  Fed. R. Evid. 401. |
| 104.     Police officers are trained to give a verbal warning prior to using deadly force, when feasible. | Irrelevant for the purposes of the individual defendants' motion.  Fed. R. Evid. 401. |
| 105.     In this case, it would have been feasible for the officers to give Mr. Petit a warning before using deadly force. | Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. 702-704; Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court"). |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | Speculation/Lack of Personal Knowledge/Lacks Foundation. Fed. R. Evid. 602. |
| | Lacks Foundation. Fed R. Evid. 901. |
| 106.    Basic police training teaches that an overreaction in using deadly force is excessive force. | Irrelevant. Fed. R. Evid. 401. Legal Conclusion / Improper Expert Opinion. Fed. R. Evid. 702-704; <u>Nationwide Transport Finance v. Cass Information Systems, Inc.</u>, 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court"). Speculation/Lack of Personal Knowledge/Lacks Foundation. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | Fed. R. Evid. 602.<br><br>Lacks Foundation.  Fed R. Evid. 901. |
| 107.     Police officers are trained to control their fear. | Irrelevant.  Fed. R. Evid. 401. |
| 108.     Police officers are trained to give the individual an opportunity to comply with commands when it is safe to do so. | Irrelevant for the purposes of the individual defendants' motion.  Fed. R. Evid. 401. |
| 109.     Police officers are trained to de-escalate a situation. | Irrelevant for the purposes of the individual defendants' motion.  Fed. R. Evid. 401. |
| 110.     Police officers are trained to distinguish firearms from other objects in a person's hand. | Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. 702-704; Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | the jury as to the applicable law is the distinct and exclusive province of the court"). Speculation/Lack of Personal Knowledge/Lacks Foundation. Fed. R. Evid. 602. Lacks Foundation. Fed R. Evid. 901. |
| 111.    Police officers are trained to take cover if they believe someone is armed with a firearm. | Irrelevant for the purposes of the individual defendants' motion. Fed. R. Evid. 401. |
| 112.    Police officers are trained to yell out "gun" if they see what they believe to be a gun in a suspect's hand. | Irrelevant for the purposes of the individual defendants' motion. Fed. R. Evid. 401. |
| 113.    Police officers are trained that they cannot shoot a person merely for seeing what they believe to be a gun in the person's hand. | Irrelevant for the purposes of the individual defendants' motion. Fed. R. Evid. 401. |
| 114.    Police officers  are trained to fire shots in pairs ("double tap"). | Irrelevant.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| 115.     Based on basic police training and firearms training, a reasonable officer in the position of Officer Glover would have recognized that both of Hayhoe's shots were discharged from the same firearm. | Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. 702-704; Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court"). Speculation/Lack of Personal Knowledge/Lacks Foundation. Fed. R. Evid. 602. Lacks Foundation.  Fed R. Evid. 901. |
| 116.     Contagious fire in using deadly force can be considered a use of excessive force. | Irrelevant.  Fed. R. Evid. 401. Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | 702-704; <u>Nationwide Transport Finance v. Cass Information Systems, Inc.</u>, 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court"). <br><br> Speculation/Lack of Personal Knowledge/Lacks Foundation. Fed. R. Evid. 602. <br><br> Lacks Foundation. Fed R. Evid. 901. |
| 117.     Police officers, including Sgt. Hayhoe, are trained that shots fired from a moving vehicle are highly discouraged. | Irrelevant. Fed. R. Evid. 401. <br><br> Legal Conclusion / Improper Expert Opinion. Fed. R. Evid. 702-704; <u>Nationwide Transport Finance v. Cass Information</u> |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| | _Systems, Inc._, 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court").  Speculation/Lack of Personal Knowledge/Lacks Foundation. Fed. R. Evid. 602.  Lacks Foundation.  Fed R. Evid. 901. |
| 118.     Per LAPD policy: Firearms shall not be discharged from a moving vehicle, except in exigent circumstances and consistent with the policy regarding the use of deadly force. The driver of a vehicle should not draw their weapon while operating a moving vehicle; the drawing of a weapon while operating a moving | Irrelevant for the purposes of the individual defendants' motion.  Fed. R. Evid. 401. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| vehicle is unsafe for both officers and the community. | |
| 119.    From the standpoint of police practices, including basic police training and POST standards, Sgt. Hayhoe's use of deadly force was improper, inappropriate, excessive and unreasonable, including for the following reasons: (1) this was not an immediate defense of life situation; (2) Mr. Petit was unarmed, and a reasonable officer would not believe the object was a gun; (3) there was no crime in progress; (4) Mr. Petit had committed no crime involving the infliction of serious injury or death; (5) the shooting would not be justified based on Mr. Petit walking away and disobeying verbal commands; (6) there were indications that Mr. Petit was mentally ill; (7) subjective fear is insufficient to justify a use of deadly force; (8) Hayhoe violated basic police training when he fired from a moving vehicle; (9) Mr. Petit never verbally threatened to harm the officers; (10) Hayhoe had | Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. 702-704; Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court"). <br><br> Speculation/Lack of Personal Knowledge/Lacks Foundation. Fed. R. Evid. 602. <br><br> Lacks Foundation.  Fed R. Evid. 901. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| reasonable alternative measures other than shooting; (11) Hayhoe showed no reverence for human life when he fired at Mr. Petit; (12) police officers are trained that they must justify every shot they fire, and both of Hayhoe's shots were unjustified; (13) Hayhoe overreacted when he fired at Mr. Petit. | |
| 120.        From the standpoint of police practices, including basic police training and POST standards, Officer Glover's use of deadly force was improper, inappropriate, excessive and unreasonable, including for the following reasons: (1) this was not an immediate defense of life situation; (2) Mr. Petit was unarmed, and a reasonable officer would not believe the object was a gun; (3) there was no crime in progress; (4) Mr. Petit had committed no crime involving the infliction of serious injury or death; (5) shooting would not be justified based on Mr. Petit for walking away and disobeying verbal commands; (6) there were indications that Mr. Petit | Legal Conclusion / Improper Expert Opinion.  Fed. R. Evid. 702-704; <u>Nationwide Transport Finance v. Cass Information Systems, Inc.</u>, 523 F.3d 1051, 1058 (9th Cir.) ("[An] expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court").<br><br>Speculation/Lack of Personal Knowledge/Lacks Foundation. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| PLAINTIFF'S FACTS & EVIDENCE | DEFENDANTS' RESPONSE |
|---|---|
| was mentally ill; (7) subjective fear is insufficient to justify a use of deadly force; (8) Mr. Petit never verbally threatened to harm the officers; (9) Glover had reasonable alternative measures other than shooting; (10) Glover showed no reverence for human life when he fired at Mr. Petit; (11) Glover overreacted when he fired at Mr. Petit; (12) Glover fired his shot when Mr. Petit had already been struck by shots and was on the ground or going to the ground; (13) Glover was aiming toward Mr. Petit's back when he fired; (14) Glover engaged in "contagious fire" when he fired his shot at Mr. Petit. | Fed. R. Evid. 602.<br><br>Lacks Foundation.  Fed R. Evid. 901. |

DEFENDANTS' EVIDENTIARY OBJECTIONS