**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866x)
**DENISE C. MILLS,** Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CHRISTIAN R. BOJORQUEZ,** Deputy City Attorney (SBN 192872)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California  90012
Tel: (213) 978-7023;  Fax:  (213) 978-8785
Email: christian.bojorquez@lacity.org

*Attorneys for Defendant* CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PETIT, an incompetent, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL,<br><br>  Plaintiff,<br>    vs.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>  Defendants. | **Case No. 2:23-CV-00789 ODW (PVCx)**<br>*Honorable. Otis D. Wright; Crtm 5D*<br>*Magistrate Pedro V. Castillo; Ctrm 590 (Roybal)*<br><br>**DECLARATION OF CHRISTIAN BOJORQUEZ PER DECEMBER 4, 2025 MINUTE ORDER [DOC 90]** |

<u>**DECLARATION OF CHRISTIAN BOJORQEZ**</u>

I, CHRISTIAN BOJORQUEZ, declare and state as follows:

1.    I am a Deputy City Attorney with the Los Angeles City Attorney's Office and am counsel of record for Defendants City of Los Angeles in the matter of Jermaine Petit *v. City of Los Angeles, et al.*, Case No. 2:23-CV-00789 ODW.  I make this Declaration in support of Plaintiff Jermaine Petit's Application to File Under Seal in Plaintiff's opposition to Defendants Hayhoe and Glover's Motion for Summary Judgment. I have personal knowledge of the facts stated herein and if called upon as a witness I would and could competently testify thereto.

1

2. The Parties entered into a stipulated Protective Order, filed and entered by the Magistrate Court on July 25, 2025 (Dkt.77). The Protective Order allowed the parties to disclose otherwise protected and privileged records. The Protective Order provides, in summary, that documents may be designated as "confidential" if they constitute official records and information. The exhibits referenced below are official records from the investigation maintained by the Los Angeles Police Department and were marked as confidential and as such should be filed under seal.

3. Defendants respectfully seek an order authorizing them to file certain privileged records under seal. The proposed Exhibits to be filed under seal include the following:

    a. Exhibit Numbers 10 & 11 Force Investigation Division Interview Statements of Officer Glover and Hayhoe. These statements were created as a result of the LAPD's Internal Administrative Investigation which is conducted by the Force Investigation (hereinafter "FID") and are part of the official investigation and records maintained by the Los Angeles Police Department. Detective Hun provides a detailed analysis of these FID Investigations, FID Interviews and the underlying reasons why the City seeks protection from such documents.

4. I recognize that there is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, this Application for seal pertains only to exhibits where I believe there are compelling reasons to seal. California Evid. Code § 1040; *Jessup v. Superior Court of Santa Clara County*, 151 Cal.App.2d 102, 108 (1957) ("It is not only where a witness requests that his statement by kept in confidence, but in all cases of crime investigation that the record and reports are privileged."); *Youngblood v. Gates,* 112 F.R.D. 342, 345-347 (C.D. Cal. 1985).

. . .

5. Additionally, these exhibits (all of which are transcripts) cannot be easily redacted, despite Counsel evaluating the possibility of doing so. Moreover, as this is a case involving a constitutional challenge to officer conduct, it will likely be subject to greater public scrutiny. As such, the protection of witnesses and the involved officers is important to a fair review of the evidence and security of those involved. I am informed, believe and thereon allege that officers involved in alleged violation of constitutional rights often receive harsh public criticism and even death threats after many internal documents are released for public consumption. While disclosure not only may present a serious threat to an officer's personal life, the defendant officers are also entitled to an fair and unbiased analysis of the evidence of their actions in this case, which can be jeopardized by further public disclosure. Consequently, disclosure of these records is highly likely to "result in the improper use of the material for scandalous . . . purposes" and therefore should not be publicly disclosed. *Foltz*, 331 F.3d at 1135, quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Accordingly, good cause and compelling reasons exist in order to best preserve the evidence and protect the witnesses and individuals involved in this incident.

6. I have also included the Declaration of Detective III Brian Hun (as **"Exhibit 1"** and attached herein) from the Los Angeles Police Department regarding the basis as to why protection of these documents is requested. The relevant portions of that Declaration are contained within Paragraphs 1 through 34 and the signature page at page 18. I have struck out Paragraphs 35 through 45 as they do not apply to the at issue documents.

I declare under penalty of perjury, pursuant to the laws of the United States of America and the State of California, that the foregoing is true and19 correct.

Executed on December 9, 2025, at Los Angeles, California.

                                  /S/ *Christian R. Bojorquez*
                                CHRISTIAN BOJORQUEZ, Declarant