**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / ksarmiento@crdlaw.com

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL AND PRETRIAL FILING DATES; DECLARATION OF KIMBERLY SARMIENTO** |

COME NOW Defendants, City of Los Angeles, a public entity, Officer Daryl Glover, Jr. and Sgt. Brett Hayhoe, public employees, pursuant to Federal Rule of Evidence 201, and hereby apply, ex parte, pursuant to L.R. 7-19 for an Order continuing trial from February 17, 2025, for a period of 120 days, to a date of this Court's choosing.

Pursuant to L.R. 7-19, Plaintiff's counsel are as follows: Dale K. Galipo and Renee V. Masongsong of the Law Offices of Dale K. Galipo (21800 Burbank Blvd

Suite 310, Woodland Hills, CA 91367; (818) 347-3333; dalekgalipo@yahoo.com and rvalentine@galipolaw.com) and Rodney Diggs of Ivie McNeill Wyatt Diggs & Purcell (444 Flower St # 1800, Los Angeles, CA 90071; (213) 489-0028; rdiggs@imwlaw.com).

Notice of the present ex parte application was provided to Plaintiff's counsel. On December 15, 2025, defense counsel Kimberly Sarmiento spoke with Plaintiff's counsel Renee Masongsong regarding a possible stipulation to continue trial and related dates based on Ms. Sarmiento's anticipated maternity leave. The following day, Ms. Masongsong advised that after conferring with the other Plaintiff's counsel of record, they were not agreeable to stipulate to continue trial. Ms. Sarmiento gave notice of this ex parte that same day, and Ms. Masongsong advised that Plaintiff would oppose the motion.

This ex parte application is based upon the attached Memorandum of Points and Authorities and the Declaration of Kimberly Sarmiento, the pleadings and records on file with this Court, any evidence of which this Court may further take judicial notice of in connection with the resolution of this ex parte application.

## I. INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022. Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a black handgun and who brandished the gun in a threatening manner at one of the callers.

When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him to allow them to investigate his possible involvement in the calls for service. Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his

waistband fell on deaf ears. Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a black handgun at multiple officers while assuming a shooting stance. Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

Officers summonsed and furnished medical care to Mr. Petit, who was ultimately transported to Cedars Sinai Medical Center and treated for his injuries. The Los Angeles City Attorney's Office filed the following criminal charges against Petit: two counts each for violation of Penal Code section 417.4 (brandishing an imitation firearm in a threatening manner) and Penal Code section 148(a)(1) (resisting arrest). Mr. Petit failed to appear for a hearing in criminal case, and the criminal court issued a bench warrant.

In August 2024, Mr. Petit's mummified and skeletonized remains were recovered at his home in Palmdale after his family had not heard from him for 11 months. The Los Angeles County Coroner's Office ruled his cause of death as "undetermined." Following his death, Mr. Petit's daughter, Ashlyn Petit, substituted as plaintiff in this case as Mr. Petit's sole successor-in-interest.

## II. PROCEDURAL HISTORY

On February 2, 2023, Jermaine Petit initiated the instant litigation with his mother, Charlotte Blackwell, acting his as his guardian ad litem, by way of filing his Complaint for Damages. Dkt. 1. Mr. Petit was represented by Rodney Diggs of Ivie McNeill Wyatt Diggs & Purcell. On April 26, 2023, the City retained Steven J. Rothans and Kimberly Sarmiento as separate counsel to represent Sgt. Brett Hayhoe (and later for Officer Daryl Glover, Jr.) and filed an answer on their behalf. Dkts. 26, 35.

Because criminal charges were pending against Mr. Petit that had the potential for impact on some of his civil claims and the Los Angeles County District Attorney's Office Justice System Integrity Division was still completing

its criminal investigation into the case, Defendants filed a motion to stay the proceedings. Dkt. 38. After further meet and confer efforts, Plaintiff eventually stipulated to a temporary stay of the proceedings. Dkts. 42, 48.

After learning about Mr. Petit's death, Plaintiff filed a motion to substitute Ms. Petit as Plaintiff. Dkts. 57, 61. The Court lifted the stay on January 9, 2025, and the parties continued to engage in discovery to move the case forward. Dkt. 69. On February 20, 2025, the Court issued a Scheduling Order, which is the current operative order save for some slight modifications to the motion filing deadlines. Dkts. 73, 79. The Scheduling Order provided for pretrial filing deadlines of January 14, 2026 (motions in limine) January 16, 2026 (first round of trial filings), and January 21, 2026 (oppositions to motions in limine). Dkt. 73. The Order additionally set the Final Pretrial Conference for January 26, 2026, and trial for February 17, 2026. Id. These are the only pretrial and trial dates set in this case since the case was transferred to this honorable Court and are the current operative dates.

