LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:   (213) 489-0552

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER CONTINUING THE TRIAL AND PRETRIAL FILING DATES** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Ashlyn Petit hereby submits her Opposition to Defendants' *Ex Parte* Application for an Order Continuing the Trial and Pretrial Filing Dates. As set forth herein, Defendants' *Ex Parte* Application should be denied.

First, Defendants' *ex parte* application is an inappropriate use of the *ex parte* system and should be denied on that ground. Defendants cannot show that they are without fault in creating the situation requiring *ex parte* relief, as they waited until approximately two months before the current trial date of February 17, 2026, to request a continuation of the trial date. Defendants' *ex parte* application indicates that defense counsel Kimberly Sarmiento's pregnancy was planned, as she was working with fertility doctors, and her maternity leave is not an unexpected event. This Court set the current trial date on February 20, 2025. (Dkt. No. 73). It appears from Defendants' *ex parte* application that within the last several months Defendants could have foreseen that Ms. Sarmiento would be on maternity leave during the February 17, 2026, trial date and planned accordingly. Had they done so, Defendants could have either filed their request to continue the trial date as a regularly noticed motion or assigned a different attorney to the case.

Second, Defendants have not met their burden of showing that they will suffer undue prejudice if this Court denies Defendants' application to continue the trial date. It is Plaintiff's understanding that attorney Steve Rothans is lead trial counsel for Defendants Brett Hayhoe and Daryl Glover, and attorney Christian Bojorquez is lead trial counsel for Defendant City of Los Angeles. If Ms. Sarmiento is unavailable to work on this matter due to her own personal or medical reasons, then the firm representing Defendants Brett Hayhoe and Daryl Glover (Carpenter, Rothans & Dumont, LLP) should be able to assign another attorney to assist lead trial counsel in handling this matter.

Third, Plaintiff would suffer prejudice if the trial date is moved. The shooting

of Jermaine Petit giving rise to this lawsuit occurred on July 18, 2022. The trial date in this case has already been continued once, from July 8, 2024, to February 17, 2026. (Dkt. Nos. 32, 73). Lead counsel for the Plaintiff, Mr. Galipo, has a very busy trial calendar with limited availability to reschedule the trial of this matter. There is a likelihood that rescheduling the trial of this matter would either push the trial date into 2027 or force Mr. Galipo to reschedule one of his other trials, which would be unfair to the parties and the judge in an unrelated case. Plaintiff is entitled to her day in court without delay.

## II. ARGUMENT

### A. Defendants' *Ex Parte* Application is an Inappropriate Use of the *Ex Parte* System and Should be Denied on That Ground.

First, this Court should deny Defendants' *ex parte* application on the ground that it is an inappropriate use of the *ex parte* system. "[E]x parte proceedings pose a threat to the adversary system. By allowing both sides to have their say, the adversary system promotes accuracy, fairness, and consistency—the hallmarks of our system of justice." *In re Intermagnetics, Inc.*, 101 BR 191, 192-193 (C.D. Cal. 1989); *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2022). Further, "ex parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure," which contemplates that *noticed* motions should be the rule and not the exception." *In re Intermagnetics, Inc.*, 101 BR at 193.

> Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason.

*Id*.

"Good cause" for *ex parte* relief exists if . . . the moving party is without fault

in creating the situation requiring *ex parte* relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *Erichsen v. Cnty. of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (appellants failed to meet threshold requirement for *ex parte* relief by failing to establish that they were "without fault in creating the crisis that requires ex parte relief"); *Pascascio v. New Century Mortg. Corp.*, 2012 WL 1745619, at *3 (C.D. Cal. May 16, 2012). As this Court's Procedures state on this Court's webpage, "Ex parte applications are solely for extraordinary relief." "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to 'cut in line' ahead of those litigants awaiting determination of their properly noticed and timely filed motions. *In re Intermagnetics, Inc.*, 101 BR at 193. This Court's Civil Trial Order set November 21, 2025, as the last day to hear motions. (Dkt. No. 73).

