**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / ksarmiento@crdlaw.com

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE THAT IS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE; DECLARATION OF KIMBERLY SARMIENTO**<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

PLEASE TAKE NOTICE THAT ON February 2, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D in the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, hereby move this Court in limine for an order preventing all parties, the attorneys for all parties, and all witnesses who may be called in this trial, from presenting any testimony that is irrelevant and

substantially more prejudicial than probative. This motion is made pursuant to Federal Rules of Evidence, Rules 401, 801, and 1001. Additionally, any and all media and news reports constitute inadmissible hearsay.

This motion is made following a Local Rule 7-3 meet and confer, which took place via video conference, per the Court's permission and Order, on January 5, 2026.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Kimberly Sarmiento and exhibits thereto, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

DATED: January 14, 2026        CARPENTER, ROTHANS & DUMONT LLP

　　　　　　　　　　　　　　　　　　/s/ Kimberly Sarmiento
　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　Steven J. Rothans
　　　　　　　　　　　　　　　　Kimberly Sarmiento
　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　Sergeant Brett Hayhoe and Officer Daryl
　　　　　　　　　　　　　　　　Glover, Jr., public employees

Dated: January 14, 2026        Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**SCOTT MARCUS**, Chief Asst. City Attorney

By:　/s/ Christian Bojorquez
　　　CHRISTIAN BOJORQUEZ
　　　*Attorneys for Defendant*, **CITY OF LOS ANGELES**

- 2 -
NOTICE OF DEFENDANTS' JOINT MOTION IN LIMINE NO. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022. Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers. When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service. Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance. Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

Defendants anticipate that Plaintiff may attempt to proffer, at the time of trial, evidence that is substantially more prejudicial than probative, including:

(1) Media coverage of other police misconduct incidents;

(2) Other litigation, including media coverage, settlements, incidents, complaints, and investigations of other LAPD for incidents involving excessive force allegations; and

(3) Gory and/or gruesome photos depicting Plaintiff's injuries following the shooting.

All of this anticipated evidence is irrelevant as to any matter at issue in the trial of this action, and any probative value is substantially outweighed by the

DEFENDANTS' JOINT MOTION IN LIMINE NO. 1

unfair prejudice to the Defendants. Fed. R. Evid. 401, 402, 403. Furthermore, any evidence of media coverage of any other law enforcement event should be excluded as inadmissible hearsay. Fed. R. Evid. 801.

For instance, during deposition, Plaintiff testified that police generally target African American and/or mentally ill suspects as part of her belief why the officer defendants tried to detain Mr. Petit during the subject incident. Ex. "A," Plaintiff's Depo. at 67:5-68:3. Such opinions of the plaintiff are irrelevant to the claims and defenses in this case. Moreover, the record shows the officers matched Mr. Petit to the description relayed from the 911 callers, one of whom reported that Mr. Petit committed an assault with a deadly weapon. **Reference or comparison to recent, high-profile non-incident police events, especially those that involve allegations of police misconduct with other African American men (i.e., George Floyd, Michael Brown, Eric Garner, Freddie Gray, etc.), serve no legitimate purpose at trial.** Such mentions or comparisons should be barred. Additionally, during the officers' depositions, Plaintiff's counsel referenced the blood around Mr. Petit's body shortly after the shooting occurred. Ex. "B," Glover Depo. at 63:14-25; Ex. "C," Hayhoe Depo. at 56:10-21; Ex. "D," at 66:8-21.

Therefore, the Court should grant this Motion in Limine and preclude Plaintiff's presentation of this evidence.

## II. ARGUMENT

### A. Evidence relating to news media coverage, reports, and other lawsuits and settlements involving other law enforcement agencies and/or other LAPD use of force incidents should be excluded.

#### 1. This evidence should be excluded because it is irrelevant to the claims, defenses and issues to be tried.

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. United States v. Schaff, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Note. Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" Id.

Here, the central issue to be tried is whether the officer defendants' use of force was objectively reasonable under the totality of the circumstances. Accordingly, evidence of, reference to, or comparison of this case to instances of high-profile cases involving allegations of police misconduct with the LAPD, including the officer defendants in this case, would not have any tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. High profile cases involving police officers is plainly irrelevant.

Like all municipalities, the City and its employees are litigating or have litigated cases which are entirely unrelated to the material issues presented in the case at bar. Wilson v. Maricopa County, 2007 WL 686726 (D. Ariz., 2007) (excluding evidence of other lawsuits via motion in limine and noting relevance of other lawsuits was "marginal at best" because they did not concern incidents at the same location at issue in the action).

Therefore, evidence and arguments of this nature must be barred pursuant to Rules 401 and 402.

### 2. This evidence should be excluded because its probative value is substantially outweighed by the probability that its admission will create substantial danger of unfair prejudice, confuse the issues, and mislead the jury.

