**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com** / **ksarmiento@crdlaw.com**

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,

              Plaintiff,

    v.

CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:23-cv-00789-ODW (PVCx)

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO SUBSEQUENT REMEDIAL MEASURES/AFTER-ACQUIRED INFORMATION; DECLARATION OF KIMBERLY SARMIENTO**

Date: February 2, 2026
Time: 1:30 p.m.
Courtroom: 5D

PLEASE TAKE NOTICE THAT ON February 2, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D in the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, hereby move this Court in limine for an order preventing all parties, the attorneys for all parties, and all witnesses who may be called in this trial, from admitting evidence of subsequent remedial measures and

- 1 -

post-incident findings, post-incident discipline, and the Field Investigation

Directive findings, and LAPD Internal Affairs findings.  The jury should not hear

evidence that there was an Internal Affairs and/or Field Investigation Directive

("FID") investigation into the incident, the reasons this investigation was

undertaken, the findings, and/or recommendations reached as a result of this

investigation, any discipline recommended or imposed as a result of this

investigation, and any related information pertaining to this investigation,

<u>including the after-acquired information that the object Mr. Petit held in his hand</u>

<u>during his interaction with the defendant officers was not a gun</u>.  This motion is

brought pursuant to Federal Rules of Evidence, Rules 401, 402, 403, and 407 in

that such evidence is irrelevant and substantially more prejudicial than probative

and is inadmissible as a subsequent remedial measure.

   This motion is made following a Local Rule 7-3 meet and confer, which

took place via video conference, per the Court's permission and Order, on January

5, 2026.

   This motion is based upon this notice of motion and motion, the

accompanying memorandum of points and authorities, the declaration of Kimberly

Sarmiento and exhibits thereto, any matters of which the Court may take judicial

notice, all pleadings and papers on file in this action, and upon such other matters

as may be presented to the Court.

///

///

///

///

NOTICE OF DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

1    DATED:  January 14, 2026          CARPENTER, ROTHANS & DUMONT LLP

2
                                                    /s/  Kimberly Sarmiento
3                                         By: _____
4                                              Steven J. Rothans
                                               Kimberly Sarmiento
5                                              Attorneys for Defendants,
                                               Sergeant Brett Hayhoe and Officer Daryl
6                                              Glover, Jr., public employees
7

8    Dated:  January 14, 2026          Respectfully submitted,

9
                                         **HYDEE FELDSTEIN SOTO**, City Attorney
10                                       **DENISE C. MILLS**, Chief Deputy City Attorney
                                         **SCOTT MARCUS**, Chief Asst. City Attorney
11

12                                       By: __/s/ Christian Bojorquez_____
13                                              CHRISTIAN BOJORQUEZ
                                                *Attorneys for Defendant*, **CITY OF LOS**
14                                              **ANGELES**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022.  Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers.  When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service.  Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance.  Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

Defendants anticipate Plaintiff may attempt to proffer, at the time of trial, evidence or testimony pertaining to the LAPD investigations, including the findings, recommendations, and/or discipline imposed relative thereto.  Fed. R. Evid. 401, 402.  For instance, Plaintiff's counsel extensively questioned the officers about the statements they provided during the FID investigation, used those statements in support of their Opposition to Defendants' Motion for Summary Judgment, and referenced the policy violations in their Opposition.  <u>See</u> Dkt. 87 at p. 4, 9, 28, 30, 53, 185; Dkt. 96.  The policy violations were also cited in their retained police procedures experts' supporting declaration. Dkt. 87 at p. 100-101.

Additionally, Defendants anticipate Plaintiff will seek to introduce the after-acquired information that the object Mr. Petit held in his hand at the time of his encounter with the defendant officers was not a gun. Such evidence is irrelevant to the use of force incident that underlies this civil action, and its probative value is substantially outweighed by the risk of unfair prejudice to Defendants, confusion of issues, and misleading the jury. Fed. R. Evid. 403. Moreover, evidence of the investigations are inadmissible as a subsequent remedial measure. Fed. R. Evid. 407. Therefore, the Court should grant this Motion in Limine and preclude Plaintiff's presentation of this evidence.

