**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / ksarmiento@crdlaw.com

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE RELATING TO IMPROPER OPINIONS; DECLARATION OF KIMBERLY SARMIENTO**<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

PLEASE TAKE NOTICE THAT ON February 2, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D in the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, hereby move this Court in limine for an order precluding improper opinions, including: (1) Plaintiff's testimony pertaining to diagnosis, prognosis, or causation of Jermaine Petit's medical and/or mental health

condition(s) on the basis that she lacks the credentials to serve as an expert under the Federal Rules of Evidence and Daubert, where such "expert" testimony is not scientific in nature and would confuse the jury; and (2) any improper "Golden Rule" or similar types of arguments to value damages. See Fed. R. Evid. 403, 702; Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). The grounds for this motion are that such opinions are expert opinions that are not based on scientific evidence and are substantially more prejudicial than probative.

This motion is made following a Local Rule 7-3 meet and confer, which took place via video conference, per the Court's permission and Order, on January 5, 2026.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Kimberly Sarmiento and exhibits thereto, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

///

///

///

///

///

///

///

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: January 14, 2026 | CARPENTER, ROTHANS & DUMONT LLP |
| 3 | | /s/ Kimberly Sarmiento |
| 4 | | By: _____ |
| 5 | | Steven J. Rothans |
| | | Kimberly Sarmiento |
| 6 | | Attorneys for Defendants, |
| 7 | | Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees |
| 8 | | |
| 9 | Dated: January 14, 2026 | Respectfully submitted, |
| 10 | | |
| 11 | | **HYDEE FELDSTEIN SOTO**, City Attorney |
| | | **DENISE C. MILLS**, Chief Deputy City Attorney |
| 12 | | **SCOTT MARCUS**, Chief Asst. City Attorney |
| 13 | | By:   /s/ Christian Bojorquez_____ |
| 14 | | CHRISTIAN BOJORQUEZ |
| | | *Attorneys for Defendant*, **CITY OF LOS ANGELES** |
| 15 | | |

- 3 -

NOTICE OF DEFENDANTS' JOINT MOTION IN LIMINE NO. 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022. Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers. When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service. Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance. Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

Defendants anticipate that Plaintiff will seek to introduce expert testimony, including testimony related to Mr. Petit's physical and/or mental health in support of his claims for liability and damages. <u>In this motion, Defendants seek to preclude Plaintiff and any other layperson from testifying about any diagnosis, prognosis, or medical causation of Mr. Petit's mental health condition(s) and any improper "Golden Rule" or similar types of arguments to value damages.</u>

Because use of "expert" opinion presents a serious risk of confusing and prejudicing the jury, Defendants respectfully request that the Court grant this Motion in Limine and preclude Plaintiff's presentation of this evidence. Therefore, the Court should grant this Motion in Limine and preclude Plaintiff's

- 1 -
DEFENDANTS' JOINT MOTION IN LIMINE NO. 3

presentation of this evidence.

## II. STATEMENT OF LAW

**A. Plaintiff's testimony regarding diagnosis, prognosis, or medical causation of her father's medical and/or mental health condition(s) constitutes improper expert opinions that cannot be presented to the jury.**

**1. Plaintiff cannot serve as her father's expert.**

Permitting Plaintiff to serve as an expert in her own civil suit would contravene the notions of a fair and impartial trial. For expert witness testimony to be admitted, the following four elements must exist: (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact in understanding evidence or determining a fact issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702; see Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999) ("Daubert applies to expert testimony that might be characterized as based not upon 'scientific' knowledge, but rather upon 'technical' or 'other specialized' knowledge").

The existence of sufficient facts and the use of *reliable scientific or technical principles and methods* is in all instances mandatory for expert testimony. See Fed. Rules Evid. 702. Indeed, "Daubert does not require a court to admit or to exclude evidence based on its persuasiveness; rather it requires a court to admit or exclude evidence based on its scientific reliability and relevance." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 982 (9th Cir. 2011). "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." Daubert 509 U.S. at 595.

As such, expert testimony is only reliable if it "signif[ies] something beyond 'subjective belief or unsupported speculation.'" Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., 87 F. Supp. 928, 939 (N.D. Cal., 2015) (quoting Daubert,

509 U.S. at 590). "Maintaining <u>Daubert's</u> standards is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony." <u>Elsayed Mukhtar v. California State Univ., Hayward</u>, 299 F.3d 1053, 1064-65 (9th Cir. 2002) *overruled on other grounds in* <u>Estate of Barabin v. Asten Johnson, Inc.</u>, 740 F.3d 457 (9th Cir. 2014).

Here, Defendants anticipate that Plaintiff may attempt to testify or introduce evidence regarding how Mr. Petit's mental health disorders may have impacted his interactions with law enforcement. For instance, at deposition, Ms. Petit testified that her father was "100 percent mentally disabled…and diagnosed with PTSD from his time in the air force" and that his mental illness played a role in his arrest by the LAPD because "police officers[] have a hard time dealing with people who have mental illness and don't know how to regulate the situation without escalating it." Ex. "A," Plaintiff's Depo. at 45:3-14; 67:20-68:3. At deposition, Ms. Petit also testified that Mr. Petit experienced long-lasting physical and emotional injuries. <u>Id.</u> at 498:25-49:13; 52:23-53:23.

