**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com** / **ksarmiento@crdlaw.com**

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT MOTION IN LIMINE NO. 4 TO ADMIT EVIDENC OF JERMAINE PETIT'S SUBSEQUENT DEATH; DECLARATION OF KIMBERLY SARMIENTO**<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

PLEASE TAKE NOTICE THAT ON February 2, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D in the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, hereby move this Court in limine for an order admitting evidence of the death of Jermaine Petit, and excluding the following: (1) any evidence pertaining to Plaintiff Ashlyn Petit's own emotional distress; (2)

- 1 -
NOTICE OF DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

reference to this civil action as a "wrongful death" case or otherwise suggesting that Mr. Petit's death was caused by the July 18, 2022, subject incident.

This motion is made following a Local Rule 7-3 meet and confer, which took place via video conference, per the Court's permission and Order, on January 5, 2026.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Kimberly Sarmiento and exhibits thereto, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

DATED:  January 14, 2026        CARPENTER, ROTHANS & DUMONT LLP

                                                /s/  Kimberly Sarmiento
                                 By: _____
                                     Steven J. Rothans
                                     Kimberly Sarmiento
                                     Attorneys for Defendants,
                                     Sergeant Brett Hayhoe and Officer Daryl
                                     Glover, Jr., public employees

Dated:  January 14, 2026         Respectfully submitted,

                                 **HYDEE FELDSTEIN SOTO**, City Attorney
                                 **DENISE C. MILLS**, Chief Deputy City Attorney
                                 **SCOTT MARCUS**, Chief Asst. City Attorney

                                 By:   /s/ Christian Bojorquez
                                     CHRISTIAN BOJORQUEZ
                                     *Attorneys for Defendant*, **CITY OF LOS ANGELES**

NOTICE OF DEFENDANTS' JOINT MOTION IN LIMINE NO. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022. Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers. When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service. Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance. Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

The Court should be advised that on or about August 4, 2024, Mr. Petit's skeletonized remains were discovered in his residence. There had been no contact between family members and Mr. Petit for approximately 11 months at the time his remains were discovered. As the plaintiff in this action (Mr. Petit's daughter) is only entitled to recover damages for her father's pain and suffering post-shooting until his death – the information and circumstances as to the condition of Mr. Petit upon discovery of his death are highly relevant to the length of time that Mr. Petit experiencing any pain or suffering – thus bearing directly on the issue of the amount of damages Plaintiff may be entitled to recover. Furthermore, although the County medical examiner and plaintiff's retained expert Dr. Omalu have both

testified that the cause of Mr. Petit's death cannot be attributed to the subject officer-involved shooting – the parties and counsel should not be permitted to ascribe this civil action as a "wrongful death action."

Therefore, the Court should grant this Motion in Limine and <u>admit</u> evidence concerning Mr. Petit's death. Additionally, the Court should limit this evidence through exclusion of any evidence or testimony referencing this litigation as a "wrongful death" case or otherwise arguing that Mr. Petit died as a result of the July 18, 2022, shooting incident, and excluding Ms. Petit from introducing evidence of her own emotional distress.

## II. ARGUMENT

### A. Evidence of the estimated date of Mr. Petit's death and the condition in which his remains were found are relevant to Plaintiff's damage claims as to the period of time in which Mr. Petit experienced pain and suffering.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

<u>Sprint/United Mgmt. Co. v. Mendelsohn</u>, 552 U.S. 379, 384 (2008). In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Note. Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" <u>Id.</u> To that end, courts are equally empowered to ensure the admission of certain evidence by way of

DEFENDANTS' JOINT MOTION IN LIMINE NO. 4

motions in limine.  See generally U.S.A. v. Rodriguez-Landa, 2019 WL 653853 (C.D. Cal. 2019).

