**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: rdiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile:  (213) 489-0552

Attorneys for Plaintiff, JERMAINE PETIT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PETIT, an incompetent person, by and through his Guardian Ad Litem, CHARLOTTE BLACKWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23-CV-00789-CJC-(PVCx)<br><br>**PLAINTIFF ASHLYN PETIT'S RESPONSES TO DEFENDANT SERGEANT BRETT HAYHOE'S INTERROGATORIES, SET ONE** |

**PROPOUNDING PARTY:**   Defendant SERGEANT BRETT HAYHOE

**RESPONDING PARTY:**   Plaintiff ASHLYN PETIT

**SET NO.:**   One (1)

1

**TO DEFENDANT BRETT HAYHOE AND TO ITS ATTORNEYS OF RECORD HEREIN:**

**TO DEFENDANT AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff Ashlyn Petit (hereinafter "Plaintiff" or "Responding Party") hereby responds to Defendant Sergeant Brett Hayhoe's Interrogatories, Set One, pursuant to Federal Rule 33.

These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections on the grounds that it would require the exclusion of any statements contained herein if any interrogatories were asked of, or any statement contained herein were made by, a witness present of testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Except for the explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that this responding party has answered or objected to any interrogatory or any part thereof should not be taken as an admission that it accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such answer or objection constitutes admissible evidence.

Further, discovery, independent investigation, legal research and analysis may reveal additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the stated contentions. The following responses are given without prejudice to this responding party's right to produce evidence of any subsequently discovered or erroneously omitted facts. The response set forth below is made in good

faith. Effort to supply as much factual information and specification of legal contentions as is presently known but are no way to act to the prejudice of this responding party in relation to further discovery, research, and analysis.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State your full name, date of birth, current address, and social security number.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party, by and through her counsel, objects to this interrogatory as overly broad, unduly burdensome, seeking disclosure of confidential personal information, vague, ambiguous, and seeking attorney-client privileged information. Rule 26(a)(1)(A) requires a party to provide, "without awaiting a discovery request . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A); see also Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including . . . the identity and location of persons who know of any discoverable matter."). Social security numbers are private and should only be released on a showing of relevancy and true need for the information. See, e.g., *Bennett v. CSX Transp., Inc.*, No. 5:10-cv-00493-BO, 2011 WL 4527430, at *7 (E.D.N.C. Sept. 26, 2011). Without waiving and subject to the foregoing objections, Responding Party responds as follows:

- Ashyln Petit
- Date of birth: 01/17/2005
- Responding Party may be reached through her counsel of record, Ivie McNeill Wyatt Purcell & Digg, 444 S. Flower Street, Los Angeles, CA 90071, (213) 489-0028
- Responding Party will not disclose her social security number.

**INTERROGATORY NO. 2:**

State the full name, date and place of birth of your biological mother.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and not calculated to lead to the discovery of admissible evidence and not based on the particularized needs of the case. Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Without waiving and subject to the forgoing objections, Responding Party responds as follows:

Nichole Monee Jones, 12/29/1980, Minneapolis, MN.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 3:**

State the full name, date and place of birth of your biological father.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and not calculated to lead to the discovery of admissible evidence and not based on the particularized needs of the case. Fed. R. Civ.

P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Without waiving and subject to the forgoing objections, Responding Party responds as follows:

Jermaine Clodor Petit, 08/20/1982, Miami, FL.

**INTERROGATORY NO. 4:**

Were you ever adopted? If so, state: (a) the jurisdiction in which the adoption proceedings were initiated; (b) the name of the individual(s) who adopted you; and (c) the date on which the adoption was finalized.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it seeks to discover information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Without waiving and subject to the foregoing objections and basing this response on the information and documents presently in Responding Party's possession, custody, and control and on Responding Party's current knowledge, Responding Party responds as follows: No.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 5:**

State your current residence and list each residence address at which you

5

have resided for the past five years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it seeks to discover information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. This interrogatory in additionally objectionable to the extent that it is not relevant and not calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, and basing this response on the information and documents presently in Responding Party's possession, custody, and control and on Responding Party's current knowledge, Responding Party responds as follows:

