RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to Jermaine Petit, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO.1 TO EXCLUDE EVIDENCE OF OR REFERENCES TO JERMAINE PETIT'S CRIMINAL HISTORY**<br><br>*Declaration of Rodney Diggs and Exhibits*<br><br><u>Motion in Limine Hearing</u><br>Date: 2/2/2026<br>Time: 1:30 p.m.<br><br><u>Trial</u><br>Date: 2/17/2026<br>Time: 9:00 a.m. |

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD AND THIS HONORABLE COURT,**

**PLEASE TAKE NOTICE THAT** that Plaintiff hereby moves *in limine* for

1

an order excluding any evidence, testimony, argument, or reference at trial to Plaintiff Jermaine Petit's criminal history, including: (1) contacts with law enforcement, arrests, charges, convictions, and periods of incarceration occurring prior to this incident; (2) criminal charges filed against Mr. Petit arising from this incident. Plaintiff makes this Motion pursuant to Federal Rules of Evidence 401, 402, 403, and 404.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance**: This Motion is made following a conference of counsel during which no resolution could be reached.

Dated: January 14, 2026        IVIE MCNEILL WYATT PURCELL & DIGGS

By: */s/ Rodney S. Diggs*
Rodney S. Diggs
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated:  January 14, 2026        LAW OFFICES OF DALE K. GALIPO

By:  */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights case arises from the shooting of Jermaine Petit ("Mr. Petit") by City of Los Angeles Sergeant Brett Hayhoe and Officer Daryl Glover on July 18, 2022. On Plaintiff's facts, Mr. Petit posed no immediate threat of death or serious bodily injury to any person at the time of the shots, including because Mr. Petit was unarmed and never turned toward the officers with the object in his hand. Therefore, the shooting violated Petit's rights to be free from excessive and unreasonable force under federal and state law. Plaintiff Ashlyn Petit, who is Mr. Petit's daughter, brings state and federal causes of action for: (1) Excessive Force under 42 U.S.C. § 1983 and the Fourth Amendment; (2) Denial of Medical Care under 42 U.S.C. § 1983 and the Fourth Amendment; (3) Municipal Liability— Unconstitutional Custom, Practice, or Policy; (4) Battery; (5) Negligence; (6) Violation of Cal. Civil Code § 52.1; (7) Intentional Infliction of Emotional Distress. This Motion seeks to exclude all evidence of and reference to Mr. Petit's criminal history – both before and after the incident – because such evidence is irrelevant, unfairly prejudicial, constitutes improper character evidence, and would violate the fundamental principle that use of force must be evaluated solely from the perspective of what the officers knew at the moment force was used. At the time of the incident, neither Sergeant Hayhoe nor Officer Glover had had any information as to whether Mr. Petit had a criminal history. [*See* Dkt. 87-1 and 87-5 (**Exhibit A,** Glover Depo. at 22:7-9; 44:22-45:2; **Exhibit B**, Hayhoe Depo. at 15:7-11, 52:13-14); (; Diggs' Decl ¶¶ 2, 3). After the shooting, Mr. Petit was charged with brandishing a replica gun (PC §417.4-M) and resisting arrest (PC §148(a)(1)) arising from the July 18, 2022, incident.

Plaintiff anticipates that Defendants will attempt to introduce inflammatory evidence of Mr. Petit's criminal history for the purpose of unduly prejudicing Plaintiff and misleading the jury into thinking that such evidence can be used to justify the officers' use of force or reduce Plaintiff's compensatory damages. Such

evidence would improperly invite the jury to conclude that Mr. Petit "deserved" to be shot or that his damages should be diminished based on his character rather than the objective reasonableness of the officers' actions. Accordingly, by way of this motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference to Mr. Petit's criminal history, including: (1) contacts with law enforcement, arrests, charges, convictions, and periods of incarceration occurring prior to this incident; (2) criminal charges filed against Mr. Petit arising from this incident.

## II. ARGUMENT

### A. Evidence of Mr. Petit's Criminal Record is not Relevant.

Since the United States Supreme Court first elucidated the Fourth Amendment reasonableness standard in police use of force cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Glenn v. Washington Cnty.*, 673 F.3d 864, 873, n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Accordingly, juries in the Ninth Circuit are expressly instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id.*; Ninth Circuit Model Jury Instruction 9.25; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Relevant evidence is only that "evidence having [a] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Here, Mr. Petit's

criminal history has zero relevance to the central question in this case, which is whether the officers' use of deadly force was objectively reasonable based on the facts and circumstances confronting them at the moment he fired his weapon. The Los Angeles City Attorney's Office filed two counts of brandishing an imitation firearm (Penal Code § 417.4) and two counts of resisting arrest (Penal Code § 148(a)(1)) against Mr. Petit on September 20, 2022—more than two months after the July 18, 2022, shooting. Defendant Officers had no knowledge of these charges at the time they used deadly force because the charges did not yet exist, rendering them irrelevant to the reasonableness analysis under *Graham v. Connor*.

