**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: rdiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, 32nd Floor
Los Angeles, California 90071
Telephone:  (213) 489-0028
Facsimile:   (213) 489-0552

Attorneys for Plaintiff, JERMAINE PETIT

DALE K. GALIPO, Esq. (SBN 144074)
Email: dalegalipo@yahoo.com
RENEE V. MASONGSONG, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
**THE LAW OFFICE OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone:  (818) 374-3333
Facsimile:   (818) 347-4118
Attorneys for Plaintiff, JERMAINE PETIT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-in-Interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23−cv−00789 ODW(PVCx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE THE DISTRICT ATTORNEY'S CONCLUSIONS AND THE CITY OF LOS ANGELES' FINDINGS**<br><br>Motion in Limine Hearing<br>Date: 2/2/2026<br>Time: 1:30 p.m.<br><br>Trial<br>Date: 2/17/2026<br>Time: 9:00 a.m. |

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff hereby moves *in limine* for an order

1

excluding the following:

(1) Any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that Officer Daryl Glover's and Sergeant Brett Hayhoe's use of deadly force against Jermaine Petit was justified, reasonable, and/or not criminal;

(2) Any evidence, testimony, argument, or reference at trial to the District Attorney's decision not to press charges against Officer Daryl Glover and Sergeant Brett Hayhoe's, including any reference (whether implicit or explicit) to the fact that the District Attorney reviewed the shooting incident;

(3) Any evidence, testimony, argument, or reference at trial to any findings by the City of Los Angeles that Officer Daryl Glover's and Sergeant Brett Hayhoe's use of deadly force against Mr. Petit was reasonable, justified, within policy, and/or did not require any discipline or retraining.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case. This Motion is also made on the grounds that the District Attorneys' conclusions, including the District Attorney's report or letter, as well as the City's findings with respect to the shooting, are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

/ / /
/ / /
/ / /
/ / /
/ / /

**Statement of Local Rule 7-3 Compliance**: This Motion is made following a conference of counsel during which no resolution could be reached.

Dated: January 14, 2026         IVIE MCNEILL WYATT PURCELL & DIGGS

By: */s/ Rodney S. Diggs*
Rodney S. Diggs
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated:  January 14, 2026         LAW OFFICES OF DALE K. GALIPO

By:  */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion, Plaintiff seeks to exclude any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that Officer Daryl Glover's and Sergeant Brett Hayhoe's use of deadly force against Plaintiff Jermaine Petit was any of the following: (1) not criminal; (2) reasonable; and/or (3) justified. Plaintiff further seeks to exclude any evidence, testimony, argument or reference at trial to the District Attorney's decision not to press charges against Officer Daryl Glover and Sergeant Brett Hayhoe. Also, by way of this Motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference at trial to the City of Los Angeles's findings that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified. Along these lines, Plaintiff also seeks to exclude any evidence or argument that Officer Daryl Glover and Sergeant Brett Hayhoe were not disciplined or required to undergo any retraining relating to his conduct during the shooting incident.

This Motion in Limine is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiff under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the District Attorney's written conclusions and Public Information Release Memorandum, as well as the City's findings are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

II. **ARGUMENT**

**A. This Evidence Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.**

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."). This includes the post-shooting findings of the City of Los Angeles, as well as the conclusions of the District Attorney. At trial, the jury must determine whether Officer Daryl Glover and Sergeant Brett Hayhoe's used unreasonable force and was negligent when he shot Mr. Petit. To determine whether the shooting was lawful, the jury will be asked to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Petit] posed an immediate threat to the safety of [the officers] or others." Ninth Circuit Manual of Model Jury Instructions, No. 9.25.

What the City of Los Angeles investigators and/or the District Attorney purport to determine or conclude *ex post facto* about the reasonableness of the shooting does not bear on any disputed fact or on any element of any claim or defense in this case. Indeed, the subsequent findings of the City of Los Angeles, as well as the subsequent conclusions of the District Attorney, are in no way probative of the factual circumstances confronting Officer Glover and Sergeant Hayhoe at the time of the shooting incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Petit's rights under federal and state law. Because evidence of the City's findings and the District Attorney's conclusions are not probative of any fact of consequence to the determination of the action, this

evidence should be excluded. This includes the City's decision not to discipline or retrain Officer Glover and Sergeant Hayhoe for their conduct during the shooting incident.

      This evidence is also irrelevant to Plaintiff's *Monell* claim, which is framed as a claim for Unconstitutional Custom, Practice and Policy. Any findings that the City of Los Angeles determined the shooting to be "within policy," or the City's decision not to discipline or retrain Officer Glover and Sergeant Hayhoe for their conduct during the incident, would be relevant only to a *Monell* claim for Ratification of Officer Glover's and Sergeant Hayhoe's July 18, 2022 shooting, and Plaintiff does not maintain a claim for Ratification. To prove his *Monell* Claim for Unconstitutional Custom, Practice and Policy, which incorporates a failure to train, Plaintiff need only show evidence of other unjustified shootings by the City of Los Angeles officers, including the following cases cited in Plaintiff's opposition to Defendants' Motion for Summary Judgment (Dkt. 87): *P.C. v. City of Los Angeles, No. CV 07-3413-PLA.*; *Estate of Hernandez v. City of Los Angeles, 139 F.4th 790 (9th Cir. 2025)*. "[A] custom or practice can be supported by evidence of repeated constitutional violations." *Hunter v. Cty. of Sacramento*, 652 DF.3d 1225, 1236 (9th Cir. 2011).

