RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:  (213) 489-0028
Fax:  (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:  (818) 347-3333
Fax:  (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to Jermaine Petit, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF OR REFERENCE JERMAINE PETIT'S DRUG AND ALCOHOL USE**<br><br>*Declaration of Rodney Diggs and Exhibits*<br><br><u>Motion in Limine Hearing</u><br>Date: 2/2/2026<br>Time: 1:30 p.m.<br><br><u>Trial</u><br>Date: 2/17/2026<br>Time: 9:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff hereby moves *in limine* for an order excluding any evidence, reference to, and argument regarding Jermaine Petit's drug

1

and alcohol use, including but not limited to: (1) any testimony by any witness, including but not limited to Defendants' retained experts Gary Vilke, Marc Cohen, and Thomas Hedge, as well as medical examiner Kevin Young, as well as medical examiner Kevin Young; (2) any information that Mr. Petit was under the influence at the time of the July 18, 2022 shooting; (3) any information that Mr. Petit had a history of substance abuse; (4) any information that Mr. Petit received treatment or was hospitalized for substance abuse disorder; (5) any hearsay statements regarding Mr. Petit's drug and/or alcohol use contained in any medical records or police reports; (6) any information regarding empty alcohol bottles and butane lighters or other drug/alcohol paraphernalia found in Mr. Petit's residence with his skeletal remains; (7) the glass pipe with methamphetamine residue and broken pipes recovered from the scene after Mr. Petit was shot.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case. This Motion is also made on the grounds that any written reports containing this information are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance**: This Motion is made following a conference of counsel during which no resolution could be reached.

Dated: January 14, 2026          IVIE MCNEILL WYATT PURCELL & DIGGS

By: **/s/ Rodney S. Diggs**
Rodney S. Diggs
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated: January 14, 2026         LAW OFFICES OF DALE K. GALIPO

                                 By:   ***/s/ Renee V. Masongsong***
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of the shooting of Jermaine Petit by Los Angeles Police Department Sergeant Brett Hayhoe and Officer Daryl Glover. The key issue in this case is whether the officers' use of deadly force against Mr. Petit was excessive and unreasonable. It is well settled that information unknown to the involved officers at the time of the shooting incident is irrelevant to the determination of whether a reasonable officer in the position of Sergeant Hayhoe and Officer Glover would have had an objectively reasonable belief that there was an immediate threat of death or serious bodily injury at the time of the shots. In this case, the officers did not have any information about Mr. Petit's drug or alcohol use, including whether he was under the influence at the time of the shooting. (***Exhibit A***, Glover's Depo. at 22:10-12; Diggs' Decl ¶ 3, ***Exhibit B***; Diggs' Decl ¶ 4 ). Nonetheless, Plaintiff anticipates that Defendants will attempt to introduce evidence of Mr. Petit's drug and alcohol use at trial, including information that Mr. Petit may have had methamphetamine and cocaine in his system at the time of the shooting, and information that Mr. Petit had a history of substance abuse.

Therefore, to avoid prejudice to Plaintiff and to streamline the evidence only to that which is relevant, Plaintiff seeks to exclude any evidence of, reference to, or argument regarding Jermaine Petit's drug and alcohol use, including but not limited to: (1) any testimony by any witness, including but not limited to Defendants' retained experts Gary Vilke, Marc Cohen, and Thomas Hedge, as well as medical examiner Kevin Young; (2) any information that Mr. Petit was under the influence at the time of the July 18, 2022 shooting; (3) any information that Mr. Petit had a history of substance abuse; (4) any information that Mr. Petit received treatment or was hospitalized for substance abuse disorder; (5) any hearsay statements regarding Mr. Petit's drug and/or alcohol use contained in any medical records or police reports; (6) any information regarding and photographs of empty alcohol bottles and

butane lighters or other drug/alcohol paraphernalia found in Mr. Petit's residence with his skeletal remains; (7) the glass pipe with methamphetamine residue and broken pipes recovered from the scene after Mr. Petit was shot.

This evidence has no bearing on whether the shooting was excessive and unreasonable and only serves to detract the jury from the key issue in the case and paint Mr. Petit as undeserving of redress for his serious physical injuries caused by the shooting. Further, any argument that the drugs in Mr. Petit's system had caused Mr. Petit to act a certain way during the incident is purely speculative.

Plaintiff seeks to exclude the foregoing evidence on the following grounds: First, this evidence is irrelevant pursuant to Federal Rules of Evidence ("FRE"), Rules 401 and 402, because this evidence is immaterial to the issues to be decided by the jury, as it was unknown to the officers at the time of the shooting. Second, this evidence should be excluded under FRE 403 on the grounds that it would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiff under FRE 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this evidence constitutes improper character evidence under FRE 404. Finally, any reports containing this evidence constitute hearsay for which there is no exception under FRE 801, 802.

## II. ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under FRE 402.

FRE 402 states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 (4th Cir. 2011) (noting district court's decision that the plaintiff's "criminal

history and possession of illegal narcotics . . . are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff]"); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

      Evidence of Mr. Petit's drug and alcohol use is irrelevant to whether it was objectively reasonable for the officers to use deadly force against Mr. Petit. The jury must evaluate the decision to use deadly force based on what a reasonable officer at the time would have perceived. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Use of subsequent test results is the very essence of "20/20 hindsight" vision. In this case, the officers did not have any information about Mr. Petit's drug or alcohol use, including whether he was under the influence at the time of the shooting. (***Exhibit A***, Glover's Depo. at 22:10-12; Diggs' Decl ¶ 3, ***Exhibit B***; Diggs' Decl ¶ 4). Obviously, the officers could not have known the results of the toxicology screening at the time of the shooting. The constitutional inquiry requires the jury to place itself in the officers' shoes at the moment of the shooting, not to reconstruct alternative explanations for Mr. Petit's conduct based on subsequently discovered toxicology results.

