1  **RODNEY S. DIGGS, Esq. (SBN 274459)**
   Email: rdiggs@imwlaw.com
2  **IVIE McNEILL WYATT PURCELL & DIGGS**
   444 South Flower Street, 32nd Floor
3  Los Angeles, California 90071
   Telephone:  (213) 489-0028
4  Facsimile:   (213) 489-0552

5  Attorneys for Plaintiff, JERMAINE PETIT

6  DALE K. GALIPO, Esq. (SBN 144074)
   Email: dalegalipo@yahoo.com
7  RENEE V. MASONGSONG, Esq. (SBN 281819)
   Email: rvalentine@galipolaw.com
8  **THE LAW OFFICE OF DALE K. GALIPO**
   21800 Burbank Blvd., Suite 310
9  Woodland Hills, CA 91367
   Telephone:  (818) 374-3333
10 Facsimile:   (818) 347-4118

   Attorneys for Plaintiff, JERMAINE PETIT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-in-Interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23−cv−00789 ODW(PVCx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF AFTER-ACQUIRED INFORMATION CONCERNING JERMAINE PETIT**<br><br><u>Motion in Limine Hearing</u><br>Date: 2/2/2026<br>Time: 1:30 p.m.<br><br><u>Trial</u><br>Date: 2/17/2026<br>Time: 9:00 a.m. |

TO THIS HONORABLE COURT, AND TO DEFENDANTS AND THEIR ATTORNEYS OR RECORD HEREIN:

PLEASE TAKE NOTICE THAT Plaintiff Ashlyn Pettit ("Plaintiff")

1

hereby moves *in limine* seeking to exclude evidence of or reference to information concerning decedent Jermaine Petit ("Mr. Petit") that was unknown to Defendant Officers Daryl Glover and Brett Hayhoe (collectively "Defendant Officers") at the time of the incident, which includes, but not limited to, any evidence or testimony regarding (1) Mr. Petit's criminal history and other bad acts allegedly attributed to Mr. Petit, including any charges filed against Mr. Petit after the shooting incident (See Plaintiff's MIL No. 1); (2) Mr. Petit's history of drug and alcohol use (See Plaintiff's MIL No. 3); (3)any 911 calls not heard by Defendant Officers prior to the shooting; (4) items found inside Mr. Petit's backpack after the shooting; (5) the circumstances of Mr. Petit's death, including his skeleton remain, photographs of items found in his house when his remains were located; (6) other information about Mr. Petit which was not known to the Defendant Officers at the time of the shooting incident; and (7) for an order instructing Defendants and Defendants' counsel and requiring counsel to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission to the Court outside the jury's presence and hearing;
2. Not to make known the fact that this Motion has been filed;
3. To warn and caution each of Defendants' witnesses to strictly follow the same instructions.

Plaintiff seeks to exclude evidence concerning decedent Jermaine Petit's criminal history and other bad acts allegedly attributed to Mr. Petit, including any charges filed against Mr. Petit after the shooting incident; Mr. Petit's history of drug and alcohol use; any 911 calls not heard by Defendant Officers prior to the shooting; items found inside Mr. Petit's backpack after the shooting; the circumstances of Mr. Petit's death, including his skeleton remain, photographs of items found in his house when his remains were located; and other information about Mr. Petit which was

not known to the Defendant Officers at the time of the shooting incident because the probative value of that evidence is substantially outweighed by the dangers of unfair prejudice, confusing the issues, undue delay, and wasting time, and should be excluded under Federal Rule of Evidence 401, 402, 403, and 404.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Rodney S. Diggs, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance:** This Motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: January 14, 2026         IVIE MCNEILL WYATT PURCELL & DIGGS

By: **/s/ Rodney S. Diggs**
Rodney S. Diggs
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated:  January 14, 2026         LAW OFFICES OF DALE K. GALIPO

By:  **/s/ Renee V. Masongsong**
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

During the evening of July 18, 2022, Plaintiff's decedent, Jermaine Petit, was shot multiple times by Los Angeles Police Department Officers Daryl Glover and Brett Hayhoe at the northeast corner of Martin Luther King Jr. Boulevard and Bronson Avenue in Los Angeles. The non-fatal shooting of Jermaine Petit violated Mr. Petit's rights to be free from excessive and unreasonable force under federal and state law. Despite surviving the initial shooting, Mr. Petit endured two years of severe physical and psychological suffering before he was found deceased in his home on August 4, 2024. His cause and manner of death remain undetermined, as only his skeletonized remains were discovered. Plaintiff Ashlyn Petit, Mr. Petit's daughter and successor-in-interest, now brings this action for 1) Excessive Force under 42 U.S.C. § 1983 and the Fourth Amendment; 2) Monell Claim; 3) Denial of Medical Care; 4) Assault/Battery; 5) Negligence; 6) Violation of the Bane Act; 7) Intentional Infliction of Emotional Distress; and 8) Violation of 42 U.S.C. § 12101 Et Seq. (Ada).

