RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to Jermaine Petit, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pretrial Conference<br>Date: 1/28/2026<br>Time: 10:00 a.m.<br><br>Trial<br>Date: 2/17/2026<br>Time: 9:00 a.m. |

**Table of Contents**

I.    INTRODUCTION ................................................................................................1

II.   PLAINTIFF'S CLAIMS (16-4.1)..................................................................4

    (a) A Summary Statement of the Claims Plaintiff has Plead and Plans to Pursue ........................................................................4

        Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983) ............................................................................................4

        Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983) ..................................................4

        Claim 3: Denial of Medical Care (Fourth Amendment; 42 U.S.C. § 1983) .................................................................5

        Claim 4: Battery by a Peace Officer (Deadly Force)................................5

        Claim 5: Negligent Use of Deadly Force by a Peace Officer ..................5

        Claim 6: Violation of the Bane Act (Cal. Civ. Code § 52.1) ...................6

        Claim 7: Intentional Infliction of Emotional Distress ..............................6

    (b) Elements Required to Establish Plaintiff's Claims ....................................7

        Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983) ............................................................................................7

        Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983) ..................................................7

        Claim 3: Denial of Medical Care ..............................................................8

        Claim 4: Battery by a Peace Officer (Deadly Force ................................8

        Claim 5: Negligent Use of Deadly Force by a Peace Officer ..................9

        Claim 6: Violation of Bane Act (Cal. Civ. Code § 52.1...........................9

        Claim 7: Intentional Infliction of Emotional Distress ..............................9

    (c) Brief Description of the Key Evidence in Support of Each of the Claims ........................................................................10

III.  BIFURCATION OF ISSUES (16-4.3)........................................................12

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

| | | |
|---|---|---|
| IV. | **JURY TRIAL (16-4.4)**............................................................................... | **12** |
| V. | **ATTORNEYS' FEES (16-4.5)**..................................................................... | **12** |
| VI. | **ABANDONMENT OF ISSUES (16-4.6)** ....................................................... | **12** |

## Table of Authorities

### Cases

*City of Canton v. Harris*
   489 U.S. 378 (1989) .................................................................................... 7

*Cornell v. City and County of San Francisco*
   17 Cal. App. 5th 766 (2017) ...................................................................... 12

*Graham v. Connor*
   490 U.S. 386 (1989) .................................................................................. 10

*Hayes v. County of San Diego*
   57 Cal. 4th 622 (2013) .............................................................................. 12

*Hughes v. Pair*
   46 Cal. 4th 1035 (2009) ............................................................................ 13

*Monell v. Department of Social Services*
   436 U.S. 658 (1978) .............................................................................. 7, 11

*Oviatt v. Pearce*
   954 F.2d 1470 (9th Cir. 1992) .................................................................. 11

*P.C. v. City of Los Angeles*
   No. CV 07-3413-PLA, 2012 WL 12847227
   (C.D. Cal. Sept. 14, 2012) ........................................................................ 11

*Reese v. County of Sacramento*
   888 F.3d 1030 (9th Cir. 2018) .................................................................. 12

### Statutes

42 U.S.C. § 1983 ............................................................................... 4, 7, 11, 15

42 U.S.C. § 1988 ............................................................................................ 7, 15

Cal. Civ. Code §52 .......................................................................................... 9, 15

Cal. Gov. Code §§815.2(a) ............................................................................... 8, 9

### Other Authorities

CACI 1305B .................................................................................................... 12

CACI 441 ......................................................................................................... 12

CACI No. 1600 ................................................................................................ 13

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order [Dkt. 39], Plaintiff hereby submits the following Memorandum of Contentions of Fact and Law.

I. **INTRODUCTION**

This civil rights and state tort lawsuit arises out of the shooting of Jermaine Petit by Los Angeles Police Department Sergeant Brett Hayhoe and Daryl Glover on July 18, 2022. Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Defendants Brett Hayhoe, Daryl Glover and the City of Los Angeles as described in detail below.

