RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>Final Pretrial Conference<br>Date: January 28, 2026<br>Time: 10:00 a.m.<br>Place: Zoom<br><br>Trial Date: February 17, 2026 |

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order, the Parties hereby submit their Disputed Proposed Jury Instructions. The Parties reserve the right to amend these [Proposed] Jury Instructions, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Respectfully submitted,

Dated: January 16, 2026          LAW OFFICES OF DALE K. GALIPO


By_____*/s/ Dale K. Galipo*_____
      Dale K. Galipo
      Renee V. Masongsong
      Attorneys for Plaintiff


Dated: January 16, 2026          IVIE MCNEILL WYATT
                                 PURCELL & DIGGS

By:  *s/ Rodney S. Diggs*_____
      Rodney S. Diggs
      Attorneys for Plaintiff


DATED:  January 16, 2026          CARPENTER, ROTHANS & DUMONT LLP

                                 */s/  Kimberly Sarmiento*
By:  _____
      Steven J. Rothans
      Kimberly Sarmiento
      Attorneys for Defendants,
      Sergeant Brett Hayhoe and Officer Daryl
      Glover, Jr., public employees

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Claims and Defenses (Plaintiff's version) | Ninth Circuit Model Jury Instruction – 1.5 | 1 |
| 2. | Claims and Defenses (Defendants' version) | Ninth Circuit Model Jury Instruction – 1.5 | 2 |
| 3. | Evidence for Limited Purpose (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 1.11 | 6 |
| 4. | Publicity During Trial (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 1.16 | 4 |
| 5. | Deposition in Lieu of Live Testimony (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 2.4 | 12 |
| 6. | Impeachment Evidence – Witness (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 2.9 | 15 |
| 7. | Failure to Produce Available Stronger Evidence (Proposed by Defendants) | BAJI – 2.02 | 18 |
| 8. | Merely Negligent Conduct is Not a Civil Rights Violation (Proposed by Defendants) | Daniels v. Williams, 474 U.S. 327 (1986); Billington v. Smith, 292 F.3d 1177, 1190 (9th Cir. 2002); Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989) | 21 |
| 9. | Particular Rights – Fourth Amendment – Excessive Force (Plaintiff's Version) | Ninth Circuit Model Jury Instruction – 9.25 | 23 |
| 10. | Particular Rights – Fourth Amendment – Excessive Force (Defendants' Version) | Ninth Circuit Model Jury Instruction – 9.25 | 26 |
| 11. | Expert Witness Testimony Concerning Use of Force (Proposed by Defendants) | Scott v. Henrich, 39 F.3d 912 (9th Cir. 1994); Reynolds v. County of San Diego. 84 F.3d 1162 (9th Cir. 1996); Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir. 2002) | 30 |

iii

| No. | Title | Source | Page |
|---|---|---|---|
| 12. | Use of Force is From Perspective of Reasonable Officer (Proposed by Defendants) | <u>Billington v. Smith</u>, 292 F.3d 77, 1190 (9th Cir. 2002); <u>Bell v. City of East Cleveland</u>, 125 F.3d 855 (6th Cir. 1997); <u>Wilkinson v. Torres</u>, 610 F.3d 546, 551 (9th Cir. 2010) | 33 |
| 13. | An Officer's Perception of Danger (Proposed by Defendants) | <u>People v. Jackson</u>, 233 Cal.App.2d 639, 641-642 (1965) | 36 |
| 14. | No Duty to Retreat (Proposed by Defendants) | CACI 1305; Cal. Penal Code § 835a; <u>Ellien v. City of San Jose</u>, 968 F.2d 1220 (9th Cir. 1992); <u>Tucker v. Las Vegas Metropolitan Police Dept.</u>, 470 Fed.Appx. 627 (9th Cir. 2012) (concurring opinion); <u>Reed v. Hoy</u>, 891 F.2d 1421, 1428 (9th Cir. 1989), abrogated on other grounds | 39 |
| 15. | Headlong Flight (Proposed by Defendants) | <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123-25 (2000); <u>United States v. Smith</u>, 633 F.3d 889, 893-94 (9th Cir. 2011) | 42 |
| 16. | Denial of Medical Care (Proposed by Plaintiff) | *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006). | 45 |
| 17. | Particular Rights—Fourteenth Amendment—Pretrial Detainee's Claim re Conditions of Confinement/Medical Care (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 9.30 | 46 |

iv

| No. | Title | Source | Page |
|---|---|---|---|
| 18. | Peace Officers Required Only to Seek Necessary Medical Attention for Injured Pretrial Detainee (Proposed by Defendants) | <u>Est. of Cornejo ex rel. Solis v. City of Los Angeles</u>, 618 F.App'x 917, 920 (9th Cir. 2015) | 49 |
| 19. | Duty to Cooperate with Police and Submit to Detention (Proposed by Defendants) | Cal.Penal Code §§ 834a, 148(a); <u>see also</u> <u>Hagberg v. California Federal Bank</u>, 32 Cal.4th 350 (2004); <u>Miller v. Fano</u>, 134 Cal. 103 (1901) | 52 |
| 20. | Battery By Peace Officer (Deadly Force) – Essential Factual Elements (Proposed by Plaintiff) | CACI 1305B | 55 |
| 21. | Battery By Peace Officer (Deadly Force) – Essential Factual Elements (Proposed by Defendants) | CACI 1305B | 57 |
| 22. | Negligent Use of Deadly Force by Peace Officer – Essential Factual Elements (Proposed by Plaintiff) | CACI 441 | 61 |
| 23. | Negligent Use of Deadly Force by Peace Officer – Essential Factual Elements (Proposed by Defendants) | CACI 441 | 63 |
| 24. | Bane Act – Essential Factual Elements (Civ. Code § 52.1) (Proposed by Plaintiff) | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | 67 |
| 25. | Bane Act – Essential Factual Elements (Civ. Code § 52.1) (Proposed by Defendants) | CACI 3066 | 68 |

DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 26. | Causation (Proposed by Plaintiff) | CACI 430 | 71 |
| 27. | Causation (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 9.2 (withdrawn); CACI 430; Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) | 72 |
| 28. | Causation—Multiple Causes (Proposed by Plaintiff) | CACI 431 | 75 |
| 29. | Alternative Causation (Proposed by Plaintiff) | CACI 434 | 78 |
| 30. | Vicarious Liability—Legal Relationship Not Disputed (Proposed by Plaintiff) | CACI 3703 | 81 |
| 31. | Damages – Proof (Proposed by Plaintiff) | Ninth Model Jury Instruction – 5.1; 5.2; CACI 3905A | 84 |
| 32. | Damages – Proof (Proposed by Defendants) | Ninth Model Jury Instruction – 5.1; 5.2 | 85 |
| 33. | Speculative Damages Not Permitted (Proposed by Defendants) | BAJI 14.60 | 88 |
| 34. | Nominal Damages (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 5.6 | 91 |
| 35. | Punitive Damages—Predicate Question—Federal Claims | Ninth Circuit Model Jury Instruction – 5.5 | 94 |
| 36. | Punitive Damages (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 5.5 | 95 |
| 37. | Burden of Proof – Clear and Convincing Evidence (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 1.7 | 99 |

DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 38. | Section 1983 Claim Against Local Governing Body Defendants Based on Unconstitutional Custom, Practice and Policy (Proposed by Plaintiff) | Ninth Circuit Model Jury Instruction – 9.5, 9.8 | 102 |
| 39. | Section 1983 Claim Against Local Governing Body Defendants Based Unlawful Official Policy, Practice, or Custom—Elements and Burden of Proof (Proposed by Defendants) | Ninth Circuit Model Jury Instruction – 9.5 | 104 |
| 40. | Arguments of Counsel Not Evidence of Damages (Proposed by Defendants) | CACI 3925 | 108 |
| 41. | Damages on Multiple Legal Theories (Proposed by Defendants) | CACI 3934 | 110 |
| 42. | Jurors not to Consider Attorney Fees and Court Costs (Proposed by Defendants) | CACI 3964 | 114 |

DISPUTED JURY INSTRUCTIONS

1

## PLAINTIFF'S INSTRUCTION NO. 1: CLAIMS AND DEFENSES

2

3

To help you follow the evidence, I will give you a brief summary of the position of the parties:

4

5

6

7

8

9

10

11

This case arises from the shooting of Jermaine Petit by Los Angeles Police Department Sergeant Brett Hayhoe and Officer Daryl Glover on July 18, 2022. The Plaintiff in this case is Ashlyn Petit, who is Jermaine Petit's daughter. The Defendants are the City of Los Angeles, Brett Hayhoe, and Daryl Glover.  Plaintiff contends that Brett Hayhoe and Daryl Glover used excessive and unreasonable force, were negligent in their conduct with Mr. Petit, and acted with reckless disregard for Mr. Petit's constitutional right to be free from excessive force. Plaintiff seeks damages to the extent permitted by law.

12

13

The defendants deny these claims and contend that the uses of force by Brett Hayhoe and Daryl Glover were reasonable under the circumstances.

14

15

SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.5.

16

17

18

19

20

21

22

23

24

25

26

27

28

**1**

## DEFENDANTS' INSTRUCTION NO. 2: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties: Plaintiff Ashlyn Petit Ashlyn Jermaine Petit asserts that:

(1)    Sergeant Brett Hayhoe and Officer Daryl Glover, Jr. used excessive force on Jermaine Petit.

(2)    Sergeant Hayhoe and Officer Glover denied Jermaine Petit of necessary medical attention.

