1 | RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
2 | IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
3 | Los Angeles, California 90071
Tel:   (213) 489-0028
4 | Fax:   (213) 489-0552

5 | LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
6 | dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
7 | rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
8 | Woodland Hills, CA 91367
Tel:   (818) 347-3333
9 | Fax:   (818) 347-4118

10

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13

14 | ASHLYN PETIT, as successor-in-interest to JERMAINE PETIT, deceased,

15 | Plaintiff,

16 | vs.

17 | CITY OF LOS ANGELES; DARYL GLOVER, JR.; BRETT HAYHOE,

18

19 | Defendants.

Case No. 2:23-cv-00789-ODW (PVCx)

Assigned to:
Hon. District Judge Otis D. Wright, II
Hon. Magistrate Judge Pedro V. Castillo

***AMENDED* JOINT AGREED PROPOSED JURY INSTRUCTIONS**

Final Pretrial Conference
Date: January 28, 2026
Time: 10:00 a.m.
Place: Zoom

Trial Date: February 17, 2026

20

21

22

23

24

25

26

27

28

---

1    Pursuant to Local Rule 16-4 and this Court's Civil Trial Order, the Parties hereby
2  submit their Joint Agreed Proposed Jury Instructions. The Parties reserve the right to
3  amend these [Proposed] Jury Instructions, subject to any objections, motions *in limine*,
4  and applicable Orders of the Court.

5

6  Respectfully submitted,

7  DATED:  January 16, 2026        CARPENTER, ROTHANS & DUMONT LLP

8                                              */s/  Kimberly Sarmiento*
                                        By: _____
9                                            Steven J. Rothans
                                             Kimberly Sarmiento
10                                           Attorneys for Defendants,
                                             Sergeant Brett Hayhoe and Officer Daryl
11                                           Glover, Jr., public employees

12  DATED:  January 16, 2026        **HYDEE FELDSTEIN SOTO**, City Attorney
13                                  **DENISE C. MILLS**, Chief Deputy City Attorney
                                    **KATHLEEN KENEALLY**, Chief Asst. City Attorney
14
15                                      By: _____
16                                          CHRISTIAN BOJORQUEZ
                                        *Attorneys for Defendant*, CITY OF LOS ANGELES
17

18  Dated: January 16, 2026          LAW OFFICES OF DALE K. GALIPO
19

20                                      By_____*/s/ Dale K. Galipo*_____
21                                        Dale K. Galipo
                                          Renee V. Masongsong
22                                        Attorneys for Plaintiff

23

24  Dated: January 16, 2026            IVIE MCNEILL WYATT
                                        PURCELL & DIGGS
25
                                    By:  *s/ Rodney S. Diggs*
26                                       Rodney S. Diggs
                                         Attorneys for Plaintiff
27

28

**ii**

| No. | Title | Source | Page |
| --- | --- | --- | --- |
| 1. | Duty of Jury | Ninth Circuit Model Jury Instruction 1.3 | 1 |
| 2. | Outline of Trial | Ninth Circuit Model Jury Instruction – 1.21 | 2 |
| 3. | Two or More Parties—Different Legal Rights | Ninth Circuit Model Jury Instruction – 1.8 | 3 |
| 4. | Burden of Proof – Preponderance of the Evidence | Ninth Circuit Model Jury Instruction – 1.6 | 4 |
| 5. | What is Evidence | Ninth Circuit Model Jury Instruction – 1.9 | 5 |
| 6. | What is Not Evidence | Ninth Circuit Model Jury Instruction – 1.10 | 6 |
| 7. | Direct and Circumstantial Evidence | Ninth Circuit Model Jury Instruction – 1.12 | 7 |
| 8. | Expert Opinion | Ninth Circuit Model Jury Instruction – 2.13 | 8 |
| 9. | Ruling on Objections | Ninth Circuit Model Jury Instruction – 1.13 | 9 |
| 10. | Bench Conferences and Recesses | Ninth Circuit Model Jury Instruction – 1.20 | 10 |
| 11. | Credibility of Witnesses | Ninth Circuit Model Jury Instruction – 1.14 | 11 |
| 12. | Evidence in Electronic Format | Ninth Circuit Model Jury Instruction – 2.16 | 13 |
| 13. | Conduct of the Jury | Ninth Circuit Model Jury Instruction – 1.15 | 15 |
| 14. | Stipulations of Fact | Ninth Circuit Model Jury Instruction – 2.2 | 17 |
| 15. | Section 1983 Claim—Introductory Instruction | Ninth Circuit Model Jury Instruction – 9.1 | 18 |
| 16. | Section 1983 Claim Against Defendant In Individual Capacity – Elements and Burden of Proof | Ninth Circuit Model Jury Instruction – 9.3 | 19 |
| 17. | Intentional Infliction of Emotional Distress – Essential Factual Elements | CACI 1600 | 20 |

