|    |    |
|----|----|
| 1  |    |
| 2  |    |
| 3  |    |
| 4  |    |
| 5  |    |
| 6  |    |
| 7  |    |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to Jermaine Petit, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br><u>Final Pretrial Conference</u><br>Date: 1/28/2026<br>Time: 10:00 a.m.<br><br><u>Trial</u><br>Date: 2/17/2026<br>Time: 9:00 a.m. |

# TABLE OF CONTENTS

1. THE PARTIES AND PLEADINGS ............................................................... 3
2. JURISDICTION ............................................................................................ 3
3. TRIAL DURATION ..................................................................................... 3
4. JURY TRIAL ................................................................................................ 3
5. ADMITTED FACTS ..................................................................................... 4
6. STIPULATED FACTS .................................................................................. 4
7. PARTIES' CLAIMS AND DEFENSES ....................................................... 4
8. REMAINING TRIABLE ISSUES .............................................................. 13
9. DISCOVERY ............................................................................................... 14
10. DISCLOSURES AND EXHIBIT LIST ...................................................... 14
11. WITNESS LISTS ........................................................................................ 14
12. MOTIONS IN LIMINE ............................................................................... 15
13. OTHER PRETRIAL MOTIONS ................................................................ 15
14. BIFURCATION .......................................................................................... 15
15. ADMISSIONS ............................................................................................. 16

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

1. **THE PARTIES AND PLEADINGS**

The Plaintiff is Ashlyn Petit. Ashlyn Petit is the daughter of and successor in interest to Jermaine Petit.

The Defendants are the City of Los Angeles, Brett Hayhoe, and Daryl Glover.

Each of these parties has been served and has appeared. The pleadings which raise the issues are: Plaintiff's First Amended Complaint and Declaration pursuant to Sections 377.11, 377.32 of the California Code of Civil Procedure (ECF No. 62) and Defendants' Answers to Plaintiff's Second Amended Complaint (ECF Nos. 63, 80).

2. **JURISDICTION**

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), as those claims arise out of the same occurrence as Plaintiff's claim for excessive force under 42 U.S.C. § 1983 and the Fourth Amendment. Venue is proper in this Court under 28 U.S.C. § 1441(a) and 1446.

3. **TRIAL DURATION**

The trial is estimated to take 6-8 court days.

4. **JURY TRIAL**

The trial is to be by jury.

The Parties will file their jury instructions, exhibit list, witness list, statement of the case, and proposed verdict forms on January 16, 2026. (ECF No. 47).

5. **ADMITTED FACTS**

The following facts are admitted and require no proof:

1. This incident occurred on July 18, 2022.
2. Defendants Brett Hayhoe and Daryl Glover are and were at the time of the incident employees of the City of Los Angeles, specifically employed as police officers for the City of Los Angeles Police Department.
3. At the time of this incident, Defendants Brett Hayhoe and Daryl Glover were acting in the course and scope of their employment with the City of Los Angeles.
4. At the time of this incident, Brett Hayhoe and Daryl Glover were acting under color of law.

6. **STIPULATED FACTS**

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts."

7. **PARTIES' CLAIMS AND DEFENSES**

**Plaintiff's Claims:**

a. Plaintiff plans to pursue the following claims:

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**
  Plaintiff contends that Brett Hayhoe and Daryl Glover used excessive force when they shot Jermaine Petit at a time when Mr. Petit posed no immediate threat of death or serious bodily injury to any person. Plaintiff brings this claim against Defendants Brett Hayhoe and Daryl Glover. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, pre-death physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation,

4

as well as for the reasonable value of medical care treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

- **Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)**

   Plaintiff brings this claim against Defendant City of Los Angeles for municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff contends that the City of Los Angeles maintained unconstitutional policies, customs, and practices, including inadequate training of its officers regarding the use of deadly force. The City's failure to adequately train its officers amounts to deliberate indifference to the constitutional rights of persons with whom deputies come into contact. *See City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989). Plaintiff seeks compensatory damages, including for pre-death pain and suffering, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

- **Claim 3: Denial of Medical Care (Fourth Amendment; 42 U.S.C. § 1983)**

   Plaintiff contends that Brett Hayhoe and Daryl Glover denied medical care to Jermaine Petit after they shot him. Plaintiff brings this claim against Defendants Brett Hayhoe and Daryl Glover. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as for the reasonable value of medical care treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

