**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
srothans@crdlaw.com / ksarmiento@crdlaw.com

Attorneys for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF JERMAINE PETIT'S CRIMINAL HISTORY**<br><br>[Filed concurrently herewith Defendants' Request for Judicial Notice]<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

　　　COMES NOW Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, and hereby submit the following memorandum of points and authorities in opposition to Plaintiff's Motion in Limine No. 1 to exclude evidence of Jermaine Petit's criminal history.

///

///

- 1 -

| | | |
|---|---|---|
| DATED: January 21, 2026 | | CARPENTER, ROTHANS & DUMONT LLP |

By: /s/ Kimberly Sarmiento
_____
Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

Dated: January 21, 2026          Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Asst. City Attorney

By:  /s/ Christian Bojorquez
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022.  Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers.  When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service.  Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance.  Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

As a preliminary matter, Defendants agree that criminal charges filed against Mr. Petit as a direct result of the subject incident will not be included as evidence for this trial, since such charges were brought after the subject incident, and ultimately, did not reach a disposition because of Mr. Petit's death.  However, Plaintiff's Motion in Limine Nos. 1 and 4 apparently seek exclusion of *all* of Mr. Petit's criminal history.  Plaintiff's argument for exclusion of the evidence is grounded in her contention that it is not relevant because it was not information known to the officers at the time force was used.  While true, Mr. Petit's past criminal history is wholly relevant to issues of liability and damages, where Mr. Petit had prior ***convictions*** for resisting arrest and for assault with a deadly

- 1 -

OPPOSITION TO MOTION IN LIMINE NO. 1

1. weapon. Gocke v. U.S., 2019 WL 8013876 at *3 (C.D. Cal. 2019) (ruling that "evidence of Plaintiff's criminal charge and plea is relevant to demonstrate that [the officer defendant's] use of force was reasonable"). Such information bears on facts that are still relevant for purposes of excessive force claims asserted under 42 U.S.C. § 1983, where they demonstrate Mr. Petit's familiarity with law enforcement procedures, including his duty to submit to the lawful commands of peace officers—which was not done during the subject incident and contributed to the officers' use of force.

Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine No. 1 and Motion in Limine No. 4, as predicated on exclusion of evidence of Mr. Petit's past criminal history.

## II.   ARGUMENT

### A.   Evidence of Mr. Petit's past criminal history is relevant to Plaintiff's claims of liability and damages.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Note. Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" Id.

Plaintiff's operative Complaint asserts seven claims for relief, six of which

are predicated on her allegations that the officer defendants used excessive force against Mr. Petit and were <u>negligent</u> in their tactics leading up to the shooting incident.  See Dkt. 62.  That said, Mr. Petit's behavior and actions are squarely at the center of the jury's evaluation of liability, where the standard is what a reasonable officer would have done if confronted with the facts and circumstances as Sgt. Hayhoe and Officer Glover.  <u>Plumhoff v. Rickard</u>, 572 U.S. 765, 766 (2014).  This is why for excessive force claims under 42 U.S.C. § 1983, the Ninth Circuit Model Jury Instructions provide that one of the factors to be considered in evaluating the reasonableness of an officer's use of force is whether the suspect "was actively resisting arrest or attempting to evade arrest by flight."  9th Cir. Model Jury Inst. No. 9.25.  This is also grounded in <u>Graham v. Connor</u> and its progeny.  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989); <u>Seidner v. de Vries</u>, 39 F.4th 591, 599 (9th Cir. 2022).

      Here, both Sergeant Hayhoe and Officer Glover perceived that Petit was being noncompliant with commands to stop and was attempting to flee from officers, which contributed to their decision making and tactics employed in attempting to detain him, including Sgt. Hayhoe's decision to use force.  See Dkts. 83-1 at p. 8-9; 83-3 at p. 147-154.  However, Plaintiff has attempted to frame Mr. Petit's flight from the officers as him "merely walking away with the object in his hand" and "walking away, attempting to avoid the officers" or attempting to avoid contact with them.  See Dkt. 87 at p. 12, 15-16.

