# EXHIBIT H

1                UNITED STATES DISTRICT COURT

2               CENTRAL DISTRICT OF CALIFORNIA

3                        --oOo--

4


5    ASHLYN PETIT, as successor-in
     interest to JERMAINE PETIT, deceased,
6
             Plaintiff,
7
     v.                              Case No.
8                                    2:23-cv-00789-CJC (PVCx)

9    CITY OF LOS ANGELES, a municipal
     entity; OFFICER DARYL GLOVER, JR.;
10   SERGEANT BRETT HAYHOE;
     and DOES 1 through 10, inclusive,
11
             Defendants.
12   _____/

13

14

15             STENOGRAPHIC REPORTER'S TRANSCRIPT OF

16          REMOTE VIDEO DEPOSITION OF BRETT HAYHOE

17                 THURSDAY, AUGUST 28, 2025

18                   **UNSEALED PORTION**

19   Reported Stenographically by:

20   KIMBERLY D'URSO, CSR 11372, RPR

21   Job No.  19685

22

23

24

25

---

```
 1                    APPEARANCES (Remote)

 2    FOR THE PLAINTIFFS:

 3              LAW OFFICES OF DALE K. GALIPO
                BY:  DALE K. GALIPO, ESQ.
 4                   RENEE MASONGSONG, ESQ.
                21800 Burbank Boulevard, Suite 310
 5              Woodland Hills, California 91367
                818.347.3333
 6              dalekgalipo@yahoo.com
                rvalentine@galipolaw.com
 7
                IVIE MCNEILL WYATT PURCELL & DIGGS
 8              BY:  RODNEY S. DIGGS, ESQ.
                444 S. Flower Street, Suite 3200
 9              Los Angeles, CA 90071
                213.489.0028
10              rdiggs@imwlaw.com

11
      FOR THE DEFENDANTS BRETT HAYHOE and DARYL GLOVER, JR.
12
                CARPENTER ROTHANS & DUMONT, LLP
13              BY:  KIMBERLY SARMIENTO, ESQ.
                500 S. Grand Avenue, 19th Floor
14              Los Angeles, CA 90071
                213.228.0400
15              ksarmiento@crdlaw.com

16    FOR THE DEFENDANT CITY OF LOS ANGELES:

17              OFFICE OF THE CITY ATTORNEY OF LOS ANGELES
                BY:  CHRISTIAN R. BOJORQUEZ, ESQ.
18              200 N. Main Street, 6th Floor, City Hall East
                Los Angeles, CA 90012
19              christian.bojorquez@lacity.org

20    ALSO PRESENT:  Karen Torres-Corona, Videographer

21                   Danie Williams, Paralegal

22                   Aria Beizi, Law Clerk

23
                     --oOo--
24

25
```

1    approximately one to two seconds.

2         Q.   At the time that you gave your interview or

3    statement, were you aware that there had been another

4    shooter?

5         A.   Yes.

6         Q.   And did you know who the shooter was at the

7    time you gave your statement?

8         A.   Yes.

9         Q.   What was your understanding?

10        A.   My understanding was that the other -- the

11   other involved officer was Officer Glover at the time.

12        Q.   So let's start a little bit at the beginning.

13             You had certain information related to this

14   call?

15        A.   That's correct.

16        Q.   Can you generally tell me what information you

17   had?

18        A.   The information that I had was based on radio

19   call comments of -- that described an ADW suspect that

20   was armed with a black semi-automatic handgun.  And the

21   individual, the suspect, was described as a male, Black,

22   with dreadlock style hair, and olive green long-sleeve

23   shirt, black pants.

24             And I think additional comments were --

25   described the suspect as also lighting miscellaneous

1    things on fire and carrying a stick.

2        Q.    Any other information you recall having, other

3    than what you've told me so far?

4        A.    That the individual threatened the PR with a --

5    with a handgun, and then the general description of the

6    last seen location of where the suspect was.

7        Q.    Did you have the individual's name?

8        A.    No.

9        Q.    Any information of any prior criminal history

10   before that day?

11       A.    No.  No, sir.

12       Q.    Any information that the individual had

13   physically injured anyone?

14       A.    No, sir.

15       Q.    Where was the individual when you first saw the

16   individual?

17       A.    When I first saw the individual, I was driving

18   in my black-and-white vehicle, as I saw him walking on

19   foot as I was driving eastbound, on Martin Luther King

20   Boulevard, passing the residential street that he was

21   walking on.

22            And he was walking southbound on the east

23   sidewalk of Dayton and -- I belive it's Degnan Avenue,

24   and it's spelled D-E-G-N-A-N.   And he was walking south

25   on the east sidewalk, and I was travel eastbound on

1    Martin Luther King.

2         So I had just passed the street that he was

3    walking on when I believed that that individual was

4    possibly the suspect from the radio call.

5         Q.   Okay.  And you mentioned earlier that there was

6    a location associated with the radio call, initially?

7         A.   Yes.

8         Q.   And the location where you saw the individual

9    initially, was that near or at the location of the call?

10        A.   Yes, sir.

11        Q.   And you saw him initially when you were passing

12   through the intersection?

13        A.   Correct.  Yes.

14        Q.   And you, in your mind, thought that possibly

15   could be the suspect?

16        A.   That's correct.  Yes.

17        Q.   And so at some point, did you make a U-turn or

18   turn back around?

19        A.   Yes, sir.

20        Q.   Did the individual go out of your view for a

21   short period of time?

22        A.   Yes.

23        Q.   And where was the individual when they came

24   back in your view?

25        A.   When they -- I'm sorry.  Who are we referring

```
 1   STATE OF CALIFORNIA)
                        ) ss:
 2   COUNTY OF BUTTE    )

 3
              I, KIMBERLY E. D'URSO, do hereby certify:
 4

 5            That the witness named in the foregoing

 6   deposition was present remotely and duly sworn to testify

 7   to the truth in the within-entitled action on the day and

 8   date and at the time and place therein specified;

 9            That the testimony of said witness was reported

10   by me in shorthand and was thereafter transcribed through

11   computer-aided transcription;

12            That the foregoing constitutes a full, true and

13   correct transcript of said deposition and of the

14   proceedings which took place;

15            Further, that if the foregoing pertains to the

16   original transcript of a deposition in a federal case,

17   before completion of the proceedings, review of the

18   transcript [ ] was [ ] was not requested.

19            That I am a certified stenographic reporter and

20   a disinterested person to the said action;

21            IN WITNESS WHEREOF, I have hereunder subscribed

22   my hand this 2nd day of September, 2025.

23   _____

24   KIMBERLY D'URSO, CSR NO. 11372, RPR

25
```