**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com** / **ksarmiento@crdlaw.com**

Attorneys for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DISTRICT ATTORNEY AND LAPD FINDINGS**<br><br>[Filed concurrently herewith Defendants' Request for Judicial Notice]<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

COMES NOW Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, and hereby submit the following memorandum of points and authorities in opposition to Plaintiff's Motion in Limine No. 2 to exclude evidence of the Los Angeles County District Attorney's Office's Findings and LAPD's Findings.

///

///

DATED: January 21, 2026        CARPENTER, ROTHANS & DUMONT LLP

By: /s/ Kimberly Sarmiento
_____
Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

Dated: January 21, 2026        Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Asst. City Attorney

By: /s/ Christian Bojorquez
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022. Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers. When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service. Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance. Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

By way of motion in limine, Plaintiff seeks to exclude evidence of the Los Angeles County District Attorney's Office's findings that the officer defendants' use of force was reasonable/not criminal, and to exclude the LAPD's findings and conclusions that the officer defendants' actions were found to be reasonable and within policy. As a preliminary matter, Defendants agree that the District Attorney's Office's findings will not be evidence presented to the jury in this matter.

With respect to the LAPD findings, during the parties' meet and confer, Defendants agreed to stipulate to exclude evidence of these findings, provided Plaintiff stipulated to exclude the entirety of the LAPD findings and conclusions,

- 1 -
OPPOSITION TO MOTION IN LIMINE NO. 2

including those where the department may have found that the officers acted out of policy. However, Plaintiff refused to stipulate to exclude the post-hoc conclusions in their entirety, choosing instead to cherry-pick the findings and conclusions they agreed with for admission as evidence. This forced Defendants to file their own motion in limine to exclude the entirety of the LAPD's investigation, including *all* findings and conclusions, as not having any relevance to the issues before the jury's review and as inadmissible subsequent remedial measures. Accordingly, Plaintiff's motion in limine is tantamount to Plaintiff wanting to have her cake and eat it, too, by conveniently seeking to exclude certain items of evidence she perceives as unhelpful to her case but wanting to ensure admission of others—which is wholly improper.

       Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine No. 2, should Defendants' Motion in Limine No. 2 be denied.

## II. ARGUMENT

### A. The post-incident investigation and findings of the LAPD Internal Affairs and/or Field Investigation Division investigations are irrelevant.

       Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. United States v. Schaff, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

> A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Note.

Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" Id.  In addressing a claim of excessive force under the Fourth Amendment, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989).  Accordingly, the only evidence of facts and circumstances known to the defendant officers during their encounter with Mr. Petit is relevant, and as such, admissible.  Palmquist v. Selvik, 111 F.3d 1332, 1339 (7th Cir. 1997) ("***[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting irrelevant and prejudicial***").

Here, *all* subsequent findings and conclusions of the Internal Affairs and Field Investigation Division investigations are in no way probative of the factual circumstances confronting the defendant officers at the time of the incident, and as such, irrelevant as to the questions of liability for constitutional and state law violations.  Lewis v. City of Chicago Police Department, 590 F.3d 427, 442 (7th Cir. 2009).  Moreover, since this type of evidence is not relevant to the jury's reasonableness determination, any probative value is substantially outweighed by the risk of unfair prejudice that thew jury would rest its decision on an improper basis and judge the incident with the 20/20 hindsight—which is clearly outside the scope to determine the reasonableness of an officer's use of force.  Estate of Strickland v. Nevada County, 69 F.4th 614, 619 (9th Cir. 2023).

**B. Evidence pertaining to the subsequent LAPD investigations is substantially more prejudicial than probative.**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Allowing

- 3 -

OPPOSITION TO MOTION IN LIMINE NO. 2

Plaintiff to admit evidence of any Internal Affairs investigation and findings would result to Defendants from the admission of evidence of a violation of local law enforcement regulations and practices substantially outweighs any probative value. Fed. R. Evid. 403.

