STEVEN J. ROTHANS – State Bar No. 106579
KIMBERLY SARMIENTO – State Bar No. 345641
CARPENTER, ROTHANS & DUMONT, LLP
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / ksarmiento@crdlaw.com

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF JERMAINE PETIT'S DRUG AND ALCOHOL USE**<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

COMES NOW Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, and hereby submit the following memorandum of points and authorities in opposition to Plaintiff's Motion in Limine No. 3 to exclude evidence of Jermaine Petit's drug and alcohol use.

///

///

- 1 -

DATED:  January 21, 2026            CARPENTER, ROTHANS & DUMONT LLP

/s/  Kimberly Sarmiento

By: _____

Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl
Glover, Jr., public employees

Dated:  January 21, 2026            Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Asst. City Attorney

By:   /s/ Christian Bojorquez

CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS
ANGELES**

OPPOSITION TO MOTION IN LIMINE NO. 3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3          This civil action arises out of a non-fatal officer-involved shooting incident

4    between 39-year-old Jermaine Petit and officers with the Los Angeles Police

5    Department ("LAPD"), which occurred on July 18, 2022.  Officers responded to

6    multiple calls for service, which reported concerns of a man who appeared to be

7    armed with a handgun and who brandished the gun in a threatening manner at one

8    of the 911 callers.  When officers responded to the area and observed Mr. Petit

9    matching the suspect description reported by the callers and relayed by dispatch,

10   they attempted to detain him in order to investigate his possible involvement in the

11   calls for service.  Their lawful commands to stop, get against a wall, and show his

12   hands when they observed that he was repeatedly moving his hands towards his

13   waistband fell on deaf ears.

14          Rather than comply, Petit continued moving away from them, and

15   critically, brandished what appeared to be a handgun at officers while assuming a

16   shooting stance.  Faced with an imminent threat of harm, the officers had no

17   recourse but to fire their duty weapons to defend themselves and each other from

18   Mr. Petit.

19          Plaintiff seeks to exclude any and all evidence of Mr. Petit's drug and

20   alcohol use because, as she contends, such evidence is not relevant to this trial.

21   Contrary to Plaintiff's assertion, evidence of Mr. Petit's prior history of

22   methamphetamine usage is highly relevant for multiple reasons—some of which

23   are the result of Plaintiff's own decision making in this litigation.  For instance,

24   after conference of counsel, Plaintiff refused to stipulate to exclude any reference

25   to this litigation as a wrongful death case or to preclude any testimony to suggest

26   that Mr. Petit died as a result of the July 18, 2022, shooting incident, despite that

27   there is no evidence on record—admissible or inadmissible—to support such

28   argument.  Accordingly, to the extent Plaintiff attempts to argue that Mr. Petit died

OPPOSITION TO MOTION IN LIMINE NO. 3

due injuries he sustained from the subject incident, evidence of his prior drug and alcohol usage, including the discovery of empty wine bottles and butane lighters next to his skeletonized remains, are relevant to the issue of causation.

Moreover, based on Plaintiff's own contentions of liability and damages in this case, evidence of Mr. Petit's prior history of drug and alcohol usage bear on his conduct during his interaction with law enforcement on July 18, 2022, and the damages which Plaintiff seeks to recover.  To that end, Plaintiff cannot make such claims of liability and damages, yet seek exclusion of evidence that bears directly on such issues.

Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine No. 3.

## II.    ARGUMENT

### A.    Evidence of Mr. Petit's prior criminal history is relevant to Plaintiff's claims of liability and damages.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008).  In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case."  Fed. R. Evid. 401, Adv. Comm. Note. Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?"  Id.

Plaintiff's operative Complaint asserts seven claims for relief, six of which

OPPOSITION TO MOTION IN LIMINE NO. 3

are predicated on her allegations that the officer defendants used excessive force against Mr. Petit and were <u>negligent</u> in their tactics leading up to the shooting incident.  <u>See</u> Dkt. 62.  That said, Mr. Petit's behavior and actions (and thus comparative <u>negligence</u>) are squarely at the center of the jury's evaluation of liability, where the standard is what a reasonable officer would have done if confronted with the facts and circumstances as Sgt. Hayhoe and Officer Glover.  <u>Plumhoff v. Rickard</u>, 572 U.S. 765, 766 (2014).

To that end, Mr. Petit's drug use directly touches upon plaintiff's conduct leading up to, as well as his account of, the arrest.  For example, his refusal to comply with the officers' lawful commands during their attempt to detain him and Mr. Petit's flight from the officers.  <u>See</u> <u>Boyd v. City & Cnty. of San Francisco</u>, 576 F.3d 938, 949 (9th Cir. 2009) (evidence that a suspect was under the influence of drugs at the time of a police use of force "was highly probative of his conduct, particularly in light of his alleged erratic behavior…").  Plaintiff's motion itself recognizes that medical records demonstrate that Mr. Petit's substance abuse often led him to become hostile and aggressive.  <u>See</u> Dkt. 116 at p. 7.

