**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
srothans@crdlaw.com / ksarmiento@crdlaw.com

Attorneys for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF AFTER-ACQUIRED INFORMATION CONCERNING JERMAINE PETIT**<br><br>[Filed concurrently herewith Defendants' Request for Judicial Notice]<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

　　　　COMES NOW Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, and hereby submit the following memorandum of points and authorities in opposition to Plaintiff's Motion in Limine No. 4 to exclude evidence of after-acquired information concerning Jeramine Petit.

///

///

| | | |
|---|---|---|
| 1 | DATED: January 21, 2026 | CARPENTER, ROTHANS & DUMONT LLP |

By: /s/ Kimberly Sarmiento
Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees

Dated: January 21, 2026          Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Asst. City Attorney

By:  /s/ Christian Bojorquez
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022.  Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers.  When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service.  Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance.  Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

Plaintiff's motion in limine[1] seeks exclusion of a host of "after-acquired" information, most of which has already been addressed in other motions in limine. Defendants direct the Court to their Oppositions to Plaintiff's Motions in Limine No. 1 and 3 with respect to categories of evidence concerning Mr. Petit's drug and alcohol use and criminal history.  As to the evidence regarding Mr. Petit's skeletonized remains, as more fully set forth in Defendants' Motion in Limine No.

---

[1] Plaintiff's motion makes a vague and conclusory reference to exclusion of Chief Phillip Sanchez's Rule 26 report in its entirety but does not appear to specifically identify what portions she argues are inadmissible or why. See Dkt. 117 at p. 9. Without further information, Defendants generally object to Plaintiff's attempt to exclude Chief Sanchez's report and any other unspecified, general items of evidence.

1    4, such evidence is pertinent to Plaintiff's damage claims, as it provides the
2    timeframe with which Plaintiff can be compensated for Mr. Petit's pain and
3    suffering attributed to the subject incident.  Moreover, particularly where Plaintiff
4    has refused to stipulate to exclude any argument suggesting Mr. Petit died as a
5    result of the July 18, 2022, shooting incident, the coroner's findings and
6    investigation, including the photographs taken of Mr. Petit's remains and his
7    household where his remains were found, are pertinent to this trial.
8        As to the 911 calls, although the officer defendants did not hear the calls for
9    service themselves, the dispatcher synthesized the information from the 911 callers
10   in order to relay information to the responding officers about the nature of the call,
11   the description of the suspect, and possible location of the suspect.  The 911 calls
12   are the very reason the officers were in the area and ultimately made contact with
13   Mr. Petit to begin with, and thus, are relevant for the jury's consideration of
14   evidence.
15       Therefore, Defendants respectfully request that the Court deny Plaintiff's
16   Motion in Limine No. 4.
17   **II.    ARGUMENT**
18   **A.    Evidence of Mr. Petit's prior criminal history and drug and alcohol
19          use is relevant to both Plaintiff's claims of liability and damages.**
20       Defendants hereby incorporate by reference their arguments set forth in their
21   Oppositions to Plaintiffs' Motions in Limine Nos. 1 and 3.  In sum, the evidence of
22   Mr. Petit's criminal history and drug use are pertinent to issues of liability where
23   there is dispute regarding his actions and conduct leading up to the shooting itself.
24   This is particularly true where Plaintiff is pursuing a negligence claim predicated
25   on contentions that the officers employed negligent tactics that led to the shooting
26   and where Mr. Petit's behavior is directly relevant for purposes of determining
27   comparative fault or negligence.
28       Relatedly, the items found in Mr. Petit's backpack after the shooting are

