# EXHIBIT H

|    |                                                                    |
|----|--------------------------------------------------------------------|
| 1  | UNITED STATES DISTRICT COURT                                       |
| 2  | CENTRAL DISTRICT OF CALIFORNIA                                     |
| 3  | --oOo--                                                            |

ASHLYN PETIT, as successor-in
interest to JERMAINE PETIT, deceased,

       Plaintiff,

v.                                            Case No.
                                               2:23-cv-00789-CJC (PVCx)

CITY OF LOS ANGELES, a municipal
entity; OFFICER DARYL GLOVER, JR.;
SERGEANT BRETT HAYHOE;
and DOES 1 through 10, inclusive,

       Defendants.
_____/

STENOGRAPHIC REPORTER'S TRANSCRIPT OF

REMOTE VIDEO DEPOSITION OF BRETT HAYHOE

THURSDAY, AUGUST 28, 2025

**UNSEALED PORTION**

Reported Stenographically by:

KIMBERLY D'URSO, CSR 11372, RPR

Job No.  19685

|   |   |
|---|---|
| 1 | APPEARANCES (Remote) |
| 2 | FOR THE PLAINTIFFS: |
| 3 | LAW OFFICES OF DALE K. GALIPO<br>BY:  DALE K. GALIPO, ESQ. |
| 4 | RENEE MASONGSONG, ESQ.<br>21800 Burbank Boulevard, Suite 310 |
| 5 | Woodland Hills, California 91367<br>818.347.3333 |
| 6 | dalekgalipo@yahoo.com<br>rvalentine@galipolaw.com |
| 7 |   |
| 8 | IVIE MCNEILL WYATT PURCELL & DIGGS<br>BY:  RODNEY S. DIGGS, ESQ. |
| 9 | 444 S. Flower Street, Suite 3200<br>Los Angeles, CA 90071 |
| 10 | 213.489.0028<br>rdiggs@imwlaw.com |
| 11 |   |
| 12 | FOR THE DEFENDANTS BRETT HAYHOE and DARYL GLOVER, JR. |
| 13 | CARPENTER ROTHANS & DUMONT, LLP<br>BY:  KIMBERLY SARMIENTO, ESQ. |
| 14 | 500 S. Grand Avenue, 19th Floor<br>Los Angeles, CA 90071 |
| 15 | 213.228.0400<br>ksarmiento@crdlaw.com |
| 16 | FOR THE DEFENDANT CITY OF LOS ANGELES: |
| 17 | OFFICE OF THE CITY ATTORNEY OF LOS ANGELES<br>BY:  CHRISTIAN R. BOJORQUEZ, ESQ. |
| 18 | 200 N. Main Street, 6th Floor, City Hall East<br>Los Angeles, CA 90012 |
| 19 | christian.bojorquez@lacity.org |
| 20 | ALSO PRESENT:  Karen Torres-Corona, Videographer |
| 21 | Danie Williams, Paralegal |
| 22 | Aria Beizi, Law Clerk |
| 23 | --oOo-- |
| 24 |   |
| 25 |   |

```
 1   approximately one to two seconds.
 2        Q.   At the time that you gave your interview or
 3   statement, were you aware that there had been another
 4   shooter?
 5        A.   Yes.
 6        Q.   And did you know who the shooter was at the
 7   time you gave your statement?
 8        A.   Yes.
 9        Q.   What was your understanding?
10        A.   My understanding was that the other -- the
11   other involved officer was Officer Glover at the time.
12        Q.   So let's start a little bit at the beginning.
13             You had certain information related to this
14   call?
15        A.   That's correct.
16        Q.   Can you generally tell me what information you
17   had?
18        A.   The information that I had was based on radio
19   call comments of -- that described an ADW suspect that
20   was armed with a black semi-automatic handgun.  And the
21   individual, the suspect, was described as a male, Black,
22   with dreadlock style hair, and olive green long-sleeve
23   shirt, black pants.
24             And I think additional comments were --
25   described the suspect as also lighting miscellaneous
```

```
 1   things on fire and carrying a stick.
 2       Q.   Any other information you recall having, other
 3   than what you've told me so far?
 4       A.   That the individual threatened the PR with a --
 5   with a handgun, and then the general description of the
 6   last seen location of where the suspect was.
 7       Q.   Did you have the individual's name?
 8       A.   No.
 9       Q.   Any information of any prior criminal history
10   before that day?
11       A.   No.  No, sir.
12       Q.   Any information that the individual had
13   physically injured anyone?
14       A.   No, sir.
15       Q.   Where was the individual when you first saw the
16   individual?
17       A.   When I first saw the individual, I was driving
18   in my black-and-white vehicle, as I saw him walking on
19   foot as I was driving eastbound, on Martin Luther King
20   Boulevard, passing the residential street that he was
21   walking on.
22            And he was walking southbound on the east
23   sidewalk of Dayton and -- I belive it's Degnan Avenue,
24   and it's spelled D-E-G-N-A-N.  And he was walking south
25   on the east sidewalk, and I was travel eastbound on
```

```
 1    Martin Luther King.
 2            So I had just passed the street that he was
 3    walking on when I believed that that individual was
 4    possibly the suspect from the radio call.
 5        Q.   Okay.  And you mentioned earlier that there was
 6    a location associated with the radio call, initially?
 7        A.   Yes.
 8        Q.   And the location where you saw the individual
 9    initially, was that near or at the location of the call?
10        A.   Yes, sir.
11        Q.   And you saw him initially when you were passing
12    through the intersection?
13        A.   Correct.  Yes.
14        Q.   And you, in your mind, thought that possibly
15    could be the suspect?
16        A.   That's correct.  Yes.
17        Q.   And so at some point, did you make a U-turn or
18    turn back around?
19        A.   Yes, sir.
20        Q.   Did the individual go out of your view for a
21    short period of time?
22        A.   Yes.
23        Q.   And where was the individual when they came
24    back in your view?
25        A.   When they -- I'm sorry.  Who are we referring
```

```
 1  STATE OF CALIFORNIA)
                       ) ss:
 2  COUNTY OF BUTTE    )

 3
                I, KIMBERLY E. D'URSO, do hereby certify:
 4

 5          That the witness named in the foregoing

 6  deposition was present remotely and duly sworn to testify

 7  to the truth in the within-entitled action on the day and

 8  date and at the time and place therein specified;

 9          That the testimony of said witness was reported

10  by me in shorthand and was thereafter transcribed through

11  computer-aided transcription;

12          That the foregoing constitutes a full, true and

13  correct transcript of said deposition and of the

14  proceedings which took place;

15          Further, that if the foregoing pertains to the

16  original transcript of a deposition in a federal case,

17  before completion of the proceedings, review of the

18  transcript [ ] was [ ] was not requested.

19          That I am a certified stenographic reporter and

20  a disinterested person to the said action;

21          IN WITNESS WHEREOF, I have hereunder subscribed

22  my hand this 2nd day of September, 2025.

23  _____

24  KIMBERLY D'URSO, CSR NO. 11372, RPR

25
```