**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: RDiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552

**LAW OFFICES OF DALE K. GALIPO**
**Dale K. Galipo, Esq. (SBN 144074)**
dalekgalipo@yahoo.com
**Renee V. Masongsong, Esq. (SBN 281819)**
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiff **JERMAINE PETIT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, Deceased,<br><br>    *Plaintiff,*<br><br> v.<br><br>CITY OF LOS ANGELES; OFFICER DARYL GLOVER JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive<br><br>    *Defendants.* | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE THAT IS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE**<br><br>Date: February 2, 2026<br>Time 1:30 p.m.<br>Courtroom: 5D |

///

///

1

**TO THIS HONORABLE COURT, TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased, ("Plaintiff") will and hereby does oppose Defendants' Joint Motion *in Limine* No. 1 to Exclude Evidence That Is Substantially More Prejudicial Than Probative.

This opposition is based on the following memorandum, the records on file with the Court and any arguments that may be presented at hearing.

Dated: January 21, 2026         **IVIE McNEILL WYATT PURCELL & DIGGS**

                                By:   /s/ Rodney S. Diggs
                                      RODNEY S. DIGGS
                                      Attorneys for Plaintiff

Dated: January 21, 2026         **LAW OFFICES OF DALE K. GALIPO**

                                By:   /s/ Renee V. Masongsong
                                      DALE K. GALIPO
                                      RENEE V. MASONGSONG
                                      Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Defendants' *motion in limine* to exclude critical evidence of LAPD's use of force patterns, injury photographs, and media coverage is overly broad and improperly seeks to sanitize this case before the jury can evaluate the full context of the shooting of Jermaine Petit. Defendants ask this Court to grant blanket exclusions under Federal Rule of Evidence 403 without engaging in the individualized, case-specific analysis required by law. Their motion is premature and contrary to Plaintiff's fundamental right to present evidence demonstrating that Defendants' use of deadly force was objectively unreasonable.

More importantly, each category of evidence Defendants seek to exclude is relevant and admissible under the Federal Rules of Evidence. Evidence of other LAPD use of force incidents is directly relevant to establish notice, pattern, or practice for purposes of municipal liability under *Monell*, and may demonstrate that the City failed to adequately train or supervise its officers. Photographs depicting Mr. Petit's injuries are highly probative of the severity of force used and the extent of harm suffered, and any emotional impact does not substantially outweigh their probative value when medical records alone cannot convey the full impact of the shooting. Media coverage may be admissible for non-hearsay purposes, including showing notice to the City of Los Angeles or the state of mind of the officers.

Moreover, Defendants attempt to obtain wholesale evidentiary exclusions that would prevent the jury from understanding the complete circumstances surrounding this officer-involved shooting. The Court should deny Defendants' motion or, at minimum, defer any ruling until trial when the context, relevance, and probative value of specific evidence can be properly evaluated on an individualized basis.

///

///

## II. ARGUMENT

### A. Evidence Relating to News Media Coverage, Reports, and Other Lawsuits and Settlements Involving Other Law Enforcement Agencies and other Use of Force Evidence is Admissible.

Evidence of prior LAPD use of force incidents, litigation, and settlements is highly relevant and admissible to establish Plaintiff's Monell claim against the City of Los Angeles. Municipal liability under Monell requires proof of a custom, policy, or practice of inadequate training or supervision. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Evidence of other similar incidents provides critical notice to the municipality and demonstrates deliberate indifference to constitutional violations and core elements of Plaintiff's case.

Additionally, the Supreme Court expressly held that district courts must evaluate such evidence on a case-by-case basis rather than applying categorical exclusions. Here, the probative value is exceptionally high because evidence of a pattern of similar incidents goes directly to whether the City had notice of constitutional violations and failed to act, which is essential to municipal liability. Any potential for prejudice can be managed through limiting instructions, and blanket exclusion is inappropriate. Defendants cite no authority supporting wholesale exclusion of pattern evidence in *Monell* cases. Therefore, evidence of media coverage, other use of force incidents, reports, and other lawsuits involving settlements should be admitted.

### B. Photographs Depicting Mr. Petit's Injuries Are Admissible and Highly Probative of the Severity of Force Used by Officers.

Photographs depicting injuries are presumptively admissible to demonstrate the nature and extent of harm suffered by a victim. Such evidence is directly relevant to damages and to evaluating whether the force used was objectively reasonable

4

under the totality of circumstances. Courts routinely admit injury photographs even when they depict severe or disturbing injuries. <u>United States v. Brady</u>, 579 F.2d 1121 (9th Cir. 1978) (the court admitted photographs of the Victim's body because cause of death was at issue under rule Federal rules of Evidence 403.) Here, the reasonableness of the force used is at issue in this case. The photographs should be admitted because it would give the jury an opportunity to fully evaluate whether the officers' force was reasonable and permissible under *Monell*.

Additionally, Medical records are not an adequate substitute for photographic evidence because jurors are entitled to see the actual condition of the victim to fully understand the impact of Defendants' actions. For example, the photographs showing blood on Mr. Petit's face directly corroborate officer testimony and demonstrate the severity of force employed.

### III.   MEDIA COVERAGE IS ADMISSIBLE FOR NON-HEARSAY PURPOSES AND DEFENDANTS FAIL TO IDENTIFY SPECIFIC EVIDENCE WARRANTING EXCLUSION.

Generally, Hearsay evidence of other acts is permissible for another purpose. Fed. R. Evid. 404. Defendants' blanket motion to exclude all media coverage fails because such evidence may be admissible for numerous non-hearsay purposes, including showing notice to the City of Los Angeles, demonstrating community awareness, or impeaching defense witnesses. Even if some statements within media reports constitute hearsay, that does not require exclusion of the entire category. Specific hearsay objections can and should be addressed at trial when the evidence is offered in proper context.

More importantly, Defendants fail to identify which specific media items they seek to exclude, making it impossible to conduct the required relevance and hearsay analysis under Federal Rules of Evidence 801 and 805. Without knowing what materials Plaintiff intends to offer or for what purpose, the Court cannot determine

admissibility. The motion should be denied without prejudice to specific objections when and if such evidence is actually offered at trial, at which time the Court can evaluate the specific non-hearsay uses and any applicable exceptions.

## IV.  CONCLUSION

Based on the foregoing arguments, Defendants' motion *in limine* to exclude evidence that is substantially more prejudicial than probative should be denied in its entirety. Alternatively, the Court should deny the motion without prejudice to specific objections at trial, where the relevance and probative value of particular evidence can be properly evaluated in context.

Dated: January 21, 2026            **IVIE McNEILL WYATT PURCELL & DIGGS**

                        By:    /s/ Rodney S. Diggs
                               RODNEY S. DIGGS
                               Attorneys for Plaintiff

Dated: January 21, 2026            **LAW OFFICES OF DALE K. GALIPO**

                        By:    /s/ Renee V. Masongsong
                               DALE K. GALIPO
                               RENEE V. MASONGSONG
                               Attorneys for Plaintiff