LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:  (818) 347-3333
Fax: (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552

Attorneys for Plaintiff, Ashlyn Petit

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO SUBSEQUENT REMEDIAL MEASURES/AFTER-ACQUIRED INFORMATION; DECLARATION OF RENEE V. MASONGSONG AND EXHIBIT**<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

///
///
///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Ashlyn Petit hereby submits her Opposition to Defendants' Motion in Limine No. 2 to Exclude Evidence Relating to Subsequent Remedial Measures/After-Acquired Information, including information that the object Mr. Petit held in his hand during this incident was not a gun. As set forth herein, Defendants' Motion should be denied.

## II. ARGUMENT

### A. The Fact that the Object Mr. Petit Had at the Time of the Incident Was Not a Gun Is Not After-Acquired Information.

Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401, 402. When the circumstances that confronted the officer at the time of a shooting are in dispute, evidence of facts that make one version of events more likely than another are relevant and admissible. *Boyd v. City and County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009); *Pelzer v. City of Philadelphia*, 2011 WL 93054 at *5 (E.D. Pa. Jan. 11, 2011) (finding that in a Fourth Amendment excessive force case, a fact finder may critically assess whether the officer's account is credible and whether the officer's beliefs and perceptions leading to the use of force were reasonable).

The fact that the object Mr. Petit had at the time of the shooting was not a gun is not after-acquired information in contradiction of *Graham v. Connor*, including because the officers observed the object on scene prior to the shooting. When Officers Glover and Martinez first contacted Mr. Petit and asked, "what's that in your hands?", Mr. Petit showed them the object for several seconds. As heard on the body-worn camera videos, after seeing the object, Officer Martinez said, "It's not a gun, bro." Officer Glover responded, "You said that's not a gun?" (*See* Exhibits 1

and 2 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 87-11, 87-1). After seeing the object, the officers did not take cover, yell out, "gun!" or alert Sergeant Hayhoe that they thought they saw Petit with a gun. A reasonable jury could infer that the officers did not take such actions or shoot Mr. Petit during this initial contact because they observed the object, and saw that the object did not look like a gun. Indeed, Officer Glover never identified the object as a gun with any certainty, and Officer Glover later described the object as "funky." (*See* PAMF 61 and "Exhibit 4" to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 87-4, 87-1). Officers are trained to distinguish firearms from other objects, and according to Plaintiff's police practices expert, a reasonable officer would not have believed that the object was a gun. After the shooting, when the object was on the ground, Sergeant Hayhoe said, "I can't see the gun," presumably because the object did not look like a gun. (*See* PAMF 93-94 and "Exhibit 2" to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 87-11, 87-1).

At trial, the jury will determine whether Sergeant Hayhoe and/or Daryl Glover used excessive or unreasonable force when they shot Mr. Petit. In addressing an excessive force case under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them…" *Graham v. Connor*, 490 U.S. 386, 397 (1989). Before the jury can consider whether the officers' use of deadly force was reasonable, the jury must determine what the objective facts of this incident actually were. Defendants' motion presupposes that the jury should simply hear the officers' self-serving stories as to the circumstances with which they were confronted and decide whether, based on the officers' account only, the shooting was reasonable. Defendants' motion ignores the fact that Plaintiff disputes the officers' version of events and deem it not credible.

*Graham* requires the jury to consider, as the most important factor, whether

Mr. Petit posed an immediate threat of death or serious bodily injury to the officers or any other person at the time of the shooting based on the objective facts. *See* also Ninth Circuit Jury Instruction No. 9.25—Excessive Force, factor No. 2. Under Ninth Circuit Jury Instruction No. 9.25, the jury must also consider "whether a reasonable officer would have or should have accurately perceived a mistaken fact." *See also Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1042 (C.D. Cal. 2021) (holding that when an officer's use of force is based on a mistake of fact, the question of whether the mistake was reasonable is a triable factual issue). In order to consider these two factors, the jury must know the objective fact that the object Mr. Petit had in his hand at the time of the shooting was not a gun. Evidence that the object was not a gun is also highly relevant to help the jury to assess the credibility of the officers' account of the incident and is highly relevant to contradict the officers' self-serving testimony that they shot because they perceived an imminent threat of death or serious bodily injury. Evidence that the object was not a gun is relevant to corroborate Plaintiff's version of the events that Mr. Petit never pointed the object at officers and did not turn toward Sergeant Hayhoe with the object in his hand.

*Estate of Strickland v. Nevada Cnty.*, cited by Defendants, is inapposite. In *Strickland* the decedent had a replica gun that all officers on scene perceived to be a gun and was "presumably intended to look like a real firearm." 69 F.4th 614, 622 (9th Cir. 2023). By contrast, here, the object Mr. Petit had was not a replica firearm, and Officer Martinez verbalized that he did not think it was a gun. Although the *Strickland* court determined that a reasonable officer should not have known that Strickland's gun was a replica, a reasonable jury in the instant case could easily reach the opposite conclusion.

Further, Judge James V. Selna, of the Central District, Southern Division, recently denied a similar motion in a police shooting case and found it "preposterous and borderline frivolous" to argue that the actual presence or absence of a gun was irrelevant, whether such evidence arises before or after the incident." (Exhibit A to

4

Diggs' Decl. (Judge Selna's Order) at pg. 13). In this case, by Defendants' own characterization, the presence or absence of a gun was part of the officers' decisions to fire. As Judge Selna reasoned, "[p]lainly, evidence that corroborates the absence of a weapon is relevant, whether such evidence arises before or after the incident. *Boyd*, 576 F.3d at 944." (Exhibit A to Diggs' Decl. (Judge Selna's Order) at pg. 13). The fallacy of Defendants' position is obvious, and Defendants' Motion should be denied in its entirety.

