RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552
Attorneys for Plaintiff, STEFFON BARBER

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**DECLARATION OF RODNEY S. DIGGS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO SUBSEQUENT REMEDIAL MEASURES/AFTER-ACQUIRED INFORMATION; EXHIBIT**<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

## DECLARATION OF RODNEY S. DIGGS

I, Rodney S. Diggs, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for Plaintiff Ashlyn Petit. I make this declaration in support of Plaintiff's Opposition to Defendants' Motion in Limine No. 2. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. Attached hereto as "Exhibit A" is a true and correct copy of the relevant portions of Judge Selna's order on the motions in limine in the case *Diaz v. City of Anaheim*, Case No. SACV12-01897-JVS.

I declare under penalty of perjury under that the foregoing that the foregoing is true and correct.

Executed on this 21st day of January, 2026.

                /s/ Rodney S. Diggs
                Rodney S. Diggs, Declarant

EXHIBIT

A

EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

Present: The Honorable      James V. Selna

| Denise Vo | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Dale K. Galipo<br>Humberto Guizar<br>Angel Carrazco, Jr.<br>Melanie T. Parton | Jill Williams<br>Moses Johnson, IV |

**Proceedings:** Defendants' Motion in Limine (fld 12/16/13)

1) To Exclude Evidence or Argument that the Decedent was Unarmed or that No Gun was Recovered Post-Shooting
2) To Exclude Evidence of Events that Occurred after the Shooting
3) To Exclude Evidence of other Alleged "Wrongs" by the Defendants and other Police Agencies
4) To Exclude Inflammatory Evidence

Plaintiffs' Motion in Limine (fld 12/16/13)

1) To Exclude Specific Items of Information Acquired after the Shooting Officer at the time of the Incident
2) To Bifurcate Liability and Damages
3) To Exclude Evidence of the Orange County District Attorney and City of Anaheim's Conclusions
4) To Exclude Defense Expert Richard F. Clark, MD, Pursuant to FRE 702
5) To Exclude Defense Expert Stephen Cooley Pursuant to FRE 702
6) To Exclude Defense Expert Daniel Gonzalez Pursuant to FRE 702

Final Pretrial Conference

Cause called and counsel make their appearances. The Court and counsel confer regarding evidentiary issues and trial procedures. The Court advises counsel to contact the Courtroom Clerk by Friday, January 17, 2014 to set up a Telephonic Conference if there is a need. The Court will sign and file the pretrial conference order as presented.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

member of the East Side gang and the reasons therefor,[9] and his opinion, without further detail, that the gang was a criminal street gang within the meaning of the California Penal Code. There is a dispute whether his "report," actually a declaration he prepared in support of a gang injunction, discloses Diaz, but the matter was certainly adequately explored at deposition. Any shortcoming is harmless. (Fed R. Evid. 37(c)(1).) Given the limited scope of the relevance of the gang evidence, the Court finds that further gang testimony would be unduly prejudicial. (Fed. R. Evid. 403.) Specifically,

- The activities of the gang. This can only serve to inflame the jury.

- That the Anna Drive area was part of the gang's turf. Bennallack will so testify, and no party appears to dispute the fact. Thus Gomez' testimony would be cumulative. If there is a dispute on the issue, City Defendants may ask the Court to revisit the issue.

- Any specific gang activities on the part of Diaz, including the fact that he was on gang terms. Again, this would only inflame the jury.

The Motion is granted except as noted.

II.  City Defendants' Motions *in Limine.*

A. Motion *in Limine* No. 1: Absence of Weapon.

City Defendants seek an order to exclude evidence that Diaz was unarmed at the time of the incident, and that no weapon was later found on him or in the area. City Defendants contend that such evidence is not relevant to the Graham analysis. (Motion, pp. 2-3.)

