**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: RDiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552

**LAW OFFICES OF DALE K. GALIPO**
**Dale K. Galipo, Esq. (SBN 144074)**
dalekgalipo@yahoo.com
**Renee V. Masongsong, Esq. (SBN 281819)**
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiff **JERMAINE PETIT**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, Deceased,<br><br>　　　　　*Plaintiff,*<br><br>v.<br><br>CITY OF LOS ANGELES; OFFICER DARYL GLOVER JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive<br><br>　　　　　*Defendants.* | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE RELATING TO IMPROPER OPINIONS**<br><br>Date: February 2, 2026<br>Time 1:30 p.m.<br>Courtroom: 5D |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Defendants' motion in limine to exclude lay witness testimony is an overbroad attempt to prevent Plaintiff from presenting admissible evidence under Federal Rule of Evidence 701. Specifically, Defendants conflate expert opinions requiring specialized knowledge with permissible lay testimony based on personal observation and firsthand experience. The motion seeks a blanket exclusion that would improperly prevent Plaintiff from testifying about what she observed with her own senses when she visited her father following the shooting incident.

With respect to excluding testimony of Mr. Petit's mental health status, Federal Rule of Evidence 701 expressly permits lay witnesses to offer opinions that are rationally based on their perception and helpful to determining a fact in issue. Plaintiff may properly testify about her father's physical injuries she personally observed—such as his shattered jaw, difficulty speaking, and impaired mobility—as well as behavioral symptoms she witnessed during her visit immediately following the shooting. Such testimony is not expert opinion requiring specialized knowledge but rather lay observation of visible, observable conditions. Plaintiff does not intend to offer medical diagnoses, prognoses, or causation opinions, which would properly be excluded under Daubert and Rule 702.

Defendants' request to preclude "Golden Rule" arguments is premature and speculative. Plaintiff has made no such improper arguments and does not intend to do so at trial. Defendants seek relief for conduct that has not occurred and may never occur, making this portion of the motion moot and unripe for adjudication.

Accordingly, this motion should be denied in its entirety. Alternatively, if the Court has concerns about specific testimony, the Court may issue a limiting instruction rather than impose a blanket exclusion that would prevent Plaintiff from presenting legitimate, admissible lay testimony under Federal Rule of Evidence 701.

II.     ARGUMENT

**A. Lay witness Testimony Based on Personal Observation is Admissible Under the Federal Rules of Evidence 701 and Should Not Be Excluded.**

Defendants improperly seek to exclude all testimony by Plaintiff regarding her father's condition following the shooting. This overbroad request to exclude this testimony conflates permissible lay testimony under Federal Rule of Evidence 701 with inadmissible expert testimony under Rule 702. Federal Rule of Evidence 701 expressly permits lay witnesses to offer opinions in the form of testimony if: (a) the opinion is rationally based on the witness's perception; (b) the opinion is helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) the opinion is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. The Ninth Circuit has repeatedly held that lay witnesses may describe symptoms, physical appearance, behavior, and functional limitations they personally observed, even when those observations relate to medical conditions. *See* Stevenson v. Holland, 504 F. Supp. 3d 1107 (E.D. Cal. 2020). The test under Rule 701 is not whether the witness possesses medical credentials, but whether the witness is describing observations and perceptions based on firsthand knowledge.

Here, Plaintiff will testify about what she personally observed during her visit with her father immediately following the shooting. This includes her direct observation of Mr. Petit. These are sensory observations that any lay person could make without medical training—observations based on sight and sound during face-to-face interaction. Plaintiff is not offering a medical diagnosis such as "fractured mandible" or a prognosis regarding recovery timelines. Rather, she is describing visible, observable conditions she witnessed firsthand. Such testimony falls squarely within Rule 701's framework and does not require the specialized knowledge contemplated by Rule 702.

The testimony Plaintiff intends to offer is highly relevant regarding the impact of the shooting on Mr. Petit. When Plaintiff visited her father approximately one month after his hospital discharge, she observed his physical condition during multiple hours spent together. She saw that he was fragile, recovering from injuries, and in pain. The fact that these observations relate to injuries and Mr. Petit's mental health caused by the incident does not transform them into expert testimony requiring *Daubert* scrutiny. Plaintiff does not possess medical training to testify that her father had difficulty speaking or walking—these are common, everyday observations within the experience of any lay person.

To the extent Defendants are concerned that Plaintiff might attempt to testify about formal medical diagnoses she did not personally observe being made, such as specific psychiatric diagnoses beyond her personal knowledge, Plaintiff acknowledges such testimony would be inadmissible hearsay or improper lay opinion. However, this concern does not warrant exclusion of her testimony about what she personally saw and observed during her visits. Plaintiff's counsel will address this through proper questioning at trial, limiting testimony to Plaintiff's personal observations, understanding based on appropriate foundation, and perceptions. The Court can sustain objections to specific improper questions if they arise. The Federal Rules of Evidence contemplate such case-by-case determinations, not blanket exclusions that would deprive the jury of relevant, admissible evidence regarding the impact of the shooting on Mr. Petit's physical condition and daily functioning.

Accordingly, Defendants' motion should be denied as to This issue, and this Court should hold that Plaintiff may properly testify under Federal Rule of Evidence 701 about her personal observations of her father's physical condition following the shooting.

///

### B. Defendants' Request to Preclude "Golden Rule" Arguments Is Premature and Should Be Denied

Defendants' request to preclude "Golden Rule" arguments is premature and should be denied. Motions in limine are designed to exclude specific evidence or arguments that are likely to be offered at trial.

Here, Defendants seek a ruling on a hypothetical improper argument that Plaintiff has not made and has no intention of making. There is no proffer of evidence, no expert report, and no indication that Plaintiff intends to make "Golden Rule" arguments asking jurors to place themselves in Mr. Petit's position. The motion is speculative and asks the Court to rule on conduct that may never occur. Plaintiff's counsel is aware of the prohibition against asking jurors to place themselves in a party's position and does not intend to violate this rule. Plaintiff's counsel will present proper damages arguments based on evidence and testimony, which is entirely permissible. If, during trial, Plaintiff's counsel was to make an improper argument (which is not anticipated), Defendants can object at that time, and the Court can sustain the objection and provide a curative instruction. There is no need for a pre-trial ruling on this issue.

Importantly, the line between proper sympathy and improper "Golden Rule" arguments can be nuanced. Plaintiff is entitled to argue that the jury should consider the impact of the incident on Mr. Petit and his family, and to ask for appropriate compensation for pain, suffering, and emotional distress. Such arguments are proper and are not "Golden Rule" arguments. The Court should not issue a broad pre-trial order that may prevent Plaintiff's ability to make proper damages arguments.

Accordingly, Defendants' motion should be denied as to this issue as well.

///

///

///

## III. CONCLUSION

For the reasons stated above, Defendants' motion should be denied. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Joint Motion in Limine No. 3.

Dated: January 21, 2026      **IVIE McNEILL WYATT PURCELL & DIGGS**

By:   /s/ Rodney S. Diggs
      RODNEY S. DIGGS
      Attorneys for Plaintiff

Dated: January 21, 2026      **LAW OFFICES OF DALE K. GALIPO**

By:   /s/ Dale K. Galipo
      DALE K. GALIPO
      RENEE V. MASONGSONG
      Attorneys for Plaintiff