**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: rdiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552

Attorneys for Plaintiff, JERMAINE PETIT

DALE K. GALIPO, Esq. (SBN 144074)
Email: dalegalipo@yahoo.com
RENEE V. MASONGSONG, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
**THE LAW OFFICE OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818) 374-3333
Facsimile: (818) 347-4118
Attorneys for Plaintiff, JERMAINE PETIT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-in-Interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE,<br><br>Defendants. | CASE NO.: 2:23−cv−00789 ODW(PVCx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRIFURCATE TRIAL**<br><br>Date: February 2, 2026<br>Time 1:30 p.m.<br>Courtroom: 5D |

# MEMORANDUM OF POINTS AND AUTHORITY

## I. SUMMARY

Defendants' motion to trifurcate trial should be denied for two reasons. First, it is procedurally defective and should be stricken by this Court. Defendants filed a substantive case management motion disguised as a motion *in limine* in a transparent attempt to circumvent the Court's Scheduling Order deadlines. A motion to trifurcate trial into three separate phases is not an evidentiary motion addressing the admissibility of specific evidence; it is a dispositive case management motion that fundamentally restructures the trial proceedings and should have been filed by the deadline for dispositive motions set forth in the Court's Scheduling Order (Docket 73).

Defendants violated the Court's Scheduling Order by filing this motion months after the deadline to file and hear dispositive and case management motions. Pursuant to Docket 73, as modified by Docket 79, the deadline to hear motions was December 22, 2025. Defendants filed their trifurcation motion on January 14, 2026—nearly a month after the motion hearing deadline expired and just three days before trial. This late filing prejudices Plaintiff by depriving her of adequate time to respond to Defendants' attempt to fundamentally alter the trial structure on the eve of trial. Accordingly, the motion should be stricken as untimely.

Second, even if the Court were to consider the merits of Defendants' motion, trifurcation would cause undue delay, confusion, and prejudice to Plaintiff. The claims are interrelated, the evidence overlaps substantially, and separating individual liability from municipal liability would require Plaintiff to present the same evidence multiple times. Further, trifurcation would unnecessarily prolong these proceedings and increase costs for all parties. Plaintiff agrees that the amount of punitive damages, if any, should be bifurcated and that only the predicate question should be asked during the liability phase. However, this is the extent to which Plaintiff and Defendants agree about the phases of the trial. It is in the interest of justice and

judicial economy to keep liability, compensatory damages, and the entitlement to punitive damages together in the same trial phase.

The Court should deny this procedurally improper motion and proceed with a unified trial as originally scheduled. This opposition is necessarily concise in compliance with the Court's Scheduling Order, which limits motions *in limine* and oppositions thereto to eight (8) pages. Plaintiff respectfully submits that this page limitation reinforces why Defendants' motion is procedurally improper: a substantive motion to restructure the entire trial into three separate phases cannot be adequately briefed within the eight-page limit applicable to motions *in limine*. Defendants' attempt to shoehorn a complex case management motion into the motion *in limine* framework demonstrates the procedural deficiency of their filing and further supports striking the motion.

## II.  ANALYSIS

### A. Defendants' Motion Should Be Stricken Because It Is Not a Motion *in Limine*

Defendants improperly bring this motion *in limine* to trifurcate trial into three separate phases. This is not a motion *in limine* seeking to exclude specific evidence at trial; it is a substantive case management motion that fundamentally restructures the trial proceedings and should have been filed as a dispositive motion under Federal Rule of Civil Procedure 42(b), not disguised as a motion *in limine*. Motions *in limine* address the admissibility of specific evidence, while motions to bifurcate or trifurcate are case management decisions that alter the trial structure itself. Bifurcation and trifurcation motions are typically filed earlier in litigation, often with dispositive motions or in pretrial conference statements, precisely because they require substantial analysis of the case structure, not mere evidentiary rulings. Accordingly, Defendants' motion is on the wrong platform and should be stricken on procedural grounds alone.

### B. Defendants' Motion Is Untimely Under the Court's Scheduling Order

Even if the Court were to construe Defendants' filing as a properly categorized trifurcation motion (which it should not), the motion is untimely and must be denied or stricken. The Court's Scheduling Order (Docket 73), as modified by Docket 79, established November 7, 2025, as the deadline to file dispositive motions and December 22, 2025, as the deadline to hear such motions. Defendants filed their trifurcation motion on January 14, 2026—more than two months after the dispositive motion deadline and nearly one month after the motion hearing deadline. This motion was filed after all discovery closed (fact discovery on September 24, 2025, and expert discovery on October 31, 2025) and less than one month before the February 17, 2026, trial date. Defendants offer no explanation or showing of good cause for their failure to file this motion earlier. Federal Rule of Civil Procedure 16 requires good cause to modify scheduling orders. The extreme lateness prejudices Plaintiff by forcing last-minute trial preparation changes and demonstrates Defendants' lack of diligence. Accordingly, the motion should be denied or stricken as untimely.

