**STEVEN J. ROTHANS – State Bar No. 106579**
**ARIA J. BEIZAI – State Bar No. 363897**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com** / **abeizai@crdlaw.com**

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' CITY OF LOS ANGELES, SERGEANT BRETT HAYHOE, AND OFFICER DARYL GLOVER, JR.'S JOINT MOTION FOR JUDGMENT AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ARIA J. BEIZAI**<br><br>**[Fed. R. Civ. P., 50(a)(b)]** |

COMES NOW, Defendants City of Los Angeles, a public entity, Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, will and, pursuant to Federal Rule of Civil Procedure 50, jointly hereby do move the Court for judgment as a matter of law as to the following claims and/or defenses:

1.    Plaintiff's claims for excessive force under 42 U.S.C. section 1983, where the evidence adduced at trial affirmatively established that the officers' use

- 1 -
MOTION FOR JUDGMENT AS A MATTER OF LAW

of force was objectively reasonable.

      2.    Plaintiff's claim for denial of medical care under 42 U.S.C. section 1983, where the evidence adduced at trial affirmatively established that the officers' timely called for medical care for decedent.

      3.    Plaintiff's claim for assault/battery, where the evidence adduced at trial affirmatively established that the officers' use of force was objectively reasonable.

      4.    Plaintiff's claim for violation of the decedent's civil rights under California Civil Code section 52.1, where there was no evidence presented at trial that any of the defendant officers intended to deprive the decedent of his right to be free from excessive or unreasonable force.

      5.    Plaintiff's claim for intentional infliction of emotional distress, where the evidence adduced at trial affirmatively established that the officers' conduct was not extreme or outrageous.

      6.    The affirmative defense of qualified immunity, where the evidence affirmatively established that the defendant peace officers acted as any reasonable officer would have acted under the circumstances.

      This motion is made after providing notice during Trial of Defendants' desire to move for Rule 50, as required by Central District Local Rule 7-3.

      This motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Aria J. Beizai, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

///

///

///

///

///

- 2 -

MOTION FOR JUDGMENT AS A MATTER OF LAW

DATED:  February 23, 2026        CARPENTER, ROTHANS & DUMONT LLP

                                          /s/  Aria J. Beizai

                          By: _____
                                Steven J. Rothans
                                Aria J. Beizai
                                Attorneys for Defendants,
                                Sergeant Brett Hayhoe and Officer Daryl
                                Glover, Jr., public employees


Dated:  February 23, 2026        Respectfully submitted,

                          **HYDEE FELDSTEIN SOTO**, City Attorney
                          **DENISE C. MILLS**, Chief Deputy City Attorney
                          **KATHLEEN KENEALY**, Chief Asst. City Attorney

                          By:_____/s/ Christian Bojorquez_____
                                CHRISTIAN BOJORQUEZ
                                *Attorneys for Defendant*, **CITY OF LOS ANGELES**

- 3 -
MOTION FOR JUDGMENT AS A MATTER OF LAW

# <u>TABLE OF CONTENTS</u>

I.   STATEMENT OF THE CASE .................................................................1

II.  APPLICABLE LEGAL STANDARD.......................................................1

III. STATEMENT OF LAW.........................................................................2

    A.   Judgment as a Matter of Law is Appropriate as to the Excessive
        Force and Assault/Battery Claims because the Evidence Presented
        at Trial Affirmatively Established that the Officers' Use of Force
        was Objectively Reasonable..................................................................2

    B.   Judgment as a Matter of Law is Appropriate as to the Denial of
        Medical Care Claim because the Evidence Presented at Trial
        Affirmatively Established that the Officers' Use of Force was
        Objectively Reasonable. ......................................................................6

    C.   Judgment as a Matter of Law is Appropriate as to the Bane Act
        Claim because No Evidence was Presented at Trial to Establish
        that Defendant Officers' Acted with Specific Intent to Violate Mr.
        Petit's Constitutional Rights................................................................8

    D.   Judgment as a Matter of Law is Appropriate as to the Intentional
        Infliction of Emotional Distress Claim because the Evidence
        Presented at Trial Affirmatively Established that the Defendant
        Officers' Conduct was not Extreme or Outrageous..........................9

    E.   Judgment as a Matter of Law is Appropriate as to the Claims
        Brought Under 42 U.S.C. section 1983 because the Defendant
        Officers are Entitled to Qualified Immunity. ...................................10

IV. CONCLUSION......................................................................................14

# **TABLE OF AUTHORITIES**

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF THE CASE

This civil action arises out of a non-fatal officer-involved shooting incident between Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022.  Officers responded to multiple calls for service, which civilians reported concerns of a man who had threatened (Assault with a Deadly Weapon (hereinafter "ADW") an individual with a black semiautomatic handgun.

