**FILED**
**CLERK, U.S. DISTRICT COURT**

2/24/26

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____SE_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Jermaine Petit, | Case No. CV 23-00789-ODW (PVCx) |
| Plaintiff, | |
| v. | JURY INSTRUCTIONS |
| City of Los Angeles et al., | |
| Defendant. | |

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the position of the parties:

This case arises from the shooting of Jermaine Petit by Los Angeles Police Department Sergeant Brett Hayhoe and Officer Daryl Glover on July 18, 2022. The Plaintiff in this case is Ashlyn Petit, who is Jermaine Petit's daughter. The Defendants are the City of Los Angeles, Brett Hayhoe, and Daryl Glover.  Plaintiff contends that Brett Hayhoe and Daryl Glover used excessive and unreasonable force and acted with reckless disregard for Mr. Petit's constitutional right to be free from excessive force. Plaintiff seeks damages to the extent permitted by law.

The defendants deny these claims and contend that the uses of force by Brett Hayhoe and Daryl Glover were reasonable under the circumstances.

## **DUTY OF JURY**

It is your duty to find the facts from all the evidence in the case and from those facts you will apply the law as I give it to you.  You must follow the law as I give it to you, whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

These final instructions that I'm giving you are the instructions that you will apply to your deliberations.  Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

1

## <u>TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS</u>

You should decide the case as to each defendant separately.  Unless stated, the instructions apply to all parties.

## **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## __WHAT IS EVIDENCE__

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

# **WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose.  If I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

1
2

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

3          Evidence may be direct or circumstantial.

4          Direct evidence is direct proof of a fact, such as testimony by a witness about
5    what that witness personally saw or heard or did.

6          Circumstantial evidence is proof of one or more facts from which you could find
7    another fact.

8          You should consider both kinds of evidence. The law makes no distinction
9    between the weight to be given to either direct or circumstantial evidence. It is for you
10   to decide how much weight to give to any evidence.

11         By way of example, if you wake up in the morning and see that the sidewalk is
12   wet, you may find from that fact that it rained during the night. However, other
13   evidence, such as a turned-on garden hose, may provide a different explanation for the
14   presence of water on the sidewalk. Therefore, before you decide that a fact has been
15   proved by circumstantial evidence, you must consider all the evidence in the light of
16   reason, experience, and common sense.

17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXPERT OPINION

You have heard testimony from expert witnesses, such as Phillip Sanchez, Gary Vilke, Richard Bryce, Bennet Omalu, andThomas Hedge, who will testify to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# **RULING ON OBJECTIONS**

There are federal rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the federal rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

If I ordered that evidence be stricken from the record and that you disregard or ignore that evidence, that means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

# **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part that you think is true and ignore the rest.

1        The weight of the evidence as to a fact does not necessarily depend on the number

2    of witnesses who testify. What is important is how believable the witnesses were, and

3    how much weight you think their testimony deserves.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer. You may request a paper copy of any exhibit received in evidence by sending a note through the Court Security Officer. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Court Security Officer, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with Court Security Officer present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such

materials. Do not remove the computer or any electronic data for example a disc from the jury room, and do not copy any such data.

# **CONDUCT OF THE JURY**

Until your jury service has concluded, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This includes communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in the case, and

do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have the case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper channels or communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# **STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1. This incident occurred on July 18, 2022.

2. Brett Hayhoe and Daryl Glover are and were at the time of the incident employees of the City of Los Angeles, specifically employed as police officers for the City of Los Angeles Police Department.

3. At the time of this incident, Defendants Brett Hayhoe and Daryl Glover were acting in the course and scope of their employment with the City of Los Angeles.

4. At the time of this incident, Brett Hayhoe and Daryl Glover were acting under color of law.

## SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff Ashlyn Petit brings two of her claims—Excessive Force and Delay of Medical Care—under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## **SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claims against Sergeant Hayhoe and/or Officer Glover, Plaintiff Ashlyn Petit must prove each of the following elements by a preponderance of the evidence:

1. Sergeant Hayhoe and/or Officer Glover acted under color of state law; and

2. the acts of Sergeant Hayhoe and/or Officer Glover deprived Jermaine Petit of his particular rights under the United States Constitution as explained in latter instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The Parties have stipulated that Sergeant Hayhoe and Officer Glover were acting under color of state law.

