UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-00789-ODW (PVCx) | Date | February 26, 2026 |
|----------|--------------------------|------|-------------------|
| Title | *Ashlyn Petit v. City of Los Angeles et al* | | |

Present: The Honorable    Otis D. Wright, II, United States District Judge

| Sheila English | Not reported | N/A |
|----------------|--------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not present        Not present

**Proceedings: In Chambers**      **Order Denying Pre-Verdict Motions for Judgment as a Matter of Law**

On February 17, 2026, through February 25, 2026, Plaintiff Ashlyn Petit tried five claims arising from an officer-involved shooting to a jury. (Mins. Trial, Dkt. Nos. 161–64, 167, 184.) At the close of Plaintiff's case, Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule") 50(a). (Dkt. No. 165.) At the close of Defendants' case, Plaintiff also moved for judgment as a matter of law under Rule 50(a). The Court took both motions under advisement and submitted the case to the jury.

On February 25, 2026, the jury returned a verdict substantially in favor of Plaintiff. (Verdict, Dkt. No. 193.) The jury found Defendant Brett Hayhoe liable on Plaintiff's causes of action for excessive force, denial of medical care, and intentional infliction of emotional distress. (*Id.* at 1, 2, 5.) The jury found both Defendants Brett Hayhoe and Daryl Glover liable on Plaintiff's cause of action for battery by a peace officer. (*Id.* at 3.) The jury found both Defendants Brett Hayhoe and Daryl Glover not liable on Plaintiff's cause of action for violation of California's Bane Act. (*Id.* at 4.) Finally, the jury awarded Plaintiff $3,000,000 in total damages. (*Id.* at 6.)

Rule 50(a) "permits a party to move for judgment as a matter of law after the opposing party has been fully heard and prior to the submission of the case to the jury." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (citing Fed. R. Civ. P. 50(a)). Judgment as a matter of law is appropriate only where there is no "legally sufficient evidentiary basis to find for [a] party" on the issue raised. *Velasquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2025). In evaluating a Rule 50(a) motion, the court must "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-00789-ODW (PVCx) | Date | February 26, 2026 |
|---|---|---|---|
| Title | *Ashlyn Petit v. City of Los Angeles et al* | | |

(alteration in original).  The court may not make credibility determinations, resolve evidentiary conflicts, or weigh the evidence introduced at trial, as these "are jury functions."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  If "reasonable minds could differ as to the import of the evidence," the court should deny the Rule 50(a) motion.  *Velasquez*, 793 F.3d at 1018.

Having considered Defendants' and Plaintiff's Rule 50(a) motions, the Court **DENIES** both motions.  The trial record reflects a legally sufficient evidentiary basis for the jury to render the verdict it did.  (Dkt. No. 165.)  As to the portions of the verdict rendered in Plaintiff's favor, the Court **DENIES** Plaintiff's Rule 50(a) motion on those issues **AS MOOT**.

Within seven (7) days, the parties shall submit a proposed judgment consistent with the jury verdict.

**IT IS SO ORDERED.**

_____  :  00

Initials of Preparer   SE
