**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to Jermaine Petit, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DARYL GLOVER, JR.; and BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>[*Filed concurrently with supporting declarations and exhibits*]<br><br>Date: May 18, 2026<br>Time: 1:30 p.m. |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 18, 2026, at 1:30 p.m. or as soon thereafter as is practicable for this Honorable Court, Plaintiff will and hereby does move this Court for an Order awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, Federal Rule of Civil Procedure 54(d) and Local Rule 54 in the lodestar amount of **$2,304,220**.  In addition to requesting compensation for time spent in litigating the civil case and bringing it to trial, Plaintiff is also requesting compensation for her counsel's time necessarily spent in drafting this motion and the anticipated reply brief, as well as compensation for their time spent opposing Defendants' post-trial motions and any appeal, and appearing at any related hearings. This Motion is based on grounds that the Plaintiff was the prevailing party at trial on her 42 U.S.C. Section 1983 claims and is entitled to statutory attorneys' fees as a matter of law.

**Statement of Meet and Confer Compliance**: This motion is made following communications between counsel for the parties wherein counsel for both sides indicated that they would be bringing certain post-trial motions.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed declarations, the attached exhibits, the pleadings on file herein, and such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

DATED: April 6, 2026          LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
   Dale K. Galipo
   Renee V. Masongsong
   Attorneys for Plaintiff

DATED: April 6, 2026          IVIE MCNEILL WYATT
                              PURCELL & DIGGS

By:  s/ Rodney S. Diggs
     Rodney S. Diggs
     Attorney for Plaintiff

# **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................1

II.  PLAINTIFF IS ENTITLED TO FEES UNDER 42 U.S.C. § 1988 ....................1

    A. Legislative History of 42 U.S.C. § 1988 ........................................................1

    B. The Supreme Court's Standard in *Hensley v. Eckerhart* ..............................3

    C. Plaintiff is the Prevailing Party .....................................................................4

III. PLAINTIFF'S "LODESTAR" IS APPROPRIATE AND REASONABLE.......6

    A. Counsels' Hours are Reasonable....................................................................6

    B. Litigating this Case Required Great Skill.......................................................9

    C. Counsel's Hourly Rates are Reasonable ......................................................10

    D. Plaintiff's Counsels are Entitled to Fees and Costs for Litigating the Instant Motion ......................................................................................................15

IV.  CONCLUSION..................................................................................................15

L.R. 11-6.2. CERTIFICATE OF COMPLIANCE....................................................17

# TABLE OF AUTHORITIES

<u>Cases</u>

*Arizona v. ASARCO LLC*
    773 F.3d 1050 (9th Cir. 2014)...................................................................................2

*Ballen v. City of Redmond*
    466 F.3d 736 (9th Cir. 2006)....................................................................................8

*Beaty v. BET Holdings, Inc.*
    222 F.3d 607 (9th Cir. 2000)....................................................................................9

*Blum v. Stenson*,
    465 U.S. 886 (1984) .................................................................................................6

*Bouman v. Block*
    940 F.2d 1211 (9th Cir. 1991)..................................................................................4

*Brewster v. Dukakis*
    786 F.2d 16 (1st Cir. 1986) ......................................................................................4

*Camacho v. Bridgeport Financial, Inc.*
    523 F.3d 973 (9th Cir. 2008)..................................................................................15

*Chavez v. City of Los Angeles*
    47 Cal. 4th 970 (2010)..............................................................................................6

*City of Riverside v. Rivera*
    477 U.S. 561 (1986) ............................................................................................4, 14

*Clark v. City of Los Angeles*
    803 F.2d 987 (9th Cir. 1986)..................................................................................19

*Collins v. Chandler Unified Sch. Dist.*
    644 F.2d 759 (9th Cir. 1981)....................................................................................3

*Compare Burlington v. Dague*
    505 U.S. 557 (1992) .................................................................................................7

*Dang v. Cross*
    422 F.3d 800 (9th Cir. 2005)..................................................................................13

*Davis v. City & County of San Francisco*
    976 F.2d 1536 (9th Cir. 1992),.................................................................................5

*Dennis v. Chang*
    611 F.2d 1302 (9th Cir. 1980)..................................................................................3

*Donastorg v. City of Ontario*
    2021 WL 6103545 (C.D. Cal. Sept. 23, 2021).................................................17, 19

*Estate of Diaz v. City of Anaheim*
    840 F.3d 592 (9th Cir. 2016)..................................................................................11

     2:23-cv-00789-ODW (PVCx)

