# EXHIBIT 12

# Depto v. St. Paul the Apostle Church

Superior Court of California, County of Los Angeles

November 4, 2025, Filed

BC691437

**Reporter**

2025 Cal. Super. LEXIS 69715 *; 2025 LX 561132

FRANK DEPTO v. ST PAUL THE APOSTLE CHURCH ET AL

**Counsel:  [*1]** For Plaintiff(s): Anthony Nguyen (Telephonic); Griselda S. Rodriguez (Telephonic).

For Defendant(s): WILL S. SKINNER (Telephonic).

**Judges:** Honorable Robert B. Broadbelt, Judge.

**Opinion by:** Robert B. Broadbelt

## Opinion

Minute Order

**NATURE OF PROCEEDINGS:** Hearing on Motion - Other for Determination that Defendants are Prevailing Parties and for Award of Costs filed by Defendants on 05-09-2025;; Hearing on Motion for Attorney Fees , Plus A Lodestar Multiplier of 2.0, and Expert Fees, Against Defendants filed by Plaintiff on 05-12-2025;

Case is called.

Counsel appearing today represent that they have seen the Court's posted tentative ruling. The matter is argued and stands submitted. The tentative ruling is adopted as the Order of the Court on grounds fully reflected therein, and it is signed and filed this day- as the Court's specially-prepared written order.

The Motion for Attorney Fees , Plus A Lodestar Multiplier of 2.0, and Expert Fees, Against Defendants filed by Plaintiff on 05-12-2025; filed by Frank Depto on 05/12/2025 is Granted.

The Motion re: for Determination that Defendants are Prevailing Parties and for Award of Costs filed by Defendants on 05-09-2025; filed by Archdiocese Of Los Angeles, St Paul The Apostle **[*2]**  Church, Saint Paul the Apostle Catholic School on 05/09/2025 is Denied.

The court considered the moving, opposition, and reply papers filed in connection with each motion.

REQUEST FOR JUDICIAL NOTICE

2025 Cal. Super. LEXIS 69715, *2

The court denies plaintiff Frank Depto's requests for judicial notice because they are not material to the court's disposition of his motion for attorney's fees. (Malek Media Group, LLC v. AXQG Corp. (2020) 58 Cal.App.5th 817, 825.)

BACKGROUND

Plaintiff Frank Depto ("Plaintiff") filed the operative Fifth Amended Complaint in this action on September 5, 2024.

The court held a trial by jury in this action on January 28-30, February 3-6, 10-11, 13, 18-20, 24-27, and March 3-6 and 10-12, 2025. Pursuant to the jury's verdicts, the court entered judgment in favor of Plaintiff and against defendants St. Paul the Apostle Church, The Roman Catholic Archbishop of Los Angeles, a Corporation Sole, and St. Paul the Apostle School ("Defendants") in the amount of $763,582. (March 13, 2025 Judgment, p. 2:1-4.)

Two motions are now pending before the court. First, on May 9, 2025, Defendants filed their motion for determination that they are the prevailing parties and for costs. Second, on May 12, 2025, Plaintiff filed his motion for attorney's fees and expert fees.

Because Defendants' **[*3]** motion asserts that Plaintiff cannot recover attorney's fees incurred after the date that Defendants served their offer to compromise, the court addresses that motion first.

MOTION FOR DETERMINATION THAT DEFENDANTS ARE THE PREVAILING PARTIES AND FOR COSTS

Defendants move the court, pursuant to Code of Civil Procedure section 998, for an order (1) determining that they are the prevailing parties in this case, and (2) awarding post-offer costs, including expert witness fees, in favor of Defendants.

"The purpose of section 998 is to promote early resolution of litigation by encouraging parties to make—and accept—reasonable settlement offers." (Chen v. BMW of North America, LLC (2022) 87 Cal.App.5th 957, 961.) "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover their postoffer costs and shall pay the defendant's costs from the time of the offer." (Code Civ. Proc., § 998, subd. (c)(1).)

The court finds that Defendants have not shown that they are entitled to the requested relief under Code of Civil Procedure section 998.

