**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS,** Chief Deputy City Attorney (SBN 191992)
**KATHLEEN A. KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney (SBN 192872)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: (213) 978-7023; Fax: (213) 978-8785
Email: christian.bojorquez@lacity.org

*Attorneys for Defendant*, CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,

          Plaintiff,

  v.

CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:23-cv-00789-ODW (PVCx)
*Assigned to Hon. Otis D. Wright*

**DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR NEW TRIAL ON DAMAGES; DECLARATION OF CHRISTIAN BOJORQUEZ; EXHIBITS**

Date: May 18, 2026
Time: 1:30 p.m.
Courtroom: 5D

**TO THE HONORABLE COURT, PLAINTIFF AND TO HER ATTORNEY OF RECORD:**

      PLEASE TAKE NOTICE THAT ON May 18, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D in the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, the Motion for New Trial of Defendants, the CITY OF LOS ANGELES, SERGEANT BRETT HAYHOE, and OFFICER DARYL GLOVER, JR., (hereinafter "Defendants") is to come on for hearing in Courtroom "5D" of the above-entitled Court. Pursuant to Federal Rules of Civil Procedure, Rule 59(a), Defendants move for a new trial on

- i -
DEFENDANTS' JOINT MOTION FOR NEW TRIAL ON DAMAGES

the issue of damages, on the grounds of erroneous evidentiary rulings, jury instructions, and jury verdict form which prevented Defendants from having a fair trial as to damages. Accordingly, a new trial must be granted on behalf of Defendants as to damages, for which Plaintiff Ashlyn Petit was awarded a total of $3 million following trial. The damages were excessive, and influenced by the erroneous evidentiary rulings, jury instructions, and jury verdict form. Thus, a new trial on damages should be granted. Alternatively, a Remittitur should issue vacating the $1.5 million awarded by the jury for "mental and emotional" damages, and "loss of enjoyment of life."

This motion is made following a Local Rule 7-3 meet and confer, which took place via telephone on March 12, 2026.

In compliance with this Court's rules, the Memorandum of Points and Authorities does not exceed 7,000 words.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christian Bojorquez, and Exhibits thereto, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

Dated:  April 6, 2026          HYDEE FELDSTEIN SOTO, City Attorney
                               DENISE C. MILLS, Chief Deputy City Attorney
                               KATHLEEN A. KENEALY, Chief Asst. City Attorney


                               By:  /s/ *Christian Bojorquez*
                                    CHRISTIAN BOJORQUEZ, Deputy City Attorney
                                    *Attorneys for Defendant*, CITY OF LOS ANGELES


DATED:  April 6, 2026          CARPENTER, ROTHANS & DUMONT LLP


                               By:  /S/ Aria Beizai
                                    Steven J. Rothans
                                    Aria Beizai
                                    *Attorneys for Defendants*, SERGEANT BRETT HAYHOE and OFFICER DARYL GLOVER, JR.

- ii -
DEFENDANTS' JOINT MOTION FOR NEW TRIAL ON DAMAGES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department, which occurred on July 18, 2022. Officers responded to multiple calls for service, reporting a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner towards at least one of the 911 callers. When officers responded to the location and observed Mr. Petit matching the suspect's description relayed by dispatch, they attempted to detain Mr. Petit to investigate his possible involvement in the calls for service. The officers made repeated lawful commands for Mr. Petit to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband.

Rather than comply, Mr. Petit continued moving away from them, and brandished what appeared to be a handgun at officers while assuming a shooting stance. Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

Following the shooting, the officers called for an ambulance for Mr. Petit. The ambulance transported Mr. Petit to Cedars-Sinai Medical Center, where he received medical treatment. He was discharged from the hospital on August 8, 2022. Following his discharge from Cedars-Sinai, Mr. Petit received medical care at the Veterans Administration medical center. On an unknown date after November 2023 (the last time anyone had contact with him), Mr. Petit passed away. However, his remains were not discovered until August 4, 2024, more than two years after the July 18, 2022, officer-involved shooting, and more than eight months after anyone last had contact with him.

. . .

. . .

