**STEVEN J. ROTHANS – State Bar No. 106579**
**KIMBERLY SARMIENTO – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com** / **ksarmiento@crdlaw.com**

Attorneys for Defendants, Sergeant Brett Hayhoe
and Officer Daryl Glover, Jr., public employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**DEFENDANTS' JOINT MOTION TO TRIFURCATE TRIAL**<br><br>Date: February 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

  PLEASE TAKE NOTICE THAT ON February 2, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D in the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, Defendants, City of Los Angeles, a public entity, and Sergeant Brett Hayhoe and Officer Daryl Glover, Jr., public employees, hereby move this Court for an order trifurcating the trial into three phases: (1) individual liability; (2) municipal liability; and (3) damages.

**EXHIBIT  B,  PAGE 1 OF 11**

- 1 -

NOTICE OF DEFENDANTS' JOINT MOTIONTO TRIFURCATE

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 42(b). First, a trial of Plaintiff's municipal liability claim and damages would be moot unless the jury first finds individual liability against the officer defendants. Therefore, trifurcation would potentially preserve significant time and resources for the Court, jury, and the parties. Second, Defendants would be inherently prejudiced if evidence that is relevant only for purposes of Plaintiff's municipal liability claims and alleged damages were to be considered in determining the individual officer defendants' liability. Therefore, trifurcation would preserve significant time and resources for the Court, jury, the and parties.

This motion is made following a Local Rule 7-3 meet and confer, which took place via video conference, per the Court's permission and Order, on January 5, 2026.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Kimberly Sarmiento and exhibits thereto, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

///

///

///

///

///

///

///

**EXHIBIT B, PAGE 2 OF 11**

- 2 -

NOTICE OF DEFENDANTS' JOINT MOTION TO TRIFURCATE

DATED:  January 14, 2026          CARPENTER, ROTHANS & DUMONT LLP

/s/  Kimberly Sarmiento

By: _____

Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl
Glover, Jr., public employees

Dated:  January 14, 2026          Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**SCOTT MARCUS**, Chief Asst. City Attorney

By:    /s/ Christian Bojorquez _____
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**

**EXHIBIT  B,  PAGE 3 OF 11**

- 3 -

NOTICE OF DEFENDANTS' JOINT MOTION TO TRIFURCATE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department ("LAPD"), which occurred on July 18, 2022.  Officers responded to multiple calls for service, which reported concerns of a man who appeared to be armed with a handgun and who brandished the gun in a threatening manner at one of the 911 callers.  When officers responded to the area and observed Mr. Petit matching the suspect description reported by the callers and relayed by dispatch, they attempted to detain him in order to investigate his possible involvement in the calls for service.  Their lawful commands to stop, get against a wall, and show his hands when they observed that he was repeatedly moving his hands towards his waistband fell on deaf ears.

Rather than comply, Petit continued moving away from them, and critically, brandished what appeared to be a handgun at officers while assuming a shooting stance.  Faced with an imminent threat of harm, the officers had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.

## II.    ARGUMENT

### A.    This Court has inherent authority to trifurcate the trial.

A court has the authority to trifurcate any part of a trial under Federal Rule of Civil Procedure, Rule 42. This statute provides, in part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

**EXHIBIT  B,  PAGE 4 OF 11**

DEFENDANTS' JOINT MOTION TO TRIFURCATE

A district court has "broad discretion" to order separate trials. See Danjaq v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001). Under Rule 42(b), courts have the authority to separate trials into liability and damages phases. De Anda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993). A court must determine if separate trials would avoid prejudice to a party or serve the purpose of judicial economy, though only one of these criteria need be met. See, e.g., Diaz v. City of Anaheim, 834 F.3d 1048, 1056 (9th Cir. 2016); Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996). In deciding whether bifurcation or trifurcation is appropriate, district courts consider several factors, including "separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." McDermott v. Potter, 2010 WL 956808, at *1 (N.D. Cal. 2010).

