UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE OTIS D. WRIGHT, U.S. DISTRICT JUDGE


JERMAINE PETIT, et al.,        )
                               )
          PLAINTIFFS,          )     CASE NO.
                               )
            vs.                )     CV 23-00789-ODW
                               )
CITY OF LOS ANGELES,           )
et al.,                        )     VOLUME 5
                               )     PAGES 717 TO 936
          DEFENDANTS.          )
_____)


REPORTER'S TRANSCRIPT OF
JURY TRIAL DAY 5
TUESDAY, FEBRUARY 24, 2026
9:00 A.M.
LOS ANGELES, CALIFORNIA


_____

MIRANDA ALGORRI, CSR 12743, RPR, CRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST 1ST STREET, SUITE 4455
LOS ANGELES, CALIFORNIA 90012
MIRANDAALGORRI@GMAIL.COM


**EXHIBIT D,  PAGE 1 OF 5**

MR. ROTHANS:  No, it does not.

MR. GALIPO:  Being shot.

THE COURT:  Yeah.

MR. ROTHANS:  Everything -- to what other mental issues they were experiencing post shooting?  Are we going to take it in a vacuum?

MR. GALIPO:  We could say --

THE COURT:  One second.

MR. GALIPO:  Sorry.

Right.  I mean, we could say, "If you answer yes to questions 2, 4, 6, 8 or 10, go to 11," because any one of them trigger damages.

THE COURT:  Okay.  What?

MR. BOJORQUEZ:  I think Mr. Rothans had addressed it a little bit, but on Question Number 11, where it says "mental and emotional," and then it says "Pre-death pain and suffering" --

THE COURT:  What are you talking about?

MR. BOJORQUEZ:  Question Number 11 on the special verdict form?

THE COURT:  We're not going to get that far.  After you go and answer no to Question Number 9, we're going to be directing them to sign and date it.

MR. BOJORQUEZ:  We understand that.  But in the event they potentially get to 11 to provide damages, I think

**EXHIBIT  D,  PAGE 2 OF 5**

the issue we're looking at is the mental and emotional pre-death pain and suffering.  I think the problem we have is that -- I think the concern that we have is obviously when it talks about the mental and emotional pre-death pain and suffering, those were some of the issues that we had medical doctors, like Dr. Cohen and other doctors who would have addressed those issues, but because of the circumstances and limitation on mental issues and drug issues, we stayed away from that information.

So I think -- I think, you know, again, it looks up on the first portion it says, "Physical injuries, disfigurement and physical pre-death pain and suffering," yes. But I don't really think that -- I guess the best, if we -- we would object to the entirety of the emotional issue, because I don't think there's any issue of it at -- post incident, but obviously I think we would say -- we would ask that mental and emotional be struck, and it just write -- or it should read, "Pre-death pain and suffering, distress, grief, humiliation, inconvenience."

I don't believe there's any evidence of loss of enjoyment of life at all that came in.  And I do believe that, again, that goes -- stems to some of those medical records that we limited ourselves to highlight.  But, you know, there was no evidence of any loss of enjoyment of life.

MR. GALIPO:  Obviously there was, because his

**EXHIBIT  D,  PAGE 3 OF 5**

the Court does not mean to suggest for which party your verdict should be rendered.  If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.

You should consider the following:

1, the nature and extent of Jermaine Petit's injuries;

2, the disability, disfigurement, physical impairment, physical pre-death pain and suffering and loss of enjoyment of life Jermaine Petit experienced;

3, the mental and emotional pre-death pain and suffering, humiliation, grief, anxiety, and inconvenience Jermaine Petit experienced;

4, the reasonable value of necessary medical and psychological care, treatment, and services Jermaine Petit received.

No fixed standard exists for deciding the amount of noneconomic damages.  You must use your judgment to evaluate -- to decide a reasonable amount based on the evidence and your common sense.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.  I urge --

During your deliberations, you will not have a

**EXHIBIT  D,   PAGE 4 OF 5**

CERTIFICATE OF OFFICIAL REPORTER

I, MIRANDA ALGORRI, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS __25TH__ DAY OF FEBRUARY, 2026.

_____
MIRANDA ALGORRI, CSR NO. 12743, CRR
FEDERAL OFFICIAL COURT REPORTER

**EXHIBIT D, PAGE 5 OF 5**