**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS,** Chief Deputy City Attorney (SBN 191992)
**KATHLEEN A. KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney (SBN 192872)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: (213) 978-7023; Fax: (213) 978-8785
Email: christian.bojorquez@lacity.org

*Attorneys for Defendant*, CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-00789-ODW (PVCx) <br> *Assigned to Hon. Otis D. Wright* <br><br> **DEFENDANTS' JOINT NOTICE OF MOTION AND RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW; DECLARATION OF CHRISTIAN BOJORQUEZ; EXHIBITS** <br><br> Date: May 18, 2026 <br> Time: 1:30 p.m. <br> Courtroom: 5D |

**TO THE HONORABLE COURT, PLAINTIFF AND TO HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT ON May 18, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D in the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, the Renewed Motion for Judgment as a Matter of Law of the CITY OF LOS ANGELES, A PUBLIC ENTITY, SERGEANT BRETT HAYHOE and OFFICER DARYL GLOVER, JR (hereinafter "Defendants"), is to come on for hearing in Courtroom "5D" of the above-entitled Court. Pursuant to Federal Rules of Civil Procedure,

- i -
DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

Rule 50(b), Defendants renew their motion for judgment as a matter of law on the following claims and defenses:

1. Plaintiff's 42 U.S.C. § 1983 denial of medical care claim fails because the officers timely called for medical care, no evidence suggests that any delay worsened Mr. Petit's injuries, and Sergeant Hayhoe is entitled to qualified immunity;

2. Plaintiff's intentional infliction of emotional distress claim fails because no evidence suggests that the officers' conduct was extreme or outrageous;

3. The defendant officers are entitled to qualified immunity because the officers acted reasonably given the totality of the circumstances and the law was not clearly established that shooting Mr. Petit in this specific factual instance was unconstitutional.

4. Plaintiff's 42 U.S.C. § 1983 excessive force claim and the state battery claim fail because the officers' use of force was objectively reasonable;

This motion is made following a Local Rule 7-3 meet and confer, which took place telephonically on March 12, 2026.

In compliance with this Court's rules, the Memorandum of Points and Authorities does not exceed 7,000 words.

This motion is based upon this Notice of Motion and Renewed Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christian Bojorquez, and Exhibits thereto, any matters of which the Court may

. . .

. . .

. . .

. . .

. . .

. . .

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

Dated:  April 6, 2026    HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN A. KENEALY, Chief Asst. City Attorney


By:  /s/ *Christian Bojorquez*
CHRISTIAN BOJORQUEZ, Deputy City Attorney
*Attorneys for Defendant*, CITY OF LOS ANGELES


DATED:  April 6, 2026    CARPENTER, ROTHANS & DUMONT LLP


By:  /S/ Aria Beizai
Steven J. Rothans
Aria Beizai
*Attorneys for Defendants*, SERGEANT BRETT HAYHOE and OFFICER DARYL GLOVER, JR.

- iii -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   STANDARDS ON JUDGMENT AS A MATTER OF LAW............................2

III.  ARGUMENT ......................................................................................................3

    A.    The Court should grant JMOL on the Medical-Care Claim, and find Sergeant Hayhoe is entitled to qualified immunity on this claim. ..........3

    B.    The Court Should Grant JMOL on Plaintiff's Intentional Infliction of Emotional Distress Claim. ......................................................................5

    C.    Sergeant Hayhoe is entitled to qualified immunity on the Fourth Amendment Excessive Force Claim. .......................................................7

    D.    On the Excessive Force and Assault/Battery claims, the evidence established that the officers' use of force was objectively reasonable..11

III.  CONCLUSION .................................................................................................16

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

# TABLE OF AUTHORITIES

Cases                                                                                    Page(s)

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011)......................................................................................8

*Bryan v. MacPherson*,
  630 F.3d 805 (9th Cir. 2010).......................................................................12

*Cartwright v. City of Concord*,
  618 F.Supp. 722 (N.D. Cal. 1985) ...............................................................4

*City & County of San Francisco v. Sheehan*,
  135 S. Ct. 1765 (2015) ..............................................................................7, 8

*City of Escondido v. Emmons*,
  139 S.Ct. 500 (2019) ..................................................................................5, 7

