UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE OTIS D. WRIGHT, U.S. DISTRICT JUDGE


JERMAINE PETIT, et al.,      )
                             )
          PLAINTIFFS,        )     CASE NO.
                             )
             vs.             )     CV 23-00789-ODW
                             )
CITY OF LOS ANGELES,         )
et al.,                      )     VOLUME 5
                             )     PAGES 717 TO 936
          DEFENDANTS.        )
_____)


REPORTER'S TRANSCRIPT OF
JURY TRIAL DAY 5
TUESDAY, FEBRUARY 24, 2026
9:00 A.M.
LOS ANGELES, CALIFORNIA


_____

MIRANDA ALGORRI, CSR 12743, RPR, CRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST 1ST STREET, SUITE 4455
LOS ANGELES, CALIFORNIA 90012
MIRANDAALGORRI@GMAIL.COM

**EXHIBIT E, PAGE 1 OF 8**

of de-escalation in California before this shooting?

A       Yes.

Q       Do you remember any training as it relates to the subject's behavior during an encounter?

A       Yes.

Q       What is your recollection of that training?

A       That training typically revolves around what is commonly referred to as preassault indicators, or AOI, the ability, the opportunity, and the perceived intent.  Those characteristics can contain or can include the size of the suspect, the actions of the individual, the environment, lighting, distance.  A number of other characteristics of behavior that would suggest that the subject that the officers are intending to contact, detain or arrest may be engaged in preassault behavior.

Q       Have you also been provided LAPD policies and materials as it relates to the use of force, sir?

A       Yes.

Q       Did LAPD train its officers prior to July of 2022 that there are no single way -- there is no single way or solution to resolving every incident or encounter in the field?

A       Yes.

Q       Is that standard training, sir?

A       Statewide, yes.

Q       Based on your review of the materials and your

**EXHIBIT  E,  PAGE 2 OF 8**

background, training and experience in law enforcement, do you have any opinions as to whether the officers should have called for paramedics before approaching Mr. Petit as he lay on the ground?

A        Yes.

Q        What are those opinions?

A        In my review of the material following the officer-involved shooting, Mr. Petit was prone on the ground, meaning that he was laying on his stomach.  There were some sounds being admitted from Mr. Petit.  You can clearly hear the officers giving Mr. Petit direction, don't move, don't reach for the gun, those kinds of orders.

Mr. Petit at some point rolls over into a supine position.  He's on his back now.  And the object that he was holding prior or at the time of the shooting was laying then to his right.  Again, you hear the officers expressing concerns for their own safety and directing Mr. Petit not to -- not to reach for the object that they perceived was a gun.

Sergeant Hayhoe, I think appropriately, determines that a tactical plan needs to be formed so that the officers can safely approach Mr. Petit, who is now laying on the ground in a supine position.  In fact, that ballistics shield is secured.  An arrest team moves forward and subsequently handcuffs Mr. Petit.

MR. GALIPO:  Again, Your Honor, I'm going to

object.  I believe it's unresponsive to the question as to whether medical should have been called timely.

THE COURT:  Sustained.  Sustained.

Q    BY MR. ROTHANS:  Chief, let's just focus on the issue of whether or not you're critical of the officers for not summoning medical care or calling for paramedics before securing the scene.

A    No.

Q    And explain again why not.

A    For the reasons that I had stated a moment ago. Moreover, it is common practice in the fire service to, quote/unquote, stage.  So whether they're in the station house when they receive the call or they respond to the location pursuant to a request by law enforcement or EMS, emergency medical services, they will stage until they receive the all clear from the on-scene officers.

Q    Ultimately, sir, based on your review of all the materials that were provided to you, including video, audio, depositions, and statements, did you form an opinion as to whether both Officer Glover and Sergeant Hayhoe acted objectively reasonable under the circumstances during this incident?

A    Yes.

Q    What are those opinions?

A    Based on the totality of the circumstances in a

Do you remember that?

A    Yes.

Q    And bleeding.

A    Yes.

Q    And are you aware that the first time any medical was called was after he was handcuffed?

A    That's my understanding.

Q    Based on your review, did Sergeant Hayhoe, the supervisor on scene, the one who fired two shots, ever call for medical for Mr. Petit after he shot him?

A    I don't know that Sergeant Hayhoe made that broadcast, although officers at the scene familiar with the event made the broadcast.

Q    Are you aware there was approximately four minutes between the shooting and the time the paramedics were called?

A    I think there was testimony suggesting it was between one and a half and four minutes.

Q    Have you ever timed it to see that it's actually four minutes?

A    No, sir.  I just went on the testimony at deposition, which both officers were examined extensively.

Q    Let's assume it's true that it was four minutes for purposes of my question.   Okay?

Aren't officers trained that when someone is

seriously injured, such as a victim of gunshots, they should immediately call for medical even if the medical has to stage?

A        I would say based on the totality of the circumstances, immediately when it's safe to do so.  And as I testified earlier and you noted in the question, law enforcement -- I'm sorry -- EMS or the firefighters would not have rolled into the scene and started to treat Mr. Petit until they received the all clear from the officers.

Q        Right.  But they could have been timely called, staged a half a block down the street so they're right there ready to help, and then they could be waved in as soon as it's appropriate; correct?

A        In my opinion they were timely called.  And the officers at the scene provided basic first aid prior to the arrival of the fire department.

Q        You're saying under my question waiting four minutes when someone is bleeding in the middle of the street from a gunshot wound is timely?

A        Yes.  Based on the totality of the circumstances, the officers needed to ensure that the scene was safe before the fire service or paramedics could arrive.

Q        And you're aware that Officer Glover never called for medical either; correct?

A        I believe that's correct.

Q        Now, did you say that you have been retained

30 times approximately by Mr. Rothans' law firm?

A    I believe that's correct.

Q    And are those all cases where law enforcement is involved?

A    Yes.

Q    And are many of those cases officer-involved shooting cases?

A    Some are officer-involved shooting cases.  Others are use of force, yes.

Q    And you have estimated that 96 percent of your retentions are for the defense.  Is that fair?

A    That's correct.

Q    And you have given deposition testimony before for the defense in officer-involved shooting cases; is that correct?

A    Yes.

Q    You have given trial testimony before for the defense in officer-involved shooting cases; correct?

A    Yes.

Q    And in every single case where you've given deposition testimony or trial testimony for the defense in an officer-involved shooting case, your opinion was the shooting was okay; correct?

A    That's correct.  Cases that I rejected were in part because I thought that the officer may have been culpable

**EXHIBIT E,  PAGE 7 OF 8**

CERTIFICATE OF OFFICIAL REPORTER

I, MIRANDA ALGORRI, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS  25TH  DAY OF FEBRUARY, 2026.

_____
MIRANDA ALGORRI, CSR NO. 12743, CRR
FEDERAL OFFICIAL COURT REPORTER

**EXHIBIT  E,  PAGE 8 OF 8**