# EXHIBIT 2

```
               UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
                         --oOo--

JERMAINE PETIT,              ) Docket No. 23-CV-00789
                             ) Los Angeles, California
              Plaintiff,     ) February 10, 2026
                             ) 9:02 a.m.
         v.                  )
                             )
CITY OF LOS ANGELES, ET AL., ) Re: Pretrial conference
                             )
              Defendants.    )
```

                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE OTIS D. WRIGHT
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:      IVIE MCNEILL WYATT PURCELL
                        AND DIGGS APLC by
                        MR. RODNEY S. DIGGS
                        444 South Flower Street, 32nd Floor
                        Los Angeles, CA 90071

                        LAW OFFICES OF DALE K. GALIPO by
                        MR. DALE K. GALIPO
                        MS. RENEE V. MASONGSONG
                        21800 Burbank Boulevard, Suite 310
                        Woodland Hills, CA 61367

Remotely Reported by:   JENNIFER COULTHARD, CSR, RMR, CRR, CRC
                        United States District Court
                        Official Court Stenographer
                        501 I Street, Suite 4-200
                        Sacramento, California 95814
                        Jennifer_Coulthard@Yahoo.com
                        (530)537-9312

Proceedings reported via mechanical steno - transcript produced
via computer-aided transcription.

PROCEEDINGS

motion.  All we were asking is that it apply to all of the findings of both the prosecutors office and the City of LA in their administrative review.  And is the Court's ruling to grant as to all of the findings?

THE COURT:  Unless you can explain to me how those findings impacted the decision to shoot or not shoot.

MR. ROTHANS:  We agree with the Court.  We just wanted to make sure that it wasn't cherrypicked that some of the findings would be admissible and some were not.  We encourage the Court to exclude all of the findings.

THE COURT:  I don't see how the subsequent findings, subsequent investigation has any bearing at all upon the question that's presented here, so my question is on what theory would these subsequent investigations and their findings be probative?

MR. ROTHANS:  I will defer to plaintiff's counsel on that.

THE COURT:  All right.  Mr. Diggs?

MR. DIGGS:  Well, Your Honor, it's plaintiff's motion in limine to have the evidence excluded, and so we agree with the Court's ruling.

THE COURT:  Okay.  All right.  And that motion is granted.

Number 3, Plaintiff's Number 3, Docket 116, to exclude drug and alcohol use.  So we're going to split that.  His

JENNIFER COULTHARD - U.S. DISTRICT COURT STENOGRAPHER - (530)537-9312

PROCEEDINGS

historic use of drugs and alcohol should be excluded.  With respect to whether or not he was under the influence of drug and/or alcohol on -- at the time of the shooting, that may be a different issue that may explain perhaps his conduct and his actions.  When he was sent to the hospital, was there a blood draw?

MR. ROTHANS:  Yes, Your Honor.

THE COURT:  And?

MR. ROTHANS:  Positive for methamphetamine.

THE COURT:  Okay.  Okay.  All right.  The motion is denied.  Denied without prejudice with respect to his state of intoxication at the time of the shooting.

All right.  Number 4.

MR. ROTHANS:  Your Honor, could I seek clarification on your ruling on Motion in Limine Number 3?

THE COURT:  Sure.

MR. ROTHANS:  I understand that the history in your ruling, the history of prior drug use, alcohol use, you will be excluding.

THE COURT:  Yes.

MR. ROTHANS:  I understand that you've denied the motion with respect to his state of intoxication or being under the influence on the date of the shooting.

THE COURT:  Yes.

MR. ROTHANS:  But there's an issue of subsequent use

JENNIFER COULTHARD - U.S. DISTRICT COURT STENOGRAPHER - (530)537-9312

PROCEEDINGS

Recognize, again, that we're talking about -- the issue is drug and alcohol use post shooting prior to death.

THE COURT:  Okay.

