**STEVEN J. ROTHANS – State Bar No. 106579**
**ARIA J. BEIZAI – State Bar No. 363897**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com / abeizai@crdlaw.com**

Attorneys for Defendants, Officer Daryl Glover, Jr.
And Sergeant Brett Hayhoe

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLYN PETIT, as Successor-In-Interest to JERMAINE PETIT, deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LOS ANGELES, a municipal entity; OFFICER DARYL GLOVER, JR.; SERGEANT BRETT HAYHOE; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>**JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES; DECLARATION OF ARIA J. BEIZAI**<br><br>Hearing Date: May 18, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

COME NOW Defendants City of Los Angeles, Sergeant Brett Hayhoe, and Officer Daryl Glover, Jr., and hereby submit the following memorandum of points and authorities in opposition to the motion for attorneys' fees and costs filed by Plaintiff Ashlyn Petit.

- 1 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

DATED:  April 20, 2026      CARPENTER, ROTHANS & DUMONT LLP

/s/  Aria J. Beizai

By: _____

Steven J. Rothans
Aria J. Beizai
Attorneys for Defendants,
Sergeant Brett Hayhoe and Officer Daryl
Glover, Jr., public employees

Dated:  April 20, 2026      Respectfully submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Asst. City Attorney

By:_____/s/ Christian Bojorquez_____
CHRISTIAN BOJORQUEZ
*Attorneys for Defendant*, **CITY OF LOS ANGELES**

- 2 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. THE ATTORNEYS' FEES SOUGHT ARE NOT REASONABLE UNDER THE LODESTAR TEST AND/OR NOT RECOVERABLE...............3

A. The Hourly Rates Requested for Attorneys Diggs, Masongsong, and Tanter are Not Reasonable. .................................................................................3

B. Certain Hours Plaintiff's Counsel Claims to Have Spent Litigating this Matter are Not Reasonable and/or Recoverable. ..................................................7

C. Several *Kerr*/*Hensley* Factors Support Reducing the Fee Award Because this Case was not Atypical, Questions Involved Were Not Particularly Novel or Difficult, and Plaintiff Did Not Present Evidence of Undesirability of the Case. ...............................................................................................................8

III. PLAINTIFF'S FEES SHOULD BE APPORTIONED BASED ON HER LIMITED SUCCESS ON THE CLAIMS SUBMITTED TO THE JURY......10

A. Plaintiff's Unsuccessful Claims are Not Related to Plaintiff's Successful Claims, and as such, She Cannot Recover for Time Spent on Her Unsuccessful Claims. ...............................................................................................................11

B. Even if this Court finds that Plaintiff's Unsuccessful Claims are Related to the Successful Claims, Plaintiff Only Achieved Partial Success.....................13

IV. CONCLUSION.........................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Antuna v. Cnty. of Los Angeles*,
2016 WL 11743321 (C.D. Cal. Mar. 8, 2016).....................................................10

*Blum v. Stevenson*,
465 U.S. 886, 895 (1984)..................................................................................4, 5

*Camacho v. Bridgeport Financial, Inc.*,
523 F.3d 973 (9th Cir. 2008)............................................................................4, 6

*Chalmers v. City of Los Angeles*,
796 F. 2d 1205 (9th Cir. 1986)......................................................................4, 6, 8

*Davis v. City of San Francisco*,
976 F. 2d 1536 (9th Cir. 1992) .........................................................................4, 6

*Dowd v. City of Los Angeles*,
28 F.Supp.3d 1019 (C.D. Cal. 2014) .............................................................11, 13

*Fischer v. SJB-P.D., Inc.*,
214 F. 3d 1115 (9th Cir. 2000) ......................................................................3, 6, 8

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) ..........................................................................3, 6

*Hensley v. Ecerhart*,
461 U.S. 424 (1983)......................................................................................passim

*Kerr v. Screen Extras Guild, Inc.*,
526 F.2d 67 (9th Cir. 1975)..................................................................................2

*Kochenderfer v. Reliance Standard Life Ins. Co.*,
2010 WL 1912867 (S.D. Cal. Apr. 21, 2010)........................................................2

*Mares v. Credit Bureau of Raton*,
801 F.2d 1197 (10th Cir. 1986) ........................................................................3, 6

*McCown v. City of Fontana*,
565 F.3d 1097 (9th Cir. 2009) ............................................................................13

*Missouri v. Jenkins by Agyei*,

  491 U.S. 274(1989)...........................................................................................5, 6

*Moreno v. City of Sacramento*,

  534 F.3d 1106 (9th Cir. 2008) ......................................................................4, 6, 8

*Perdue v. Kenny A. ex rel. Winn*,

  559 U.S. 542 (2010).........................................................................................4, 5

*Schwarz v. Secretary of Health & Human Services*,

  73 F.3d 895 (9th Cir. 1995)..........................................................................4, 6, 12

*Shephard v. Dorsa*,

  1998 WL 1799018 (C.D. Cal. July 2, 1998)....................................................4, 6

*Thorne v. City of El Segundo*,

  802 F.2d 1131 (9th Cir. 1986) ...........................................................................11

*United Steelworkers of America v. Phelps Dodge Corp.*,

  896 F. 2d 403 (9th Cir. 1990)............................................................................5, 6

*Viveros v. Donahoe*,

  2013 WL 1224848, *2 (C.D. Cal. Mar. 27, 2013)............................................4, 6

*Welch v. Metro. Life Ins. Co.*,

  480 F.3d 942 (9th Cir. 2007)............................................................................4, 6

*Ziegler v. Cnty. of San Luis Obispo.*,

  2023 WL 3432238 (C.D. Cal. Mar. 1, 2023).......................................................2

**Statutes**

42 U.S.C. § 1983.............................................................................................2, 3

42 U.S.C. § 1988.........................................................................................*passim*

TABLES OF CONTENTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This lawsuit arises out of a July 18, 2022, non-fatal officer-involved shooting incident between 39-year-old Jermaine Petit and officers with the Los Angeles Police Department. Sergeant Brett Hayhoe, Officer Daryl Glover, Jr. and Officer Nelson Martinez responded to multiple calls for service regarding a man brandishing a firearm, lighting fires, and carrying a stick.  Mr. Petit failed to comply with multiple lawful commands to stop, get against a wall, and show the officers his hands.  Instead, Mr. Petit continued moving away from the officers, brandished what appeared to be a handgun at the officers, and assumed a shooting stance.  Faced with an imminent threat of harm, Sergeant Hayhoe and Officer Glover had no recourse but to fire their duty weapons to defend themselves and each other from Mr. Petit.  Mr. Petit survived the shooting, but passed away at an unknown date.  His cause of death was ultimately undetermined.

Mr. Petit originally brought the lawsuit in February 2023 through his guardian ad litem, his mother Charlotte Blackwell.  After Mr. Petit's body was discovered on August 4, 2024, while the litigation was ongoing, Mr. Petit's daughter, Ashlyn Petit ("Plaintiff"), substituted as Mr. Petit's successor-in-interest.

On December 6, 2024, Plaintiff filed a First Amended Complaint asserting eight claims against the City of Los Angeles and the Defendant officers.

Ultimately, on February 25, 2026, after a six-day jury trial, the jury in this matter reached a verdict against Defendants Sergeant Hayhoe and Officer Glover. Of the eight claims in the operative pleading, Plaintiff only presented five to the jury.  Plaintiff prevailed on four claims against Sergeant Hayhoe: Fourth Amendment excessive force, Fourth Amendment delay of medical care, state law battery and state law intentional infliction of emotional distress.  However, Plaintiff only prevailed on one claim against Officer Glover: state law battery.

- 1 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

The jury then awarded $1,500,000 in damages for "physical injuries, disfigurement, and physical pre-death pain and suffering," and $1,500,000 for "mental and emotional pre-death pain and suffering, distress, grief, humiliation, inconvenience, and loss of enjoyment of life." (Dkt. 199).

As prevailing parties in claims brought under 42 U.S.C. § 1983, Plaintiff has filed a motion for attorney's fees and additional costs, pursuant to 42 U.S.C. § 1988. In this motion, Plaintiff seeks $2,304,220 in attorney's fees from a total verdict of $3 million.

The Defendants do not dispute that § 1988 entitles Plaintiff to reasonable attorney's fees. However, Plaintiff has not met her burden of establishing that the amount sought is reasonable under the lodestar method of calculation. The Defendants submit that, based on the limited information and support provided for the Plaintiff's request, **Plaintiff is entitled to – at most – $1,401,090.00 in fees**.

The Defendants' requested reduction is justified for three primary reasons. First, Plaintiff's lodestar amount is not supported by the factors laid out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) and *Hensley v. Ecerhart*, 461 U.S. 424 (1983). The hourly rates requested for Mr. Diggs, Ms. Masongsong, and Mr. Tanter are not reasonable. Courts have previously rejected declarations like Plaintiffs' counsels and by Carol Sobel, finding that they are "both self-serving and self-perpetuating." *See Ziegler v. Cnty. of San Luis Obispo*, 2023 WL 3432238, at *4 (C.D. Cal. Mar. 1, 2023) (*quoting Kochenderfer v. Reliance Standard Life Ins. Co.*, 2010 WL 1912867, at *4 (S.D. Cal. Apr. 21, 2010)). Additionally, the time and labor required in this case was not atypical, the legal and factual issues involved were not particularly novel or difficult, and Plaintiff presented no evidence of undesirability.

Second, Plaintiff's success against the Defendant officers was limited. Before trial began, Plaintiff dropped both direct claims against the City of Los Angeles, one of which was for Violation of the Americans With Disability Act and

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

the other for *Monell* liability.  Importantly, Plaintiff did not prevail against Officer Glover on either of her § 1983 claims.  In fact, Plaintiff only prevailed on one claim against Officer Glover, a state law battery claim.  At a minimum, Plaintiff's fees attributable to the unsuccessful claims should not be awarded.

Finally, as reflected on the attached spreadsheets of the attorneys' time records some hours billed are simply incorrect, many are duplicative, some are for work that could have been done by a paralegal and, thus, should have been billed as such, and some are simply excessive. Beizai Decl., Exhs. A-D.

## II.      THE ATTORNEYS' FEES SOUGHT ARE NOT REASONABLE UNDER THE LODESTAR TEST AND/OR NOT RECOVERABLE.

The method for establishing the amount of reasonable attorney's fees to which a party is entitled under 42 U.S.C. § 1988 is the lodestar method.  *See Hensley*, 461 U.S. at 433; *Fischer v. SJB-P.D., Inc.*, 214 F. 3d 1115, 1119 (9th Cir. 2000).  Lodestar fees are computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*  A court has broad discretion to reduce the amount of a party's requested fees to ensure that the award is reasonable and not overreaching.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) ("when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'"); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202-03 (10th Cir. 1986) (upholding a 77% reduction in hours).  A significant reduction of the fees sought by the Galipo firm is appropriate.

### A. The Hourly Rates Requested for Attorneys Diggs, Masongsong, and Tanter are Not Reasonable.

An attorney's reasonable hourly rate is based on the prevailing market rate charged for work performed in the relevant community (in this case, the civil rights community in Los Angeles) by attorneys of similar skill, experience and

- 3 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

reputation.  *See Blum v. Stevenson*, 465 U.S. 886, 895 (1984); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980-81 (9th Cir. 2008).  "While an attorney's prior fee award may bear on the selection of a reasonable fee in a later case . . . simply offering the prior award is not enough."  *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir. 1995); *see also Blum*, 465 U.S. at 895-96 n. 11 (noting that the party requesting fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").  It is within the district court's discretion to fix a reasonable hourly rate.  *See Viveros v. Donahoe*, 2013 WL 1224848, *2 (March 27, 2013 C.D. Cal.); *Shephard v. Dorsa*, 1998 WL 1799018, *2 (July 2, 1998 C.D. Cal.).

When it comes to civil rights cases, the Ninth Circuit has recognized that "[t]he hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).

Reasonable hourly rates are "established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007); *Davis v. City of San Francisco*, 976 F. 2d 1536, 1545 (9th Cir. 1992); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).  When determining a reasonable hourly rate, a district court should consider "the experience, skill, and reputation of the attorney requesting fees."  *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1210 (9th Cir. 1986); *see also Moreno*, 534 F. 3d at 1114 (identifying other factors to consider, including the novelty and difficulty of the issues, the experience of counsel, and fee awards in

- 4 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

similar cases). Multiplying this rate by the number of hours expended on the litigation, a fee award should "roughly approximate the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551. The moving party bears the burden of justifying the reasonableness of the requested rates and must produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum*, 465 U.S. at 895, fn. 11; *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F. 2d 403, 407 (9th Cir. 1990). Finally, work performed by legal secretaries and paralegals must also be compensated at a reasonable market rate. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989).

Plaintiff has not borne her burden of producing evidence to justify awarding Attorney Rodney Diggs a rate of $1,250 per hour, Attorney Renee Masongsong a rate of $900 per hour, or Attorney Brandon R. Tanter a rate of $650 per hour. Nor has Plaintiff provided evidence to justify the awarding Paralegal Alice D. Williams a fee of $450 per hour, Legal Assistant Darcia Gilbert a fee of $250 per hour, Legal Assistant Le Chaune Metoyer a fee of $150 per hour, and Legal Assistant Alexandria Feather a fee of $150 per hour.

First, the only evidence offered to support Mr. Diggs' and Mr. Tanter's rates is Mr. Diggs own declaration. *See* Diggs Decl., ¶¶ 22 and 28 (Doc. 205). Mr. Diggs' declaration points to only fee awards awarded by *state* court judges to support his requested hourly fee, all in the amount of less than $1,000 per hour. *See id.*, ¶ 13 (Mr. Diggs previously awarded $500 per hour in 2017, $700 per hour in 2018, and $850 per hour in 2020). Although the highest previous award was in 2020, a self-serving declaration alone cannot support a 47% increase to an hourly fee request.

Importantly, Mr. Diggs' declaration neither attempts to compare his

- 5 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

requested hourly rates to the prevailing market rate in the community, nor are any prior fee awards in similar cases included to support such an increase.  Mr. Diggs cites to cases in which he was involved which resulted in sizeable settlements and verdicts.  However, there is no evidence – or even any argument – about what the prevailing market rate is for attorneys of his, or Mr. Tanter's, experience, skill or reputation.  In fact, two of the fee awards Mr. Diggs relies on are based on *state law* employment law claims, not on similar civil rights cases focused on police conduct.  Neither award was awarded pursuant to 42 U.S.C. § 1988, and the legal and factual issues in an employment law case are fundamentally different from a police case such as this one.  Plaintiff's highest awarded fee, $850 per hour in 2020, is inapposite here because the case was awarded in *San Diego*, not in Los Angeles.  *See* Diggs Decl., ¶ 13.  That is not evidence of rates for comparable attorneys in the Los Angeles area.

