LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:   (213) 489-0552

Attorneys for Plaintiff, Ashlyn Petit

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLYN PETIT, as successor-in-interest to JERMAINE PETIT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, DARYL GLOVER, JR.; BRETT HAYHOE,<br><br>Defendants. | Case No. 2:23-cv-00789-ODW (PVCx)<br><br>Assigned to:<br>Hon. District Judge Otis D. Wright, II<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S ATTORNEY FEE MOTION**<br><br>Date: May 18, 2026<br>Time: 1:30 p.m. |

1

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

I.    INTRODUCTION ...................................................................................1

II.   THE ATTORNEYS' FEES SOUGHT ARE REASONABLE UNDER
      THE LODESTARE TEST AND ARE RECOVERABLE. ............................2

      A.    The Hourly Rates Requested for Attorneys Diggs, Masongsong,
            and Tanter are Reasonable. ......................................................2

      B.    Plaintiff's Counsel's Claimed Hours are Reasonable and
            Recoverable.................................................................................7

      C.    The *Kerr/Hensley* Factors do not Support Reducing the Fee
            Award. .........................................................................................8

III.  PLAINTIFF'S FEES SHOULD NOT BE APPORTIONED BASED
      ON THE CLAIMS, AS THE UNSUCCESSFUL CLAIMS ARE
      RELATED TO PLAINTIFF'S SUCCESSFUL CLAIMS, AND
      PLAINTIFF'S COUNSEL CLAIMS NO HOURS SPECIFICALLY
      RELATED TO THE *MONELL*, ADR, OR BANE ACT CLAIMS. ...............9

IV.   PLAINTIFF'S COUNSEL SHOULD BE COMPENSATED FOR
      THEIR WORK ON THIS REPLY AND ANY OTHER POST-TRIAL
      WORK ...................................................................................................10

V.    CONCLUSION ....................................................................................11

L.R. 11-6.2. CERTIFICATE OF COMPLIANCE ...................................................12

# TABLE OF AUTHORITIES

<u>Cases</u>

*Bucci v. Chromalloy Am. Corp.*
    927 F.2d 608 (9th Cir. 1991)................................................................................11

*Clark v. City of Los Angeles*
    803 F.2d 987 (9th Cir. 1986)................................................................................11

*French v. City of Los Angeles*
    Case No. 5:20-cv-00416-JGB ...........................................................................3, 4

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ........................................................................................9, 10

*Ibrahim v. U.S. Dep't of Homeland Sec.*
    912 F.3d 1147 (9th Cir. 2019)................................................................................9

*LA International Corp. v. Prestige Brands Holdings, Inc.*
    168 F.4th 608 (9th Cir. 2026)................................................................................4

*Missouri v. Jenkins*
    491 U.S. 274 (1989) .........................................................................................6, 7

*Moreno v. City of Sacramento*
    534 F.3d 1106 (9th Cir. 2008)................................................................................7

*Perez v. Cate*
    632 F.3d 553 (9th Cir. 2011)................................................................................7

*Rahman v. FCA US LLC*................................................................................................6

*Schwarz v. Sec'y of Health & Human Servs.*
    73 F.3d 895 (9th Cir. 1995)................................................................................10

*True Health Chiropractic Inc. v. McKesson Corp.*
    2015, WL 3453459 (N.D. Cal. May 29, 2015................................................................11

*Webb v. Sloan*
    330 F.3d 1158 (9th Cir. 2003)................................................................................9

*Zelaya v. City of Los Angeles*
    Case No. 2:20-cv-08382-ODW ...........................................................................3, 4

<u>Rules</u>

Rule 59................................................................................................................................7

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.      INTRODUCTION

This case arises from the July 18, 2022, shooting of Jermaine Petit by Defendants Brett Hayhoe and Daryl Glover. At trial, the evidence showed that a reasonable police officer would not have believed the object Mr. Petit had at the time of the incident was a gun or that Mr. Petit posed an immediate threat of death or serious bodily injury necessitating the use of deadly force. When the officers first contacted Mr. Petit, he showed them the object, and Martinez said, "It's not a gun, bro." Martinez recognized that the object was not a gun, and as Plaintiff's police practices expert, Richard Bryce, testified at trial, so would a reasonable police officer in this position. Mr. Petit was not committing any crime at that time, and he walked away. In violation of police training that discourages shooting from a moving vehicle, Sgt. Hayhoe fired two shots at Mr. Petit out the passenger window, and then (possibly as a reaction) Officer Glover fired one shot toward Mr. Petit's back as Mr. Petit was going to the ground or on the ground.