On June 18, 2025, Dale K. Galipo entered his first appearance in the case. Dkt. 75. Sgt. Hayhoe and Officer Glover filed a Motion for Summary Judgment, or in the alternative, Summary Adjudication, which is fully briefed. Dkts. 83, 87, 92. The only remaining dates in this case are the pre-trial filings, the Final Pretrial Conference, and Trial. ***To date, there have been no requests to continue trial or pretrial dates in this case.***

**II.   WHY EXTRAORDINARY RELIEF IS REQUESTED**

A brief trial continuance of 120 days is requested based upon defense counsel Kimberly Sarmiento's anticipated maternity leave. Ms. Sarmiento is currently pregnant with her first child, with an estimated due date of February 7, 2026. Accordingly, proceeding with the current trial date—February 17, 2026— would require Ms. Sarmiento to prepare for trial in the immediate days leading up to and after giving birth, and to appear for a 5-7-day trial at 10 days post-partum.

Although Ms. Sarmiento is intending to work up until the time she goes into labor, she intends to take four months of maternity leave and family bonding time, pursuant to California state law, to care for her firstborn. See Cal. Gov't. Code §§ 12945, 1245.2. Adhering to this trial schedule is not feasible, nor medically recommended. See Ex. "A," Dr. Nishio Letter. It should go without saying that this may not only have adverse consequences on Ms. Sarmiento's necessary recovery from labor but potential adverse consequences for her newborn child, who may only be days old at the time, as well.

Ms. Sarmiento has been the primary attorney working up the case on behalf of Sgt. Hayhoe and Officer Glover since April 2023. She will be the primary attorney drafting documents in preparation for trial and will be second chair on behalf of the individual defendants at trial.

### III.   STATEMENT OF LAW

**A. Good cause exists to consider this issue *ex parte*.**

Good cause exists to consider an issue *ex parte* if: (1) the moving party will be prejudiced if the issue is heard according to regular noticed procedures; and (2) the party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 490 (C.D. Cal., 1995).

Here, Defendants will face prejudice if the issue is not considered *ex parte* because there is no time to seek the requested relief through a regular-noticed motion. The pretrial filing deadlines are currently set for January 14, 16, and 21, 2026, and a trial date will imminently follow on February 17, 2026. Dkt. 73. If the trial date is not continued, Sgt. Hayhoe and Officer Glover will be prejudiced because Ms. Sarmiento will not be able to represent them at trial when she has been their counsel of record for nearly three years and the primary attorney handling their case. See Jacobs v. Cain, 2021 WL 12295118 at *2 (E.D. La. 2021) (recognizing the importance of continuity of counsel). Even in civil cases, a "party

has a right to be represented by an attorney of his or her own choosing…" Tapia v. City of Albuquerque, 10 F.Supp.3d 1171, 1203 (D. N.M. 2014); see Hessefort v. Micro Computer, Inc., 317 F.Supp.3d 1056, 1059 (N.D. Cal. 2018) (noting that the district court should generally defer to a party's chosen counsel). To that end, continuance of trial based on medical issues faced by counsel representing parties is something courts have honored since the 19th century. See State of R.I. v. State of Mass., 36 U.S. 226 (1837); Fox Hollow of Turlock Owners Ass'n v. Sinclair, 2010 WL 500465 at *6 (E.D. Cal. 2010) (recognizing attorney's spinal surgery and recovery as a basis to continue trial).

Moreover, Defendants are not at fault in creating the need for the *ex parte*. Ms. Sarmiento underwent fertility treatments and was under the care of a fertility doctor and his clinical staff for approximately nine months, from November 6, 2024 to July 15, 2025. Sarmiento Decl. ¶ 4. Given Ms. Sarmiento's experience and history with fertility struggles, and the fact that her pregnancy is high risk, she wanted to ensure that the pregnancy was viable and likely to result in a live birth before proceeding with moving court dates, including trial dates, in her cases, to potentially minimize disruption for the courts and her fellow counsel. Id. at ¶ 6. Once Ms. Sarmiento felt confident that this was the case with her pregnancy, she began informing plaintiff's counsel in her various cases about her pregnancy and plans to take maternity leave. Id.