   Plaintiff respects the schedule set by the Court and acknowledges that this Court's schedule is busy. Court's Procedures state on this Court's webpage, "The Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed." "Mere substitution of counsel is insufficient cause to amend a scheduling order," *Cardenas v. Whittemore*, 2015 WL 4410643, at *2 (S.D. Cal. July 16, 2015).

   Plaintiff's counsel does not intend to delve into the details of Ms. Sarmiento's personal situation. However, Ms. Sarmiento's intent to take maternity leave does not appear to be a complete surprise that could not have been predicted or addressed earlier, particularly given that Ms. Sarmiento was apparently working with doctors to plan a pregnancy. In other words, it appears that Defendants had an opportunity to either seek this relief through a regularly noticed motion or make different staffing decisions on this case.

   Indeed, counsel for the Parties previously had numerous meet-and-confer discussions regarding continuing the discovery dates in the case. During those

conversations, Defendants' counsels were reluctant to move any dates at Plaintiff's request and did not raise the issue of Ms. Sarmiento's medical issues and potential maternity leave. For example, in mid-July, Plaintiff's counsel proposed continuing the fact and expert discovery cutoff dates on the grounds that Plaintiff's counsel Dale Galipo had recently associated into the case, and certain key documents in the case had not yet been produced. Defendants would not agree to continue the dates at that time, and Plaintiff worked diligently to meet the discovery deadlines. In mid-August, the Parties met and conferred regarding a brief extension of the expert discovery deadlines after Defendant Brett Hayhoe was unable to sit for his deposition as scheduled due to a medical injury. There was no discussion of moving the trial date at that time. Following the August meet-and-confer discussions, the Parties filed a joint stipulation to modify the scheduling order to briefly continue the expert discovery and MSJ deadlines only. (Dkt. No. 78).

### B. Defendants Cannot Show Prejudice; Rather, it is Plaintiff Who Would be Prejudiced by a Further Delay.

"Good cause" for *ex parte* relief exists [only if] the moving party's cause will be irreparably prejudiced." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. This Court should deny Defendants' instant *ex parte* application because Defendants cannot show prejudice. Rather, it is Plaintiff who stands to be prejudiced by a second continuance of the trial date. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to modify a scheduling order). Although Ms. Sarmiento has been heavily involved in this case, Ms. Sarmiento is not lead trial counsel. It is reasonable to infer that Carpenter, Rothans & Dumont, LLP will assign another attorney to handle Ms. Sarmiento's cases during her maternity leave, and that another attorney could be assigned to assist Mr. Rothans with the trial in this matter.

Plaintiff would suffer prejudice if the trial date is moved. Plaintiff is entitled

to her day in court without delay. The shooting giving rise to this lawsuit occurred on July 18, 2022. The trial date in this case has already been continued once, from July 8, 2024, to February 17, 2026. (Dkt. Nos. 32, 73). Lead counsel for the Plaintiff, Mr. Galipo, has a very busy trial calendar with limited availability to reschedule the trial of this matter. There is a likelihood that rescheduling the trial of this matter would either push the trial date into 2027 or force Mr. Galipo to reschedule one of his other trials, which would be unfair to an unrelated case. Defendants' proposition that the trial continuance would be "brief" does not account for Mr. Galipo's trial schedule. Mr. Galipo has two trials scheduled for May 2026, three trials scheduled for June 2026, and two trials scheduled for July of 2026,

### III.   CONCLUSION

For the reasons set forth above, this Court should deny Defendants' *ex parte* application and keep the February 17, 2026 trial date.

DATED: December 18, 2025         LAW OFFICES OF DALE K. GALIPO

                                 By: */s/ Dale K. Galipo*
                                     Dale K. Galipo
                                     Renee V. Masongsong
                                     Attorneys for Plaintiff

DATED: December 18, 2025         IVIE MCNEILL WYATT
                                 PURCELL & DIGGS

                                 By: */s/ Rodney S. Diggs*
                                     Rodney S. Diggs
                                     Attorney for Plaintiff