Even if the Court were to find evidence relating to other actions involving other law enforcement events marginally relevant, such evidence should be excluded because allowing Plaintiff to present such evidence or argument at trial would be highly prejudicial to Defendants.

Federal Rules of Evidence, Rule 403 authorizes the exclusion of relevant evidence when its, "probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403, see also Old Chief v. United States, 519 U.S. 172, 180 (1997). "Unfair prejudice" for purposes of Rule 403 means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Old Chief, 519 U.S. at 180. "It is evidence which appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990).

This is precisely the kind of evidence Defendants seek to bar at trial by way of this motion. Defendants would be severely prejudiced if Plaintiff is permitted to refer to high-profile cases of alleged police misconduct. Given the amount of emotion surrounding those other high-profile cases, allowing Plaintiff to invoke the names of individuals such as George Floyd, Eric Garner, Michael Brown, etc. would incur the wrath of jurors and invite them to render a verdict based on something entirely different that the facts and issues in this lawsuit. To the jurors, if the officers in the George Floyd matter were criminally liable, so should the

officer defendants here.

In a similar vein, the introduction of evidence of claims, settlements, and lawsuits is prejudicial to Defendants since the incidents and events underlying this lawsuit do not involve a protest or LAPD's response thereto.  This includes all other claims, settlements, and lawsuits against the City and/or its officers.  See generally Engquist v. Oregon Department of Agriculture, 478 F.3d 985 (9th Cir. 2007) (prior court judgment in a similar lawsuit by a co-worker of the plaintiff was relevant but was properly excluded as unfairly prejudicial and confusing).  Introducing evidence of other litigation would inevitably result in undue consumption of the time and resources of the Court and the parties and could confuse the issues and mislead the jury.  To counter the negative effect of evidence or argument related to other litigation, Defendants would be required to offer rebuttal evidence, and quite probably extensive evidence, regarding the issues at stake in and the outcome of the other litigation.  Accordingly, such evidence and argument would result in a mini-trial within the trial on irrelevant issues, would very likely confuse the jury, and would undoubtedly consume substantial time.  Wilson, *supra*, at *13 (nothing that if such evidence were admitted, the case would "devolve into a series of mini-trials concerning the relevancy and outcome of these other cases, resulting in an unnecessarily lengthy trial for the parties, the Court, and the jury).

To that end, allowing Plaintiff to introduce this type of evidence and argument at trial that is the subject of this motion would create confusion for the jurors because it would shift the jurors' focus from the events surrounding Plaintiff's arrest to entirely different events and occurrences.  Specifically, there is risk that the jury will infer that the defendant officers must have used excessive force during the incident because police officers as a group have a propensity to use excessive force.  The incident that underlies this action deserves to be considered on its own facts, not based on what occurred in other situations with

different officers and individuals.

Because of this very real danger of prejudice, Defendants respectfully request that evidence of any non-incident police events, including reference to news media coverage, reports, City internal memoranda, be excluded from the trial of this matter.

### 3. Media coverage and articles should be excluded because they constitute inadmissible hearsay.

Under Federal Rules of Evidence, Rule 801, hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Newspaper articles are "classic, inadmissible hearsay." Roberts v. City of Shreveport, 397 F.3d 287, 295 (5th Cir. 2005). Similarly, "[a] magazine is hearsay under Federal Rule of Evidence 801." Selby v. Pepsico, Inc., 784 F.Supp.750, 757 (N.D. Cal., 1991) (affirming striking a magazine article as evidence of discriminatory intent). Moreover, "[g]enerally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted." Green v. Baca, 226 F.R.D. 624, 637 (C.D. Cal., 2005). Such articles are hearsay because "[t]he article itself constitutes inadmissible out-of-court statements, by unidentified persons, offered to prove the truth of the matter asserted." Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

Under Federal Rules of Evidence, Rule 805, hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conform with an exception to the hearsay rule provided in these rules. Nevertheless, "[e]ven when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem. Thus, statements in newspapers often constitute double hearsay." Green, 226 F.R.D. at 637 (citations omitted) (excluding articles offered to show statements proving over-detentions in a prison

- 6 -
DEFENDANTS' JOINT MOTION IN LIMINE NO. 1

1 case as double hearsay and not the best evidence, particularly where testimony on the issues was available). Accordingly, as a general rule, traditional media accounts and statements therein are inadmissible hearsay.

Here, as the above-cited cases illustrate, regardless of whether any news accounts involve other law enforcement agencies or LAPD officers, and regardless of the medium in which such accounts are published, such accounts are indisputably hearsay, if not double hearsay, as illustrated above. Further, Plaintiff cannot proffer any applicable exemption or exception to the hearsay rule barring the admission of such evidence. Therefore, all such media accounts, whether published in print, on the internet, or by broadcast or other means, and regardless of when they were published should be excluded by this Court as inadmissible hearsay—in addition to being excluded for relevance and unfair prejudice.