## II. ARGUMENT

### A. The post-incident investigation and findings of the LAPD Internal Affairs and/or Field Investigation Division investigations are irrelevant.

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. United States v. Schaff, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Note. Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" Id. In addressing a claim of excessive force under the Fourth Amendment, "the question is whether the

DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

1  officer's actions are 'objectively reasonable' in light of the facts and circumstances

2  confronting them, without regard to their underlying intent or motivation."

3  Graham v. Connor, 490 U.S. 386, 397 (1989).  Accordingly, the only evidence of

4  facts and circumstances known to the defendant officers during their encounter

5  with Mr. Petit is relevant, and as such, admissible.  Palmquist v. Selvik, 111 F.3d

6  1332, 1339 (7th Cir. 1997) ("***[W]hen considering a charge of excessive force***

7  ***under the Fourth Amendment, evidence outside the time frame of the shooting***

8  ***irrelevant and prejudicial***").

9         Here, the subsequent findings and conclusions of the Internal Affairs and

10  Field Investigation Division investigations, including the after-acquired

11  information that the object Mr. Petit held in his hand at the time of his encounter

12  with the defendant officers, are in no way probative of the factual circumstances

13  confronting the defendant officers at the time of the incident, and as such,

14  irrelevant as to the questions of liability for constitutional and state law violations.

15  See Lewis v. City of Chicago Police Department, 590 F.3d 427, 442 (7th Cir.

16  2009) (evidence of finding in an internal investigation "states only a conclusion

17  and does not provide much additional probative information…It merely presents

18  the question the jury was tasked with answering").  Moreover, since this type of

19  evidence is not relevant to the jury's reasonableness determination, any probative

20  value is substantially outweighed by the risk of unfair prejudice that they jury

21  would rest its decision on an improper basis and judge the incident with the 20/20

22  hindsight—which is clearly outside the scope to determine the reasonableness of

23  an officer's use of force.  Estate of Strickland v. Nevada County, 69 F.4th 614, 619

24  (9th Cir. 2023) (internal quotations omitted) ("Our calculus of reasonableness in

25  these circumstances must embody allowance for the fact that police officers are

26  often forced to make split-second judgments and we do not apply the 20/20 vision

27  of hindsight").  Critically, the Ninth Circuit made clear that this analysis does not

28  change, even where **"the weapon [held by a suspect" turned out to be a**

- 3 -
DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

1 **replica."** Id. at 622.

2 **B. Evidence pertaining to the subsequent LAPD investigations is**

3 **substantially more prejudicial than probative.**

4 "The court may exclude relevant evidence if its probative value is

5 substantially outweighed by a danger of one or more of the following: unfair

6 prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

7 needlessly presenting cumulative evidence." Fed. R. Evid. 403. Allowing

8 Plaintiff to admit evidence of any Internal Affairs investigation and findings would

9 result to Defendants from the admission of evidence of a violation of local law

10 enforcement regulations and practices substantially outweighs any probative value.

11 Fed. R. Evid. 403.

12 To elaborate, in Maddox v. Los Angeles, 792 F.2d 1408 (9th Cir. 1986), the

13 Ninth Circuit affirmed a district court finding that evidence that during a Police

14 Department disciplinary proceeding the defendant officer admitted to violating a

15 city policy on the use of a choke hold, was inadmissible under Federal Rule of

16 Evidence 403 because its prejudicial effect outweighed its probative value and

17 inadmissible because the disciplinary proceeding constituted a remedial measure

18 within the meaning of Federal Rule of Evidence 407, and was properly excluded

19 from evidence as to the City's liability. Id. at 1417. The Ninth Circuit explained

20 that, "[w]ith regard to Officer Harris' liability, the district court did not abuse its

21 discretion in excluding this evidence pursuant to Fed. R. Evid. § 403. This

22 evidence arguably had little probative value. There was substantial evidence before

23 the jury concerning the reasonableness of the officer's conduct in relation to the