However, Plaintiff admittedly had never seen her father while he was experiencing a mental health episode and has no information regarding the specifics regarding Mr. Petit's mental health issues. <u>Id.</u> at 67:20-71:11. Plaintiff also had no information concerning any health conditions that Mr. Petit was dealing with prior to his passing. <u>Id.</u> at 100:9-12. Such "subjective impressions" lack foundation, and consequently are inadmissible. <u>Rivera v. Incorporated Village of Farmingdale</u>, 29 F.Supp.3d 121, fn. 21 (E.D.N.Y. 2013) (ruling that lay persons could not offer opinions regarding whether plaintiffs suffered as a result of the defendant's conduct because such "subjective impressions" "would be improper and inadmissible"). Courts have made abundantly clear that family members may testify to the extent they "observed specific symptoms or behaviors" but "may not…offer opinions inferred from their observations that amount to medical diagnoses." <u>Allen v. American Cyanamid Co.</u>, 2021 WL 1092804 at *2

(E.D. Wi. 2021).

More importantly, Plaintiff has no specialized training regarding the fields of medicine or mental health. There is no indication that she has received specialized education or any advanced degrees in the fields of mental health and/or medicine. For these reasons alone, Plaintiff should be precluded from offering testimony that would be considered expert testimony under Federal Rules of Evidence, Rule 702.

In addition, numerous courts have "held that testimony of expert witnesses whose compensation is contingent upon the outcome of the case must be excluded." Straughter v. Raymond, 2011 WL 1789987, at *2 (C.D. Cal., 2011). Permitting Plaintiff to testify as an expert in her own lawsuit would "fatally wound" any semblance of independent judgement or intellectual rigor—all primary concerns expressed in the Federal Rules of Evidence, Rules of Professional Conduct, and clear case law in this district and abroad. For this additional reason, Plaintiff and/or any other family member should not be allowed to testify as an "expert" even if her testimony is offered as rebuttal evidence.

### 2. Much of the proffered evidence is inadmissible hearsay.

Additionally, much of the information Plaintiff claims to have derived regarding her father's pain and suffering following the shooting incident was information she received from her grandmother. Critically, Plaintiff admittedly could not recall the specifics of her discussions with her grandmother concerning Mr. Petit's recovery, injuries, medical care, etc. Ex. "A" at 52:19-54:12; 68:16-22. To that end, this information constituted inadmissible hearsay under Federal Rule 801, and on that basis alone, is grounds for exclusion.

### 3. The proffered evidence is more substantially more prejudicial than probative.

Federal Rules of Evidence, Rule 403 authorizes the exclusion of relevant evidence when its, "probative value is substantially outweighed by the danger of

- 4 -

DEFENDANTS' JOINT MOTION IN LIMINE NO. 3

unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed. R. Evid. 403; see also Old Chief v. United States, 519 U.S. 172, 180 (1997). In Liew v. Official Receiver and Liquidator, 685 F. 2d 1192 (9th Cir. 1982), the Ninth Circuit held that trial courts have, "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will not be disturbed on appeal."

  Citing Ballou v. Henri Studios, 656 F.2d 1147 (5th Cir. 1981), the Advisory Committee note to Rule 403 noted that, "[u]nfair prejudice is that which could lead the jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence…'unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material…Unfair prejudice within the context of Rule 403 means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" Fed. R. Evid. 403, Adv. Comm. Note (citing Ballou, 656 F.2d 1147). Indeed, the admission of evidence that is so inflammatory and irrelevant can, under some circumstances, constitute reversible error. Brandon v. United States, 431 F.2d 1391 (7th Cir. 1970), cert. denied 91 S.Ct. 586, reh'g denied 91 S.Ct. 949, cert. denied 91 S.Ct. 950. A variety of circumstances warrant exclusion of evidence on the basis of unfair prejudice and range from "inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme." Fed. R. Evid. 403, Adv. Comm. Note.

  Here, any statement that Plaintiff suffered physically and/or emotionally following the incident would not be grounded in any actual evidence, given that Plaintiff only saw her father once for a limited time following his discharge from the hospital and had no discussion with her father regarding the specifics of his recovery. Ex. "A," at 48:3-56:25. Accordingly, such evidence would be admitted

solely for the purpose of inflaming the jury and confusing them regarding the actual level of pain and suffering experienced by Mr. Petit following the shooting incident. Moreover, allowing Plaintiff and/or any other family member to testify about Mr. Petit's purported diagnos(es), prognosis, or medical causation concerning his mental health condition(s) would result in undue prejudice to Defendants, given that jurors tend to take the witness's word as an "expert" despite their lack of qualifications, and warrant exclusion pursuant to Federal Rule of Evidence 403.

Therefore, such testimony must be precluded because its probative value is substantially outweighed by its prejudice to Defendants.

**4. Any statement offered by Plaintiff regarding the conclusions of his medical providers regarding any diagnosis, prognosis, or medical causation is a hearsay statement and should be excluded.**

Hearsay is an out of court statement, whether oral or written, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(a), (c). "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802.