When asked to itemize her non-economic losses in this case, Plaintiff responded in part:

> [A]t the time of the incident until his death, which upon information and belief [his death] was unrelated to this action, decedent, Mr. Petit, was placed in great fear for his life and physical wellbeing, and had suffered from severe mental and emotional pain, suffering, distress, embarrassment, humiliation, anger anxiety, depression, loss of enjoyment of life, diminished and worsening of prior mental injuries such as post-traumatic stress disorder and schizophrenia.

Ex. "A," Int. Resp. at p. 8.  Indeed, Plaintiff's retained expert, Dr. Bennet Omalu testified that of his limited tasks in this case, he was to proffer opinions about Mr. Petit's pain and suffering post-shooting.  Ex. "B," Omalu Depo. at 66:14-15, 67:18-19, 78:1-4, 81:19-21, 91:19-92:23, 98:9-12.

The Ninth Circuit Model Jury Instructions provide that to measure the types of damages a plaintiff may be entitled to, jurors may consider, as applicable, "the mental, physical, emotional pain and suffering experienced and that with a reasonable probability will be experienced in the future."  9th Cir. Jury. Inst. 5.2.  Thus, the fact that Mr. Petit was found deceased is relevant to Plaintiff's damage claims, and the jury should be informed that Mr. Petit died under unknown circumstances unrelated to the subject incident such that Plaintiff cannot recover for any future pain and suffering.

Moreover, because the jury will need a timeframe for which Plaintiff can be compensated for Mr. Petit's alleged pain and suffering, *when* Mr. Petit was found deceased, the *manner* in which he was found deceased, and the *condition* in which he was found deceased are relevant for consideration of the timeframe in which he may have experienced any mental, physical, and/or emotional pain and suffering.

1  Hook v. U.S., 2017 WL 2831696 at *3 (E.D. Mi. 2017) (holding that plaintiff
2  could recover damages for pain and suffering for a specific timeframe during
3  which he was unconscious because he could not recover for pain and suffering
4  unless consciously perceptive to pain, suffering, or discomfort); Williams v. City
5  of Oakland, 915 F.Supp. 1074, 1079-80 (N.D. Cal. 1996) (ruling that a substituted
6  plaintiff in a Section 1983 action where the decedent dies under circumstances
7  unrelated to the alleged civil rights violation can recover for pain and suffering
8  damages sustained by the decedent "upon a proper showing").
9      Here, the subject incident occurred on July 18, 2022, and Mr. Petit's
10 skeletonized remains were found in his home on August 4, 2024. Ex. "C,"
11 Coroner's Report at p. 2-4. Furthermore, the Los Angeles County Medical
12 Examiner noted that Mr. Petit's family last had contact with him in September or
13 October of 2023. Id. at p. 4, 10, 12. This is consistent with Plaintiff's testimony
14 that she or any other family member last had contact with Mr. Petit 11 months
15 prior to the discovery of his skeletonized remains. Ex. "D," Plaintiff's Depo. at
16 34:8-21.
17      Accordingly, at minimum, Plaintiff cannot reasonably recover up until that
18 date or past that date for any pain and suffering purportedly sustained by Mr. Petit
19 post-shooting, and evidence pertaining to his death are relevant for the jury's
20 consideration.

21 **B. Reference to this litigation as a "wrongful death" care or suggestion
22 that Mr. Petit died as a result of the subject incident should be excluded.**
23 "The court may exclude relevant evidence if its probative value is
24 substantially outweighed by a danger of one or more of the following: unfair
25 prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or
26 needlessly presenting cumulative evidence." Fed. R. Evid. 403. Allowing
27 Plaintiff to refer to this litigation as a "wrongful death" case and proffer evidence
28