1. 405 15th Ave SE Minneapolis, MN 55414 – Current
2. 1125 W. Loyal Ave., Chicago, IL 60626
3. 2521 32nd Ave S. Minneapolis, MN 55406
4. 1877 Graham Ave. W., Saint Paul, MN 55116
5. 1157 Blair Ave., Saint Paul, MN 55104

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 6:**

Itemize all economic losses that you contend that you have incurred as a result of the incident that gives rise to this litigation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and not calculated to lead to the discovery of admissible evidence and not based on the particularized needs of the case. Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it

has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Furthermore, Responding Party will not be pursuing a claim for loss or earnings or earning capacity in this action. Relevance in the discovery context is broadly construed, see *Herbert*, 441 U.S. at 177, and a discovery request "should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party," *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2002). Without waiving and subject to the forgoing objections, Responding Party responds as follows: Responding Party will not be pursuing a claim for loss of earnings or earning capacity in this action.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**SPECIAL INTERROGATORY NO. 7:**

Itemize all non-economic losses that you contend that you have incurred as a result of the incident that gives rise to this litigation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it seeks to discover information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. This interrogatory in additionally objectionable to the extent that it seeks to discover expert opinions, analyses, and/or conclusions, as expert disclosures and/or reports pursuant to Fed. R. Civ. P. 26(a)(2) have yet to be exchanged in this matter.

7

A further objection to this interrogatory is made on the ground that it is overly board and unduly burdensome. Without waiving and subject to the foregoing objections, and basing this response on the information and documents presently in Responding Party's possession, custody, and control and on Responding Party's current knowledge, Responding Party responds as follows: As a result of the incident that is the subject matter of this litigation, Responding Party suffered and continues to suffer severe emotional and mental damages, which include, but are not limited to insomnia, anxiety, pain, suffering, inconvenient, and trauma. Furthermore, at the time of the incident until his death, which upon information and belief [his death] was unrelated to this action, decedent, Mr. Petit, was placed in great fear for his life and physical wellbeing, and had suffered from severe mental and emotional pain, suffering, distress, embarrassment, humiliation, anger anxiety, depression, loss of enjoyment of life, diminished and worsening of prior mental injuries such as post-traumatic stress disorder and schizophrenia.

      As a further result of the incident that is the subject matter of this litigation, Responding Party sustained the following damages: damages for compensatory, statutory, treble, special and general damages to an amount proven at trial. Responding Party also seeks punitive damages against Defendant Officers Hayhoe and Glover in this litigation and will seek to recover attorneys' fees under 42 U.S.C. § 1988 if he prevails on his 42 U.S.C. § 1983 claim t trial.

      Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 8:**

      State the name, address and telephone number of each school or other academic or vocational institution you have attended, including (a) the dates you attended each; (b) the highest grade level you have completed; and (c) any degree you received.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it seeks to discover information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Without waiving and subject to the foregoing objections, Responding Party responds as follows:

1. Pratt Community School, 66 Malcolm Ave SE Minneapolis, MN 55414 (2010-2011) (612) 668-1122
2. Horace Mann Elementary, 2001 W Eleanor Ave, Saint Paul, MN 55116 (2011-2016) (651) 293-8965
3. Murray Middle School, 2200 Buford Ave, Saint Paul, MN 55108 (2016-2019) (651) 293-8740
4. Central High School, 275 Lexington Pkwy N, Saint Paul, MN 55104 (2019-2023) (651) 744-4900, High School Diploma (2023)
5. Loyola University Chicago, 1032 W Sheridan Rd, Chicago, IL 60660 (2023-2024) (773) 274-3000
6. University of Minnesota, 100 Church St SE, Minneapolis, MN 55455 (2024-Present) (612) 625-5000

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this request should new or additional information be ascertained.

**SPECIAL INTERROGATORY NO. 9:**

State the name, address and telephone number of each employer you have had over the past five years, including: (a) the name of your supervisor; (b) the nature of the type of work you perform; (c) your current rate of pay; and, (d) the dates of your employment.