In light of how the jury will be instructed and given the great weight of Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about Mr. Petit's criminal record (both before and after the incident) would violate this well-established precedent. Given that this hindsight evidence is not relevant to the jury's reasonableness determination, any probative value would be substantially outweighed by the risk of unfair prejudice that the jury would rest its decision on an improper basis and judge the officers' conduct with 20/20 hindsight.

### B. Evidence of Mr. Petit's Criminal Record is Unfairly Prejudicial, a Waste of Judicial Time, and Confusing to the Jury.

As described above, Mr. Petit's criminal record has no probative value in this case. In the alternative, if there is any probative value to this evidence, it is substantially outweighed by the danger of unfair prejudice. Accordingly, it should be excluded under Rule 403 of the Federal Rules of Evidence.

Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

With respect to Mr. Petit's criminal record prior to the shooting, there is a real danger that the jury might incorrectly assume that because Mr. Petit committed crimes in the past, he was committing a crime at the time of this incident. This includes a 2014 incident described by Defendants retained expert Phillip Sanchez wherein Mr. Petit's mother called the police because Mr. Petit almost lit the house on fire, as well as the multiple debit cards found in Mr. Petit's backpack after the shooting. Admission of any evidence of Mr. Petit's criminal record poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether the officers' use of deadly force was objectively reasonable under the circumstances. Mr. Petit is not on trial. His prior conduct does not bear on the reasonableness of the officers' conduct. If Defendants are permitted to introduce evidence of Mr. Petit's criminal history, record, then that will compel Plaintiff to explain the circumstances of these acts or otherwise to try to mitigate their prejudicial impact. This will distract the jury from its central task and will unduly consume this Court's and the jury's time. *See Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir. 1993) (finding it improper in a civil rights case against officers for the district court to admit plaintiff's criminal history—turning "trial of the defendants into a trial of the plaintiff").

With respect to the charges filed against Mr. Petit relating to the July 18, 2022, incident, there is an additional layer of acute danger that the jury will reach a conclusion based on improper considerations and assumptions and admitting

evidence of these criminal charges would be highly prejudicial under Federal Rule of Evidence 403, as it would improperly suggest to the jury that Mr. Petit's conduct was criminal, and that the officers' use of force was therefore justified—despite the fact that the very basis for these charges is the disputed subject matter of this civil rights action. Allowing Defendants to introduce charges they themselves caused to be filed would create circular reasoning: the officers shot Mr. Petit, then prosecutors charged him with brandishing based on evidence recovered after the shooting, and now Defendants seek to use those charges to retroactively justify the shooting. The charges are inadmissible character evidence that would unfairly prejudice the jury against Mr. Petit and undermine the constitutional inquiry this jury must undertake.

### C. Mr. Petit's Criminal Record is Improper Character Evidence

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Introduction of Mr. Petit's criminal record would suggest an improper inference based on character evidence, to the extent that the jury might infer from the fact that Mr. Petit engaged in bad conduct on another occasion that he gave the officers probable cause to believe that he had committed a crime on the date in question. *See Evans v. City of San Diego*, 913 F. Supp. 2d 986, 992-93 (S.D. Cal. 2012) (in false arrest case, evidence of plaintiff's conduct outside the time frame of the arrest is inadmissible character evidence). Since any evidence of Mr. Petit's criminal record would require an inference as to Mr. Petit's character to make it relevant, such that it is inadmissible.

### D. Any Reports Pertaining to Mr. Petit's Criminal History Are Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Finally, any reports containing the above information would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of

one or more statements that are themselves hearsay. Accordingly, this evidence should also be excluded on this ground.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court grant Plaintiff's motion *in limine* to exclude all information regarding Mr. Petit's criminal history, including (1) contacts with law enforcement, arrests, charges, convictions, and periods of incarceration occurring prior to this incident; (2) criminal charges filed against Mr. Petit arising from this incident

Respectfully submitted,

Dated: January 14, 2026        IVIE MCNEILL WYATT PURCELL & DIGGS

By: */s/ Rodney S. Diggs*
Rodney S. Diggs
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated: January 14, 2026        LAW OFFICES OF DALE K. GALIPO

By: */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.