      Plaintiff's *Monell* claim asserts in part that the City of Los Angeles has an unconstitutional custom, practice, and policy of failing to adequately train its officers with respect to the use of deadly force. Plaintiff may thus further support his *Monell* claim by presenting evidence of Officer Glover's and Sergeant Brett Hayhoe's training, including that Glover's and Hayhoe's deposition testimony reveals fundamental gaps in basic constitutional training. On the day in question Officer Glover testified that he originally contacted Mr. Petit while he was walking on the sidewalk in a residential neighborhood. Glover then followed Mr. Petit for minutes and confirmed he never saw a firearm in his hands. In fact, when asked if part of his

officer training was to yell "gun" to nearby officers when contacting a suspect with a firearm, Glover stated this was something that officers practice to ensure officer safety. Further, Glover stated he did not yell "gun" on that day. Instead, he stated "oh shoot do you see that". At no point during this encounter did Glover communicate there was a firearm present to other officers. (***Exhibit A***, Glover's Depo 28-30; Diggs' Decl ¶ 3). This statement came minutes before Mr. Petit was shot by the officers. Most importantly, Officer Glover's partner, Officer Martinez, communicated to Officer Glover that Petit was not holding a firearm. (***Exhibit A***, Glover's Depo 31:4-11; Diggs' Decl ¶ 3). Officer Glover never detected a firearm before using lethal force.

Further, Sergeant Hayhoe testified that he tracked and observed Mr. Petit for about eighty (80) feet and never observed a firearm. (***Exhibit B***, Hayhoe's Depo 33:3-34:24; Diggs' Decl ¶ 4). Further, Sergeant Hayhoe testified to firing the first shot from inside of his patrol vehicle. (***Exhibit B***, Hayhoe's Depo 39:21- 42:23; Diggs' Decl ¶ 4). This testimony demonstrates that the City's training program systematically failed to train on basic Fourth Amendment standards, creating a blueprint for constitutional violations because the officer's made a clear and conscious disregard when Hayhoe resorted to lethal force by firing his weapon from his vehicle without the detection and uncertainty of imminent death or great bodily injury.

The District Attorney's conclusions are also irrelevant to Plaintiff's *Monell* claim. Plaintiff's *Monell* claim asserts that the City of Los Angeles has an unconstitutional custom, practice, and policy. Obviously, this claim is not asserted against the District Attorney, and the District Attorney's office is a separate entity from the Los Angeles Police Department. Unlike the police department, the District Attorney's office bases its findings and conclusions on criminal standards, which are not applicable to Plaintiff's civil claims. The District Attorney's findings and

conclusions, including the District Attorney's decision not to prosecute Officer Glover and Sergeant Hayhoe, have no bearing on whether the Los Angeles Police Department maintained an unconstitutional custom, practice, and policy of failing to adequately train its officers and fostering an environment where the officers use excessive force.

### B. This Evidence is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.

Even if the foregoing evidence had some speculative probative value, which Plaintiff contends it does not, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented and not based on what an authority figure has already decided. The danger presented by this kind of testimony is acute. Determining the reasonableness of Officer Glover's and Sergeant Hayhoe's actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the City of Los Angeles, as well as the conclusions of the District Attorney. On the basis of the testimony of authority figures or official-sounding determinations by high-ranking officials, the jury might be tempted to disregard the evidence presented at trial and the law and the jury instructions, and instead decide that the shooting of Mr. Petit was justified simply because an authority figure already purported to have determined that the shooting was justified. The jury might feel bound to abide by the conclusions of the District Attorney and/or the findings of the City of Los Angeles rather than reaching its own independent conclusions based on all of the evidence.

Moreover, the District Attorney's office makes a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, as opposed to the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that the District Attorney reviewed this shooting and opted not to criminally prosecute Officer Glover and Brett Hayhoe will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against Officer Glover and Sergeant Hayhoe. When balanced against the substantial risk that the District Attorney's conclusions or the findings of the City of Los Angeles may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. This Evidence is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Any entity's determination—including the District Attorney's April 8, 2024, "Public Information Release Memorandum" and the City's findings—that the shooting was "justified," "within policy," "lawful," and/or "not criminal" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the County's findings and District Attorney's conclusions themselves are hearsay if offered at trial to prove that Officer Glover's and Sergeant Hayhoe's conduct was reasonable. If documentation of the findings and/or conclusions are

proffered at trial, such as the District Attorney's report or letter, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the shooting, the findings and conclusions would constitute or incorporate multiple hearsay. Furthermore, the District Attorney's report and the City's internal investigation reports contain a host of inadmissible evidence that this Court may order excluded based on Plaintiff's other motions *in limine*. Accordingly, Plaintiff contends that such written determinations, findings, and/or conclusions would be hearsay and are inadmissible on this ground.

### III.  CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion in Limine and issue an order excluding these post shooting findings.

Dated: January 14, 2026          IVIE MCNEILL WYATT PURCELL & DIGGS

By: */s/ Rodney S. Diggs*
Rodney S. Diggs
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated:  January 14, 2026          LAW OFFICES OF DALE K. GALIPO

By: */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.