      The post-shooting drug evidence also does not help to resolve any disputed factual issue. The central dispute in this case is whether Mr. Petit posed an immediate threat of death or serious bodily injury to the officers at the time of the shooting. The jury will weigh the evidence presented at trial to determine which factual scenario is true. Mr. Petit's drug or alcohol use does not help resolve this dispute. The officers do not claim to have shot Mr. Petit because he thought he was

under the influence. Further, Defendants have not retained any expert to examine the level of drugs in Mr. Petit's system, or to discuss the impact of Mr. Petit's drug use on his conduct during the incident. Therefore, any argument that the officers' version of the events is more likely to be true because Mr. Petit had some level of drugs in his system, or that Mr. Petit acted a certain way because he used drugs prior to the incident, is purely speculative.

### B. This Evidence Is Unduly Prejudicial and Should be Excluded Under FRE 403.

It is axiomatic that evidence of drug or alcohol use has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, is nil. Accordingly, this evidence should also be excluded under FRE 403. FRE 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

In their Rule 26 reports, Defendants' experts Gary Vilke, Marc Cohen, and Thomas Hedge summarize Mr. Petit's history of substance abuse. This includes a host of prejudicial information, including: (1) Mr. Petit was under the influence of methamphetamine and cocaine at the time of the shooting; (2) Mr. Petit was admitted to the VA hospital for polysubstance abuse three times after the date of the shooting; (3) Mr. Petit was admitted to a drug rehab center in 2014; (4) according to hearsay statements in the medical records, Mr. Petit's substance abuse may have made him aggressive and hostile. The report by medical examiner Dr. Kevin Young also noted

Mr. Petit's history of substance use and alcohol use. The photographs of Mr. Petit's skeletal remains include photographs of empty alcohol bottles and butane lighters. Plaintiff seeks to exclude all of the foregoing information.

Evidence of drug use like the foregoing can only serve to unjustly inflame a jury's passions and prejudices against Mr. Petit and is highly likely to mislead the jury into reaching a verdict that reflects its consideration of Mr. Petit's drug use to justify the use of force or limit Mr. Petit's damages on an improper basis.

*See Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under FRE 403 and stating, "In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society"); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming district court's ruling that barred "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff on October 22, 2011 would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler v. City of Fresno*, 2008 WL 2954179, at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial because not known by Defendants); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and hypodermic needle and possession of

heroin . . . are unquestionably highly prejudicial."); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone . . . can be highly prejudicial and arouse jury sentiment against a party-witness.").

    Moreover, evidence of methamphetamine and cocaine use carries particularly inflammatory connotations that would unfairly bias the jury against Mr. Petit and distract from the central question: whether the officers' use of deadly force was objectively reasonable based on what they knew at the time. The danger of unfair prejudice, confusion of issues, and misleading the jury substantially outweighs any minimal probative value this evidence might possess. *See Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Refuting the inferences that Defendants may attempt to raise regarding Mr. Petit's drug and alcohol use will necessitate a mini trial on collateral issues, which would be a waste of court time.

### C. This Evidence Constitutes Impermissible Character Evidence Under FRE 404

    FRE 404(a) provides that "Evidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Under FRE 404, evidence of drug use cannot be used to show Mr. Petit's character or that he acted or would have acted in conformity with any negative character trait in the future. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ."). The introduction of drug and alcohol evidence would invite the jury to engage in improper character reasoning, concluding that Mr. Petit was a drug user who somehow deserved to be shot or posed an inherent danger due to substance use. This

impermissible inference would shift focus from the officers' conduct to Mr. Petit's character and lifestyle choices, undermining the constitutional analysis required in excessive force cases.

Because evidence of drug use requires an inference of Mr. Petit's character to make it relevant, it should alternatively be excluded on this ground. Moreover, Ninth Circuit case law is clear that "'[c]haracter evidence' is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Accordingly, this evidence should alternatively be excluded under Rule 404.

### D. This Evidence Is Hearsay Under FRE 801 and 802.

Finally, any reports containing this information, including the Rule 26 reports by defense experts Gary Vilke, Marc Cohen, and Thomas Hedge, police reports, and Mr. Petit's medical records, constitute hearsay under FRE 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. Accordingly, any documents containing information regarding Mr. Petit's drug and alcohol use would be hearsay and should also be excluded on this ground.

### III.   CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding any evidence of Mr. Petit's drug and alcohol use in any form, including: (1) any testimony by any witness, including but not limited to Defendants' retained experts Gary Vilke, Marc Cohen, as well as medical examiner Kevin Young; (2) any information that Mr. Petit was under the influence

at the time of the July 18, 2022 shooting; (3) any information that Mr. Petit had a history of substance abuse; (4) any information that Mr. Petit received treatment or was hospitalized for substance abuse disorder; (5) any hearsay statements regarding Mr. Petit's drug and/or alcohol use contained in any medical records or police reports; (6) any information regarding empty alcohol bottles and butane lighters or other drug/alcohol paraphernalia found in Mr. Petit's residence with his skeletal remains; (7) the glass pipe with methamphetamine residue and broken pipes recovered from the scene after Mr. Petit was shot.

Dated: January 14, 2026         IVIE MCNEILL WYATT PURCELL & DIGGS

                                By: **/s/ Rodney S. Diggs**
                                Rodney S. Diggs
                                Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated:  January 14, 2026         LAW OFFICES OF DALE K. GALIPO

                                By:  **/s/ Renee V. Masongsong**
                                Dale K. Galipo
                                Renee V. Masongsong
                                Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.