## II. ARGUMENT

### A. Facts and Circumstances which are not Known to the Defendant Officers on the Scene are Irrelevant to the Issue of Liability in an Excessive Force Case

The main issues in this case concern the reasonableness of Officers Hayhoe and Glover's use of deadly and unreasonable force against Jermaine Petit. The reasonableness of an officer's use of force is judged from the perspective of a reasonable officer on the scene. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness inquiry in an excessive force case is an objective one; the officer's actions are evaluated in light of the facts and circumstances that are known to the officer at the time force is used, and not with the 20/20 vision of hindsight. See id. at 396-97. Facts and circumstances which are not known to the officer on the scene

are not relevant to the determination of the objective reasonableness of the officer's use of force. See *Hayes v. County of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) (suspect's intoxication was not relevant to the determination of the reasonableness of the deputies' use of force because the deputies did not know the suspect was intoxicated); *Glenn v. Washington County*, 673 F.3d 864, 873 & n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware — the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways.")

Since the United States Supreme Court first elucidated the Fourth Amendment reasonableness standard in police use of force cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. See *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Glenn v. Washington Cnty.*, 673 F.3d 864, 873, n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware."

Accordingly, juries in the Ninth Circuit are expressly instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id.*; Ninth Circuit Model Jury Instruction 9.25; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Relevant evidence is only that "evidence having [a] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

/ / /

### B. 911 Calls Made by Citizens Reporting the Incident Should be Excluded

Evidence of the 911 call recordings should be excluded because Defendant Officers never heard them. While Defendant Officers Glover, Martinez, and Hayhoe received filtered radio broadcasts from Communications Division that summarized certain information from the 911 callers, they never heard the actual 911 calls or the callers' direct statements, tone, demeanor, hesitations, or descriptions as conveyed to the 911 operators. The constitutional reasonableness of their use of force must be evaluated solely based on what they actually knew at the moment they acted. Admitting the 911 recordings would allow the jury to hear detailed information—including the callers' uncertainty, specific language choices, and changing descriptions—that was never available to the officers and therefore has no bearing on whether their split-second decision was objectively reasonable under *Graham v. Connor*. Under Federal Rules of Evidence 401 and 403, the 911 calls are irrelevant and unduly prejudicial because they would invite jurors to improperly assess the officers' conduct based on information the officers did not possess, violating the fundamental principle that reasonableness must be judged from the on-scene officer's perspective without hindsight. Only the radio dispatch broadcasts, which reflect what the officers actually heard, (***Exhibit A***, Glover's Depo 19:23-21:4; ***Exhibit B***, Hayhoe's Depo 14:12-15:6; Diggs' Decl ¶¶ 2, 3) are relevant to the reasonableness inquiry under *Graham v. Connor*.

### C. Items Found Inside Mr. Petit's Backpack After the Shooting should be Excluded

Prior to the shooting of Mr. Petit, Mr. Petit was carrying a backpack. The items recovered from Mr. Petit's backpack should be excluded as the fruit of an unlawful warrantless search that exceeded constitutional limits. Officer Liggett removed and cut the backpack from Mr. Petit <u>after</u> he had been shot, incapacitated, handcuffed, and posed no threat to officer safety. At that point, Mr. Petit had no access to the

backpack, negating any justification for a search incident to arrest under *Arizona v. Gant*. While officers claimed they searched for weapons and identification, the extensive inventory that followed—including the recovery of Mr. Petit's EBT card, knife sheath (black with spring clip), metal box, a replica firearm lighter, additional car parts, a hammer, and multiple debit cards—went far beyond any legitimate officer safety concern. No warrant was obtained, no exigent circumstances existed once the scene was secured, and Mr. Petit was in custody finally receiving medical aid, and the search cannot be justified when the arrestee was wholly incapacitated and separated from his belongings. Critically, the Defendant Officers had no knowledge of any items contained within the backpack at the time of the shooting—the replica pistol lighter and other contents were discovered only during the post-incident search and therefore could not have informed or justified the officers' decision to use deadly force. Evidence of items unknown to the officers at the time they acted is irrelevant to the reasonableness of their conduct and should be excluded as unconstitutionally obtained, inadmissible to justify the officers' actions and unknown to the Defendants, including the Defendant Officers, at the time of the incident.