Plaintiff briefly recites the facts as follows, and as more thoroughly discussed in Plaintiff's opposition to Defendants' Motion for Summary Judgment (Dkt. Nos. 87, 87-1).

Sergeant Hayhoe's and Officer Glover's shooting of Mr. Petit occurred on a summer evening when school was not in session, and no civilians were in the immediate vicinity. Prior to responding, the officers had conflicting information as to whether Petit had a gun, including information that he possibly did not have a gun. They had no information that Petit had fired any shots, had injured anyone, or had a criminal history. Based on Sergeant Hayhoe's experience in dealing with homeless individuals, he understands that some of them have mental health issues.

A reasonable officer would not have believed the object Mr. Petit had looked like a gun. The object was a vehicle trunk latch or lock actuator. Mr. Petit showed Officers Glover and Martinez the object when they initially contacted him. Mr. Petit did not point the object at them; he held it in a downward position and walked away, appearing to attempt to avoid contact. Mr. Petit did not verbally threaten the officers. After seeing the object in Mr. Petit's hand, Officer Glover did not take cover, create distance, yell out "gun!", tell Officer Martinez he thought he saw a gun, or alert dispatch or Sergeant Hayhoe that he saw a gun. If Officer Glover thought he saw a gun, that would have been important information to communicate to Sergeant Hayhoe.

1

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Police officers are trained to yell out "gun" and take cover if they see what they believe to be a gun in a suspect's hand.

After Officers Glover and Martinez observed the object, Officer Martinez said, "It's not a gun, bro." Officer Glover heard him say that, and he generally trusts the statements of his partners. Police officers are trained to distinguish firearms from other objects in a person's hand. Officer Glover later described the object as "funky" and conceded that he never identified the object as a gun with certainty. The officers did not shoot Mr. Petit when he showed them the object, and both police practices experts agree that it would not have been appropriate to shoot him at that time, or for walking away and disobeying verbal commands.

Sergeant Hayhoe admitted that Mr. Petit did not turn his upper body toward him prior to firing his shots, and the videos do not show Mr. Petit pointing the object at Sergeant Hayhoe or turning toward him. Defendants' police practices expert agrees that if Mr. Petit did not turn toward Sgt. Hayhoe or raise or point the object toward him, then it would have been inappropriate to shoot. Sgt. Hayhoe fired two shots out the passenger side window while his vehicle was moving. Sgt. Hayhoe did not give Mr. Petit any commands between seeing the object and firing, and he did not see Petit's hands go into a pocket or his waistband before shooting. Police officers, including Sgt. Hayhoe, are trained that shots fired from a moving vehicle are highly discouraged. Per LAPD policy: Firearms shall not be discharged from a moving vehicle, except in exigent circumstances and consistent with the policy regarding the use of deadly force. The driver of a vehicle should not draw their weapon while operating a moving vehicle; the drawing of a weapon while operating a moving vehicle is unsafe for both officers and the community.

Before Officer Glover fired, he heard two shots, formed the impression that Mr. Petit was struck by a shot, and saw Mr. Petit go down. He did not see any muzzle flash coming from Mr. Petit, could not see the object when he heard the two shots, and should have known, based on his firearms training, that the two shots were fired from

the same gun. Glover also formed the impression that at least one of the shots was coming from the police vehicle. After hearing the two shots, Officer Glover fired one shot, aiming at center mass toward Mr. Petit's back. When Officer Glover fired his shot, Mr. Petit was already falling to the ground or on the ground. Contagious fire in using deadly force can be considered a use of excessive force. Officer Glover agrees that based on his training, it would have been inappropriate to shoot Mr. Petit once he was on the ground. After the shooting, when the object was visible on the ground, Sgt. Hayhoe stated, "I can't see the gun."