(3)    City of Los Angeles maintains policies, practices, and customs that caused Jermaine Petit's rights to be violated;

(4)    City of Los Angeles maintains deficient training policies on officers' encounters with mentally ill persons;

(5)    Sergeant Hayhoe and Officer Glover were negligent and failed to exercise ordinary care by using excessive force;

(6)    Sergeant Hayhoe and Officer Glover are liable for assault and battery on Jermaine Petit;

(7)    Sergeant Hayhoe and Officer Glover violated Jermaine Petit's rights under the Bane Act, California Civil Code §§ 52 and 52.1; and

(8)    Sergeant Hayhoe's and Officer Glover's conduct was outrageous and intentionally caused Jermaine Petit emotional distress.

Plaintiff Ashlyn Petit has the burden of proving these claims.

Defendants deny those claims and also contend that the Defendant Officers acted reasonably and within the bounds of the Constitution throughout their interaction with Plaintiff Ashlyn Petit. They had reasonable suspicion that Jermaine Petit was committing a crime when they attempted to detain him. The force used was necessary to defend against the imminent threat of great bodily injury or death Jermaine Petit posed to them, such that they reasonably believed deadly force was

**2**

necessary in defense of human life.

Source: Ninth Circuit Model Jury Instruction – 1.5

DISPUTED PROPOSED JURY INSTRUCTIONS

## **PLAINTIFF'S ARGUMENT RE: INSTRUCTIONS NO. 1 AND 2, CLAIMS AND DEFENSES**

Defendants' jury instruction on claims and defenses is argumentative and improperly instructs the jury on disputed facts. Plaintiff's version of this instruction is concise and provides the jury with the pertinent information.

**4**

# DEFENDANTS' ARGUMENT RE: INSTRUCTIONS NO. 1 AND 2, CLAIMS AND DEFENSES

Contrary to Plaintiff's contention, Defendants' version of the claims and defenses in this matter are not argumentative but are more thorough, presenting each of Plaintiff's claims for relief and that she has the burden of proof for establishing each one.  Similarly, Defendants' version simply lays out the affirmative defenses to each of these claims.  Plaintiff's reliance on concision as a more appropriate instruction is an attempt to oversimplify the claims and defenses in this matter

# DEFENDANTS' INSTRUCTION NO. 3: EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

<u>Source:</u> Ninth Circuit Model Jury Instruction – 1.11

1

2

## PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 3: EVIDENCE FOR LIMITED PURPOSE

3

4

5

Plaintiff does not believe this instruction is necessary at this time.   Plaintiff's motions in limine seek to exclude certain evidence entirely.  At this time Plaintiff does not anticipate any evidence coming in for a limited purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 3: EVIDENCE FOR LIMITED PURPOSE**

As with Plaintiff's other argument for preclusion of certain jury instructions, Plaintiff's argument here is predicated on her assumption of how the Court will rule on pending motions in limine. Until and unless the parties have orders on such motions, it is entirely appropriate to include a potential limiting instruction. If upon the Court's ruling on the motions in limine, it appears inapplicable to any items of evidence, then the parties can meet and confer and/or address with the Court then. However, a premature preclusion of wholly appropriate jury instruction is not proper.

## <u>DEFENDANTS' INSTRUCTION NO. 4: PUBLICITY DURING TRIAL</u>

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

<u>Source:</u> Ninth Circuit Model Jury Instruction – 1.16

1

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 4:**

2

## **PUBLICITY DURING TRIAL**

3          Plaintiff does not believe this instruction is necessary at this time. There is no

4   indication that there will be any publicity during trial.

1  **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 4:**
2  **PUBLICITY DURING TRIAL**

3         Until and unless there is definitive knowledge of whether there will be publicity
4  during this trial, this is an appropriate proposed jury instruction.  Again, should it
5  become inapplicable, the parties may certainly meet and confer and/or stipulate with
6  the Court at a later time.  However, Plaintiff's own presumption that there will not be
7  publicity is insufficient grounds for a complete preclusion of this proposed jury
8  instruction.  If Plaintiff will stipulate that they will not notify the media and have them
9  present during the pendency of the trial, Defendants will withdraw the proposed jury
10 instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEFENDANTS' INSTRUCTION NO. 5: DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

<u>Source:</u> Ninth Circuit Model Jury Instruction – 2.4

**<u>PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 5:</u>**

**<u>DEPOSITION IN LIEU OF LIVE TESTIMONY</u>**

Plaintiff does not believe that this instruction is necessary at this time.  There is no indication that deposition testimony will be used in lieu of live testimony in this case.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## <u>DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 5:</u>
## <u>DEPOSITION IN LIEU OF LIVE TESTIMONY</u>

It is possible that there may be some scheduling conflicts that may interfere with some witnesses' ability to be available for trial.  If this is the case, this instruction may be required.

## <u>DEFENDANTS' INSTRUCTION NO. 6: IMPEACHMENT EVIDENCE—WITNESS</u>

The evidence that a witness, [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

<u>Source:</u> Ninth Circuit Model Jury Instruction – 2.9

## PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 6: IMPEACHMENT EVIDENCE—WITNESS

Plaintiff does not believe that this instruction is necessary at this time. The Parties have already agreed to the instruction "Credibility of Witnesses." There is no indication that any witness who will testify at trial has been convicted of a crime or lied under oath on a prior occasion.

**<u>DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 6:</u>**
**<u>IMPEACHMENT EVIDENCE—WITNESS</u>**

Plaintiff's contention that this instruction is rendered obsolete because the parties have agreed to an instruction regarding "Credibility of Witness" is unavailing. The Ninth Circuit Model Jury Instructions separate these as two separate instructions because they each serve a distinct purpose, hence, why both are available for trial. At the time this instruction is made, Defendants have not received Plaintiff's portion of the Joint Witness List, and thus, are unaware of whether this instruction will not be needed.

Moreover, although Jermaine Petit is deceased, Defendants have included in the Joint Exhibit List, a recording of his interview with detectives. Mr. Petit *does* have prior criminal convictions, and even though he will not be able to provide live testimony at trial, should jurors hear any evidence consisting of statements he has provided, this instruction would be applicable.

DISPUTED PROPOSED JURY INSTRUCTIONS

1

2

## **DEFENDANTS' INSTRUCTION NO. 7: FAILURE TO PRODUCE AVAILABLE STRONGER EVIDENCE**

3

4

5

If weaker and less satisfactory evidence is offered by a party, when it was within that party's ability to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust.

6

7

8

<u>Source:</u>  California Book of Approved Jury Instructions– 2.02; California Evidence Code § 412

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **PLAINTIFF'S ARUMENT RE: DEFENDANTS' INSTRUCTION NO. 7: FAILURE TO PRODUCE AVAILABLE STRONGER EVIDENCE**

Plaintiff does not believe this instruction is necessary. It is unclear what this instruction applies to. This instruction is argumentative and may be prejudicial to Plaintiff. Further, the "California Book of Approved Jury Instructions" has largely been superseded by the plain-language California Civil Jury Instructions.

## **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 7: FAILURE TO PRODUCE AVAILABLE STRONGER EVIDENCE**

At the time of Defendants' proposal of this instruction, they are not in receipt of Plaintiff's portion of the Joint Exhibit List. However, there are plenty of issues to which this instruction would clearly apply.

For example, Plaintiff's retained expert, Dr. Bennett Omalu, testified at deposition that Jermaine Petit may have passed away from the July 18, 2022, shooting incident. However, such opinion appears based only on his speculation, as the Los Angeles County Medical Examiner who actually conducted a physical examination of Mr. Petit's remains, could not offer any such opinion. Thus, should Plaintiff attempt to argue that Mr. Petit's death could somehow be linked to the shooting incident, their reliance on Dr. Omalu's opinion, as opposed to the medical examiner's testimony and findings, would be a failure to produce stronger evidence. Defendants have concrete concerns that Plaintiff may do this, especially since they refused to stipulate to preclude such testimony at trial during the parties' meet and confer concerning motions in limine.

DISPUTED PROPOSED JURY INSTRUCTIONS

1

2

## <u>DEFENDANTS' INSTRUCTION NO. 8: MERELY NEGLIGENT CONDUCT IS NOT A CIVIL RIGHTS VIOLATION</u>

3

4

5

6

Conduct that amounts to nothing more than negligence does not constitute a civil rights violation.  The standard of 'reasonableness' under the Fourth Amendment is not the same as the standard of 'reasonable care' under tort law.  Negligent acts do not incur liability under 42 U.S.C. § 1983.

7

8

9

<u>Source</u>:  <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Billington v. Smith</u>, 292 F.3d 1177, 1190 (9th Cir. 2002); <u>Brower v. County of Inyo</u>, 489 U.S. 593, 596-97 (1989).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**21**

**<u>PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 8:</u>**

**<u>MERELY NEGLIGENT CONDUCT IS NOT A CIVIL RIGHTS VIOLATION</u>**

      This special instruction proposed by Defendants is not based on any model instruction.  Plaintiff objects to this instruction as argumentative and prejudicial to Plaintiff.  It is presumed that the jury shall follow the law and the substantive jury instructions on both the Fourth Amendment claims and the Negligence claim. This instruction improperly invades the province of the jury by indicating to the jury that the officer defendants' conduct was "merely negligent" and does not rise to the level of excessive force. Further, as phrased, this instruction indicates to the jury that using deadly force against an unarmed person is "mere" negligence.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 8:**
## **MERELY NEGLIGENT CONDUCT IS NOT A CIVIL RIGHTS VIOLATION**

Plaintiff's contention that this special instruction is not warranted because it is not based on any model instruction is unpersuasive—especially since Plaintiff has contested instructions even when they are based on model jury instructions.