iii

| No. | Title | Source | Page |
|---|---|---|---|
| 18. | Intentional Infliction of Emotional Distress – "Outrageous Conduct" Defined | CACI 1602 | 21 |
| 19. | Intentional Infliction of Emotional Distress – "Severe Emotional Distress" Defined | CACI 1604 | 22 |
| 20. | No Transcript Available to Jury | Ninth Circuit Model Jury Instruction – 1.17 | 23 |
| 21. | Questions by Witnesses to Jurors During Trial | Ninth Circuit Model Jury Instruction – 1.19 | 24 |
| 22. | Taking Notes | Ninth Circuit Model Jury Instruction – 1.18 | 25 |
| 23. | Communication with Court | Ninth Circuit Model Jury Instruction – 3.3 | 26 |
| 24. | Duty to Deliberate | Ninth Circuit Model Jury Instruction – 3.1 | 27 |
| 25. | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Jury Instruction – 3.2 | 28 |
| 26. | Return of Verdict | Ninth Circuit Model Jury Instruction – 3.5 | 30 |

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1: DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.3.

## JURY INSTRUCTION NO. 2: OUTLINE OF TRIAL

Trials proceed in the following way:

First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.21.

## JURY INSTRUCTION NO. 3: TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

SOURCE: Ninth Circuit Model Jury Instruction – 1.8.

## JURY INSTRUCTION NO. 4: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), 1.6.

## JURY INSTRUCTION NO. 5: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.9.

## JURY INSTRUCTION NO. 6: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)  Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.10.

# JURY INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.12.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

1

## JURY INSTRUCTION NO. 8: EXPERT OPINION

2      You are about to hear testimony from expert witnesses, such as Phillip

3   Sanchez, Marc Cohen, Thomas Hedge, Gary Vilke, Richard Bryce, Amy Magnusson,

4   and Bennet Omalu, who will testify to opinions and the reasons for their opinions.

5   This opinion testimony is allowed, because of the education or experience of this

6   witness.

7      Such opinion testimony should be judged like any other testimony. You may

8   accept it or reject it, and give it as much weight as you think it deserves, considering

9   the witness's education and experience, the reasons given for the opinion, and all the

10   other evidence in the case.

11

12   <u>Source:</u> Ninth Circuit Model Jury Instruction – 2.13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**8**

1

2

## JURY INSTRUCTION NO. 9: RULING ON OBJECTIONS

3

4

5

6

7

8

9

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

10

11

12

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

13

14

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.13.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9**

## <u>JURY INSTRUCTION NO. 10: BENCH CONFERENCES AND RECESSES</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

<u>SOURCE</u>: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.20.

## JURY INSTRUCTION NO. 11: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

1      The weight of the evidence as to a fact does not necessarily depend on the number

2  of witnesses who testify. What is important is how believable the witnesses were, and

3  how much weight you think their testimony deserves.

4

5  <u>SOURCE</u>: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.14.

## **JURY INSTRUCTION NO. 12: EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such

**13**

1    materials. Do not remove the computer or any electronic data [disk] from the jury room,

2    and do not copy any such data.