- **Claim 4: Battery by a Peace Officer (Deadly Force)**

Plaintiff contends that Brett Hayhoe and Daryl Glover, while acting in the course and scope of their employment as police officers working for the City of Los Angeles, used unreasonable deadly force when they shot Mr. Petit at a time when he posed no immediate threat of death or serious bodily injury to any person. Plaintiff brings this claim against Defendants Brett Hayhoe, Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for Mr. Petit's disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages against Defendants Brett Hayhoe and Daryl Glover, costs, and statutory attorneys' fees under this claim. The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 5: Negligent Use of Deadly Force by a Peace Officer**

  Plaintiff contends that Brett Hayhoe and Daryl Glover, while acting in the course and scope of their employment as police officers working for the City of Los Angeles, was negligent in using deadly force and in their pre-shooting tactics. Plaintiff brings this claim against Defendants Brett Hayhoe and Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for Mr. Petit's disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 6: Violation of the Bane Act (Cal. Civ. Code § 52.1)**

Plaintiff contends that Brett Hayhoe and Daryl Glover deprived Mr. Petit of his constitutional rights when they used excessive deadly force against him. Plaintiff brings this claim against Defendants Brett Hayhoe, Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages against Brett Hayhoe and Daryl Glover, costs, and statutory attorneys' fees, including a multiplier pursuant to Cal. Civ. Code §52 et seq., under this claim. The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 7: Intentional Infliction of Emotional Distress**

  Plaintiff contends that the shooting by Brett Hayhoe and Daryl Glover was extreme and outrageous and taken with the intent of causing, or reckless disregard of the probability of causing Mr. Petit emotional distress, and that Mr. Petit did suffer severe and extreme emotional distress as a result of the shots fired at him by Brett Hayhoe and Daryl Glover. Plaintiff brings this claim against Defendants Brett Hayhoe, Daryl Glover and the City of Los Angeles. Plaintiff seeks compensatory damages for Mr. Petit's injuries, including for his disability, impairment, disfigurement, physical and mental pre-death pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as the reasonable value of medical care, treatment, and services Mr. Petit received. Plaintiff also seeks punitive damages against Defendants Brett Hayhoe and Daryl Glover, costs, and statutory attorneys' fees under this claim. The City of Los Angeles is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

**b. Elements Required to Establish Plaintiff's Claims**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**
    1. Defendants Brett Hayhoe and Daryl Glover acted under color of law (stipulated);
    2. Defendants Brett Hayhoe and/or Daryl Glover used excessive force against Mr. Petit;
    3. The excessive force was a cause of injury, damage, or harm to Mr. Petit.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Ed., Sept. 2025 update); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

- **Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)**
    1. The acts of Defendants Brett Hayhoe and Daryl Glover deprived Mr. Petit of his constitutional right to be free from excessive force;
    2. Defendants Brett Hayhoe and Daryl Glover acted under color of state law (stipulated);
    3. Defendants Brett Hayhoe and/or Daryl Glover acted pursuant to a policy or longstanding practice or custom of Defendant City of Los Angeles;
    4. The City of Los Angeles's policy or widespread or longstanding custom or practice, including a failure to train, caused the deprivation of Mr. Petit's rights; that is, Defendant City's policy or widespread or longstanding custom or practice, including a failure to train, is so closely related to the deprivation of Mr. Petit's rights as to be the moving force that caused the ultimate injury.

*See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); Ninth Circuit Model Jury Instructions, Instruction 9.5—Section 1983 Claim Against Local Governing

Body Defendants Based on Unlawful Official Policy, Practice, or Custom—Elements and Burden of Proof.

- **Claim 3: Denial of Medical Care**

    1. Brett Hayhoe and/or Daryl Glover knew or should have known of Mr. Petit's immediate need for medical care;
    2. Brett Hayhoe and/or Daryl Glover unreasonably delayed, interfered with or obstructed the provision of medical care to Mr. Petit;
    3. The delay, interference or obstruction was a cause of injury, damage, loss, harm or death to Mr. Petit.

See *P.C. v. City of Los Angeles*, No. CV 07-3413-PLA, 2012 WL 12847227, at *11 (C.D. Cal. Sept. 14, 2012).

- **Claim 4: Battery by a Peace Officer (Deadly Force)**

    1. Defendants Brett Hayhoe and Daryl Glover used deadly force against Mr. Petit;
    2. The use of deadly force by Defendants Brett Hayhoe and/or Daryl Glover was not necessary to defend human life;
    3. Mr. Petit was injured;
    4. The use of deadly force by Defendants Brett Hayhoe and Daryl Glover was a cause of injury, harm, or damage to Mr. Petit.

See CACI 1305B.

- **Claim 5: Negligent Use of Deadly Force by a Peace Officer**

    1. Defendants Brett Hayhoe and Daryl Glover used deadly force against Mr. Petit;
    2. The use of deadly force by Defendants Brett Hayhoe and/or Daryl Glover was negligent;
    3. Mr. Petit was injured;
    4. The use of deadly force by Defendants Brett Hayhoe and/or Daryl Glover was a cause of injury, damage, or harm to Mr. Petit.