      Defendants do not seek to include the entirety of Mr. Petit's past criminal history, which dates as far back as 2009.  Rather, Defendants have reasonably limited the timeframe of Mr. Petit's criminal history to five years preceding the subject incident, which shows the following convictions:

    (1) October 20, 2022 – <u>People v. Jermaine Petit</u>, Case No. SA107215.
        Convicted of one felony count of California Penal Code Section 21310 (carrying a concealed "dirk" or "dagger");

- 3 -
OPPOSITION TO MOTION IN LIMINE NO. 1

(2) February 17, 2022 – <u>People v. Jermaine Petit</u>, Case No. 2AN00213. Convicted of one misdemeanor count of California Penal Code Section 148(a)(1) (resisting, delaying, or obstructing a peace officer);

(3) March 15, 2021 – <u>People v. Jermaine Petit</u>, Case No. MA080839. Convicted of one felony count of California Penal Code Section 69 (resisting an executive officer);

(4) September 26, 2019 – <u>People v. Jermaine Petit</u>, Case No. BA471724. Convicted of one felony count of California Penal Code Section 21310 (carrying a concealed "dirk" or "dagger") and one misdemeanor count of Section 148(a)(1) (resisting, delaying, or obstructing a peace officer); and

(5) December 11, 2017 – <u>People v. Jermaine Petit</u>, Case No. 7AR12353. Convicted of one misdemeanor count of California Penal Code Section 148(a)(1) (resisting, delaying, or obstructing a peace officer).

<u>See</u> Request for Judicial Notice; Exhibits "A"-"E."

Citizens generally, including Mr. Petit, have a duty to cooperate with police and submit to detention, which Mr. Petit did not do. Cal. Pen. Code §§ 834a, 148(a); see also <u>Hagberg v. California Federal Bank</u>, 32 Cal.4th 350 (2004); <u>Miller v. Fano</u>, 134 Cal. 103 (1901); CALCRIM 2656, 2652. Critically, as a result of his 2021 conviction, Mr. Petit was placed on formal probation for a period of two years, **meaning he was on probation at the time of the subject incident**. Exhibit "C" at p. 3. During his period, some of the conditions of Mr. Petit's probation was to "obey all laws and orders of the court" and to "submit [his] person and property to search and seizure at any time of the day or night, by any probation officer or other peace officer, with or without a warrant, probable cause or reasonable suspicion." <u>Id.</u>

Accordingly, this information is relevant to the trial in this matter because Mr. Petit's criminal history suggests that he is aware of this duty to submit to law enforcement and has disregarded this duty in the past. It demonstrates he is

- 4 -
OPPOSITION TO MOTION IN LIMINE NO. 1

familiar with law enforcement encounters, and thus, was likely aware that the officers were attempting to detain him on the date of the shooting. The information is further relevant because it goes to the issue of whether the officers reasonably believed that Mr. Petit was attempting to flee, as opposed to "merely walking away to avoid contact with the officers," as suggested by Plaintiff. Wallace v. Martinez, 2022 WL 2872998, at *2 (E.D. Cal. 2022) (Criminal history "is relevant to a party or witness's credibility/veracity"). This is particularly true where because Mr. Petit is deceased, and thus, unable to testify at trial and was unable to testify at deposition, the parties need to look to extrinsic evidence on this issue.

Evidence of Mr. Petit's past criminal history is also relevant to the affirmative defense of comparative negligence and potential apportionment of damages resulting thereto. Gocke, 2019 WL 8013876 at *3 (denying plaintiff's motion in limine to exclude evidence of his criminal charges and convictions in a use of force case because the "evidence is also relevant to Plaintiff's damages claim and Defendant's comparative negligence defense"). Indeed, the California Civil Jury Instructions provide that a jury may consider whether plaintiff's own negligence contributed to his harm, and if so, allowing for a jury to reduce the plaintiff's recovery based on that comparative fault.