To elaborate, in <u>Maddox v. Los Angeles</u>, 792 F.2d 1408 (9th Cir. 1986), the Ninth Circuit affirmed a district court finding that evidence that during a Police Department disciplinary proceeding the defendant officer admitted to violating a city policy on the use of a choke hold, was inadmissible under Federal Rule of Evidence 403 because its prejudicial effect outweighed its probative value and inadmissible because the disciplinary proceeding constituted a remedial measure within the meaning of Federal Rule of Evidence 407, and was properly excluded from evidence as to the City's liability. <u>Id.</u> at 1417. The Ninth Circuit explained that, "[w]ith regard to Officer Harris' liability, the district court did not abuse its discretion in excluding this evidence pursuant to Fed. R. Evid. § 403. This evidence arguably had little probative value. There was substantial evidence before the jury concerning the reasonableness of the officer's conduct in relation to the Los Angeles Police Commission's moratorium on choke hold use." <u>Maddox</u>, 792 F.2d at 1417.

Similarly, in <u>Allen v. City of Los Angeles</u>, 2012 WL 1641712 (C.D. Cal., 2012), the Central District applied the Ninth Circuit's holding in <u>Maddox</u> and granted the defendants' motion in limine to exclude evidence of personnel complaint investigations, internal affairs investigations and conclusions, prior civil suits involving the officers, and unrelated allegations against the officers in order to prove the officers' liability. <u>Id.</u> at *3. The court explained that "were the Court to admit evidence of internal affairs investigations and conclusions to prove to the officers' liability, it would be unfairly prejudicial to the officer." <u>Id.</u> In reaching this determination, the court noted "that if an internal affairs investigation concluded that the officers breached the Los Angeles Police Department's

guidelines, this would not be dispositive to the jury's determination of whether the officers intentionally violated a clearly established constitutional right." Id. at fn. 4 (referencing Davis v. Scherer, 468 U.S. 183, 194 (1984); Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1989) ("While the unfortunate incident that gave rise to the lawsuit would not have occurred if [the defendant police officer] had followed the department's guidelines, police department guidelines do not create a constitutional right")).

Whether local law enforcement regulations and practices are violated is irrelevant as to whether there has been a constitutional violation, and thus unfairly prejudicial to Defendants. Section 1983 "protects plaintiffs from constitutional violations, not violations of state law, or in this case, departmental regulations and police practices." Scott v Edinburg, 346 F. 3d 752, 760 (7th Cir. 2003). "Whether a defendant violated 'police regulations or even state law is completely immaterial as to the question of whether a violation of the federal constitution has been established.'" Berg v. Culhane, 2010 WL 3420081 at *1 (N.D. Ill., 2010).

In English v. District of Columbia, 651 F.3d 1 (D.C., 2011) the appellate court determined that the district court did not err in granting the defendant's motion in limine to exclude portions of an internal investigation report, stating that the supervisor's conclusion that the a detective violation departmental policy was "irrelevant to the question before the jury because **although 'police enforcement practices…vary from place to place and from time to time' the Supreme Court observed that 'the…protections of the Fourth Amendment are [not] so variable**.'" English, 651 F.3d at 9-10 (emphasis added).

Further, the admission of evidence of a violation of local law enforcement regulations and practices will mislead the jury and confuse the issue, resulting in further unfair prejudice to Defendants. As the Ninth Circuit observed in Maddox:

"The prejudicial effect of this evidence was also arguably great" because the jury may infer that the defendant officer was "guilty of

> wrongdoing merely because the [] [d]epartment conducted disciplinary proceedings. The jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of this evidence."

Maddox, 792 F.2d at 1417. As such, the risk that the jury in this case would use the evidence of the LAPD investigations, including their findings and recommendations, for an improper purpose is very high. Thus, even if the Court were inclined to find that the investigations were relevant, the risk of confusing the jury and unfair prejudice to Defendants still requires the Court to exclude such evidence.

Moreover, such post-incident investigation and discipline cannot be legally relevant to the question of whether the defendant officers' use of force was reasonable or not because such facts were not known to the officers at the time, and the Supreme Court has repeatedly held that post-incident developments or discoveries cannot be used to evaluate the reasonableness of any officer's use of force. See, e.g., Graham, 490 U.S. at 398-390 ("[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"). "Information gained after the fact cannot be relied upon in analyzing the propriety of the officers' conduct." Scott v. Henrich, 700 F.Supp. 498, 505 (D. Mont., 1988) aff'd by Scott v. Henrich, 39 F.3d 912 (9th Cir. 1994).