To the extent Plaintiff argues that the officer defendants did not have any information concerning Mr. Petit's prior drug use prior to contacting him, courts have found that this does not render such evidence irrelevant to a jury's consideration, stating: "That law enforcement officers may not have suspected intoxication of some sort does not make evidence of intoxication inadmissible, especially when there is a dispute as to the plaintiff/decedent's conduct."  <u>Turner v. Cnty. of Kern</u>, 2014 WL 560834, at *2 (E.D. Cal. 2014).

Here, there is clearly a dispute as to Mr. Petit's conduct.  For example, both Sergeant Hayhoe and Officer Glover perceived that Petit was being noncompliant with commands to stop and was attempting to flee from officers, which contributed to their decision making and tactics employed in attempting to detain him, including Sgt. Hayhoe's decision to use force.  <u>See</u> Dkts. 83-1 at p. 8-9; 83-3 at p.

- 3 -

OPPOSITION TO MOTION IN LIMINE NO. 3

1    147-154.  However, Plaintiff has attempted to frame Mr. Petit's flight from the

2    officers as him "merely walking away with the object in his hand" and "walking

3    away, attempting to avoid the officers" or attempting to avoid contact with them.

4    See Dkt. 87 at p. 12, 15-16.  Additionally, Plaintiff has framed Mr. Petit's conduct

5    as merely "show[ing]" the officers the gun, purportedly in response to Officer

6    Glover's inquiry and confusion about whether Mr. Petit was armed with a

7    handgun.  Plaintiff further contends that Mr. Petit did not point the object at

8    officers.  Dkt. 87 at p. 6, 8-9, 12-13.  However, the evidence on record

9    demonstrates that Sergeant Hayhoe and Officer Glover perceived that Mr. Petit

10    was brandishing the object, which they suspected to be a gun, in their direction.

11    Dkt. 83-3 at p. 149, 153-154.

12    Furthermore, as stated above, after the parties met and conferred, Plaintiff

13    refused to stipulate to preclude any reference that this litigation is a wrongful death

14    case or argument suggesting Mr. Petit died as a result of the July 18, 2022,

15    shooting, despite that there is no evidence of record to support such a finding.  See

16    Exhibit "A" at 81:24-82:4 (Plaintiff's retained medical expert acknowledging Mr.

17    Petit's cause of death was found to be "undetermined"); Exhibit "B" (Coroner's

18    report noting the cause and mode of death to be "undetermined"); With the

19    possibility of Plaintiff's attempt to frame this civil action as a wrongful death case,

20    evidence that Mr. Petit was under the influence of methamphetamine at the time of

21    the incident and that he had a history of abusing methamphetamine is a critically

22    relevant to the issue of causation.  Indeed, Plaintiff's retained expert, Dr. Bennett

23    Omalu, testified that Mr. Petit likely died as a result of injuries he sustained in the

24    July 18, 2022, shooting, predicated on nothing more than the fact that Mr. Petit

25    died within two years of the subject incident.  Ex. "A" at 82:5-83:20.

26    To establish a cause of action for wrongful death, the plaintiffs have to

27    prove: (1) a wrongful act by the defendants (here, the use of unreasonable force);

28    and (2) that **the resulting death of Mr. Petit was caused by that wrongful act**.

OPPOSITION TO MOTION IN LIMINE NO. 3

1  <u>See</u> Cal. Civ. Proc. Code § 377.60 et seq.; <u>Quiroz v. Seventh Ave. Center</u>, 140
2  Cal.App.4th 1256 (2006).  To that end, evidence that Mr. Petit's death may have
3  been caused by other factors, i.e. his history of drug and alcohol abuse, the fact that
4  he was under the influence of methamphetamine at the time of the incident, the
5  discovery of empty wine bottles and butane lighters surrounding his skeletonized
6  remains, etc. is highly relevant to the causation analysis.  <u>See</u> Exhibit "B" at p. 4
7  ("The decedent has a presumed [history] of schizophrenia, PTSD, and substance
8  abuse…The decedent was last known alive in October/November 2023.  He was
9  found inside his own residence.  The home had no furniture.  The decedent was
10  seen lying supine in one of the bedrooms.  There were empty wine bottles
11  everywhere as well as butane lighters.  The decedent is skeletonized and fully
12  dressed in multiple layers of clothing").

13         In addition, because Plaintiff brings state law claims, including negligence,
14  evidence of Mr. Petit's drug use is relevant to Defendants' comparative fault
15  affirmative defense.  To invoke this affirmative defense, the defendants must prove
16  that plaintiff's negligence was a substantial factor in causing his injuries.  <u>See</u>
17  CACI 404, 405.  The comparative fault doctrine "is designed to permit the trier of
18  fact to consider all relevant criteria in apportioning liability.  The doctrine 'is a
19  flexible, commonsense concept, under which a jury properly may consider and
20  evaluate the relative responsibility of various parties for an injury (whether their
21  responsibility for the injury rests on negligence, strict liability, or other theories of
22  responsibility), in order to arrive at an 'equitable apportionment or allocation of
23  loss.' [Citation.]"  <u>Rosh v. Cave Imaging Systems, Inc</u>., 26 Cal. App. 4th 1225,
24  1233 (1994).