1 relevant. Plaintiff's motion outlines the items recovered from Mr. Petit's backpack, which he was wearing at this time of his encounter with the officer defendants, of particular interest: a knife sheath, a replica firearm lighter, additional car parts (where the object he held in his hand like a gun, which the officers perceived to be a gun, was a car part), and a hammer. Dkt. 117 at p. 7. Additionally, Mr. Petit was found to be in possession of a pipe that had methamphetamine residue in it. Plaintiff argues, first, that such motion should be excluded as the fruit of the poisonous tree because it was found as a result of an unlawful search of Mr. Petit's belongings. Id. at p. 6-7. However, "the consensus of the case law is that the fruit of the poisonous tree doctrine does not apply to Section 1983 cases." Willis v. Mullins, 809 F.Supp.2d 1227, 1234 (E.D. Cal. 2011) (listing cases from appellate circuits for the proposition that the fruit of the poisonous tree doctrine does not exclude evidence in the civil context of Section 1983 claims).

As an initial matter, the drug paraphernalia is relevant for the same reason Mr. Petit's drug intoxication at the time of the subject incident and prior drug usage are relevant to issues of liability and damages. See Boyd v. City & Cnty. of San Francisco, 576 F.3d 938, 949 (9th Cir. 2009) (evidence that a suspect was under the influence of drugs at the time of a police use of force "was highly probative of his conduct, particularly in light of his alleged erratic behavior…").

As to the hammer, other replica gun, and knife sheath, these items are relevant under the factors set forth in the Ninth Circuit Model Jury Instructions, especially the officer defendants' perception of whether Mr. Petit "posed an immediate threat to the safety of the officer(s) or to others," "the severity of the security problem at issue," "the number of lives at risk," and "whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm." 9th Cir. Model Jury Inst. No. 9.25. Additionally, as mentioned above, Plaintiff

also asserts a negligence claim based on contentions that the officers utilized improper tactics that led to the shooting.

      Here, Sergeant Hayhoe testified in depth about why he drove alongside Mr. Petit in an attempt to cut off his path of travel. Specifically, Sergeant Hayhoe knew that the area was residential, that there was a missile school across the street, and that there was a crowded mall two blocks in the direction where Mr. Petit was fleeing. Exhibit "A," Hayhoe Depo. at 39:21-41:10. The fact that Mr. Petit was in possession of a backpack carrying multiple items that could be used as weapons either on the officers or members of the general public lends credence to Sergeant Hayhoe's concerns about the public's safety, and by extension, his decision making in driving alongside Mr. Petit in an attempt to cut off his path of travel to prevent his escape. This is particularly pertinent, where Plaintiff has framed Mr. Petit's action of fleeing from the officers as "merely walking away with the object in his hand" and "walking away, attempting to avoid the officers" or attempting to avoid contact with them. See Dkt. 87 at p. 12, 15-16.

      As to issues of damages, when asked to itemize her non-economic losses in this case, Plaintiff responded in part:

> [A]t the time of the incident until his death, which upon information and belief [his death] was unrelated to this action, decedent, Mr. Petit, was placed in great fear for his life and physical wellbeing, and had suffered from severe mental and emotional pain, suffering, distress, embarrassment, humiliation, anger anxiety, depression, loss of enjoyment of life, diminished and worsening of prior mental injuries such as post-traumatic stress disorder and schizophrenia.

Ex. "B," Int. Resp. at p. 8.

      Thus, evidence of these items, in conjunction with Mr. Petit's actions, are relevant in consideration of Plaintiff's emotional distress claims. See Morris v. Long, 2012 WL 1498889, at *3 (E.D. Cal. 2012) (denying motion in limine to

exclude evidence of prior arrests and confrontations for the purposes of contesting plaintiff's claim for emotional distress damages); see also Peraza v. Dalmeter, 722 F.2d 1455, 1457 (9th Cir. 1984); Horwich v. Superior Court, 21 Cal.4th 272, 285 (1999) ("More modernly, principles of comparative fault and equitable indemnification support an apportionment of liability among those responsible for the loss, including the decedent, whether it be for personal injury or wrongful death."); Willis v. Gordon, 20 Cal.3d 629, 636 (1978).

**B. Evidence of the 911 calls is admissible.**

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

> A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ....