### B. Evidence of the Investigation and Statements Made During the Investigation are Admissible.

Additionally, Defendants seek to exclude any evidence that there was a Field Investigation Directive ("FID") or Internal Affairs investigation, arguing the investigation constitutes a remedial measure which is prohibited by Rule 407. However, courts have made the distinction between an investigation that precedes a disciplinary process and the actual discipline, finding that only the actual discipline constitutes a remedial measure. *See Aguilar v. City of Los Angeles*, 853 F. App'x 92, 95 (9th Cir. 2021) (LAPD in-custody death investigation was not a disciplinary proceeding, nor did it prompt any disciplinary action or policy changes and thus did not constitute a remedial measure for exclusion); *Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096, 1103 (D. Or. 2013) (denying motion to strike Use of Force Review because "[t]here is a distinction…between the actual disciplining of officers for their conduct, which could constitute a remedial measure, and the investigation that precedes a disciplinary process"); *Willis v. Vasquez*, No. LACV1007390JAKDTBX, 2014 WL 12596313, at *11 (C.D. Cal. Apr. 1, 2014) (finding report conducted for the purpose of investigating inappropriate use of force in LA County jails and recommending remedial measures was not evidence of a remedial measure); *see also Howard v. City of Los Angeles*, No. CV 14-3687 SS, 2017 WL 11682193, at *13 (C.D. Cal. Feb. 21, 2017) ("*Maddox* does not stand for the proposition that evidence of internal affairs investigations or other police reports are categorically inadmissible

5

in all civil rights cases.").

Evidence of the FID investigation and Internal Affairs Investigation into *this* incident is highly relevant and probative to the issues in this case. Statements made by witnesses, including the defendant officers, regarding the incident were the freshest when they were made shortly after the incident during the FID investigation. *See Alvarez v. King Cnty.*, No. C16-0721RAJ, 2017 WL 3189025, at *6–7 (W.D. Wash. July 27, 2017) (officer statements made during the course of the department's internal investigation was admissible for the purpose of impeaching the witness in accordance with Federal Rule of Evidence 801(d)); *Gonzalez v. Olson*, 11 C 8356, 2015 WL 3671641, at *17 (N.D. Ill. June 12, 2015) ("Prior statements made as part of the [ ] investigation may be used for impeachment or as a party admission when appropriate."); *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp.2d 698, 710 (S.D.N.Y. 2011) ("Defendants may cross-examine cooperating witness regarding statements they made during investigatory interviews and may use the notes or reports to refresh witnesses' recollections."). Defendants' argument that the officers' statements made within the course of the investigation should be excluded is unpersuasive. *See Phillips v. Bratton*, No. CV 07-873 CAS (VBKX), 2008 WL 11409876, at *4 (C.D. Cal. Jan. 28, 2008) ("[t]he Fifth Amendment's privilege against self-incrimination protects an individual from the use of his or her compelled statements in any subsequent criminal proceeding. This protection does not extend to the use of compelled statements in a civil proceeding"); *Estate of Bui v. City of Westminster Police Dep't*, 244 F.R.D. 591, 595 (C.D. Cal. 2007). Moreover, Defendants' police practices expert, Philip Sanchez, relied on the FID report and the statements of Defendants Hayhoe and Glover made during the FID investigation to form his opinions, and Plaintiff should be permitted to cross-examine Defendants' expert on the statements they relied on.

Evidence obtained during the investigations, including any findings that Sergeant Hayhoe's and/or Officer Glover's shooting was found to be within policy,

may also be relevant to Plaintiff's *Monell* claim. Plaintiff's *Monell* claim asserts in part that the City of Los Angeles has an unconstitutional custom, practice, and policy of failing to adequately train its officers with respect to the use of deadly force.

### C. Evidence is Not Unduly Prejudicial because it is Bad for a Party's Case.

The probative value of evidence that the object Mr. Petit had was not a gun substantially outweighs any danger of unfair prejudice. *See United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) ("If believed, such evidence would, of course, severely damage Mohr's defense, but '[u]nfair prejudice' under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence. Indeed, our adversarial system depends on opposing parties offering evidence that will strengthen their respective positions and damage that of their opponents."). Federal Rule of Evidence, Rule 403 requires exclusion of evidence "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Powers*, 59 F.3d 1460, 1467 (4th Cir. 1995). Here, it would be prejudicial to Plaintiff if evidence that the object Mr. Petit had at the time of the shooting was not a gun were excluded from the trial, leading the jury to believe that Mr. Petit was unarmed. It is a question for the jury to determine whether a reasonable officer in the position of Sergeant Hayhoe and Daryl Glover would have believed that the object was a gun. Excluding this evidence would invade the province of the jury. Likewise, it would be prejudicial to Plaintiff to exclude all evidence of the investigations, including the defendant officers' statements/interviews given after the shooting in the course of the investigation, the scene photographs, and any relevant information necessary to prove Plaintiff's *Monell* claim.

/ / /

/ / /

## III. CONCLUSION

For the reasons stated above, this Court should deny Defendants' Motion in Limine No. 2.

Dated: January 21, 2026          **IVIE McNEILL WYATT PURCELL & DIGGS**

                      By:   /s/ Rodney S. Diggs
                            RODNEY S. DIGGS
                            Attorneys for Plaintiff

Dated: January 21, 2026          **LAW OFFICES OF DALE K. GALIPO**

                      By:   /s/ Renee V. Masongsong
                            DALE K. GALIPO
                            RENEE V. MASONGSONG
                            Attorneys for Plaintiff