A full and complete rebuttal to City Defendants' position is found in their

---

[9] The Court believes that such testimony should be brief and consist of little more than Diaz' tattoos, his gang moniker and field identification cards ("FIs"), including any statement by Diaz, if any, that he claimed East Anaheim. Any further discussion of his specific activities, including the fact that he was on gang terms, would only inflame the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

description of the incident: "Believing that Diaz was holding a gun in a 'low-ready' position in front of his body and was going to shoot, from a distance of five to ten feet, Officer Bennallack fired two consecutive rounds at Diaz." (Id., pp. 1-2.) By City Defendants' own characterization of the scene, the presence or absence of a gun was part–and indeed the most important part–of Bennallack's decision to fire. Plainly, evidence that corroborates the absence of a weapon is relevant, whether such evidence arises before or after the incident. Boyd, 576 F.3d at 944. The Court finds it preposterous and borderline frivolous to argue on the facts of this case that the actual presence or absence of a gun is irrelevant.

The Seventh Circuit case of Sherrod v. Berry, 856 F.2d 802 (7th Cir. 1988), does not support City Defendants' position nor diminish the patent unreasonableness of the argument here. In a hypothetical, the Sherrod court posited that on facts similar to those here the presence or absence of a weapon would be both material and admissible:

> Our holding today should not be interpreted as establishing a black-letter rule precluding the admission of evidence which would establish whether the individual alleging a § 1983 violation was unarmed at the time of the incident. Clearly, the credibility of the witness "can always be attacked by showing that his capacity to observe, remember or narrate is impaired." Further, "impeachment by contradiction is a technique well recognized in the federal courts by which specific errors in the witness's testimony are brought to the attention of the trier of fact." For example, if an officer testifies that "I saw a shiny, metallic object similar to a gun or a dangerous weapon in the suspect's hand," then proof that the suspect had neither gun nor knife would be material and admissible to the officer's credibility on the question of whether the officer saw any such thing (and therefore had a reasonable belief of imminent harm).[10]

(Id. at 806; internal citations deleted; emphasis supplied.) The record does not indicate whether the gun Bennallack allegedly observed was "shiny," but we do know from City

---

[10] Indeed, in their Reply, City Defendants validate one of Sherrod's theories of admissibility: "The best–and most fair–alternative means . . . is through vigorous cross-examination of Officer Bennallack." (Reply, p. 4.) That, of course, includes impeachment.

Case 8:12-cv-01897-JVS-RNB Document 110 Filed 01/13/14 Page 14 of 17 Page ID #:2165

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

Defendants' description quoted above that "Diaz was [allegedly observed] holding a gun in a 'low-ready' position in front of his body and was going to shoot." In light of the foregoing passage, the Court finds it difficult to understand how City Defendants can characterized the case as "instructive." (Motion, p. 3.)

The Motion is denied.

B. Motion *in Limine* No. 2: Post-Incident Events.[11]

City Defendants seek an order to exclude certain post-incident events on the grounds that they are not relevant or are more prejudicial than probative. (Fed. R. Evid. 401, 403.) Although there is mention of several videos (Motion, pp. 2-4), the only video in issue appears to be the You Tube video attached to the Motion as Exhibit A.

The Court assumes without deciding that an appropriate foundation for the video can be laid, including an explanation for the apparent breaks in the filming.

The Court has viewed the video. The video appears to have been shot from about 20-30 feet away from Diaz, based on the two cars visible to the right at the curb. The Court cannot discern one way or the other whether there was a weapon or any thing resembling or suggesting a weapon–the camera is too far removed. But this is something the parties can argue to the jury. In any event, the video does show that Diaz was not being attended to.

There is nothing inherently prejudicial or inflammatory about the video, and it runs only three minutes. There is no basis to exclude it entirely under Rule 403.

The audio portion of the video is problematic. Various people are commenting on the scene in both English and Spanish. The statement at about 1:00 minute "Why would you shoot him in the head?" has numerous problems going well beyond hearsay. The Court orders the audio portions excluded in their entirety.

---

[11] In view of the Court's exclusion of the results of City's and the District Attorney's investigations (see Section I.C), the portion of the Motion directed to the exclusion of evidence that a police officer laughed during an interview which was part of City's investigation is moot.