### C. Bifurcation of Damages from Liability Would Prejudice Plaintiff.

The clear danger of bifurcating compensatory damages from liability is that the jury will be tempted to render a defense verdict simply in order to avoid an extra phase that would be necessary for Plaintiff to put her evidence of compensatory damages. Jury duty can have significant financial and personal hardship, and Plaintiff is concerned that if compensatory damages are bifurcated, jurors may feel pressure to render a defense verdict for self-motivated reasons instead of based on the evidence and the law. The Ninth Circuit has not favored entirely bifurcating compensatory damages from liability absent extraordinary or circumstances. *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498 (9th Cir. 1989) (separate trials of liability and damages issues would tend to create "confusion and "uncertainty"); *United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 302 (9th Cir. 1961) (damages and

liability issues "were not so distinct and separable that separate trial of damages issues could be had without injustice"). This is not a case where trying damages apart from liability is necessary based on extraordinary or unusual circumstances, such as, for example, cases where it makes sense not to put multiple defendants "through the expense and difficulty of a complicated allocation proceeding without knowing precisely which parties will face financial responsibility…" *Pinal Creek Group v. Newmont Mining Corp.*, 218 F.R.D. 652, 655 (D. Ariz. 2003). The damages issues in this case are not complicated, time consuming, and do not present extraordinary or unusual circumstances to justify bifurcation of compensatory damages into a separate phase.

Moreover, Plaintiff's medical forensic expert, Bennett Omalu, M.D. will testify as to both liability and compensatory damages, and it would not be in the interest of judicial economy to call him to the stand twice. For example, Dr. Omalu will testify both as to bullet trajectories and as to the nature and extent of pre-death pain and suffering. At this time, the only additional witnesses that Plaintiff anticipates calling to the stand to testify as to compensatory damages is the Plaintiff, Ashlyn Petit, and Plaintiff's medical expert Amy Magunsson, M.D. Accordingly, in the interest of judicial economy, and in order to prevent substantial prejudice to the Plaintiff, the issue of compensatory damages should be addressed during the same phase as the "liability" phase.

To promote efficiency, entitlement to punitive damages should also be tried in Phase 1 of the trial. Plaintiff agrees that the amount of punitive damages, if any, should be tried in a second phase of trial.

### D. Trifurcation of the Monell Claim Is Inconsistent with the Nature of Section 1983

In § 1983 excessive force cases, individual officer liability and municipal Monell liability are inextricably intertwined. Monell liability requires Plaintiff to prove: (1) a municipal policy, custom, or practice; (2) that caused the constitutional

5

violation; and (3) deliberate indifference to constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Critically, Monell liability is derivative—municipal liability cannot exist without first proving an underlying constitutional violation by individual officers.

Requiring Plaintiff to prove individual officer liability in Phase 1, then re-prove the same constitutional violation as an element of Monell liability in Phase 2, is duplicative and inefficient. The evidence overlaps substantially: body-worn camera footage, witness testimony, use-of-force policies, and expert testimony on excessive force apply to both individual and municipal claims. Forcing Plaintiff to present this evidence twice wastes time and creates risk of inconsistent verdicts.

Furthermore, separating damages into Phase 3 severely prejudices Plaintiff. The jury must hear the complete narrative—the shooting, the systemic failures enabling it, and the devastating harm—in unified presentation. Trifurcation fragments this story and undermines Plaintiff's ability to present coherent, compelling evidence of how Defendants' actions caused Mr. Petit's injuries and ultimate death. Federal juries routinely handle complex civil rights cases with multiple claims in unitary trials without confusion.

### E. Defendants Have Not Met the Standard for Severance Under Federal Rule of Civil Procedure 42(b)

Under Fed. R. Civ. P. 42(b), the moving party bears the burden to demonstrate severance is warranted. Courts consider: (1) whether issues are separable; (2) whether separate trials promote efficiency; (3) risk of prejudice or jury confusion; and (4) potential for inconsistent verdicts. (*Lindora, LLC v. Isagenix International, LLC*, 198 F.Supp.3d 1127 (2016)). Here, the issues are not separable. Individual and municipal liability share common facts, evidence, and legal theories—the constitutional violation is central to both. Trifurcation provides no efficiency gain; rather, it requires three separate jury presentations, three opening statements, three closing arguments, and potentially three deliberations, significantly extending trial

beyond the estimated 5-7 days.

**F. Defendants' True Motive Is Improper and Should Be Rejected**

Defendants' motion is a strategic attempt to gain unfair advantage by obscuring the systemic nature of constitutional violations. By isolating the Monell claim, Defendants seek to prevent the jury from seeing the evidence showing both individual misconduct and systemic failures. This tactical maneuvering at the eleventh hour—after discovery closure and weeks before trial—is particularly inappropriate. The interests of justice favor a single, coherent trial where the jury hears all evidence and renders complete verdicts on all claims. Accordingly, Defendants' motion should be denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' request to trifurcate the phases of the trial as follows:

> Phase 1: Individual Liability, *Monell* Liability, Compensatory Damages, Entitlement to Punitive Damages.
> Phase 2: Amount of Punitive Damages, if Any.

Dated: January 21, 2026        **IVIE McNEILL WYATT PURCELL & DIGGS**

By:    /s/ Rodney S. Diggs
       RODNEY S. DIGGS
       Attorneys for Plaintiff

Dated: January 21, 2026        **LAW OFFICES OF DALE K. GALIPO**

By:    /s/ Renee V. Masongsong
       DALE K. GALIPO
       RENEE V. MASONGSONG
       Attorneys for Plaintiff