When officers responded to the area and observed Mr. Petit matching the suspect description reported by the radio call, they attempted to detain him to allow them to investigate his possible involvement in the calls for service.  Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.  Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a black handgun at the initial officers he had contact with and proceeded to move away and thereafter confronted Defendant Hayhoe with the object while assuming a shooting stance.  Faced with an imminent threat of serious bodily injury and/or death, Defendants Hayhoe and Glover had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

For the numerous reasons outlined below, the defendants are entitled to judgment as a matter of law as to all of the plaintiff's claims.

### II.    APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 50 allows the Court to enter judgment as a matter of law when, "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  Judgment as a matter of law is appropriate when, "without weighing the credibility

- 1 -

MOTION FOR JUDGMENT AS A MATTER OF LAW

1  of witnesses there can be but one reasonable conclusion as to the verdict." *Brady*

2  *v. Southern Ry. Co.*, 320 U.S. 476, 479-80 (1943); *Crocker-Citizens National*

3  *Bank v. Control Metals Corp.*, 566 F.2d 631, 635 (9th Cir. 1977), *overruled on*

4  *other grounds in  Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1570 (9th Cir.

5  1990); *Cullinan v. Burlington Northern, Inc.*, 522 F.2d 1034, 1036 (9th Cir. 1975).

6  A "mere scintilla of evidence" is insufficient to prevent entry of judgment as a

7  matter of law.  *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498 (9th Cir. 1989).

8       Provided that a timely pre-verdict motion for judgment as a matter of law

9  was made pursuant to Rule 50(a), a post-verdict motion for judgment as a matter of

10  law made pursuant to Rule 50(b) must be made "[n]o later than 28 days after the

11  entry of judgment."  Fed. R. Civ. P. 50(b).  Because defendants advised the Court

12  of the instant motion when plaintiff rested their case, and thereafter renewed this

13  Rule 50 Motion prior to resting, the instant motion is timely filed.  *See* Beizai

14  Decl., Ex. A [Tr. Trans. Day 4, Vol. 4 666: 16-18].

15  **III.**  **STATEMENT OF LAW**

16      **A.**  **Judgment as a Matter of Law is Appropriate as to the Excessive**

17          **Force and Assault/Battery Claims because the Evidence**

18          **Presented at Trial Affirmatively Established that the Officers'**

19          **Use of Force was Objectively Reasonable.**

20       A claim that a police officer has used excessive force, whether brought

21  under federal law or state law, is analyzed under the framework of the Fourth

22  Amendment. *See Graham v. Connor*, 490 U.S. 386, 395-95 (1989); *Munoz v. City*

23  *of Union City*, 120 Cal. App. 4th 1077, 1100 (2004).  The amount of force used by

24  a police officer is evaluated on a standard of objective reasonableness and is

25  judged from the perspective of a reasonable officer on the scene.  *Graham*, 490

26  U.S. at 396-97.

27       In a case involving excessive force, courts examine "whether the officers'

28  actions are 'objectively reasonable' in light of the facts and circumstances

confronting them." *Graham,* 490 U.S. at 397.  This inquiry "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396, quoting *Tennessee v. Garner,* 471 U.S. 1, 8 (1985).  Because "police officers are often forced to make split-second judgments," reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight."  *Id.* at 396-97 (*citing Terry v. Ohio,* 392 U.S. 1, 20-22 (1975)).