If you find Plaintiff Ashlyn Petit has proved each of these elements, and if you find that Plaintiff has proved all the elements she is required to prove under the instructions that deal with Excessive Force and Delay of Medical Care, your verdict should be for Plaintiff Ashlyn Petit on those claims. If, on the other hand, you find that Plaintiff Ashlyn Petit has failed to prove any one or more of these elements, your verdict should be for the defendants on those claims.

## **PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, in defending himself or others, and/or in attempting to stop a fleeing or escaping suspect. Therefore, in order to prove an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Defendants Daryl Glover and/or Brett Hayhoe used excessive force when they shot Jermaine Petit.

Under the Fourth Amendment, a peace officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Daryl Glover and/or Brett Hayhoe used excessive force in this case, consider all of the circumstances known to Daryl Glover and/or Brett Hayhoe, including:

(1) the nature of the crime or other circumstances known to Daryl Glover and/or Brett Hayhoe at the time of the shooting;

(2) whether Petit posed an immediate threat of death or serious bodily injury to Daryl Glover and/or Brett Hayhoe or to others;

(3) whether Mr. Petit was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time Daryl Glover and/or Brett Hayhoe had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)  the relationship between the need for the use of force and the amount of force used;

(6)  the extent of Mr. Petit's injury;

(7)  any effort made by Daryl Glover and/or Brett Hayhoe to temper or to limit the amount of force;

(8)  the severity of the security problem at issue;

(9)  the availability of alternative methods;

(10)  the number of lives at risk, for example motorists, pedestrians, police officers, and the parties' relative culpability, that is which party created the dangerous situation, and which party is more innocent;

(11)  whether it was practical for Daryl Glover and/or Brett Hayhoe to give a warning of the imminent use of force, and whether such warning was given;

(12)  whether a reasonable officer would have or should have accurately perceived a mistaken fact.

## **DELAY OF MEDICAL CARE (42 U.S.C. § 1983)**

Plaintiff claims that Brett Hayhoe and/or Daryl Glover violated Jermaine Petit of his right under the Fourth Amendment to objectively reasonable medical care during the course of a seizure. In order to prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     Brett Hayhoe and/or Daryl Glover knew or should have known of Jermaine Petit's immediate need for medical care;

2.     Brett Hayhoe and/or Daryl Glover unreasonably delayed, interfered with, or obstructed the provision of medical care to Mr. Petit; and

3.     the delay, interference, or obstruction was a cause of injury, damage, loss, or harm to Mr. Petit.

## <u>BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS</u>

A peace officer may use deadly force only when necessary in defense of human life.  Plaintiff Ashlyn Petit claims that Sergeant Hayhoe and Officer Glover unnecessarily used deadly force on Jermaine Petit.  To establish this claim, Plaintiff Ashlyn Petit must prove all of the following:

1. That Sergeant Hayhoe and/or Officer Glover intentionally shot Jermaine Petit;

2. That Sergeant Hayhoe and/or Officer Glover used deadly force on Jermaine Petit;

3. That Sergeant Hayhoe's and/or Officer Glover's use of deadly force was not necessary to defend human life;

4. That Jermaine Petit was harmed; and

5. That Sergeant Hayhoe's and/or Officer Glover's use of deadly force was a substantial factor in causing Jermaine Petit's harm.

Sergeant Hayhoe's and/or Officer Glover's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Sergeant Hayhoe and/or Officer Glover at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Sergeant Hayhoe and/or Officer Glover or to another person, or to apprehend a fleeing person for a felony, when all of the following conditions are present:

(i) The felony threatened or resulted in death or serious bodily injury to another;

(ii) Sergeant Hayhoe and/or Officer Glover reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

(iii) Sergeant Hayhoe and/or Officer Glover made reasonable efforts to identify themselves as peace officers and to warn that deadly force may be used, unless the

officers had objectively reasonable grounds to believe the person is aware of those facts.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm. A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Sergeant Hayhoe, Officer Glover, and Jermaine Petit leading up to the use of deadly force. In determining whether Sergeant Hayhoe's and/or Officer Glover's use of deadly force was necessary in defense of human life, you must consider Sergeant Hayhoe's and Officer Glover's tactical conduct and decisions before using deadly force on Jermaine Petit and whether Sergeant Hayhoe and/or Officer Glover used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other deescalation tactics.