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

*Fair Housing of Marin v. Combs*
    285 F.3d 899 (9th Cir. 2002)................................................................5

*Farrar v. Hobby*
    506 U.S. 103 (1992) ..........................................................................7

*Fish v. St. Cloud State Univ.*
    295 F.3d 849 (8th Cir. 2002)..............................................................14

*French v. City of Los Angeles*
    2022 WL 2189649, (C.D. Cal. May 10, 2022) ...............................17

*Garcia v. Los Angeles Cnty. Sheriff's Dep't*
    2015 WL 13646906 (C.D. Cal. Sept. 14, 2015)...............................14

*Gates v. Deukmjian*
    987 F.2d 1392 (9th Cir. 1992);...............................................5, 14, 17

*Glass v. Pfeffer*
    849 F.2d 1261 (10th Cir. 1988)...........................................................20

*Gregory v. Oliver*
    2003 WL 1860270 (N.D. Ill. Apr. 9, 2003) ......................................11

*Guam Society of Obstetricians & Gynecologists v. Ada*
    100 F.3d 691 (9th Cir. 1996)................................................................4

*Hall v. Cole*
    412 U.S. 1 (1973) ...............................................................................3

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ...................................................................passim

*Hernandez v. George*
    793 F.2d 264 (10th Cir. 1986)............................................................20

*Hernandez v. Kalinowski*
    146 F.3d 196 (3rd Cir. 1998)..............................................................19

*Hiken v. Dep't of Def.*
    836 F.3d 1037(9th Cir. 2016)..............................................................16

*Horsford v. Bd. Of Trustees of Cal. State Univ.*
    132 Cal. App. 4th 359 (2005)..............................................................10

*Jordan v. Multnomah Cnty.*
    815 F.2d 1258 (9th Cir. 1987)..............................................................8

*Kerr v. Screen Extras Guild, Inc.*
    526 F.2d 67 (9th Cir. 1975)..................................................................8

*Ketchum v. Moses*
    24 Cal.4th 1122 (2001)....................................................................7, 9

*Lund v. Affleck*
    587 F.2d 75 (1st Cir.1978) ................................................................20

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

*McGrath v. County of Nevada*
    67 F.3d 248 (9th Cir. 1995)...................................................................8

*McKibben v. McMahon*
    2019 WL 1109683 (C.D. Cal. Feb. 28, 2019)......................................14

*Mendez v. County of San Bernardino*
    540 F.3d 1109 (9th Cir. 2009)..............................................................2

*Missouri v. Jenkins by Agyei*
    491 U.S. 274 (1989) ...........................................................................16

*Moore v. James H. Matthews & Co.*
    682 F.2d 830 (9th Cir. 1982)................................................................9

*Moreno v. City of Sacramento*
    534 F.3d 1106 (9th Cir. 2008)........................................................10, 16

*National Ass'n of Corder v. Gates*
    688 F. Supp. 1418 (C.D. Cal. 1988).....................................................5

*Odima v. Westin Tucson Hotel*
    53 F.3d 1484 (9th Cir. 1995)................................................................4

*Parker v. Vulcan Materials Co. Long Term Disability Plan*
    2012 WL 843623 (C.D. Cal. Feb. 16, 2012).......................................16

*Peak-Las Positas Partners v. Bollag*
    171 Cal. App. 4th 101 (2009)...............................................................9

*Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*
    483 U.S. 711(1987) .............................................................................17

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.*
    163 Cal. App. 4th 550 (Cal. Ct. App. 2008) ......................................10

*Prison Legal News v. Schwarzenegger*
    608 F.3d 446 (9th Cir. 2010)..............................................................13

*Ramon v. County of Santa Clara*
    173 Cal. App. 4th 915 (Cal. Ct. App. 2009) ........................................9

*Roberts v. City of Honolulu*
    938 F.3d 1020 (2019) ..........................................................................16

*Schwarz v. Secretary of Health & Human Servs.*
    73 F.3d 895 (9th Cir. 1995)..................................................................5

*Serrano v. Unruh*
    32 Cal. 3d 621 (1982)......................................................................4, 13

*Sethy v. Alameda County Water Dist.*
    602 F.2d 894 (9th Cir. 1979)................................................................2

*Texas Teachers v. Garland School Dist.*
    489 U.S. 782 (1989) .............................................................................6

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

*Trevino v. Gates*
        99 F.3d 911 (9th Cir. 1996)................................................................................13

*United Steelworkers of Am. v. Phelps Dodge Corp.*
        896 F.2d 403 (9th Cir. 1990)..................................................................8, 14, 15