As noted by Defendants, their Offer to Compromise stated that "[e]ach party shall bear its or his own fees and costs incurred in this action."[1] (Skinner Decl., Ex. A, Offer to Compromise, pp. 1:25-2:3, 2:14.) The court, however, disagrees that this language **[*4]** "excludes pre offer costs/attorneys' fees from the Section 998 analysis." (Reply, p. 2:17-19.) "Section 998, subdivision (c)(2)(A) provides: 'In determining whether the plaintiff obtains a more favorable judgment, the court or arbitrator shall exclude the postoffer costs.' As the Fourth District Court of Appeal has explained: 'By specifying postoffer costs are excluded for purposes of determining whether plaintiff obtained a more favorable judgment, the statute necessarily implies that preoffer costs are included. [Citation.]' [Citation.] Costs include attorney fees for purposes of

section 998. [Citation.]" (Hersey v. Vopava (2019) 38 Cal.App.5th 792, 798-799 [internal citations omitted].) Defendants did not cite law establishing that, when an offer to compromise excludes from its scope attorney's fees and costs, the court cannot add preoffer costs to the damages award in determining whether Plaintiff obtained a more favorable judgment. (Id. at pp. 795 [subject offers to compromise "specified the parties would bear their own costs and fees"], 799 [finding that the plaintiff obtained a more favorable judgment than the 998 offer—which "expressly excluded costs and attorney fees"—after adding preoffer costs].)

Thus, the court must calculate the preoffer costs in determining whether Plaintiff obtained a more **[*5]** favorable judgment. (Code Civ. Proc., § 998, subd. (c)(1).) The court further finds that Plaintiff may recover attorney's fees under Labor Code section 1102.5, subdivision (j), since section 1102.5 was amended to provide for the recovery of attorney's fees while this action was pending. (Winston v. County of Los Angeles (2024) 107 Cal.App.5th 402, 409 [California courts have consistently held that 'statutory provisions that alter the recovery of attorney fees are deemed procedural in nature and apply to pending litigation'"] [internal citations omitted], 410 ["We thus hold section 1102.5, subdivision (j) applies to matters pending on the amended statute's effective date . . . ."].) The court therefore includes the amount of reasonable, preoffer attorney's fees incurred by Plaintiff in determining whether he obtained a more favorable judgment.

Based on the evidence and arguments set forth in connection with Plaintiff's motion for attorney's fees, the court finds that Plaintiff has shown that he incurred preoffer attorney's fees in the amount of $441,282.50 between the period of September 11, 2017 to August 30, 2024 (i.e., the date that Defendants served their Offer to Compromise), consisting of (1) 36.3 hours billed by attorney Shegerian at the reasonable hourly rate of $1,500 ($54,450); (2) 23.3 hours billed by attorney Nguyen at the reasonable hourly rate of $1,200 **[*6]** ($27,960); (3) 142.9 hours billed by attorney Rodriguez at the reasonable hourly rate of $800 ($114,320); (4) 122.6 hours billed by attorney Kirsch at the reasonable hourly rate of $575 ($70,495); (5) 127.2 hours billed by attorney Yenoki at the reasonable hourly rate of $425 ($54,060); (6) 12.2 hours billed by attorney Tumanyan at the reasonable hourly rate of $600 ($7,320); (7) 157.1 hours billed by attorney Henderson at the reasonable hourly rate of $550 ($86,405); (8) 2.2 hours billed by attorney Takash at the reasonable hourly rate of $450 ($990); (9) 18.1 hours billed by attorney Guevara at the reasonable hourly rate of $425 ($7,692.50); (10) 5.5 hours billed by attorney Levy at the reasonable hourly rate of $450 ($2,475); (11) 7.5 hours billed by attorney Mangan at the reasonable hourly rate of $425 ($3,187.50); (12) 1.6 hours billed by attorney Jingozian at the reasonable hourly rate of $500 ($800); (13) 3.1 hours billed by attorney Eginli at the reasonable hourly rate of $575 ($1,782.50); (14) 3.1 hours billed by attorney Kingkade at the reasonable hourly rate of $550 ($1,705); (15) 3 hours billed by attorney Burga at the reasonable hourly rate of $400 ($1,200); and (16) 11.2 **[*7]** hours billed by attorney Ter-Mambreyan at the reasonable hourly rate of $575 ($6,440). (Shegerian Decl., Ex. 1, pp. 1-4 [billing records for attorney Shegerian], Ex. 2, pp. 1-2 [billing records for attorney Nguyen], Ex. 3, pp. 1-6 [billing records for attorney Rodriguez], Ex. 4, pp. 1-3 [billing records for attorney Kirsch], Ex. 5, pp. 1-6 [billing records for attorney Yenoki], Ex. 20 [billing records for attorney Tumanyan], Ex. 21 [billing records for attorney Henderson], Ex. 22 [billing records for attorney Takash], Ex. 23 [billing records for attorney Guevara], Ex. 24 [billing records for attorney Levy], Ex. 25 [billing records for attorney Mangan], Ex. 26 [billing records for attorney Jingozian], Ex. 27 [billing records for

attorney Eginli], Ex. 28 [billing records for attorney Kingkade], Ex. 29 [billing records for attorney Burga], and Ex. 30 [billing records for attorney Ter-Mambreyan].)