- 1 -

DEFENDANTS' JOINT MOTION FOR NEW TRIAL

On January 14, 2026, Defendants moved to trifurcate the trial in this case into three phases: individual liability, municipal liability, and damages. On February 10, 2026, this Court denied the motion as moot.

On January 14, 2026, Plaintiff moved in limine to exclude evidence of Mr. Petit's drug and alcohol use. On February 10, 2026, this Court granted the motion in limine as to Mr. Petit's historic drug and alcohol use.

Jury trial in this case, including voir dire, took place over five days from February 17 to 24, 2026. On February 25, 2026, the jury returned a verdict finding that Sergeant Hayhoe used excessive force against Mr. Petit. The jury awarded damages of $1.5 million for Mr. Petit's physical injuries, disfigurement, and physical pre-death pain and suffering; and $1.5 million for Mr. Petit's mental and emotional pre-death pain and suffering, distress, grief, humiliation, inconvenience, and loss of enjoyment of life.

## II.    ARGUMENT

### A.    This Court's erroneous evidentiary ruling excluding Mr. Petit's history of drug and alcohol use resulted in an excessive damages award.

A motion for new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). This includes the grounds of (1) an error or errors of law, (2) prejudicial misconduct, or (3) the verdict is against the clear weight of the evidence. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). A new trial is warranted when an erroneous evidentiary ruling "substantially prejudiced" a party. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995).

Plaintiff's Motion In Limine 3 sought to exclude evidence of or reference to Mr. Petit's drug and alcohol use. Dkt. #116. On February 10, 2026, this Court granted Plaintiff's motion as to Mr. Petit's historic drug use. Dkt #154. Mr. Petit's historic drug use, however, is highly relevant to the issue of damages, particularly

damages for "mental and emotional pre-death pain and suffering," "distress," "grief," and "loss of enjoyment of life." Bojorquez Decl, Exh. A [Jury Verdict, Dkt. #193, p. 7.] Essentially, the jury had to determine Mr. Petit's mental and emotional quality of life, and compare the quality of his life before the incident to the quality of his life after the incident. Evidence that Mr. Petit had issues with substance abuse for most of his life, beginning at the age of 13, would have affected the amount of damages awarded for such "quality of life" damages. *Dibbern v. City of Bakersfield* at *7, 2024 WL 3993196 (E.D. Cal. 2024) (denying plaintiff's motion to exclude evidence of plaintiff's pre-incident use of methamphetamine because such evidence "is probative of whether and the extent to which he experienced emotional distress and may be entitled to damages for suffering from emotional distress"); *Conan v. City of Fontana* at *7-8, 2017 WL 894149 (C.D. Cal 2017) (evidence of plaintiff's past drug use is relevant to the issue of emotional damages); see also *Morris v. Long* at *4, 2012 WL 1498889 (E.D. Cal. 2012) (denying plaintiff's motion to exclude evidence of plaintiff's historic mental health and medical histories because such evidence may controvert the claim that defendant caused plaintiff's injuries).

The exclusion of evidence of Mr. Petit's history of drug use is related to this Court's contemporaneous denial of Defendants' motion to trifurcate the trial. Bojorquez Decl., Exh. B [Defendants' Motion to Trifurcate, Dkt. #113.] In that motion, Defendants explained that evidence of Mr. Petit's drug use would be relevant to damages. *Id*. [Defendants' Motion to Trifurcate, Dkt. #113, at p. 6 (p. 3 of the Memorandum of Points and Authorities).]  Since Plaintiff sought to exclude evidence of Mr. Petit's drug and alcohol use, bifurcating liability and damages made sense. *Id*. This Court, however, denied the motion to trifurcate as moot, basing its ruling on the dismissal of Plaintiff's *Monell* claim by stipulation. But the dismissal of the *Monell* claim only mooted the issue of separating the individual officers' liability from the City's liability. It did not moot the issue of certain evidence, such as Mr. Petit's drug use, being relevant to the damages phase of trial.

- 3 -

DEFENDANTS' JOINT MOTION FOR NEW TRIAL

Because this Court did not bifurcate liability and damages, Mr. Petit's history of drug use became relevant in this trial as to the issue of damages, especially as to the quality-of-life damages.