The defendants request that the Court bifurcate this action into the following two phases: (1) determination of whether the officer defendants used excessive force against Jermaine Petit; (2) determination of whether the City of Los Angeles is liable under any of Plaintiff's municipal liability claims; and (3) if a liability finding is made during either liability phase of trial, the amount of damages to be awarded against Defendants, if any, including the amount of punitive damages. Trifurcating the trial in this manner will promote judicial economy and reduce the risk of undue prejudice to Defendants.

**B.      Trifurcating the trial will promote judicial economy.**

Courts have found bifurcation/trifurcation to be appropriate when it would be prejudicial or potentially waste time and resources to allow evidence during a liability phase that is relevant only to damages. Allegro Ventures, Inc. v. Almquist, 2014 WL 1871628, at *17 (S.D. Cal. 2014). Moreover, trifurcating the trial will promote judicial economy because a trial of Plaintiff's municipal liability claims and of Plaintiff's damages will be unnecessary if Plaintiff cannot first establish individual liability.

**EXHIBIT  B,  PAGE 5 OF 11**

- 2 -

DEFENDANTS' JOINT MOTION TO TRIFURCATE

The defendants submit that judicial economy will be served by trifurcating this trial, where there is a considerable amount of evidence that the defendant expects the plaintiff to offer that is relevant only for purposes of damages.  For instance, Plaintiff has designated medical experts, Forensic Pathologist Dr. Bennett Omalu and physiatrist, Dr. Amy Magnusson, to opine about the pain and suffering Mr. Petit experienced following the shooting incident.  In response, the defense had to designate three medical experts for rebuttal to this testimony: Dr. Gary Vilke, Dr. Marc Cohen, and Dr. Thomas Hedge.

Information about certain aspects of Mr. Petit's drug usage and criminal history would be relevant only for purposes of damages, and indeed, Plaintiff is seeking to exclude such evidence from the case entirely.  Plaintiff, herself, would only be able to testify as to issues concerning Mr. Petit's damages, as she was not present at the time of the shooting incident giving rise to this litigation.  Further, there is no overlap between the evidence that will be offered during the liability phase and the evidence that will be offered in the damages phase because the issues are clearly distinct and separable.  During the damages phase, each party will be presenting evidence of Mr. Petit's medical records, which compromise thousands of pages of documents—over 5,000 pages total.  Should the trial be trifurcated, only limited portions of those records would be relevant to Plaintiff's liability claims and any defenses thereto.

As to trifurcation of the municipal liability claim, in City of Los Angeles v. Heller, the Supreme Court held that a claim of municipal liability under Monell cannot stand without a showing that the individual officers violated the plaintiff's constitutional rights. 475 U.S. 796, 799 (1986).  As the Court explained, "[i]f a person has suffered no Constitutional injury at the hands of [an individual police officer], the fact that Departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." Id.  Consequently, because a finding of a constitutional violation is a necessary predicate to the

**EXHIBIT  B,  PAGE 6 OF 11**

- 3 -

DEFENDANTS' JOINT MOTION TO TRIFURCATE

Monell issues, trifurcation of the Monell claim is in the interests of judicial economy and serves to avoid wasting time and resources on a potentially fruitless endeavor.  See Allen v. City of Los Angeles, 2012 WL 1641712, at 2 (C.D. Cal. 2012) ("[T]rying the issues of individual officer liability separately from municipal liability serves the interest of judicial economy"); Sanchez v. City of Riverside, 596 F. Supp. 193, 194 (C.D. Cal. 1984) (having granted bifurcation since "establishing [and defending against] the City's liability under Monell…would be a time-consuming exercise which would, in all probability, be rendered moot by the resolution of plaintiffs' claims against the individual police officer").

Furthermore, bifurcation is especially appropriate where, as here, different facts, evidence, and witnesses will be required to prove the officer defendants' liability for excessive force and the City's liability under Monell.  See Wilkins v. City of Oakland, 2006 WL 305972, at 2 (N.D. Cal. 2006) ("[E]vidence of a municipality's failure to provide training to or to sufficiently supervise an officer is not relevant with respect to the issue of whether such officer acted in an objectively reasonable manner in his/her use of force"); Myatt v. City of Chicago, 816 F. Supp. 1259, 1264 (N.D. Ill. 1992) (bifurcating Monell claims since "different evidence is required to prove individual defendants' liability and the city's liability under Monell").