*Deorle v. Rutherford*,
  272 F.3d 1272 (9th Cir. 2010) .....................................................................13

*District of Columbia v. Wesby*,
  138 S.Ct. 577 (2018) ..................................................................................5, 8

*Escriba v. Foster Poultry Farms, Inc.*,
  743 F.3d 1236 (9th Cir. 2014) .......................................................................2

*George v. Morris*,
  736 F.3d 829 (9th Cir. 2013).......................................................................13

*Glenn v. Washington County*,
  673 F.3d 864 (9th Cir. 2011).......................................................................13

*Gonzalez v. City of Anaheim*,
  747 F.3d 789 (9th Cir. 2014).......................................................................12

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

*Graham v. Connor*,

490 U.S. 386 (1989)......................................................................................11, 12, 13

*Harper v. City of Los Angeles*,

533 F.3d 1010 (9th Cir. 2008) ...............................................................................2

*Harper*,

533 F.3d................................................................................................................3

*Harris Corp. v. Ericsson Inc.*,

417 F.3d 1241 (Fed. Cir. 2005)..............................................................................3

*Hughes v. Pair*,

46 Cal. 4th 1035 (Cal. 2009)..................................................................................6

In *C.V. by & through Villegas v. City of Anaheim*,

823 F.3d 1252 (9th Cir. 2016) .........................................................................9, 10

*Kisela v. Hughes*,

138 S. Ct. 1148 (2018) .......................................................................................7, 9

*Lal v. California*,

746 F.3d 1112 (9th Cir. 2014) ...............................................................................7

*Maddox v. City of Los Angeles*,

792 F.2d 1408 (9th Cir. 1986) ...............................................................................4

*Mattos v. Agarano*,

661 F.3d 433 (9th Cir. 2011)..................................................................................7

*McLenagan v. Karnes*,

27 F.3d 1002 (4th Cir. 1994)..................................................................................9

*Mullenix v. Luna*,

136 S.Ct. 305 (2015)...............................................................................................7

*Munoz v. City of Union City*,

120 Cal. App. 4th 1077 (2004) .............................................................................11

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

*Nicholson v. City of Los Angeles*,

   935 F.3d 685 (9th Cir. 2019)............................................................................10

*Pavao v. Pagay*,

   307 F.3d 915 (9th Cir. 2002)............................................................................2

*Plumhoff v. Rickard*,

   572 U. S. 765 (2014)...................................................................................7, 8

*Potter v. Firestone Tire & Rubber Co.*,

   6 Cal.4th 965 (Cal. 1993)................................................................................6

*Reese v. Anderson*,

   926 F.2d 494 (5th Cir. 1991)............................................................................9

*Romero v. Kitsap Cty.*,

   931 F.2d 624 (9th Cir. 1991)............................................................................7

*Ryder v. City of Topeka,*

   814 F.2d 1412 (10th Cir. 1987) .......................................................................9

*Scott v. Harris*,

   550 U.S. 372 (2007)......................................................................................15

*Scott v. Henrich*,

   39 F.3d 912 (9th Cir. 1994)............................................................................12

*Shafer v. Cty. of Santa Barbara*,

   868 F.3d 1110 (9th Cir. 2017) .........................................................................7

*Sherrod v. Berry*,

   856 F.2d 802 (7th Cir. 1988)............................................................................9

*Smith v. City of Hemet*,

   394 F.3d 689 (9th Cir. 2005)...................................................................6, 12, 13

*Tatum v. City and County of San Francisco*,

   441 F.3d 1090 (9th Cir. 2006) .........................................................................4

- vii -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

*Tennessee v. Garner*,

471 U.S. 1 (1985)...............................................................................................11, 13

*Terry v. Ohio*,

392 U.S. 1 (1975).....................................................................................................12

*Thompson v. Hubbard*,

257 F.3d 896 (8th Cir. 2001).....................................................................................9

*Vos v. City of Newport Beach,*

892 F.3d 1024 (9th Cir. 2018) ..................................................................................7

*Waid v. Lyon County*,

2022 WL 464304 (D. Nev. 2022) .............................................................................4

*West v. City of Caldwell*,

931 F.3d 978 (9th Cir. 2019).....................................................................................8

*White v. Pauly*,

137 S. Ct. 548 (2017) ................................................................................................8

*Wong v. Jing*,

189 Cal.App.4th 1354 (Cal.App. 2010)....................................................................6

Statutes

42 U.S.C. § 1983....................................................................................................4, 11