MR. ROTHANS:  The -- the -- now, this is on page 788 and 789 of the VA records.  "During his recent fugitive status, he was involved in a police shooting that left him seriously injured and hospitalized several weeks.  Veteran acknowledges that meth is a significant problem and is the main root of his instability and legal trouble.  His near-death hospitalization and time in jail custody has led to greater insight per vet.  He expressed that he was not truly ready before but at this point he wants to get into treatment to take advantage of the domiciliary and other VA services."

That's one of our arguments that, in fact, it's the foundation for his future use of drugs not withstanding that statement.  Here he is two months out of the hospital, he's acknowledging he's got a history of meth and wants treatment and literally, within the weeks after this, he begins to use again.  Let me keep --

THE COURT:  When you say "weeks after this," what are we talking about?

MR. ROTHANS:  The shooting, sir.

THE COURT:  Okay.  All right.  So he started using again weeks after the shooting?

MR. ROTHANS:  That's correct.

JENNIFER COULTHARD - U.S. DISTRICT COURT STENOGRAPHER - (530)537-9312

PROCEEDINGS

THE COURT:  Gee whiz.

MR. ROTHANS:  This is dated May 31, 2023, May 31, 2023.  So we're talking almost a year post shooting and it says, "Active problems:  Methamphetamine abuse; cocaine, last smoked six month ago.  Methamphetamine last six months ago."  That's at pages 705 through 707.

And lastly -- this is June 22, 2023.  And again, Veterans Hospital West LA medical records of Mr. Petit.  About ten months post shooting.  "Substance abuse history:  Currently sober for six months.  He has struggled with substances significantly since 2010, about two years after he stopped working in the medical field.  Mainly uses crystal meth via inhalation.  Occasionally uses cocaine but meth is his drug of choice.  Some alcohol use that he minimizes."

And again, Judge, this all goes to the issue of his level of pain and discomfort post-shooting, predeath.

Let me go on, if I may.  Dr. Omalu -- I don't know if you're familiar with Dr. Omalu.  He's a forensic pathologist -- is one of the plaintiff's experts, he has indicated in his report that Mr. Petit's PTSD and schizophrenia -- let me say that again, PTSD, post-traumatic stress disorder and schizophrenia were worsened as a result of the shooting.  Were worsened.

Well, don't you believe it's relevant to the issue of damages what his use of drugs was if his medical condition, his

JENNIFER COULTHARD - U.S. DISTRICT COURT STENOGRAPHER - (530)537-9312

PROCEEDINGS

MR. ROTHANS:  Judge, can I bring up one issue to clarify?

THE COURT:  Okay.

MR. ROTHANS:  Again, this is Rothans.  I understand what the Court's thinking is that if this man, Mr. Petit, started using methamphetamine post shooting to mask his pain, then we may be responsible for that.  We may be responsible for his meth abuse because he was using it, ingesting it to prevent his pain levels but the medical records suggest otherwise.  As I read into the record earlier, the veterans Hospital West LA, I believe it's referred to as Sawtell generally --

THE COURT:  Yeah.

MR. ROTHANS:  -- dated June 22, 2023, talks about he has struggled with substances significantly since 2010.

THE COURT:  Okay.

MR. ROTHANS:  That's twelve years preshooting.  So it wasn't he just started using meth because of the shooting and his injuries.  He had a history of abuse.  And I'm not painting him as a bad guy.  All I'm saying is if they're going to assess -- if the jury is going to assess what are his damages, what level of pain and discomfort did he feel post shooting, then they need to look at all the meds he was taking, pain meds, muscle relaxants as well as illegal drugs that alter his state of mind and may reduce his pain.

And again, I want to emphasize, none of the

JENNIFER COULTHARD - U.S. DISTRICT COURT STENOGRAPHER - (530)537-9312

C E R T I F I C A T E


     I certify that the foregoing is a true and correct

transcript of the record of proceedings in the above-entitled

matter.

JENNIFER L. COULTHARD, RMR, CRR                April 15, 2026
Official Court Reporter                              DATE