Similarly, Mr. Diggs' declaration justifies Mr. Tanter's rate based only on Mr. Diggs' assessment that "[Mr. Tanter's] abilities are as good as or better than those of most attorneys I have encountered with significantly more years of experience."  *See id.*, ¶ 28.  This assessment is insufficient to support a request for $650 per hour.  Mr. Diggs declaration does not point to any prior fee award, or even offer evidence of a concrete comparison between Mr. Tanter and other attorneys in the Los Angeles area of similar skill, experience, and reputation.  Notably, Mr. Diggs requests $650 per hour for Mr. Tanter, who has three years of experience, despite the Los Angeles Superior Court awarding Mr. Diggs $500 per hour when Mr. Diggs had seven years of experience.  Put differently, there is no evidence to support Mr. Tanter's requested fee.

Granting Mr. Diggs a reasonable increase in his rate for the eight years that have elapsed since his last award in Los Angeles and the verdict in this case in 2026, the Defendants submit that a reasonable hourly rate for Mr. Diggs is $875 per hour.  With respect to Mr. Tanter, based on the lack of evidence supporting a

- 6 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

finding for his fee, the Defendants submit that a reasonable hourly rate for Mr. Tanter is $400 per hour.

With respect to Ms. Masongsong, the requested fee of $900 per hour is similarly unreasonable. First, the Sobel Declaration is largely inapposite, because it focuses on cases handled by large, international law firms, the cases cited were not excessive force cases, and the cases discussed involved more complicated issues than this particular excessive force claim. Further, the Sobel Declaration discusses rates only for attorneys from The Law Offices of Dale K. Galipo, and thus does not support Plaintiff's claimed rates for the Ivie, McNeill, Wyatt & Diggs firm. Second, this Court awarded Ms. Masongsong $700 per hour just a year and a half ago in June 2024, which is Ms. Masongsong's most recently awarded fee. (*See* Dkt. 203, p. 153). Notably, this award was *less* than a prior award for $800 per hour, Ms. Masongsong's highest awarded fee. (*Id.* at p. 162).

Based on the prior awards by this Court, and providing for a reasonable increase in her rate, Defendants submit that a reasonable hourly rate for Ms. Masongsong is $750 per hour.

With regards to the paralegal and legal assistant requests, neither Plaintiff's counsel nor the Sobel Declaration provide any evidence to support the rates requested except for the number of years each has been employed in the legal field. Without such evidence, a reasonable rate cannot accurately be calculated for the support staff. Nevertheless, Defendant submits that a reasonable hourly rate for Ms. Williams, the paralegal, is $250 per hour, and the legal assistants' reasonable rate is $100 per hour.

### B. Certain Hours Plaintiff's Counsel Claims to Have Spent Litigating this Matter are Not Reasonable and/or Recoverable.

The second factor of the lodestar analysis is a determination of reasonable time expended by the moving fee applicant. *See Hensley*, 461 U.S. at 433. As with the reasonable hourly rate, it is up to the discretion of the district court to

- 7 -

determine a reasonable number of hours for which the prevailing party should be compensated.  *See Fischer*, 214 F.3d at 1019.  The reasonable number of hours expended by counsel is equal to that which could reasonably have been billed to a private client.  *See Moreno*, 534 F.3d at 1111; *see also Hensley*, 461 U.S. at 434 (noting that fee applicant must exercise "billing judgment").  As reflected in the attached Excel spreadsheets of time incurred by Plaintiff's counsel, some hours are erroneous (i.e. Mr. Galipo billing for preparation of depositions he did not attend), many are duplicative, and some are excessive.  *See* Beizai Decl., Exhs. A-D.  In this regard, because the lodestar is derived from the number of hours "reasonably expended on the litigation," "excessive" hours must be excluded from the calculation of the lodestar.  *Hensley*, 461 U.S. at 433-34.  Similarly, courts may reduce the lodestar where the case was overstaffed and hours are duplicated. *Chalmers*, 796 F.2d at 1210; *Hensley*, 461 U.S. at 434.

C. **Several *Kerr*/*Hensley* Factors Support Reducing the Fee Award Because this Case was not Atypical, Questions Involved Were Not Particularly Novel or Difficult, and Plaintiff Did Not Present Evidence of Undesirability of the Case.**

Plaintiff cannot credibly argue that this case presented unique challenges different from any other contingency-based civil rights litigation.  First, any argument concerning the uncertainty of recovery is unconvincing, as every contingency-based case brings the uncertainty of recovery. (*See* Dkt. 203, p. 17; Dkt. 205, p. 7, ¶ 15). Second, Plaintiff's motion argues that "[t]o succeed, Plaintiff's counsel had to conduct depositions, review numerous discovery materials, retain, pay and consult with multiple experts, and spend almost two weeks away from the office at trial."  (*See* Dkt. 203, p. 17).  Conducting depositions, reviewing discovery materials, and retaining experts is the usual process in most civil litigation, and is not unique to this case.

Regarding the amount of time spent at trial, Plaintiff put on only six

- 8 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

witnesses, three of which were the involved officers and overlapped with Defendants' witnesses, which they presented during four days of trial.  Notably, the first day of trial was devoted entirely to jury selection.   The jury was charged after the fifth day of trial, and the sixth day of trial was exclusively devoted to jury deliberations.

Further, Plaintiff's argument that the death of Mr. Petit complicated the case is similarly unconvincing.  (*See* Dkt. 205, p.8).  At the time of filing, Mr. Petit was alive, and so Plaintiff could not pursue a wrongful death claim.  (*See* Dkt. 1, p. 1).  To substitute Plaintiff Ashlyn Petit as successor-in-interest, Plaintiff's counsel filed an *unopposed* motion for substitution of party.  (*See* Dkt. 51; 57).  Contrary to Mr. Diggs' declaration, no wrongful death claims were brought in the First Amended Complaint, which substituted Ms. Petit as Plaintiff, nor were any wrongful death claims brought to trial.  (*See* Dkt. 62, p. 1; Dkt. 160, ps. 4-7, 13-14).

Nor did this case present novel or difficult questions.  Rather, this case presented straightforward questions regarding alleged excessive force and delay of medical care.  (*See* Dkt. 160, ps. 13-14).  Also, any potential difficulties involved in Mr. Petit's treatment history, prior drug use, or prior criminal convictions were all extremely mitigated because Plaintiff prevailed on motions in limine to exclude that evidence.  (*See* Dkt. 154; Dkt. 155).

To the extent that Plaintiff's counsel suggests that either the November 7, 2023, stay or the June 11, 2024, stay complicated this case, such arguments are unconvincing.  (*See* Dkt. 205, p. 8, ¶ 17).  Both stays of this civil action were entered into pursuant to stipulations of counsel.  (*See* Dkt. 42 regarding the first stay; *see* Dkt. 48 regarding the second stay).  Further, Plaintiff's counsel does not provide any arguments or evidence that either stay complicated this case.  (*See* Dkt. 205, p. 8, ¶ 17).

Finally, Plaintiff has not offered evidence regarding the undesirability of the

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

case. *Gates*, 987 F.2d at 1405 (in support of an award of San Francisco rates, plaintiffs offered numerous declarations of San Francisco and Sacramento attorneys averring that Sacramento attorneys and law firms with requisite expertise and experience were unavailable). Absent such declarations, Plaintiff cannot satisfactorily demonstrate the undesirability of the present case.

Taken together, the *Kerr* and *Hensley* factors support a reduction to any fee awarded to Plaintiff.

## III. PLAINTIFF'S FEES SHOULD BE APPORTIONED BASED ON HER LIMITED SUCCESS ON THE CLAIMS SUBMITTED TO THE JURY.

"A party who is entitled to attorney's fees is only entitled to compensation for work expended on successful claims." *Antuna v. Cnty. of Los Angeles*, 2016 WL 11743321, at *4 (C.D. Cal. Mar. 8, 2016) (*quoting Hensley*, 461 U.S. at 434-35; *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003)). Here, as an initial matter, Plaintiff's operative complaint, the First Amended Complaint, asserted eight (8) claims. (*See* Dkt. 62, p. 1). However, Plaintiff dismissed several of the claims, including the *Monell* claim brought against the City of Los Angeles, and only submitted five (5) claims against the Defendant officers to the jury. (*See* Dkt. 199). Of those five claims, the Defendant officers prevailed on the Bane Act claim. (*See id.* at p. 5). Plaintiff prevailed against Sergeant Hayhoe on four claims: Fourth Amendment Excessive Force, Fourth Amendment Medical Care, Battery, and Intentional Infliction of Emotional Distress. (*See id.*) Plaintiff prevailed against Officer Glover on only *one* claim: Battery. (*See id.*)

"If the plaintiff has prevailed on some claims but not on others, the court must evaluate whether the successful and unsuccessful claims are 'distinctly different claims for relief that are based on different facts and legal theories' or whether they 'involve a common core of facts or [are] based on related legal

- 10 -

theories.'"  *Schwarz*, 73 F.3d at 901 (*quoting Hensley*, 461 U.S. at 434-35).  The Ninth Circuit has instructed that this requires a two-step analysis:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (*quoting Hensley*, 461 U.S. at 434-37).  Plaintiff fails under both steps of the analysis.  First, Plaintiff's successful claims are not related to the unsuccessful claims.  Second, even if Plaintiff's successful and unsuccessful claims are related, Plaintiff only obtained "partial or limited success" in this case.

### A. **Plaintiff's Unsuccessful Claims are Not Related to Plaintiff's Successful Claims, and as such, She Cannot Recover for Time Spent on Her Unsuccessful Claims.**

"The Ninth Circuit…has articulated the relevant inquiry as 'whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief is granted.'"  *Dowd v. City of Los Angeles*, 28 F.Supp.3d 1019, 1061 (C.D. Cal. 2014) (*quoting Thorne*, 802 F.2d at 1141).  "A court must ask 'whether the unsuccessful and successful claims arose out of the same 'course of

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

conduct.' If they didn't[,] they are unrelated under *Hensley*.'" *Id.* (*quoting Schwarz*, 73 F.3d at 903).

Here, Plaintiff's unsuccessful claims include the *Monell* claim against the City that was dropped before trial began, the negligence claim against the Defendant officers that was dropped before trial began, and the claim for violation against the American with Disability Act against the City. (*Cf.* Dkt. 62 with Dkt. 199). The two claims against the City are fundamentally distinct from the claims brought to trial, because the *Monell* claim alleged the City of Los Angeles had an unconstitutional custom, policy, or practice (*see* Dkt. 62, p. 11, ¶¶ 46-63) and the ADA claim alleged that the City failed to provide him with reasonable accommodations when he was seized. (*See* Dkt. 62, p. 30, ¶¶ 131-143). These claims present different legal and factual issues from the ones brought to trial, and accordingly, are not recoverable.

Similarly, Plaintiff cannot recover for hours expended on the Bane Act claim, because the Defendant officers prevailed on that claim. The claim is unrelated to the successful claims because Bane Act requires a showing that the Defendant officers had a specific intent to violate Mr. Petit's rights. This is a fundamentally different "course of conduct," and includes distinct legal issues, from a claim for excessive force.

Finally, Plaintiff cannot recover for the hours expended on the Fourth Amendment medical care claim brought against Officer Glover. The Fourth Amendment medical care, which Officer Glover prevailed on, was based on an entirely distinct course of conduct and injury that gave rise to the Battery claim, the only claim the jury found against Officer Glover. The medical care claim was based on a theory that Officer Glover's *post-shooting* conduct was unreasonable in failing to provide timely medical care, while the Battery claim was based on a theory that Officer Glover's *use of deadly force* was not necessary in defense of human life. (*See* Dkt. 199, ps. 2-3). The two claims are based on distinct courses

- 12 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

of conduct and seek relief for a different alleged injury.

Accordingly, any award of attorney's fees should be reduced by hours expended on unrelated, unsuccessful claims.

### B. Even if this Court finds that Plaintiff's Unsuccessful Claims are Related to the Successful Claims, Plaintiff Only Achieved Partial Success.

"Ninth Circuit case law is clear that attorney's fees awarded under § 1988 'must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *Dowd*, 28 F.Supp.3d at 1062 (*quoting McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009)). "Where a lawsuit has effected a change in policy or served as a deterrent to widespread civil rights violations, it may justify a fully compensatory fee award despite a plaintiff's otherwise limited success." *Id.*

Here, Plaintiff obtained limited success on her pleaded claims and the result does not confer a meaningful public benefit. As discussed above, Plaintiff's First Amended Complaint asserted eight claims, but only five claims were submitted to the jury. Of the five claims, the jury found against Sergeant Hayhoe on four of the claims and against Officer Glover on only one of the claims. No claims were brought against the City at trial, despite the First Amended Complaint asserting two direct claims against the City of Los Angeles.

With regards to the public benefit, no change in policy was sought in this lawsuit nor has this lawsuit resulted in a change in policy. Plaintiff's argument that "[p]olice misconduct lawsuits such as the instant matter advance the significant public benefit of deterring abuse by law enforcement officers who would otherwise operate free of any meaningful restraints" is far too broad to constitute a meaningful public benefit. (*See* Dkt. 203, p. 9). Plaintiff has not presented any evidence or arguments to suggest this specific case presents widespread civil rights violations. Plaintiff did not seek injunctive relief, or any

- 13 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

relief outside of legal damages.  This case is limited in scope to the specific facts and circumstances of the case, and not about widespread civil rights violations.

Accordingly, any award of attorney's fees should be reduced because Plaintiff only achieved limited or partial success in this case.