After hearing this evidence at trial, the jury returned a verdict in Plaintiff's favor on four out of the five claims submitted to the jury, including on Plaintiff's claims for excessive force, battery, delay of medical care, and intentional infliction of emotional distress. The only claim that Plaintiff did not prevail on is her claim for violation of the Bane Act. Defendants' attempts to portray Plaintiff's success as "limited" is thus unpersuasive. Defendants' suggestion that "Plaintiff's fees attributable to the unsuccessful claims should not be awarded" (Opp. at Dkt. 218, 8:3-4) illogical for two reasons. First, Plaintiff's Bane Act claim arose out of the same circumstances as her claims on which she was successful (excessive force, battery, delay of medical care, and intentional infliction of emotional distress). Second, Plaintiff's counsels' timesheets do not identify any work isolated to any specific claims. The work performed on the case, including conducting discovery, taking depositions, retaining experts, and trying the case, was necessary and applicable to all

of the claims collectively. Plaintiff did not conduct any specific discovery relating to the dismissed *Monell* and ADR claims, and there was no law and motion pertaining to the dismissed *Monell* and ADR claims

Despite Defendants' contentions in their Opposition, Plaintiff has met her burden of establishing that the lodestar amount of requested statutory attorney fees is reasonable. The requested hourly rates for Mr. Diggs, Ms. Masongsong, and Mr. Tanter are reasonable. Defendants do not contest Mr. Galipo's requested hourly rate of $1,500. Plaintiff's counsels' hours are not duplicative or excessive, and in some cases, Plaintiff's counsels underbilled for their time spent. For each of the reasons set forth herein and in Plaintiff's Attorney Fee Motion, Plaintiff requests that this Court award Plaintiff's counsels their full requested lodestar amount.

## II.    THE ATTORNEYS' FEES SOUGHT ARE REASONABLE UNDER THE LODESTARE TEST AND ARE RECOVERABLE.

### A. The Hourly Rates Requested for Attorneys Diggs, Masongsong, and Tanter are Reasonable.

#### 1.    Rodney S. Diggs' Requested Hourly Rate of $1,250 is Reasonable.

Mr. Diggs is an experienced civil rights partner who originated this representation, tried the case alongside Mr. Galipo, and examined Plaintiff at trial. He managed the case from inception in 2022 through verdict in 2026—nearly four years of contingency work.. Defendants acknowledge that a "reasonable increase" from Mr. Diggs' prior awards is warranted but propose $875 per hour. That figure is derived not from prevailing market analysis, but from a process the Ninth Circuit has expressly condemned: anchoring a rate to prior fee awards and applying an incremental adjustment. *See LA International Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 624–26 (9th Cir. 2026) (district court "abused its discretion in setting rates based on the attorney's prior fee award, with a slight adjustment for complexity and inflation, rather than calculating the fee based on the prevailing market rate"). Moreover, the

-2-

highest of Mr. Diggs' prior awards that Defendants cite - $850 per hour - was awarded in San Diego in 2020 by a state court, a figure Defendants themselves acknowledge is "inapposite" for the Los Angeles market. That benchmark cannot anchor a 2026 Los Angeles federal civil rights rate.