Notwithstanding Ms. Sarmiento's numerous fertility procedures and extensive treatment, high-risk pregnancy, and various medical appointments, she made every effort to ensure completion of fact and expert discovery and dispositive motions, such that the only outstanding work left in this case are pretrial filings and trial. Id. at ¶ 7. As set forth above and supported by the letter from Ms. Sarmiento's treating OBGYN, it is not feasible for Ms. Sarmiento to try the case on February 17, 2026, or in the weeks immediately after. Ex. "A."

Therefore, Defendants have established good cause to seek *ex parte* relief.

///

DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL AND PRETRIAL FILING DATES

B. **Good cause exists to grant a continuance of trial and the pretrial filing dates.**

Federal Rules of Civil Procedure, Rule 16(b) requires that a district court issue a scheduling order that limits the time in which parties have to join other parties or amend the pleadings, file motions and complete discovery. Fed. R. Civ. P., 16(b). The schedule set by the district court "shall not be modified except upon a showing of good cause and by leave of the district judge …" Fed. R. Civ. P., 16(b). "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaishau, 218 F.R.D. 667, 671 (C.D. Cal. 2003).

As set forth above, Defendants have exercised due diligence to comply with the Court's scheduling order. The parties have worked collaboratively to complete all fact and expert discovery, such that no discovery motions have been necessary in this case. Defendants also timely filed their Motion for Summary Judgment, or in the alternative, Summary Adjudication, which is fully briefed and currently set for hearing on December 22, 2025. The only remaining dates are pretrial filings, the Final Pretrial Conference, and trial. Importantly, because Defendants (and Plaintiff) have exercised due diligence in moving this case forward, ***this is the only request to continue trial and pretrial filing dates in this case since its commencement in February 2023***. The only modification to the Court's original Scheduling Order has been the briefing schedule for the motion for summary judgment.

Furthermore, Defendants' inability to comply with the Court's current trial date is not for lack of diligence but for counsel's medical issue, i.e., it is not medically recommended for counsel to participate in a 5-7-day trial 10 days post-partum. Defendants are merely requesting a continuance for counsel to return from maternity leave so that she may participate in the trial of the case, where she

has been the primary attorney since her retention in April 2023.

Again, Ms. Sarmiento has been the primary attorney working up the case for the individual defendants. To date, among other tasks, she has: (1) drafted all motions in this matter, including the pending Motion for Summary Judgment/Adjudication; (2) conducted all witness depositions; (3) conducted Plaintiff's deposition; (4) prepared both individual defendants for deposition and defended Sgt. Hayhoe in deposition; (5) conducted the deposition of one of Plaintiff's retained experts; and (6) drafted and responded to all written discovery on behalf of the individual defendants. Additionally, she will be second chair at trial for the individual defendants and anticipate being heavily involved in the preparation of our clients for trial, the presentation of defense exhibits at trial, and in preparation of and possibly the examination of some witnesses at trial.

Based on the foregoing, good cause exists to continue the trial and pretrial filing deadlines.

### C. The requested continuance will not prejudice Plaintiff.

Defendants anticipate that Plaintiff will argue that she is prejudiced because her counsel have full trial schedules. However, defense counsel offered to coordinate with Plaintiff's counsel to identify a proposed continued trial date that works for all counsel in this matter. This is especially true, where there is no guarantee that all of the trials on counsel's trial calendar will continue on the dates for which they are currently scheduled or that they will not otherwise resolve beforehand. Surely, Plaintiff's counsel can find room in their busy trial calendar, and if absolutely necessary, seek a brief continuance of trial dates in another case. Quite frankly, defense counsel has zero control over timing the birth of her child.

To the extent Plaintiff argues prejudice because she is entitled to a speedy resolution of the case, the requested continuance will not deprive her of that right. This case commenced in February 2023, and Plaintiff just substituted in the matter following the death of her father in November 2024. Defendants' requested

continuance is only until defense counsel can return from maternity leave, and again, is the ***first*** (and likely, only) request to continue trial in this matter.

## IV. CONCLUSION

Based on the foregoing, Defendants submit that good cause exists to grant a brief trial continuance in this matter (i.e., 120 days) to date convenient for the Court and respectfully request that the Court grant this *ex parte* application.

DATED: December 18, 2025    CARPENTER, ROTHANS & DUMONT LLP

/s/ Kimberly Sarmiento
By: _____
Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

DATED: December 18, 2025    OFFICE OF THE LOS ANGELES CITY ATTORNEY

By: ____/s/ Christian Bojorquez_____
Hydee Feldstein Soto
Scott Marcus
Christian Bojorquez
Attorneys for Defendant,
City of Los Angeles

**DECLARATION OF KIMBERLY SARMIENTO**

I, Kimberly Sarmiento, declare as follows:

1. I am an attorney, duly licensed to practice law before all of the courts in the State of California, and an associate at the law firm of Carpenter, Rothans & Dumont, attorneys of record for the defendants.