### B. The Court should exclude gory and/or gruesome photographs of Plaintiff's injuries taken following the subject incident as irrelevant and unduly prejudicial.

As set forth above, Federal Rules of Evidence, Rule 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Courts have held that there is a strong possibility that photographs that show a defendant's injuries and wounds "will inflame the jury's sympathies and distract them from the relevant issues in dispute." Sanchez v. Jiles, 2012 WL 13005996 at *5 (C.D. Cal., 2012), referencing United States v. Hankey, 203 F.3d 1160 (9th Cir. 2000). In Hankey, the Ninth Circuit observed that the Advisory Committee Notes to FRE 403 provide that evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Hankey, 203 F.3d at 1172 (internal quotations omitted).

Here, no useful and proper purpose will be served by the submission of

gruesome photographs of Mr. Petit's injuries following the subject incident. The only purpose of submitting these photographs would be to inflame the jurors against Defendants. The probative value, if any, of gruesome photographs of Mr. Petit's injuries taken following the subject incident is substantially outweighed by the prejudicial and inflammatory effect of such photographs. In addition to the increased danger of unfair prejudice caused by each additional gruesome photograph presented to the jury, the presentation of numerous gruesome photographs will become needlessly cumulative, adding very little to the probative force of the other evidence in this case and thereby delaying trial for no purpose. This is particularly true where Plaintiff's damages can be established through other less inflammatory evidence, such as medical records.

Thus, the Court should exclude inflammatory pictures of Mr. Petit's injuries taken following the subject incident before his wounds were evaluated and treated.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court grant the instant Motion in Limine and order that all parties, the attorneys for all parties, and all witnesses who may be called in this trial be prevented from presenting any testimony that is more prejudicial than probative, including (1) media coverage of other police misconduct incidents; (2) reports concerning LAPD use of force incidents; (3) other litigation, settlements, incidents, complaints, and investigations of other LAPD for incidents involving excessive force allegations; and (4) gory and/or gruesome photos of Mr. Petit's injuries.

///

///

///

|   |   |   |
|---|---|---|
| DATED: January 14, 2026 | | CARPENTER, ROTHANS & DUMONT LLP |
| | By: | /s/ Kimberly Sarmiento <br> _____ <br> Steven J. Rothans <br> Kimberly Sarmiento <br> Attorneys for Defendants, <br> Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees |

Dated: January 14, 2026      Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**SCOTT MARCUS**, Chief Asst. City Attorney

By:   /s/ Christian Bojorquez
       CHRISTIAN BOJORQUEZ
       *Attorneys for Defendant*, **CITY OF LOS ANGELES**

# DECLARATION OF KIMBERLY SARMIENTO

I, Kimberly Sarmiento, declare that:

1. I am an attorney, duly licensed to practice law before all of the courts in the State of California, and I am a partner at the law firm of Carpenter, Rothans & Dumont, attorneys of record for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., in the above-entitled action.

2. The following facts are stated from my personal knowledge, except those facts stated on information and belief, which I believe to be true and if called as a witness I could and would so competently testify thereto under oath.

3. Attached hereto as Exhibit "A" is a true and correct copy of relevant portions of the deposition transcript of Plaintiff Ashlyn Petit, conducted on June 9, 2025, in connection with this matter.

4. Attached hereto as Exhibit "B" is a true and correct copy of the relevant portions of the deposition transcript of Officer Daryl Glover, Jr., conducted on July 30, 2025, in connection with this matter.

5. Attached hereto as Exhibit "C" is a true and correct copy of the relevant portions of the deposition transcript of Sergeant Brett Hayhoe, conducted on August 29, 2025, in connection with this matter.

6. Attached hereto as Exhibit "D" is a true and correct copy of the relevant portions of the deposition transcript of Officer Nelson Martinez, conducted on August 29, 2025, in connection with this matter.

7. On January 5, 2026, counsel for the parties met and conferred via Zoom video conference, with the Court's permission, to discuss trial documents, including the parties' respective motions in limine.

This motion is made in the best interest of my client, as Defendants will suffer undue prejudice should the following evidence be admitted, as such evidence is substantially more prejudicial than probative and not relevant to this litigation: (1) media coverage of other police misconduct incidents; (2) reports

concerning LAPD use of force incidents; (3) other litigation, settlements, incidents, complaints, and investigations of other LAPD for incidents involving excessive force allegations; and (4) gory and/or gruesome photos of Mr. Petit's injuries.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14th day of January 2026, at Los Angeles, California.

/s/ Kimberly Sarmiento
_____
KIMBERLY SARMIENTO – Declarant