24 Los Angeles Police Commission's moratorium on choke hold use." Maddox, 792

25 F.2d at 1417.

26 Similarly, in Allen v. City of Los Angeles, 2012 WL 1641712 (C.D. Cal.,

27 2012), the Central District applied the Ninth Circuit's holding in Maddox and

28 granted the defendants' motion in limine to exclude evidence of personnel

DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

complaint investigations, internal affairs investigations and conclusions, prior civil suits involving the officers, and unrelated allegations against the officers in order to prove the officers' liability.  Id. at *3.  The court explained that "were the Court to admit evidence of internal affairs investigations and conclusions to prove to the officers' liability, it would be unfairly prejudicial to the officer."  Id.  In reaching this determination, the court noted "that if an internal affairs investigation concluded that the officers breached the Los Angeles Police Department's guidelines, this would not be dispositive to the jury's determination of whether the officers intentionally violated a clearly established constitutional right."  Id. at fn. 4 (referencing Davis v. Scherer, 468 U.S. 183, 194 (1984); Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1989) ("While the unfortunate incident that gave rise to the lawsuit would not have occurred if [the defendant police officer] had followed the department's guidelines, police department guidelines do not create a constitutional right")).

Whether local law enforcement regulations and practices are violated is irrelevant as to whether there has been a constitutional violation, and thus unfairly prejudicial to Defendants.  Section 1983 "protects plaintiffs from constitutional violations, not violations of state law, or in this case, departmental regulations and police practices."  Scott v Edinburg, 346 F. 3d 752, 760 (7th Cir. 2003).  "Whether a defendant violated 'police regulations or even state law is completely immaterial as to the question of whether a violation of the federal constitution has been established.'"  Berg v. Culhane, 2010 WL 3420081 at *1 (N.D. Ill., 2010).  As the Supreme Court stated in Virginia v. Moore, 553 U.S. 164, 172 (2008):

> "We thought it obvious that the Fourth Amendment's meaning did not change with local law enforcement practices-even practices set by rule.  While those practices 'vary from place to place and from time to time,' Fourth Amendment protections are not 'so variable' and cannot 'be made to turn upon such trivialities.'"

Moore, 553 U.S. at 172 (citing Whren v. United States, 517 U.S. 806, 815 (1996)).

- 5 -

DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

1        In <u>English v. District of Columbia</u>, 651 F.3d 1 (D.C., 2011) the appellate

2   court determined that the district court did not err in granting the defendant's

3   motion in limine to exclude portions of an internal investigation report, stating that

4   the supervisor's conclusion that the a detective violation departmental policy was

5   "irrelevant to the question before the jury because **although 'police enforcement**

6   **practices…vary from place to place and from time to time' the Supreme**

7   **Court observed that 'the…protections of the Fourth Amendment are [not] so**

8   **variable**.'" <u>English</u>, 651 F.3d at 9-10 (emphasis added).

9        Further, the admission of evidence of a violation of local law enforcement

10  regulations and practices will mislead the jury and confuse the issue, resulting in

11  further unfair prejudice to Defendants.  As the Ninth Circuit observed in <u>Maddox</u>:

12      "The prejudicial effect of this evidence was also arguably great"
13      because the jury may infer that the defendant officer was "guilty of
        wrongdoing merely because the [] [d]epartment conducted
14      disciplinary proceedings.  The jury might have given unfair or undue
        weight to this evidence or they might have been confused as to the
15      relevance of this evidence."

16  <u>Maddox</u>, 792 F.2d at 1417. As such, the risk that the jury in this case would use the

17  evidence of the LAPD investigations, including their findings and

18  recommendations, for an improper purpose is very high.  Thus, even if the Court

19  were inclined to find that the investigations were relevant, the risk of confusing the

20  jury and unfair prejudice to Defendants still requires the Court to exclude such

21  evidence.  The Court in <u>English</u> made this issue clear:

22      "Although as a matter of law the alleged [] policy violation has no
23      bearing on the Fourth Amendment analysis, **it would be far less clear**
        **to a jury**.  One could readily imagine an argument to the jury
24      oversimplifying the matter to suggest that the prior finding of a policy
        violation was inconsistent with the constitutional defense presented at
25      trial—in fact, appellant makes precisely such an argument on appeal:
        '[T]heir prior statements are unequivocally inconsistent with the
26      positions that the trial court allowed the District to take in this
        litigation.'  Even without such prodding, a jury informed of the
27      alleged policy violation and the specific finding that the attack was
28

- 6 -

DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

> perceived but not real at the time of the fatal gunshot might assign greater weight to these conclusions—appearing, as they do, in an official [departmental] report—than the Fourth Amendment analysis allows. The district court could reasonably be concerned that this would cause 'big time' confusion of the issues, and preventing such confusion would require the admission of the conclusions to be 'hedged about with jury instructions' and necessitate a 'trial within a trial about the whole [] disciplinary system.'"