To the extent Plaintiff intends to introduce any statements by Mr. Petit's treating doctors that are not included in his treatment records, including any conclusions regarding diagnoses, cause of injury, or the technical nature of any injury he allegedly suffered, such evidence must be excluded as hearsay. If Plaintiff seeks to introduce such testimony, it must be elicited from an expert, not the plaintiff or any other lay person.

**B. Improper "Golden Rule" arguments evaluations damage should be barred.**

The Golden Rule limitation forbids witnesses and counsel from inviting jurors to place themselves in the shoes of the parties. It prevents the attorneys and

the witnesses from suggesting that the jury might have an emotional stake in the outcome of the case by imagining how they would have acted during the underlying incident. The First Circuit explained:

> There can be little doubt that suggesting to the jury that it put itself in the shoes of a plaintiff to determine damages is improper argument. This so-called Golden Rule argument has been universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.

Forrestal v. Magendantz, 848 F.2d 303, 309 (1st Cir. 1988).

"An appeal to the jury to imagine itself in the plaintiff's position is impermissible because it encourages the jury to depart from its neutral role. This so-called 'Golden Rule' argument has been universally condemned by the courts." Joan W. v. City of Chicago, 771 F.2d 1020, 1022 (7th Cir. 1985) (internal citation omitted). "A Golden Rule argument asks the jury to place itself in the defendant's position. Such an argument is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." Lovett v. Union Pacific, 201 F.3d 1074, 1083 (8th Cir. 2000).

Here, Defendants anticipate Plaintiff may proffer testimony or argument asking the jurors to place themselves in Mr. Petit's position, consider what they would have done in such situation, and render, and/or deliver a verdict that they would wish to receive if they were in his position. This includes asking the jury to give Plaintiff an award for his damages based on what they would want to receive if they experienced the same injuries Mr. Petit attributes to the defendant officers. Such arguments encourage the jury to depart from neutrality and consider the case

1  based on bias rather than the evidence. Jurors are to consider the facts of this case
2  in an objective manner and free from personal bias.
3       Accordingly, any argument to ask the jurors to place themselves in
4  Plaintiff's or Mr. Petit's position would not serve any legitimate purpose, as it
5  would only be introduced to inflame the jury. Accordingly, "Golden Rule" and
6  similar arguments would be substantially more prejudicial than probative, as it
7  would surely confuse and mislead the jury into believing that rendering a verdict
8  based on what *they* would have done in Mr. Petit's situation.
9       Therefore, Defendants respectfully requests that any such effort to use
10 Golden Rule arguments be precluded.

## III. CONCLUSION

     Based on the foregoing, Defendants respectfully request this Court grant the instant Motion in Limine and order precluding testimony relating to improper opinions, including: (1) Plaintiff, another family member, or lay person offering improper expert opinions pertaining to diagnosis, prognosis, or medical causation of Mr. Petit's mental health condition(s); and (2) any improper "Golden Rule" or similar types of arguments to value damages.

///

///

///

///

///

| | | |
|---|---|---|
| 1 | DATED: January 14, 2026 | CARPENTER, ROTHANS & DUMONT LLP |

　　　　　　　　　　　　　　　　　　　　/s/ Kimberly Sarmiento
　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　Steven J. Rothans
　　　　　　　　　　　　　　　　Kimberly Sarmiento
　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

Dated: January 14, 2026　　　　Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**SCOTT MARCUS**, Chief Asst. City Attorney

By:　/s/ Christian Bojorquez　_____
　　　CHRISTIAN BOJORQUEZ
　　　*Attorneys for Defendant*, **CITY OF LOS ANGELES**

# DECLARATION OF KIMBERLY SARMIENTO

I, Kimberly Sarmiento, declare that:

1. I am an attorney, duly licensed to practice law before all of the courts in the State of California, and I am a partner at the law firm of Carpenter, Rothans & Dumont, attorneys of record for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., in the above-entitled action.

2. The following facts are stated from my personal knowledge, except those facts stated on information and belief, which I believe to be true and if called as a witness I could and would so competently testify thereto under oath.

3. Attached hereto as Exhibit "A" is a true and correct copy of relevant portions of the deposition transcript of Plaintiff Ashlyn Petit, conducted on June 9, 2025, in connection with this matter.

4. On January 5, 2026, counsel for the parties met and conferred via Zoom video conference, with the Court's permission, to discuss trial documents, including the parties' respective motions in limine.

This motion is made in the best interest of my client, as Defendants will suffer undue prejudice should the following evidence be admitted, as such evidence constitutes improper opinions under the Federal Rules of Evidence: (1) Plaintiff, another family member, or lay person offering improper expert opinions pertaining to diagnosis, prognosis, or medical causation of Mr. Petit's mental health condition(s); and (2) any improper "Golden Rule" or similar types of arguments to value damages.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 14th day of January 2026, at Los Angeles, California.

/s/ Kimberly Sarmiento
_____
KIMBERLY SARMIENTO – Declarant

- 1 -

DEFENDANTS' JOINT MOTION IN LIMINE NO. 3