- 4 -
DEFENDANTS' JOINT MOTION IN LIMINE NO. 4

1 suggesting that he died as a result of the subject incident is not relevant and
2 substantially outweighs any probative value.  Fed. R. Evid. 403.
3       Here, the Medical Examiner ruled Mr. Petit's death as "undetermined," as
4 they determined no autopsy could be performed given the condition in which Mr.
5 Petit's remains were at the time his body was discovered.  Yet, Dr. Omalu's report
6 sets forth speculative opinions that Mr. Petit experienced pain and suffering up
7 until August 4, 2024, when his skeletonized remains were discovered, despite his
8 recognition that he made no determination of when Mr. Petit actually passed away.
9 Ex. "B" at 81:16-21; Ex. "F" at p. 17.  Similarly, the Medical Examiner testified
10 that he did not make any determinations regarding the exact timeframe in which
11 Mr. Petit died.  Ex. "E," Young Depo. at 11:15-12:24.  This information
12 notwithstanding, Dr. Omalu testified that Mr. Petit likely died as a result of injuries
13 he sustained in the July 18, 2022, shooting, predicated on nothing more than the
14 fact that Mr. Petit died within two years of the subject incident.  Ex. "B" at 82:5-
15 83:20.  This stands in direct contradiction to Plaintiff's own acknowledgement that
16 Mr. Petit's death was unrelated to the shooting.  Ex. "A" at p. 8; Ex. "D" at 44:16-
17 21.  Although Plaintiff has retained Dr. Omalu as an expert, even expert opinions
18 cannot be proffered to a jury if they are based on speculation.  General Elec. Co. v.
19 Joiner, 522 U.S. 136, 146 (1997) (holding that a court may exclude expert opinion
20 where it deems that the expert's opinion is not sufficiently supported by the facts
21 or evidence upon which the expert relies in support of that opinion).
22       The admission of such evidence is also subject to exclusion because it would
23 mislead or confuse the jury.  Citing Ballou v. Henri Studios, 656 F.2d 1147 (5th
24 Cir. 1981), the Advisory Committee note to Rule 403 noted that, "[u]nfair
25 prejudice is that which could lead the jury to make an emotional or irrational
26 decision, or to use the evidence in a manner not permitted by the rules of
27 evidence…'unfair prejudice as used in Rule 403 is not to be equated with
28 testimony simply adverse to the opposing party … Unfair prejudice within the

- 5 -
DEFENDANTS' JOINT MOTION IN LIMINE NO. 4

context of Rule 403 means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" Fed. R. Evid. 403, Adv. Comm. Note (citing Ballou, *supra*, 656 F.2d 1147). Indeed, the admission of evidence that is so inflammatory and irrelevant can, under some circumstances, constitute reversible error. See Brandon v. United States, 431 F.2d 1391 (7th Cir. 1970). Moreover, in United States v. Bailleaux, 685 F.2d 1105, 1111 n.2 (9th Cir. 1982), the Court observed: "'[U]nfair prejudice' means that the evidence not only has a significant impact on the defendant's case…but that its admission results in some unfairness to the defendant because of its non-probative aspect."

Because there is no evidence that Mr. Petit's death was caused by the July 18, 2022, shooting incident, any suggestion to the contrary—especially by a retained medical expert—would serve to only mislead and confuse the jury. For instance, because Dr. Omalu is a credentialed medical expert, a jury might be inclined to his speculative opinions weight, even if they are not supported by evidence and contradictory to other opinions he offers in this case. Instead, such opinions from Dr. Omalu (or any other witness) that Mr. Petit's death may have been caused by the shooting incident would be calculated to invite an emotional reaction from a jury, as opposed to an objective decision based on the facts.

Therefore, although the Court should allow evidence of Mr. Petit's death, the introduction of such evidence should be limited to exclude any reference to this litigation as a "wrongful death" case or that Mr. Petit's death was related to the subject incident.