**RESPONSE TO ITERROGATORY NO. 9:**

Responding Party, by and through her counsel, objects to this interrogatory

to the extent that it seeks to discover information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Without waiving and subject to the foregoing objections, Responding Party responds as follows:

1. Parkway Pizza, 1909 Lexington Ave N, Saint Paul, MN 55113, Supervisor Lee Moua, Hostess, 16$ an hour, (July 2020- April 2021) (651) 493-4360
2. Saint Paul Parks & Recreation, 25 W 4th St UNIT 400, Saint Paul, MN 55102, Supervisor David Albornoz, Lifeguard, 17$ an hour, (May 2021- August 2021) (651) 266-6400
3. Grand Ole Creamery, 750 Grand Ave, Saint Paul, MN, Alexis Powell, Shift Leader, 13.50$ an hour, (September 2021- August 2023) (651) 293-1655
4. Cafe Racer Kitchen, 2929 E 25th St, Minneapolis, MN 55406, Supervisor Christine Patino, Barista/Server, 18$ an hour, (May 2024- Present) (612) 208-1695

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this request should new or additional information be ascertained.

**INTERROGATORY NO. 10:**

If you contend that during your lifetime, Jermaine Petit contributed financially towards any of your expenses, state the following: (a) the precise amount of such support for each year for the ten years prior to his death; and (b) identify sufficiently for purposes of a subpoena duces tecum any and all documents known to you that support your contention.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it is compound and overly broad in time and scope. To request financial contributions from Mr. Petit over a life time is further harassing, and not calculated to lead the discovery of admissible evidence. Without waiving and

subject to the foregoing objection, Responding Party responds as follows: Jermaine Petit was Responding Party's biological father who provided her with love, attention, affection, comfort, society, and the support of a father. In May 2019, Mr. Petit visited Responding Party, including Responding Party's half-sister, and took them on a shopping spree. In July 2019, Mr. Petit paid for Responding Party airline ticket to visit him. In December 2019, Mr. Petit paid for Responding Party's airline ticket to visit him for Christmas. In 2023, Mr. Petit paid for Responding Party's school trip to New York. In addition, Mr. Petit paid for and contributed to Responding Party's prom dress/accessories, sent her gifts or money on every birthday, Christmas, and back-to-school shopping. Mr. Petit also paid for Responding Party's graduation party and helped Responding Party obtain his VA educational benefits for being a fulltime college student.

Responding Party is unable to provide an estimate for over a lifetime.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this request should new or additional information be ascertained.

**SPECIAL INTERROGATORY NO. 11:**

State the name, address, and telephone number of each hospital where you have been hospitalized during the past ten years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Responding Party, by and through her counsel, objects to this request to the extent that it seeks to request information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. A further objection to this request is made on the ground that it is overly broad, harassing, and unduly burdensome. Responding Party further objects to this request as it seeks to discover aspects of the plaintiff's medical history which are completely unrelated to the issues in this litigation. Even if the question itself were not collateral, there must be some reasonable limit imposed on the scope of defendant's inquiry. Responding

Party is willing to answer the question as it pertains to any claims for injuries in this suit. Anything broader than that invades plaintiff's constitutionally protected privacy right under Article I, Section I of the California Constitution. Moreover, this interrogatory is objectionable on the grounds that it seeks information not relevant and not calculated to lead to the discovery of admissible evidence and not based on the particularized needs of the case. Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," Herbert v. Lando, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)). Responding Party will not provide a response to this interrogatory.

**INTERROGATORY NO. 12:**

State the name, address, and telephone number of each health care provider – including, but not limited to, doctors, physicians, surgeons, osteopaths, chiropractors, podiatrists, dentists, psychologists, psychiatrists and other health care professionals – who have examined or treated you at any time during the past ten years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Responding Party, by and through her counsel, objects to this request to the extent that it seeks to request information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. A further objection to this request is made on the ground that it is overly broad, harassing, and unduly burdensome. Responding Party further objects to this request as it seeks to discover aspects of the plaintiff's medical history which are completely unrelated to the issues in this litigation. Even if the question itself were not collateral, there must

be some reasonable limit imposed on the scope of defendant's inquiry. Responding Party is willing to answer the question as it pertains to any claims for injuries in this suit. Anything broader than that invades plaintiff's constitutionally protected privacy right under Article I, Section I of the California Constitution. Moreover, this interrogatory is objectionable on the grounds that it seeks information not relevant and not calculated to lead to the discovery of admissible evidence and not based on the particularized needs of the case. Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Responding Party will not provide a response to this interrogatory.