**D. Evidence Involving the Circumstances of Mr. Petit's Death, Including his Skeleton Remain, and Photographs of Items Found in his House When his Remains Were Located**

As result of being shot by Defendant Officers, Mr. Petit sustained catastrophic injuries, including gunshot wounds to his left jaw and left shoulder, resulting in a comminuted mandibular fracture, scapula fracture, rib fracture, and pneumothorax. He underwent emergency surgical interventions and spent weeks in the ICU at Cedars-Sinai Medical Center. Despite surviving the initial shooting, Mr. Petit endured two years of severe physical and psychological suffering before he was found deceased in his home on August 4, 2024. His cause and manner of death

remain undetermined, as only his skeletonized remains were discovered. (***Exhibit C***, Autopsy Report; Diggs' Decl ¶ 5). The medical examiner provided photographs of Mr. Petit's skeleton, including items discovered inside Mr. Petit's home.

Photographs of Mr. Petit's skeletal remains and any items recovered from his Lancaster residence should be excluded as irrelevant and unduly prejudicial evidence that has no bearing on the reasonableness of Defendant Officers' conduct on July 18, 2022. Mr. Petit died on August 4, 2024—more than two years after the shooting incident—and was discovered deceased inside his home at 1726 Sierra View Avenue in Lancaster, where he had been deceased for approximately nine months in skeletonized condition. The Defendant Officers had no knowledge of any items found at Mr. Petit's residence, including the empty wine bottles, butane lighters, and other personal effects documented during the death investigation. These post-mortem photographs and evidence are wholly irrelevant under Federal Rule of Evidence 401 because they have no tendency to make any fact concerning the officers' 2022 use of force more or less probable—the officers' split-second decision-making can only be evaluated based on information known to them at the time they acted. Moreover, under Rule 403, the introduction of graphic photographs depicting Mr. Petit's decomposed skeletal remains would be substantially more prejudicial than probative, serving only to inflame the jury's emotions and create undue sympathy divorced from the legal issues at hand. Evidence discovered years after the incident, at a location unconnected to the shooting, must be excluded as irrelevant to the constitutional analysis and impermissibly prejudicial.

### E. **Evidence Unknown to Defendants at the time of the Shooting Should be Excluded as Irrelevant and Unfairly Prejudicial**

All evidence unknown to Defendant Officers at the time of the July 18, 2022, shooting should be excluded as irrelevant and unfairly prejudicial. The constitutional reasonableness of an officer's use of force must be "judged from the perspective of

a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Evidence discovered after the incident—including items found in Mr. Petit's backpack during a post-shooting search, toxicology results revealing drugs and alcohol in his system, the actual 911 call recordings (as opposed to radio dispatch information), photographs and items from his 2024 death scene, and any other information that came to light only through post-incident investigation—has no bearing on whether the officers' split-second decision was objectively reasonable based on what they knew in that moment. Under Federal Rule of Evidence 401, such evidence is irrelevant because it cannot make any fact concerning the officers' conduct more or less probable when the officers had no knowledge of it at the time they acted. Moreover, under Rule 403, admitting this after-discovered evidence would be substantially more prejudicial than probative, as it would invite the jury to improperly evaluate the officers' actions through hindsight rather than from the on-scene perspective mandated by *Graham*. The Court should therefore exclude all evidence of facts, circumstances, and physical evidence that were unknown to Defendant Officers at the time of the shooting.

F. **This Evidence is Hearsay Under FRE 801 and 802**

Finally, any reports containing information, including, but not limited to the Mr. Petit's medical records regarding any drug/alcohol usage; the District Attorney's Memorandum as it relates to Mr. Petit's charges related to this shooting incident; defense experts Phillip Sanchez's Rule 26 Reports, and police reports, constitute hearsay under FRE 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. Accordingly, any documents containing

9

information regarding Mr. Petit's drug use would be hearsay and should also be excluded on this ground.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court grant Plaintiff's motion *in limine* to exclude all information and testimony regarding (1) Mr. Petit's criminal history and other bad acts allegedly attributed to Mr. Petit, including any charges filed against Mr. Petit after the shooting incident (See Plaintiff's MIL No. 1); (2) Mr. Petit's history of drug and alcohol use (See Plaintiff's MIL No. 3); (3) any 911 calls not heard by Defendant Officers prior to the shooting; (4) items found inside Mr. Petit's backpack after the shooting; (5) the circumstances of Mr. Petit's death, including his skeleton remain, photographs of items found in his house when his remains were located; (6) other information about Mr. Petit which was not known to the Defendant Officers at the time of the shooting incident.

Dated: January 14, 2026         IVIE MCNEILL WYATT PURCELL & DIGGS

                                          By: */s/ Rodney S. Diggs*
                                               Rodney S. Diggs
                                               Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.

Dated:  January 14, 2026         LAW OFFICES OF DALE K. GALIPO

                                          By:  */s/ Renee V. Masongsong*
                                               Dale K. Galipo
                                               Renee V. Masongsong
                                               Attorneys for Plaintiff, ASHLYN PETIT, as Successor in Interest to JERMAINE PETIT, deceased.