Basic police training and standards instruct that deadly force should only be used on the basis of an objectively reasonable belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. Police officers are trained that a threat of death or serious bodily injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. Cal. Penal Code §835a. Officers are trained that deadly force should only be used when no reasonable alternative measures are available and trained to give a verbal warning prior to using deadly force, when feasible. Neither Hayhoe nor Glover gave Mr. Petit a verbal warning that deadly force would be used before shooting him, even though it would have been feasible to do so. Police officers are trained that an overreaction in using deadly force is excessive force, trained to control their fear, trained to de-escalate a situation and trained to give the individual an opportunity to comply with commands when it is safe to do so. Police officers are trained that they cannot shoot a person merely for seeing what they believe to be a gun in the person's hand.

//

3

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

II. **PLAINTIFF'S CLAIMS (16-4.1)**

**(a) A Summary Statement of the Claims Plaintiff has Plead and Plans to Pursue**

**Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

Plaintiff contends that Brett Hayhoe and Daryl Glover used excessive force when they shot Jermaine Petit at a time when Mr. Petit posed no immediate threat of death or serious bodily injury to any person. Plaintiff brings this claim against Defendants Brett Hayhoe and Daryl Glover. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as for the reasonable value of medical care treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

**Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)**

Plaintiff brings this claim against Defendant City of Los Angeles for municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff contends that the City of Los Angeles maintained unconstitutional policies, customs, and practices, including inadequate training of its officers regarding the use of deadly force. The City's failure to adequately train its officers amounts to deliberate indifference to the constitutional rights of persons with whom deputies come into contact. *See City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989). Plaintiff seeks compensatory damages, including for Mr. Petit's pre-death pain and suffering, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

**Claim 3: Denial of Medical Care (Fourth Amendment; 42 U.S.C. § 1983)**

Plaintiff contends that Brett Hayhoe and Daryl Glover denied medical care to Jermaine Petit after they shot him. Plaintiff brings this claim against Defendants Brett Hayhoe and Daryl Glover. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as for the reasonable value of medical care treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

**Claim 4: Battery by a Peace Officer (Deadly Force)**

Plaintiff contends that Brett Hayhoe and Daryl Glover, while acting in the course and scope of their employment as police officers working for the City of Los Angeles, used unreasonable deadly force when they shot Mr. Petit at a time when he posed no immediate threat of death or serious bodily injury to any person.  Plaintiff brings this claim against Defendants Brett Hayhoe, Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for Mr. Petit's disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages against Defendants Brett Hayhoe and Daryl Glover, costs, and statutory attorneys' fees under this claim.  The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

**Claim 5: Negligent Use of Deadly Force by a Peace Officer**

Plaintiff contends that Brett Hayhoe and Daryl Glover, while acting in

5

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

the course and scope of their employment as police officers working for the City of Los Angeles, was negligent in using deadly force and in their pre-shooting tactics. Plaintiff brings this claim against Defendants Brett Hayhoe and Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for Mr. Petit's disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

**Claim 6: Violation of the Bane Act (Cal. Civ. Code § 52.1)**
Plaintiff contends that Brett Hayhoe and Daryl Glover deprived Mr. Petit of his constitutional rights when they used excessive deadly force against him.  Plaintiff brings this claim against Defendants Brett Hayhoe, Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages against Brett Hayhoe and Daryl Glover, costs, and statutory attorneys' fees, including a multiplier pursuant to Cal. Civ. Code §52 et seq., under this claim. The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

**Claim 7: Intentional Infliction of Emotional Distress**
Plaintiff contends that the shooting by Brett Hayhoe and Daryl Glover was extreme and outrageous and taken with the intent of causing, or reckless disregard of the probability of causing Mr. Petit emotional

distress, and that Mr. Petit did suffer severe and extreme emotional distress as a result of the shots fired at him by Brett Hayhoe and Daryl Glover. Plaintiff brings this claim against Defendants Brett Hayhoe, Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages against Defendants Brett Hayhoe and Daryl Glover, costs, and statutory attorneys' fees under this claim. The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

### (b) Elements Required to Establish Plaintiff's Claims

#### Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)

1. Defendants Brett Hayhoe and Daryl Glover acted under color of law (stipulated);
2. Defendants Brett Hayhoe and/or Daryl Glover used excessive force against Mr. Petit;
3. The excessive force was a cause of injury, damage, or harm to Mr. Petit.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Ed., Sept. 2025 update); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

#### Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)

1. The acts of Defendants Brett Hayhoe and Daryl Glover deprived Mr. Petit of his constitutional right to be free from excessive force;
2. Defendants Brett Hayhoe and Daryl Glover acted under color of state law (stipulated);

   3. Defendants Brett Hayhoe and/or Daryl Glover acted pursuant to a policy or longstanding practice or custom of Defendant City of Los Angeles;
   4. The City of Los Angeles's policy or widespread or longstanding custom or practice, including a failure to train, caused the deprivation of Mr. Petit's rights; that is, Defendant City's policy or widespread or longstanding custom or practice, including a failure to train, is so closely related to the deprivation of Mr. Petit's rights as to be the moving force that caused the ultimate injury.

*See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); Ninth Circuit Model Jury Instructions, Instruction 9.5—Section 1983 Claim Against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom—Elements and Burden of Proof.

### Claim 3: Denial of Medical Care

1. Brett Hayhoe and/or Daryl Glover knew or should have known of Mr. Petit's immediate need for medical care;
2. Brett Hayhoe and/or Daryl Glover unreasonably delayed, interfered with or obstructed the provision of medical care to Mr. Petit;
3. The delay, interference or obstruction was a cause of injury, damage, loss, harm or death to Mr. Petit.

*See P.C. v. City of Los Angeles*, No. CV 07-3413-PLA, 2012 WL 12847227, at *11 (C.D. Cal. Sept. 14, 2012).

### Claim 4: Battery by a Peace Officer (Deadly Force)

1. Defendants Brett Hayhoe and Daryl Glover used deadly force against Mr. Petit;
2. The use of deadly force by Defendants Brett Hayhoe and/or Daryl Glover was not necessary to defend human life;

**8**

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

3. Mr. Petit was injured;
4. The use of deadly force by Defendants Brett Hayhoe and Daryl Glover was a cause of injury, harm, or damage to Mr. Petit.

See CACI 1305B.

**Claim 5: Negligent Use of Deadly Force by a Peace Officer**
1. Defendants Brett Hayhoe and Daryl Glover used deadly force against Mr. Petit;
2. The use of deadly force by Defendants Brett Hayhoe and/or Daryl Glover was negligent;
3. Mr. Petit was injured;
4. The use of deadly force by Defendants Brett Hayhoe and/or Daryl Glover was a cause of injury, damage, or harm to Mr. Petit.

CACI 441; *Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013).

**Claim 6: Violation of Bane Act (Cal. Civ. Code § 52.1)**
1. Defendants Brett Hayhoe and/or Daryl Glover used excessive force against Jermaine Petit;
2. Defendants Brett Hayhoe and/or Daryl Glover intended to violate Mr. Petit's rights, demonstrated by Brett Hayhoe and/or Daryl Glover acting with reckless disregard for Mr. Petit's constitutional right to be free from excessive force;
3. The use of excessive force by Defendants Brett Hayhoe and/or Daryl Glover was a cause of injury, damage, or harm to Mr. Petit.

See *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**Claim 7: Intentional Infliction of Emotional Distress**
1. Defendants Brett Hayhoe and/or Daryl Glover engaged in extreme and outrageous conduct when they shot Mr. Petit;

9

    2. Defendants Brett Hayhoe and/or Daryl Glover acted with reckless disregard of the probability that Mr. Petit would suffer emotional distress;

    3. Mr. Petit suffered severe emotional distress;

    4. Brett Hayhoe's and/or Daryl Glover's extreme and outrageous conduct caused Mr. Petit's severe emotional distress.

CACI No. 1600—Intentional Infliction of Emotional Distress; *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).