Defendants submit that this instruction is necessary to make clear to the jurors about what kind of conduct is necessary to prove that Defendants committed a violation of Jermaine Petit's constitutional rights.  It is based on well-established case law from the Ninth Circuit and Supreme Court, and helps guide the jurors to understanding the difference between Plaintiff's excessive force claim and negligence claim, predicated on negligent tactics leading up to the shooting incident.

**<u>PLAINTIFF'S INSTRUCTION NO. 9: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE</u>**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, in defending himself or others, and/or in attempting to stop a fleeing or escaping suspect. Therefore, in order to prove an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Defendants Daryl Glover and/or Brett Hayhoe used excessive force when they shot Jermaine Petit.

Under the Fourth Amendment, a peace officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Daryl Glover and/or Brett Hayhoe used excessive force in this case, consider all of the circumstances known to Daryl Glover and/or Brett Hayhoe, including:

(1)    the nature of the crime or other circumstances known to Daryl Glover and/or Brett Hayhoe at the time of the shooting;

(2)    whether Mr. Petit posed an immediate threat of death or serious bodily injury to Daryl Glover and/or Brett Hayhoe or to others;

(3)    whether Mr. Petit was actively resisting arrest or attempting to evade arrest by flight;

(4)    the amount of time Daryl Glover and/or Brett Hayhoe had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)    the relationship between the need for the use of force and the amount of force used;

(6)    the extent of Mr. Petit's injury;

(7)    any effort made by Daryl Glover and/or Brett Hayhoe to temper or to limit the amount of force;

(8)    the severity of the security problem at issue;

(9)    the availability of alternative methods;

(10)    the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(11)    whether it was practical for Daryl Glover and/or Brett Hayhoe to give a warning of the imminent use of force, and whether such warning was given;

(12)    whether a reasonable officer would have or should have accurately perceived a mistaken fact.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable peace officer would conclude there is a fair probability that Jermain Petit had committed or was committing a crime.

SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 9.25.

## **DEFENDANTS' INSTRUCTION NO. 10: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself.  Therefore, to establish an unreasonable seizure in this case, Jermaine Petit must prove by a preponderance of the evidence that Sergeant Hayhoe and Officer Glover used excessive force when detaining Jermaine Petit.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

(1) the nature of the crime or other circumstances known to the officers at the time force was applied.

(2) whether Jermaine Petit posed an immediate threat to the safety of the officers or         to others.

(3) whether Jermaine Petit was actively resisting arrest or attempting to evade arrest by flight.

(4) the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period.

(5) the type and amount of force used.

(6) the availability of alternative methods to subdue Jermaine Petit.

(7) the number of lives at risk (motorists, pedestrians, police officers) and

DISPUTED  PROPOSED JURY INSTRUCTIONS

1  the parties' relative culpability i.e., which party created the dangerous       situation,

2  and which party is more innocent.

3       (8) whether it was practical for the officers to give warning of the imminent

4  use of force, and whether such warning was given.

5       "Probable cause" exists when, under all of the circumstances known to the

6  officers at the time, an objectively reasonable police officer would conclude there is a

7  fair probability that Jermaine Petit has committed or was committing a crime.

8

9  <u>Source:</u> Ninth Circuit Model Jury Instruction – 9.25

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED  PROPOSED JURY INSTRUCTIONS

# PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 9, 10: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE

The dispute between the Parties on this instruction is Plaintiff's appropriate modification to element No. 2. Where the use of deadly force is considered, the appropriate standard is whether the decedent posed an *immediate threat of death or serious bodily injury* to any person at the time of the shooting. Plaintiff has made this key modification to the model instruction in Plaintiff's proposed version of this instruction. Defendants' version proposes the language "threat to safety," which does not apply to this case, where deadly force was used. *See, e.g.*, *Graham v. Connor*, 490 U.S 386, 396 (1989).

# DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 9, 10: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE

The Ninth Circuit Model Jury Instructions do not make a distinction between the second element where nondeadly force and deadly force are used.  An example of this would be the California Civil Jury Instructions, which provide for different elements under a battery claim, depending on whether deadly force or nondeadly force is employed.  Plaintiff's attempt to "modify" this critical element of her excessive force claim is an attempt to improperly modify the burden of proof necessary for her to establish her claim for relief.  Defendants submit that the Court should follow the plain language of the Ninth Circuit Model Jury Instruction.

## <u>DEFENDANTS' INSTRUCTION NO. 11: EXPERT WITNESS TESTIMONY CONCERNING USE OF FORCE</u>

The fact that an expert witness disagrees with a peace officer's actions after the fact does not render the officer's actions unreasonable.  It is up to you, as the jury, to decide whether a reasonable officer could have believed that the officer's conduct was justified under the circumstances.

Source:  <u>Scott v. Henrich</u>, 39 F.3d 912 (9th Cir. 1994); <u>Reynolds v. County of San Diego</u>. 84 F.3d 1162 (9th Cir. 1996); <u>Billington v. Smith</u>, 292 F.3d 1177, 1189 (9th Cir. 2002).

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 11: EXPERT WITNESS TESTIMONY CONCERNING USE OF FORCE**

This is a special instruction not based on any model instruction. This instruction is blatantly argumentative and prejudicial to Plaintiff.  Both Parties have retained police practices experts.  Plaintiff's police practices expert will opine that a reasonable officer in the position of Hayhoe and Glover would not have formed an objectively reasonable belief that Mr. Petit posed an immediate threat of death or serious bodily injury at the time of the shots and would not have used deadly force under this set of facts, based on police training and standards. Reading this instruction to the jury would completely undermine the testimony of Plaintiff's police practices expert.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## <u>DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 11:</u>
## <u>EXPERT WITNESS TESTIMONY CONCERNING USE OF FORCE</u>

Defendants' proposed instruction is grounded in the guiding principles set forth in <u>Graham v. Connor</u>, that jurors are not to evaluate the reasonableness of an officer's use of force from the perspective of 20/20 hindsight.  Thus, it is completely appropriate to instruct the jurors that this is the case, even where a retained expert who is introduced to them as an expert in the field of police procedures and practices, attempts to evaluate from this improper perspective of hindsight, hence the abundance of Ninth Circuit case law supporting such an instruction.

## **DEFENDANTS' INSTRUCTION NO. 12: USE OF FORCE IS FROM PERSPECTIVE OF REASONABLE OFFICER**

You should decide the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  The issue is whether a reasonable officer in Sergeant Hayhoe's and Officer Glover's shoes would have feared for his life, not what was in the mind of the Plaintiff Ashlyn Petit.  In other words, to determine the reasonableness of Officer Manley's conduct, you must view the facts from Sergeant Hayhoe's and Officer Glover's perspective at the time he decided to fire.

This principle applies to the events leading up to the shooting as well as the shooting itself.  A Plaintiff Ashlyn Petit does not establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided.


Source:  Billington v. Smith, 292 F.3d 77, 1190 (9th Cir. 2002); Bell v. City of East Cleveland, 125 F.3d 855 (6th Cir. 1997); Wilkinson v. Torres, 610 F.3d 546, 551 (9th Cir. 2010).

DISPUTED PROPOSED JURY INSTRUCTIONS

1    **<u>PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 12:</u>**

2    **<u>USE OF FORCE IS FROM PERSPECTIVE OF REASONABLE OFFICER</u>**

3         This is a special instruction not based on any model instruction. This instruction

4 is redundant of Ninth Circuit Instruction No. 9.25 (Excessive Force), which already

5 states: "You must judge the reasonableness of a particular use of force from the

6 perspective of a reasonable officer on the scene and not with the 20/20 vision of

7 hindsight." It must be presumed that the jury will follow the model instructions it is

8 given, including CACI 441 (Negligent Use of Deadly Force by Peace Officer) and

9 Ninth Circuit Instruction No. 9.25 (Excessive Force). Reading the jury this additional

10 instruction, which essentially tells the jury not to consider pre-shooting negligent

11 tactics in deciding the Excessive Force claim, is argumentative, confusing, and

12 prejudicial to Plaintiff. In addition to her Fourth Amendment Excessive Force claim,

13 Plaintiff has claims for Battery and Negligence. Pre-shooting tactical conduct is a

14 factor for the jury to consider on the Battery and Negligence claims. This proposed

15 special instruction improperly invades the province of the jury by suggesting that the

16 officers "merely" engaged in bad tactics.

**34**

**DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 12: USE OF FORCE IS FROM PERSPECTIVE OF REASONABLE OFFICER**

Defendants' proposed instruction is grounded in well-established Supreme Court and Ninth Circuit case law. Contrary to Plaintiff's contention, it is not confusing to jurors on the issue of the pre-shooting tactical conduct because even under California state law, the evaluation of the reasonableness of an officer's use of force cannot be made from the perspective of 20/20 hindsight. Moreover, the plain language of the proposed instruction makes clear that it is intended to guide the jury with respect to their Fourth Amendment claim—not all claims asserted in this civil action.

## **DEFENDANTS' INSTRUCTION NO. 13: AN OFFICER'S PERCEPTION OF DANGER**

An officer's right of self-defense is the same whether the danger is real or merely apparent.

Source:  People v. Jackson, 233 Cal.App.2d 639, 641-642 (1965).

## PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 13: AN OFFICER'S PERCEPTION OF DANGER

This is a special instruction not based on any model instruction. This instruction is not an accurate statement of the law in the context of this case. Under police training and standards, a subjective fear is insufficient to justify a use of deadly force. This instruction suggests the opposite—that a police officer could use deadly force based on his own subjective perception of danger. That is not the appropriate standard. The appropriate standards are set forth in the substantive instructions, including CACI 441 (Negligent Use of Deadly Force by Peace Officer), CACI 1305B (Battery by Peace Officer) and Ninth Circuit No. 9.25 (Excessive Force). These instructions include language that the jury "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene." Indeed, the jury must consider whether a reasonable officer in the position of Hayhoe and Glover would have formed the objectively reasonable belief that Mr. Petit posed an immediate threat of death or serious bodily injury. This instruction should not be given.

## DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 13: AN OFFICER'S PERCEPTION OF DANGER

Plaintiff's objection to Defendants' proposed instruction ignores well-established principle that evaluation of the reasonableness of an officer's use of force is based on the information and perceptions of a reasonable officer on scene.  Thus, whether officers perceived a danger is well-within a proper instruction to give the jury to guide them with their evaluation of that conduct.

## **DEFENDANTS' INSTRUCTION NO. 14: NO DUTY TO RETREAT**

Police officers have a duty to the public to pursue investigations of criminal activity. A police officer who makes or attempts to make an arrest is threatened with physical assault is not required to retreat or cease from his or her efforts to detain or arrest the person because of the resistance or threatened resistance of the person being arrested.

Source:  CACI 1305; Cal. Penal Code § 835a; Ellien v. City of San Jose, 968 F.2d 1220 (9th Cir. 1992); Tucker v. Las Vegas Metropolitan Police Dept., 470 Fed.Appx. 627 (9th Cir. 2012) (concurring opinion); Reed v. Hoy, 891 F.2d 1421, 1428 (9th Cir. 1989), abrogated on other grounds.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 14: NO DUTY TO RETREAT

This is a special instruction.  The appropriate instruction is CACI 1305B, which already states: "A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist."  Repeating this to the jury in a separate, special instruction is unnecessary and prejudicial to Plaintiff.  Further, this instruction is argumentative and misstates the facts by suggesting that Mr. Petit threatened the officers with physical assault, which is blatantly contradicted by the videos.

## **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 14: NO DUTY TO RETREAT**

Plaintiff's dispute regarding this jury instruction, as outlined above, makes clear that it is based on Plaintiff's dispute of fact. That is insufficient to render Defendants' proposed instruction inapplicable or otherwise inappropriate. The jury will be presented with the video and will be encouraged to make their own determinations of what the video evidence shows, including whether the video evidence shows that Jermaine Petit committed an assault on the officers during his interaction with them. This instruction is particularly necessary where Defendants anticipate that Plaintiff will argue that the officers should have just let Mr. Petit go rather than pursuing him, despite that the 911 call for service relayed to the officers was that Mr. Petit committed an Assault with a Deadly Weapon against one of the reporting parties by brandishing a handgun at them. Accordingly, this instruction is necessary, and supported by ample authority, to demonstrate why peace officers cannot merely let suspects go, depending on the totality of the circumstances.

1

## **DEFENDANTS' INSTRUCTION NO. 15: HEADLONG FLIGHT**

2

A person's headlong, unprovoked flight upon seeing a police officer is the

3

consummate act of evasion:  It is not necessarily indicative of wrongdoing, but it is

4

certainly suggestive of such.

5

6

Source:  Illinois v. Wardlow, 528 U.S. 119, 123-25 (2000) (holding that a person's

7

headlong, unprovoked flight upon seeing a police officer, when it occurs in a high-

8

crime neighborhood, is sufficient to establish reasonable suspicion that the person is

9

involved in criminal activity.  "Headlong flight—wherever it occurs—is the

10

consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is

11

certainly suggestive of such . . . Flight, by its very nature, is not 'going about one's

12

business'; in fact, it is just the opposite."); United States v. Smith, 633 F.3d 889, 893-

13

94 (9th Cir. 2011).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**42**

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 15: HEADLONG FLIGHT**

This is a special instruction not based on any model instruction. This instruction is clearly argumentative and prejudicial to Plaintiff by suggesting that Mr. Petit's actions were suggestive of wrongdoing. Further, this instruction misstates the facts by stating that Mr. Petit engaged in "headlong, unprovoked flight." It will be up to the jury to decide whether Mr. Petit engaged in "headlong, unprovoked flight," or whether Mr. Petit simply walked away from the officers, and whether the officers pointing their weapons at Mr. Petit caused him to move away from the officers.

1

## <u>DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 15:</u>

2

## <u>HEADLONG FLIGHT</u>

3          Defendants' proposed instruction is supported by well-settled Supreme Court

4    precedent.  Particularly where the evaluation of an officer's use of force is dependent

5    on the facts and circumstances known to a reasonable officer on scene, the fact that

6    Jermaine Petit was attempting to flee from the officers and ignoring their commands

7    to stop when they detained him—and what the officers may have appropriately

8    perceived while he did so—is certainly relevant to the jury's consideration.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED  PROPOSED JURY INSTRUCTIONS

**PLAINTIFF'S INSTRUCTION NO. 16: DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)**

Plaintiff claims that Brett Hayhoe and Daryl Glover violated Jermaine Petit of his right under the Fourth Amendment to objectively reasonable medical care during the course of a seizure. In order to prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Brett Hayhoe and/or Daryl Glover knew or should have known of Jermaine Petit's immediate need for medical care;

2.      Brett Hayhoe and Daryl Glover unreasonably delayed, interfered with, or obstructed the provision of medical care to Mr. Petit; and

3.      the delay, interference, or obstruction was a cause of injury, damage, loss, or harm to Mr. Petit.

SOURCE: *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006).

**45**

DISPUTED  PROPOSED JURY INSTRUCTIONS

**<u>DEFENDANTS' INSTRUCTION NO. 17: PARTICULAR RIGHTS—
FOURTEENTH AMENDMENT—PRETRIAL DETAINEE'S CLAIM RE
CONDITION OF CONFINEMENT/MEDICAL CARE (42 U.S.C. § 1983)</u>**

The Plaintiff Ashlyn Petit has brought a claim under the Fourteenth Amendment to the United States Constitution against Sergeant Hayhoe and Officer Glover. The Plaintiff Ashlyn Petit asserts that Sergeant Hayhoe and Officer Glover failed to provide needed medical care.

To prevail on this claim, the Plaintiff Ashlyn Petit has the burden of proving each of the following elements by a preponderance of the evidence:

First, Segreant Hayhoe and Officer Glover made an intentional decision regarding the denial of needed medical care;

Second, the denial of needed medical care put Jermaine Petit at substantial risk of suffering serious harm;

Third, Sergeant Hayhoe and Officer Glover did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of Sergeant Hayhoe's and Officer Glover's conduct obvious; and

Fourth, by not taking such measures, Sergeant Hayhoe and Officer Glover caused Jermaine Petit's injuries.

With respect to the third element, the defendant's conduct must be objectively unreasonable.

<u>Source:</u>  Ninth Circuit Model Jury Instruction – 9.30

**46**

## <u>PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 16, 17: DENIAL OF MEDICAL CARE</u>

Plaintiff submits that her proposed instruction on the denial of medical care claim is accurate to the facts of the instant case.  Plaintiff's denial of medical care claim arises under the Fourth Amendment.  The scope of the Fourth Amendment right to objectively reasonable medical care confers upon peace officers the duty not to obstruct, delay or interfere with medical care. *See PC. v. City of Los Angeles*, No. CV 07-3413-PLA, 2012 WL 12847227, at *11 (C.D. Cal. Sept. 14, 2012) (affirming jury instruction for denial of medical care claim based on denial *or delay* of medical care); *Garvey v. Gibbons*, 2008 WL 4500011, at *11 (C.D. Cal. Oct. 5, 2008) (noting that "the Ninth Circuit has declared that, in light of the mandate of *Graham* that all excessive force claims arising out of an arrest should be analyzed under the Fourth Amendment, the officers' duty to obtain medical treatment for an arrestee arises under the Fourth Amendment."); *Von Haar v. City of Mountain View*, 2011 WL 782242, at *3 (N.D. Cal. Mar. 1, 2011) (citing *Tatum*, 441 F.3d at 1098-9) ("[T]he Ninth Circuit has recently treated the failure to provide adequate medical care during and immediately following an arrest as a claim properly brought under the Fourth Amendment and subject to the Fourth Amendment's objective reasonableness standard.").

DISPUTED PROPOSED JURY INSTRUCTIONS

## <u>DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 16, 17: DENIAL OF MEDICAL CARE</u>

Defendants' proposed instruction on the denial of medical care claim is more appropriate because it tracks, verbatim, the express language of the Ninth Circuit Model Jury Instruction.  Contrary to Plaintiff's contention, the fact that Plaintiff's claim arises under the Fourth Amendment does not render the applicability of this model jury instruction obsolete or otherwise require a deviation from the model instruction to Plaintiff's form of a special instruction.  Indeed, the title of the instruction itself makes clear that it applies to pretrial detainees and not prisoners, and under the evaluation of the facts and circumstances of Jermaine Petit's interaction with the officer defendants, he was a pretrial detainee.

## **DEFENDANTS' INSTRUCTION NO. 18: PEACE OFFICERS REQUIRED ONLY TO SEEK NECESSARY MEDICAL ATTENTION FOR INJURED PRETRIAL DETAINEE**

Peace officers are required only to seek the necessary medical attention for a pretrial detainee who has been injured while being apprehended.