3

4    SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 2.16.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 13: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn

about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.15.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 14: STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1. This incident occurred on July 18, 2022.

2. Defendants Brett Hayhoe and Daryl Glover are and were at the time of the incident employees of the City of Los Angeles, specifically employed as police officers for the City of Los Angeles Police Department.

3. At the time of this incident, Defendants Brett Hayhoe and Daryl Glover were acting in the course and scope of their employment with the City of Los Angeles.

4. At the time of this incident, Brett Hayhoe and Daryl Glover were acting under color of law.

SOURCE: Ninth Circuit Manual of Model Jury Instructions, 2.2.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 15: SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff Ashlyn Petit brings two of her claims—Excessive Force and Denial of Medical Care—under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Model Jury Instruction – 9.1

## INSTRUCTION NO. 16: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claims against Sergeant Hayhoe and Officer Glover, Plaintiff Ashlyn Petit must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of state law; and

2. the acts of the defendants deprived Jermaine Petit of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The Parties have stipulated that Sergeant Hayhoe and Officer Glover were acting under color of state law.

If you find Plaintiff Ashlyn Petit has proved each of these elements, and if you find that Plaintiff has proved all the elements she is required to prove under the instructions that deal with Excessive Force and Denial of Medical Care, , your verdict should be for Plaintiff Ashlyn Petit on those claims.  If, on the other hand, you find that Plaintiff Ashlyn Petit has failed to prove any one or more of these elements, your verdict should be for the defendants on those claims.


Source: Ninth Circuit Model Jury Instruction – 9.3

# INSTRUCTION NO. 17: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESSENTIAL FACTUAL ELEMENTS

Plaintiff claims that the conduct by Daryl Glover and Brett Hayhoe caused Jermaine Petit to suffer severe emotional distress. To establish this claim, Plaintiff must prove all of the following:

1. That the conduct by Daryl Glover and/or Brett Hayhoe was outrageous;

2. That Daryl Glover and/or Brett Hayhoe acted with reckless disregard of the probability that Jermaine Petit would suffer emotional distress;

3. That Plaintiff Jermaine Petit suffered severe emotional distress; and

4. That the conduct by Daryl Glover and/or Brett Hayhoe was a substantial factor in causing Jermaine Petit's severe emotional distress.

SOURCE: CACI 1600.

## INSTRUCTION NO. 18: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"OUTRAGEOUS CONDUCT" DEFINED

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Sergeant Hayhoe's and Officer Glover's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Sergeant Hayhoe and Officer Glover abused a position of authority or a relationship that gave them real or apparent power to affect Jermaine Petit's interests;

(b) Whether Sergeant Hayhoe and Officer Glover knew that Jermaine Petit was particularly vulnerable to emotional distress; and

(c) Whether Sergeant Hayhoe and Officer Glover knew that their conduct would likely result in harm due to mental distress.

Source: California Civil Jury Instruction – 1602

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 19: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"SEVERE EMOTIONAL DISTRESS" DEFINED

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Jermaine Petit is not required to prove physical injury to recover damages for severe emotional distress

Source: California Civil Jury Instruction – 1604

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 20: NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.17.

## <u>JURY INSTRUCTION NO. 21: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL</u>

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

<u>SOURCE:</u> Ninth Circuit Model Jury Instructions (2025), No. 1.19

## **JURY INSTRUCTION NO. 22: TAKING NOTES (JUROR NOTES)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 1.18.

## **JURY INSTRUCTION NO. 23: COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (2025), No. 3.3.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 24: DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 3.1.

JOINT AGREED PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 25: CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it , although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

JOINT AGREED PROPOSED JURY INSTRUCTIONS

that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

SOURCE: Ninth Circuit Model Jury Instructions (2025), No. 3.2.

## **JURY INSTRUCTION NO. 26: RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

<u>SOURCE</u>: Ninth Circuit Manual of Model Jury Instructions (2025), No. 3.5.