9

CACI 441; *Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013).

- **Claim 6: Violation of Bane Act (Cal. Civ. Code § 52.1)**
    1. Defendants Brett Hayhoe and/or Daryl Glover used excessive force against Jermaine Petit;
    2. Defendants Brett Hayhoe and/or Daryl Glover intended to violate Mr. Petit's rights, demonstrated by Brett Hayhoe and/or Daryl Glover acting with reckless disregard for Mr. Petit's constitutional right to be free from excessive force;
    3. The use of excessive force by Defendants Brett Hayhoe and/or Daryl Glover was a cause of injury, damage, or harm to Mr. Petit.

*See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

- **Claim 7: Intentional Infliction of Emotional Distress**
    1. Defendants Brett Hayhoe and/or Daryl Glover engaged in extreme and outrageous conduct when they shot Mr. Petit;
    2. Defendants Brett Hayhoe and/or Daryl Glover acted with reckless disregard of the probability that Mr. Petit would suffer emotional distress;
    3. Mr. Petit suffered severe emotional distress;
    4. Brett Hayhoe's and/or Daryl Glover's extreme and outrageous conduct caused Mr. Petit's severe emotional distress.

CACI No. 1600—Intentional Infliction of Emotional Distress; *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).

c. **Brief Description of the Key Evidence in Support of Each of the Claims**

   *The following evidence is applicable to each of Plaintiff's claims:*
   1. Testimony by the following individuals:
      a. Ashlyn Petit (Plaintiff)

      b. Daryl Glover (Defendant)

      c. Brett Hayhoe (Defendant)

      d. Nelson Martinez (LAPD Officer)

      e. Richard Bryce (Plaintiff's police practices expert)

      f. Dr. Bennet Omalu, MD (Plaintiff's medical expert)

      g. Dr. Amy Magnusson (Plaintiff's medical/rehabilitation expert)

      h. Mr. Petit's treating physicians

      i. Los Angeles Fire Department paramedics

2. Videos of the Shooting

      a. Nelson Martinez BWC

      b. Daryl Glover BWC

      c. Brett Hayhoe BWC

3. Still shots from the videos

4. Initial interview of Daryl Glover, with transcript

5. Initial interview of Brett Hayhoe, with transcript

6. Scene Photographs

7. Relevant portions of Mr. Petit's medical records pertaining to the shooting

8. Relevant paramedic records from the Los Angeles Fire Department

9. Photographs of Jermaine Petit

10. Photographs of Plaintiff with Jermaine Petit

11. Cards between Plaintiff and Jermaine Petit

12. Relevant portions of POST LD #20

*The following additional evidence is applicable to Plaintiff's Monell Claim:*

13. Materials regarding the following prior cases against the City of Los Angeles:

      a. *Margarito Lopez, et al. v. City of Los Angeles, et al.*, Case No. 2:22-cv-07534 (2024 settlement)

b. *Paola French, et al. v. City of Los Angeles, et al.,* Case No. 5:20-cv-00416-JGB-SP (2021 verdict)

c. *Tammy Murillo v. City of Los Angeles, et al.*, Case No. 2:21-cv-08738 (2023 verdict)

d. *Nicole Zelaya v. City of Los Angeles, et al.*, Case No. 2:20-cv-08382 (2023 verdict)

e. *Valencia v. City of Los Angeles, et al.*, Case No. 2:21-cv-01889 (2022 verdict)

f. *L.D. v. City of Los Angeles, et al.*, Case No. 2:16-cv-04626-PSG (2019 verdict)

g. *Hernandez v. City of Los Angeles, et al.*, Case No. 16-cv-02689-AB (2018 verdict)

h. *Wysocki v. City of Los Angeles, et al.*, Case No. 15-08441-JAK (Consolidated w/ Case No. CV 15-09586 JAK) (2017 verdict)

i. *Contreras v. City of Los Angeles, et al.*, Case No. 2:11-cv-01480-SVW (2012 verdict)

j. *P.C., et al. v. City of Los Angeles, et al.*, Case No. 2:07-cv-3413-PLA (2012 verdict)

k. *Medina v. City of Los Angeles, et al.*, Case No. 2:06-cv-4926-CBM (2008 verdict)

**Defendants' Contentions RE: Plaintiff's Claims:**

In brief, the key evidence the Defendant relies on for each of these defenses is: a recorded statement obtained from Jermaine Petit by LAPD investigators, testimony by LAPD Sgt. Brett Hayhoe, Officer Daryl Glover, Jr., and Officer Nelson Martinez as to their observations and perceptions during the events precipitating the shooting; testimony by civilian witnesses to the incidents and events leading up to the shooting; testimony of the LAPD investigators concerning their collection and analysis of the evidence pertaining to the shooting (i.e. physical evidence located at the scene of the

12

shooting); LAPD dispatch records and recordings; photographs of the scene of the shooting and other evidence obtained; body worn camera footage and 911 calls; medical records pertaining to Jermaine Petit; Los Angeles County Medical Examiner's examination of Mr. Petit's skeletonized remains and investigation concerning the discovery of his remains.