The Ninth Circuit has held that even evidence of an individual's prior arrests, police contacts, incarcerations, and the length of those incarcerations, are all relevant to the calculation of recoverable damages at trial. See, e.g., Peraza v. Delameter (9th Cir. 1984) 772 F2d 1455, 1457; Green v. Baca (9th Cir. 2005) 226 FRD 624, 657. Accordingly, evidence of convictions are properly within the jury's consideration. See Morris v. Long, 2012 WL 1498889, at *3 (E.D. Cal. 2012) (denying motion in limine to exclude evidence of prior arrests and confrontations for the purposes of contesting plaintiff's claim for emotional distress damages); see also Peraza v. Dalmeter, 722 F.2d 1455, 1457 (9th Cir.

1984); Horwich v. Superior Court, 21 Cal.4th 272, 285 (1999) ("More modernly, principles of comparative fault and equitable indemnification support an apportionment of liability among those responsible for the loss, including the decedent, whether it be for personal injury or wrongful death."); Willis v. Gordon, 20 Cal.3d 629, 636 (1978).

      Here, when asked to itemize her non-economic losses in this case, Plaintiff responded in part:

> [A]t the time of the incident until his death, which upon information and belief [his death] was unrelated to this action, decedent, Mr. Petit, was placed in great fear for his life and physical wellbeing, and had suffered from severe mental and emotional pain, suffering, distress, embarrassment, humiliation, anger anxiety, depression, loss of enjoyment of life, diminished and worsening of prior mental injuries such as post-traumatic stress disorder and schizophrenia.

Ex. "F," Int. Resp. at p. 8. Therefore, especially in consideration of Defendants' reasonable limitation of the timeframe of Mr. Petit's past criminal history to five years preceding the subject incident and to convictions—as opposed to mere charges—such evidence of Mr. Petit's criminal history is relevant to issues concerning liability and damages.

**B. Evidence of Mr. Petit's past criminal history is not substantially more prejudicial than probative.**

      Federal Rules of Evidence, Rule 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403.

      As discussed above, the evidence at issue in this motion has highly probative value. Plaintiff argues that evidence of Mr. Petit's criminal history would confuse

1. the jury because it would lead them to believe that because Mr. Petit committed
2. crimes in the past, he was committing a crime at the time of the subject incident.
3. However, the undisputed evidence shows that the defendant officers were
4. responding to a call for service reporting a suspect for an Assault with a Deadly
5. Weapon ("ADW") and that Mr. Petit matched the description of the suspect,
6. hence, why they were attempting to detain him.  Exhibit "G," Glover Depo. at
7. 19:23-20:15, 22:25-24:1; Exhibit "H" at 14:18-16:16.

       This information, i.e., "the nature of the crime or other circumstances known to the officers at the time force was applied," "the severity of the security problem at issue," and "whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm," is squarely within the factors to be considered by the jury to evaluate the reasonableness of the officers' use of force.  See 9th Cir. Model Jury Inst. 9.25.  Thus, this information is not a "collateral issue," as Plaintiff suggests, but rather, one firmly before the jury's consideration in *this* case.

       Ultimately, evidence of Mr. Petit's past criminal history should not be excluded as prejudicial simply because it undermines the plaintiff's case and bolsters the defense, which is the crux of Plaintiff's argument, as set forth in her motion.  And Plaintiff simply cannot have her cake and eat it, too, by making claims of liability and damages and then cherry-picking what relevant information can be considered by the jury.  As one court admonished: "based on the broad nature of [his] claim for emotional distress damages, Plaintiff has opened the door to evidence related to [his] criminal history and the number of times []he has been arrested."  Mitchell v. City of Tukwila, 2013 WL 6631898, at *2 (W.D. Wash. 2013); see Green v. Baca, 226 F.R.D. 624, 657 (C.D. Cal. 2005), 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) ("the fact that plaintiff has been incarcerated on a number of prior occasions, and the length of those periods of incarceration, is relevant to the jury's consideration of the damages he is entitled to recover in this case").