Overall, the prejudicial effect of post-incident investigation, discipline, and any challenges to the disciplinary decisions substantially outweighs its (non-existent) probative value because it almost invariably presses the jury to decide the ultimate question, i.e., reasonableness of officer conduct, by substituting how the investigators perceived the incident from the jurors' own independent evaluation of the facts and evidence; while also confusing the issues the jury is to decide by replacing the reasonableness of the officers' conduct with the issue of whether the post-incident investigation/discipline was right in its conduct or result. Thus, since

the probative value of this evidence is substantially outweighed by its unfair prejudice to Defendants. Fed. R. Evid. 403.

**C. The City's investigations are a subsequent remedial measure, and thus, inadmissible against Defendants to prove liability.**

Federal Rules of Evidence, Rule 407 states in relevant part: "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct…" Fed. R. Evid. 407. In <u>Maddox</u>, the Ninth Circuit further held that: "The Internal Affairs investigation and measures taken by the defendant City were remedial measures taken after the incident. Pursuant to Fed. R. Evid. § 403, evidence of these proceedings was therefore properly excluded with respect to the City's liability." <u>Maddox</u>, 792 F.2d at 1417.

Likewise, what the LAPD concluded in the post-incident investigations, including any discipline decision against any of the officers and other recommendations, is at best, a subsequent remedial measure that is deemed legally irrelevant under the policies of the Federal Rules of Evidence. Further, in support of our society's encouragement of police reform, the evidence of subsequent remedial measures such as the investigative report and subsequent disciplinary decisions should be excluded so that government entities are not inhibited from conducting reviews of incidents with police employees. Accordingly, this evidence of any Internal Affairs investigation inadmissible under Rule 407.

**D. Plaintiff cannot cherry-pick the evidence she wants to be admitted at trial.**

Plaintiff's motion does not distinguish why LAPD findings and conclusions that the officer defendants acted *within* policy are relevant or substantially more probative than prejudicial—as opposed to all post-hoc findings of the LAPD, including those that concluded that the officer defendants acted *outside* of department policy. This is because both categories are equally irrelevant to a

- 7 -
OPPOSITION TO MOTION IN LIMINE NO. 2

jury's consideration in the trial in this matter.

Yet, for reasons unknown, Plaintiff refused to stipulate to exclude the entirety of these findings, and instead, moved to exclude only those categories she perceives as harmful to her case. As one court noted when ruling on a motion on limine based on similar grounds: "The prejudice or confusion about which the Defendants are concerned is that the jury will…dislike them. While that is a valid concern, it is not one against which the Rules of Evidence will protect the Defendants in this case." Guidance Endodontics, L.L.C. v. Dentsply Int'l, Inc., 705 F.Supp.2d 1265, 1272 (D. N.M. 2010); see U.S. v. Yang, 2019 WL 5579718 (N.D. Cal. 2019) (stating that all "unfavorable" evidence about a party is prejudicial, but not in itself, grounds for exclusion). The Supreme Court has held the same, stating, "Certainly, Rule 403 does not permit the court to exclude the Government's evidence simply because it may hurt a [criminal] defendant." Old Chief v. U.S., 519 U.S. 172, 193 (1997).

The rationale applies here: Plaintiff cannot seek exclusion of evidence that she thinks is favorable to the officer defendants only. The arguments set forth in Plaintiff's motion in limine apply equally to all post-incident findings and conclusion of the LAPD, and thus, the entirety of such evidence should be excluded.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion in Limine No. 2 if Defendants' Motion in Limine No. 2 is denied.

///

///

///

| | | |
|---|---|---|
| DATED: January 21, 2026 | | CARPENTER, ROTHANS & DUMONT LLP |

                                                /s/ Kimberly Sarmiento
By: _____
Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

Dated: January 21, 2026        Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Asst. City Attorney

By: /s/ Christian Bojorquez _____
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**