25         Therefore, evidence of Mr. Petit's history of prior drug and alcohol use,
26  including being under the influence of methamphetamine at the time of the subject
27  incident, is wholly relevant to this case.
28  ///

OPPOSITION TO MOTION IN LIMINE NO. 3

**B. Evidence of Mr. Petit's prior drug and alcohol use is not substantially more prejudicial than probative.**

Federal Rules of Evidence, Rule 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403.

As discussed above, the evidence at issue in this motion has highly probative value. The thrust of Plaintiff's argument is that such evidence is admissible because its only purpose would be to inflame the jury. However, as more thoroughly outlined above, the evidence has multifaceted, legitimate purposes for introduction as evidence at trial because it is highly relevant to Plaintiff's liability and damage claims. To that end, Plaintiff's argument is grounded in her perception that the evidence is harmful to her case, which is insufficient basis for exclusion. Moreover, even if Plaintiff's argument of prejudicial effect held water, a limiting instruction would substantially reduce any minimal risk of prejudice to Plaintiff. See Castro v. Cnty. of Los Angeles, 2015 WL 4694070, at *6 (C.D. Cal. 2015) (admitting evidence of suspect's intoxication: "with a proper limiting instruction to the jury, the risk of unfair prejudice to plaintiffs does not substantially outweigh the probative value of this evidence"); Morris v. Long, 2012 WL 1498889 at *7 (E.D. Cal. 2012) (denying plaintiff's motion in limine to exclude evidence of drug and alcohol use because although it "could pose significant risk of unfair prejudice by casting Plaintiff in a negative light," plaintiff was seeking "compensatory damages for all past, present, and future economic damages," and such evidence was central to those damage claims").

**A. The evidence constitutes permissible character evidence.**

As to Plaintiff's argument that the evidence constitutes impermissible character evidence, such evidence falls within the exception under Rule 404(b),

which allows for character evidence to be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). For example, California federal courts have found that in police shooting cases, the "jury must be allowed to hear competing evidence of [the suspect's] motive and intent on that day," especially "where the parties dispute the events just prior" to the shooting." Estate of Casillas v. City of Fresno, 2019 WL 586747 at *4 (E.D. Cal. 2019).

To the extent Plaintiff argues the records are hearsay, any statements that Mr. Petit may have provided to his health care providers about his drug and alcohol use are admissible under the hearsay exception of an unavailable declarant. Rule 804 provides that a declarant's out of court statement may be admissible if the declarant "cannot be present or testify at the trial or hearing because of death…" Fed. R. Evid. 804(1)(4). It is undisputed that Mr. Petit is unavailable to testify at trial, and was unavailable at deposition to testify, because he is deceased. As to the health provider's statements noted in the medical records, Defendants have included Mr. Petit's various providers at witnesses in the parties' Joint Exhibit List to have them available to testify at trial on these topics.

Therefore, there is no legitimate basis to exclude evidence of Mr. Petit's history of drug and alcohol use.

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion in Limine No. 3.

///

///

///

OPPOSITION TO MOTION IN LIMINE NO. 3

1    DATED:  January 21, 2026          CARPENTER, ROTHANS & DUMONT LLP

2                                                          /s/  Kimberly Sarmiento

3                                          By:    _____

4                                                   Steven J. Rothans
                                                    Kimberly Sarmiento
5                                                   Attorneys for Defendants,
                                                    Sergeant Brett Hayhoe and Officer Daryl
6                                                   Glover, Jr., public employees

7

8    Dated:  January 21, 2026          Respectfully submitted,

9

10                                         **HYDEE FELDSTEIN SOTO**, City Attorney
                                           **DENISE C. MILLS**, Chief Deputy City Attorney
11                                         **KATHLEEN KENEALY**, Chief Asst. City Attorney

12
                                           By:  __/s/ Christian Bojorquez_____
13                                                 CHRISTIAN BOJORQUEZ
14                                                 *Attorneys for Defendant*, **CITY OF LOS
                                                   ANGELES**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION IN LIMINE NO. 3

## <u>DECLARATION OF KIMBERLY SARMIENTO</u>

I, Kimberly Sarmiento, declare that:

1.      I am an attorney, duly licensed to practice law before all of the courts in the State of California, and I am a partner at the law firm of Carpenter, Rothans & Dumont, attorneys of record for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., in the above-entitled action.

2.      The following facts are stated from my personal knowledge, except those facts stated on information and belief, which I believe to be true and if called as a witness I could and would so competently testify thereto under oath.

3.      Attached hereto as Exhibit "A" is a true and correct copy of the relevant portions of the deposition transcript of Plaintiff's retained expert, Dr. Bennett Omalu, conducted on December 15, 2025, in connection with this matter.

4.      Attached hereto as Exhibit "B" is a true and correct copy of the Coroner's Report related to the medical examination of Jermaine Petit's skeletonized remains, conducted on August 6, 2024.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 21st day of January 2026, at Los Angeles, California.

/s/ Kimberly Sarmiento

_____
KIMBERLY SARMIENTO – Declarant

- 1 -
DECLARATION OF KIMBERLY SARMIENTO