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). In doing so, the Court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Note. Indeed, the Court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" Id.

Here, the 911 calls are relevant because the information derived from the callers was synthesized into the information that was ultimately relayed to the responding officers, including the officer defendants, by LAPD dispatch. See Exhibits "C"-"E." The officers listened to the dispatch information when responding to the call for service to locate the suspect, leading them to Mr. Petit. Exhibit "A" at 14:13-16:19; Exhibit "F" Glover Depo. at 19:23-21:21. Accordingly, this information was known to the officers at the time, contributed to

their decision making, their tactics, and ultimately, their decisions to use force on Mr. Petit, especially where it was reported to them that he was suspected of committing an Assault with a Deadly Weapon. Nash-Perry v. City of Bakersfield, 2024 WL 115211 at *4 (denying plaintiff's motion in limine to exclude 911 calls even if the officer defendants did not hear the calls because the calls were "not being admitted for the truth of the matter asserted—but rather to show a call was made and [the officer] believed he was responding to a domestic violence call").

In Payne v. City of Los Angeles, 2023 WL 6850045 (C.D. Cal. 2023), plaintiff advanced an identical argument as Plaintiff does here: that the 911 calls are not relevant because the officers never heard them. Id. at *6-7. The court rejected plaintiff's contention, ruling, "While the 911 calls cannot be admitted for the truth of the matter asserted, subject to exceptions of the hearsay rule, the 911 calls are relevant to the statement of mind of the officers when they were called to and responded to the incident," based on the fact that the dispatch information received from the officers was derivative of the 911 calls. Id. at *7.

To the extent Plaintiff relies on argument that the calls are inadmissible due to hearsay, 911 calls fall squarely within the present sense impression exception to the hearsay rule. See, e.g., U.S. v. Calhoun, 597 F.Supp.3d 1107, 1112 (E.D. Mi. 2022) ("The statements to the 911 operator were made to describe an event that occurred minutes prior"). The Ninth Circuit has recognized the same and additionally ruled that 911 calls may qualify under the excited utterance exception. See Bemis v. Edwards, 45 F.3d 1369, 1372 (9th Cir. 1995) (listing cases where 911 calls are admitted under hearsay exception).

**C. Evidence of the circumstances surrounding Mr. Petit's death, including the manner in which his skeletal remains were discovered, are admissible.**

As set forth above, Plaintiff is seeking to recover for a host of non-economic losses on behalf of Mr. Petit, as a result of the subject incident, including pain and

suffering following the shooting.

To that end, The Ninth Circuit Model Jury Instructions provide that to measure the types of damages a plaintiff may be entitled to, jurors may consider, as applicable, "the mental, physical, emotional pain and suffering experienced and that with a reasonable probability will be experienced in the future." 9th Cir. Jury Inst. 5.2. Thus, the fact that Mr. Petit was found deceased is relevant to Plaintiff's damage claims, and the jury should be informed that Mr. Petit died under unknown circumstances unrelated to the subject incident such that Plaintiff cannot recover for any future pain and suffering.

Moreover, because the jury will need a timeframe for which Plaintiff can be compensated for Mr. Petit's alleged pain and suffering, *when* Mr. Petit was found deceased, the *manner* in which he was found deceased, and the *condition* in which he was found deceased are relevant for consideration of the timeframe in which he may have experienced any mental, physical, and/or emotional pain and suffering. Hook v. U.S., 2017 WL 2831696 at *3 (E.D. Mi. 2017) (holding that plaintiff could recover damages for pain and suffering for a specific timeframe during which he was unconscious because he could not recover for pain and suffering unless consciously perceptive to pain, suffering, or discomfort); Williams v. City of Oakland, 915 F.Supp. 1074, 1079-80 (N.D. Cal. 1996) (ruling that a substituted plaintiff in a Section 1983 action where the decedent dies under circumstances unrelated to the alleged civil rights violation can recover for pain and suffering damages sustained by the decedent "upon a proper showing").