The Fourth Amendment's "objective reasonableness" standard governs excessive force claims. *Graham,* 490 U.S. at 388. The reasonableness standard "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted).  Essentially, a Court must "balance the amount of force applied against the need for that force." *Bryan v. MacPherson,* 630 F.3d 805, 823-24 (9th Cir. 2010).  In applying this reasonableness standard it "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. "[W]hether the suspect poses an immediate threat to the safety of the officers or others" is the "most important" of the *Graham* factors. *Smith v. City of Hemet,* 394 F.3d 689, 702 (9th Cir. 2005).

When evaluating a Fourth Amendment claim, "[i]t is imperative that the facts be judged against an objective standard."  *Terry, supra,* 392 U.S. at 21. "Factors relevant to assessing whether an officer's use of force was objectively reasonable include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempt to evade arrest by flight." *Gonzalez v. City of Anaheim,*

747 F.3d 789, 793 (9th Cir. 2014) (en banc), quoting *Graham,* 490 U.S. at 396.  As a general rule, "[a]n officer's use of deadly force is reasonable [ ] if the 'officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.'"  *Scott v. Henrich,* 39 F.3d 912, 914 (9th Cir. 1994), quoting *Garner,* 471 U.S. at 3 (emphasis omitted). "[W]hether the suspect poses an immediate threat to the safety of the officers or others" is the ***"most important"*** of the *Graham* factors. *Smith,* 394 F.3d at 702 (emphasis added).  "Other relevant factors include the availability of less intrusive alternatives to the force employed, whether proper warnings were given and whether it should have been apparent to officers that the person they used force against was emotionally disturbed."  *Glenn v. Washington County,* 673 F.3d 864, 872 (9th Cir. 2011).  But the "most important" factor is "whether the suspect posed an immediate threat to the safety of the officers or others."  *George v. Morris,* 736 F.3d 829, 838 (9th Cir. 2013) (citation omitted).  Even the most cursory review of the undisputed facts – and especially the Body-Worn videos of this incident – confirm that Defendants Hayhoe and Glover's actions were objectively reasonable.

To evaluate the reasonableness of the officers' use of force, the Court must "carefully balance[e] … the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 397 (internal citation and quotations omitted).  The governmental interests at stake are evaluated by looking at (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Deorle v. Rutherford*, 272 F.3d 1272, 1279-80 (9th Cir. 2010).

Looking at the first factor, Officer Glover and Sergeant Hayhoe were responding to calls of assault with a deadly weapon, arson, and that the suspect was armed with a semiautomatic handgun. *See* Beizai Decl., Ex. B [Trial Trans.

MOTION FOR JUDGMENT AS A MATTER OF LAW

Day 2, Vol. 2 248:9-17; *id.* at Ex. C [Trial Trans. Day 3, Vol. 3 379:19-380:9]; *id.* at Ex. D [LAPD radio dispatch for July 18, 2022].  Based on this information, the officer defendants had reasonable suspicion to detain Mr. Petit based on the information broadcasted.  *See* Beizai Decl., Ex. E [Trial Trans. Day 2, Vol. 2 248:20-249:2].  This reasonable suspicion developed into probable cause to arrest Mr. Petit as he refused to abide by Officer Glover or Officer Martinez's commands to drop the object in his hand and to stop – a clear violation of Penal Code section 148.  *See* Beizai Decl., Ex F [Trial Trans., Day 2, Vol. 2 249:3-250:16]; *id.* at Ex. G [Trial Trans., Day 3, Vol. 3 539:2-17].  This factor clearly weighs in the defendants' favor.

The second factor, the safety of the officers and others, also weighs in the defendants' favor.  Officers Glover and Martinez initially contacted Mr. Petit based on calls that Mr. Petit committed an assault with a deadly weapon and was armed with a semiautomatic handgun while in a residential neighborhood.  *See* Beizai Decl., Ex. B [Trial Trans. Day 2, Vol. 2 248:9-17; *id.* at Ex. C [Trial Trans. Day 3, Vol. 3 379:19-380:9]; *id.* at Ex. D [LAPD radio dispatch for July 18, 2022].  As the officers were already on high alert entering a potentially dangerous situation, they rightfully became further concerned for their own safety, and the safety of those around them, given that Mr. Petit appeared to assume a shooting stance and was moving his arms and hands in a way that suggested to the officers, based on their training, he was arming himself.  *See* Beizai Decl., Ex. H [Trial Trans., Day 3 Vol. 3, 389: 1-25]; *id.* at Ex. I [Trial Trans., Day 2, Vol. 2 223: 8-25].  Taking the dispatch calls about an assault with a deadly weapon and Mr. Petit's own conduct when contacted by the police, the officers rightfully feared for their own and the safety of others.