## **BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)**

Jermaine Petit claims that Sergeant Brett Hayhoe and/or Officer Daryl Glover intentionally interfered with his civil rights by threats, intimidation, or coercion.  To establish this claim, Jermaine Petit must prove all of the following:

1. That by threats, intimidation or coercion, Sergeant Hayhoe and/or Officer Glover caused Jermaine Petit to reasonably believe that if he exercised his rights to be free from unreasonable seizure and excessive force, Sergeant Hayhoe and/or Officer Glover would commit violence against him;

2. That Sergeant Hayhoe and/or Officer Glover specifically intended to deprive Jermaine Petit of his enjoyment of the interests protected by the right to be free from excessive force, which can be demonstrated by Sergeant Hayhoe and/or Officer Glover acting with a reckless disregard for Mr. Petit's constitutional right to be free from excessive force;

3. That Jermaine Petit was harmed; and

4. That the conduct of Sergeant Hayhoe and/or Officer Glover was a substantial factor in causing Jermaine Petit's harm.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESSENTIAL FACTUAL ELEMENTS

Plaintiff claims that the conduct by Daryl Glover and/or Brett Hayhoe caused Jermaine Petit to suffer severe emotional distress. To establish this claim, Plaintiff must prove all of the following:

1. That the conduct by Daryl Glover and/or Brett Hayhoe was outrageous;

2. That Daryl Glover and/or Brett Hayhoe acted with reckless disregard of the probability that Jermaine Petit would suffer emotional distress;

3. That Plaintiff Jermaine Petit suffered severe emotional distress; and

4. That the conduct by Daryl Glover and/or Brett Hayhoe was a substantial factor in causing Petit's severe emotional distress.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS— "OUTRAGEOUS CONDUCT" DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Sergeant Hayhoe's and/or Officer Glover's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Sergeant Hayhoe and/or Officer Glover abused a position of authority or a relationship that gave them real or apparent power to affect Jermaine Petit's interests;

(b) Whether Sergeant Hayhoe and/or Officer Glover knew that Jermaine Petit was particularly vulnerable to emotional distress; and

(c) Whether Sergeant Hayhoe and/or Officer Glover knew that their conduct would likely result in harm due to mental distress.

# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"SEVERE EMOTIONAL DISTRESS" DEFINED

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Jermaine Petit is not required to prove physical injury to recover damages for severe emotional distress.

1

## <u>CAUSATION</u>

2

3    Plaintiff Ashlyn Petit must also prove that the defendants' conduct was a

4  substantial factor in causing Jermaine Petit's claimed injuries.

5    A substantial factor in causing harm is a factor that a reasonable person would

6  consider having contributed to the harm.  It must be more than a remote or trivial

7  factor.  It does not have to be the only cause of the harm.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED</u>

This instruction applies only to Plaintiff's claims arising under California state law.

In this case, Daryl Glover and Brett Hayhoe are employees of the City of Los Angeles.

Because Daryl Glover and Brett Hayhoe were acting within the scope of their employment when the incident occurred, then the City of Los Angeles is responsible for any harm caused by Daryl Glover and/or Brett Hayhoe's wrongful conduct.

The parties have stipulated that Daryl Glover and Brett Hayhoe were acting within the scope of their employment during this incident.

# **DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.

You should consider the following:

1.    The nature and extent of Jermaine Petit's injuries;

2.    The disability, disfigurement, physical impairment, physical pre-death pain and suffering, and loss of enjoyment of life Jermaine Petit experienced;

3.    The mental and emotional pre-death pain and suffering, humiliation, grief, anxiety, and inconvenience Jermaine Petit experienced;

4.    The reasonable value of necessary medical and psychological care, treatment, and services Jermaine Petit received.

No fixed standard exists for deciding the amount of noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

## <u>NO TRANSCRIPT AVAILABLE TO JURY</u>

2

3        During your deliberations you will not have a transcript of the trial testimony.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TAKING NOTES (JUROR NOTES)**

If you took notes during the trial, please keep them to yourself until you go to the jury room to decide the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

# **DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury here in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your position if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## **RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

1

## <u>COMMUNICATION WITH THE COURT</u>

2

3          If it becomes necessary during your deliberations to communicate with me, you

4    may send a note through the Court Security Officer, signed by any one or more of you.

5    No member of the jury should ever attempt to communicate with me except by a signed

6    writing. I will not communicate with any member of the jury on anything concerning

7    the case except in writing or here in open court. If you send out a question, I will consult

8    with the lawyers before answering it, which may take some time. You may continue

9    your deliberations while waiting for the answer to any question. Remember that you are

10   not to tell anyone—including the court—how the jury stands, whether in terms of vote

11   count or otherwise, until after you have reached a unanimous verdict or have been

12   discharged.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28