*Ustrak v. Fairman*
        851 F.2d 983 (7th Cir. 1988)...............................................................................5

*Valenzuela v. City of Anaheim*
        No. SACV1700278CJCDFMX, 2023 WL 2249178 (C.D. Cal. Feb. 23, 2023)
        ..............................................................................................................................18

*Vo v. Las Virgenes Municipal Utility Dist.*
        79 Cal. App. 4th 440 (2000)................................................................................9

*Welch v. Metro. Life Ins. Co.*
        480 F.3d 942 (9th Cir. 2007)..............................................................................14

*Wiersta v. Heffernan*
        789 F.2d 968 (1st Cir. 1986) ..............................................................................11

*Wilson v. Union Pacific R. Co.*
        56 F.3d 1226 (10th Cir. 1995).............................................................................11

*Zeigler v. Cnty. of San Luis Obispo*
        2023 WL 3432238 (C.D. Cal. Mar. 1, 2023) ....................................................17

Statutes

42 U.S.C. § 1988...............................................................................................3, 6, 8

42 U.S.C. 1983..........................................................................................................6

Other Authorities

1976 U.S. Code Cong. & Ad. News
        5908.  Section 1988 ..............................................................................................2

1976 U.S.C.C.A.N. 5908 ........................................................................................15

Legislative History of Section 1988
        S. Rep. No. 94-1011, 94th Cong. 2d Session..............................................2, 15

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On February 25, 2026, the jury in this matter reached a verdict against Defendant Sergeant Brett Hayhoe and in favor of Plaintiff Ashlyn Petit, on Plaintiff's claims for excessive force delay of medical care under 42 U.S.C. Section 1983 and the Fourth Amendment. The jury also returned a verdict against Sergeant Hayhoe and Officer Daryl Glover on Plaintiff's state law claim for battery, and against Sergeant Hayhoe on Plaintiff's state law claim for intentional infliction of emotional distress. The jury awarded Plaintiff damages totaling $3,000,000. As the prevailing party, Plaintiff now requests attorneys' fees pursuant to 42 U.S.C. § 1988 in the amount of $2,304,220.  The attorney fee award is justified by the significant verdict in Plaintiff's favor, Plaintiff's counsels' skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiff's counsel. Plaintiff's counsel litigated this case for over three years, with diligence and dedication to vindicating Mr. Petit's constitutional rights, ultimately culminating in a favorable result for Plaintiff Ashlyn Petit.  Police misconduct lawsuits such as the instant matter advance the significant public benefit of deterring abuse by law enforcement officers who would otherwise operate free of any meaningful restraints. The instant case exemplifies that, but for competent willing counsel, police misconduct would have gone without consequences. For these reasons and those set forth in detail below and in the accompanying declarations, Plaintiff's counsels are highly deserving of the full amount of the attorneys' fees requested herein.

### II.    PLAINTIFF IS ENTITLED TO FEES UNDER 42 U.S.C. § 1988

#### A. Legislative History of 42 U.S.C. § 1988

The Civil Rights Attorney's Fees Awards Act of 1976, codified as 42 U.S.C. § 1988, was enacted to encourage competent counsel to undertake and enforce civil rights cases by assuring them that if they were successful in vindicating federally

1

protected rights, they would be paid in the same manner as "is traditional with attorneys compensated by feepaying clients," even when the results obtained are entirely non-pecuniary or solely of nominal pecuniary value. *See* Legislative History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d Session, reprinted in 1976 U.S. Code Cong. & Ad. News 5908. Section 1988 clearly provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee."

Congress has recognized that "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." *Id.* at 5910. "[T]he citizen who must sue to enforce the law has little or no money with which to hire a lawyer," thus, "citizens must have the opportunity to recover what it costs them to vindicate these rights in court." *Id.* Given this purpose, courts have long established that a court's discretion to deny attorney's fees to a successful civil rights litigant "is very narrow and . . . fee awards should be the rule rather than the exception." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2009), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014); *see also Sethy v. Alameda County Water Dist.*, 602 F.2d 894, 897 (9th Cir. 1979) ("Congress plainly intended that successful plaintiffs should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.").