Thus, the court finds, after considering the amount of reasonable preoffer attorney's fees incurred by Plaintiff,[2] that Plaintiff obtained a more favorable judgment since (1) the jury awarded him $763,582 in damages, and (2) he incurred $441,282.50 in preoffer attorney's fees, which together **[*8]** amount to a total recovery of $1,204,864.50, thereby exceeding the $1,000,001.00 offered by Defendants.

Because Plaintiff obtained a more favorable judgment or award, the court denies Defendants' requests for relief pursuant to Code of Civil Procedure section 998. (Code Civ. Proc., § 998, subd. (c)(1).)

MOTION FOR ATTORNEY'S FEES AND EXPERT FEES

Plaintiff moves the court for an order awarding attorney's fees in his favor, to be paid by Defendants, in the total amount of $4,966,160, consisting of a lodestar amount of $2,483.080 and a lodestar multiplier of 2.0. Plaintiff also requests trial strategist fees of $66,500 and expert fees of $57,241.80.

First, the court finds that Plaintiff (1) is the prevailing party in this action since he obtained a net monetary recovery, and (2) may recover attorney's fees under Labor Code section 1102.5. (Code Civ. Proc., § 1032, subd. (a)(4); Lab. Code, § 1102.5, subd. (j) ["The court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions"]; Winston, supra, 107 Cal.App.5th at p. 410.)

Second, the court finds that Plaintiff has established a lodestar figure (inclusive of both preoffer and postoffer attorney's fees) of $1,890,737.50.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable **[*9]** hourly rate ..... ¿ The reasonable hourly rate is that prevailing in the community for similar work.¿ The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided."¿ (PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095 (internal citations omitted); Reck v. FCA US LLC (2021) 64 Cal.App.5th 682, 691 ["To determine a reasonable attorney fee award, the trial court applies the lodestar method"].)¿ "[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."¿ (Horsford v. Board of Trustees of California State Univ. (2005) 132 Cal.App.4th 359, 396.)¿¿¿¿¿

The court has reviewed the declarations of attorneys Shegerian, Nguyen, Rodriguez, Yenoki, and Kirsch regarding the education and experience of counsel. (Shegerian Decl., ¶¶ 2, 7, 42-52; Nguyen Decl., ¶¶ 2-3; Rodriguez Decl., ¶¶ 4-6; Yenoki Decl., ¶¶ 2-3, 5-6; Kirsch Decl., ¶¶ 2-6.) Upon review of those declarations, the court finds the reasonable hourly rates for Plaintiff's counsel to be as follows:

Attorney Shegerian: $1,500 hourly rate.

Attorney Nguyen: $1,200 hourly rate.

2025 Cal. Super. LEXIS 69715, *9

Attorney Rodriguez: $800 hourly rate.

Attorney Tumanyan: $600 hourly rate.

Attorney Kirsch: $575 hourly rate.

Attorney Henderson: $550 **[*10]** hourly rate.

Attorney Takash: $450 hourly rate.

Attorney Yenoki: $425 hourly rate.

Attorney Guevara: $425 hourly rate.

Attorney Levy: $450 hourly rate.

Attorney Mangan: $425 hourly rate.

Attorney Jingozian: $500 hourly rate.

Attorney Eginli: $575 hourly rate.

Attorney Kingkade: $550 hourly rate.

Attorney Burga: $400 hourly rate.

Attorney Ter-Mambreyan: $575 hourly rate.

Plaintiff's attorneys have billed a total of 2,179.3 hours. Defendants did not object to any specific billing entries, and instead have argued that (1) Plaintiff is not the prevailing party, and (2) Plaintiff overstaffed and over-litigated this case. As set forth above, the court has concluded that Plaintiff is the prevailing party. The court further finds that Plaintiff did not over-litigate this action, which was pending for over seven years before proceeding to trial, and that the fees requested are not, on their face, unreasonable. The court has also considered that this case was hard-fought by both Plaintiff and Defendants, justifying the attorney's fees sought.

The court has reviewed the billing records submitted by Plaintiff in support of this motion. The court finds that the total 17 hours incurred by attorney Yenoki to **[*11]** "Drive to Riverside" and "Drive to LA" were not reasonably expended because (1) Plaintiff did not explain why those fees were incurred, and (2) those fees do not appear to include time to travel to trial, which were separately billed by Yenoki. (Shegerian Decl., Ex. 5, PDF pp. 86 [Jan. 16, 19, 23, and 26, 2025 entries], 87 [Jan. 30, 2025 entry and Feb. 2 and 6, 2025 entries], 88 [Feb. 13 and 16, 2025 entries], 89 [Feb. 20, 23, and 27, 2025 entries], 90 [Mar. 2, 6, 9, and 12, 2025 entries].) The court finds that the other entries billed by Yenoki and the remaining attorneys are reasonable. Further, as set forth above, Defendants did not object to any specific entries supported by adequate argument and analysis explaining why such entries were unreasonable or unnecessary.