On February 18, 2026, after jury voir dire, this Court reconsidered the issue of Mr. Petit's historic drug use. Defense counsel Mr. Rothans explained that, according to Mr. Petit's medical records, Mr. Petit had been using crystal methamphetamine since the age of 13, and it continued with a "long history of psychosis since his mid-20s in the context of active crystal meth use." Bojorquez Decl., Exh. C [Trial Transcript Vol. 2, p. 120:13-23.] Defense counsel Mr. Bojorquez explained that evidence of Mr. Petit's historic drug use is relevant to the issue of damages, which "is going to obviously initiate these issues regarding the drug abuse and drug history. And the drug history is naturally going to have to come in because it sets a basis or a foundation as to how do you evaluate him after the incident versus prior to the incident." *Id*. [Trial Transcript Vol. 2, p. 133:6-10.]

This Court expressed that it may have been wrong to exclude Mr. Petit's historic drug use: "I said that his historical drug use, you know, did not belong in this case. It may have been wrong. It may have been wrong. It could very well be that with respect to this gentleman. Drug use was a part of his life. And it may have been his method for coping with some of the psychological issues. I don't know. I really don't know." *Id*. [Trial Transcript Vol. 2, p. 137:17-22.]

Plaintiff's counsel Mr. Galipo attempted to limit the issue to Mr. Petit's drug use **after** his discharge from Cedars-Sinai, and then Mr. Galipo argued that Mr. Petit's post-discharge drug use is not relevant to Plaintiff's excessive-force claim. Bojorquez Decl., Exh C [Trial Transcript Vol. 2, pp. 143:12 - 145:5.] Mr. Rothans, however, corrected Mr. Galipo, explaining that Mr. Petit's **historic** drug use, including methamphetamine use since he was 13 years old, is relevant to the issue of damages: "We're talking about damages. … Not liability. Not whether the officers used unreasonable or excessive force, but damages [.]" *Id*. [Trial Transcript Vol. 2, p. 145:8-13.] Mr. Bojorquez further explained that "the

- 4 -
DEFENDANTS' JOINT MOTION FOR NEW TRIAL

argument the defense is making is that his history is related to where he is post-shooting." *Id*. [Trial Transcript Vol. 2, p. 147:4-9.]

This Court considered declaring a mistrial and conducting jury voir dire anew, so that questions about the issue of drug use could be included in voir dire. Bojorquez Decl., Exh C [Trial Transcript Vol. 2, pp. 126:6 - 127:25.] The parties, however, believed that a mistrial may not be necessary. Defense counsel Mr. Bojorquez argued that if the parties could voir dire the present jurors about the issue of drug use, a mistrial could be avoided. *Id*. [Trial Transcript Vol. 2, pp. 132:25 - 134:15.] But Plaintiff's counsel Mr. Galipo -- seemingly based on the mistaken understanding that the discussion only pertained to Mr. Petit's post-discharge drug use -- argued that, instead of further voir dire or a mistrial, this Court could wait and see how Plaintiff's case proceeded before making a decision. *Id*. [Trial Transcript Vol. 2, pp. 143:12 - 145:5.] After considering the issue, this Court (again, possibly due to Mr. Galipo's inaccurate argument that the discussion was limited to Mr. Petit's post-discharge drug use) decided not to change its ruling excluding Mr. Petit's drug use, and to "wait and see what happens." *Id*. [Trial Transcript Vol. 2, p. 149:12-20.] Ultimately, no evidence of or reference to Mr. Petit's historic drug use was admitted into evidence during the trial.

When considering an incident's effect on quality-of-life such as loss of enjoyment of life and mental and emotional pain and suffering and distress, a plaintiff's quality of life prior to the incident in question is highly relevant. Since the jury here was asked to make such a damages consideration, the exclusion of evidence of Mr. Petit's history of drug abuse constituted an error warranting a new trial on damages.

**B.  This Court's errors in including non-physical damages in the jury instructions and jury verdict form resulted in an excessive damages award.**

Respectfully, this Court erred in allowing the jury verdict form to include non-physical damages -- that is, damages for mental and emotional pain and

DEFENDANTS' JOINT MOTION FOR NEW TRIAL

suffering, distress, grief, humiliation, inconvenience, and loss of enjoyment of life; and this Court erred when it provided jury instructions as to these non-physical damages because Plaintiff did not present any evidence whatsoever about Mr. Petit's non-physical or emotional damages. This issue relates to this Court excluding evidence of Mr. Petit's history of drug use, as such evidence would be relevant to these quality-of-life damages.