Here, the claims against the officer defendants are focused on a specific encounter with Mr. Petit, which occurred on July 18, 2022.  The evidence related to this incident will revolve around testimony of Sergeant Hayhoe, Officer Glover, and Officer Martinez, photographs of the scene, body worn camera footage, etc. This evidence will not involve or overlap with evidence of the LAPD's polices, training, whether the City had a policy or practice of excessive force.  Further, because it is readily apparent that Plaintiff's focus on the municipal liability claim will not be on the shooting incident itself, but on numerous other instances, potentially involving Sergeant Hayhoe and Officer Glover—and certainly

**EXHIBIT  B,  PAGE 7 OF 11**

- 4 -

DEFENDANTS' JOINT MOTION TO TRIFURCATE

involving LAPD officers uninvolved in the subject shooting— to the extent any of that evidence is deemed admissible (the defendants have sought to exclude it), that evidence will consist of testimony from a variety witnesses and voluminous evidence entirely unrelated to the shooting involving Mr. Petit.  This evidence is certain consume a substantial amount of time.

If no liability is found against the officer defendants, then phase two and three of the trial will not occur, and the testimony of each party's experts and all damages-only witnesses and witnesses concerning the LAPD's policies and procedures will not need to testify.  Therefore, trifurcation of the issues has the potential to save the resources of the Court and the parties involved.

**C.** **Trifurcation is necessary to avoid prejudice and confusion of the issues.**

In trifurcating claims, federal courts are concerned not only about judicial economy, but also about potential confusion and prejudice to the defendants. Quintilla v. City of Downey, 84 F.3d at 353, 356 (9th Cir. 1996).  Where evidence "has little, and in large part no, relevance to the liability issue, district courts should bifurcate…"  Huizar v. City of Anaheim (Estate of Diaz), 840 F.3d 592, 603 (9th Cir. 2016).  "Evidence is unfairly prejudicial if it tends to suggest decision on an improper basis, particularly an emotional one."  Green v. Baca, 226 F.R.D. 624, 634 (C.D. Cal. 2005).

The sole focus of the trial during the liability phase will be whether the officer defendants used excessive force.  If the jury were permitted to hear evidence from Mr. Petit's daughter concerning the purported pain and suffering experienced by Mr. Petit following the shooting incident, the jury's verdict may be motivated by sympathy for Mr. Petit—and not based on liability.  Undoubtedly, Plaintiff would introduce this evidence to elicit an emotional response and sympathy from the jury in presenting this evidence.  However, evidence such as this plays absolutely no role in determining the defendants' liability, and the

**EXHIBIT  B,  PAGE 8 OF 11**

- 5 -

DEFENDANTS' JOINT MOTION TO TRIFURCATE

evidence is irrelevant to the issue of liability. If any of it is admitted during the liability phase, it could wrongfully influence a jury's determination, and result in a decision based purely on emotions. If this type of evidence is presented during the liability phase, it could result in the jurors focusing on the residual effects of a situation rather than on the actual events that occurred on July 18, 2022. See, e.g., Conan v. City of Fontana, 2017 WL 8941499, at *7-8 (C.D. Cal. 2017) (bifurcating damages from liability in a police case where evidence of a plaintiff's criminal history and prior drug use was relevant to emotional damages and loss of consortium, but not relevant to liability).