Penal Code section 148...............................................................................................14

Other Authorities

CACI 1600......................................................................................................................5

CACI 1604......................................................................................................................6

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil action arises out of a non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department, which occurred on July 18, 2022.  On that date, two 911 callers called police regarding a man matching Mr. Petit's description.  The first caller stated Mr. Petit was armed with a black semi-automatic handgun.  The second caller reported that Petit was walking toward a school and although the second caller did not know if Mr. Petit had a handgun, the second caller reported that Mr. Petit was carrying a stick and lighting trash on fire.  The dispatchers who took the 911 calls reported on the radio that an assault with a deadly weapon suspect was lighting something on fire.

When LAPD Officers Glover and Martinez responded to the scene, they saw Mr. Petit and believed he was the suspect described in the radio calls.  When they arrived, they attempted to detain him and ordered him to "come here", "get your hands out of your pockets", and asked Mr. Petit what was in his hands.  Mr. Petit did not comply with any of the officers' commands and began to walk away from them.  Officer Glover observed that Mr. Petit had a water bottle in his left hand and something in his right hand that Officer Glover initially thought might be a weapon.  However, moments later, he heard Officer Martinez say "it's not a gun bro."  Meanwhile, LAPD Sergeant Hayhoe arrived and followed and tracked Petit from Sgt. Hayhoe's police vehicle.  Sgt. Hayhoe saw that Mr. Petit was not following Officer Glover and Officer Martinez's commands.  Although Sgt. Hayhoe initially did not see anything in Mr. Petit's hands, as Mr. Petit was about to cross the street, Sgt. Hayhoe saw what he reasonably believed was the barrel of a gun pointing in his general direction, and he also saw Mr. Petit with his hands in his waistband are.  Thus, Sgt. Hayhoe fired two shots from his service weapon which hit Mr. Petit in the side of his face.  Officer Glover, reasonably believing

- 1 -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

that Mr. Petit was the shooter, fired his service weapon which hit Mr. Petit in the back.  After Mr. Petit went down to the ground, the officers saw that Mr. Petit was carrying a car part.  Within four minutes, the officers summoned medical care for Mr. Petit.  No evidence suggested that Mr. Petit's injuries were worsened or would have been any different if he received medical care any sooner.

Plaintiff sued the City of Los Angeles, Officer Glover, and Sergeant Hayhoe.  Right before trial, Mr. Petit dismissed the City as a defendant and proceeded to trial against Officer Glover and Sgt. Hayhoe on the following claims: (1) Fourth Amendment Excessive Force; (2) Fourth Amendment delay, denial, or obstruction of medical care to Petit; (3) state law battery; (4) Bane Act; (5) intentional infliction of emotional distress.  The jury returned a verdict in favor of Officer Glover and against Sgt. Hayhoe on the first two claims and the fifth claim, a verdict against both Sgt. Hayhoe and Officer Glover on the third claim, and a verdict in favor of both officers on the fourth claim.  The jury awarded Mr. Petit $1,500,000 for his physical injuries, disfigurement, and physical pre-death pain and suffering, and $1,500,000 for his mental and emotional pre-death pain and suffering, distress, grief humiliation, inconvenience, and loss of enjoyment of life. (Verdict Form).

## II.   STANDARDS ON JUDGMENT AS A MATTER OF LAW

The district court properly grants judgment as a matter of law "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."  *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). The district court must uphold the jury's verdict "if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008)).  "Reviewing a renewed motion for JMOL requires scrutiny of the entire evidentiary record, but

- 2 -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

the court 'must not weigh the evidence, [and instead] should simply ask whether the [nonmoving party] has presented sufficient evidence to support the jury's conclusion.'  In doing so, the court must draw all reasonable inferences in favor of the nonmoving party and 'disregard all evidence favorable to the moving party that the jury is not required to believe.'"  *Escriba*, 743 F.2d at 1242-1243 (quoting *Harper*, 533 F.3d 10 1021).  However, the review "is not restricted to the law as stated in the jury instructions."  *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1252 (Fed. Cir. 2005). The question is whether the evidence supports the jury verdict as a matter of law. *Id.*

## III.    ARGUMENT

### A.    The Court should grant JMOL on the Medical-Care Claim, and find Sergeant Hayhoe is entitled to qualified immunity on this claim.