## IV.    CONCLUSION

Based on the foregoing, the Defendants submit that the Plaintiff's fees should be reduced as follows:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Galipo | $1,500 | 248.7 | $373,050.00 |
| Diggs | $875 | 672.3 | $588,262.50 |
| Masongsong | $750 | 212.2 | $159,150.00 |
| Tanter | $400 | 157 | $62,800.00 |
| Williams (Paralegal) | $250 | 432.75 | $194,737.50 |
| Gilbert (Legal Assistant) | $100 | 40.9 | $4,090.00 |
| Metoyer (Legal Assistant) | $100 | 112 | $11,200 |
| Feather (Legal Assistant) | $100 | 78 | $7,800 |
| | | Total: | $1,401,090.00 |

///
///
///
///
///
///

- 14 -

DATED:  April 20, 2026          CARPENTER, ROTHANS & DUMONT LLP

                                                    /s/  Aria J. Beizai

                                          By:  _____

                                          Steven J. Rothans
                                          Aria J. Beizai
                                          Attorneys for Defendants,
                                          Sergeant Brett Hayhoe and Officer Daryl
                                          Glover, Jr., public employees


Dated:  April 20, 2026          Respectfully submitted,

                                          **HYDEE FELDSTEIN SOTO**, City Attorney
                                          **DENISE C. MILLS**, Chief Deputy City Attorney
                                          **KATHLEEN KENEALY**, Chief Asst. City Attorney

                                          By:_____/s/ Christian Bojorquez_____
                                          CHRISTIAN BOJORQUEZ
                                          *Attorneys for Defendant*, **CITY OF LOS ANGELES**

- 15 -

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Sergeant Hayhoe and Officer Daryl Glover, Jr., certifies that this brief contains 4,394 words, which complies with the word limit pursuant to Local Rule 11-6.1.

DATED:  April 20, 2026   CARPENTER, ROTHANS & DUMONT LLP

By:  /s/ Aria J. Beizai
_____
STEVEN J. ROTHANS
ARIA J. BEIZAI
Attorneys for Defendants, Sergeant Hayhoe and Officer Glover

- 1 -
CERTIFICATE OF COMPLIANCE

## <u>DECLARATION OF ARIA J. BEIZAI</u>

I, Aria Beizai, declare that:

1.      I am an attorney, duly licensed to practice law before all of the courts in the State of California, and I am a partner at the law firm of Carpenter, Rothans & Dumont LLP, attorneys of record for Defendants Sergeant Brett Hayhoe and Officer Daryl Glover, Jr.

2.      The following facts are stated from my personal knowledge, except those facts stated on information and belief which I believe to be true, and if called as a witness I could and would so competently testify thereto under oath.

3.      This declaration is made in support of Defendants' opposition to the motion for attorneys' fees filed by Plaintiff Ashlyn Petit in this case.

4.      Attached hereto as Exhibit "A" is a spreadsheet that was created using Microsoft Excel of the time records for Attorney Dale K. Galipo provided by the plaintiffs in support of their motion (Dkt. 203-3).  To create this spreadsheet, all of Mr. Galipo's time records were entered onto the spreadsheet and the total number of hours billed were automatically calculated by Microsoft Excel.  As for the time that the defendants believed should be reduced and/or eliminated, the hours were entered into a separate column, along with the defendants' basis for the reduction, and the total amount of hours the defendants believe should be reduced were automatically calculated by Microsoft Excel.

5.      Attached hereto as Exhibit "B" is a spreadsheet that was created using Microsoft Excel of the time records for Attorney Rodney S. Diggs provided by the plaintiffs in support of their motion (Dkt. 205).  To create this spreadsheet, all of Mr. Diggs' time records were entered onto the spreadsheet and the total number of hours billed were automatically calculated by Microsoft Excel.  As for the time that the defendants believed should be reduced and/or eliminated, the hours were entered into a separate column, along with the defendants' basis for the reduction,

- 1 -

DECLARATION OF ARIA J. BEIZAI

and the total amount of hours the defendants believe should be reduced were automatically calculated by Microsoft Excel.

6.      Attached hereto as Exhibit "C" is a spreadsheet that was created using Microsoft Excel of the time records for Attorney Renee Masongsong provided by the plaintiffs in support of their motion (Dkt. 203-15).  To create this spreadsheet, all of Ms. Masongsong's time records were entered onto the spreadsheet and the total number of hours billed were automatically calculated by Microsoft Excel.  As for the time that the defendants believed should be reduced and/or eliminated, the hours were entered into a separate column, along with the defendants' basis for the reduction, and the total amount of hours the defendants believe should be reduced were automatically calculated by Microsoft Excel.

7.      Attached hereto as Exhibit "D" is a spreadsheet that was created using Microsoft Excel of the time records for Attorney Brandon Tanter provided by the plaintiffs in support of their motion (Dkt. 205).  To create this spreadsheet, all of Ms. Masongsong's time records were entered onto the spreadsheet and the total number of hours billed were automatically calculated by Microsoft Excel.  As for the time that the defendants believed should be reduced and/or eliminated, the hours were entered into a separate column, along with the defendants' basis for the reduction, and the total amount of hours the defendants believe should be reduced were automatically calculated by Microsoft Excel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 20th Day of April, at Los Angeles, California.

/s/ Aria J. Beizai

_____

ARIA J. BEZAI

- 2 -
DECLARATION OF ARIA J. BEIZAI

# EXHIBIT "A"

| **ATTORNEY DALE K. GALIPO** | | | | |
|---|---|---|---|---|
| **Date** | **Task** | **Hours Claimed** | **Reduction** | **Basis for Reduction** |
| 06.11.25 | Review Case Materials | 2.4 | | |
| 06.12.25 | Review Case Materials | 2.6 | | |
| 06.17.25 | Review Case Materials | 1.8 | | |
| 06.21.25 | Review Pleadings | 0.7 | | |
| 06.22.25 | Review Disclosures | 1.5 | | |
| 06.23.25 | Review Investigation Reports | 2.5 | | |
| 06.24.25 | Review File – Statements  - Reports | 3.3 | | |
| 06.25.24 | Review File – Statements  - Reports | 4.7 | | |
| 07.10.25 | Review Investigation Materials | 2.7 | | |
| 07.15.25 | Review Investigation Materials | 3.1 | | |
| 07.17.25 | Review Officer Statements | 2.9 | | |
| 07.20.25 | Review Officer Statements | 2.2 | | |
| 07.20.25 | Review Protective Order | 0.4 | | |
| 07.22.25 | Review Officer Statements | 1.8 | | |
| 07.25.25 | Prepare for Glover deposition – Review Case Materials | 3.2 | 1.6 | Time spent on non-prevailing claims |
| 07.26.25 | Prepare for Glover deposition - Review Case Materials | 2.8 | 1.4 | Time spent on non-prevailing claims |
| 07.28.25 | Prepare for Glover deposition - Review Case Materials | 3.7 | 1.8 | Time spent on non-prevailing claims |
| 07.29.25 | Prepare for Glover deposition - Review Case Materials | 4.3 | 2.0 | Time spent on non-prevailing claims |
| 07.30.25 | Glover Deposition – Preparation | 5.5 | 2.5 | Time spent on non-prevailing claims |
| 08.02.25 | Review Video Documents / Evidence | 1.1 | | |
| 08.02.25 | Review Video Documents / Evidence | 1.4 | | |
| 08.20.25 | Prepare for Officer Depositions - Review Case Materials | 3.7 | 3.7 | Unclear billing; fails to specify which officer's deposition |

| 08.21.25 | Prepare for Officer Depositions - Review Case Materials | 3.3 | 3.3 | Unclear billing; fails to specify which officer's deposition |
|---|---|---|---|---|
| 08.22.25 | Review Joint Stipulation re Discovery | 0.3 | | |
| 08.23.25 | Prepare for Officer Depositions - Review Case Materials | 2.5 | 2.5 | Unclear billing; fails to specify which officer's deposition |
| 08.24.25 | Prepare for Officer Depositions - Review Case Materials | 4.1 | 4.1 | Unclear billing; fails to specify which officer's deposition |
| 08.28.25 | Hayhoe Deposition – Preparation | 4.2 | 4.2 | Duplicative entry of prior preparation entries |
| 08.28.25 | Martinez Deposition – Preparation | 1 | 1.0 | Duplicative entry of prior preparation entries |
| 09.18.25 | Review Answer | 0.4 | | |
| 09.19.25 | Review Expert Reports | 2.2 | | |
| 09.20.25 | Review Expert Reports | 1.8 | | |
| 09.22.25 | Review Glover Deposition | 2.2 | 1.1 | Time spent on non-prevailing claims |
| 09.23.25 | Review Hayhoe Deposition | 1.8 | 0.9 | Time spent on non-prevailing claims |
| 09.22.25 | Review Martinez Deposition | 1.5 | | |
| 09.30.25 | Review Officer Statements | 2.7 | | |
| 10.01.25 | Review Medical Records | 2.25 | | |
| 10.01.25 | Review Officer Statements | 3.3 | | |
| 10.02.25 | Review Medical Records | 1.4 | | |
| 10.03.25 | Review Paramedic Reports | 0.75 | | |
| 10.06.25 | Prepare for Sanchez Deposition - Review Case Materials | 3.3 | | |
| 10.08.25 | Review Autopsy Report – Coroner's Report | 1.1 | | |
| 10.10.25 | Prepare for Sanchez Deposition - Review Case Materials | 2.7 | | |
| 10.11.25 | Prepare for Sanchez Deposition - Review Case Materials | 2.6 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 10.13.25 | Sanchez Deposition - Preparation | 4.4 | | |
| 10.22.25 | Prepare for Bryce Deposition | 1.6 | 1.6 | Did not attend Bryce Deposition |
| 10.23.25 | Bryce Deposition – Preparation | 1.5 | 1.5 | Did not attend Bryce Deposition |
| 11.02.25 | Review Body Worn Cameras | 0.9 | | |
| 11.04.25 | Review Scene Photos | 0.5 | | |
| 11.05.25 | Prepare for Magnusson Deposition | 1.1 | 1.1 | Did not attend Magnusson Deposition |
| 11.06.25 | Magnusson Deposition – Preparation | 1 | 1.0 | Did not attend Magnusson Deposition |
| 11.07.25 | Review MSJ – Legal Research | 2.7 | | |
| 11.08.25 | Review MSJ – Legal Research | 2.3 | | |
| 11.09.25 | Review MSJ – Legal Research | 3 | | |
| 11.11.25 | Review Petit Deposition | 1.2 | | |
| 11.11.25 | Review Deposition of Hanna Mark | 0.8 | | |
| 11.11.25 | Review Deposition of Todd Tramel | 0.7 | | |
| 11.14.25 | Work on MSJ Opposition – Legal Research | 2.5 | | |
| 11.17.25 | Work on MSJ Opposition - Legal Research | 3.5 | | |
| 11.20.25 | Review MSJ Opposition -  Legal Research | 2.7 | | |
| 11.21.25 | Review MSJ Opposition | 2.3 | | |
| 11.24.25 | Mediation – Preparation | 3 | | |
| 12.05.25 | Review Reply to MSJ – Legal Research | 1.4 | | |
| 12.06.25 | Review Reply to MSJ – Legal Research | 1.6 | | |
| 12.10.25 | Review Opposition to Ex Parte Application | 0.5 | | |
| 12.14.25 | Preparation for Omalu Deposition | 2.5 | | |
| 12.15.25 | Omalu Deposition – Preparation | 1 | | |
| 12.16.25 | Review Officer Statements | 2.1 | | |
| 12.17.25 | Review Officer Statements | 1.9 | | |
| 12.18.25 | Review Officer Depositions (Glover – Hayhoe – Martinez) | 3.7 | 3.7 | Duplicative of prior entries |

| | | | | |
|---|---|---|---|---|
| 12.19.25 | Review Officer Depositions (Glover – Hayhoe – Martinez) | 3.3 | 3.3 | Duplicative of prior entries |
| 12.20.25 | Review Officer Depositions (Glover – Hayhoe – Martinez) | 2.4 | 2.4 | Duplicative of prior entries |
| 12.26.25 | Review Expert Reports | 1.6 | | |
| 12.30.25 | Review Expert Depositions | 2.2 | | |
| 12.31.25 | Review Expert Depositions | 2.8 | | |
| 01.01.26 | Review Discovery/Depositions | 1.4 | | |
| 01.02.26 | Review Officer Statements | 2.6 | 2.6 | Duplicative of prior entries |
| 01.03.26 | Review Officer Statements | 2 | 2.0 | Duplicative of prior entries |
| 01.04.26 | Review Depositions | 4.3 | 4.3 | Duplicative of prior entries |
| 01.05.26 | Outline Glover Statement | 2.7 | 1.4 | Time spent on non-prevailing claims |
| 01.06.26 | Outline Hayhoe Statement | 2.5 | 1.0 | Time spent on non-prevailing claims |
| 01.07.26 | Outline Martinz Statement | 2.2 | | |
| 01.11.26 | Outline Martinez Deposition | 1.8 | | |
| 01.13.26 | Review Order Denying MSJ | 0.5 | | |
| 01.14.26 | Review Motions in Limine | 2.7 | | |
| 01.16.26 | Review Memorandum of Contentions | 1.3 | | |
| 01.16.26 | Review Proposed Voir Dire | 1.5 | | |
| 01.16.26 | Review Proposed Jury Verdict | 0.5 | | |
| 01.16.26 | Review Proposed Statement of the Case | 0.3 | | |
| 01.16.26 | Review Pretrial Conference Order | 0.8 | | |
| 01.16.26 | Review Exhibit List | 1.2 | | |
| 01.18.26 | Review Motions in Limine | 2.5 | | |
| 01.19.26 | Review Officer Statements | 1.5 | 1.5 | Duplicative of prior entries |
| 01.20.26 | Review Motions in Limine – Oppositions | 1.4 | | |
| 01.21.26 | Review Oppositions to Motions in Limine | 2.7 | | |
| 01.23.26 | Review Pre-Trial Documents | 1.7 | | |
| 01.25.26 | Review Pre-Trial Documents | 1.3 | | |

| 01.27.26 | Review Exhibit List | 1.6 | | |
|---|---|---|---|---|
| 01.28.26 | Outline Glover's Deposition | 3.3 | 1.5 | Time spent on non-prevailing claims |
| 01.29.26 | Outline Hayhoe's Deposition | 2.7 | 1.3 | Time spent on non-prevailing claims |
| 02.07.26 | Trial Preparation | 3.2 | 1.6 | Time spent on non-prevailing claims |
| 02.08.26 | Trial Preparation | 4.8 | 2.4 | Time spent on non-prevailing claims |
| 02.13.26 | Trial Preparation | 5.5 | 2.8 | Time spent on non-prevailing claims |
| 02.14.26 | Trial Preparation | 13.5 | 6.8 | Time spent on non-prevailing claims |
| 02.15.26 | Trial Preparation | 14.5 | 7.3 | Time spent on non-prevailing claims |
| 02.16.26 | Trial Preparation | 16.7 | 8.4 | Time spent on non-prevailing claims |
| 02.17.26 | Trial – Trial Preparation | 16.2 | 8.1 | Time spent on non-prevailing claims |
| 02.18.26 | Trial – Trial Preparation | 15.8 | 7.9 | Time spent on non-prevailing claims |
| 02.19.26 | Trial – Trial Preparation | 15.5 | 7.8 | Time spent on non-prevailing claims |
| 02.20.26 | Trial – Trial Preparation | 16.5 | 8.3 | Time spent on non-prevailing claims |
| 02.21.26 | Trial Preparation | 11.7 | 5.9 | Time spent on non-prevailing claims |
| 02.22.26 | Trial Preparation | 12.3 | 6.2 | Time spent on non-prevailing claims |
| 02.23.26 | Trial Preparation | 13.5 | 6.8 | Time spent on non-prevailing claims |

| 02.24.26 | Trial – Meeting – Deliberations | 14.5 | 7.3 | Time spent on non-prevailing claims |
|---|---|---|---|---|
| 02.25.26 | Trial – Deliberations | 8 | 4.0 | Time spent on non-prevailing claims |
| 03.23.26 | Motion for Attorney Fees | 1.5 | | |
| 03.24.26 | Motion for Attorney Fees | 1.7 | | |
| 04.02.26 | Motion for Attorney Fees | 1.3 | | |
| | Total | 400.1 | 151.4 | |
| | **Total Hours, Less Reduction:** | **248.7** | | |

*Trial Preparation includes review of investigation reports, officer statements, witness statements, expert reports, deposition transcripts, exhibits, photos of scene, dispatch tape, motions in limine, witness list, exhibit list, jury instructions, verdict form, outlining examination of defendants' and officers, outlining examination of witnesses, outlining examination of plaintiff, outlining examination of experts, preparing voir dire, preparing opening statement, and preparing for direct and cross examinations and closing arguments.