The correct inquiry is the prevailing market rate in Los Angeles for a civil rights attorney of Mr. Diggs' experience, skill, and reputation. *Id*. Mr. Diggs has 17 years of practice concentrated in civil rights and police misconduct matters. He was regularly retained alongside Mr. Galipo—whose $1,500 rate Defendants do not contest—and played a co-lead role from inception through trial. That an attorney who originated the case, carried it through years of contingency litigation, and tried it to a $3,000,000 verdict should be compensated at a rate approaching the low end of Mr. Galipo's rate reflects the prevailing market for partners of comparable standing. Central District courts have regularly awarded rates above the Real Rate Report median to civil rights attorneys of comparable experience in difficult contingency cases. An award at $1,250—at the upper range of the median-to-Q3 spectrum—is appropriate for Mr. Diggs' role and results.

## 2. Renee V. Masongsong's Requested Hourly Rate of $900 is Reasonable.

Ms. Masongsong has previously been awarded $550 (2020), $600 (2022), $700 (2024), and $800 (2024) per hour by courts in this district, with each award reflecting her increased experience, skill, and the inflation-adjusted market rate. Defendants assert that this Court's prior award of $700 is Ms. Masongsong's most recently awarded fee (*See* Dkt. No. 203-17 in this case). However, Ms. Masongsong requested the $700 rate in the attorney fee motion in that case (*Zelaya v. City of Los Angeles*, Case No. 2:20-cv-08382-ODW) on December 14, 2023 (*see* Dkt. No. 137 in Case No. 2:20-cv-08382-ODW), whereas Ms. Masongsong subsequently requested an increased hourly rate of $800 in the case *French v. City of Los Angeles*, Case No. 5:20-cv-00416-JGB, on January 18, 2024 (*see* Dkt. No. 185 in Case No. 5:20-cv-

00416-JGB). The *Zelaya* court simply issued its order after the *French* court issued its order (*See* Dkt No. 203-18). In other words, Ms. Masongsong's most recently requested and awarded hourly rate is $800. Neither the *Zelaya* court nor the *French* court reduced the hourly rate Ms. Masongsong requested in the attorney fee motions in those cases. (*See* Dkt Nos. 203-17 and 203-18).

In addition to her prior attorney fee awards in this district, Ms. Masongsong's requested hourly rate of $900 per hour is also supported by the Declaration of Carol Sobel (Dkt. 204 at ¶¶ 33, 39, 43, 46-47) and the Declaration of Mr. Galipo (Dkt. No. 203-2 at ¶ 30). Ms. Masongsong has been practicing law in the civil rights arena for over thirteen (13) years, and she has been influential in several of Mr. Galipo's large verdicts in civil rights cases. Contrary to Defendants' contention that "the Sobel Declaration is largely inapposite, because it focuses on cases handled by large, international law firms" (Opp. at Dkt. 218 12:4-6), small firms can be awarded big law rates in a motion for attorney fees. *See Prestige Brands Holdings, Inc.*, 168 F.4th at 624-26 (holding that small firms can be awarded big law rates in a motion for attorney fees, and the district court abused its discretion in setting rates based on the attorney's prior fee award, with a slight adjustment for complexity and inflation, rather than calculating the fee based on the prevailing market rate).

A 12.5% increase from Ms. Masongsong's 2024 award to reflect two additional years of experience and market-rate inflation is well within the bounds of prior awards. Defendants do not dispute her qualifications, only the rate. Ms. Masongsong was an integral part of Plaintiff's team in this case. Ms. Masongsong handled Plaintiff's opposition to Defendants' motion for summary judgment, which allowed the case to proceed to trial. Ms. Masongsong also assisted with expert retention and expert and fact depositions, handled the pretrial documents, and was Mr. Galipo's primary support during the trial. Ms. Masongsong also worked on Plaintiff's oppositions to Defendants' post-trial motions, and her participation in trial contributed to her ability to competently handle those oppositions.

### 3.  Brandon R. Tanter's Hourly Rate of $650 is Reasonable.

Mr. Tanter's hourly rate of $650 is reasonable and supported by the Declaration of Rodney S. Diggs. Defendants propose to reduce Mr. Tanter's rate from $650 to $400 per hour, asserting that the only support is Mr. Diggs' declaration and that no prior fee awards exist. Neither argument withstands scrutiny.