2. This declaration is made in connection with Defendants' *Ex Parte* Application to Continue Trial and Pretrial Filing Deadlines.

3. I state the following facts from my personal knowledge, except those facts stated on information and belief which I believe to be true, and if called as a witness I could and would so competently testify thereto under oath.

4. From November 6, 2024 to July 15 2025, I was under the care of fertility doctor, Dr. Vuk Jovanovic, and his clinical staff for approximately nine months, after experiencing fertility struggles for close approximately one year. During this non-month period, I underwent various fertility treatments, including multiple invasive procedures that each required recovery time. During this time, I also continued working, including working up the defense in this matter on behalf of the individual defendants. As a result of my fertility treatments, I am currently pregnant with my first child. I am planning to work until I am no longer medically able or until I go into labor. Additionally, I am planning to take maternity leave and family bonding time, for a total of four months to recover from labor and care for my child, pursuant to the State of California's Short-Term Disability and Family Bonding Leave programs. My estimated due date is February 7, 2026.

5. Since becoming pregnant, I have been under the care of my treating OBGYN, Dr. Angela Nishio. Attached hereto as Exhibit "A" is a true and correct copy of a letter from Dr. Nishio stating that I will not be medically cleared by the February 17, 2026, trial date. I also have my own concerns about my health and that of my unborn child, should I be forced to prematurely return to work to

- 1 -

1 participate in the February 17, 2026, trial for this matter.  My pregnancy has also been deemed high-risk, and accordingly, I have also been under the care of a maternal fetal medicine doctor, Dr. Janet Horenstein of the Center for Maternal Fetal Medicine.

6. Given the difficulty my husband and I faced just to become pregnant, and the fact that my pregnancy is high risk, I wanted to ensure that the pregnancy was viable and likely to result in a live birth before proceeding with moving court dates, including trial dates, so as not to disrupt the respective schedules of my opposing counsel and co-counsel, or to inconvenience the courts.  For this same reason, I also did not feel comfortable disclosing my pregnancy with attorneys outside of my firm colleagues.  Once I felt confident that my pregnancy was viable and likely to go full-term, I began making plans to take maternity leave and informing plaintiff's counsel in my various cases about my pregnancy and plans to take maternity leave.

7. Notwithstanding undergoing numerous, invasive fertility procedures, my high-risk pregnancy and various medical appointments, I made every effort to ensure completion of fact and expert discovery and dispositive motions, such that the only outstanding work left in this case are pretrial filings and trial.  To date, among other tasks, I have: (1) drafted all motions in this matter, including the pending Motion for Summary Judgment/Adjudication; (2) conducted all witness depositions; (3) conducted Plaintiff's deposition; (4) prepared both individual defendants for deposition and defended Sgt. Hayhoe in deposition; (5) conducted the deposition of one of Plaintiff's retained experts; and (6) drafted and responded to all written discovery on behalf of the individual defendants.  I will be second chair at trial for the individual defendants and anticipate being heavily involved in the preparation of our clients for trial, the presentation of defense exhibits at trial, and in preparation of and possibly the examination of some witnesses at trial.

- 2 -
DECLARATION OF KIMBERLY SARMIENTO

8. On December 15, 2026, I spoke with Plaintiff's counsel, Renee V. Masongsong, and informed her of my anticipated maternity leave and current due date. I inquired whether Plaintiff would be agreeable to stipulate to continue trial and pretrial filing dates to a date when I return from maternity leave. I offered to coordinate with all counsel of record in the case to find a proposed trial date that was convenient for all counsel and their respective clients. The following day, Ms. Masongsong informed me that after conferring with the Plaintiff's other counsel, they could not agree to a continuance of trial or other dates in this case. I immediately informed Ms. Masongsong of my intent to file this *Ex Parte* Application, and she confirmed that Plaintiff would oppose.

9. Although I consider this information regarding my general health information, fertility struggles and treatments, OBGYN care, and pregnancy to be deeply personal and private, I believe that such information is necessary for the Court's consideration of the instant *Ex Parte* Application. Should the Court require any further information regarding my pregnancy and medical treatment, I am willing to share said information with the Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on the 18th of December 2025, at Los Angeles, California.

　　　　　　　　__/s/ Kimberly Sarmiento_____
　　　　　　　　Kimberly Sarmiento - Declarant

- 3 -
DECLARATION OF KIMBERLY SARMIENTO