English, 651 F.3d at 10 (emphasis added). Moreover, such post-incident investigation and discipline cannot be legally relevant to the question of whether the defendant officers' use of force was reasonable or not because such facts were not known to the officers at the time, and the Supreme Court has repeatedly held that post-incident developments or discoveries cannot be used to evaluate the reasonableness of any officer's use of force. See, e.g., Graham, 490 U.S. at 398-390 ("[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"). "Information gained after the fact cannot be relied upon in analyzing the propriety of the officers' conduct." Scott v. Henrich, 700 F.Supp. 498, 505 (D. Mont., 1988) aff'd by Scott v. Henrich, 39 F.3d 912 (9th Cir. 1994).

Overall, the prejudicial effect of post-incident investigation, discipline, and any challenges to the disciplinary decisions substantially outweighs its (non-existent) probative value because it almost invariably presses the jury to decide the ultimate question, i.e., reasonableness of officer conduct, by substituting how the investigators perceived the incident from the jurors' own independent evaluation of the facts and evidence; while also confusing the issues the jury is to decide by replacing the reasonableness of the officers' conduct with the issue of whether the post-incident investigation/discipline was right in its conduct or result. Thus, since the probative value of this evidence is substantially outweighed by its unfair prejudice to Defendants. Fed. R. Evid. 403.

**C. The City's investigations are a subsequent remedial measure, and thus,**

- 7 -

DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

**inadmissible against Defendants to prove liability.**

Federal Rules of Evidence, Rule 407 states in relevant part: "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct…" Fed. R. Evid. 407. In <u>Maddox</u>, the Ninth Circuit further held that: "The Internal Affairs investigation and measures taken by the defendant City were remedial measures taken after the incident. Pursuant to Fed. R. Evid. § 403, evidence of these proceedings was therefore properly excluded with respect to the City's liability." <u>Maddox</u>, 792 F.2d at 1417.

Likewise, what the LAPD concluded in the post-incident investigations, including any discipline decision against any of the officers and other recommendations, is at best, a subsequent remedial measure that is deemed legally irrelevant under the policies of the Federal Rules of Evidence. Further, in support of our society's encouragement of police reform, the evidence of subsequent remedial measures such as the investigative report and subsequent disciplinary decisions should be excluded so that government entities are not inhibited from conducting reviews of incidents with police employees. Accordingly, this evidence of any Internal Affairs investigation inadmissible under Rule 407.

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully request this Court grant the instant Motion in Limine and order that all parties, the attorneys for all parties, and all witnesses who may be called in this trial be prevented from presenting any testimony, argument, or evidence of subsequent remedial measures, including but not limited to the LAPD investigations, <u>including the after-acquired information that the object Mr. Petit held in his hand at the time of his encounter with the defendant officers</u>, its findings, recommendations, and/or discipline imposed relative to this investigation.

DATED:  January 14, 2026          CARPENTER, ROTHANS & DUMONT LLP

                                            /s/  Kimberly Sarmiento

                                  By:  _____
                                       Steven J. Rothans
                                       Kimberly Sarmiento
                                       Attorneys for Defendants,
                                       Sergeant Brett Hayhoe and Officer Daryl
                                       Glover, Jr., public employees


Dated:  January 14, 2026          Respectfully submitted,

                                  **HYDEE FELDSTEIN SOTO**, City Attorney
                                  **DENISE C. MILLS**, Chief Deputy City Attorney
                                  **SCOTT MARCUS**, Chief Asst. City Attorney

                                  By:   /s/ Christian Bojorquez
                                        CHRISTIAN BOJORQUEZ
                                        *Attorneys for Defendant*, **CITY OF LOS ANGELES**

DEFENDANTS' JOINT MOTION IN LIMINE NO. 2