### C. Plaintiff should be precluded from offering evidence pertaining to her own emotional distress.

When asked to identify her non-economic damages, Plaintiff's discovery responses stated: "As a result of the incident that is the subject matter of this litigation, Responding Party suffered and continues to suffer severe emotional and

mental damages, which include, but are not limited to insomnia, anxiety, pain, suffering, inconvenient, and trauma." Ex. "A" at p. 8. However, Plaintiff substituted into this matter as Mr. Petit's sole successor-in-interest following his death and is not asserting any claims in her individual capacity. See generally Dkt. 62. Further still, even assuming this was a wrongful death action, Plaintiff cannot recover for her own emotional distress. Krouse v. Graham, 19 Cal.3d 59, 72 (1977) ("California cases have uniformly held that damages for mental and emotional distress, including grief and sorrow, are not recoverable in a wrongful death action").

Thus, Plaintiff should be precluded from offering any evidence concerning her own emotional distress.

### III.  CONCLUSION

Based on the foregoing, Defendants respectfully request this Court grant the instant Motion in Limine and order: (1) admitting evidence of Jermaine Petit's death, including the manner and condition in which his remains were found; (2) precluding all parties, the attorneys for all parties, and all witnesses who may be called in this trial be prevented from presenting any testimony, argument, or evidence that Mr. Petit's death was related and/or caused by the July 18, 2022, shooting incident or otherwise referring to this litigation as a "wrongful death" case; and (3) precluding Plaintiff from offering any evidence concerning her own emotional distress.

///

///

///

| | | |
|---|---|---|
| 1 | DATED: January 14, 2025 | CARPENTER, ROTHANS & DUMONT LLP |

/s/ Kimberly Sarmiento
By: _____
Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

Dated: January 14, 2026      Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**SCOTT MARCUS**, Chief Asst. City Attorney

By:   /s/ Christian Bojorquez
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**

# DECLARATION OF KIMBERLY SARMIENTO

I, Kimberly Sarmiento, declare that:

1. I am an attorney, duly licensed to practice law before all of the courts in the State of California, and I am a partner at the law firm of Carpenter, Rothans & Dumont, attorneys of record for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., in the above-entitled action.

2. The following facts are stated from my personal knowledge, except those facts stated on information and belief, which I believe to be true and if called as a witness I could and would so competently testify thereto under oath.

3. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff Ashlyn Petit's responses, dated April 15, 2025, to Interrogatories served by Sgt. Hayhoe, in connected with this matter.

4. Attached hereto as Exhibit "B" is a true and correct copy of the relevant portions of the deposition transcript of Plaintiff's retained expert, Dr. Bennett Omalu, conducted on December 15, 2025, in connection with this matter.

5. Attached hereto as Exhibit "C" is a true and correct copy of the Coroner's Report related to the medical examination of Jermaine Petit's skeletonized remains, conducted on August 6, 2024.

6. Attached hereto as Exhibit "D" is a true and correct copy of relevant portions of the deposition transcript of Plaintiff Ashlyn Petit, conducted on June 9, 2025, in connection with this matter.

7. Attached hereto as Exhibit "E" is a true and correct copy of the relevant portions of the deposition transcript of Los Angeles County Medical Examiner Dr. Kevin Young conducted on August 19, 2025, in connection with this matter.

8. Attached hereto as Exhibit "F" is a true and correct copy of Dr. Bennett Omalu's report, which was produced in connection with Plaintiff's Initial Expert Disclosures in this matter.

1  9. On January 5, 2026, counsel for the parties met and conferred via Zoom video conference, with the Court's permission, to discuss trial documents, including the parties' respective motions in limine.

This motion is made in the best interest of my client, as Defendants will suffer undue prejudice should the following evidence of Mr. Petit's death not be admitted. However, Defendants will also suffer prejudice is Plaintiff is permitted to offer evidence of the following: argument that Mr. Petit's death was related and/or caused by the July 18, 2022, shooting incident or otherwise referring to this litigation as a "wrongful death" case and any evidence concerning Plaintiff's own emotional distress.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14th day of January 2026, at Los Angeles, California.

/s/ Kimberly Sarmiento

_____
KIMBERLY SARMIENTO – Declarant