**INTERROGATORY NO. 13:**

If Jermaine Petit performed any type of service for you during the past ten years, provide a general description of the services provided to you during that time period.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Responding Party, by and through her counsel, objects to this interrogatory as it seeks information not remotely relevant to the subject matter of this litigation and is thus not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is further objectionable on the grounds that it is vague and ambiguous as to "type of service." Without waiving and subject to the foregoing objections, Responding Party responds as follows: In May 2019, Mr. Petit visited Responding Party, including Responding Party's half-sister, and took them on a shopping spree. In July 2019, Mr. Petit paid for Responding Party airline

ticket to visit him. In December 2019, Mr. Petit paid for Responding Party's airline ticket to visit him for Christmas. In 2023, Mr. Petit paid for Responding Party's school trip to New York. In addition, Mr. Petit paid for and contributed to Responding Party's prom dress/accessories, sent her gifts or money on every birthday, Christmas, and back-to-school shopping. Mr. Petit also paid for Responding Party's graduation party and helped Responding Party obtain his VA educational benefits for being a fulltime college student.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 14:**

Have you received any life insurance proceeds as a result of the death of Jermaine Petit? If so, state: (a) the amount you received in life insurance proceeds; (b) the date on which you were paid those proceeds; and (c) the name, address and telephone number of the company that paid the proceeds.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Responding Party, by and through her counsel, objects to this interrogatory as it seeks information not remotely relevant to the subject matter of this litigation and is thus not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, Responding Party responds as follows: No.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 15:**

Are you a named beneficiary of any policy on the life of Jermaine Petit? If so, state: (a) the amount of the proceeds to be paid to you; (b) the name, address and telephone number of the insurance company; and (c) the policy number.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Responding Party, by and through her counsel, objects to this interrogatory as it seeks information not remotely relevant to the subject matter of this litigation and is thus not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, Responding Party responds as follows: No.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 16:**

Identify (a) all sources of financial support, that you have received for the past five years; and (b) the approximate gross annual support you received from such sources of financial support.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Responding Party, by and through her counsel, objects to this interrogatory as it seeks information not remotely relevant to the subject matter of this litigation and is thus not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this interrogatory is harassing and overly broad. Without waiving and subject to the foregoing objections, Responding Party responds as follows: Upon information and belief, Responding Party believes that her father received VA benefits and social security.

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

**INTERROGATORY NO. 17:**

Was Jermaine Petit survived by any issue that is not a party to the instant lawsuit? If so, state: (a) the name of each such issue; (b) the last known address of each such issue; (c) the name of the mother of each such issue; and (d) the date of

birth of each such issue.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party, by and through her counsel, objects to this interrogatory to the extent that it seeks to discover information which is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Without waiving and subject to the foregoing objections and basing this response on the information and documents presently in Responding Party's possession, custody, and control and on Responding Party's current knowledge, Responding Party responds as follows: Besides Responding Party, Mr. Petit is survived by his mother, Charlotte Blackwell, located at 5108 Inadale Ave., Los Angeles, CA 90043, and his brother, Jermell – unknown contact information at

Investigation and discovery are continuing. Responding Party reserves the right to amend and/or supplement this response should new or additional information be ascertained.

Dated: April 15, 2025        **IVIE McNEILL WYATT PURCELL & DIGGS**

                                    **By:** */s Rodney S. Diggs*
                                    RODNEY S. DIGGS
                                    Attorneys for Plaintiff, ASHLYN PETIT

**VERIFICATION TO FOLLOW**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 3200, Los Angeles, California 90071.

On **April 15, 2025**, I served the foregoing document described as **PLAINTIFF ASHLYN PETIT'S RESPONSES TO DEFENDANT SERGEANT BRETT HAYHOE'S INTERROGATORIES, SET ONE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

[ ]  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court for the Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[ X ]  **BY ELECTRONIC SERVICE**: Pursuant to Federal Rules of Civil Procedure 5(b)(2)(E), California Code of Civil Procedure 1010.6 (a) (2) & (e), and/or by agreement of the parties, service has been made by emailing the aforementioned document(s) to the person(s) at the e-mail address(es) listed above. No error message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

[✓]  (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **April 15, 2025,** Los Angeles, California.

*/s/ Alice D. Williams*
Alice D. Williams