### (c) Brief Description of the Key Evidence in Support of Each of the Claims

*The following evidence is applicable to each of Plaintiff's claims:*

1. Testimony by the following individuals:
   a. Ashlyn Petit (Plaintiff)
   b. Daryl Glover (Defendant)
   c. Brett Hayhoe (Defendant)
   d. Nelson Martinez (LAPD Officer)
   e. Richard Bryce (Plaintiff's police practices expert)
   f. Dr. Bennet Omalu, MD (Plaintiff's medical expert)
   g. Dr. Amy Magnusson (Plaintiff's medical/rehabilitation expert)
   h. Mr. Petit's treating physicians
   i. Los Angeles Fire Department paramedics
2. Videos of the Shooting
   a. Nelson Martinez BWC
   b. Daryl Glover BWC
   c. Brett Hayhoe BWC
3. Initial interview of Daryl Glover, with transcript
4. Initial interview of Brett Hayhoe, with transcript
5. Scene Photographs
6. Still shots from the videos

7. Photographs of the officers
8. Relevant portions of Mr. Petit's medical records pertaining to the shooting
9. Relevant paramedic records from the Los Angeles Fire Department
10. Photographs of Jermaine Petit
11. Photographs of Plaintiff with Jermaine Petit
12. Cards between Plaintiff and Mr. Petit
13. Relevant portions of POST LD #20

*The following additional evidence is applicable to Plaintiff's Monell Claim:*

14. Materials regarding the following prior cases against the City of Los Angeles:

    a. *Margarito Lopez, et al. v. City of Los Angeles, et al.*, Case No. 2:22-cv-07534 (2024 settlement)

    b. *Paola French, et al. v. City of Los Angeles, et al.,* Case No. 5:20-cv-00416-JGB-SP (2021 verdict)

    c. *Tammy Murillo v. City of Los Angeles, et al.*, Case No. 2:21-cv-08738 (2023 verdict)

    d. *Nicole Zelaya v. City of Los Angeles, et al.*, Case No. 2:20-cv-08382 (2023 verdict)

    e. *Valencia v. City of Los Angeles, et al.*, Case No. 2:21-cv-01889 (2022 verdict)

    f. *L.D. v. City of Los Angeles, et al.*, Case No. 2:16-cv-04626-PSG (2019 verdict)

    g. *Hernandez v. City of Los Angeles, et al.*, Case No. 16-cv-02689-AB (2018 verdict)

    h. *Wysocki v. City of Los Angeles, et al.*, Case No. 15-08441-JAK (Consolidated w/ Case No. CV 15-09586 JAK) (2017 verdict)

   i. *Contreras v. City of Los Angeles, et al.*, Case No. 2:11-cv-01480-SVW (2012 verdict)

   j. *P.C., et al. v. City of Los Angeles, et al.*, Case No. 2:07-cv-3413-PLA (2012 verdict)

   k. *Medina v. City of Los Angeles, et al.*, Case No. 2:06-cv-4926-CBM (2008 verdict)

### III. BIFURCATION OF ISSUES (16-4.3)

The Parties are agreeable to bifurcate the amount of punitive damages, if any, into a separate phase of trial.

### IV. JURY TRIAL (16-4.4)

All of Plaintiff's claims are triable to a jury as a matter of right, and a timely jury demand has been made by all parties.

### V. ATTORNEYS' FEES (16-4.5)

Plaintiff claims attorneys' fees for all eligible claims that will be tried in this case. Each of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 is eligible for attorneys' fees under 42 U.S.C. § 1988. Plaintiff's Bane Act claim is eligible for attorneys' fees under Cal. Civ. Code § 52 et seq.

### VI. ABANDONMENT OF ISSUES (16-4.6)

Plaintiff does not abandon any issues or claims at this time.

DATED: January 16, 2026   LAW OFFICES OF DALE K. GALIPO

           By  */s/ Dale K. Galipo*
             Dale K. Galipo
             Renee V. Masongsong
             Attorneys for Plaintiff

| | | |
|---|---|---|
| Dated: January 16, 2026 | | IVIE MCNEILL WYATT PURCELL & DIGGS |
| | By: | *s/ Rodney S. Diggs* |
| | | Rodney S. Diggs |
| | | Attorney for Plaintiff |