Source:  Est. of Cornejo ex rel. Solis v. City of Los Angeles, 618 F.App'x 917, 920 (9th Cir. 2015)

**<u>PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 18:</u>**
**<u>PEACE OFFICERS REQUIRED ONLY TO SEEK NECESSARY MEDICAL</u>**
**<u>ATTENTION FOR INJURED PRETRIAL DETAINEE</u>**

This is a special instruction not based on any model instruction. This instruction is unnecessary, argumentative, and prejudicial to Plaintiff. This instruction improperly characterizes Mr. Petit as a "pretrial detainee" who was "injured" as opposed to an unarmed civilian who sustained two lethal gunshot wounds. Further, this instruction is an incomplete statement of the law. *See PC. v. City of Los Angeles*, No. CV 07-3413-PLA, 2012 WL 12847227, at *11 (C.D. Cal. Sept. 14, 2012) (affirming jury instruction for denial of medical care claim based on denial *or delay* of medical care). Defendants Hayhoe and Glover can be held liable for denial of medical care if they obstructed or interfered with prompt and adequate medical attention.

DISPUTED PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 18: PEACE OFFICERS REQUIRED ONLY TO SEEK NECESSARY MEDICAL ATTENTION FOR INJURED PRETRIAL DETAINEE

Yet again, Plaintiff's argument against a special instruction is that it is not based on a model instruction, even though Plaintiff's objection to the proceeding instruction was to create a special instruction that deviates from the model instructions.  This instruction is appropriate because it frames the duty of peace officers in the context of denial of medical care claims, where jurors might be misled to believe that peace officers have a duty to provide medical care and will evaluate the individual defendants' conduct based on when such care was provided—not just summoned by the officers.

## <u>DEFENDANTS' INSTRUCTION NO. 19: DUTY TO COOPERATE WITH POLICE AND SUBMIT TO DETENTION</u>

If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being detained or arrested by a peace officer, it is the duty of such person to submit to such a detention or arrest.

<u>Source</u>: CAL. PENAL CODE §§ 834a, 148(a); <u>see</u> <u>also</u> <u>Hagberg v. California Federal Bank</u>, 32 Cal.4th 350 (2004); <u>Miller v. Fano</u>, 134 Cal. 103 (1901); CALCRIM 2656, 2652.

DISPUTED PROPOSED JURY INSTRUCTIONS

**PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 19: DUTY TO COOPERATE WITH POLICE AND SUBMIT TO DETENTION**

This is a special instruction not based on any model instruction. This instruction is unnecessary, argumentative, and prejudicial to Plaintiff. Plaintiff does not maintain a claim for unreasonable detention and arrest. This instruction prejudicially suggests to the jury that it was Mr. Petit's own fault that he was struck by lethal shots simply because he did not stop and submit to detention or arrest. Failure to submit to detention or arrest does not justify the use of deadly force against an unarmed civilian. The jury will be given the appropriate substantive instructions, including Ninth Circuit No. 9.25, which include factors to consider in determining whether the use of deadly force was excessive and unreasonable. Therefore, this instruction is misleading and should not be read to the jury.

## **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 19: DUTY TO COOPERATE WITH POLICE AND SUBMIT TO DETENTION**

Although Plaintiff is not asserting a claim for unreasonable seizure, a suspect's flight from peace officers is a factor to be considered by the jury in evaluation of Plaintiff's Fourth Amendment claim for excessive force. Particularly where Jermaine Petit's failure to submit to the lawful commands of peace officers, and instead flee from the officers during their attempt to lawfully detain him, is a relevant consideration for the jury. Accordingly, an instruction informing the jury that Mr. Petit had a duty under the law to submit to law enforcement during the officers' attempt to detain him is an appropriate instruction to give the jury.

1

2

## **PLAINTIFF'S INSTRUCTION NO. 20: BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS**

3   A peace officer may use deadly force only when necessary in defense of human

4   life. Plaintiff claims that Daryl Glover and/or Brett Hayhoe unnecessarily used deadly

5   force on him. To establish this claim, Plaintiff must prove all of the following:

6   1.    That Daryl Glover and/or Brett Hayhoe intentionally shot Jermaine Petit;

7   2.    That Daryl Glover and/or Brett Hayhoe's use of deadly force was not

8   necessary to defend human life;

9   3.    That Jermaine Petit was harmed; and

10   4.    That Daryl Glover and/or Brett Hayhoe's use of deadly force was a

11   substantial factor in causing Jermaine Petit's harm.

12   Daryl Glover and/or Brett Hayhoe's use of deadly force was necessary to

13   defend human life only if a reasonable officer in the same situation would have

14   believed, based on the totality of the circumstances known to or perceived by Daryl

15   Glover and/or Brett Hayhoe at the time, that deadly force was necessary to defend

16   against an imminent threat of death or serious bodily harm to Daryl Glover and/or

17   Brett Hayhoe or to another person.

18   "Deadly force" means any use of force that creates a substantial risk of causing

19   death or serious bodily injury, including, but not limited to, the discharge of a firearm.

20   A threat of death or serious bodily injury is "imminent" when, based on the totality of

21   the circumstances, a reasonable officer in the same situation would believe that a

22   person has the present ability, opportunity, and apparent intent to immediately cause

23   death or serious bodily injury to the peace officer or another person. An imminent

24   harm is not merely a fear of future harm, no matter how great the fear and no matter

25   how great the likelihood of the harm, but is one that, from appearances, must be

26   instantly confronted and addressed.

27   "Totality of the circumstances" means all facts known to the peace officers at

28   the time, including the conduct of Daryl Glover, Brett Hayhoe and Jermaine Petit

**55**

leading up to the use of deadly force. In determining whether Daryl Glover and/or Brett Hayhoe's use of deadly force was necessary in defense of human life, you must consider Daryl Glover and/or Brett Hayhoe's tactical conduct and decisions before using deadly force on Jermaine Petit and whether Daryl Glover and/or Brett Hayhoe used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other deescalation tactics.

SOURCE: CACI 1305B, Battery by Peace Officer (Deadly Force) – Essential Factual Elements.

## DEFENDANTS' INSTRUCTION NO. 21: BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff Ashlyn Petit claims that Sergeant Hayhoe and Officer Glover unnecessarily used deadly force on Jermaine Petit. To establish this claim, Plaintiff Ashlyn Petit must prove all of the following:

1. That Sergeant Hayhoe and Officer Glover intentionally touched Jermaine Petit;

2. That Sergeant Hayhoe and Officer Glover used deadly force on Jermaine Petit;

3. That Sergeant Hayhoe's and Officer Glover's use of deadly force was not necessary to defend human life;

4. That Jermaine Petit was harmed; and

5. That Sergeant Hayhoe's and Officer Glover's use of deadly force was a substantial factor in causing Jermaine Petit's harm.

Sergeant Hayhoe's and Officer Glover's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Sergeant Hayhoe and Officer Glover at the time, that deadly force was necessary to defendant against an imminent threat of death or serious bodily harm to Sergeant Hayhoe and/or Officer Glover or to another person, or to apprehend a fleeing person for a felony, when all of the following conditions are present:

(i) The felony threatened or resulted in death or serious bodily injury to another;

(ii) Sergeant Hayhoe and Officer Glover reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

(iii) Sergeant Hayhoe and Officer Glover made reasonable efforts to identify themselves as peace officers and to warn that deadly force may be used, unless the

**57**

officers had objectively reasonable grounds to believe the person is aware of those facts.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm. A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Sergeant Hayhoe, Officer Glover, and Jermaine Petit leading up to the use of deadly force.  In determining whether Sergeant Hayhoe's and Officer Glover's use of deadly force was necessary in defense of human life, you must consider Sergeant Hayhoe's and Officer Glover's tactical conduct and decisions before using deadly force on Jermaine Petit and whether Sergeant Hayhoe and Officer Glover used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance.  A peace officer does, however, have a duty to use reasonable tactical repositioning or other deescalation tactics.

Source: California Civil Jury Instruction – 1305B

DISPUTED  PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 20, 21: BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS

Plaintiff's version of Instruction 1305B appropriately excludes the following language, which is not relevant to the facts of this case:

"or to apprehend a fleeing person for a felony, when all of the following conditions are present:

(i) The felony threatened or resulted in death or serious bodily injury to another;

(ii) Sergeant Hayhoe and Officer Glover reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

(iii) Sergeant Hayhoe and Officer Glover made reasonable efforts to identify themselves as peace officers and to warn that deadly force may be used, unless the officers had objectively reasonable grounds to believe the person is aware of those facts."

# **DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 20, 21: BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS**

The version of the California Civil Jury Instructions proposed by Defendants is more complete.  Whether Plaintiff believes that the additional language concerning flight from the officers is necessary is not for her to decide—but for a jury to decide.

Plaintiff's objection to the inclusion of such language is, again, grounded in her dispute of fact that Jermaine Petit was fleeing from officers.  However, as stated above, regardless of whether Plaintiff is asserting a claim for unlawful seizure or not—whether or not Mr. Petit was fleeing from the officers is a consideration relevant to her excessive force and battery claims, as provided by the model jury instructions.  The facts of this case show that the officers defendants were responding to a call for service of an Assault with a Deadly Weapon, where one of the reporting parties reported that the suspect brandished a firearm at him.  Accordingly, the officers were attempting to detain Mr. Petit because he matched the description of the felony suspect.