**Defendants' Affirmative Defenses:**

At trial, Defendants plan to raise the following defenses:First Affirmative Defense: Qualified Immunity

Second Affirmative Defense: Failure to Mitigate

The elements required to establish these defenses are as follows:

Qualified Immunity:

1. Sergeant Brett Hayhoe and/or Officer Daryl Glover, Jr.'s conduct did not violate any clearly established statutory or constitutional rights of Jermaine Petit; and
2. A reasonable officer in the same circumstances as Sergeant Brett Hayhoe and/or Officer Daryl Glover, Jr. would have believed that their conduct did not violate a clearly established right.

Failure to Mitigate:

1. That Jermaine Petit failed to use reasonable efforts to mitigate his damages; and
2. The amount by which damages would have been mitigated.

**8.    REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Defendants Brett Hayhoe and/or Daryl Glover used excessive force against Mr. Petit under 42 U.S.C. 1983 and the Fourth Amendment.
2. Whether Defendants Brett Hayhoe and/or Daryl Glover used unreasonable deadly force under state law, constituting a battery.

3. Whether Defendants Brett Hayhoe and/or Daryl Glover were negligent with respect to their conduct toward Mr. Petit during the incident, including the negligent use of deadly force and pre-shooting negligence.

4. Whether Defendants Brett Hayhoe and/or Daryl Glover violated the Bane Act.

5. Whether Defendants Brett Hayhoe and/or Daryl Glover engaged in extreme and outrageous conduct with the reckless disregard of the probability that Mr. Petit would suffer emotional distress, which did cause Mr. Petit severe emotional distress.

6. Whether the City of Los Angeles maintained an unconstitutional custom, policy, and practice with respect to the use of deadly force, including a failure to train.

7. Whether Mr. Petit comparatively negligent.

8. Damages, including punitive damages.

9. **DISCOVERY**

Discovery is complete.

10. **DISCLOSURES AND EXHIBIT LIST**

All disclosures required under FED. R. CIV. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.

11. **WITNESS LISTS**

The witness lists of the parties have been filed under separate cover as required by L.R. 16-5.

Only the witnesses identified on these lists will be permitted to testify (other than solely for impeachment).

## 12. MOTIONS IN LIMINE

The following motions *in limine* have been filed with the Court:

1. Plaintiff's Motion *in Limine* No. 1 to Exclude Mr. Petit's Criminal History.
2. Plaintiff's Motion *in Limine* No. 2 to Exclude the District Attorney's Conclusions and the City's Findings.
3. Plaintiff's Motion *in Limine* No. 3 to Exclude Mr. Petit's Drug Use.
4. Plaintiff's Motion *in Limine* No. 4 to Exclude Information Unknown to the Officers at the Time of the Incident.
5. Defendants' Joint Motion in Limine No. 1 to Exclude Evidence that is More Prejudicial Than Probative;
6. Defendants' Joint Motion in Limine No. 2 to Exclude Evidence of Subsequent Remedial Measures;
7. Defendants Joint Motion in Limine No. 3 to Exclude Improper Opinions;
8. Defendants' Joint Motion in Limine No. 4 to Admit Evidence of Mr. Petit's Death but Exclude any Evidence or Testimony Suggesting this is a Wrongful Death Litigation or that Mr. Petit's Death was Caused by the Subject Incident.

No other motions *in limine* are pending or contemplated.

## 13. OTHER PRETRIAL MOTIONS

The parties have met and conferred on all potential motions other than motions *in limine*. No other motions are contemplated. Defendants' Motion for Summary Judgment is still pending.

## 14. BIFURCATION/TRIFURCATION

Bifurcation of the following issues for trial is ordered: The Parties are agreeable to bifurcating the amount of punitive damages, if any, into a separate phase of trial. Defendants are also filing a Motion to Trifurcate the Trial into three phases: (1)

individual liability; (2) damages, including the amount of punitive damages; and (3) municipal liability.

### 15. **ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Dated:

_____                    _____
                                   OTIS WRIGHT
                                   United States District Judge