Moreover, even if Plaintiff's argument of prejudicial effect held water, a limiting instruction would substantially reduce any minimal risk of prejudice to Plaintiff.  See Castro v. Cnty. of Los Angeles, 2015 WL 4694070, at *6 (C.D. Cal. 2015) (admitting evidence of suspect's intoxication: "with a proper limiting instruction to the jury, the risk of unfair prejudice to plaintiffs does not substantially outweigh the probative value of this evidence").

### C. The evidence constitutes permissible character evidence.

As to Plaintiff's argument that the evidence constitutes impermissible character evidence, such evidence falls within the exception under Rule 404(b), which allows for character evidence to be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).  For example, California federal courts have found that in police shooting cases, the "jury must be allowed to hear competing evidence of [the suspect's] motive and intent on that day," especially "where the parties dispute the events just prior" to the shooting." Estate of Casillas v. City of Fresno, 2019 WL 586747 at *4 (E.D. Cal. 2019).

To the extent Plaintiff argues the records are hearsay, first, they are not "statements" within the meaning of the hearsay rule.  See Fed. R. Evid. 801(a) ("'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion").  Moreover, the certified copies of Mr. Petit's convictions would fall within the public records exception, as they demonstrate trustworthiness.  See Fed. R. Evid. 803(22); U.S. v. Loera, 923 F.2d 725, 730 (9th Cir. 1991) (admitting certified docket entries of misdemeanor DUI convictions under the public records exception).

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion in Limine No. 1 and Motion in Limine No. 4 (as based on exclusion of Mr. Petit's criminal history).

| | | |
|---|---|---|
| 1 | DATED: January 21, 2026 | CARPENTER, ROTHANS & DUMONT LLP |

                                       /s/ Kimberly Sarmiento
                          By: _____
                              Steven J. Rothans
                              Kimberly Sarmiento
                              Attorneys for Defendants,
                              Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

Dated: January 21, 2026         Respectfully submitted,

                              **HYDEE FELDSTEIN SOTO**, City Attorney
                              **DENISE C. MILLS**, Chief Deputy City Attorney
                              **KATHLEEN KENEALY**, Chief Asst. City Attorney

                              By: /s/ Christian Bojorquez _____
                                    CHRISTIAN BOJORQUEZ
                                    *Attorneys for Defendant*, **CITY OF LOS ANGELES**

# **DECLARATION OF KIMBERLY SARMIENTO**

I, Kimberly Sarmiento, declare that:

1. I am an attorney, duly licensed to practice law before all of the courts in the State of California, and I am a partner at the law firm of Carpenter, Rothans & Dumont, attorneys of record for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., in the above-entitled action.

2. The following facts are stated from my personal knowledge, except those facts stated on information and belief, which I believe to be true and if called as a witness I could and would so competently testify thereto under oath.

3. Attached hereto as Exhibit "F" is a true and correct copy of Plaintiff Ashlyn Petit's responses, dated April 15, 2025, to Interrogatories served by Sgt. Hayhoe, in connected with this matter.

4. Attached hereto as Exhibit "G" is a true and correct copy of the relevant portions of the deposition transcript of Officer Daryl Glover, Jr., conducted on July 30, 2025, in connection with this matter.

5. Attached hereto as Exhibit "H" is a true and correct copy of the relevant portions of the deposition transcript of Sergeant Brett Hayhoe, conducted on August 28, 2025, in connection with this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 21st day of January 2026, at Los Angeles, California.

/s/ Kimberly Sarmiento

_____
KIMBERLY SARMIENTO – Declarant