Here, the subject incident occurred on July 18, 2022, and Mr. Petit's skeletonized remains were found in his home on August 4, 2024. Ex. "G," Coroner's Report at p. 2-4. Furthermore, the Los Angeles County Medical Examiner noted that Mr. Petit's family last had contact with him in September or October of 2023. Id. at p. 4, 10, 12. This is consistent with Plaintiff's testimony that she or any other family member last had contact with Mr. Petit 11 months

- 7 -

OPPOSITION TO MOTION IN LIMINE NO. 4

prior to the discovery of his skeletonized remains. Ex. "H," Plaintiff's Depo. at 34:8-21.

Accordingly, at minimum, Plaintiff cannot reasonably recover up until that date or past that date for any pain and suffering purportedly sustained by Mr. Petit post-shooting, and evidence pertaining to his death are relevant for the jury's consideration.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion in Limine No. 4.

DATED: January 21, 2026        CARPENTER, ROTHANS & DUMONT LLP

                               /s/ Kimberly Sarmiento
                        By: _____
                               Steven J. Rothans
                               Kimberly Sarmiento
                               Attorneys for Defendants,
                               Sergeant Brett Hayhoe and Officer Daryl
                               Glover, Jr., public employees


Dated: January 21, 2026        Respectfully submitted,

                               **HYDEE FELDSTEIN SOTO**, City Attorney
                               **DENISE C. MILLS**, Chief Deputy City Attorney
                               **KATHLEEN KENEALY**, Chief Asst. City Attorney

                        By:    /s/ Christian Bojorquez
                               CHRISTIAN BOJORQUEZ
                               *Attorneys for Defendant*, **CITY OF LOS ANGELES**

# DECLARATION OF KIMBERLY SARMIENTO

I, Kimberly Sarmiento, declare that:

1. I am an attorney, duly licensed to practice law before all of the courts in the State of California, and I am a partner at the law firm of Carpenter, Rothans & Dumont, attorneys of record for Defendants, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., in the above-entitled action.

2. The following facts are stated from my personal knowledge, except those facts stated on information and belief, which I believe to be true and if called as a witness I could and would so competently testify thereto under oath.

3. Attached hereto as Exhibit "A" is a true and correct copy of the relevant portions of the deposition transcript of Sergeant Brett Hayhoe, conducted on August 28, 2025, in connection with this matter.

4. Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff Ashlyn Petit's responses, dated April 15, 2025, to Interrogatories served by Sgt. Hayhoe, in connected with this matter.

5. Attached hereto as Exhibit "C" is a true and correct copy of the 911 call from Todd Tramel made to the LAPD on July 18, 2022, which led to the call for service underlying the subject incident.

6. Attached hereto as Exhibit "D" is a true and correct copy of the 911 call from Hanna Mark made to the LAPD on July 18, 2022, which led to the call for service underlying the subject incident.

7. Attached hereto as Exhibit "E" is a true and correct copy of the LAPD dispatch recording for the call for service underlying the subject incident.

8. Attached hereto as Exhibit "F" is a true and correct copy of the relevant portions of the deposition transcript of Officer Daryl Glover, Jr., conducted on July 30, 2025, in connection with this matter.

1  9. Attached hereto as Exhibit "G" is a true and correct copy of the
2  Coroner's Report related to the medical examination of Jermaine Petit's
3  skeletonized remains, conducted on August 6, 2024.
4  10. Attached hereto as Exhibit "H" is a true and correct copy of relevant
5  portions of the deposition transcript of Plaintiff Ashlyn Petit, conducted on June 9,
6  2025, in connection with this matter.
7
8  I declare under penalty of perjury under the laws of the State of California
9  that the foregoing is true and correct.  Executed this 21st day of January 2026, at
10  Los Angeles, California.
11                     /s/ Kimberly Sarmiento
12                     _____
                       KIMBERLY SARMIENTO – Declarant