Finally, the third factor, whether Mr. Petit was actively resisting arrest or trying to evade arrest by flight, unquestionably weighs in the defendants' favor.  At every turn, Mr. Petit was trying to flee from the officers and avoid arrest.  As

MOTION FOR JUDGMENT AS A MATTER OF LAW

discussed above, Mr. Petit refused to comply with commands to drop the object in his hand, to get up against the wall, or to stop.  Given Mr. Petit's dangerous, potentially lethal behavior, the officers' belief that Mr. Petit was armed, had just committed an assault with a deadly weapon and arson, and Mr. Petit's continuous refusal to comply with the officers' commands, this Court can conclude, as a matter of law, that the officers' use of force was objectively reasonable.

Plaintiff has attempted to cloud the video footage from Defendants Body-Worn and Ring cameras by presenting his case through static images to create a triable issue of fact, but this Court should "view[] the facts in the light depicted by the" video footage in this matter. (quoting *Scott v. Harris,* 550 U.S. 372, 380-81 (2007)).  It is important to note that the United States Supreme Court has explicitly ruled that video footage is often the best evidence in determining the constitutionality of law enforcement use of force and "speaks for itself." *Scott,* 550 U.S. at 378. When there is video evidence of an incident, such that any contrary facts can be "so utterly discredited by the record that no reasonable jury could have believed [plaintiff]," summary judgment should be granted. *Id.* at 380.  Even assuming arguendo that their actions could possibly rise to the level of a constitutional violation, the Officers are nonetheless entitled to qualified immunity. Pursuant thereto, Defendants are entitled to judgment as the use of deadly force was objectively reasonable in response to Petit's imminent threat that he created while simulating he was armed and trying to shoot the Officers.

**B.    Judgment as a Matter of Law is Appropriate as to the Denial of Medical Care Claim because the Evidence Presented at Trial Affirmatively Established that the Officers' Use of Force was Objectively Reasonable.**

Although "suspects have a Fourth Amendment right to 'objectively reasonable post-arrest medical care' until the end of a seizure," this requires only that "police officers ***seek*** the necessary medical attention for a detainee when he or

MOTION FOR JUDGMENT AS A MATTER OF LAW

1  she has been injured while being apprehended…" *Est. of Cornejo ex rel. Solis v.*
2  *City of Los Angeles*, 618 F.App'x 917, 920 (9th Cir. 2015); *Tatum v. City & Cnty.*
3  *of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) (emphasis added). It is
4  well-settled that an officer's duty, in the context of medical care for a pretrial
5  detainee, is limited to *summoning* medical care—not rendering it. *Waid v. Lyon*
6  *Cnty.*, 2022 WL 464304 at *6 (D. Nev. 2022) (finding that the officer defendants
7  fulfilled their duty to summon medical care even if they waited six minutes while
8  the decedent was bleeding because right after the shooting, one officer radioed that
9  shots were fired immediately, "requested scene security and any available unit, and
10 requested care flight").

11      Accordingly, "a police officer who promptly summons the necessary
12 medical assistance has acted reasonably for purposes of the Fourth Amendment,
13 even if the officer did not administer CPR." *Cato v. Cnty. of San Bernardino*,
14 2023 WL 5505012 at *11 (C.D. Cal. 2023) (quoting *Tatum*, 441 F.3d at 1099).
15 "Just as the Fourth Amendment does not require a police officer to use the least
16 intrusive method of arrest…neither does it require an officer to provide what
17 hindsight reveals to be the most effective medical care for an arrested suspected."
18 *Tatum*, 441 F.3d at 1098.