The application for attorneys' fees "must be liberally construed to achieve Congress' purpose to encourage compliance with and enforcement of the civil rights laws." *Collins v. Chandler Unified Sch. Dist.*, 644 F.2d 759, 764 (9th Cir. 1981) (citation omitted). Justice Brennan opined that "[n]ot to award counsel fees in cases such as this would be tantamount to repealing the Act itself by frustrating its basic purpose." *Hall v. Cole*, 412 U.S. 1, 13 (1973). The difficulty for citizens to stand up to the police is great, especially considering the disparity in funding. *See id.*

2    2:23-cv-00789-ODW (PVCx)

"An award in these circumstances serves the purposes of the Act for two reasons: (1) the award encourages the legal services organization to expend its limited resources in litigation aimed at enforcing the civil rights statutes; and (2) the award encourages potential defendants to comply with civil rights statutes." *Dennis v. Chang*, 611 F.2d 1302, 1306 (9th Cir. 1980).

**B. The Supreme Court's Standard in *Hensley v. Eckerhart***

In *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), the Supreme Court held that the purpose of 42 U.S.C. § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Courts have repeatedly held that attorneys in civil rights suits are entitled to recover their full fees and costs if they achieve meaningful and substantial relief, even if they do not prevail on every theory or against every party. *Bouman v. Block*, 940 F.2d 1211, 1237 (9th Cir. 1991). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461 U.S. at 435. Otherwise, attorneys would be discouraged from taking on high risk cases such as this one. *Id.*; *see also Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995); *Serrano v. Unruh*, 32 Cal. 3d 621 (1982); *Guam Society of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 700 (9th Cir. 1996) (Plaintiff cannot be faulted for their thoroughness in pleading related claims).

A full fee is one that encourages the vindication of constitutional and statutory rights through recovery of all time spent on the case, calculated at private market rates. It must ensure that attorneys are paid for all the time they devote to the litigation. It is not limited by the number of causes of action on which relief is awarded, or the amount of damages recovered. *See City of Riverside v. Rivera*, 477 U.S. 561 (1986). Parsing discrete issues according to their relative importance or outcome is disfavored because doing so would require the trial court to make mini-determinations of prevailing party status on each dispute. *See Brewster v. Dukakis*,

786 F.2d 16, 18 (1st Cir. 1986). Once a plaintiff has been determined to be the prevailing party, he is entitled to all reasonable time spent:

> Where 'the plaintiff's claims of relief . . . involve a common core of facts or [are] based on related legal theories,' so that 'much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'

*Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988) (quoting *Hensley*, 461 U.S. at 435 (1983)). Once the party claiming fees presents evidence supporting the claimed rate, the burden shifts to the party opposing fees to present equally specific countervailing evidence. *See Gates v. Deukmjian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992), modified on other grounds (9th Cir. 1993) 984 F.2d 345; *National Ass'n of Corder v. Gates*, 688 F. Supp. 1418, 1422 (C.D. Cal. 1988), aff'd in part and rev'd in part 947 F2d 374 (9th Cir. 1991); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 908 (9th Cir. 2002); *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

### C. Plaintiff is the Prevailing Party

Plaintiff is the prevailing party in this litigation, and judgment was entered in Plaintiff's favor on her claims for excessive force and delay of medical care under 42 U.S.C. Section 1983. The jury awarded Plaintiff a total of $3,000,000 in damages.  Under 42 U.S.C. § 1988, civil rights plaintiffs who have prevailed on some significant issue in their litigation are entitled to an award of fees. *See*, *e.g.*, *Hensley*, 461 U.S. at 433; *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 989 (2010) (citing *Hensley* and indicating that California law was "consistent" with it). Once the fee entitlement threshold has been crossed, the prevailing plaintiff's fee award is based upon the lodestar method. "[T]he number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "Where a plaintiff has obtained excellent results, his attorney should

recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435. The appropriate rate is the "market rate," which is demonstrated by the moving party submitting "satisfactory evidence in addition to the attorney's own affidavit that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Such a rate "is normally deemed to be reasonable, and is referred for convenience as the prevailing market rate." *Id*.

The Supreme Court in *Texas Teachers v. Garland School Dist.*, 489 U.S. 782, 792 (1989) expressly held that *Hensley* sets forth the appropriate test for determining a plaintiff's prevailing party status. In determining whether a plaintiff has succeeded on any significant issue in litigation, the *Garland* Court looked at whether the relief on the merits of plaintiff's claim changes the legal relationship between plaintiff and defendant. Applying this test, the Court in *Farrar v. Hobby,* 506 U.S. 103, 114 (1992), held that a money judgment in favor of the plaintiff for any amount modified the defendant's behavior in a way that benefits the plaintiff by forcing the defendant to pay an amount that would otherwise not be paid. In the foregoing respects, federal and California law are parallel. Ordinarily, where a case has gone to trial and plaintiff has prevailed, the only significant distinction between the standards for an award of fees under federal or state law is the availability of a multiplier. *Compare Burlington v. Dague*, 505 U.S. 557, 567 (1992) (generally no fee enhancements), *with Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001) (fee enhancements available where the contingent fee market would support it).