The court therefore finds that Plaintiff has established a total lodestar of $1,890,737.50 ((347.3 hours x Shegerian's $1,500 hourly rate = $520,950) + (458.7 hours x Nguyen's $1,200 hourly rate = $550,440) + (530.4 hours x Rodriguez's $800 hourly rate = $424,320) + (12.2 hours x

2025 Cal. Super. LEXIS 69715, *11

Tumanyan's $600 hourly rate = $7,320) + (131.8 hours x Kirsh's $575 hourly rate = $75,785) + (157.1 hours x Henderson's $550 hourly rate = **[*12]** $86,405) + (2.2 hours x Takash's $450 hourly rate = $990) + (459.2 hours x Yenoki's $425 hourly rate = $195,160) + (18.3 hours x Guevara's $425 hourly rate = $7,777.50) + (5.5 hours x Levy's $450 hourly rate = $2,475) + (7.5 hours x Mangan's $425 hourly rate = $3,187.50) + (1.6 hours x Jingozian's $500 hourly rate = $800) + (3.1 hours x Eginli's $575 hourly rate = $1,782.50) + (3.1 hours x Kingkade's $550 hourly rate = $1,705) + (13 hours x Burga's $400 hourly rate = $5,200) + (11.2 hours x Ter-Mambreyan's $575 hourly rate = $6,440)).[3]

Third, while the court acknowledges that this case was taken on a contingency basis and that Plaintiff's attorneys displayed skill in litigating this action, the court exercises its discretion to deny Plaintiff's request for a 2.0 multiplier. (Mikhaeilpoor v. BMW of North America, LLC (2020) 48 Cal.App.5th 240, 248 [setting forth factors a trial court may consider in adjusting the lodestar figure].)

Fourth, the court does not rule on Plaintiff's requests for expert fees and trial strategist fees because those costs may be sought by filing a Memorandum of Costs. Moreover, it appears that Defendants might have challenged some or all of those costs in connection with their motion to strike or tax costs, which is set for hearing **[*13]** on November 24, 2025. (Def. Motion to Strike or Tax Costs, pp. 4:8-9 [challenging expert fees], 8:15 [challenging "trial services [costs in the amount of] $66,500.00"].)

ORDER

The court denies defendants St. Paul the Apostle Church, The Roman Catholic Archbishop of Los Angeles, a Corporation Sole, and St. Paul the Apostle School's motion for determination that defendants are prevailing parties and for award of costs.

The court grants in part plaintiff Frank Depto's motion for attorneys' fees and expert fees as follows.

The court orders that plaintiff Frank Depto shall recover from defendants St. Paul the Apostle Church, The Roman Catholic Archbishop of Los Angeles, a Corporation Sole, and St. Paul the Apostle School attorney's fees in the total amount of $1,890,737.50.

The court orders plaintiff Frank Depto to give notice of this ruling.

[1] The court also notes that the Offer to Compromise states that the $1,000,001.00 amount is "inclusive of attorney's fees and costs incurred by Plaintiff[,]" which renders the condition that each party shall bear its or his own fees or costs incurred in this action inconsistent and uncertain. (Skinner Decl., Ex. A, Offer to Compromise, pp. 1:25-2:3, 2:14.) **[*14]** That inconsistency renders the Offer to Compromise invalid since it was not "sufficiently specific [in light of the inconsistency described above] to allow [Plaintiff] to evaluate the worth of the offer and make a reasoned decision whether to accept the offer." (Covert v. FCA USA, LLC (2022) 73 Cal.App.5th 821, 833 [internal quotation marks and citations omitted].)

[2] The court notes that Plaintiff has also claimed other preoffer costs. Because the costs claimed by Plaintiff are the subject of a pending motion to strike or tax costs, the court does not,

in connection with this motion, determine the amount of reasonable preoffer costs claimed in the Memorandum of Costs.

[3] The chart in Plaintiff's moving papers states that Jingozian billed 1.5 hours, but the billing records show that Jingozian billed 1.6 hours. (Pl. Motion, p. 13:10-11; Shegerian Decl., Ex. 26.)

Similarly, the chart states that Kingkade billed 2.6 hours, but the billing records show that Kingkade billed 3.1 hours. (Pl. Motion, p. 13:12; Shegerian Decl., Ex. 28.)

The chart also states that Ter-Mambreyan billed 12.2 hours, but the billing records show that Ter-Mambreyan billed only 11.2 hours. (Pl. Motion, p. 13:13-14; Shegerian Decl., Ex. 29.)

---

**End of Document**