Erroneous or inadequate jury instructions may constitute errors of law warranting a new trial. *Watson v. City of San Jose*, 800 F.3d 1135, 1140-41 (9th Cir. 2015). Objecting on the record, or requesting a proper instruction that was rejected, preserves this issue as a basis for a new trial. See Fed. R. Civ. P. 51(c), (d)(1)(B). In the present case, on February 24, 2026, before this Court's instructions to the jury, this Court heard arguments on the issue of damages for "mental and emotional pre-death pain and suffering, distress, grief, humiliation, inconvenience and loss of enjoyment of life," and Defendants' counsel argued that such damages were improper because of this Court's exclusion of evidence relating to Mr. Petit's history of drug abuse. Thus, Defendants preserved the issue as a basis for a new trial on damages. Moreover, Defendants note that, even if an objection were not raised at the time (and it was) an erroneous or inadequate jury instruction may still be challenged where it constitutes "plain error." *Bearchild v. Cobban*, 947 F.3d 1130, 1139 (9th Cir. 2020); see also Fed. R. Civ. P. 51(d)(2). "The plain error standard requires the party challenging the instruction to show that: (1) there was error; (2) the error was plain; (3) the error affected that party's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. Sufficient prejudice exists to warrant reversal where "it is impossible to determine from the jury's verdict and evidentiary record that the jury would have reached the same result had it been properly instructed." *Id*.; see also *Hoard v. Hartman*, 904 F.3d 780, 791 (9th Cir. 2018).

. . .

DEFENDANTS' JOINT MOTION FOR NEW TRIAL

Similarly, erroneous jury verdict form questions may be grounds for a new trial. *Lattimore v. Polaroid Corp.*, 99 F3d 456, 468 (1st Cir. 1996) (new trial required where some special verdict questions "should not have been submitted to the jury"); see also *Arban v. West Publishing Corp.*, 345 F3d 390, 404-405 (6th Cir. 2003).

On February 24, 2026, this Court provided its instructions to the jury in the present case. In the jury instructions on "damages," this Court stated, "You should consider the following … the disability, disfigurement, physical impairment, physical pre-death pain and suffering and loss of enjoyment of life Jermaine Petit experienced," and "the mental and emotional pre-death pain and suffering, humiliation, grief, anxiety, and inconvenience Jermain Petit experienced." Bojorquez Decl., Exh. D [Trial Transcript Vol. 5, p. 850:11-16 .] This language is closely mirrored in the jury verdict form's "Damages" section, which asks:

"Question 11: What are Jermaine Petit's damages?

Physical injuries, disfigurement, and physical pre-death pain and suffering
$ _____

Mental and emotional pre-death pain and suffering, distress, grief, humiliation, inconvenience, and loss of enjoyment of life
$ _____"

Bojorquez Decl., Exh. A [Jury Verdict, Dkt. #193, p. 7.]

The jury awarded $1.5 million to Mr. Petit on each line of the "Damages" section of the verdict form, for a total of $3 million. *Id*. However, the Court should not have included the second line in the jury form or the jury instructions -- regarding "mental and emotional" damages and damages for "loss of enjoyment of life" -- as this Court excluded evidence of Mr. Petit's historic drug use. Such evidence would have been directly relevant to these types of "quality of life"

- 7 -

DEFENDANTS' JOINT MOTION FOR NEW TRIAL

damages. Additionally, at trial Plaintiff did not present any evidence that Mr. Petit suffered any mental and emotional distress.

On February 24, 2026, just prior to this Court's instructions to the jury, this Court heard arguments regarding whether it should allow the jury to consider non-physical pain and suffering, especially in light of this Court's exclusion of evidence of Mr. Petit's history of drug abuse. Defense counsel Mr. Bojorquez stated:

> "[I]n the event [the jurors] potentially get to [Question] 11 to provide damages, I think the issue we're looking at is the mental and emotional pre-death pain and suffering. … I think the concern that we have is obviously when it talks about the mental and emotional pre-death pain and suffering, those were some of the issues that we had medical doctors, like Dr. Cohen and other doctors who would have addressed those issues, but because of the circumstances and limitation on mental health issues and drug issues, we stayed away from that information. … So … we would object to the entirety of the emotional issue [and] we would ask that mental and emotional be struck."