As to the issue of damages, to be entitled to a trial on punitive damages in the first instance, the plaintiff must prove, by clear and convincing evidence that Sergeant Hayhoe and/or Officer Glover acted with malice, oppression or fraud, i.e., the intent to cause injury or conduct that was despicable and done with a willful and knowing disregard of the rights or safety of Mr. Petit. See CACI 3940. If a jury concludes that the individual officer did not violate Mr. Petit's civil rights or otherwise acted unlawfully, it would be unnecessary for the jury to hear and consider evidence relative to the propriety and amount of any proposed punitive damages, thus promoting convenience and judicial economy. See Figueroa v. Gates, 207 F.Supp.2d 1085 (C.D. Cal. 2002) (finding that bifurcation of punitive damages from liability phase of trial will promote convenience and efficiency to try the individual liability issues first). Moreover, allowing evidence relative to punitive damages during the liability phase of the trial would severely prejudice the individual officers in that liability would seem a foregone conclusion and there is the significant likelihood that the jurors would confuse the liability issues with the punitive damages issues.

Regarding the municipal liability claim, allowing Plaintiff to argue and offer evidence that is relevant (if at all) only to the claim against the City (i.e. whether the City had a policy of permitting excessive force) prior to any finding of a

**EXHIBIT B, PAGE 9 OF 11**

- 6 -

DEFENDANTS' JOINT MOTION TO TRIFURCATE

constitutional violation, Sergeant Hayhoe and Officer Glover would be severely prejudiced. Evidence that is relevant only to the municipal liability theory, but has no bearing on the shooting incident involving Mr. Petit, would be dangerously prejudicial to the defendants during the individual liability phase because it has nothing to do with whether the force that was used on Mr. Petit was objectively reasonable. Accordingly, allowing this type of evidence during the individual liability phase could result in the jurors punishing Sergeant Hayhoe and Officer Glover if they believe that the City's policies and procedures were improper. Further, because Plaintiff may seek to present evidence of Sergeant Hayhoe's and Officer Glover's prior uses of force in support of her Monell claim, such evidence is likely to prejudice the officer defendants, where the jury may confuse the issues or seek to hold them liable in this case for prior uses of force rather than the force used in this case. This would also consume an undue amount of the Court's time by resulting in a series of mini-trials within a trial.

In Quintanilla, the Ninth Circuit, in upholding the district court's decision to bifurcate, found that introduction of evidence relevant only to a claim of municipal liability was "premature" since "[a]dmitting evidence pertaining to the Monell issue could well have unfairly prejudiced the Chief and city and confused the jury as it considered the individual officers' actions." Id. at 84 F.3d at 356. Numerous other courts have bifurcated Monell claims in excessive force cases based on similar concerns of prejudice. See, e.g., Green, 2014 WL 174988, at *2 (bifurcating where plaintiff's complaint "makes it abundantly clear that plaintiff's evidence of Monell liability will involve presenting prior excessive force incidents unrelated to the alleged . . . beating of plaintiff."); Stringer v. City of San Pablo, 2009 WL 5215396 at *7 (N.D. Cal. 2009) (holding that Monell bifurcation "minimizes any potential prejudice to the parties"). As the district court noted in Green, "[c]ases in which courts have bifurcated whether there has been an underlying constitutional violation from Monell liability for trial have all involved

**EXHIBIT B, PAGE 10 OF 11**

- 7 -

DEFENDANTS' JOINT MOTION TO TRIFURCATE

claims against individual officers as well as against the municipality. Bifurcation is appropriate in such a situation to protect the individual officer defendants from the prejudice that might result if a jury heard evidence regarding the municipal defendant's allegedly unconstitutional policies." Id. at 226 F.R.D. 624, 633. This is precisely the situation here, and, as such, trifurcation of the issues of individual and municipal liability is proper.

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully request this Court grant the instant Motion to Trifurcate and issue an order trifurcating the trial into three phases: (1) individual liability; (2) municipal liability; and (3) damages, including the amount of punitive damages against Defendants, if any.

DATED:  January 14, 2025          CARPENTER, ROTHANS & DUMONT LLP

/s/  Kimberly Sarmiento

By:  _____
Steven J. Rothans
Kimberly Sarmiento
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl
Glover, Jr., public employees

Dated:  January 14, 2026          Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**SCOTT MARCUS**, Chief Asst. City Attorney

By:   /s/ Christian Bojorquez   _____
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**

**EXHIBIT  B,  PAGE 11 OF 11**

- 8 -

DEFENDANTS' JOINT MOTION TO TRIFURCATE