To recover on a claim for failure to summon medical care, Plaintiff must prove the following elements: (1) the officers "knew or should have known of Jermaine Petit's immediate need for medical care; (2) [the officers] unreasonably delayed, interfered with, or obstructed the provision of medical care to Mr. Petit; and (3) the delay, interference, or obstruction was a cause of injury, damage, loss, or harm to Mr. Petit."  Bojorquez Decl., Exh. A [Delay of Medical Care Jury Instruction, Dkt. #168, p. 22.] Although Plaintiff proved the first element, she did not present any evidence that proved the second and third elements.

Here, as soon as the officers secured Mr. Petit and made sure he was no longer a danger to anyone, Sgt. Hayhoe directed an officer to render CPR to Mr. Petit and another officer requested a rescue ambulance.  Bojorquez Decl., Exh. B [Trial Transcript Vol. 2, p. 322:13-18]; Bojorquez Decl. Exh. E [Trial Transcript Vol. 5, p. 784:9-15] (officers performed basic first aid until the ambulance arrived).  It was undisputed that officers called for a rescue ambulance within four minutes of the shooting.  (Incident recall report). "Here, the officers promptly

- 3 -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

requested medical assistance, and the Constitution required them to do no more." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006). Although Plaintiff's police practices expert opined that waiting four minutes to call for an ambulance was unreasonable, he does not explain why it was unreasonable or present any evidence that the four minute delay harmed Mr. Petit or exacerbated his injuries from the shooting. Bojorquez Decl., Exh. C [Trial Transcript Vol. 3, pp. 544:11-21, 557:10-20.] Plaintiff's medical expert pathologist, Dr. Omalu also did not offer any testimony that waiting four minutes to call an ambulance was either unreasonable or exacerbated Mr. Petit's injuries.

In contrast, Defendants' police practices expert explained why waiting four minutes to call the rescue ambulance was reasonable.  First, the officers needed to secure the scene and handcuff Mr. Petit to make sure that he could not reach what the officers reasonably believed was a gun, while he was lying on the ground. Additionally, even if an ambulance arrived sooner, the emergency medical technicians will normally wait until they get the all clear from the police that the scene is safe to approach.  Bojorquez Decl., Exh. E (Trial Transcript Vol. 5, pp. 763:25-765:16, 783:23-785:21.]

Case law is in accord.  See, e.g., *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986) ("Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital."); *Cartwright v. City of Concord*, 618 F.Supp. 722, 279 (N.D. Cal. 1985) (five to seven minute delay in starting CPR did not result in 42 U.S.C. § 1983 liability); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) ("a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment, even if the officer did not administer CPR."); *Waid v. Lyon County*, 2022 WL 464304 at *6 (D. Nev. 2022) (six minute delay in

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

summoning medical care after an officer involved shooting did not violate plaintiff's constitutional rights).

Since Sgt. Hayhoe did not violate a clearly established right by waiting four minutes to request a rescue ambulance or not performing CPR on Mr. Petit personally, the Court should find Sgt. Hayhoe is entitled to qualified immunity on this claim. *City of Escondido v. Emmons*, 139 S.Ct. 500, 503 (2019) ("Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018) (" to be clearly established, a legal principle must be settled law,' and it must clearly prohibit the officer's conduct in the particular circumstances before him.").

Here, Plaintiff cannot meet the standard on the claim for failure to summon medical assistance because the case law cited above is to the contrary. Thus, it would not have been clearly established to Sgt. Hayhoe that he violated Mr. Petit's rights by failing to personally perform CPR or by waiting four minutes until the scene was secured to ensure that someone summoned medical assistance for Mr. Petit.