EXHIBIT "B"

| | ATTORNEY RODNEY S. DIGGS | | | |
|---|---|---|---|---|
| **Date** | **Task** | **Hours Claimed** | **Reduction** | **Basis for Reduction** |
| 9/15/2022 | Initial case intake; review LAPD Force Investigation Division materials, incident reports, officer interview transcripts; analyze excessive force claims and Monell liability theories; confer with co-counsel re case strategy | 8 | 4 | Time spent on unsuccessful claims (*Monell*) |
| 9/16/2022 | Telephone conference with Jermaine Petit's family re incident, injuries, and civil claims process; review LAPD Southwest Division officer-involved shooting reports; develop litigation strategy | 3 | | |
| 9/20/2022 | Research Fourth Amendment excessive force standards under *Graham v. Connor* and Ninth Circuit precedent applicable to vehicle-approach shooting cases; research shooting from inside police vehicle | 6 | | |
| 9/22/2022 | Review and approve draft Government Tort Claim for Jermaine Petit; review Government Tort Claim for Charlotte Blackwell as GAL; communicate with co-counsel Bryant re scope of claims | 3 | | |
| 9/25/2022 | Research Monell liability — review LAPD use-of-force policies, prior excessive force incidents in Southwest Division; develop ratification and failure-to-train theories | 6 | 6 | Time spent on unsuccessful claims (*Monell*) |
| 9/28/2022 | Review and finalize both Government Tort Claims before filing; supervise filing and coordinate service on City of Los Angeles; communicate with team re next steps | 2 | 2 | Duplicative of prior entry; administrative tasks |
| 10/10/2022 | Research qualified immunity defense — review *City of Escondido v. Emmons*, *Kisela v. Hughes*, and *Mullenix v. Luna*; analyze impact on civil strategy; Shepardize all | 6 | | |
| 10/18/2022 | Review LAPD Intradepartmental Correspondence and Chief of Police finding re OIS incident; analyze within-policy finding and its implications for Monell ratification theory | 5 | 5 | Time spent on unsuccessful claims (*Monell*) |
| 10/25/2022 | Research Bane Act — *Reese v. County of Sacramento* specific intent requirement; research *Cornell v. City and County of San Francisco* reckless disregard standard; Shepardize; communicate with co-counsel | 5 | 5 | Time spent on unsuccessful claims (*Monell*) |
| 11/4/2022 | Telephone conference with Petit family re case status and anticipated timeline; explain civil claims and LAPD policy violations | 1.5 | | |
| 11/10/2022 | Research petition for appointment of guardian ad litem; advise team re appointment procedure; review draft petition and supporting declaration | 3 | | |
| 11/14/2022 | Review media reports re OIS incident — *LAPD Sergeant Fired at Jermaine Petit* and *LAPD Officers Admit Man Is Unarmed, Shoot Him*; analyze factual record; annotate for complaint drafting | 3 | | |
| 11/22/2022 | Research wrongful death and survival action standards; research damages under 42 U.S.C. § 1983 and California state law; advise team on complaint structure | 4 | 4 | No wrongful death claim brought, nor wrongful death damages sought |
| 12/5/2022 | Review and provide detailed edits on draft Complaint for Damages; revise excessive force, Monell, battery, and Bane Act causes of action; annotate deficiencies in Monell pleading | 5 | 4 | Time spent on unsuccessful claims (*Monell*) |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 12/12/2022 | Review revised draft Complaint; research punitive damages standards against individual officers under § 1983 — *Smith* v. Wade; provide further edits; approve for continued revision | 3 | 3 | No punitive damages brought at trial |
| 12/19/2022 | Telephone conference with Petit family re Complaint drafting progress; explain causes of action; update on case status; address family questions | 1.5 | | |
| 1/10/2023 | Review near-final Complaint draft; research prayer for relief; advise on individual and Monell claims; research LAPD 2022 OIS reporting and notice requirements | 3 | 1.5 | Time spent on unsuccessful claims (*Monell*) |
| 1/17/2023 | Review and approve final Complaint draft; review petition for appointment of guardian ad litem and all supporting materials; coordinate with ADW re filing logistics | 3 | 1.5 | Time spent on unsuccessful claims |
| 1/24/2023 | Telephone conference with Petit family re anticipated filing of Complaint; explain court process and expected timeline | 1 | | |
| 2/1/2023 | Review and finalize Complaint, petition for appointment of guardian ad litem, civil cover sheet, and all filing documents; supervise preparation for filing | 2.5 | 1.5 | Administrative tasks not recoverable |
| 2/2/2023 | Supervise filing of Complaint and all related documents; review all filed documents; coordinate with ADW and co-counsel Bryant re service of process | 2 | 2 | Administrative tasks not recoverable |
| 2/3/2023 | Telephone conference with Petit family re filing of Complaint; explain court process; review Order Appointing Guardian Ad Litem | 1.5 | | |
| 2/20/2023 | Review City of Los Angeles' Answer to Complaint; analyze affirmative defenses, including qualified immunity and Heck bar assertions; develop response strategy | 3 | | |
| 3/15/2023 | Research LAPD use-of-force policy violations; review LAPD Manual provisions on shooting at or from vehicles; analyze within-policy finding by Chief of Police; develop Monell ratification argument | 6 | 6 | Time spent on unsuccessful claims (*Monell*) |
| 3/28/2023 | Research failure-to-train liability — *City of Canton v. Harris*, *Connick v. Thompson*; analyze LAPD POST training violations; Shepardize | 5 | 5 | Time spent on unsuccessful claims (*Monell*) |
| 4/10/2023 | Review and approve draft Joint Rule 26(f) Report; communicate with defense counsel re discovery plan; coordinate with co-counsel Bryant | 2 | | |
| 4/18/2023 | Telephone conference with Petit family re case status; explain discovery process and anticipated scheduling | 1 | | |
| 5/1/2023 | Research OSC re dismissal of Officer Glover; review service of process issues; advise team on response; review declaration in opposition to OSC | 3 | | |
| 5/4/2023 | Review Joint Rule 26(f) Report; review scheduling order requirements; review service on Officer Glover; advise ADW on declaration preparation | 2 | | |
| 5/18/2023 | Review and analyze Scheduling Order; calendar all critical deadlines; develop discovery strategy; communicate with co-counsel re City document production demands | 2.5 | | |
| 5/25/2023 | Review Scheduling Order and Order re Settlement Procedures, PTC, and Trial; develop case roadmap; communicate with team | 2 | | |
| 5/30/2023 | Telephone conference with Petit family re case scheduling; explain discovery timeline and expected process | 1 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 6/5/2023 | Research Monell — *Monell v. Department of Social Services*, *City of St. Louis v. Praprotnik*, *Hunter v. County of Sacramento*; Shepardize; develop pattern-and-practice evidence strategy | 6 | 6 | Time spent on unsuccessful claims |
| 6/20/2023 | Review Hayhoe's Answer to Complaint; analyze affirmative defenses; review Glover's Answer; review interested parties filing; confer with co-counsel | 2.5 | | |
| 7/7/2023 | Review City's responses to Plaintiff's first RFP; analyze deficiencies; develop meet and confer strategy; communicate with ADW re production status | 3 | | |
| 7/18/2023 | Review and approve meet and confer letter re City's deficient responses to RFPs, Set 1; research standards for privilege objections to force investigation materials | 2 | | |
| 7/25/2023 | Telephone conference with Petit family re case progress and discovery status | 1 | | |
| 8/7/2023 | Review City's supplemental document production — LAPD Force Investigation Report, officer interview transcripts (Hayhoe, Glover, Martinez, Benitez, Pollio, Liggett, Gonzalez, Gonzales), witness statements (Mark, Datrice, Sumlin, Skomra); analyze key admissions and inconsistencies | 8 | | |
| 8/8/2023 | Continue review of City's supplemental production: review confidential force investigation report; annotate within-policy findings and supervisory chain decision-making for Monell theory | 6 | 6 | Time spent on unsuccessful claims |
| 8/14/2023 | Research qualified immunity developments post-*Taylor v. Riojas*; review Ninth Circuit excessive force decisions applicable to vehicle-approach cases; Shepardize | 5 | | |
| 8/21/2023 | Strategy session with co-counsel Galipo team re case posture, document production, and anticipated discovery disputes | 2 | | |
| 9/5/2023 | Research LAPD policy on shooting at or from vehicles; review Chief of Police Intradepartmental Correspondence; analyze whether within-policy finding constitutes ratification under *Christie v. Iopa* | 5 | 5 | Time spent on unsuccessful claims |
| 9/12/2023 | Review Hayhoe special interrogatories to Plaintiff; advise on response strategy; communicate with team re preparation of responses | 2 | | |
| 9/20/2023 | Telephone conference with Petit family re case status; update on document production and anticipated expert retention | 1 | | |
| 10/10/2023 | Review defendants' Motion to Stay Case Pending Resolution of Criminal Proceedings [Dkt. 38]; analyze *Heck* v. Humphrey arguments; research applicable stay standards; develop opposition strategy | 5 | | |
| 10/18/2023 | Research criminal/civil case interaction; analyze scope of stay sought by defendants; communicate with co-counsel re opposition to stay motion | 3 | | |
| 10/24/2023 | Telephone conference with Petit family re status of stay motion and criminal proceedings | 1 | | |
| 11/7/2023 | Review Order Granting Stay [Dkt. 43]; analyze impact on civil litigation strategy; develop case-preservation plan; communicate with team | 2 | | |
| 11/20/2023 | Develop civil litigation strategy for stay period; research case law on preserving civil claims during pending criminal proceedings; advise team on stay-period work plan | 3 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 12/5/2023 | Review and approve Joint Case Management Statement; communicate with defense counsel; update Petit family on case status | 1.5 | | |
| 12/15/2023 | Research officer-involved shooting patterns within LAPD Southwest Division; review prior cases for Monell evidence; analyze LAPD Chief's within-policy findings across comparable incidents | 5 | 5 | Time spent on unsuccessful claims |
| 1/15/2024 | Telephone conference with Petit family re case status during stay period; update on criminal proceedings | 1 | | |
| 2/8/2024 | Research Bane Act specific intent under *Reese v. County of Sacramento* ; research *Cornell v. City and County of San Francisco* ; Shepardize both for upcoming briefing | 4 | 4 | Time spent on unsuccessful claims |
| 2/13/2024 | Review and approve Parties' Status Report re Criminal Case; confer with team re case posture | 0.75 | | |
| 3/12/2024 | Research qualified immunity developments in excessive force cases; review recent Ninth Circuit decisions; Shepardize key cases for anticipated MSJ defense | 5 | | |
| 4/10/2024 | Review civil case file; assess status of all evidence; identify anticipated expert needs; communicate with co-counsel Galipo re case strategy | 3 | | |
| 5/7/2024 | Telephone conference with Petit family re criminal proceedings and civil case status during stay | 1 | | |
| 6/5/2024 | Review Stipulation for Further Stay of Case Pending Resolution of Criminal Proceedings [Dkt. 46]; analyze extended stay implications; advise team | 1.5 | | |
| 6/11/2024 | Review Order Granting Stay [Dkt. 48]; develop continued case-preservation plan; communicate with Petit family re stay | 1.5 | | |
| 7/10/2024 | Research expert witnesses for anticipated civil case reopening — police practices, neuropathology, physical medicine and rehabilitation; identify candidates; begin preliminary outreach | 4 | | |
| 8/6/2024 | Communicate with Petit family following Jermaine Petit's death on August 4, 2024; advise family on legal implications for the civil case; explain survival action and wrongful death claims; explain substitution procedure | 3 | | |
| 8/12/2024 | Research Federal Rule of Civil Procedure 25 substitution of party; research wrongful death standing and survival claims under California law; identify Ashlyn Petit as proper successor-in-interest | 4 | | |
| 8/20/2024 | Telephone conference with Ashlyn Petit re substitution process; explain her role as successor-in-interest and her individual wrongful death claims; advise on retainer agreement | 2 | | |
| 9/3/2024 | Review draft Motion for Substitution of Party; provide substantive edits; research federal procedural requirements for substitution; communicate with ADW re filing logistics | 3 | | |
| 9/10/2024 | Draft and finalize Retainer Agreement with Ashlyn Petit; explain terms; address client questions | 2 | | |
| 9/18/2024 | Telephone conference with Ashlyn Petit re case strategy and substitution filing; update on anticipated timeline upon case reopening | 1.5 | | |
| 10/1/2024 | Review and approve near-final Motion for Substitution and supporting Declaration of RSD; review Ashlyn Petit declaration; coordinate with ADW re all supporting materials | 3 | | |