First, the absence of prior fee awards for Mr. Tanter is expected for a three-year attorney—he has not previously sought fees. The applicable question is what the prevailing market rate is for attorneys of comparable experience and skill performing equivalent substantive work in the Los Angeles civil rights market in 2026. Mr. Tanter performed work that directly contributed to the successful outcome: he drafted Plaintiff's Motions in Limine Nos. 2 and 4, drafted and finalized responses to Defendants' discovery requests, prepared comprehensive deposition summaries used by trial counsel throughout trial preparation, opposed Defendants' Motions in Limine, and provided extensive trial support. These are not administrative tasks - they are substantive legal work requiring attorney judgment and skill.

Second, Defendants proposed $400 rate has no evidentiary support whatsoever. Defendants offer no declaration from a market participant, no survey data, and no comparable fee award to establish that $400 reflects the Los Angeles market for a three-year civil rights associate performing the substantive work Mr. Tanter performed. Having offered no affirmative evidence, Defendants cannot carry their rebuttal burden. See *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (burden shifts to opposing party to present "equally specific countervailing evidence").

Third, Defendants' comparison of Mr. Tanter to Mr. Diggs in 2017 is inapt. Those two attorneys worked at different experience levels (seven years vs. three), in different years (2017 vs. 2026), in different jurisdictions (San Diego state court vs. Los Angeles federal court), and on different case types (employment, not civil rights).

The comparison sheds no light on the 2026 Los Angeles market rate for Mr. Tanter's work. Mr. Tanter's requested rate of $650 per hour is reasonable and well-supported.

### 4. Support Staff Rates.

With respect to paralegals like Ms. Williams, the Supreme Court in *Missouri v. Jenkins,* 491 U.S. 274 (1989) directly addressed whether paralegal and law clerk work should be compensated at prevailing market rates or merely at cost to the attorney. Defendant *Missouri* argued that while compensation for the cost of these personnel should be included in fee awards, an hourly rate corresponding to their salaries, benefits, and overhead would be appropriate rather than market rates. *Id*.**Error! Bookmark not defined.** The Court rejected this position, holding that separate compensation for paralegals and law clerks at prevailing market rates was "fully in accord" with the Civil Rights Attorney's Fees Awards Act. *Id*.  Here, Ms. Williams, is an eight (8) year paralegal who performed substantive tasks, including drafting discovery, summarizing records, and assisting with motion and pleading preparation, thereby reducing overall litigation costs. All clerical or administrative tasks have been excluded. Accordingly, paralegal time is properly included in the lodestar. Ms. Williams' participation in trial was helpful to the attorneys.

Further, the Courts in the Central District routinely approve paralegal rates in the $300 to $400 per hour range for experienced paralegals. In *Rahman v. FCA US LLC*, a 2022 case from the Central District of California, the court found that the requested hourly rates were reasonable where "numerous recent opinions had approved the same or substantially similar rates" for the legal team members. 594 F.Supp.3d 1199 (2022). Given that the Central District of California, particularly the Los Angeles area, typically commands higher legal rates than other California districts due to market conditions, paralegal rates in the $300 to $400 range for experienced paralegals would be consistent with the prevailing market rates in that jurisdiction, especially in complex litigation matters.

-6-

With respect to the litigation assistants on this case, while purely clerical or secretarial tasks could not be billed at a paralegal rate or at an attorney rate, "[s]uch non-legal work may command a lesser rate." 491 U.S. at 288 n.10. Indeed, "[r]easonable attorney's fee refers to a reasonable fee for the work product of an attorney," including work of secretaries, messengers, librarians, janitors and others whose labor contributes to the work product for which an attorney bills her client." *Perez v. Cate*, 632 F.3d 553, 556 (9th Cir. 2011) (citing *Missouri*, 491 U.S. at 285) (internal quotation marks omitted). Accordingly, Plaintiff may recover for the time spent by their legal assistants, and even for the limited time that Plaintiff's counsel and Ms. Williams spent on "clerical" tasks.