Ultimately, the jury is free to apply the additional language under Defendants' proposed instruction based on their evaluation of the evidence presented to them.  However, Plaintiff's blatant attempt to improperly modify the instruction, can only be surmised as an attempt to reduce her burden of proof as to her Battery claim, which is inappropriate.

DISPUTED  PROPOSED JURY INSTRUCTIONS

### PLAINTIFF'S INSTRUCTION NO. 22: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff claims that Daryl Glover and/or Brett Hayhoe were negligent in using deadly force to arrest.

To establish this claim, Plaintiff must prove all of the following:

1.     That Daryl Glover and/or Brett Hayhoe were peace officers;

2.     That Daryl Glover and/or Brett Hayhoe used deadly force on Jermaine Petit;

3.     That Daryl Glover and/or Brett Hayhoe's use of deadly force was not necessary to defend human life;

4.     That Jermaine Petit was harmed; and

5.     That Daryl Glover and/or Brett Hayhoe's use of deadly force was a substantial factor in causing Jermaine Petit's harm.

Daryl Glover and/or Brett Hayhoe's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Daryl Glover and/or Brett Hayhoe at the time, that deadly force was necessary either: to defend against an imminent threat of death or serious bodily injury to Daryl Glover and/or Brett Hayhoe or another person.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter

**61**

how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Daryl Glover and/or Brett Hayhoe and Jermaine Petit leading up to the use of deadly force. In determining whether Daryl Glover and/or Brett Hayhoe's use of deadly force was necessary in defense of human life, you must consider Daryl Glover and/or Brett Hayhoe's tactical conduct and decisions before using deadly force on Jermaine Petit and whether Daryl Glover and/or Brett Hayhoe used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest or prevent escape.

<u>SOURCE</u>: CACI 441.

## **DEFENDANTS' INSTRUCTION NO. 23: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER – ESSENTIAL FACTUAL ELEMENTS**

A peace officer may use deadly forcer only when necessary in defense of human life.  Plaintiff Ashlyn Petit claims that Sergeant Hayhoe and Officer Glover were negligent in using deadly force to arrest / detain / prevent the escape of Jermaine Petit / or overcome his resistance.  To establish this claim, Plaintiff Ashlyn Petit must prove all of the following:

1. That Sergeant Hayhoe and Officer Glover were peace officers;

2. That Sergeant Hayhoe and Officer Glover used deadly force on Jermaine Petit;

3. That Sergeant Hayhoe's and Officer Glover's use of deadly force was not necessary to defend human life;

4. That Jermaine Petit was harmed; and

5. That Sergeant Hayhoe's and Officer Glover's use of deadly force was a substantial factor in causing Jermaine Petit's harm.

Sergeant Hayhoe's and Officer Glover's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Sergeant Hayhoe and Officer Glover at the time, that deadly force was necessary either to defend against an imminent threat of death or serious bodily injury to Sergeant Hayhoe and Officer Glover or another person, or to apprehend a fleeing person for a felony, when all of the following conditions are present:

(i) The felony threatened or resulted in death or serious bodily injury to another;

(ii) Sergeant Hayhoe and Officer Glover reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

(iii) Sergeant Hayhoe and Officer Glover made reasonable efforts to identify themselves as peace officers and to warn that deadly force may be used, unless the

**63**

1    officers had objectively reasonable grounds to believe the person is aware of those

2    facts.

3         A threat of death or serious bodily injury is "imminent" if, based on the totality

4    of the circumstances, a reasonable officer in the same situation would believe that a

5    person has the present ability, opportunity, and apparent intent to immediately cause

6    death or serious bodily injury to the peace officer or to another person.  An imminent

7    harm is not merely a fear of future harm, no matter how great the fear and no matter

8    how great the likelihood of the harm, but is one that, from appearances, must be

9    instantly confronted and addressed.

10        "Totality of the circumstances" means all facts known to or perceived by the

11   peace officer at the time, including the conduct of Sergeant Hayhoe, Officer Glover,

12   and Jermaine Petit leading up to the use of deadly force.  In determining whether

13   Sergeant Hayhoe's and Officer Glover's use of deadly force was necessary in defense

14   of human life, you must consider Sergeant Hayhoe's and Officer Glover's tactical

15   conduct and decisions before using deadly force on Jermaine Petit and whether

16   Sergeant Hayhoe and Officer Glover used other available resources and techniques as

17   alternatives to deadly force, if it was reasonably safe and feasible to an objectively

18   reasonable officer.

19

20   <u>Source:</u> California Civil Jury Instruction – 441

21

22

23

24

25

26

27

28

**64**

## **PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 22, 23: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER —ESSENTIAL FACTUAL ELEMENTS**

Plaintiff's version of Instruction 1305B appropriately excludes the following language, which is not relevant to the facts of this case:

"or to apprehend a fleeing person for a felony, when all of the following conditions are present:

(i) The felony threatened or resulted in death or serious bodily injury to another;

(ii) Sergeant Hayhoe and Officer Glover reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

(iii) Sergeant Hayhoe and Officer Glover made reasonable efforts to identify themselves as peace officers and to warn that deadly force may be used, unless the officers had objectively reasonable grounds to believe the person is aware of those facts."

## <u>DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 22, 23: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER —ESSENTIAL FACTUAL ELEMENTS</u>

The version of the California Civil Jury Instructions proposed by Defendants is more complete.  Whether Plaintiff believes that the additional language concerning flight from the officers is necessary is not for her to decide—but for a jury to decide.

Plaintiff's objection to the inclusion of such language is, again, grounded in her dispute of fact that Jermaine Petit was fleeing from officers.  However, as stated above, regardless of whether Plaintiff is asserting a claim for unlawful seizure or not—whether or not Mr. Petit was fleeing from the officers is a consideration relevant to her excessive force and battery claims, as provided by the model jury instructions. The facts of this case show that the officers defendants were responding to a call for service of an Assault with a Deadly Weapon, where one of the reporting parties reported that the suspect brandished a firearm at him.  Accordingly, the officers were attempting to detain Mr. Petit because he matched the description of the felony suspect.

Ultimately, the jury is free to apply the additional language under Defendants' proposed instruction based on their evaluation of the evidence presented to them. However, Plaintiff's blatant attempt to improperly modify the instruction, can only be surmised as an attempt to reduce her burden of proof as to her Battery claim, which is inappropriate.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S INSTRUCTION NO. 24: BANE ACT

Plaintiff claims that Daryl Glover and Brett Hayhoe intentionally interfered with Jermaine Petit's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiff must prove:

1. Daryl Glover and/or Brett Hayhoe used excessive force against Jermaine Petit;
2. Daryl Glover and/or Brett Hayhoe intended to violate Jermaine Petit's constitutional rights, demonstrated by a reckless disregard for Jermaine Petit's constitutional right to be free from excessive force; and
3. The excessive force resulted in harm, injury, or damage to Jermaine Petit.

SOURCE: *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

## DEFENDANTS' INSTRUCTION NO. 25: BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)

Jermaine Petit claims that Officers De La Rosa and Jaral intentionally interfered with his civil rights by threats, intimidation, or coercion.  To establish this claim, Jermaine Petit must prove all of the following:

1. That by threats, intimidation or coercion, Sergeant Hayhoe and Officer Glover caused Jermaine Petit to reasonably believe that if he exercised his rights to be free from unreasonable seizure, excessive force, and denial of medical care, Sergeant Hayhoe and Officer Glover would commit violence against him;

2. That Sergeant Hayhoe and Officer Glover specifically intended to deprive Jermaine Petit of his enjoyment of the interests protected by the right to be free from excessive force, and denial of necessary medical attention;

3. That Jermaine Petit was harmed; and

4. That each Officers' conduct was a substantial factor in causing Jermaine Petit's            harm.


<u>Source:</u> California Civil Jury Instruction – 3066

## PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 24, 25: BANE ACT

Defendants' proposed instruction on the Bane Act ignores *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018), which holds that "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Plaintiff submits that her version of the Bane Act instruction more accurately reflects the current state of the law.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 24, 25: BANE ACT**

Defendants' proposed instruction follows the plain language of the model jury instruction.  Plaintiff has not proffered any valid explanation to deviate from the model jury instruction, other than what appears to be an attempt to modify her burden of proof as to the Bane Act claim.  Her contention that her modified instruction reflect the current state of law is unavailing, as if that were the case, the California Civil Jury Instructions would have been updated to reflect this.

# PLAINTIFF'S INSTRUCTION NO. 26: CAUSATION

In order to establish liability for Plaintiff's claims arising under California law, as explained in the foregoing instructions, Plaintiff must prove by a preponderance of the evidence that the conduct of Daryl Glover and/or Brett Hayhoe was a substantial factor in causing Jermaine Petit's harm/injuries.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

SOURCE: CACI 430.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## <u>DEFENDANTS' INSTRUCTION NO. 27: CAUSATION</u>

Plaintiff Ashlyn Petit must also demonstrate that the defendants' conduct was a substantial factor in causing her claimed injuries.

A substantial factor in causing harm is a factor that a reasonable person would consider having contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

<u>Source:</u> Ninth Circuit Model Jury Instruction – 9.2 (withdrawn); Judicial Council of California Civil Jury Instructions – 430; <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

## **PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 26, 27: CAUSATION**

Plaintiff's version of CACI 430 appropriately clarifies that this instruction only applies to Plaintiff's claims arising under state law.  Defendants' version of this instruction indicates that it applies to Plaintiff's federal and state law claims. Defendants' version is argumentative in stating "Plaintiff must *also* prove. . ." Defendants' version of this instruction also inaccurately refers to Plaintiff's injuries, as opposed to Mr. Petit's injuries.

**DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 26, 27: CAUSATION**

The "also" that Plaintiff takes issue with in Defendants' proposed instruction is that her burden of proof to establish causation is in conjunction with her burden of proof to establish the other elements of her tort claims.  Plaintiff is also required to establish a causation element as to her federal claims, not just her state law claims. Thus, Defendants' proposed instruction is more accurate.

**<u>PLAINTIFF'S INSTRUCTION 28: CAUSATION—MULTIPLE CAUSES</u>**

A person's conduct may combine with another factor to cause harm. If you find that Daryl Glover and/or Brett Hayhoe's conduct was a substantial factor in causing Jermaine Petit's harm, then Daryl Glover and/or Brett Hayhoe cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Jermaine Petit's harm.

<u>SOURCE</u>: CACI 431.

DISPUTED PROPOSED JURY INSTRUCTIONS

## **PLAINTIFF'S ARGUMENT RE: PLAINTIFF'S INSTRUCTION 28:**
## **CAUSATION—MULTIPLE CAUSES**

Plaintiff submits that this causation instruction is necessary in this case, where there are two defendant officers who fired shots at Mr. Petit, and the jury will be considering the conduct of Brett Hayhoe, Daryl Glover, and Jermaine Petit in rendering their verdict.

# DEFENDANTS' ARGUMENT RE: PLAINTIFF'S INSTRUCTION 28: CAUSATION—MULTIPLE CAUSES

This instruction risks confusing the jury.  Defendants are stipulating that the officers each used deadly force.  However, there is no evidence to support multiple causes of Jermaine Petit's injuries.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **PLAINTIFF'S INSTRUCTION 29: ALTERNATIVE CAUSATION**

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused Jermaine Petit's harm. If you cannot decide which defendant caused Jermaine Petit's harm, you must decide that each defendant is responsible for the harm.

However, if a defendant proves that he did not cause Jermaine Petit's harm, then you must conclude that defendant is not responsible.

SOURCE: CACI 434.

## **PLAINTIFF'S ARGUMENT RE: PLAINTIFF'S INSTRUCTION 29: ALTERNATIVE CAUSATION**

Plaintiff submits that this causation instruction is necessary in this case, where there are two defendant officers who fired shots at Mr. Petit.

DISPUTED PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' ARGUMENT RE: PLAINTIFF'S INSTRUCTION 29: ALTERNATIVE CAUSATION**

This instruction risks confusing the jury. Defendants are stipulating that the officers each used deadly force. However, there is no evidence to support alternative causes of Jermaine Petit's injuries. Moreover, because Plaintiff would not stipulate that this is not a wrongful death case, Defendants anticipate the possibility that Plaintiff might argue that Mr. Petit's death was caused by the shooting incident. Defendants submit that there is no evidence to support this instruction.

# PLAINTIFF'S INSTRUCTION NO. 30: VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED

This instruction applies only to Plaintiff's claims arising under California state law.

In this case, Daryl Glover and Brett Hayhoe are employees of the City of Los Angeles.

Because Daryl Glover and Brett Hayhoe were acting within the scope of their employment when the incident occurred, then the City of Los Angeles is responsible for any harm caused by Daryl Glover and/or Brett Hayhoe's wrongful conduct.

The parties have stipulated that Daryl Glover and Brett Hayhoe were acting within the scope of their employment during this incident.

SOURCE: CACI 3703

**<u>PLAINTIFF'S ARGUMENT RE: PLAINTIFF'S INSTRUCTION NO. 30:</u>**

**<u>VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED</u>**

This is a model instruction that is appropriate for this case. The City of Los Angeles is vicariously liable for the conduct of Defendants Hayhoe and Glover on Plaintiff's claims arising under California law. There is no dispute that Defendants Hayhoe and Glover were acting in the course and scope of their employment with the City of Los Angeles at the time of the shooting.

## **DEFENDANTS' ARGUMENT RE: PLAINTIFF'S INSTRUCTION NO. 30: VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED**

This proposed instruction is duplicative given that Defendants are stipulating that the officers were acting in the course and scope of their employment as peace officers with the Los Angeles Police Department.  Accordingly, this instruction is not necessary.

## PLAINTIFF'S INSTRUCTION NO. 31: DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

You should consider the following:

1.    The nature and extent of Jermaine Petit's injuries;

2.    The disability, disfigurement, physical impairment, physical pre-death pain and suffering, and loss of enjoyment of life Jermaine Petit experienced;

3.    The mental and emotional pre-death pain and suffering, humiliation, grief, anxiety, and inconvenience Jermaine Petit experienced;

4.    The reasonable value of necessary medical and psychological care, treatment, and services Jermaine Petit received.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based o the evidence and your common sense.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), §§ 5.1, 5.2; CACI 3905A.

## **DEFENDANTS' INSTRUCTION NO. 32: DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Ashlyn Petit, you must determine her damages. Plaintiff Ashlyn Petit has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Ashlyn Petit for any injury of Jermaine Petit's you find was caused by the defendants. You should consider the following:

1. The nature and extent of the injuries;
2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
3. The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
4. The reasonable value of necessary medical care, treatment, and services received to the present time;
5. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;
6. The reasonable value of wages and earning capacity lost up to the present time;
7. The reasonable value of wages and earning capacity that with reasonable probability will be lost in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: Ninth Circuit Model Jury Instruction – 5.1, 5.2

## PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 31, 32: DAMAGES— PROOF

Plaintiff's version of this instruction incorporates both the Ninth Circuit and CACI jury instructions on damages, as Plaintiff maintains federal and state claims. Plaintiff's version accurately describes the damages available in this case. Defendants' version of this instruction is not tailored to the facts and damages of this case.

1

2

## DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 31, 32: DAMAGES— PROOF

3    Defendants' proposed instruction is more complete, as it includes all factors

4  that are appropriate for jury's consideration.  Moreover, the model jury instructions do

5  not include Plaintiff's proffered language regarding no fixed amount for non-

6  economic damages.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEFENDANTS' INSTRUCTION NO. 33: SPECULATIVE DAMAGES NOT PERMITTED

You are not permitted to award a party speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.

However, if you determine that a party is entitled to recover, you should compensate a party for loss or harm caused by the injury in question which is reasonably certain to be suffered in the future.

Source:  BAJI 14.60

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 34: SPECULATIVE DAMAGES NOT PERMITTED**

This instruction is redundant of the Parties' respective versions of "Damages—Proof," which already clearly states: "Your award must be based upon evidence and not upon speculation, guesswork or conjecture." Further, the "California Book of Approved Jury Instructions" has largely been superseded by the plain-language California Civil Jury Instructions.

## **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 34: SPECULATIVE DAMAGES NOT PERMITTED**

This jury instruction is particularly necessary in the context of the facts and circumstances of this case, where Jermaine Petit died for unrelated and unknown causes, and Plaintiff's retained expert intends to testify that Mr. Petit may have died as a result of the shooting incident, despite that there is no evidence to support such a conclusion. Especially because jurors are more inclined to give an expert's testimony greater weight, it is imperative that they are adequately guided about the prohibition of calculating damages based on speculation.

1

## **DEFENDANTS' INSTRUCTION NO. 34: NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find for Plaintiff Ashlyn Petit but you find that Plaintiff Ashlyn Petit has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Source: Ninth Circuit Model Jury Instruction – 5.6

DISPUTED  PROPOSED JURY INSTRUCTIONS

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 34: NOMINAL DAMAGES**

This case involves the use of deadly force against Jermaine Petit. There is no reasonable dispute that the gunshots caused Mr. Petit severe injuries. This is not a nominal damages case. Suggesting to the jury that the use of deadly force could result in "nominal damages" is argumentative and prejudicial to Plaintiff.

## DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 34: NOMINAL DAMAGES

Plaintiff's proposed instruction is not based on any authority, but rather, based on argument of counsel.  Regardless of the facts of any subject incident underlying a civil action, a jury is able and free to award nominal damages, should they feel that is appropriate based on their evaluation of the evidence.  To take this possibility out of the hands of the jury by failing to give them this appropriate instruction—especially when it is based on argument of counsel—is prejudicial to Defendants and inconsistent with the spirit of the law.

## PLAINTIFF'S INSTRUCTION NO. 35: PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS

If you find for the Plaintiff, you may, but are not required to, award punitive damages against Daryl Glover and/or Brett Hayhoe. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the defendant's conduct that harmed Jermaine Petit was malicious, oppressive or in reckless disregard of Jermaine Petit's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Jermaine Petit. Conduct is in reckless disregard of Jermaine Petit's rights if, under the circumstances, it reflects complete indifference to Jermaine Petit's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate Jermaine Petit's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of Jermaine Petit with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Jermaine Petit.

Punitive damages may not be awarded against the City of Los Angeles.

SOURCE: Manual of Model Civil Jury Instructions, No. 5.5.

DISPUTED PROPOSED JURY INSTRUCTIONS

## <u>DEFENDANTS' INSTRUCTION NO. 36: PUNITIVE DAMAGES</u>

If you find for Plaintiff Ashlyn Petit, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a Plaintiff Ashlyn Petit.

Plaintiff Ashlyn Petit has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Officers' conduct that harmed Jermaine Petit was malicious, oppressive or in reckless disregard of Jermaine Petit's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff Ashlyn Petit.  Conduct is in reckless disregard of the Plaintiff Ashlyn Petit's rights if, under the circumstances, it reflects complete indifference to the Plaintiff Ashlyn Petit's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the Plaintiff Ashlyn Petit's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the Plaintiff Ashlyn Petit with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Jermaine Petit

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the Plaintiff Ashlyn Petit was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to

1  punish the defendant for harm to anyone other than the Plaintiff Ashlyn Petit in this

2  case.