19      Here, the evidence clearly establishes that the officers summoned medical
20 care as soon as the scene was rendered safe. After Mr. Petit was shot, defendant
21 officers have been trained to render the scene safe before calling for medical
22 assistance. *See* Beizai Decl., Ex. J [Trial Trans., Day 2, Vol. 2 257: 2-19]. This
23 involved developing a tactical plan to secure Mr. Petit, the subject, and to remove
24 any dangerous objects from Mr. Petit's reach and control. *See* Beizai Decl., Ex. K
25 [Trial Trans., Day 2, Vol. 2 322: 24-323: 21]. Once the scene had been rendered
26 safe, the officers called for a rescue ambulance. *See* Beizai Decl., Ex. L [Trial
27 Trans., Day 2, Vol. 2 322: 13-18]. Based on the foregoing, this Court can
28 conclude that the officers' timely called for medical care.

MOTION FOR JUDGMENT AS A MATTER OF LAW

**C.    Judgment as a Matter of Law is Appropriate as to the Bane Act Claim because No Evidence was Presented at Trial to Establish that Defendant Officers' Acted with Specific Intent to Violate Mr. Petit's Constitutional Rights through Threats, Intimidation, or Coercion.**

Section 52.1, also known as the Bane Act, prohibits a person from interfering or attempting to interfere "by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." CAL. CIV. CODE § 52.1(a).  "There are two distinct elements for a section 52.1 cause of action. A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015).

In *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766 (2017), court explained that "[p]roperly read, the statutory phrase 'threat, intimidation or coercion' serves as an aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory remedies, beyond tort relief." *Id.* at 800.  Accordingly, the court held that "the egregiousness required by section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's rights." *Id.* at 801.  In so holding, *Cornell* adopted the specific intent standard established in *Screws v. United States*, 325 U.S. 91 (1945), for assessing criminal violations of federal civil rights.  *Cornell*, 17 Cal. App. 5th at 802.  In light of the California Court of Appeal's decision in *Cornell*, the Ninth Circuit has adopted the specific intent standard for Bane Act claims.  *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018).

Here, plaintiff failed to carry their burden to prove that defendant officers acted with the specific intent to violate Mr. Petit's constitutional rights through threats, intimidation, or coercion.  In fact, to the contrary, plaintiff's own expert testified that the defendant officers did not threaten Mr. Petit at any point.  *See* Beizai Decl., Ex. M [Trial Trans., Day 3, Vol. 3 537: 11-14].  To the contrary, plaintiff's expert testified that at no point did the defendant officers threaten Mr. Petit.  Nor has plaintiff provided any evidence that the defendant officers had a specific intent to harm Mr. Petit by using excessive or unreasonable force.  Absent these critical facts, plaintiff cannot establish a Bane Act claim as a matter of law.  Accordingly, this Court can conclude, as a matter of law, that defendant officers did not violate the Bane Act.

**D.    Judgment as a Matter of Law is Appropriate as to the Intentional Infliction of Emotional Distress Claim because the Evidence Presented at Trial Affirmatively Established that the Defendant Officers' Conduct was not Extreme or Outrageous.**

To establish a cause of action for intentional infliction of emotional distress, the plaintiffs must prove: (1) the conduct of an officer was extreme and outrageous; (2) the conduct was done with the intent, or reckless disregard, of causing the plaintiff's emotional distress; and (3) the plaintiff suffered severe emotional injury as a result of the defendant's conduct.  *See Wilkins v. Nat'l Broad. Co. Inc.*, 71 Cal. App. 4th 1066, 1087 (1999).  A defendant's conduct is only "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009).

Here, as discussed above, defendant officers conduct was objectively reasonable based on the totality of the circumstances.  This already defeats plaintiff's claim, because conduct cannot both be "objectively reasonable" and outrageous.  The two are mutually exclusive.  And, in this case, the officers'

1    conduct was objectively reasonable based on the totality of the circumstances as

2    discussed above.

3         Further, pursuant to California Penal Code section 835(a), officers have a

4    right to use deadly force in self-defense and defense of others.  Both officer

5    defendants' explicitly testified that they shot in order to defend themselves and

6    other officers.  *See* Beizai Decl., Ex. N [Trial Trans., Day 2, Vol. 2 226: 9-24]; *id.*

7    Beizai Decl., Ex. O [Trial Trans., Day 3, Vol. 3 384: 10-13].  Accordingly, this

8    Court can conclude that the defendant officers' conduct was not extreme or

9    outrageous and was instead objectively reasonable under the circumstances.