/ / /

/ / /

### III.  **PLAINTIFF'S "LODESTAR" IS APPROPRIATE AND REASONABLE**

"In the Ninth Circuit, the method of determining the permissible amount of attorneys' fees under § 1988 is the 'lodestar' method." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). The lodestar method multiples the number of hours the prevailing party reasonably expended on litigation by a reasonable hourly rate. *Id.* (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)) (quotations omitted). After computation, courts then assess whether it is necessary to adjust the lodestar figure on the basis of the twelve *Kerr* factors. *Id.* (citations omitted).  These twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "[T]here is a strong presumption" that the lodestar calculation "is a reasonable fee." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 405 (9th Cir. 1990) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)).

### A. Counsels' Hours are Reasonable

The total number of hours for which Plaintiff's counsel request compensation, to be reflected in their declarations and billing logs, is reasonable. Under California law, every hour reasonably spent on the case is compensable. "Absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (emphasis in original); *see also Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 612 (9th Cir. 2000) (Attorneys who take FEHA cases "ordinarily . . . can anticipate receiving full

compensation for every hour spent litigating a claim." (internal quotations omitted)). Hours are reasonable if "at the time rendered, [they] would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery . . . ." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (internal quotations omitted); *see also Ramon v. County of Santa Clara*, 173 Cal. App. 4th 915, 925 (Cal. Ct. App. 2009).

In making that determination, courts must look at "the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, litigation tactics, and the trial itself . . . ." *Vo v. Las Virgenes Municipal Utility Dist.*, 79 Cal. App. 4th 440, 447 (2000); *see also Peak-Las Positas Partners v. Bollag*, 171 Cal. App. 4th 101, 114 (2009) (fees reasonable because of complexity of issues, results obtained, and defendants' aggressive litigation). As the courts have recognized, civil rights lawyers working without payment from their clients have little to gain from "inflating their fees," as the payoff is too uncertain. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Accordingly, they should be fully compensated for taking the steps that they reasonably believe are necessary to *win* the case: "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id*.

Counsels' sworn declarations and attached time records filed concurrently herewith document the attorney and legal assistant hours reasonably spent in the successful prosecution of this action. *See* Declaration of Dale K. Galipo and Ex. 1; Declaration of Renee V. Masongsong and Ex. 1; Declaration of Rodney S. Diggs. These time records are *prima facie* evidence that counsels' hours were reasonable. *See Horsford v. Bd. Of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ("[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."). Plaintiff's attorneys also have exercised billing judgment in several ways. Attorney

hours that were duplicative, unnecessary, or administrative in nature were either not entered by attorneys during the initial timekeeping process or were reduced during the review of the billing records done for this Motion.

The burden shifts to Defendants to prove that any specific time is unreasonable and "to point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.*, 163 Cal. App. 4th 550, 564 (Cal. Ct. App. 2008). Defendants cannot meet that burden. To the contrary, the hours for which Plaintiff's counsel request compensation were reasonably necessary for the prosecution of Plaintiff's claims for over three years. Plaintiff's counsel had an obligation to be diligent and thorough. Excessive force cases are extremely difficult given the inherent bias in favor of the police, especially in a case such as this where there was damaging evidence. *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016).

Defendants' position was that the case had little value, as was reflected in their arguments to the jury and their settlement posture. Thus, Plaintiff's counsel correctly anticipated that the case would have to be tried and took the steps to do so successfully. That came at a heavy burden and with great risk. First, when Plaintiff's counsel Rodney Diggs' office agreed to represent Mr. Petit in this civil matter, Plaintiff Mr. Petit was facing criminal charges. If Mr. Petit had been convicted of any charges relating to this incident, it is possible that the civil case may have been impacted. Second, as to the civil case, Plaintiff bore the burden of proof and persuasion. This required obtaining and meticulously analyzing all the relevant documents and testimony, and extensive preparation for trial. Third, Plaintiff's counsel retained a large time and economic commitment for this case. Mr. Galipo compensated the attorneys and staff at the Law Offices of Dale K. Galipo

throughout the time that Mr. Galipo's office litigated this case, and incurred costs, including expert retention fees, without any interim payments from the Plaintiff or guarantee of success at trial. Plaintiff's counsels' close examination, organization, and analysis of the evidence proved worthwhile for the successful result for the Plaintiff.