Bojorquez Decl., Exh. D [Trial Transcript Vol. 5, pp. 827:24 - 828:17.]

Mr. Bojorquez also explained, "I don't believe there's any evidence of loss of enjoyment of life at all that came in. And I do believe that … stems to some of those medical records that we limited ourselves to highlight. But, you know, there was no evidence of any loss of enjoyment of life." *Id*. [Trial Transcript Vol. 5, p. 828:20-24.]

Additionally, on February 18, 2026, when the parties presented arguments to this Court on the exclusion of Mr. Petit's history of drug abuse, Plaintiff's counsel Mr. Galipo represented to this Court that "we're only claiming physical pain and

suffering." Bojorquez Decl., Exh.C [Trial Transcript Vol. 2, p. 125:6-7.] Because of Mr. Galipo's representation and this Court's order excluding evidence of Mr. Petit's historic drug use, Mr. Bojorquez agreed on February 24, 2026, that the verdict form properly included damages for "physical injuries, disfigurement and physical pre-death pain and suffering" -- and the jury awarded $1.5 million for those physical damages. Bojorquez Decl., Exh. D [Trial Transcript Vol. 5, p. 828:10-12.]; Bojorquez Decl., Exh. A [Jury Verdict, Dkt. #193, p. 7.] However, the verdict form improperly included damages for "mental and emotional" damages and damages for "loss of enjoyment of life." Evidence of Mr. Petit's history of drug use would have been relevant to those types of damages, and Defendants were not allowed to present such evidence. Nor did Plaintiff present any evidence at trial of those types of damages. Thus, it was error for the jury instructions and the jury verdict form to include those damages without any evidence presented at trial to support such a claim, and thus the jury's award of $1.5 million for those damages was improper. *Freeman v. Astrue*, 2009 WL 399664 at *4 (N.D. Cal. 2009) (plaintiff not entitled to jury instruction on issue for which plaintiff did not present any evidence at trial.)

This Court excluded evidence of Mr. Petit's history of drug abuse, yet this Court included damages for mental and emotional pain and suffering, along with loss of enjoyment of life, in its jury instructions and the jury verdict form. Together, these errors resulted in an excessive award for such damages.

## III.   CONCLUSION

Based on the foregoing, Defendants respectfully request this Court grant the instant motion for new trial on damages. Alternatively, Defendants respectfully request that this Court issue a remittitur vacating the $1.5 million that the jury

. . .

. . .

. . .

. . .

DEFENDANTS' JOINT MOTION FOR NEW TRIAL

improperly awarded for mental and emotional pre-death pain and suffering, distress, grief, humiliation, inconvenience, and loss of enjoyment of life.

Dated:  April 6, 2026      HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN A. KENEALY, Chief Asst. City Attorney

By:   /s/ *Christian Bojorquez*
    CHRISTIAN BOJORQUEZ, Deputy City Attorney
*Attorneys for Defendant*, CITY OF LOS ANGELES

DATED:  April 6, 2026    CARPENTER, ROTHANS & DUMONT LLP

By:   /S/ Aria Beizai
    Steven J. Rothans
    Aria Beizai
*Attorneys for Defendants*, SERGEANT BRETT HAYHOE and OFFICER DARYL GLOVER, JR.

- 10 -

DEFENDANTS' JOINT MOTION FOR NEW TRIAL

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants CITY OF LOS ANGELES, certifies that this brief contains 3873 words, which complies with the word limit of L.R. 11-6.1.

Dated:  April 6, 2026     HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN A. KENEALY, Chief Asst. City Attorney

By:   /s/ *Christian Bojorquez*
    CHRISTIAN BOJORQUEZ, Deputy City Attorney
*Attorneys for Defendant*, CITY OF LOS ANGELES

- 11 -

DEFENDANTS' JOINT MOTION FOR NEW TRIAL