**B.   The Court Should Grant JMOL on Plaintiff's Intentional Infliction of Emotional Distress Claim.**

To prevail on the claim for intentional infliction of emotional distress, Plaintiff needed to prove (1) that the officers engaged in outrageous conduct; (2) that the officers "acted with reckless disregard of the probability Jermain Petit would suffer emotional distress; (3) that Plaintiff Jermain Petit suffered severe emotional distress; and (4) that the conduct by [the officers] was a substantial factor in causing Petit's severe emotional distress." Bojorquez Decl., Exh. A [IIED Jury Instruction, Dkt. #168, p. 26]; see also CACI 1600. Severe emotional distress is defined as "suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock humiliation, and shame" which is not "mild or brief; it must be so

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

substantial or long lasting that no reasonable person in a civilized society should be expected to bear it." Bojorquez Decl., Exh. A [IIED Jury Instruction, Dkt. #168, p. 28]; see also CACI 1604.

As explained below, the officers did not engage in outrageous conduct because they reasonably believed Mr. Petit had a weapon and was about to harm Sgt. Hayhoe. Officers have the right to use deadly force to defend against imminent bodily death or great bodily injury. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005).

Here, Plaintiff presented no evidence that Mr. Petit suffered anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation or shame. When Mr. Petit's daughter testified about her interaction with Mr. Petit after he was released from the hospital in August 2022, she testified only about his physical condition. She did not offer any testimony or evidence regarding his mental state or how he felt about the shooting. Although Dr. Omalu reviewed Mr. Petit's medical records which reflected the treatment he received from Cedars Sinai in the three weeks after the incident, he similarly did not offer any evidence or testimony regarding Mr. Petit's emotional state.

Finally, nothing in Mr. Petit's medical records from the Veteran's Administration, between August 2022 until his last visit sometime in October 2023, suggested that he suffered any emotional distress or pain or suffering as a result of the incident. Bojorquez Decl., Exh. D [Trial Transcript Vol. 4, p. 711:6-21]; see *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (Cal. 2009) ("plaintiff's assertions that she has suffered discomfort, worry, anxiety, upset stomach, concern and agitation as the result of defendant's comments to her on the telephone and at the museum [on the day of the incident] do not comprise " 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.' ") (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1051 (Cal. 1993)); *Wong v. Jing*, 189 Cal.App.4th

- 6 -

1354, 1376 (Cal.App. 2010) ("to make out a[n IIED] claim, the plaintiff must prove that emotional distress was *severe* and not trivial or transient.") (emphasis in original).

### C. Sergeant Hayhoe is entitled to qualified immunity on the Fourth Amendment Excessive Force Claim.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019). To overcome a finding that the officers are entitled to qualified immunity, the burden is on the plaintiffs to prove that the right the officers violated was clearly established at the time of the incident. See *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011); *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014); *Vos v. City of Newport Beach,* 892 F.3d 1024 (9th Cir. 2018); *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991) ("[t]he plaintiff bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct."); *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015).

The Supreme Court has made clear that, in excessive-force cases such as this, "police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018). "An officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.' [Citation.] That is a necessary part of the qualified-immunity standard . . ." Id., citing *Plumhoff v. Rickard*, 572 U. S. 765, 778-79 (2014). In *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015), the High Court reiterated:

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

"We have repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality. Qualified immunity is no immunity at all if "clearly established" law can simply be defined as the right to be free from unreasonable searches and seizures."

*Id*. at 1775-76. (internal quotation and citations omitted.)

The Supreme Court continually stresses the requirement that there be specific, clearly established precedent that would put an officer on notice that his conduct would violate the law. See *District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018) ("To be clearly established, a legal principle must be 'settled law,' [citation], and it must clearly prohibit the officer's conduct in the particular circumstances before him."); *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) ("The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."); *Plumhoff*, 572 U.S. at 779 (stating that clearly established law cannot be generally defined "since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced."). In *White v. Pauly*, the Court explained the reason that the law must be clearly established and "particularized" to the facts of the case is because, "[o]therwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017).

To determine whether a law is clearly established, a court "must locate a controlling case that 'squarely governs the specific facts at issue,' except in the 'rare obvious case' in which a general legal principle makes the unlawfulness of the officer's conduct clear despite a lack of precedent addressing similar circumstances." *West v. City of Caldwell*, 931 F.3d 978, 983 (9th Cir. 2019)

- 8 -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

(citation omitted). It is not enough that a fact pattern be "analogous." See *Kisela*, 138 S. Ct. at 1151 (reversing Ninth Circuit decision denying qualified immunity "because of Circuit precedent that the court perceived to be analogous").