| | | | | | |
|---|---|---|---|---|---|
| 10/22/2024 | Review Court's order requiring supplemental declaration re motion for substitution [Dkt. 52]; communicate with team re response; coordinate amended filing | 1.5 | | | |
| 10/28/2024 | Review circumstances necessitating withdrawal and re-filing of Motion to Substitute; coordinate with team; advise on revised approach | 1 | | | |
| 11/1/2024 | Review and finalize renewed Motion for Substitution [re Dkt. 58]; review Declaration of RSD in support; review Declaration of Ashlyn Petit; approve all for filing | 3 | | | |
| 11/10/2024 | Telephone conference with Ashlyn Petit re status of substitution motion and anticipated case reopening | 1 | | | |
| 11/27/2024 | Review Order Granting Motion to Substitute Party [Dkt. 61]; develop accelerated civil litigation plan; conference calls with co-counsel Galipo and Bryant | 3 | | | |
| 12/3/2024 | Review and edit draft First Amended Complaint adding wrongful death claims and substituting Ashlyn Petit; coordinate with team | 4 | | 2 | Time spent on unsuccessful claims |
| 12/5/2024 | Review and finalize First Amended Complaint; approve for filing | 2 | | 1 | Time spent on unsuccessful claims |
| 12/9/2024 | Review Joint Status Report and Request to Return Matter to Active Calendar; communicate with defense counsel; coordinate with team | 1.5 | | | |
| 12/20/2024 | Review entire civil case file upon anticipated reopening; analyze current state of pleadings; identify all pending issues; develop discovery plan | 8 | | | |
| 12/27/2024 | Research recent Ninth Circuit excessive force decisions published during stay period; research *Monell* liability updates; update case strategy | 6 | | 3 | Time spent on unsuccessful claims |
| 12/30/2024 | Strategy calls with co-counsel Galipo team re civil trial plan; develop joint expert strategy; allocate witness examination responsibilities | 4 | | | |
| 1/8/2025 | Review Order returning case to active calendar [Dkt. 69]; develop accelerated civil litigation plan; internal team meeting re assignments and schedule | 3 | | | |
| 1/15/2025 | Telephone conference with Ashlyn Petit re civil case reopening; explain accelerated litigation timeline; address client questions | 1.5 | | | |
| 1/22/2025 | Develop expert retention plan — identify Richard Bryce (police practices), Dr. Bennet Omalu (neuropathology/pathology), Dr. Amy Magnusson (PM&R); initiate outreach and preliminary strategy calls | 3 | | | |
| 1/29/2025 | Participate in Rule 26(f) conference with all defense counsel; develop discovery schedule; review and approve Joint Rule 26(f) Report [Dkt. 72] | 3 | | | |
| 2/5/2025 | Retain Richard Bryce; review CV and fee schedule; initial strategy call re LAPD use-of-force opinions and Monell ratification theory; review prior Bryce testimony | 3 | | | |
| 2/7/2025 | Review Civil Trial Scheduling Order [Dkt. 73]; calendar all critical deadlines; strategize re accelerated discovery and expert timeline | 2.5 | | | |
| 2/13/2025 | Telephone conference with Ashlyn Petit re case progression; update on expert retention; address client questions re discovery and depositions | 1 | | | |
| 2/14/2025 | Receive and analyze Defendants' interrogatories to Plaintiff; develop response strategy; identify objections; review Hayhoe's RFPs Set One | 5 | | | |

| | | | | |
|---|---|---|---|---|
| 2/20/2025 | Review and edit BRT's draft responses to Defendants' interrogatories Set One; provide substantive edits; revise objections | 3 | | |
| 2/25/2025 | Review BRT's draft responses to Defendants' RFPs Set One; review all documents to be produced; identify privilege issues; approve production | 3 | | |
| 3/5/2025 | Retain Dr. Bennet Omalu; review 95-page CV and fee schedule; initial strategy call re brain injury findings, pathology, and Petit's physical condition pre-death | 3 | | |
| 3/10/2025 | Retain Dr. Amy Magnusson; review CV and fee schedule; initial strategy call re physical medicine and rehabilitation opinions and life care plan for damages | 2.5 | | |
| 3/15/2025 | Telephone conference with Ashlyn Petit re mediation referral and case status; explain ADR process | 1 | | |
| 3/18/2025 | Review and approve BRT's finalized ROG responses; revise objections; review for consistency with record | 3 | | |
| 3/20/2025 | Develop strategy for Plaintiff's propounded discovery to all defendants; develop interrogatories to Hayhoe, Glover, and City targeting use-of-force history, training records, internal affairs, and prior complaints | 6 | | |
| 3/27/2025 | Review and approve Plaintiff's responses to all Defendants' interrogatories and RFPs; review final production | 3 | | |
| 4/1/2025 | Review BRT's draft interrogatories and RFAs to Hayhoe and Glover; provide substantive edits; approve | 3 | | |
| 4/10/2025 | Review Plaintiff's propounded discovery to City of Los Angeles — ROGs targeting Monell evidence; RFPs targeting incident materials, LAPD policies, prior OIS incidents; approve | 3 | | |
| 4/20/2025 | Telephone conference with Ashlyn Petit re discovery status and upcoming mediation | 1 | | |
| 5/1/2025 | Review and analyze Hayhoe's and Glover's responses to Plaintiff's ROGs and RFAs [Dkts. 117, 118, 119, 120]; identify deficiencies; develop meet and confer strategy | 4 | | |
| 5/15/2025 | Strategy session with co-counsel Galipo re mediator selection, discovery posture, and case valuation | 2 | | |
| 5/20/2025 | Review Bryce initial Rule 26 report; provide strategic direction re LAPD policy violations, post-OIS investigation, and ratification evidence; strategy call with Bryce | 4 | | |
| 5/27/2025 | Review Omalu initial expert findings re Jermaine Petit's injuries and cause of death; provide strategic direction; strategy call with Dr. Omalu | 3 | | |
| 6/5/2025 | Review Magnusson life care plan and PM&R report; provide strategic direction re future medical costs and lost capacity; strategy call with Dr. Magnusson | 3 | | |
| 6/9/2025 | Review City of Los Angeles' supplemental document production [Dkt. 111, CITY 0001–000180]; review all force investigation materials, officer interview transcripts, and witness statements; annotate key admissions | 8 | | |
| 6/10/2025 | Continue review of City's production: review all officer interview transcripts in detail — Hayhoe (multiple sessions), Glover, Martinez, Benitez, Pollio, Liggett, Gonzalez; annotate inconsistencies for deposition and trial use | 8 | | |

| Date | Description | | | |
|---|---|---|---|---|
| 6/11/2025 | Complete review of City's production: review confidential LAPD force investigation report; review LAPD Chief's Intradepartmental Correspondence (Monell evidence); annotate within-policy finding for Monell ratification argument | 6 | | 6 Time spent on unsuccessful claims |
| 6/20/2025 | Research *Heck v. Humphrey* doctrine and impact of any Petit criminal proceedings on civil claims; communicate with co-counsel re case posture | 4 | | 4 No criminal cases pending at that time against Mr. Petit |
| 7/7/2025 | Deposition preparation — Glover: Day 1: review all officer interview transcripts, crime reports, and supplemental reports relating to Officer Glover's decision to fire; annotate all inconsistencies | 8 | | 8 Did not question Officer Glover during deposition |
| 7/8/2025 | Deposition preparation — Glover: Day 2: review City production relating to Glover's training records, prior complaints, and use-of-force history; develop deposition outline | 8 | | 8 Did not question Officer Glover during deposition |
| 7/9/2025 | Deposition preparation — Glover: Day 3: strategy call with Bryce re Glover's policy violations and POST training deficiencies; finalize deposition outline; prepare all deposition exhibits | 5 | | 5 Did not question Officer Glover during deposition |
| 7/10/2025 | Extended strategy meeting with Galipo team re association of counsel; develop joint trial strategy; allocate witness examination responsibilities | 3 | | |
| 7/22/2025 | Review Stipulated Protective Order [Dkt. 77]; review and approve; coordinate execution | 1 | | |
| 7/25/2025 | Strategy call with Bryce re Glover deposition preparation; review LAPD force investigation findings and use-of-force policy analysis | 2 | | 2 Did not question Officer Glover during deposition |
| 7/28/2025 | Final Glover deposition preparation: review all materials; refine outline; prepare exhibits; final preparation with co-counsel | 4 | | 4 Did not question Officer Glover during deposition |
| 7/29/2025 | Deposition preparation — Glover final session: review Glover's all interview transcripts for impeachment; prepare cross-examination exhibits | 3 | | 3 Did not question Officer Glover during deposition |
| 7/30/2025 | Conduct deposition of Officer Daryl Glover, Jr. | 6 | | 6 Did not question Officer Glover during deposition |
| 7/31/2025 | Review and analyze Glover deposition transcript; annotate key admissions re threat assessment, communications with Hayhoe, and decision to fire; debrief with Bryce | 6 | | |
| 8/4/2025 | Begin Hayhoe deposition preparation — Day 1: review all Hayhoe interview transcripts (multiple sessions); annotate all statements re his position, threat perception, and decision to fire from inside patrol vehicle | 8 | | 8 Did not question Sergeant Hayhoe during deposition |
| 8/5/2025 | Hayhoe deposition preparation — Day 2: review force investigation report and all supervisory chain decisions; annotate Chief's within-policy finding; develop Monell ratification deposition questions | 8 | | 8 Did not question Sergeant Hayhoe during deposition |
| 8/6/2025 | Hayhoe deposition preparation — Day 3: review all percipient witness statements (Mark, Datrice, Tramel, Sumlin, Skomra, Petit); cross-reference with Hayhoe's account; develop impeachment strategy | 8 | | 8 Did not question Sergeant Hayhoe during deposition |
| 8/7/2025 | Hayhoe deposition preparation — Day 4: review Bryce's policy violation analysis; develop deposition questions targeting each policy violation; strategy call with Bryce | 5 | | 5 Did not question Sergeant Hayhoe during deposition |

| | | | | |
|---|---|---|---|---|
| 8/11/2025 | Telephone conference with Ashlyn Petit re upcoming depositions; update on case strategy and expert reports | 1.5 | | |
| 8/12/2025 | Hayhoe/Martinez deposition preparation — Day 5: review all Martinez interview transcripts and supplemental reports; develop cross-examination outline for Martinez; finalize Hayhoe deposition outline; prepare all deposition exhibits | 8 | | 4 Did not question Sergeant Hayhoe during deposition |
| 8/13/2025 | Attend deposition of Hanna Mark (percipient witness) | 4 | | 4 Did not question witness |
| 8/14/2025 | Review and analyze Hanna Mark deposition transcript; annotate for trial use; identify key corroboration of Plaintiff's account | 3 | | |
| 8/22/2025 | Review Joint Stipulation to Modify Scheduling Order [Dkt. 78]; adjust litigation timeline; communicate with team | 1 | | |
| 8/25/2025 | Final preparation for Hayhoe and Martinez depositions; finalize all outlines and exhibits; strategy call with Galipo team | 4 | | 2 Did not question Sergeant Hayhoe during deposition |
| 8/27/2025 | Final preparation for Hayhoe deposition: review complete Hayhoe transcript file; refine impeachment approach | 3 | | 3 Did not question Sergeant Hayhoe during deposition |
| 8/28/2025 | Conduct deposition of Sergeant Brett Hayhoe; conduct deposition of Officer Nelson Martinez | 12 | | Did not question Sergeant Hayhoe during deposition |
| 8/29/2025 | Review and analyze Hayhoe deposition transcript; annotate key admissions re firing from inside patrol vehicle, knowledge that Petit was unarmed, and policy violations; debrief with Bryce | 6 | | |
| 9/1/2025 | Review and analyze Martinez deposition transcript; annotate for trial; identify corroborating and conflicting testimony | 3 | | |
| 9/5/2025 | Receive and analyze Defendants' joint expert disclosure [Dkt. 31]; review expert Kevin Young, M.D. (emergency medicine) designation; analyze vulnerabilities | | 4 | |
| 9/10/2025 | Strategy call with Bryce re Hayhoe deposition admissions; update policy violation and ratification opinions; review revised Bryce Rule 26 report | | 3 | |
| 9/15/2025 | Co-counsel call with Galipo team re deposition transcripts; coordinate trial use of key admissions; develop trial narrative | | 2 | |
| 9/17/2025 | Review entire City of Los Angeles document production for Monell evidence; annotate all within-policy findings, prior OIS incident files, supervisory chain documents; develop ratification argument | | 8 | 8 Time spent on unsuccessful claims |
| 9/19/2025 | Review all expert Rule 26 reports — Bryce, Omalu, Magnusson; communicate with each expert re final opinions; coordinate with ADW re filing | | 8 | |
| 9/22/2025 | Strategy meeting with all three experts: coordinate expert opinions; develop trial narrative; identify gaps; resolve inconsistencies | | 3 | |
| 9/25/2025 | Review all deposition transcripts for MSJ opposition; annotate key admissions and testimony for use in Responsive Separate Statement | | 6 | |
| 9/29/2025 | Research qualified immunity clearly-established-law argument for anticipated MSJ; research *Villanueva v. State of California*, *A.D. v. California Highway Patrol*, shooting from vehicle cases; Shepardize all | | 6 | |