## B. **Plaintiff's Counsel's Claimed Hours are Reasonable and Recoverable.**

The total number of hours for which Plaintiff's counsel request compensation, as reflected in their declarations and billing logs, is reasonable. As the courts have recognized, civil rights lawyers working without payment from their clients have little to gain from "inflating their fees," as the payoff is too uncertain. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Accordingly, they should be fully compensated for taking the steps that they reasonably believe are necessary to *win* the case: "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id*.

Defendants' contentions that Mr. Galipo's time entries are duplicative, vague, or erroneous are incorrect. (Dkt. No. 218 at pp. 25-26). For example, Defendants contend that Mr. Galipo's time entry "prepare for officer depositions" is vague and unclear, and yet Defendants also contend that Mr. Galipo's time entry "Martinez Deposition—Preparation" is duplicative, indicating that Defendants obviously understood that "prepare for officer depositions" included the depositions of the only three officers who were deposed in this case and whose depositions were scheduled

to take place within the same time span. (*Id.*). Defendants' assertions that Mr. Galipo billed for depositions that he did not attend are also misplaced—although Mr. Galipo did not attend Dr. Magnusson's deposition, he was involved in the preparation of that deposition. (*Id.* at p. 27). Mr. Galipo's time entries "review officer statements" are not duplicative; rather, this reflects the amount of time necessary to carefully review the statements multiple times to prepare for the depositions and the trial.

### C. The *Kerr/Hensley* Factors do not Support Reducing the Fee Award.

This Court should deny Defendants' vague request to reduce the fee award under the *Kerr/Hensley* factors. Plaintiff is not requesting a multiplier in this case, and Defendants cite no authority that an attorney fee award should be reduced for cases that are not "unique" or do not present "novel or difficult questions" or where counsel tried the case efficiently. Plaintiff's counsels are entitled to their full lodestar fee based on their hourly rates and the number of hours performed.

Further, Defendants' arguments in their Opposition that this case was "straightforward" and not "undesirable" are contrary to the arguments that Defendants have made in their post-trial motions (Dkt. Nos. 206, 207), wherein they argue that the officers are entitled to qualified immunity, that Hayhoe and Glover reasonably believed that the object was a firearm. At trial, the Hayhoe, Glover, Martinez, and Defendants' police practices expert all testified at length that it was reasonable for the officers to believe that the object Mr. Petit had was a firearm, and Hayhoe even performed a demonstration with the object itself in a bid to convince the jury that a reasonable officer would have perceived the object to be a firearm. Additionally, as reflected in Defendants' Rule 59 motion, admissibility Mr. Petit's drug use—before, during, and after the incident—presented nuanced legal issues discussed at length with this Court. Plaintiff's counsels arguments to this Court at trial seeking exclusion of this evidence demonstrates how this evidence made the case less desirable and more difficult.

-8-

**III.    PLAINTIFF'S FEES SHOULD NOT BE APPORTIONED BASED ON THE CLAIMS, AS THE BANE ACT CLAIM AND DISMISSED CLAIMS ARE RELATED TO PLAINTIFF'S SUCCESSFUL CLAIMS, AND PLAINTIFF'S COUNSEL CLAIMS NO HOURS SPECIFICALLY RELATED TO THE *MONELL*, ADR, OR BANE ACT CLAIMS.**

The Supreme Court has recognized that in civil rights litigation, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The Supreme Court went on to state, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* In agreeing with its sister circuits, the Ninth Circuit stated, "a district court's 'failure to reach' certain grounds does not make those grounds 'unsuccessful[.]'" *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1173 (9th Cir. 2019).

The *Hensley* Court elucidated a two-prong approach for determining the amount of fees to award a plaintiff if the plaintiff prevails on only some of his claims for relief. First, the Court must ask, "did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?" *Hensley*, 461 U.S. at 434. The Ninth Circuit has held that "related claims involve a common core of facts *or* are based on related legal theories." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (citations omitted). The focus is on "whether the unsuccessful and successful claims arose out of the same 'course of conduct.' If they didn't, they are unrelated under *Hensley*." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 903 (9th Cir. 1995). Second, the Court asks whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434. If the Court concludes the prevailing party achieved "excellent results," it may permit a full fee award. *Id.* at 435.