3      In addition, you may consider the relationship of any award of punitive

4  damages to any actual harm inflicted on Jermaine Petit.

5      Punitive damages may not be awarded against the City of Los Angeles.  You

6  may impose punitive damages against one or more of the defendants and not others

7  and may award different amounts against different defendants.

8

9  <u>Source:</u> Ninth Circuit Model Jury Instructions – 5.5

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 35, 36 PUNITIVE DAMAGES

Plaintiff submits that her proposed instruction on the predicate question for punitive damages is sufficient and more succinct.

## **DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 35, 36 PUNITIVE DAMAGES**

Defendants' proposed instruction specifically tracks the language of the model jury instruction.  Because it is without modification, in contrast to Plaintiff's proposed instruction, it is more appropriate to give the jurors.  Plaintiff's contention that concision of her proposed instruction automatically equates to appropriateness is wholly unavailing.  Defendants' instruction is more completed and does not improperly cut out appropriate information that the Ninth Circuit Model Jury Instructions feel are appropriate for a jury's consideration.

## DEFENDANTS' INSTRUCTION NO. 37: BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Source: Ninth Circuit Model Jury Instruction – 1.7

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 37: BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

This instruction would only be appropriate if Plaintiff maintains her claim for punitive damages on the state law claims.

DISPUTED PROPOSED JURY INSTRUCTIONS

## <u>DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 37:</u>
## <u>BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE</u>

Plaintiff is still pursuing her punitive damages claims at this time, hence, why Plaintiff herself proposed a jury instruction on the issue.  Thus, the accompanying instruction concerning her burden of proof on their damage claim is entirely appropriate.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S JURY INSTRUCTION NO. 38: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON UNCONSTITUTIONAL CUSTOM, PRACTICE AND POLICY

To prevail on her § 1983 claim against the City of Los Angeles alleging liability based on an official policy, practice, or custom, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Brett Hayhoe and Daryl Glover acted under color of state law. The Parties have stipulated that Brett Hayhoe and Daryl Glover acted under color of state law.

Second, the acts of Brett Hayhoe and/or Daryl Glover deprived Jermaine Petit of particular rights under the United States Constitution as explained in previous instructions;

Third, Brett Hayhoe and/or Daryl Glover acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the City of Los Angeles, including a longstanding practice or custom of failing to adequately train its officers as follows:

- the training policies of the City of Los Angeles were not adequate to train its officers to handle the usual and recurring situations with which they must deal; OR
- the City of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its officers adequately.

Fourth, the City of Los Angeles' official policy or widespread or longstanding practice or custom caused the deprivation of Jermaine Petit's rights by Brett Hayhoe and/or Daryl Glover; that is, the City of Los Angeles's official policy or widespread or longstanding practice or custom, including that of failing to adequately train its deputies, is so closely related to the deprivation of Jermaine Petit's rights as to be the moving force that caused the ultimate injury.

1    SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), §§ 9.5, 9.8.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' INSTRUCTION NO. 39: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON UNLAWFUL OFFICIAL POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against the City of Los Angeles alleging liability based on an official policy, practice, or custom, Plaintiff Ashlyn Petit must prove each of the following elements by a preponderance of the evidence:

1. Sergeant Hayhoe and Officer Glover acted under color of state law.

2. The acts of Sergeant Hayhoe and Officer Glover deprived Jermaine Petit of his  particular rights under the United States Constitution as explained in later instructions.

3.  Sergeant Hayhoe and Officer Glover acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the   City of Los Angeles.

4. The City of Los Angeles's official policy or widespread or longstanding practice or custom caused the deprivation of Jermaine Petit's rights by Sergeant Hayhoe and Officer Glover; that is, the City of Los Angeles's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Jermaine Petit's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

"Official policy" means a formal policy, such as a rule or regulation adopted by the City of Los Angeles, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the City of Los

Angeles.

If you find that Plaintiff Ashlyn Petit has proved each of these elements, and if you find that Jermaine Petit has proved all the elements he is required to prove under Instructions 9.25 (Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force) and 9.30 (Particular Rights—Fourteenth Amendment—Pretrial Detainee's Claim re Conditions of Confinement/Medical Care), your verdict should be for Plaintiff Ashlyn Petit.  If, on the other hand, you find that Jermaine Petit has failed to prove any one or more of these elements, your verdict should be for the defendants.

Source: Ninth Circuit Model Jury Instruction – 9.5

DISPUTED  PROPOSED JURY INSTRUCTIONS

# PLAINTIFF'S ARGUMENT RE: INSTRUCTION NOS. 38, 39 (MONELL CLAIM)

Plaintiff's *Monell* claim as phrased in the operative complaint includes an unconstitutional custom, practice, and policy of a failure to train with respect to the use of deadly force. As such, Plaintiff's jury instruction on her *Monell* claim incorporates the jury instruction on "Failure to Train."

## DEFENDANTS' ARGUMENT RE: INSTRUCTION NOS. 38, 39 (MONELL CLAIM)

Plaintiff's operative complaint asserts a <u>Monell</u> claim based only a theory of Unconstitutional Custom, Practice, or Policy.  Her proposed jury instruction is simply an attempt to smuggle in a Failure to Train theory at trial, which has never been asserted in this civil action since its inception.  If Plaintiff wanted to pursue a Failure to Train theory, the time to do so would have been during the pendency of the litigation, when she was still within the appropriate timeframe to amend her Complaint—not one month from trial via an improper modification of the jury instruction.

1    **<u>DEFENDANTS' INSTRUCTION NO. 40: ARGUMENTS OF COUNSEL NOT</u>**
2    **<u>EVIDENCE OF DAMAGES</u>**

3         The arguments of the attorneys are not evidence of damages. Your award must
4    be based on your reasoned judgment applied to the testimony of the witnesses and the
5    other evidence that has been admitted during trial.

6

7    <u>Source</u>: California Civil Jury Instructions – 3925

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED  PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 40: ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

Plaintiff objects to this instruction as argumentative and prejudicial to Plaintiff.

DISPUTED  PROPOSED JURY INSTRUCTIONS

## <u>DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 40:</u>
## <u>ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES</u>

This instruction is not argumentative—it tracks the exact language of a model jury instruction within the California Civil Jury Instructions. It is not intended to apply just to Plaintiff—but to Defendants as well. Plaintiff has not proffered sufficient reason why this instruction would otherwise be improper for a jury to hear. It is a standard instruction given frequently in civil trials.

## <u>DEFENDANTS' INSTRUCTION NO. 41: DAMAGES ON MULTIPLE LEGAL THEORIES</u>

Plaintiff Ashlyn Petit seeks damages from defendants under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether defendants are liable to Jermaine Petit under

the following legal theories:

1. Excessive Force
2. Municipal Liability for Unlawful Practice or Custom
3. Denial of Medical Care
4. Negligence
5. Assault and Battery
6. Intentional Infliction of Emotional Distress

The following items of damages are recoverable only once under all of

the above legal theories:

1. Emotional distress
2. Physical pain and suffering
3. Medical expenses
4. Loss of earning and earning capacity
5. Other related out of pocket costs

Jermaine Petit can recover damages for pain and suffering from the time between his encounter with LAPD officers on July 18, 2022, to the time of his death.

<u>Source:</u> California Civil Jury Instructions – 3934; <u>Hook v. U.S.</u>, 2017 WL 2831696 at *3 (E.D. Mi. 2017); <u>Williams v. City of Oakland</u>, 915 F.Supp. 1074, 1079-80 (N.D. Cal. 1996).

DISPUTED PROPOSED JURY INSTRUCTIONS

## **PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 41: DAMAGES ON MULTIPLE LEGAL THEORIES**

Plaintiff objects to inclusion of this instruction on the grounds that it is confusing, unnecessary, and argumentative. Plaintiff submits that the jury is likely to misinterpret the language: "The following items of damages are recoverable only once under all of the above legal theories," resulting in prejudice to Plaintiff.

## <u>DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 41:</u>
## <u>DAMAGES ON MULTIPLE LEGAL THEORIES</u>

Defendants submit that this is a standard model jury instruction. Particularly where Plaintiff has numerous claims for relief, predicated on different legal theories, it is entirely appropriate to include this proposed instruction. Additionally, where this case provides a unique situation where Jermaine Petit died before the trial for unrelated and undetermined causes. Thus, a jury should be appropriately instructed regarding the appropriate timeframe in which Plaintiff can recover for any pain and suffering experienced by Mr. Petit from the time of the shooting until his death.

## **DEFENDANTS' INSTRUCTION NO. 42: JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Source: California Civil Jury Instructions – 3964

**114**

DISPUTED PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PLAINTIFF'S ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 42:</u>**

**<u>JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS</u>**

Plaintiff does not believe that this instruction is necessary for this case. The instruction on the measure and proof of damages will adequately instruct the jury on what damages to consider. This instruction is also argumentative and could prejudice Plaintiff by notifying the jury that there could be attorney fees and court costs.

## **DEFENDANTS' ARGUMENT RE: DEFENDANTS' INSTRUCTION NO. 42: JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

Again, this is a model jury instruction that is standard in all civil actions. Plaintiff's own perception that it is prejudicial to her is not sufficient reason why an applicable model instruction should not be provided to give the jury appropriate guidance about their determination of damages.