10   **E.**    **Judgment as a Matter of Law is Appropriate as to the Claims**

11           **Brought Under 42 U.S.C. section 1983 because the Defendant**

12           **Officers are Entitled to Qualified Immunity.**

13        "Qualified immunity attaches when an official's conduct does not violate

14   clearly established statutory or constitutional rights of which a reasonable person

15   would have known."  *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019).

16   To overcome a finding that the officers are entitled to qualified immunity, the

17   burden is on the plaintiffs to prove that the right the officers violated was clearly

18   established at the time of the incident.  *See Mattos v. Agarano*, 661 F.3d 433, 440

19   (9th Cir. 2011); *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014); *Vos v. City*

20   *of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018); *Romero v. Kitsap Cty.*, 931 F.2d

21   624, 627 (9th Cir. 1991) ("[t]he plaintiff bears the burden of proof that the right

22   allegedly violated was clearly established at the time of the alleged misconduct.");

23   *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017). "A clearly

24   established right is one that is sufficiently clear that every reasonable official

25   would have understood that what he is doing violates that right."  *Mullenix v.*

26   *Luna*, 136 S.Ct. 305, 308 (2015).

27        The Supreme Court has made clear that, in excessive force cases such as

28   this, "police officers are entitled to qualified immunity unless existing precedent

- 10 -

1 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148,

2 1153 (2018).  "An officer 'cannot be said to have violated a clearly established

3 right unless the right's contours were sufficiently definite that any reasonable

4 official in the defendant's shoes would have understood that he was violating it.'

5 [Citation.]  That is a necessary part of the qualified-immunity standard . . ." *Id.*,

6 *citing Plumhoff v. Rickard*, 572 U. S. 765, 778-79 (2014).  In *City & County of San*

7 *Francisco v. Sheehan*, 135 S. Ct. 1765 (2015), the High Court reiterated:

8 > "We have repeatedly told courts—and the Ninth Circuit in

9 > particular—not to define clearly established law at a high level

10 > of generality." [Citations.] Qualified immunity is no immunity

11 > at all if "clearly established" law can simply be defined as the

12 > right to be free from unreasonable searches and seizures.

13 *Id.* at 1775-76.  The Supreme Court continually stresses the requirement that there

14 be specific, clearly established precedent that would put an officer on notice that

15 his conduct would violate the law.  *See District of Columbia v. Wesby*, 138 S.Ct.

16 577, 590 (2018) ("To be clearly established, a legal principle must be 'settled law,'

17 [citation], and it must clearly prohibit the officer's conduct in the particular

18 circumstances before him."); *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) ("The

19 general proposition, for example, that an unreasonable search or seizure violates

20 the Fourth Amendment is of little help in determining whether the violative nature

21 of particular conduct is clearly established."); *Plumhoff*, 572 U.S. at 779 (stating

22 that clearly established law cannot be generally defined "since doing so avoids the

23 crucial question whether the official acted reasonably in the particular

24 circumstances that he or she faced.").  In *White v. Pauly*, the Court explained the

25 reason that the law must be clearly established and "particularized" to the facts of

26 the case is because, "[o]therwise, '[p]laintiffs would be able to convert the rule of

27 qualified immunity . . . into a rule of virtually unqualified liability simply by

28 alleging violation of extremely abstract rights.'"  137 S. Ct. 548, 552 (2017).

MOTION FOR JUDGMENT AS A MATTER OF LAW

To determine whether a law is clearly established, a court "must locate a controlling case that 'squarely governs the specific facts at issue,' except in the 'rare obvious case' in which a general legal principle makes the unlawfulness of the officer's conduct clear despite a lack of precedent addressing similar circumstances." *West v. City of Caldwell*, 931 F.3d 978, 983 (9th Cir. 2019) (citation omitted).  It is not enough that a fact pattern be "analogous."  *See Kisela*, 138 S. Ct. at 1151 (reversing Ninth Circuit decision denying qualified immunity "because of Circuit precedent that the court perceived to be analogous").