### B. Litigating this Case Required Great Skill

In general, successfully litigating police misconduct cases requires extensive experience and skill and an understanding of issues that are unique to civil rights victims as compared to general civil practice. Even experienced civil rights attorneys have difficulty overcoming the built-in bias favoring the police. The favorable trial result in this case was the product of a tremendous amount of hard work and skill on the part of Plaintiff's counsel in preparing and presenting this case at trial. This is especially true in light of the particular difficulty presented in this case. Negative evidence included 911 calls indicating that Mr. Petit attempted to light fires and pointed an object that appeared to be a gun at individuals before officers contacted him, allegations that Mr. Petit turned toward Sergeant Hayhoe with an object in his hand that appeared to be a gun, and medical records indicating that Mr. Petit was under the influence at the time of the incident. Additionally, Mr. Petit died during the litigation of this case, which presented additional challenges. Despite the negative evidence, Plaintiff's counsel achieved a successful result.

At Plaintiff's counsel's first review of this case, they were aware of the difficulty, risk, and expense in taking this case on a contingency basis. Nevertheless, Mr. Diggs, and later, Mr. Galipo, took on this case. Despite the difficult evidence Plaintiff's counsel ultimately won a favorable verdict for Plaintiff Ashlyn Petit—a testament that truly difficult cases such as this require truly dedicated and highly skilled representation. To succeed, Plaintiff's counsel had to conduct depositions, review numerous discovery materials, retain, pay and consult with multiple experts, and spend almost two weeks away from the office at trial. Defendants vigorously

defended this case. From the outset, Defendants contended that the shooting was reasonable, and that the officers reasonably believed that the object Mr. Petit had was a gun and that Mr. Petit posed an immediate threat to Sgt. Hayhoe. Defendants' trial arguments showed that they believed they should receive a defense verdict. Thus, Plaintiff's counsel had to litigate well enough to win. "[A party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Serrano v. Unruh*, 32 Cal. 3d 621, 633 (1982).

### C. Counsel's Hourly Rates are Reasonable

As set forth in the accompanying declarations filed concurrently herewith, Plaintiff's counsel's requested hourly rates ($1,500 for Mr. Galipo; $1,250 for Mr. Diggs; $900 for Ms. Masongsong; $650 for Mr. Tanter) are reasonable. *See* Declaration of Carol A. Sobel ("Sobel Decl.") filed concurrently herewith (supporting the requested hourly rates for Mr. Galipo and Ms. Masongsong).

The "prevailing market rates in the relevant community," in the forum where the district court sits, govern the reasonable hourly rate for computing the lodestar amount. *See Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (quoting *Blum*, 465 U.S. at 895); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). Within this community, the Court should take into account the "experience, skill and reputation of the [requesting] attorney." *Dang*, 422 F.3d at 813; *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007). Within the relevant community, the Court should take into account the "experience, skill and reputation of the [requesting] attorney." *Dang*, 422 F.3d at 813; *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007).

"Affidavits of the Plaintiff's attorney . . . and rate determinations in other cases, particularly those setting a rate for the Plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am.*, 896 F.2d at

407. "[C]ourts can also use survey data to evaluate the reasonableness of attorneys' rates." *Garcia v. Los Angeles Cnty. Sheriff's Dep't*, No. CV 09-8943 MMM (SHX), 2015 WL 13646906, at *16 (C.D. Cal. Sept. 14, 2015) (citing *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002)); *McKibben v. McMahon*, 2019 WL 1109683, at *14 (C.D. Cal. Feb. 28, 2019)). Once the party claiming fees presents evidence supporting the claimed rate, the burden shifts to the party opposing fees to present equally specific countervailing evidence. *Gates*, 987 F.2d at 1405 (9th Cir. 1992). Congress expressly recognized that fees in federal civil rights cases should be comparable to those in complex federal civil litigation. *See City of Riverside v. Rivera*, 477 U.S. 561, 575-76 (1986) ("Congress made clear that it 'intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation.'" (citing S. Rep. No. 94-1011, at 6 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5913).