Importantly, even in cases where no weapon was found, Courts have found the use of deadly force reasonable even in circumstances where it is later discovered that the suspect was unarmed; reasonableness is determined based upon the information available to the officer at the time the force is applied, not based upon later-acquired information. See, e.g., *Sherrod v. Berry*, 856 F.2d 802, 804-05 (7th Cir. 1988); *McLenagan v. Karnes*, 27 F.3d 1002, 1005 (4th Cir. 1994); *Reese v. Anderson*, 926 F.2d 494, 496, 500-01 (5th Cir. 1991); *Ryder v. City of Topeka*, 814 F.2d 1412, 1421 (10th Cir. 1987). "An officer is not constitutionally required to wait until he sets eyes upon the weapon before employing deadly force to protect himself against a fleeing suspect who turns and moves as though to draw a gun." *Thompson v. Hubbard*, 257 F.3d 896, 899 (8th Cir. 2001). Indeed, the *Sherrod* Court held that evidence the suspect was unarmed is not only irrelevant, but also inadmissible in evidence. *Sherrod*, 856 F.2d at 805-07.

Applying these concepts to the facts of this case, Plaintiff cannot bear her burden of demonstrating that, on July 18, 2022, the law was clearly established that the use of deadly force on Mr. Petit was improper under the circumstances the officers faced. To the contrary, Ninth Circuit precedent directly on point with this case confirms that the defendant officers' conduct was objectively reasonable:

In *C.V. by & through Villegas v. City of Anaheim*, 823 F.3d 1252 (9th Cir. 2016), the trial court granted summary judgment in a shooting that occurred while officers responded to reports of a suspected drug dealer armed with a gun, finding that the officers' use of deadly force was objectively reasonable, even though it was later discovered that the subject's weapon was a BB gun. *Id*. at 1252, 1254. The Ninth Circuit reversed the trial court's granting of summary judgment as to the Fourth Amendment claim because of discrepancies among the shooting officers'

- 9 -

testimony regarding whether decedent pointed the gun and/or whether he was putting his arms up in compliance with officers' commands, immediately prior to the shooting. *Id*. at 1255-56. However, the Ninth Circuit agreed with the district court that it was not clearly established that using deadly force under the circumstances where officers perceived the BB gun to be an actual gun, regardless of whether he pointed the gun at the officers, because the decedent failed to comply with commands to put the gun down. *Id*. at 1257.

The Ninth Circuit has also granted qualified immunity to an officer who fired at a group of bystanders because he perceived one of them to be armed with a gun, even when the gun was later discovered to be a toy. *Nicholson v. City of Los Angeles*, 935 F.3d 685, 695-96 (9th Cir. 2019). In *Nicholson*, an officer fired multiple shots at a group of four teenagers after observing one of the teenagers pointing, what officers believed to be a gun, at another person. *Id*. at 688-89. One of the bystander teenagers was struck in the back. *Id*. at 688. The gun turned out to be a "plastic toy gun with a bright orange tip," but at the time officers observed it, the teenager was holding downward at waist-level. *Id*. at 689. The trial court denied qualified immunity. *Id*. at 695-96.

On appeal, the Ninth Circuit reversed, noting that the plaintiffs conceded that they could not identify a case squarely on point in the context of a bystander shooting, and instead, predicated their opposing arguments concerning qualified immunity on recycling the arguments arguing the shooting violated the plaintiffs' Fourth Amendment rights. *Id*. at 695. The Ninth Circuit correctly pointed out that although such argument was helpful to the Fourth Amendment analysis, it was insufficient to deny the officer qualified immunity and, and the Ninth Circuit reversed the trial court's holding on this issue. *Id*. at 695-96.