| Date | Description | | | | |
|---|---|---|---|---|---|
| 10/1/2025 | Telephone conference with Ashlyn Petit re MSJ anticipated by defendants; explain process and likely outcome; update on trial schedule | | 1.5 | | |
| 10/7/2025 | Research Bane Act — *Reese v. County of Sacramento* , *Cornell v. City and County of San Francisco* ; research battery by peace officer standards — *Johnson v. Bay Area Rapid Transit* ; Shepardize all | | 5 | 5 | Time spent on unsuccessful claims |
| 11/10/2025 | Receive and review Defendants' Motion for Summary Judgment [Dkt. 83] and all supporting papers; analyze arguments re qualified immunity, excessive force, battery, negligence, and Monell; outline opposition strategy | | 8 | | |
| 11/11/2025 | Shepardize all cases cited in Defendants' MSJ: *Graham v. Connor* , *Plumhoff v. Rickard* , *Mullenix v. Luna* , *Kisela v.Hughes, Estate of Strickland v. Nevada County, Waid v. County of Lyon* ; identify weaknesses in defense authority | | 8 | | |
| 11/12/2025 | Research Bane Act opposition section; provide comprehensive edits; coordinate with Bryce and Omalu re declarations in support of opposition | | 5 | 5 | Time spent on unsuccessful claims |
| 11/17/2025 | Review all expert declarations in support of MSJ opposition; provide strategic direction to Bryce re declaration content; review Renee Mansongsong's Responsive Separate Statement | | 5 | | |
| 11/18/2025 | Review and edit all factual responses; strengthen counter-evidence citations from deposition transcripts and document production | | 4 | | |
| 11/18/2025 | Review all sections of MSJ opposition; provide final comprehensive edits; review all supporting declarations and exhibits; final review before filing | | 6 | | |
| 11/18/2025 | Final review and approval of complete MSJ opposition package; confirm all exhibits and declarations attached; approve all for filing | | 4 | | |
| **1/7/2026** | Review and edit BRT's draft Plaintiff's Motions In Limine; provide strategic input; Shepardize authorities | 3 | | | |
| 1/14/2026 | Receive and analyze Defendants' Motions In Limine [Dkts. 109, 111]; analyze motions to exclude evidence and expert opinions; develop opposition strategy | | 5 | | |
| 1/14/2026 | Research jury instruction law for all disputed instructions: excessive force instruction (9th Cir. 9.25), battery instruction (CACI 1305B), Bane Act instruction per *Reese v. Sacramento* , punitive damages, Monell instructions; Shepardize | | 6 | 4 | Time spent on unsuccessful claims |
| 1/15/2026 | Shepardize all cases cited in Defendants' MILs; analyze FRE 401, 403, 404(b) arguments; develop opposition framework for each defense MIL | | 5 | | |
| 1/15/2026 | Research additional jury instruction disputes; research multiple causation instruction (CACI 431); research wrongful death verdict form | | 4 | 2 | No wrongful death claim brought, nor wrongful death damages sought |
| 1/15/2026 | Review and finalize joint exhibit list; review all pretrial documents; coordinate with ADW re filing logistics | | 3 | | |
| 1/16/2026 | Review and approve Memorandum of Contentions of Fact and Law; review proposed voir dire; review statement of the case | | 5 | | |
| 1/16/2026 | Review and negotiate joint disputed jury instructions; analyze all disputed instructions; provide input on all disputes; review verdict form | | 6 | | |

| | | | | |
|---|---|---|---|---|
| 1/16/2026 | Review all pretrial filings; identify remaining gaps; coordinate with co-counsel Galipo | 3 | | |
| 1/20/2026 | Review and edit BRT's draft MIL oppositions; provide strategic input on FRE 403 prejudice arguments; ensure all expert qualifications properly defended | 4 | | |
| 1/26/2026 | Co-counsel call with Galipo team re MIL strategy; finalize arguments; coordinate who argues which motion at FPTC | 2 | | |
| 1/28/2026 | Extended co-counsel trial strategy session with Galipo team; finalize witness order; coordinate opening statement content; review damages strategy | 5 | | |
| 1/28/2026 | Final preparation for FPTC: review all court orders, scheduling requirements, all MILs and oppositions; develop trial structure for each possible ruling combination | 5 | | |
| 1/29/2026 | Co-counsel call with Galipo: coordinate trial roles, opening statement structure, and witness examination assignments | 2 | | |
| 2/10/2026 | Attend FPTC; review all MIL rulings; adjust trial strategy in light of all rulings; strategy call re any adverse evidentiary rulings | 5 | | |
| 1/15/2026 | Begin intensive trial preparation: review entire trial record; develop comprehensive opening statement outline; structure theory of the case | 8 | | |
| 1/16/2026 | Trial preparation: develop direct examination outlines for Ashlyn Petit and all three experts; review all demonstrative aids | 8 | | |
| 1/17/2026 | Trial preparation: develop cross-examination outlines for Sergeant Hayhoe — focusing on all inconsistencies between interview transcripts, deposition testimony, and force investigation findings; policy violation admissions | 8 | | |
| 1/19/2026 | Witness preparation session with Ashlyn Petit — first session: prepare for direct and anticipated cross-examination | 3 | | |
| 1/20/2026 | Trial preparation: finalize opening statement; refine all witness examination outlines; review demonstrative strategy | 8 | | |
| 1/21/2026 | Witness preparation with Richard Bryce: review all eight policy violation opinions; prepare for direct testimony and anticipated cross | 3 | | |
| 1/22/2026 | Trial preparation: develop comprehensive cross-examination of defense expert Kevin Young, M.D., based on deposition and Magnusson opinions | 7 | | |
| 1/22/2026 | Witness preparation session with Ashlyn Petit — second session: finalize direct examination | 2 | | |
| 1/23/2026 | Witness preparation with Dr. Omalu: review expert opinions re Petit's injuries and pathological findings; prepare for direct and cross | 3 | | |
| 1/24/2026 | Witness preparation with Dr. Magnusson: review PM&R opinions and damages presentation; prepare for direct and cross; co-counsel call with Galipo: finalize trial roles and witness examination assignments | 4 | | |
| 1/26/2026 | Trial preparation: mock cross-examinations of Bryce and Omalu; final review of all examination outlines | 8 | | |
| 1/27/2026 | Final pre-trial co-counsel meeting with Galipo and Bryant re all outstanding trial logistics; finalize all assignments | 3 | | |
| 1/28/2026 | Trial strategy meeting with BRT and Galipo co-counsel; final assignments; coordinate morning logistics | 3 | | |

| | | | | |
|---|---|---|---|---|
| 1/29/2026 | Final trial preparation: review all materials; finalize voir dire; review jury questionnaire strategy | 8 | | |
| 2/17/2026 | Trial Day 1: jury selection and opening statement | 8 | | |
| 2/17/2026 | Evening preparation: review jury selection notes; assess panel; prepare for Day 2 witnesses | 4 | | |
| 2/18/2026 | Trial Day 2: examination of Sergeant Hayhoe | 8 | 8 | Did not exmaine Sergeant Hayhoe |
| 2/18/2026 | Evening preparation: review Hayhoe trial testimony; identify additional impeachment; prepare for Day 3 | 4 | | |
| 2/19/2026 | Trial Day 3: examination of Officer Glover; examination of Richard Bryce | 8 | 8 | Did not examine Officer Glover or Richard Bryce |
| 2/19/2026 | Evening preparation: review testimony; prepare for Day 4 | 4 | | |
| 2/20/2026 | Trial Day 4: examination of Dr. Omalu; examination of Ashlyn Petit; cross-examination of defense witnesses | 8 | 4 | Did not examine Dr. Omalu |
| 2/20/2026 | Evening preparation: review testimony; prepare for Day 5 and remaining witnesses | 4 | | |
| 2/21/2026 | Weekend preparation: review all trial testimony; revise and strengthen closing argument | 8 | | |
| 2/22/2026 | Weekend preparation: finalize closing argument; prepare for all jury questions; rehearse with BRT | 6 | | |
| 2/24/2026 | Trial Day 5: closing arguments; jury deliberations | 8 | 8 | Did not present closing argument |
| 2/24/2026 | Evening preparation: trial review | 5 | | |
| 2/25/2026 | Trial Day 6: jury deliberations; | 13 | | |
| 2/27/2026 | Call with Ashlyn Petit and family re verdict; explain next steps and fee process | 2 | | |
| 3/9/2026 | Post-verdict co-counsel conference with Galipo re judgment, costs, and fee motion coordination | 2 | | |
| 3/9/2026 | Assist with draft and review proposed judgment; communicate with co-counsel; review post-trial landscape | 3 | | |
| 3/9/2026 | Review post-trial motions landscape; advise on response strategy re Defendants' joint motion for judgment as a matter of law | 3 | | |
| 3/10/2026 | Analyze Defendants' Joint Motion for Judgment as a Matter of Law [Dkt. 165]; review arguments; advise team on opposition strategy | 5 | | |
| 3/11/2026 | Research fee motion: review *Hensley v. Eckerhart*, *City of Riverside v. Rivera*, *Ketchum v. Moses*; research lodestar and multiplier standards; Shepardize | 8 | | |
| 4/1/2026 | Assist with continued researching and drafting Motion for Attorneys' Fees memorandum of points and authorities; review all supporting authorities | 6 | | |
| 4/3/2026 | Review and finalize fee motion; review all declarations; review billing records; supervise preparation of all declarations in support of Motion for Attorneys' Fees | 6 | | |
| 4/6/2026 | Review and finalize all fee motion papers; communicate with co-counsel re coordination of declarations | 3 | | |
| | **TOTAL:** | 812.3 | 140.0 | |

**Total Hours, Less Reduction:**     **672.3**

EXHIBIT "C"

| | **ATTORNEY RENEE V. MASONGSONG** | | | |
|---|---|---|---|---|
| Date | Task | Hours Claimed | Reduction | Basis for Reduction |
| 7/1/2025 | Review case file, including prior discovery requests, responses, and production, criminal case history (1.2); Review civil case docket and procedural posture (0.4); Review emails re: deposition of Ms. Blackwell and discuss Ms. Blackwell's unavailability with co-counsel (0.3); Review status of discovery and make discovery plan, including retaining experts and noticing depositions (0.5) | 2.4 | | |
| 7/2/2025 | Notice depositions (0.2); Discuss case with co-counsel's office (0.2); Reach out to potential expert (0.2); Review summary of statement of witness Mark | 0.6 | 0.2 | Administrative work that can be done by paralegal (notice depositions) |
| 7/7/2025 | Continue to review file and identify missing documents/deficient document production (0.8); Discussions with co-counsel's office and review of prior correspondence re: discovery issues, protective order, and case status (0.5); Continue to make discovery plan, including next steps in obtaining documents and BWC videos (0.3); Review the discovery dispute procedures of the magistrate judge PVC (0.5); Review objection to notice of depo of Glover (0.1) | 2.2 | | |
| 7/8/2025 | Emails and discussions re: deposition scheduling (0.1); Reach out to potential expert (0.1) | 0.2 | 0.2 | Administrative work that can be done by paralegal (deposition scheduling) |
| 7/9/2025 | Communications with potential expert (0.1) | 0.1 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 7/10/2025 | Communication with potential expert (0.2); Discuss discovery, including experts and depositions, with co-counsel's office (0.2); Prepare "meet and confer" letter re: Defendants' discovery responses and document production, including review of prior meet and confer efforts on this issue (1.0) | 1.4 | | |
| 7/11/2025 | Draft protective order (using the model and modifying the good cause statement) as part of Plaintiff's "meet and confer" efforts to obtain further document production (0.6); Review of ongoing email correspondence re: deposition scheduling (0.1) | 0.7 | | |
| 7/14/2025 | Follow up on expert retention (0.2); Continue to draft/edit "meet and confer" letter and proposed protective order re: Defendants' document production (0.4); Prepare Plaintiff's written discovery to individual defendants (0.5); Draft and transmit email to defense counsel re: the City's document production, with "meet and confer" letter and draft protective order (0.5); Phone call with defense counsel re: deposition of Ms. Blackwell and depositions of individual officer defendants (0.3); Prepare subpoena to LADA with attachment and instruct legal assistant (0.3); email communication with defense counsel re: deposition scheduling (0.1) | 2.3 | | |
| 7/16/2025 | Meeting with co-counsel to discuss the case (1.0); Review policy findings/ Intradepartmental Correspondence re: Use of Force (0.3) | 1.3 | | |
| 7/17/2025 | Emails re: deposition scheduling and potential extension of discovery and expert dates to accommodate the depositions of the officers, and follow up on my "meet and confer" letter (0.4) | 0.4 | | |
| 7/18/2025 | Communications with retained expert (0.3); Communications with potential medical experts (0.3) | 0.6 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 7/21/2025 | "Meet and confer" phone call with counsel for all Defendants re: document production, deposition dates, and case deadlines (0.4); Retain experts (0.4); Review file for missing disclosures (0.3); Review docket and file re: City's missing Answer (0.4); Email communications with defense counsel re: deposition dates (0.2); Discuss and instruct legal assistants on obtaining further medical records, autopsy report and photos (0.3); Receive updates re: Ms. Blackwell's medical condition (0.1); Communications with medical expert (0.2) | 2.3 | | |
| 7/22/2025 | Review defense counsel's edits to the protective order (0.2); Discuss and instruct re: request for LAFD/paramedic records (0.2); Review amended notices of witness depos (0.1) | 0.7 | | |
| 7/23/2025 | Follow up on Ms. Blackwell's deposition and review note from Ms. Blackwell's doctor (0.3) | 0.3 | | |
| 7/25/2025 | Follow up with the clerk on the status of entry of the protective order to facilitate document production (0.1) | 0.1 | 0.1 | Administrative work that can be done by a paralegal |
| 7/28/2025 | Review email from counsel for Sgt. Hayhoe re: Sgt. Hayhoe's unavailability for scheduled deposition (0.1); Review letter from counsel for the City (0.1) | 0.2 | | |
| 7/29/2025 | Review additional document production by Defendants (3.2); prepare for deposition of Officer Glover, including review of officer statements and BWC videos and creation of still frames to be used during the deposition (3.4); Zoom with co-counsel (0.5); Communications with defense counsel re: deposition scheduling (0.3) | 7.4 | 3.4 | Did not question Officer Glover during his deposition; time spent on non-prevailing claims |
| 7/30/2025 | Continue to prepare for deposition of Officer Glover (1.4); Participate in deposition of Officer Glover (3.2) | 4.6 | 4.6 | Did not question Officer Glover during his deposition; time spent on non-prevailing claims |
| 8/1/2025 | Email exchange with defense counsel re: discovery issues (0.1) | 0.1 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 8/5/2025 | Follow up on medical records request (0.2); Discuss discovery plan and dates with co-counsel and prepare deposition subpoena for Officer Nelson Martinez (0.5) | 0.7 | | |
| 8/7/2025 | Review notice of deposition of medical examiner and discuss with co-counsel | 0.2 | | |
| 8/11/2025 | Communications re: deposition scheduling (0.2); Follow up on request for autopsy materials (0.2) | 0.4 | 0.2 | Administrative tasks that could be performed by paralegal |
| 8/12/2025 | Prepare for witness depositions (1.5); Phone call with retained expert (0.3) | 1.8 | | |
| 8/13/2025 | Continue to prepare for depositions (0.6); Deposition of witness Hanna Mark (0.75); Deposition of Todd Tramel (0.8); Discuss update re: Ms. Blackwell's health (0.1); Communications with defense counsel re: depositions of Sgt. Hayhoe and Ms. Blackwell and potential extension of expert discovery cutoff to accommodate Sgt. Hayhoe's deposition (0.5); Consult with expert witness (0.2) | 2.95 | | |
| 8/14/2025 | Draft and send "meet and confer" email to defense counsel re: deposition dates and potential continuance of expert discovery deadlines (0.4) | 0.4 | | |
| 8/17/2025 | Consult with retained expert (0.5) | 0.5 | | |
| 8/19/2025 | Review coroner's report (0.6); Review autopsy photos (0.3); Deposition of medical examiner (0.5); Draft proposed stipulation to continue the expert discovery dates (0.6); Draft and send "meet and confer" email to defense counsel regarding potential continuance of the expert discovery dates to accommodate Sgt. Hayhoe's rescheduled deposition (0.5); Follow up with Plaintiff's retained experts (0.2) | 2.7 | | |
| 8/20/2025 | Revise stipulation to continue, and continued concurrent email communication with defense counsel re: same (0.6) | 0.6 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 8/21/2025 | Follow up with defense counsel re: stipulation to continue (0.1); Discuss experts with co-counsel (0.2); Instruct re: deposition notice and subpoena of Officer Martinez (0.1) | 0.4 | | |
| 8/22/2025 | Revise and finalize stipulation to continue the dates after reviewing input from defense counsel, and continued email communication re: same (0.3); Email exchange with City attorney's office re: deposition schedule (0.1); Submit proposed order to chambers (0.1) | 0.5 | | |
| 8/23/2025 | Consult with Plaintiff's retained medical expert (0.3) | 0.3 | | |
| 8/25/2025 | Review Court order modifying the dates (0.1) | 0.1 | | |
| 8/27/2025 | Follow up with Plaintiff's retained experts (0.3); Prepare for depositions of Officer Martinez and Sgt. Hayhoe (2.8) | 3.1 | 2.8 | Did not question Sergeant Hayhoe or Officer Martinez during their depositions; time spent on non-prevailing claims |
| 8/28/2025 | Continue to prepare for depositions (1.0); Deposition of Officer Martinez (2.75); Deposition of Sgt. Hayhoe (2.0) | 5.75 | 5.8 | Did not question Sergeant Hayhoe or Officer Martinez during their depositions; time spent on non-prevailing claims |
| 9/2/2025 | Consult with Plaintiff's retained expert (0.2) | 0.2 | | |
| 9/4/2025 | Follow up with Plaintiff's retained experts (0.3) | 0.3 | | |
| 9/5/2025 | Consult with Plaintiff's retained expert (0.3); Review Decedent's medical records (1.0) | 1.3 | | |
| 9/9/2025 | Consult with Plaintiff's retained expert (0.4) | 0.4 | | |
| 9/10/2025 | Consult with Plaintiff's retained expert (0.3) | 0.3 | | |
| 9/15/2025 | Review, consider and discuss with co-counsel City's non-response to Plaintiff's FAC, and email counsel for the City re: whether the City intends to file an Answer (0.4); Discuss opinions by Plaintiff's experts with co-counsel (0.4) | 0.8 | | |
| 9/16/2025 | Consult with Plaintiff's retained experts (0.2); Follow up on issue with Ms. Blackwell (0.1) | 0.3 | | |
| 9/18/2025 | Consult with Plaintiff's retained experts (0.2) | 0.2 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 9/19/2025 | Plaintiff's initial expert disclosures (7.1) | 7.1 | | |
| 9/22/2025 | Instruct re: notice of deposition of Sanchez, and related email communications | 0.1 | | |
| 9/23/2025 | Review paramedic records (0.5); Prepare Plaintiff's supplemental/initial fact disclosures with paramedic records (1.0); Follow up with Plaintiff's retained experts re: availability for deposition (0.2); Review Defendants' initial expert disclosures and report of Sanchez (1.5); Discussions and scheduling re: mediation (0.2) | 3.4 | | |
| 9/24/2025 | Continued communications with Plaintiff's retained experts, defense counsel, and co-counsel to schedule expert depositions (0.5); Emails re: setting up the mediation (0.2) | 0.7 | | |
| 9/25/2025 | Discuss issue re: Ms. Blackwell's deposition and potential trial testimony with co-counsel and defense counsel (0.5); Consult with Plaintiff's retained expert re: report of defense expert Sanchez (0.4) | 0.9 | | |
| 9/26/2025 | Follow up with Plaintiff's retained experts re: deposition scheduling (0.2); Emails re: mediation and deposition scheduling (0.2); Review and edit proposed stipulation re: exclusion of Ms. Blackwell's testimony at trial, including discussion with c-counsel and Mr. Galipo (0.5) | 0.9 | | |
| 9/30/2025 | Communicate with Plaintiff's retained medical expert re: deposition scheduling | 0.1 | | |
| 10/10/2025 | Review defense expert Sanchez's file (0.4) | 0.4 | | |
| 10/13/2025 | Deposition of Philip Sanchez (2.0) and preparation (0.5); Review Defendants' rebuttal expert disclosures (2.0) | 4.5 | 2.5 | Did not question Chief Sanchez |