Here, all of Plaintiff's claims and damages generally arose from a "common course of conduct" and are therefore related under *Hensley*. Further, Plaintiff achieved "excellent results," supporting a full fee award. All of Plaintiff's claims arose from the shooting incident, and Plaintiff's counsels' timesheets do not identify any work isolated to any specific claims. The work performed on the case, including conducting discovery, taking depositions, retaining experts, and trying the case, was necessary and applicable to all of the claims collectively. For example, Defendants identify Plaintiff's counsels' time spent on Officer Glover's deposition as "time spent on non-prevailing claims." (Opp at Dkt. 218 at p. 25). This is inaccurate. First, Plaintiff prevailed on her battery claim against Officer Glover. Second, the time spent preparing for and conducting Officer Glover's deposition was also necessary to succeed on Plaintiff's claims against Sgt. Hayhoe, as Officer Glover was a witness to the entire shooting incident and would have testified at trial even if he were not a defendant. Curiously, Defendants also assert that Mr. Galipo's time entry "Outline Hayhoe Statement" is "time spent on non-prevailing claims." (*Id*. at p. 28). Plaintiff prevailed on four out of five of her claims against Sgt. Hayhoe, and it was necessary for Plaintiff's counsel to review Hayhoe's statement to prevail on those four claims. Defendants do not explain which parts of Hayhoe's statement they think relate only to the Bane Act claim.

Plaintiff also did not conduct any specific discovery relating to the dismissed *Monell* and ADR claims, and there was no law and motion pertaining to the dismissed *Monell* and ADR claims.

### IV. PLAINTIFF'S COUNSEL SHOULD BE COMPENSATED FOR THEIR WORK ON THIS REPLY AND ANY OTHER POST-TRIAL WORK

Plaintiff's counsels are entitled to fees for the time counsel spent in establishing their right to attorneys' fees. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). In *Bucci v. Chromalloy Am. Corp.*, 927 F.2d 608 (9th Cir. 1991), for

example, the Ninth Circuit upheld the decision of the Northern District to award a lodestar amount of $23,128, representing 110.8 hours of attorney time at varying rates and 18 hours of paralegal and secretarial time at varying rates for preparing the fee application. Plaintiff's counsels are also entitled to fees for the time their counsel spent opposing Defendants' post-trial motions and preparing for and attending the hearing on all post-trial motions. *See*, *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13CV02219HSGDMR, 2015, WL 3453459 at *4 (N.D. Cal. May 29, 2015. Plaintiff intends to file a supplemental attorney fee motion detailing these additional hours.

## V.    CONCLUSION

For the reasons set forth above and in Plaintiff's Motion for Attorney's Fees and accompanying declarations, this Court should grant Plaintiff's counsel their full requested fees.

DATED: May 4, 2026                           IVIE MCNEILL WYATT
                                             PURCELL & DIGGS

                                    By:   s/ Rodney S. Diggs
                                          Rodney S. Diggs
                                          Attorney for Plaintiff, Ashlyn Petit

Pursuant to Central District Local Rule 5-4.3.4 (a)(2)(i), I, Renee Masongsong, do hereby attest that all the signatories listed on this Reply, and on whose behalf the filing is submitted, concur in the filing's content and authorize the filing of this Reply

DATED:  May 4, 2026                          LAW OFFICES OF DALE K. GALIPO

                                    By        /s/ Renee V. Masgongsong
                                          Dale K. Galipo
                                          Renee V. Masongsong
                                          Attorneys for Plaintiff

-11-

**L.R. 11-6.2. CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Ashlyn Petit, certifies that this brief contains 3,476 words (excluding the caption page, signature blocks, and certificate of compliance), which complies with the word limit of L.R. 11-6.2.


Dated: May 4, 2026                         LAW OFFICES OF DALE K. GALIPO

                                   By:      _/s/ Renee V. Masongsong_
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         Attorneys for Plaintiff