It is important to highlight that even in cases wherein no weapon was found, Courts have found the use of deadly force reasonable even in circumstances where it is later discovered that the suspect was unarmed; reasonableness is determined based upon the information available to the officer at the time the force is applied, not based upon later-acquired information. *See, e.g., Sherrod v. Berry,* 856 F.2d 802, 804-05 (7th Cir. 1988); *McLenagan v. Karnes,* 27 F.3d 1002, 1005 (4th Cir. 1994); *Reese v. Anderson,* 926 F.2d 494, 496, 500-01 (5th Cir. 1991); *Ryder v. City of Topeka,* 814 F.2d 1412, 1421 (10th Cir. 1987).  "An officer is not constitutionally required to wait until he sets eyes upon the weapon before employing deadly force to protect himself against a fleeing suspect who turns and moves as though to draw a gun." *Thompson v. Hubbard,* 257 F.3d 896, 899 (8th Cir. 2001).  Indeed, the *Sherrod* Court held that evidence the suspect was unarmed is not only irrelevant, but also inadmissible in evidence.  *Sherrod,* 856 F.2d at 805-07.

Applying these concepts to the facts of this case, the plaintiff cannot bear her burden of demonstrating that, on July 18, 2022, the law was clearly established that the use of deadly force on Mr. Petit was improper under the circumstances the officers faced.  To the contrary, Ninth Circuit precedent directly on point with this case confirms that the defendant officers' conduct was objectively reasonable.

In *C.V. by & through Villegas v. City of Anaheim*, 823 F.3d 1252 (9th Cir.

MOTION FOR JUDGMENT AS A MATTER OF LAW

2016), the trial court granted summary judgment in a shooting that occurred while officers responded to reports of a suspected drug dealer armed with a gun, finding that the officers' use of deadly force was objectively reasonable, even though it was later discovered that the subject's weapon was a BB gun. *Id.* at 1252, 1254. The Ninth Circuit reversed the trial court's granting of summary judgment as to the Fourth Amendment claim because of discrepancies among the shooting officers' testimony regarding whether decedent pointed the gun and/or whether he was putting his arms up in compliance with officers' commands, immediately prior to the shooting. *Id.* at 1255-56. However, the Ninth Circuit agreed with the district court that it was not clearly established that using deadly force under the circumstances where officers perceived the BB gun to be an actual gun, regardless of whether he pointed the gun at the officers, because the decedent failed to comply with commands to put the gun down. *Id.* at 1257.

The Ninth Circuit has also granted qualified immunity to an officer who fired at a group of bystanders because he perceived one of them to be armed with a gun, even when the gun was later discovered to be a toy. *See Nicholson v. City of Los Angeles*, 935 F.3d 685, 695-96 (9th Cir. 2019). In *Nicholson*, an officer fired multiple shots at a group of four teenagers after observing one of the teenagers pointing, what officers believed to be a gun, at another person. *Id.* at 688-89. One of the bystander teenagers was struck in the back. *Id.* at 688. The gun turned out to be a "plastic toy gun with a bright orange tip," but at the time officers observed it, the teenager was holding downward at waist-level. *Id.* at 689. The trial court denied qualified immunity. *Id.* at 695-96.

On appeal, the Ninth Circuit noted Plaintiffs conceded that they could not identify a case squarely on point in the context of a bystander shooting, and instead, predicated their opposing arguments concerning qualified immunity on recycling the arguments arguing the shooting violated plaintiffs' Fourth Amendment rights. *Id.* at 695. The Ninth Circuit correctly pointed out that

- 13 -

although such argument was helpful to the court's Fourth Amendment analysis, it was insufficient to deny the officer of qualified immunity and reversed the trial court's holding on this issue. *Id.* at 695-96.

Here, the evidence offered at trial clearly establishes that the officers reasonably believed that Mr. Petit was armed and intended to shoot the defendant officers. *See* Beizai Decl., Ex. B [Trial Trans. Day 2, Vol. 2 248:9-17; *id.* at Ex. C [Trial Trans. Day 3, Vol. 3 379:19-380:9]; *id.* at Ex. D [LAPD radio dispatch for July 18, 2022]. Plaintiff has not offered any contrary evidence establishing that the law was clearly established that the use of deadly force in the *specific* circumstances the defendant officers' faced was objectively unreasonable. Even plaintiff's police practices expert testified that de-escalation techniques are not appropriate in all cases, and should not be used if it would compromise an officer's safety. *See* Beizai Decl., Ex. P [Trial Trans., Day 3, Vol. 3 540: 19-541:5]. In light of all the evidence, the law was not clearly established that the defendant officers' could not use deadly force in the situation they encountered. As such, this Court can conclude that the defendant officers are entitled to qualified immunity for all claims under 42 U.S.C. section 1983.