In determining what constitutes a reasonable fee in civil rights litigation, courts should consider the hourly rates that similarly skilled and experienced attorneys in private practice charge their paying clients. *Blum v. Stevenson*, 465 U.S. 886, 895 (1984); *see* Legislative History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d Session, reprinted in 1976 U.S. Code Cong. & Ad. News 5908. Market rates may be established by declarations regarding prevailing fees and fee awards in other cases. *United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In this instance, counsel's requested hourly rates are fully supported by the declarations of Plaintiff's counsels, as well as the supporting declarations of knowledgeable civil rights law practitioner Carol Sobel. *See also LA International Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 624-26 (9th Cir. 2026) (holding that small firms can be awarded big law rates in a motion for attorney fees, and the district court abused its discretion in setting rates based on the attorney's prior fee award, with a slight adjustment for complexity and inflation, rather than calculating the fee based on the prevailing market rate)

Moreover, the Ninth Circuit has repeatedly held that "in determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008); *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1045 (9th Cir. 2016) (reversing because "the court simply re-invoked the 2015 rates and added a $30 enhancement, without discussion of why the 2015 rates are an appropriate anchor or why an increase in $30 is reasonable"); *Moreno*, 534 F.3d at 1115 ("If the lodestar leads to an hourly rate that is higher than past practice, the court must award that rate . . . ."); *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (2019) ("Examining prior fee awards to Holcomb and Beck in the district was not an acceptable substitute for considering the declarations submitted by Holcomb, and explaining why those declarations did or did not establish the prevailing hourly rate in the district."). Courts also appropriately recognize that rates, and inflation, increase over time. *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07–1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) (approving as reasonable an approximate 10 percent increase between 2011 rates and 2012 rates and because "[i]t is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time, or to keep up with the increasing cost of maintaining a practice").

Additionally, the Supreme Court in *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989), recognized that compensation received several years after an attorney renders his or her services "is not equivalent to the same dollar amount received promptly as the legal services are performed, as would normally be the case with private billings." *Id.* at 283. Accordingly, "an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of [§ 1988]." *Id.* at 284; *see also Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 483 U.S. 711,

716 (1987) ("In seeing fees for prevailing counsel, the courts have regularly recognized delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.").

Thus, the Ninth Circuit "recognize[s] that district courts have discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use of funds." *Gates*, 987 F.2d at 1406. The prevailing practice is to award the current requested rate for all work performed. *See e.g.*, *Zeigler v. Cnty. of San Luis Obispo*, No. CV179295MWFAFMX, 2023 WL 3432238, at *5 (C.D. Cal. Mar. 1, 2023) (awarding requested rates commensurate with current practice experience for work that commenced years prior); *French v. City of Los Angeles*, No. EDCV2000416JGBSPX, 2022 WL 2189649, at *1, 17-19 (C.D. Cal. May 10, 2022) (same); *Donastorg v. City of Ontario*, No. EDCV18992JGBSPX, 2021 WL 6103545, at *1, 8-9 (C.D. Cal. Sept. 23, 2021) (same).

Given Mr. Galipo's precedent-setting jury verdicts as described above, the number of verdicts in Mr. Galipo's civil rights cases, Mr. Galipo's published appellate opinions, Mr. Galipo's numerous prior attorney fee awards, and the recognition Mr. Galipo has received as a trial attorney for his work in police excessive force cases, including Mr. Galipo's admission to the Inner Circle of Advocates, the "2020 Consumer Attorney of the Year" from CAOC and "2020 Trial Lawyer of the Year" award from CAALA, Mr. Galipo's request for **$1,500** per hour is reasonable. *See* Sobel Decl. at ¶¶ 32, 41-44, 48, 52.

In 2012, Mr. Galipo received the Defender of the Constitution Award from the Inland Empire Chamber of the Federal Bar Association. Galipo Decl. at ¶ 5. In 2019, Mr. Galipo was elected to the American College of Trial Lawyers. *Id.* ¶ 9. He was also elected to the Inner Circle of Advocates, which is limited to one hundred members nationwide, representing some of the top plaintiff's attorneys in the country. *Id.* ¶ 8. In 2020, Mr. Galipo was recognized as both CAALA Trial Lawyer

of the Year and CAOC Consumer Attorney of the Year. *Id.* ¶ 11, 12. From 2017 to 2026, Mr. Galipo prevailed in thirty-six jury trials. Nearly all of the jury trials were civil rights cases. *Id.* ¶ 18. Mr. Galipo has had approximately twenty published opinions in civil rights cases, and has argued numerous appellate cases before the Ninth Circuit. *Id.* ¶ 16.