Here, the evidence offered at trial clearly establishes that the officers reasonably believed that Mr. Petit was armed and intended to shoot the defendant officers. See Bojorquez Decl., Exh. B [Trial Transcript Vol. 2, p. 248:9-17];

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

Bojorquez Decl., Exh. C [Trial Transcript Vol. 3, pp. 379:19-380:9]; Dkt. #166 [LAPD radio dispatch for July 18, 2022]. Plaintiff has not offered any contrary evidence establishing that the law was clearly established that the use of deadly force in the specific circumstances the defendant officers' faced was objectively unreasonable. Even plaintiff's police practices expert testified that de-escalation techniques are not appropriate in all cases, and should not be used if it would compromise an officer's safety. See Bojorquez Decl., Exh. C [Trial Transcript Vol. 3, pp. 540:19-541:5]. In light of all the evidence, the law was not clearly established that the defendant officers' could not use deadly force in the situation they encountered. As such, the defendant officers are entitled to qualified immunity for all claims under 42 U.S.C. section 1983, including the excessive force claim.

**D.    On the Excessive Force and Assault/Battery claims, the evidence established that the officers' use of force was objectively reasonable.**

A claim that a police officer has used excessive force, whether brought under federal law or state law, is analyzed under the framework of the Fourth Amendment. See *Graham v. Connor*, 490 U.S. 386, 395-96 (1989); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1100 (2004). The amount of force used by a police officer is evaluated on a standard of objective reasonableness and is judged from the perspective of a reasonable officer on the scene. *Graham*, 490 U.S. at 396-97.

In a case involving excessive force, courts examine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 397. This inquiry "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396, quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). Because "police

- 11 -

officers are often forced to make split-second judgments," reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Id*. at 396-97 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1975)).

The Fourth Amendment's "objective reasonableness" standard governs excessive force claims. *Graham*, 490 U.S. at 388. The reasonableness standard "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396 (internal quotation marks omitted). Essentially, a Court must "balance the amount of force applied against the need for that force." *Bryan v. MacPherson*, 630 F.3d 805, 823-24 (9th Cir. 2010). In applying this reasonableness standard it "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "[W]hether the suspect poses an immediate threat to the safety of the officers or others" is the "most important" of the *Graham* factors. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005).

When evaluating a Fourth Amendment claim, "[i]t is imperative that the facts be judged against an objective standard." *Terry*, supra, 392 U.S. at 21. "Factors relevant to assessing whether an officer's use of force was objectively reasonable include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempt to evade arrest by flight." *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014) (en banc), quoting *Graham*, 490 U.S. at 396. As a general rule, "[a]n officer's use of deadly force is reasonable [ ] if the 'officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.'" *Scott v. Henrich*, 39 F.3d 912,

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

914 (9th Cir. 1994), quoting *Garner*, 471 U.S. at 3 (emphasis omitted). "[W]hether the suspect poses an immediate threat to the safety of the officers or others" is the "most important" of the *Graham* factors. *Smith*, 394 F.3d at 702. "Other relevant factors include the availability of less intrusive alternatives to the force employed, whether proper warnings were given and whether it should have been apparent to officers that the person they used force against was emotionally disturbed." *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011). But the "most important" factor is "whether the suspect posed an immediate threat to the safety of the officers or others." *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013) (citation omitted). Even the most cursory review of the facts in this case – and especially the Body-Worn videos of this incident – confirm that Defendants Sgt. Hayhoe's and Officer Glover's actions were objectively reasonable.

To evaluate the reasonableness of police officers' use of force, the Court must "carefully balance[e] … the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 397 (internal citation and quotations omitted). The governmental interests at stake are evaluated by looking at (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Deorle v. Rutherford*, 272 F.3d 1272, 1279-80 (9th Cir. 2010).

Looking at the first factor, Officer Glover and Sgt. Hayhoe were responding to calls of assault with a deadly weapon, arson, and that the suspect was armed with a semiautomatic handgun. Bojorquez Decl., Exh. B [Trial Transcript Vol. 2, p. 248:9-17]; Bojorquez Decl., Exh. C [Trial Transcript Day 3, Vol. 3, pp. 379:19-380:9]; Dkt. #166 [LAPD radio dispatch for July 18, 2022]. Based on this broadcasted information, the officer defendants had reasonable suspicion to detain Mr. Petit. *See* Bojorquez Decl., Exh. B [Trial Transcript Vol. 2, pp. 248:20-249:2].