| | | | | |
|---|---|---|---|---|
| 10/15/2025 | Email defense counsel re: Defendants' "meet and confer" letter re: MSJ and rescheduling of Dr. Omalu's deposition (0.2); Review Defendants' "meet and confer" letter re: MSJ (0.4); Review Plaintiff's FAC (0.5); Review police practices experts' reports (0.75); Email co-counsel re: Defendants' MSJ (0.1) | 1.95 | | |
| 10/20/2025 | Communications with defense counsel and assistant to Plaintiff's retained medical expert re: rescheduling the deposition (0.1) | 0.1 | | |
| 10/22/2025 | Prepare for deposition of Richard Bryce (0.8); Further communications re: rescheduling Dr. Omalu's deposition (0.1) | 0.9 | | |
| 10/23/2025 | Prepare for deposition of Richard Bryce (0.4); Deposition of Richard Bryce (5.0) | 5.4 | | |
| 10/24/2025 | Prepare for "meet and confer" call with defense counsel, including evaluation of viability of certain claims, review of evidence relating to Plaintiff's denial of medical care claim, and communications with co-counsel (1.1); "Meet and confer" call with defense counsel re: Defendants' MSJ (0.4) | 1.5 | | |
| 10/30/2025 | Review stip to dismiss ADA claim and respond to email re: same (0.2) | 0.2 | | |
| 10/31/2025 | Settlement discussions (0.2) | 0.2 | | |
| 11/4/2025 | Prepare for deposition of Dr. Magnusson (1.2) | 1.2 | | |
| 11/6/2025 | Deposition of Dr. Magnusson (2.0); Email defense counsel re: deposition scheduling (0.1) and communications with expert re: same (0.1) | 2.2 | | |

| | | | | |
|---|---|---|---|---|
| 11/7/2025 | Review Defendants' MSJ and accompanying documents (2.6); Review deposition of Hanna Mark and draft separate statement points (1.5); Review deposition of Todd Tramel (0.5); Review BWC videos (0.5); Review *Calonge* v. City of San Jose, et al. (0.5); Consult with expert (0.5); Review Court's order re: MSJ procedures and requirements (0.5) | 6.1 | | |
| 11/8/2025 | Work on Plaintiff's responsive Separate Statement re: Defendants' MSJ, including reviewing the transcripts and videos and drafting Plaintiff's additional material facts | 5.8 | | |
| 11/9/2025 | Work on Plaintiff's responsive Separate Statement re: Defendants' MSJ, including reviewing the transcripts and videos and drafting Plaintiff's additional material facts | 6.1 | | |
| 11/10/2025 | Continue to work on Plaintiff's responsive Separate Statement re: Defendants' MSJ (5.5); Draft my declaration re: exhibits to MSJ opposition, including review and consideration of potential under seal filing re: portions of officer depositions under seal (1.8) | 7.3 | | |
| 11/11/2025 | Draft settlement demand letter (0.5); Work on MSJ opposition, including conducting research on qualified immunity, reviewing the cases cited in Defendants' brief, and reviewing the evidence (6.5) | 7 | | |
| 11/12/2025 | Work on MSJ opposition, including conducting legal research and drafting the memorandum of points and authorities | 6.8 | | |
| 11/13/2025 | Work on MSJ opposition, including conducting legal research, reviewing the evidence, and drafting the memorandum of points and authorities | 7.5 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 11/14/2025 | Draft evidentiary objections re: MSJ (2.0); Prepare exhibits to MSJ opposition (2.2); Prepare notice of manual filing (0.4); Review LAFD records (0.4); Review BWC videos re: medical response (0.5); Cut memorandum of points and authorities for word count (0.8); Email co-counsel re: MSJ opposition (0.4) | 6.7 | | |
| 11/17/2025 | Work on MSJ opposition, including conferring with Mr. Galipo and revising portions of the Separate Statement and memorandum of points and authorities after conferring with Mr. Galipo | 4 | | |
| 11/18/2025 | Revise portions of mediation brief (0.6); Continue to work on MSJ opposition, including conferring with co-counsel and making revisions after further discussions with Mr. Galipo (2.2) | 2.8 | | |
| 11/19/2025 | Work on MSJ opposition, including consultation with expert and revision of memorandum of points and authorities | 2.2 | | |
| 11/21/2025 | Finalize MSJ opposition with all accompanying documents | 2.4 | | |
| 11/22/2025 | Review filed MSJ opposition documents (0.6) and prepare notice of errata re MSJ filing (0.3) | 0.9 | | |
| 11/24/2025 | Participate in mediation (2.0) | 2 | | |
| 11/25/2025 | Communications re: rescheduling deposition of Dr. Omalu | 0.1 | | |
| 12/3/2025 | Communications re: rescheduling deposition of Dr. Omalu | 0.1 | | |
| 12/8/2025 | Communications re: rescheduling deposition of Dr. Omalu | 0.1 | | |
| 12/14/2025 | Prepare for deposition of Dr. Omalu | 0.6 | | |
| 12/15/2025 | Deposition of Dr. Omalu (4.2); Meet and confer with defense counsel re: Defendants' request to continue the trial date (0.2) | 4.4 | | |

| 12/16/2025 | Further discussions re: Defendants' request to continue the trial (0.3) | 0.3 | | |
| 12/17/2025 | Start drafting Plaintiff's opposition in anticipation of Defendants' ex parte application filing (1.6) | 1.6 | | |
| 12/18/2025 | Review Defendants' ex parte application to continue the trial date (0.5) and draft opposition thereto (1.5) | 2 | | |
| 12/19/2025 | Review Defendants' "meet and confer" letter re: MILs and discuss with cocounsel (0.8) | 0.8 | | |
| 12/23/2025 | Draft Plaintiff's "meet and confer" letter re: Plaintiff's anticipated MILs (0.6); Review Court's civil trial order re: MIL procedures (0.3); Communications with co-counsel re: Plaintiff's anticipated MILs (0.4); Review the Court's order at Dkt. 102 denying Defendants' ex parte application to continue the trial (0.3) | 1.6 | | |
| 1/5/2026 | Draft Plaintiff's Proposed Jury Instructions (2.0); Draft PTCO (2.0); Draft Statement of the Case (0.3); Draft Plaintiff's Special Verdict Form (0.6); Review Defendants' proposed stipulation re: MILs and discuss with co-counsel and DKG (1.4) | 6.3 | | |
| 1/6/2026 | Review Defendants' draft witness list and prepare Plaintiff's portion of the witness list (1.0); Review Defendants draft statement of the case (0.3) | 1.3 | | |
| 1/12/2026 | Confer with co-counsel on MILs and oppositions thereto (0.3); Prepare sets of joint jury instructions and disputed jury instructions (with objections), incorporating Defendants' proposed instructions (1.2); Edit proposed stipulation to exclude denial of MSJ and continue to review Defendants' other proposed stipulations (0.5); Email exchange with defense counsel re pretrial issues (0.1); Review Defendants' draft of the exhibit list and prepare Plaintiff's portion (1.0) | 3.1 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 1/13/2026 | Prepare Plaintiff's MCFL (1.6); Prepare Plaintiff's proposed voir dire (0.3); Review Defendants' edits to the PPTCO (0.3); Review Court's order denying MSJ (0.5); Prepare Plaintiff's MIL to exclude criminal history (0.8); | 3.5 | | |
| 1/14/2026 | Prepare Plaintiff's MIL to exclude drug evidence (1.0); Edit Plaintiff's MIL to exclude information unknown (0.5); Revise Plaintiff's MIL No. 2 (0.5) | 2 | | |
| 1/15/2026 | Make proposed revisions to the disputed jury instructions with Defendants' additions and concurrently draft an email to defense counsel summarizing the proposed revisions (2.0); Make minor edits to the PPTCO and reconcile the stipulations of fact within the PPTCO with the stipulations of fact within the jury instructions (0.5); Review Defendants' edits to the Joint Exhibit List and consider Defendants' inquiry re: stip to authenticity (0.3); Review Defendants' edits to the statement of the case (0.2); Email exchange with defense counsel re: pretrial issues (0.2)<br><br>pretrial issues (0.2) | 3.2 | | |
| 1/16/2026 | Finalize both sets of jury instructions and prepare Index (1.8); Finalize PPTCO (0.5); Work on Joint Witness List, including insertion of time estimates and further revisions following additional insertions by defense counsel (1.2); Finalize Joint Exhibit List (0.6); Email exchange with defense counsel re: pretrial issues (0.5); Further email exchange with legal assistant to defense counsel re: witness list and edits thereto, and review revised witness list (0.4) | 5 | | |

| | | | | |
|---|---|---|---|---|
| 1/20/2026 | Draft Plaintiff's opposition to Defendants' MIL No. 2 (1.0); Review Defendants' motion to trifurcate and confer with co-counsel on the opposition (0.3) | 1.3 | | |
| 1/21/2026 | Review and edit Plaintiff's opposition to Defendants' MIL No. 4 (0.3); Prepare my declaration ISO Plaintiff's opposition to Defendants' MIL No. 2, with exhibit (0.6); Edit/revise Plaintiff's opposition to Defendants' motion to trifurcate and insert additional arguments (0.8); Review and edit Plaintiff's opposition to Defendants' MIL No. 1 (0.3); Review and edit Plaintiff's opposition to Defendants' MIL No. 3 (0.3) | 2.3 | | |
| 1/26/2026 | Revise request for order allowing appearance of non-lead trial counsel at MIL hearing or in the alternative, to advance the hearing to the time of the pretrial conference and finalize for filing (0.4) | 0.4 | | |
| 1/27/2026 | Review Court's order advancing the MIL hearing (0.1); Prepare for MIL hearing and FPTC (1.5) | 1.6 | | |
| 2/9/2026 | Prepare for MIL hearing and FPTC (1.0); Participate in/appear at MIL hearing and FPTC (2.0); Prepare stipulation and proposed order dismissing Plaintiff's Monell claim (0.3) and email to defense counsel re: same (0.1) | 3.4 | | |
| 2/10/2026 | Trial preparation, including: organizing/planning trial schedule and witness testimony (0.4); pursuing additional witnesses to testify (0.4); selecting and preparing exhibits (3.2); contacting experts (0.3) | 4.3 | | |

| | | | | |
|---|---|---|---|---|
| 2/11/2026 | Trial preparation, including: contacting experts and organizing witness testimony following updated trial commencement date from the Court (0.8); working on amended witness list (0.3); reviewing draft of opening statement and providing feedback (0.8); selecting exhibits for opening statement (0.5); conferring with co-counsel re: trial arrangements and strategy (0.6); drafting pretrial exhibit stipulation (1.2); revising pretrial documents to remove Monell claim (0.5) | 5.7 | | |
| 2/12/2026 | Draft and transmit email to defense counsel with pretrial exhibit stipulation and final amended joint witness list (0.2); In light of Defendants' objections to "gory" photographs and related ruling by the Court, select a reasonable number of "gory" photographs to be used as trial exhibits, including review of Liggett BWC video and creation of still shots from Liggett's BWC video (1.8); Prepare exhibits, including selection of portions of the medical records, consideration of removal of certain exhibits, creation of video clips and stills, selection of scene photographs (3.0); Review Court's order re: MILs (0.5); Make further revisions to the Joint Exhibit List and Pretrial Exhibit Stipulation following email from defense counsel transmitting these amended documents, and continued email exchange re: same (0.7); Review and discuss proposed stipulation re Decedent's death (0.4) | 6.6 | | |

| Date | Description | Hours | | |
|---|---|---|---|---|
| 2/13/2026 | Continue working on the exhibits, and instruct legal assistant on making the exhibit binders (2.2); Make additional edit to the witness list (0.4); Trial preparation, including: coordinate with expert witnesses (0.6), review depositions and statements of Hayhoe, Glover, and Martinez (3.2), review deposition of Ashlyn Petit (0.6), compile and review additional documents to be used during trial (1.2) | 6.2 | | |
| 2/16/2026 | Review defense counsel's draft of the amended jury instructions, compare to the prior agreed-upon set, and work on the amended disputed jury instructions, including efforts to reduce the number of disputes (2.4); Continued email exchange with defense counsel re: jury instructions (0.5); Continue to work on the amended witness list (0.2); Trial preparation (1.0) | 4.1 | | |
| 2/17/2026 | Trial Day 1: drive time (1.2) meet with client and co-counsel before trial (1.0); court time (3.0); meet with client and co-counsel after trial (0.6); work on amended verdict form (0.4); continue to work on amended jury instructions with defense counsel in an effort to further resolve disputes (0.8); review statement and deposition of Officer Martinez (1.2); review statement and deposition of Sgt. Hayhoe (1.0) | 9.2 | 9.2 | Did not make arguments or question witnesses; time spent on non-prevailing claims |
| 2/18/2026 | Trial Day 2: court time (6.8); meet with client and co-counsel (0.5); continue to work on the jury instructions (1.4) | 8.7 | 8.7 | Did not make arguments or question witnesses; time spent on non-prevailing claims |
| 2/19/2026 | Trial Day 3: court time (7.0); communication with Plaintiff's medical expert (0.3); Review deposition of Dr. Omalu (1.0) | 8.3 | 8.3 | Did not make arguments or question witnesses; time spent on non-prevailing claims |

| Date | Description | Hours | | Note |
|---|---|---|---|---|
| 2/20/2026 | Trial Day 4: court time (4.0); review medical records and discuss same with Dr. Omalu and co-counsel (1.0); drive time (1.5) select portions of medical records to be admitted into evidence and email defense counsel re: same (0.6) | 7.1 | 7.1 | Did not make arguments or question witnesses; time spent on non-prevailing claims |
| 2/21/2026 | Review defense counsel's email re: jury instructions (0.2) | 0.2 | | |
| 2/23/2026 | Continue to review medical records and discuss admission of certain portions of the records with co-counsel (0.4); Further email correspondence with defense counsel re: admission of medical records (0.3); Continue to work on the jury instructions (1.2); Work on Plaintiff's amended verdict form (0.3) | 2.2 | | |
| 2/24/2026 | Trial Day 5: court time and jury deliberations, including working on the amended jury instructions and excluding food run for team (11.0); round-trip drive time (2.2) | 13.2 | 13.2 | Did not make arguments or question witnesses; time spent on non-prevailing claims |
| 2/25/2026 | Trial Day 6: jury deliberations (6.0); meet with client after the verdict (0.3); and round-trip drive time (2.8) | 9.1 | 9.1 | Did not make arguments or question witnesses; time spent on non-prevailing claims |
| 3/6/2026 | Prepare proposed judgment (0.8); Prepare stipulation and proposed order for extended briefing schedule on the post-trial motions (0.4); Emails to co-counsel and defense counsel re: same (0.2) | 1.4 | | |
| 3/11/2026 | Follow up on stipulation and proposed order for extended briefing schedule on the post-trial motions (0.1) | 0.1 | | |
| 3/12/2026 | Further email exchange re: stipulation and proposed order for extended briefing schedule on the post-trial motions (0.1); Finalize stipulation (0.1) | 0.2 | | |
| 3/31/2026 | Prepare my timesheet (1.0); Prepare my declaration ISO Plaintiff's attorney fee motion (0.5); Prepare Plaintiff's attorney fee motion and exhibits (1.0) | 2.5 | | |

| 4/6/2026 | Finalize Plaintiff's attorney fee motion and accompanying documents, including review/edit of my declaration and time sheet and calculation of total<br><br>lodestar (2.0) | 2 | | |
|---|---|---|---|---|
| | **TOTAL:** | 287.6 | 75.4 | |

**Total Hours, Less Reduction:**     **212.2**

# EXHIBIT "D"

| | ATTORNEY BRANDON R. TANTER | | | |
|---|---|---|---|---|
| Date | Task | Hours Claimed | Reduction | Basis for Reduction |
| 11/24/2025 | Review Defendants' interrogatories Set One and RFPs Set One: review all interrogatories from Hayhoe and RFPs from Hayhoe; research objections; analyze scope of Plaintiff's prior statements | 5 | 5 | Duplicative of Renee Masongsong and Rodney Diggs work |
| 11/25/2025 | Review Plaintiff's responses to Defendants' Hayhoe interrogatories Set One: research each topic; draft substantive responses and objections; ensure consistency with record | 7 | | |
| 11/25/2025 | Review Plaintiff's responses to Hayhoe's RFPs Set One: draft all responses and objections; identify responsive documents; review privilege issues | 6 | | |
| 12/1/2025 | Review Plaintiff's interrogatories Set One to Hayhoe and Glover: research excessive force, qualified immunity, and training topics; draft targeted interrogatories | 6 | | |
| 12/2/2025 | Begin review of City of Los Angeles' document production [CITY 0001-000180]: review all force investigation materials, officer interview transcripts, and supplemental reports; prepare document index | 8 | 8 | Duplicative of Rodney Diggs work |
| 12/3/2025 | Continue review of City's production: review all percipient witness statements (Mark, Datrice, Sumlin, Tramel, Skomra, Petit); annotate for trial use | 8 | | |
| 12/4/2025 | Complete review of City's production: review LAPD force investigation report, Chief's Intradepartmental Correspondence, Monell evidence; prepare comprehensive document index organized by category | 5 | 5 | Duplicative of Rodney Diggs work |
| 12/5/2025 | Review City's production for Monell evidence: identify all within-policy findings, supervisory chain approvals, prior OIS incident files; prepare Monell evidence summary for RSD | 5 | 5 | Time spent on unsuccessful claims |
| 12/9/2025 | Review Bryce CV and prior testimony list; review Bryce's prior reports in comparable cases; analyze scope of anticipated Rule 26 opinions | 3 | | |

| | | | | |
|---|---|---|---|---|
| 12/9/2025 | Review Omalu CV (95 pages) and Magnusson CV; analyze scope of medical expert opinions; assist with expert file organization | 3 | | 3 Duplicative of Rodney Diggs work |
| 12/12/2025 | Review and analyze Glover deposition transcript: prepare comprehensive summary with page/line citations; identify key admissions re decision to fire; send to Bryce | 5 | | |
| 12/12/2025 | Review and analyze Hanna Mark deposition transcript: prepare comprehensive summary; identify corroboration of Plaintiff's account | 3 | | |
| 12/15/2025 | Review and analyze Hayhoe deposition transcript: prepare comprehensive summary with page/line citations; annotate all admissions re unarmed status of Petit, policy violations; send to Bryce | 6 | | |
| 12/15/2025 | Review and analyze Martinez deposition transcript: prepare comprehensive summary; annotate for trial | 3 | | 3 Duplicative of Rodney Diggs work |
| 12/17/2025 | Review Defendants' joint expert disclosure; review Kevin Young, M.D. designation; summarize anticipated opinions; analyze vulnerabilities; advise RSD | 4 | | |
| 12/17/2025 | Research Kevin Young, M.D. prior testimony; Shepardize cases Young relies upon; identify impeachment areas for trial | 4 | | |
| 1/7/2026 | Research and began draft Plaintiff's Motion In Limine No. 2 (to exclude the DA's Conclusions and the City's findings): research FRE 401, 403, 404(b); research prejudice vs. probative value analysis; Shepardize | 5 | | |
| 1/9/2026 | Research and edits to Plaintiff's Motion In Limine No. 4 (to exclude evidence of after acquired information): research admissibility limitations; research FRE 403 prejudice arguments; Shepardize | 4 | | |
| 1/13/2026 | Finalize Plaintiff's Motion in Limine No. 2 for RSD/RM approval/edits | 2 | | |
| 1/13/2026 | Finalize Plaintiff's Motion in Limine No. 4 for RSD/RM approval/edits | 3 | | |

| Date | Description | | | |
|---|---|---|---|---|
| 1/14/2026 | Receive and analyze Defendants' MILs; Shepardize all cases cited; develop opposition strategy for each | 5 | 5 | Duplicative of Rodney Diggs work |
| 1/16/2026 | Research and began draft Opposition to Defendants' MIL No. 1 (prejudice vs. probative value): research and distinguish defense cases; Shepardize | 5 | | |
| 1/19/2026 | Research and began draft Opposition to Defendants' MIL No. 3 (exclude expert opinions): research *Daubert* vs. MIL distinction; research expert qualification standards; Shepardize | 4 | | |
| 1/20/2026 | Finalize Plaintiff's Opposition to Defendants' MIL No. 1 for RSD/RM approval/edits | 5 | | |
| 1/21/2026 | Finalize Plaintiff's Opposition to Defendants' MIL No. for RSD/RM approval/edits | 4 | | |
| 1/23/2026 | Research disputed jury instructions: research Bane Act instruction (*Reese v. Sacramento*); research *Cornell v. City and County of San Francisco*; research CACI 1305B battery instruction; research 9th Circuit 9.25 excessive force instruction; Shepardize all | 6 | 6 | Time spent on unsuccessful claims |
| 1/27/2026 | Review all pretrial orders; assist with FPTC preparation; prepare argument outlines for each MIL | 4 | | |
| 1/27/2026 | Prepare for FPTC: review all MILs and oppositions; develop oral argument outline for all motions; coordinate with RSD | 5 | | |
| 2/2/2026 | Travel to and appear at Final Pretrial Conference; argue all MILs; report to RSD re all rulings | 8 | 8 | Final Pre-trial conference was on 2/10 (Dkt. 154); was held virutally |
| 1/16/2026 | Trial preparation: develop direct examination outlines for Bryce and Omalu; coordinate with experts | 5 | | |
| 1/17/2026 | Trial preparation: develop direct examination outline for Magnusson; review all expert demonstrative exhibits | 4 | | |
| 1/20/2026 | Trial preparation: review and organize all trial exhibits; prepare exhibit binders and courtroom materials | 6 | | |
| 1/21/2026 | Trial preparation: prepare courtroom technology and display materials; assist RSD with cross-examination outlines | 5 | | |

| Date | Description | Hours | Hours | Notes |
|---|---|---|---|---|
| 1/26/2026 | Trial preparation: mock cross-examinations with RSD; final review of all materials | 5 | | |
| 1/28/2026 | Trial strategy meeting with RSD and Galipo co-counsel; coordinate all trial roles and assignments | 2 | | |
| 1/29/2026 | Final trial preparation: review all materials; assist RSD with voir dire preparation | 5 | | |
| 2/17/2026 | Trial Day 1: jury selection; courtroom support | 8 | | |
| 2/17/2026 | Evening preparation: review jury notes; organize exhibits for Day 2 | 3 | | |
| 2/18/2026 | Trial Day 2: assist with Hayhoe examination; exhibit management | 8 | 8 | Did not make arguments or examine witnesses |
| 2/18/2026 | Evening preparation: review testimony; prepare for Day 3 | 3 | | |
| 2/19/2026 | Trial Day 3: assist with Glover and Bryce examination | 8 | 8 | Did not make arguments or examine witnesses |
| 2/19/2026 | Evening preparation: review testimony; prepare for Day 4 | 3 | | |
| 2/20/2026 | Trial Day 4: assist with Omalu and Ashlyn Petit examination; defense witnesses | 8 | 8 | Did not make arguments or examine witnesses |
| 2/20/2026 | Evening preparation: review testimony; prepare for Day 5 | 3 | | |
| 2/24/2026 | Trial Day 5: closing arguments; jury instructions conference; jury deliberation | 12 | 12 | Did not make arguments or examine witnesses |
| 2/24/2026 | Evening preparation: review testimony | 4 | | |
| 2/25/2026 | Trial Day 6: jury deliberations/verdict | 13 | 13 | Did not make arguments or examine witnesses |
| 2/25/2026 | Team meeting regarding trial | 5 | | |
| 3/12/2026 | Review billing records; assist with fee motion declaration and Exhibit A preparation | 3 | | |
| | **TOTAL:** | 254.0 | 97.0 | |
| | **Total Hours, Less Reduction:** | **157.0** | | |