## IV.  **CONCLUSION**

Based on the foregoing, the defendants respectfully request that the Court enter judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, for those claims addressed by the instant motion.


DATED:  February 23, 2026        CARPENTER, ROTHANS & DUMONT LLP

/s/  Aria J. Beizai

By:  _____
Steven J. Rothans
Aria J. Beizai
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl

- 14 -

MOTION FOR JUDGMENT AS A MATTER OF LAW

1    Glover, Jr., public employees

2

3    Dated:  February 23, 2026          Respectfully submitted,

4

5    **HYDEE FELDSTEIN SOTO**, City Attorney
     **DENISE C. MILLS**, Chief Deputy City Attorney

6    **KATHLEEN KENEALY**, Chief Asst. City Attorney

7                              By:_____/s/ Christian Bojorquez_____

8                                   CHRISTIAN BOJORQUEZ
                                    *Attorneys for Defendant*, **CITY OF LOS**
9                                   **ANGELES**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR JUDGMENT AS A MATTER OF LAW

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the defendants certifies that this brief contains 4,700 words, which complies with the word limit of L.R. 11-6.1.


DATED:  February 23, 2026          Carpenter, Rothans & Dumont LLP

                                         /s/ Aria J. Beizai
                                        Aria J. Beizai, Esq.

- 1 -

CERTIFICATE OF COMPLIANCE

## **DECLARATION OF ARIA J. BEIZAI**

I, Aria J. Beizai, declare as follows:

1.      I am an attorney, duly licensed to practice law before all of the courts in the State of California, and a partner at the law firm of Carpenter, Rothans & Dumont, attorneys of record for the defendants in this action.

2.      This declaration is made in connection with the defendants' motion for judgment as a matter of law in the civil action entitled <u>Ashlyn Petit, et al. v. City of Los Angeles, et al.</u>, bearing case number 2:23-cv-00789-ODW (PVCx)

3.      I state the following facts from my personal knowledge, except those facts stated on information and belief which I believe to be true, and if called as a witness I could and would so competently testify thereto under oath.

4.      Attached hereto as Exhibit "A" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 4, Volume IV in this matter.

5.      Attached hereto as Exhibit "B" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 2, Volume II in this matter.

6.      Attached hereto as Exhibit "C" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 3, Volume III in this matter.

7.      Attached hereto as Exhibit "D" is a true and correct copy of the defense Trial Exhibit #225, which was an audio recording of the LAPD dispatch radio from July 18, 2022, the day of the subject incident.

8.      Attached hereto as Exhibit "E" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 2, Volume II in this matter.

9.     Attached hereto as Exhibit "F" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 2, Volume II in this matter.

10.     Attached hereto as Exhibit "G" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 3, Volume III in this matter.

11.     Attached hereto as Exhibit "H" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 3, Volume III in this matter.

12.     Attached hereto as Exhibit "I" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 2, Volume II in this matter.

13.     Attached hereto as Exhibit "J" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 2, Volume II in this matter.

14.     Attached hereto as Exhibit "K" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 3, Volume III in this matter.

15.     Attached hereto as Exhibit "L" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 2, Volume II in this matter.

16.     Attached hereto as Exhibit "M" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 3, Volume III in this matter.

17.     Attached hereto as Exhibit "N" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 2, Volume II in this matter.

DECLARATION OF ARIA J. BEIZAI

18.     Attached hereto as Exhibit "O" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 3, Volume III in this matter.

19.     Attached hereto as Exhibit "P" are true and correct relevant portions of the Reporter's Transcript of Proceedings of Trial Day 3, Volume III in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 2, 2020, at Los Angeles, California.

/s/  Aria J. Beizai

_____

Aria J. Beizai - Declarant

DECLARATION OF ARIA J. BEIZAI