Courts within this district have consistently recognized Mr. Galipo as one of the top civil rights attorneys in the area of police misconduct in Los Angeles. *See, e.g., Valenzuela v. City of Anaheim*, No. SACV1700278CJCDFMX, 2023 WL 2249178, at *3 (C.D. Cal. Feb. 23, 2023) ("The Court found that a $1,200 hourly rate, although high, was reasonable for Mr. Galipo's work over the past three years, pointing to Mr. Galipo's strong reputation with the legal community, his continued consistent record of success with over $85 million in recovery in civil rights cases since 2019, and multiple courts that awarded him $1,100 hourly rates as early as 2020."); *Craig v. Cnty. of Orange*, Case No. SACV 17-00491-CJC (KESx), Dkt. 280, at 5-6 (awarding Mr. Galipo an hourly rate of $1,200 because "[w]hen it comes to police excessive force cases, Mr. Galipo continues to be without question at the top of his field."); *Donastorg v. City of Ontario*, Case No. EDCV 18-992 JGB (SPx), 2021 WL 6103545, at *8 (C.D. Cal. Sept. 23, 2021) ("The Court agrees with the courts that have recognized that, when it comes to police excessive force cases in Los Angeles, Mr. Galipo is without question at the top of his field.") (cleaned up); *see also Hurtado v. State of California*, Case No. 2:19-cv-02343-DAD-AC ("Ex. 11" to Galipo. Decl.) ("I mean, you just look at all the judges that have said in fee awards, hey, Mr. Galipo is as good as it gets."). Accordingly, Mr. Galipo's requested hourly rate of **$1,500** is reasonable for an attorney with his experience, skill, expertise, and reputation.

/ / /

/ / /

/ / /

### D. Plaintiff's Counsels are Entitled to Fees and Costs for Litigating the Instant Motion

In addition to the attorneys' fees derived from legal work performed in preparing and litigating a case, Plaintiff's counsels are entitled to attorneys' fees for their time spent establishing their right to attorneys' fees in the amount requested, and on all work anticipated in opposing any further post-trial motion filed by Defendants. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) ("We, like every other court that has considered the question, have held that the time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable."); *see also Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3rd Cir. 1998); *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir. 1988); *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986); *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir.1978) ("It would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee.").

Plaintiff's counsel will supplement and amend this instant Motion to include their hours spent on the anticipated reply brief, preparation for and appearance at the related hearing, and in opposing any post-trial motions filed by Defendants.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees in the total amount of $2,304,220[1].  Plaintiff also requests that the Court award attorneys' fees for work performed in the litigation of the instant motion for attorney fees, including drafting the related reply and attending hearing on the motion for attorneys' fees, and for work performed on any post-trial motions filed by Defendants. The table below summarizes the fees requested:

---

[1] The declarations and timesheets for the proposed lodestars will be filed separately by the firm(s) generating the hours. The office filing this motion has not had an opportunity to review the timesheets submitted by Plaintiff's co-counsels.

| Attorney/Biller | Yrs. Practice | Rate | Hours | Total |
|---|---|---|---|---|
| Dale K. Galipo | 36 | $1,500 | 400.1 | $600,150 |
| Rodney S. Diggs | 17 | $1,250 | 892.25 | $1,115,312.5 |
| Renee V. Masongsong | 15 | $900 | 287.55 | $258,795 |
| Brandon R. Tanter | 3 | $650 | 262 | $170,300 |
| Alice D. Williams | Paralegal | $450 | 268.75 | $120,937.5 |
| Darci Gilbert | Legal Assist. | $250 | 40.9 | $10,225 |
| Le Chaune Metoyer | Legal Assist. | $150 | 112 | $16,800 |
| Alexandria Feather | Legal Assist. | $150 | 78 | $11,700 |
| **Subtotal**: | | | 2,341.55 | $2,304,220 |

DATED: April 6, 2026         LAW OFFICES OF DALE K. GALIPO


By _____ */s/ Renee V. Masongsong*
    Dale K. Galipo
    Renee V. Masongsong
    Attorneys for Plaintiff, Ashlyn Petit


DATED: April 6, 2026         IVIE MCNEILL WYATT
                             PURCELL & DIGGS

By:  *s/ Rodney S. Diggs*
     Rodney S. Diggs
     Attorney for Plaintiff, Ashlyn Petit

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Ashlyn Petit, certifies that this brief contains 5,352 words (excluding the caption page, signature blocks, and certificate of compliance), which complies with the word limit of L.R. 11-6.2.

Dated: April 6, 2026                    LAW OFFICES OF DALE K. GALIPO

                                        By:  _____*/s/ Renee V. Masongsong*_____
                                             Dale K. Galipo
                                             Renee V. Masongsong
                                             Attorneys for Plaintiff