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

This reasonable suspicion developed into probable cause to arrest Mr. Petit as he refused to abide by Officer Glover or Officer Martinez's commands to drop the object in his hand and to stop – a clear violation of Penal Code section 148. *See* Bojorquez Decl., Exh. B [Trial Transcript Vol. 2, pp. 249:3-250:16]; Bojorquez Decl., Exh. C [Trial Transcript Vol. 3, p. 539:2-17]. This factor clearly weighs in Defendants' favor.

The second factor, the safety of the officers and others, also weighs in Defendants' favor. Officers Glover and Martinez initially contacted Mr. Petit based on calls that Mr. Petit committed an assault with a deadly weapon and was armed with a semiautomatic handgun while in a residential neighborhood. Bojorquez Decl., Exh. B [Trial Transcript Vol. 2, p. 248:9-17]; Bojorquez Decl., Exh. C [Trial Transcript Vol. 3, pp. 379:19-380:9]; Dkt. #166 [LAPD radio dispatch for July 18, 2022]. As the officers were already on high alert entering a potentially dangerous situation, they rightfully became further concerned for their own safety, and the safety of those around them, given that Mr. Petit appeared to assume a shooting stance and was moving his arms and hands in a way that suggested to the officers, based on their training, he was arming himself. See Bojorquez Decl., Exh. C [Trial Transcript Vol. 3, p. 389:1-25]; Bojorquez Decl., Exh. B [Trial Transcript Vol. 2 223: 8-25]. Taking the dispatch calls about an assault with a deadly weapon and Mr. Petit's own conduct when contacted by the police, the officers rightfully feared for their own and the safety of others.

Finally, the third factor, whether Mr. Petit was actively resisting arrest or trying to evade arrest by flight, unquestionably weighs in the defendants' favor. At every turn, Mr. Petit was either trying to flee from the officers and avoid arrest, or engaging in threatening actions which would invoke Officers to shoot him. As discussed above, Mr. Petit refused to comply with commands to drop the object in his hand, to get up against the wall, or to stop. Given Mr. Petit's dangerous, potentially lethal behavior, the officers' belief that Mr. Petit was armed, had just

- 14 -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

committed an assault with a deadly weapon and arson, and Mr. Petit's continuous refusal to comply with the officers' commands, the officers' use of force was objectively reasonable as a matter of law.

Plaintiff has attempted to cloud the video footage from Defendants Body-Worn and Ring cameras by presenting his case through static images to create a triable issue of fact, but this Court should "view[] the facts in the light depicted by the" video footage in this matter. (quoting *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)). It is important to note that the United States Supreme Court has explicitly ruled that video footage is often the best evidence in determining the constitutionality of law enforcement use of force and "speaks for itself." *Scott*, 550 U.S. at 378. When there is video evidence of an incident, such that any contrary facts can be "so utterly discredited by the record that no reasonable jury could have believed [plaintiff]," summary judgment should be granted. *Id*. at 380. Even assuming arguendo that their actions could possibly rise to the level of a constitutional violation, the Officers are nonetheless entitled to qualified immunity. Pursuant thereto, Defendants are entitled to judgment as the use of deadly force was objectively reasonable in response to Mr. Petit's imminent threat that he created while simulating he was armed and trying to shoot the Officers.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their Renewed Motion for Judgment as a Matter of Law in its entirety, and enter judgment for Defendants.

Dated:  April 6, 2026     HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN A. KENEALY, Chief Asst. City Attorney

By:   /s/ *Christian Bojorquez*
CHRISTIAN BOJORQUEZ, Deputy City Attorney
*Attorneys for Defendant*, CITY OF LOS ANGELES

DATED:  April 6, 2026     CARPENTER, ROTHANS & DUMONT LLP

By:   /S/ Aria Beizai
Steven J. Rothans
Aria Beizai
*Attorneys for Defendants*, SERGEANT BRETT HAYHOE and OFFICER DARYL GLOVER, JR.

- 16 -

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants CITY OF LOS ANGELES, certifies that this brief contains 6130 words, which complies with the word limit of L.R. 11-6.1.

Dated:  April 6, 2026        HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN A. KENEALY, Chief Asst. City Attorney

By:  /s/ *Christian Bojorquez*
CHRISTIAN BOJORQUEZ, Deputy City Attorney
*Attorneys for Defendant*, CITY OF LOS ANGELES

DEFENDANTS' JOINT RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW